UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.

        Debtor.

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

        Plaintiff,

v.

HI BAR CAPITAL, LLC, et al.,

        Defendant(s).

_____/

Case No.: 22-12790-EPK
Chapter 7

Adv. Pro. No. 23-01132-EPK

**EX PARTE MOTION TO SHORTEN TIME TO RESPOND TO
INTERROGATORIES TO HI BAR CAPITAL, LLC AND SPIN CAPITAL, LLC**

Nicole Testa Mehdipour, chapter 7 trustee and plaintiff in this adversary proceeding, by and through undersigned counsel, pursuant to Rules 7026, 7033, and 9006 of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-1(C)(7), files this *Ex Parte Motion to Shorten Time to Respond to Interrogatories to Hi Bar Capital, LLC and Spin Capital, LLC*, and in support respectfully states as follows:

1.      Concurrently with this Motion the Trustee served, via FedEx Overnight, Defendants Spin Capital, LLC and Hi Bar Capital, LLC with a *First Set of Continuing Interrogatories to Spin Capital, LLC*[1] and *First Set of Continuing Interrogatories to Hi Bar Capital, LLC*[2], respectively.  The Spin Interrogatories are attached as Exhibit 1 and the Hi

_____

[1] The "**Spin Interrogatories**."
[2] The "**Hi Bar Interrogatories**."

1

Bar Interrogatories are attached as Exhibit 2.  Collectively, the Spin Interrogatories and Hi Bar Interrogatories are referred to as the "**Interrogatories**."

2.      The Interrogatories are limited in scope.  The Interrogatories, generally, request the names and addresses for: (i) Mordi Herbst, who is a defendant in this adversary proceeding; (ii) Joshua Lubin, who is a defendant in this adversary proceeding; and (iii) defendant SPFL, which is an unknown entity that is referenced in each of Spin and Hi Bar's underlying contract's attached to the Complaint.  The Interrogatories also request information regarding the owners, officers, directors, and employees in a management capacity of Spin or Hi Bar, respectively, and SPFL and contact information for each of them.

3.      The shortened notice period is necessary because the Plaintiff needs to ensure that the complaint and summons in this adversary proceeding are properly served.

4.      The Plaintiff has been unable to identify any information regarding SPFL.

5.      The Plaintiff has been unable to find an address for Mordi Herbst.  In this case, David Unseth, Esq., from the law firm of Bryan Cave Leighton Paisner, LLP was admitted Pro Hac Vice on behalf of Hi Bar Capital, LLC. [ECF No. 289].   He was admitted through local counsel, Ezequiel J. Romero, of the same firm.

6.      Mordi Herbst, in his capacity as Chief Operating Officer of Hi Bar Capital, LLC executed an Agreement Regarding Dismissal of Litigation Against Party Defendant Excell Auto Group, Inc. filed on October 21, 2022. [ECF No. 291-1].  This agreement was part of an *Emergency Motion to Compromise Controversy with Hi Bar Capital, LLC and to Waive Stay Under Bankruptcy Rule 4001(A)(3)* [ECF No. 291].  The agreement was approved by this Court on October 26, 2022, [ECF No. 298].  The Agreement and order allowed Hi Bar Capital, LLC to continue its state court litigation and that there would be no collateral estoppel effect regarding the outcome of the litigation.  Hi Bar wanted relief from the automatic stay.   Mr. Mordi Herbst executed the agreement negotiated by Hi Bar Capital, LLC's counsel.

2

7.      Undersigned counsel contacted Hi Bar Capital, LLC's counsel requesting the address of Mordi Herbst.  The inquiry was passed along to counsel representing Hi Bar in the Auto Wholesale of Boca bankruptcy, who replied:

> Our office has not been instructed by Hi Bar with respect to the referenced complaint and we are not authorized to accept service on behalf of any of the defendants. We are likewise not in a position to provide any information with respect to referenced defendants. Should we become instructed in this regard, we will certainly be in touch.

