# EXHIBIT E

7817882.1

DocuSign Envelope ID: 0017E0A3-84E8-451E-8B99-97D2E58445

Case 23-01132-EPK    Doc 27-5    Filed 10/16/23    Page 2 of 6

**STIPULATION OF SETTLEMENT PURSUANT TO CPLR 3215(i)**

THIS STIPULATION OF SETTLMENT (the "STIPULATION OF SETTLEMENT") is entered into by and between **EXCELL AUTO GROUP, INC.; KARMA OF PALM BEACH INC; AUTOMOTIVE SERVICE SYSTEMS, INC.; KZ CONSULTANTS, INC.; MISS KRIS, LLC; EXCELL AUTO LEASING INC; EXCELL AUTO WHOLESALE INC.; DEALER SOUQ USA LLC; EAG WHOLESALE LLC; KARMA OF BROWARD, INC.; LAVISH HERO FUND; KARMA OF PALM BEACH, INC.; APPLE 3 INVESTMENTS, INC.; KZ CONSULTANTS INC.; EXCELL AUTO SPORT AND SERVICE, INC.** (individually and collectively the "Merchant"), **KRISTIN ZANKL and SCOTT THOMAS ZANKL** (collectively the "Guarantors" and together with the Merchant, the "Obligated Parties") and **HI BAR CAPITAL, LLC** ("Purchaser,") and referred to herein collectively with the Obligated Parties as (the "Parties") on this **February 1, 2022** (the "Effective Date").

**WHEREAS**, the Parties entered into a receivables purchase agreement on **October 27, 2021** pursuant to which the Purchase purchased a specified percentage of the Merchant's total future accounts receivable up to a specified amount in exchange for an upfront purchase price (the "Purchase Agreement");

**WHEREAS**, the Guarantors guaranteed the Merchant's obligations to Purchase pursuant to the Purchase Agreement pursuant to a Guaranty agreement that was contained in the Purchase Agreement (the "Guaranty" and together with the Purchase Agreement, the "Agreements");

**WHEREAS**, on NOVEMBER 16, 2021 (the "Default Date"), the Obligated Parties defaulted on their obligations to Purchaser under the Agreements.

**WHEREAS**, on December 19, 2021, the Parties entered into a settlement agreement (the "Settlement Agreement") pursuant to which the Parties settled the dispute between them arising from the Obligated Parties' breaches of the Agreements. A copy of the Settlement Agreement is attached as **Exhibit A**.

**WHEREAS**, on December 27, 2021, the Obligated Parties defaulted on the Settlement Agreement.

**WHEREAS**, on January 28, 2022, Purchaser filed an action against the Obligated Parties for breach of the Settlement Agreement in Kings County Supreme Court, Index No. **502846/2022** (the "Action").

**WHEREAS**, the parties seek to resolve the claims asserted in the Action pursuant to the terms of this Stipulation of Settlement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BETWEEN THE PARTIES AS FOLLOWS:

Obligated Parties shall pay to Purchaser the sum of **$3,800,000.00 ("Settlement Amount")** as follows:

1. Payments
    a. $1,300,000 by February 7, 2022
    b. $1,300,000 by February 11, 2022
    c. $600,000 by February 16, 2022

DocuSign Envelope ID: 09F7E0A3-84E8-4518-89B9-3A7D2F58445D

> d.  $600,000 by February 21, 2022

Payments shall be made by wire transfer to Purchaser's attorney each week on the scheduled payment date to the following account:

**Law Offices of Steven Zakharyayev, PLLC**
**10 W. 37th St, #602, New York, NY 10018**
**JP Morgan Chase Bank N.A.**
**Routing Number: 021 000 021**
**Account Number: 317 527 817**

1.      **SETTLEMENT AGREEMENT**: Notwithstanding the terms herein, all terms agreed upon in the Settlement Agreement dated December 19, 2021 shall remain enforceable against the Parties. Any conflicts between the terms of the Settlement Agreement and this Stipulation of Settlement shall be resolved in favor of this Stipulation of Settlement.

2.   REPRESENTATIONS AND WARRANTIES AND INDEMNITY.

   a.  Obligated Parties warrant and covenant that any payments to Purchaser pursuant to this Stipulation of Settlement shall be made from unencumbered assets free of any liens or superior interests to Purchaser.

   b.  In the event any payments made to Purchaser are subject to a levy or a party claiming to hold a superior interest in any assets of the Merchant to Purchaser, Obligated Parties agree to indemnify, defend, and hold Purchaser and any employees, agents, partners, or affiliates harmless from any and all claims, demands, costs, liabilities, losses, expenses and damages (including reasonable attorneys' fees, costs, and expert witnesses' fees) arising out of or in connection with any claim brought by a third party against Purchaser.

