# EXHIBIT I

7817882.1

At an IAS Term Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 12th day of January 2023.

P R E S E N T:

Honorable Reginald A. Boddie
Justice, Supreme Court

-----------------------------------------------------------------------x

HI BAR CAPITAL, LLC,

                       Plaintiff,

         -against-

EXCELL AUTO GROUP, INC. KARMA OF
PALM BEACH, INC., et. al.,

                 Defendants.

-----------------------------------------------------------------------x

EXCELL AUTO GROUP, INC.

               Third-Party Plaintiff,

         -against-

SPIN CAPITAL LLC d/b/a SPIN CAPITAL,

              Third-Party Defendant.

-------------------------------------------------------------------- x

Index No. 502846/2022

Cal. No. 12-14  MS 1-3

**Decision and Order**

The following e-filed papers read herein:

MS 1
MS 2
MS 3

NYSCEF Doc Nos.

16-29; 98-105
45-54
57-70; 108-131;
135-137

1

Plaintiff's separate motions for a default judgment against defendants and for summary judgment dismissing defendants' counterclaims and third-party defendant Spin Capital LLC's motion to dismiss the third-party complaint are decided as follows:

On October 27, 2021, the parties entered into a Revenue Purchase Agreement (the "Purchase Agreement") whereby plaintiff Hi Bar Capital, LLC (plaintiff or Hi Bar) agreed to purchase $3,177,880 of defendants' future receivables for an upfront purchase price of $2,120,000. Upon defendants' default in payment, on December 19, 2021, the parties entered into a settlement agreement (the "Settlement Agreement") under which, among other things, defendants agreed to pay their outstanding balance under the Purchase Agreement of $2,677,880 at a 1.50 factor rate for a total payback amount of $4,016,820 ("Settlement Amount"). Under this agreement, defendants were to make payments of $200,000 per week commencing on December 20, 2021, until the "balance plus factor rate"[1] is paid in full.

Upon defendants' default of the Settlement Agreement, on January 28, 2022, plaintiff filed the instant action seeking to enforce the Settlement Agreement. On February 1, 2022, the parties entered into a Stipulation of Settlement pursuant to CPLR 3215(i) ("Stipulation") resolving defendants' default under the Settlement Agreement. Pursuant to the Stipulation, defendants agreed to pay plaintiff $1,300,000 by February 7, 2022; $1,300,000 by February 11, 2022; $600,000 by February 16, 2022; and $600,000 by February 21, 2022. Section 3 of the Stipulation provides:

> In the event that a settlement payment is not made, the Obligated Parties [i.e., Defendants] hereby acknowledge, consent and agree that the Purchaser [i.e., Plaintiff] may file an application for a default judgment to the Kings County Clerk in the Action pursuant to CPLR 3215(i) for the full Settlement Amount ($3,800,000) less payments made pursuant to this Agreement, plus the sum of 25% of the

---

[1] Though not defined in plaintiff's papers, the "balance plus factor rate" presumably refers to the Settlement Amount.

Case 23-01132-EPK    Doc 27-9    Filed 10/16/23    Page 4 of 7

> amount due at the time of default for attorneys' fees (based upon standard contingency fee rates), plus interest at the rate of 16% per annum from the date of default to the date of entry of judgment."

On or about February 7, 2022, defendants made the initial payment of $1,300,000 but defaulted by failing to make the second payment of $1,300,000 due on February 11, 2022, or any additional payments thereafter.

On February 17, 2022, plaintiff filed an application for default judgment pursuant to CPLR 3215(i) requesting that the Kings County Clerk enter a default judgment against defendants, jointly and severally, in the amount of $3,800,000, less payments made under the Stipulation, plus the sum of 25% of the amount due at the time of default for attorneys' fees plus interest at the rate of 16% per annum from the date of default to the date of entry of judgment. The County Clerk rejected the application. On February 28, 2022, defendants filed an answer, which was amended on March 18, 2022.

On March 7, 2022, plaintiff filed the instant motion pursuant to CPLR 3215(i) seeking an order striking defendants' answer and for a "default judgment" (MS 1). On March 18, 2022, defendant Excell Auto Group, Inc. ("Excell") commenced a third-party action against Spin Capital LLC a/k/a Spin Capital ("Spin"). Spin thereafter filed a pre-answer motion to dismiss Excell's third-party complaint (MS 2). Sometime thereafter, Excell filed for Chapter 7 bankruptcy in the Southern District of Florida. On October 26, 2022, plaintiff filed a stipulation of discontinuance without prejudice regarding its claims against Excell. On April 6, 2022, plaintiff filed the instant motion seeking summary judgment against defendants and a dismissal of defendants' counterclaims for criminal usury, fraud, unjust enrichment and breach of contract pursuant to CPLR 3211(a)(1) and (a)(7) (MS 3).

