# EXHIBIT J

7817882.1

At an IAS Term Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 11th day of May 2023.

P R E S E N T:
Honorable Reginald A. Boddie
Justice, Supreme Court

---------------------------------------------------------------------x

HI BAR CAPITAL, LLC,

        Plaintiff,

        -against-

EXCELL AUTO GROUP, INC. KARMA OF
PALM BEACH, INC., et. al.,

        Defendants.

---------------------------------------------------------------------x

EXCELL AUTO GROUP, INC.

        Third-Party Plaintiff,

        -against-

SPIN CAPITAL LLC d/b/a SPIN CAPITAL,

        Third-Party Defendant.

--------------------------------------------------------------------- x

Index No. 502846/2022

Cal. No. 9-10   MS 5-6

**Decision and Order**

The following e-filed papers read herein:

NYSCEF Doc Nos.

MS 5                                   153-155; 164; 175
MS 6                                   165-166; 174

Plaintiff's motion and defendants' cross-motion seeking reargument of plaintiffs' underlying motion for summary judgment are decided as follows:

1

This action seeks to recover monies due pursuant to a Settlement Agreement entered into by the parties on or around December 19, 2021, under which defendants agreed to pay plaintiff Hi Bar Capital, LLC (plaintiff or Hi Bar) $4,016,820 ("Settlement Amount"). The Settlement Agreement resolved defendants' default under a Revenue Purchase Agreement (the "Purchase Agreement"). Under the Purchase Agreement, plaintiff agreed to purchase $3,177,880 of defendants' future receivables for an upfront purchase price of $2,120,000. It is undisputed that defendants defaulted under the terms of the Settlement Agreement.

After commencement of this action, the parties entered into a Stipulation of Settlement pursuant to CPLR 3215(i) ("Stipulation") resolving defendants' default under the Settlement Agreement. Defendants thereafter defaulted under the Stipulation.

Upon plaintiff's separate motions seeking a default judgment and summary judgment against defendants, this court issued a decision dated January 12, 2023 ("January Decision"), granting plaintiff's motion for summary judgment to the extent of dismissing defendants' counterclaims for breach of contract, fraudulent inducement, criminal usury and unjust enrichment but otherwise denying plaintiff's motions. In finding that plaintiff failed to meet its burden for summary judgment, the January Decision stated that:

> "[I]n light of the defense that the subject agreements are…criminally usurious loans, plaintiff has not established its entitlement to judgment as a matter of law. While the parties Initial Purchase Agreement indicates that the transaction was not a loan for the reasons expounded by plaintiff, plaintiff fails to demonstrate that the parties' subsequent agreements [i.e., the Settlement Agreement and Stipulation] should be treated the same way given the absence of a mandatory reconciliation provision and the existence of finite terms for repayment contained in the Settlement Agreement and Stipulation [*citing Principis Cap., LLC v I Do, Inc.*,201 AD3d 752,754 (2d Dept 2022)]."

In the instant motion to reargue, plaintiff contends, inter alia, that (a) the court sua sponte raised the issue of whether the Settlement Agreement and Stipulation constituted criminally

2

usurious loans, which deprived plaintiff of the opportunity to address the point; (b) the Settlement Agreement and Stipulation are not loans or forbearances subject to New York's usury laws; (c) even if the Settlement Agreement and/or Stipulation were loans or forbearances, New York's usury laws do not apply to transactions in excess of $2,500,000 and both agreements involve sums in excess of that amount; and (d) the *Principis* test does not apply to the subject agreements because they are not receivables purchase agreements.

Defendants oppose plaintiff's motion and cross-move to reargue the January Decision to the extent that such decision dismissed their counterclaims for fraudulent inducement, breach of contract (lack of consideration), and unjust enrichment. Upon reargument, defendants seek reinstatement of their counterclaims.

Upon consideration of the parties' submissions, the court grants plaintiff's motion to reargue on the grounds that the court overlooked applicable law. As a preliminary matter, contrary to plaintiff's assertions, the defense of criminal usury was not raised by the court sua sponte as the crux of defendants' underlying opposition was that the subject transactions involved criminally usurious loans. Secondly, plaintiff's contention that the *Principis* test does not apply to the subject agreements because they are not receivable purchase agreements misses the mark. The Purchase Agreement is enforceable, and not void as a matter of criminal or civil usury, because the repayment terms, rather than being absolute, are contingent (*see Principis Cap., LLC v I Do, Inc.*, *supra*). Thus, the issue is whether a settlement agreement, that is premised on a seller's default under a future receivables contract, should be treated (or whether it is treated), the same way despite it rendering repayment absolute. Plaintiff proffered no binding precedent on this issue.

Notwithstanding the foregoing, as asserted by plaintiff, even if the subject transactions are viewed as loans, the usury statute does not apply to loans that are for amounts greater than $2.5

3

million (see General Obligations Law § 5-501 [6] [b]); *see also 72nd Ninth LLC v 753 Ninth Ave Realty LLC*, 168 AD3d 597, 598 [1st Dept 2019]). Here, the agreements at issue—the Purchase Agreement, Settlement Agreement and Stipulation—concern amounts greater than $2.5 million. As such, defendants' defense of criminal usury fails as a matter of law.

Regarding defendants' cross-motion for reargument, reargument is denied as defendants fail to demonstrate that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision (*see Peretz v Zhenjun Xu*, 205 AD3d 746, 747 [2d Dept 2022]). Had the court granted reargument with respect to the issues raised in defendants' cross-motion, the court would adhere to its original determination.

Based on the foregoing, plaintiff's motion seeking reargument is granted, and upon reargument, plaintiff's underlying motion for summary judgment against defendants is granted. Plaintiff shall submit a judgment on notice within 30 days itemizing the outstanding balance due on the Stipulation, accrued interest, any fees, and request for attorneys' fees. Defendants' cross-motion is denied.

E N T E R:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court