# EXHIBIT K

7817882.1

INDEX NO. 502846/2022

Case 23-01132-EPK   Doc 27-11   Filed 10/16/23   Page 2 of 3 RECEIVED NYSCEF: 08/10/2023

At an IAS Term Commercial Part 12 of the Supreme
Court of the State of New York, held in and for the
County of Kings, at the Courthouse, located at 360
Adams Street, Borough of Brooklyn, City and State
of New York on the 10th day of August 2023.

P R E S E N T :
Honorable Reginald A. Boddie
Justice, Supreme Court

-------------------------------------------------------------------X

HI BAR CAPITAL, LLC,

                Plaintiff,

          -against-

EXCELL AUTO GROUP, INC. KARMA OF
PALM BEACH, INC., et. al.,

               Defendants.

-------------------------------------------------------------------X

EXCELL AUTO GROUP, INC.

              Third-Party Plaintiff,

          -against-

SPIN CAPITAL LLC d/b/a SPIN CAPITAL,

             Third-Party Defendant.

----------------------------------------------------------------- X

Index No. 502846/2022

Cal. No. 4   MS 7

**Decision and Order**

The following e-filed papers read herein:      NYSCEF Doc Nos.
MS 7                                          190-201; 209

      Defendants' motion to reargue plaintiff's previous motion for reargument, which resulted

in the decision and order of this court dated May 11, 2023 ("Previous Decision"), and upon

reargument, vacating the grant of summary judgment to plaintiff is decided as follows:

      It is well established that a motion for leave to reargue "shall be based upon matters of fact

or law allegedly overlooked or misapprehended by the court in determining the prior motion but

1

shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). "[A] motion for leave to reargue 'is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented'" (*Peretz v Zhenjun Xu*, 205 AD3d 746, 747 [2d Dept 2022] [citations omitted]).

Here, defendants contend that the court, by finding that a criminal usury defense did not apply to the subject "loan" insofar as it exceeded $2.5 million, mistakenly conflated individual usurious loans to constitute one aggregate loan. The court notes, however, that this argument was not raised by defendants in the underlying briefs resulting in the Previous Decision. Thus, defendants' motion to reargue the previous motion on such basis must be denied.

Even if the court considered defendants' new argument, defendants fail to demonstrate that the Purchase Agreement, which is the only agreement that arguably relates to an amount less than $2.5 million, is subject to New York's usury laws. As indicated in the Previous Decision, the Purchase Agreement concerned a purchase and sale of receivables whereby plaintiff agreed to purchase $3,177,880 of defendants' future receivables for an upfront purchase price of $2,120,000. Defendants fail to show or argue that this court's finding that the Purchase Agreement did not constitute a loan under *Principis* was erroneous.[1] Based on the foregoing, defendants' motion is denied.

ENTER:

_____

Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

_____

[1] To determine whether a transaction constitutes a usurious loan, the court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances (*Principis Capital, LLC v I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022]). When determining whether repayment is absolute or contingent, courts analyze three factors: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy (*id.* [citation omitted]).

2