**Exhibit 3.**

8.      Plaintiff requires the correct names and addresses for these parties.

9.      Plaintiff needs to shorten the response time to allow the Plaintiff to effect service and prosecute this adversary proceeding.

10.     Fed. R. Bankr. P. 9006(c) authorizes the Court to shorten the time for response to request for production. Local Rule 9013-1(C)(7) of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida provides that the Court may enter an Order shortening the time to respond to production request without noticing a hearing.

11.     No party in interest will be prejudiced by the granting of this request.

12.     Trustee requests that the Court shorten the time for Spin and Hi Bar to respond to the Interrogatories to seven (7) days from the date of service of the Interrogatories on the parties.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an order: (i) granting this Motion; (ii) shortening the time for Spin Capital, LLC to respond to the Spin Interrogatories to seven (7) days from the date of service of the Spin Interrogatories; (iii) shortening the time for Hi Bar Capital, LLC to respond to the Hi Bar Interrogatories to seven (7) days from the date of service of the Hi Bar Interrogatories; and (iv) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this __ day of July 2023.

> FURR AND COHEN, P.A.
> *Special Counsel for Trustee*
> 2255 Glades Road, Suite 419A
> Boca Raton, FL 33431
> Telephone: (561) 395-0500
> Facsimile: (561) 338-7532
>
> BY:   /s/ *Jason S. Rigoli*
>     Alan R. Crane, Esq.
>     Florida Bar No.: 0963836
>     E-mail: acrane@furrcohen.com
>     Jason S. Rigoli, Esq.
>     Florida Bar No.: 91990
>     E-mail: jrigoli@furrcohen.com
>
> -and-
>
> LAW OFFICE OF
> NICOLE TESTA MEHDIPOUR, P.A.
> *Counsel for Chapter 7 Trustee*
> 6278 N. Federal Highway, Suite 408
> Fort Lauderdale, FL 33308
> Tel: (954) 858-5880 Fax: (954) 208-0888
>
> By:  /s/ *Nicole Testa Mehdipour*
>    Nicole Testa Mehdipour
>    Florida Bar No. 177271
>    Nicole.Mehdipour@ntmlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on **Spin Capital, LLC** c/o The LLC as registered agent, 1460 Arboretum Parkway, Lakewood, NJ 08701 and **Hi Bar Capital, LLC** c/o The LLC, as registered agent, 1820 Avenue M, Suite 697, Brooklyn, NY 11230 via FedEx Overnight on this 24th day of July 2023.

> /s/ *Jason S. Rigoli*
>    Jason S. Rigoli, Esq.

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

EXCELL AUTO GROUP, INC.

       Debtor.

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

         Plaintiff,

v.

HI BAR CAPITAL, LLC, a New York limited liability
company, SPIN CAPITAL LLC a/k/a Spin Capital,
a New Jersey limited liability company,
SPFL, an unknown entity, YISROEL HERBST, an individual,
MORDI HERBST, an individual, and
JOSHUA LUBIN, an individual

         Defendant(s).

_____/

Case No.: 22-12790-EPK
Chapter 7

Adv. Pro. No. 23-01132-EPK

**FIRST SET OF CONTINUING INTERROGATORIES
TO SPIN CAPITAL, LLC**

Pursuant to Rules 7026, 7033 and 9014 of the Federal Rules of Bankruptcy Procedure

and Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Nicole Testa

Mehdipour, Chapter 7 Trustee (the "**Plaintiff**") propound these interrogatories on Defendant

Spin Capital, LLC. These interrogatories are to be answered in writing, under oath, on or

before **August 23, 2023** or such other date set by Court order.

1

## <u>GENERAL INSTRUCTIONS AND DEFINITIONS</u>

A.      Each interrogatory seeks information in the possession, custody or control of the Plaintiff. Each of these interrogatories shall be deemed to be continuing in the manner provided by law.

B.      As used herein the terms "person(s)", "individual(s)", and "entity(ies)" mean any natural individual in any capacity whatsoever or anybody or organization, including divisions, departments, and other units thereof, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

C.      As used herein the term "describe" means to specify completely and accurately the subject matter upon which inquiry is made using factual statements.