3.      **Default Judgment pursuant to CPLR 3215(i)**.  There shall be no cure period for the settlement payments set forth above.  In the event that a settlement payment is not made, the Obligated Parties hereby acknowledge, consent and agree that the Purchaser may file an application for a default judgment to the Kings County Clerk in the Action pursuant to CPLR 3215(i) for the full Settlement Amount ($3,800,000) less payments made pursuant to this Agreement, plus the sum of 25% of the amount due at the time of default for attorneys' fees (based upon standard contingency fee rates), plus interest at the rate of 16% per annum from the date of default to the date of entry of judgment.  The Parties agree that it shall be sufficient for the entry of such default judgment for the Purchaser's attorney of record to submit an affirmation stating the amount paid pursuant to this Stipulation of Settlement, the date of the default hereunder, the amount outstanding, and an amount for attorneys' fees to be included in the default judgment calculated as 25% of the Settlement Amount less payments made pursuant to this Stipulation of Settlement.  The Parties agree that the application to the Kings County Clerk for a default judgment may be made without notice to the Obligated Parties and that this Stipulation of Settlement shall not be required to be filed in the Action unless and until there is a default hereunder.

4.      Upon the Obligated Parties' full performance of the their obligations pursuant to this Stipulation of Settlement including, without limitation, the full payment of the Settlement Amount, Purchaser hereby covenants not to sue and forever releases, acquits, and discharges the Obligated Parties and any of their guarantors, agents, employees, officers, partners, principals, insurers, representatives, successors, transferees or assigns, from any and all liability, claims, damages or demands Purchaser has now or may have in connection with said Purchase Agreement.  For avoidance of doubt, this release shall be null and void in the event of a breach of this Stipulation

DocuSign Envelope ID: 0817E0A3-84E8-4519-9869-870D28A84451

of Settlement by the Obligated Parties.

5.      Within five (5) business days after Obligated Parties' fulfillment of their obligations hereunder and the clearance of all payments in accordance with the terms of this Stipulation of Settlement, Purchaser terminate any/all UCC filings and liens previously filed by Purchaser against Merchant, and release any/all of Obligated Parties' obligations to Purchaser pursuant to the Agreements, and Purchaser will so notify the Obligated Parties' attorney in writing.  Purchaser further agrees to file a discontinuance of the Action.

6.      Waiver of Purchaser's Liability. Upon the Effective Date, the Obligated Parties for themselves and on behalf of all parents, divisions, subsidiaries, affiliates, related entities, representatives, successors, directors, officers, owners, agents, employees, insurance carriers, attorneys and assigns, hereby releases and forever discharges Purchaser and its respective parents, divisions, subsidiaries, affiliates, related entities, representatives, successors, directors, officers, owners, agents, employees, insurance carriers, attorneys and assigns of and from any and all claims, counterclaims, demands, damages, debts, liabilities, accounts, actions, causes of action and suits, known or unknown, liquidated or contingent, arising from, which may arise in the future from, or which are related in any manner to the Action or the underlying Agreement, including any claims that were or could have been asserted, other than Purchaser's obligations under this Settlement Agreement.

7.      Withdraw Claims and Consent to Judgment.  Merchant and Guarantors hereby withdraw any defenses they may have to the claims asserted in the Action.

8.      CONSENT TO JURISDICTION.  This Agreement shall be governed by and construed exclusively in accordance with the laws of the State of New York, without regards to any applicable principles of conflicts of law. Merchant and Guarantors irrevocably submits to the exclusive jurisdiction of any New York Supreme Court or any federal court sitting within the State of New York over any suit, action or proceeding arising out of or relating to this Agreement. Merchant and Guarantors irrevocably waive, to the fullest extent permitted by law, any objection which it may now or hereafter have to the laying of venue of any such suit, action or proceeding brought in such a court and any claim that any such suit, action or proceeding has been brought in an inconvenient forum. Merchant and Guarantors agree that final judgment in any such suit, action or proceeding brought in such a court shall be enforced in any court of proper jurisdiction by a suit upon such judgment, provided that service of process in such action, suit or proceeding shall have been effected upon the Merchant and Guarantors in a manner permitted by law.

9.      WAIVER OF SERVICE OF PROCESS. The Parties further agree to waive personal service of process and to accept mail by electronic mail or by mailing by certified or registered mail, of any process required by any such court will constitute valid and lawful service of process against them, without the necessity for service by any other means provided by statute or rule of court, but without invalidating service performed in accordance with such other provisions.

10.     Alter Egos.  Merchant may not own, operate, or affiliate with any entities in the same or similar industry without Purchaser's express consent.

11. Modifications; Agreements. No modification, amendment, waiver or consent of any provision of this Agreement shall be effective unless the same shall be in writing and signed by all Parties.
12. Assignment. Purchaser may assign, transfer or sell its rights or delegate its duties hereunder, either in whole or in part without prior notice to the Sellers. Sellers shall not assign its rights or obligations under this Agreement without first obtaining Purchaser's written consent.
13. Notices. Unless different means of delivering notices are set forth elsewhere in this Agreement, all notices, requests, consent, demands and other communications hereunder shall be delivered by certified mail, return receipt requested, to the respective parties to this Agreement at the addresses set forth in this Agreement and shall become effective as of the date of receipt or declined receipt.