3

## Discussion

Due to Excell's pending bankruptcy proceeding, Spin's motion to dismiss Excell's third-party complaint must be stayed. In addition, plaintiff's motion for a default judgment against defendants is denied, as defendants have filed an answer, and the motion is, in any event, supplanted by plaintiff's subsequent motion for summary judgment.

Turning to plaintiff's motion for summary judgment, plaintiff asserts that it is entitled to summary judgment based on defendant's undisputed failure to make the second payment of $1,300,000 due on February 11, 2022 pursuant to the Stipulation. In addition, plaintiff contends that defendants waived all of their defenses when they entered into the Stipulation because they agreed that the clerk could enter judgment upon their breach of the Stipulation and withdrew any defenses they may have to the claims asserted in this action.

However, in light of the defense that the subject agreements are unenforceable because they concern criminally usurious loans, plaintiff has not established its entitlement to judgment as a matter of law. While the parties' initial Purchase Agreement indicates that the transaction was not a loan for the reasons expounded by plaintiff, plaintiff fails to demonstrate that the parties' subsequent agreements should be treated the same way given the absence of a mandatory reconciliation provision and the existence of finite terms for repayment contained in the Settlement Agreement and Stipulation (*see Principis Capital, LLC v I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022] ["Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy"]). The court notes that plaintiff is seeking to recover $3,800,000 on an initial "purchase price" of $2,120,000 in receivables. The burden is on plaintiff to demonstrate that the

4

Case 23-01132-EPK    Doc 27-9    Filed 10/16/23    Page 6 of 7

subject transactions are not loans or, if they are loans, that such loans are not criminally usurious. Plaintiff has not sustained that burden here. Further, the defense of criminal usury cannot be waived as such would violate public policy (*see Hammelburger v Foursome Inn Corp.*, 76 AD2d 646, 650 [2d Dept 1980]).

Notwithstanding the foregoing, dismissal of defendants' counterclaims is warranted for failure to state a claim. Defendants' counterclaim for criminal usury fails because "[a]lthough the defendants may assert criminal usury as an affirmative defense, they may not assert criminal usury as the basis for a counterclaim" (*LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d 664, 667 [2d Dept 2020] [internal citations omitted]).

Secondly, defendants do not have a viable claim for fraudulent inducement as the alleged misrepresentation, that defendant would be executing a "no-net refinance" of Spin's loan with no increase in principal, is directly contradicted by the Purchase Agreement's express terms which clearly reflect that the outstanding balance is increased. As such, defendants cannot claim to have reasonably relied upon a representation that is directly contradicted by the Purchase Agreement they signed (*see Stone v Schulz*, 231 AD2d 707, 707-708 [2d Dept 1996] ["Where, as here, there is a "meaningful" conflict between an express provision in a written contract and a prior alleged oral representation, the conflict negates a claim of a reasonable reliance upon the oral representation"].

Additionally, defendants' counterclaim for "Breach of Contract – Lack of Consideration," which alleges that the subject agreements are unenforceable due to lack of consideration, is plead as a defense to plaintiff's claim for breach of contract rather than a counterclaim. Even if said counterclaim can be construed to allege a breach of contract, defendants' own pleadings allege the existence of consideration—namely, Hi Bar's payoff of the Spin loan resulting in the Purchase

5

Agreement and new agreements due to defendants' undisputed failure to meet the payment obligations under the Purchase Agreement and Settlement Agreement.

Finally, defendants' counterclaim for unjust enrichment is not viable where, as here, the parties entered into express agreements (*see Air & Power Transmission, Inc. v Weingast*, 120 AD3d 524, 526 [2d Dept 2014]). Based on the foregoing, defendants' counterclaims are dismissed.

## Conclusion

Accordingly, it is hereby

ORDERED that plaintiff's motion for a default judgment (MS 1) is denied; it is further

ORDERED that Spin's motion to dismiss the third-party complaint (MS 2) is adjourned to April 20, 2023 as a control date; and it is further

ORDERED that plaintiff's motion for summary judgment (MS 3) is granted to the extent that defendants' counterclaims for breach of contract, fraudulent inducement, criminal usury and unjust enrichment are dismissed but the motion is otherwise denied.

ENTER:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

6