D.      As used herein the term "identify" when referring to a document or writing, means to give a sufficient description of such document or writing so as to have identified it "with reasonable particularity" for purposes of Fed. Bankr. R. 7033 or 7034 and Fed. R. Civ. P. 33 or 34. More particularly, the term "identify" when used with reference to a document includes:

   a. Date the document bears, or if none, the date it was written, printed, prepared or otherwise created,
   b. Name and address of each person who wrote it or participated in the writing of it,
   c. Name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed,
   d. Name and address of each person who received a copy of the document,
   e. Description of the form of the document, as for instance, a letter or memorandum,
   f. The nature and substance of the document,
   g. Its present location and the custodian of each copy, or if unknown, its last known location or custodian, and
   h. If any document is no longer in your possession, or subject to your control, state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control and the date the possession or control was relinquished by you.

E.      The singular form of any word includes the plural, and vice versa; the words "and" and "or" shall be construed interchangeably; the words "any" and "all" shall be construed interchangeably; the past tense of any word incorporates the present tense and vice versa; the use of any gender encompasses the other gender; and, the use of the word "including" shall be construed as illustrating and not excluding.

F.      If any communications or documents that are requested to be identified in response to these Interrogatories are claimed to be privileged, identify such document by giving the date, subject matter, author, addressee, where made or created, persons to whom copies were furnished and to whom the substance of the documents was communicated, and

the privilege claimed.

       G.      Whenever in the interrogatories the information requested is contained in or may otherwise be derived or ascertained from a document, you may, in lieu of setting forth the requested information,

          i.      identify the document from which the answer may be derived;

          ii.      specify the portion or portions of the document which contains the information or the way in which the information may be derived or ascertained; and

          iii.      produce the document for inspection and copying or deliver a copy of the document to the undersigned counsel prior to or at the time the answers to the Interrogatories are served.

       H.      These interrogatories shall be deemed continuing and you shall promptly supply, by way of supplemental answers, any and all information that may become known prior to the trial of this action which is additionally responsive or necessary to maintain the accuracy of answers previously served.

       I.      If you object to part of any interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory. If you object to the scope or time period of an interrogatory and refuse to answer for that scope or time period, state your objection and answer the interrogatory for the scope or time period you believe is appropriate.

       J.      If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, please set forth the details of such qualification.

**I.  Definitions**

       A.      "**Debtor**" means Excell Auto Group, Inc.

       B.      "**Bankruptcy Case**" means the above captioned bankruptcy case.

       C.      "**Adversary Complaint**" means the *Complaint* filed at Adv ECF No. 1 in the above captioned adversary proceeding.

       D.      "**You**" or "**your**" means the person or entity upon whom these interrogatories are propounded.

       E.      "**Document(s)**" means information in all stored or communicated forms. With respect to all electronically stored information, "Document(s)" shall expressly be deemed to include such items in their native electronic form unless expressly stated otherwise. The meaning of "Document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure.

3

F.    **"Communication(s)"** means any act or process imparting, express, or exchanginginformation in any manner or form.

G.    **"Correspondence"** means any letter, email or any other form of written Communication.

H.    "**Name**" includes legal name, trade name, nickname(s), and aliases.

I.    "**Driver's License Name**" includes all names found on any driver's license issued by any state or state agency in the United States of America and on any driver's license issued by foreign jurisdiction.

J.    "**Passport Names**" includes all names found on any passports issued by the United States of America, including an agency of the United States of America, and any foreign country.

K.    "**SPFL**" means SPFL identified in Section 1.10 of the Spin Contract attached as Exhibit E to the Complaint.

## INTERROGATORIES

1.    List all Names, Driver's License Names and Passport Names for Joshua Lubin.

**RESPONSE**

4

2.      List all Names, Driver's License Names and Passport Names for each Person who: (i) held any ownership in Spin Capital, LLC; (ii) who was an officer of Spin Capital, LLC; (iii) who was a director of Spin Capital, LLC; or (iv) who was an employee of Spin Capital, LLC in a management capacity, including titles of each person,  within the 5 years prior to the date of the service of these interrogatories.