DocuSign Envelope ID: 08F7E0A3-84E8-4518-8409-972D2958445

14. <u>Waiver Remedies</u>. No failure on the part of Purchaser to exercise, and no delay in exercising, any right under this Agreement, shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement preclude any other or further exercise thereof or the exercise of any other right. The remedies provided hereunder are cumulative and not exclusive of any remedies provided by law or equity.

15. <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns.

16. <u>JURY WAIVER</u>. THE PARTIES WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY COURT IN ANY SUIT, ACTION OR PROCEEDING ON ANY MATTER ARISING IN CONNECTION WITH OR IN ANY WAY RELATED TO THE TRANSACTIONS OF WHICH THIS GUARANTY IS A PART OR ITS ENFORCEMENT, EXCEPT WHERE SUCH WAIVER IS PROHIBITED BY LAW OR DEEMED BY A COURT OF LAW TO BE AGAINST PUBLIC POLICY. THE PARTIES ACKNOWLEDGE THAT EACH MAKES THIS WAIVER KNOWINGLY, WILLINGLY AND VOLUNTARILY AND WITHOUT DURESS, AND ONLY AFTER EXTENSIVE CONSIDERATION OF THE RAMIFICATIONS OF THIS WAIVER WITH THEIR ATTORNEYS.

17. <u>Severability</u>. In case any of the provisions in this Agreement are found to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of any other provision contained herein shall not in any way be affected or impaired. Any provision of this Agreement that may be found by a court having jurisdiction to be prohibited by law shall be ineffective only to the extent of such prohibition without invalidating the remaining provisions hereof.

18. <u>Entire Agreement</u>. This Agreement embodies the entire agreement between Seller and Purchaser and supersedes all prior agreements and understandings relating to the subject matter hereof. The Exhibit(s) and Riders to this Agreement are part of this Agreement.

THE UNDERSIGNED REPRESENT AND WARRANT THAT THEY HAVE READ THIS STIPULATED SETTLEMENT AGREEMENT IN ITS ENTIRETY AND HAVE THE FULL CAPACITY, POWER, AND AUTHORITY TO MAKE THIS AGREEMENT AS SET FORTH ABOVE, AND THAT NO OTHER REPRESENTATIONS OR INDUCEMENTS APART FROM THIS STIPULATED SETTLEMENT AGREEMENT, EITHER WRITTEN OR ORAL, HAVE BEEN MADE.

IN WITNESS WHEREOF, Sellers and Purchaser have hereunder set their hands and seals on **February 1, 2022**.

| **"MERCHANT"** | **"GUARANTORS"** |
|---|---|
| EXCELL AUTO GROUP, INC.; KARMA OF PALM BEACH INC; AUTOMOTIVE SERVICE SYSTEMS, INC.; KZ CONSULTANTS, INC.; MISS KRIS, LLC; EXCELL AUTO LEASING INC; EXCELL AUTO WHOLESALE INC.; DEALER SOUQ USA LLC; EAG WHOLESALE LLC; KARMA OF BROWARD, INC.; LAVISH HERO FUND; KARMA OF PALM BEACH, INC.; APPLE 3 INVESTMENTS, INC.; KZ CONSULTANTS INC.; EXCELL AUTO SPORT AND SERVICE, INC. (collectively the "Merchants") | SCOTT THOMAS ZANKL "GUARANTOR" |
| | X _____ SCOTT THOMAS ZANKL, Individually |
| | KRISTIN ZANKL "GUARANTOR" |
| X _____ Name: KRISTIN ZANKL, individually and as authorized signor on behalf of the Merchants referenced above | X _____ KRISTIN ZANKL, Individually |
| EXCELL AUTO GROUP, INC.; KARMA OF PALM BEACH INC; AUTOMOTIVE SERVICE SYSTEMS, INC.; KZ CONSULTANTS, INC.; MISS KRIS, LLC; EXCELL AUTO LEASING INC; EXCELL AUTO WHOLESALE INC.; DEALER SOUQ USA LLC; EAG WHOLESALE LLC; KARMA OF BROWARD, INC.; LAVISH HERO FUND; KARMA OF PALM BEACH, INC.; APPLE 3 INVESTMENTS, INC.; KZ CONSULTANTS INC.; EXCELL AUTO SPORT AND SERVICE, INC. (collectively the "Merchants") | "PURCHASER" HI BAR CAPITAL, LLC |
| | X _____ Name: Steven Zakharyayev Title: Attorney for Purchaser, Hi Bar Capital |
| X _____ Name: SCOTT THOMAS ZANKL, individually and as authorized signor on behalf of the Merchants | |

Settlement Agreement and Release - Page 5 of 5