**RESPONSE**

3.      Please provide the following related to SPFL: (i) the complete name for SPFL; (ii) place of organization; and (iii) address for service of process.

**RESPONSE**

4.      List the Names, Driver's License Names, and Passport Names for each Person who: (i) held any ownership in SPFL; (ii) who was an officer of SPFL; (iii) who was a director of SPFL; or (iv) who was an employee of SPFL in a management capacity, including titles of each person, within the 5 years prior to the date of the service of these interrogatories.

**RESPONSE**

5.      For each person identified in any response or answer to interrogatories 1-4, please state each person's current physical address, mailing address, email address and telephone number.  If the current physical address, mailing address, email address, or telephone number is unknown, list each of the physical address(es), mailing address(es), email address(es), or telephone number(s) known by the person answering or responding to these interrogatories for the 3 years prior to the date of the service of these interrogatories.

**RESPONSE**

6.      For each person identified in any response or answer to interrogatories 1-4, please state the relationship between each person identified and the person responding to or answering these interrogatories.

**RESPONSE**

_____

By: _____

Name: _____

As: _____

STATE OF _____    )
                                 ) ss:
COUNTY OF _____    )

THE FOREGOING INSTRUMENT was sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this \_\_\_ day of _____ 2023 by _____, who is personally known to me.

_____

Notary Public, State of _____

_____

My Commission Expires:

_____

PRINT NAME

7

Dated: July 24, 2023.

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

BY:     /s/ *Alan R. Crane*
          Alan R. Crane, Esq.
          Florida Bar No.: 0963836
          E-mail: acrane@furrcohen.com
          Jason S. Rigoli, Esq.
          Florida Bar No.: 91990
          E-mail: jrigoli@furrcohen.com

-and-

LAW OFFICE OF
NICOLE TESTA MEHDIPOUR, P.A.
*Counsel for Chapter 7 Trustee*
6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Tel: (954) 858-5880 Fax: (954) 208-0888

By:  /s/ *Nicole Testa Mehdipour*
       Nicole Testa Mehdipour
       Florida Bar No. 177271
       Nicole.Mehdipour@ntmlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Spin Capital, LLC c/o The LLC as registered agent, 1460 Arboretum Parkway, Lakewood, NJ 08701 via FedEx Overnight on this 24th day of July 2023.

/s/ *Jason S. Rigoli*
          Jason S. Rigoli, Esq.

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

                                                                    Case No.: 22-12790-EPK
EXCELL AUTO GROUP, INC.                                             Chapter 7

        Debtor.
_____/
NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

                Plaintiff,
                                                                    Adv. Pro. No. 23-01132-EPK
v.

HI BAR CAPITAL, LLC, a New York limited liability
company, SPIN CAPITAL LLC a/k/a Spin Capital,
a New Jersey limited liability company,
SPFL, an unknown entity, YISROEL HERBST, an individual,
MORDI HERBST, an individual, and
JOSHUA LUBIN, an individual

                Defendant(s).
_____/

## FIRST SET OF CONTINUING INTERROGATORIES
## TO HI BAR CAPITAL, LLC

        Pursuant to Rules 7026, 7033 and 9014 of the Federal Rules of Bankruptcy Procedure

and Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Nicole Testa

Mehdipour, Chapter 7 Trustee (the "**Plaintiff**") propound these interrogatories on Defendant

Hi Bar Capital, LLC. These interrogatories are to be answered in writing, under oath, on or

before **August 23, 2023** or such other date set by Court order.

1

## GENERAL INSTRUCTIONS AND DEFINITIONS

A.      Each interrogatory seeks information in the possession, custody or control of the Plaintiff. Each of these interrogatories shall be deemed to be continuing in the manner provided by law.

B.      As used herein the terms "person(s)", "individual(s)", and "entity(ies)" mean any natural individual in any capacity whatsoever or anybody or organization, including divisions, departments, and other units thereof, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

C.      As used herein the term "describe" means to specify completely and accurately the subject matter upon which inquiry is made using factual statements.

D.      As used herein the term "identify" when referring to a document or writing, means to give a sufficient description of such document or writing so as to have identified it "with reasonable particularity" for purposes of Fed. Bankr. R. 7033 or 7034 and Fed. R. Civ. P. 33 or 34. More particularly, the term "identify" when used with reference to a document includes:

a. Date the document bears, or if none, the date it was written, printed, prepared or otherwise created,
b. Name and address of each person who wrote it or participated in the writing of it,
c. Name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed,
d. Name and address of each person who received a copy of the document,
e. Description of the form of the document, as for instance, a letter or memorandum,
f. The nature and substance of the document,
g. Its present location and the custodian of each copy, or if unknown, its last known location or custodian, and
h. If any document is no longer in your possession, or subject to your control, state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control and the date the possession or control was relinquished by you.

E.      The singular form of any word includes the plural, and vice versa; the words "and" and "or" shall be construed interchangeably; the words "any" and "all" shall be construed interchangeably; the past tense of any word incorporates the present tense and vice versa; the use of any gender encompasses the other gender; and, the use of the word "including" shall be construed as illustrating and not excluding.

F.      If any communications or documents that are requested to be identified in response to these Interrogatories are claimed to be privileged, identify such document by giving the date, subject matter, author, addressee, where made or created, persons to whom copies were furnished and to whom the substance of the documents was communicated, and

2

the privilege claimed.

       G.     Whenever in the interrogatories the information requested is contained in or may otherwise be derived or ascertained from a document, you may, in lieu of setting forth the requested information,

         i.     identify the document from which the answer may be derived;

        ii.     specify the portion or portions of the document which contains the information or the way in which the information may be derived or ascertained; and

      iii.     produce the document for inspection and copying or deliver a copy of the document to the undersigned counsel prior to or at the time the answers to the Interrogatories are served.

       H.     These interrogatories shall be deemed continuing and you shall promptly supply, by way of supplemental answers, any and all information that may become known prior to the trial of this action which is additionally responsive or necessary to maintain the accuracy of answers previously served.

       I.     If you object to part of any interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory. If you object to the scope or time period of an interrogatory and refuse to answer for that scope or time period, state your objection and answer the interrogatory for the scope or time period you believe is appropriate.

       J.     If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, please set forth the details of such qualification.

## I. Definitions

       A.     "**Debtor**" means Excell Auto Group, Inc.

       B.     "**Bankruptcy Case**" means the above captioned bankruptcy case.

       C.     "**Adversary Complaint**" means the *Complaint* filed at Adv ECF No. 1 in the above captioned adversary proceeding.

       D.     "**You**" or "**your**" means the person or entity upon whom these interrogatories are propounded.

       E.     "**Document(s)**" means information in all stored or communicated forms. With respect to all electronically stored information, "Document(s)" shall expressly be deemed to include such items in their native electronic form unless expressly stated otherwise. The meaning of "Document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure.

3

F.    **"Communication(s)"** means any act or process imparting, express, or exchanginginformation in any manner or form.

G.    **"Correspondence"** means any letter, email or any other form of written Communication.

H.    "**Name**" includes legal name, trade name, nickname(s), and aliases.

I.    "**Driver's License Name**" includes all names found on any driver's license issued by any state or state agency in the United States of America and on any driver's license issued by foreign jurisdiction.

J.    "**Passport Names**" includes all names found on any passports issued by the United States of America, including an agency of the United States of America, and any foreign country.

K.    "**SPFL**" means SPFL identified in Section 1.10 of the Hi Bar Contract attached as Exhibit I to the Complaint.

## INTERROGATORIES

1.    List all Names, Driver's License Names and Passport Names for Mordi Herbst.

**RESPONSE**

2.    List all Names, Driver's License Names and Passport Names for Joshua Lubin.

**RESPONSE**

3.      List all Names, Driver's License Names and Passport Names for each for each Person who: (i) held any ownership in Hi Bar Capital, LLC; (ii) who was an officer of Hi Bar Capital, LLC; (iii) who was a director of Hi Bar Capital, LLC; or (iv) who was an employee of Hi Bar Capital, LLC in a management capacity, including the titles of each person, within the 5 years prior to the date of the service of these interrogatories.

**RESPONSE**

4.      Please provide the following related to SPFL: (i) the complete name for SPFL; (ii) place of organization; and (iii) address for service of process.

**RESPONSE**

5

5.      List the Names, Driver's License Names, and Passport Names for each Person who: (i) held any ownership in SPFL; (ii) who was an officer of SPFL; (iii) who was a director of SPFL; or (iv) who was an employee of SPFL in a management capaccity, including the titles of each person, within the 5 years prior to the date of the service of these interrogatories.

**RESPONSE**

6.      For each person identified in any response or answer to interrogatories 1-5, please state each person's current physical address, mailing address, email address and telephone number.  If the current physical address, mailing address, email address, or telephone number is unknown, list each of the physical address(es), mailing address(es), email address(es), or telephone number(s) known by the person answering or responding to these interrogatories for the 3 years prior to the date of the service of these interrogatories.

**RESPONSE**

7.      For each person identified in any response or answer to interrogatories 1-5, please state the relationship between each person identified and the person responding to or answering these interrogatories.

**RESPONSE**

_____

By: _____

Name: _____

As: _____

STATE OF _____   )
                             ) ss:
COUNTY OF _____   )

THE FOREGOING INSTRUMENT was sworn to (or affirmed) and subscribed before me by means of □ physical presence or □ online notarization, this \_\_\_ day of _____ 2023 by _____, who is personally known to me.

_____

Notary Public, State of _____

_____

My Commission Expires:

_____

PRINT NAME

7

Dated: July 24, 2023.

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

BY:   /s/ *Alan R. Crane*
 Alan R. Crane, Esq.
 Florida Bar No.: 0963836
 E-mail: acrane@furrcohen.com
 Jason S. Rigoli, Esq.
 Florida Bar No.: 91990
 E-mail: jrigoli@furrcohen.com

-and-

**LAW OFFICE OF
NICOLE TESTA MEHDIPOUR, P.A.**
*Counsel for Chapter 7 Trustee*
6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Tel: (954) 858-5880 Fax: (954) 208-0888

By:  */s/ Nicole Testa Mehdipour*
 Nicole Testa Mehdipour
 Florida Bar No. 177271
 Nicole.Mehdipour@ntmlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Hi Bar Capital, LLC c/o The LLC, as registered agent, 1820 Avenue M, Suite 697, Brooklyn, NY 11230 via FedEx Overnight on this 24th day of July 2023.

 */s/ Jason S. Rigoli*
 Jason S. Rigoli, Esq.

8

| | |
|---|---|
| **From:** | Jarret Hitchings |
| **To:** | Alan Crane; Ezequiel Romero; Jason Rigoli; Rose Rivera |
| **Cc:** | Jason DeJonker; David Unseth |
| **Subject:** | RE: Adv Complaint Case No 23-01132. Nicole Mehdipour, as Chapter 7 Trustee for Excell Auto Group v Hi Bar Capital, LLC, SPIN CAPITAL LLC a/k/a Spin Capital, SPFL, YISROEL HERBST, MORDI HERBST, JOSHUA LUBIN |
| **Date:** | Monday, July 10, 2023 10:42:58 PM |
| **Attachments:** | image001.png |

Mr. Crane –

Our office has not been instructed by Hi Bar with respect to the referenced complaint and we are not authorized to accept service on behalf of any of the defendants. We are likewise not in a position to provide any information with respect to referenced defendants. Should we become instructed in this regard, we will certainly be in touch.



JARRET P. HITCHINGS
Counsel
BRYAN CAVE LEIGHTON PAISNER LLP - Charlotte, NC USA
jarret.hitchings@bclplaw.com
T: +1 704 749 8965

**From:** Alan Crane <acrane@furrcohen.com>
**Sent:** Friday, July 7, 2023 12:29 PM
**To:** Ezequiel Romero <ezequiel.romero@bclplaw.com>; Jason Rigoli <jrigoli@furrcohen.com>; Rose Rivera <rrivera@furrcohen.com>
**Cc:** Jarret Hitchings <jarret.hitchings@bclplaw.com>; Jason DeJonker <jason.DeJonker@bclplaw.com>; David Unseth <dmunseth@bclplaw.com>
**Subject:** Re: Adv Complaint Case No 23-01132. Nicole Mehdipour, as Chapter 7 Trustee for Excell Auto Group v Hi Bar Capital, LLC, SPIN CAPITAL LLC a/k/a Spin Capital, SPFL, YISROEL HERBST, MORDI HERBST, JOSHUA LUBIN

Mr. Romero,

Thank you for your prompt response.  I just want to make sure you are aware that the adversary is in the Excell Auto Group bankruptcy rather than in the AWB bankruptcy.  It is the same judge in the same court.  Since others have gotten the two confused, I am just making sure that your response is not different based upon the adversary being in Excell rather than AWB.

Alan

**From:** Ezequiel Romero <ezequiel.romero@bclplaw.com>
**Sent:** Friday, July 7, 2023 12:25 PM
**To:** Jason Rigoli <jrigoli@furrcohen.com>; Rose Rivera <rrivera@furrcohen.com>; Alan Crane <acrane@furrcohen.com>
**Cc:** Jarret Hitchings <jarret.hitchings@bclplaw.com>; Jason DeJonker <jason.DeJonker@bclplaw.com>; David Unseth <dmunseth@bclplaw.com>
**Subject:** FW: Adv Complaint Case No 23-01132. Nicole Mehdipour, as Chapter 7 Trustee for Excell Auto Group v Hi Bar Capital, LLC, SPIN CAPITAL LLC a/k/a Spin Capital, SPFL, YISROEL HERBST, MORDI HERBST, JOSHUA LUBIN

Mr. Crane,

Thank you for reaching out to us. I am including my colleagues Jarret Hitchings and Jason DeJonker who have been actively representing Hi Bar in the AWB main proceeding  and Adversary Proceeding.

They will respond to your inquiry below.

Thank you,



EZEQUIEL ROMERO
Attorney
BRYAN CAVE LEIGHTON PAISNER LLP - Miami, FL USA
ezequiel.romero@bclplaw.com
T: +1 786 322 7399

---

**From:** Alan Crane <acrane@furrcohen.com>
**Sent:** Friday, July 7, 2023 12:20 PM
**To:** Ezequiel Romero <ezequiel.romero@bclplaw.com>; David Unseth <dmunseth@bclplaw.com>
**Cc:** Jason Rigoli < >; Rose Rivera < >
**Subject:** Adv Complaint Case No 23-01132. Nicole Mehdipour, as Chapter 7 Trustee for Excell Auto Group v Hi Bar Capital, LLC, SPIN CAPITAL LLC a/k/a Spin Capital, SPFL, YISROEL HERBST, MORDI HERBST, JOSHUA LUBIN

Mr. Romero and Mr. Unseth,

Please be advised that the Chapter 7 Trustee filed an Adversary Complaint described above against Hi Bar Capital, LLC, et. al.  including Mordi Herbst.  Mordi Herbst was represented to us as being the Chief Operating Officer or Hi Bar Capital, LLC.   Can you please provide his address?  If you are authorized to accept service on his behalf, please let me know.

Also, we had apparently identified a related entity called "SPFL".  Can you please provide the property name of the entity and address?

Please contact me below if you wish to discuss.

Alan



Alan R. Crane

Attorney At Law

Furr Cohen

2255 Glades Road, Suite 419A

Boca Raton, Florida 33431

Telephone: (561) 395-0500

Facsimile: (561) 338-7532

Email: ACrane@furrcohen.com

\*\*\*\*\*\*PLEASE NOTE CHANGE IN SUITE NO.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.