UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

               Case No.: 22-12790-EPK

     EXCELL AUTO GROUP, INC.         Chapter 7

       Debtor.
------------------------------------------------------------------ /
NICOLE TESTA MEHDIPOUR, as Chapter 7 Trustee for
Excell Auto Group, Inc.           Adv. Pro. No. 23-01132-EPK

       Plaintiff.

      -v-

HI BAR CAPITAL, LLC, SPIN CAPITAL LLC,
YISROEL HERBST, MORDECHAI DOV BER
HERBST a/k/a MORDI HERBST, AVRUMI LUBIN
a/k/a JOSH LUBIN, FRANKLIN CAPITAL FUNDING,
LLC and FRANKLIN CAPITAL GROUP, LLC d/b/a
WING LAKE CAPITAL,

       Defendants.
------------------------------------------------------------------ /

### HI-BAR CAPITAL, LLC, MORDECHAI HERBST AND YISROEL HERBST'S INITIAL DISCLOSURES

Defendants, Hi-Bar Capital, LLC, Mordechai Herbst, and Yisroel Herbst, by and through

undersigned counsel and pursuant to Fed. R. Bank. P. 7026(a)(1) and the Scheduling Order [D.E.

30], hereby files the following Initial Disclosures:

    i.      The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

1. Mordechai Herbst
c/o Leto Law Firm
Mr. Herbst has knowledge of the events related to the Hi Bar Capital Balance Transfer Agreement, payments made to Spin in connection with the Hi Bar Balance Transfer Agreement, the Revenue Purchase Agreement with the Debtor, the First and Second

Settlement Agreement, payments received under the Settlement Agreements, and Hi-Bar's relationship with Spin.

2. Yisroel Herbst
c/o Leto Law Firm
Mr. Herbst has knowledge of Hi-Bar's corporate structure.

3. Abraham Gobioff
1222 45th Street
Brooklyn, NY 11219
Mr. Gobioff is Hi-Bar's head of accounting and may have knowledge regarding payments made to Spin under the Balance Transfer Agreement and payments received from the Debtor under the Settlement Agreements.

4. Scott Zankl
Mr. Zankl has knowledge of the events related to the Spin Contracts, payments to Spin, the Debtor's finances, the Debtor's related entities, the Debtor and its related entities' business dealings, the Hi Bar Capital Balance Transfer Agreement, the Hi-Bar Revenue Purchase Agreement, the First and Second Settlement Agreement, and payments made under the Settlement Agreements.

5. Kristin Zankl
Ms. Zankl has knowledge of the events related to the Spin Contracts, payments to Spin, the Debtor's finances, the Debtor's related entities, the Debtor and its related entities' business dealings, the Hi Bar Capital Balance Transfer Agreement, the Hi-Bar Revenue Purchase Agreement, the First and Second Settlement Agreement, and payments made under the Settlement Agreements.

6. Josh Lubin
c/o Bernard Egozi, P.A.
Mr. has knowledge of the events related to the Spin Contracts, payments to Spin the Hi Bar Capital Balance Transfer Agreement, payments made by Hi-Bar to Spin, and Spin's Relationship to Hi-Bar.

7. Steven Zakharyayev
10 W 37th Street, RM 602
New York, New York 10018
Ms. Zakharyayev has of the events and litigation related to the Hi-Bar Settlement Agreements and payments made thereunder.

ii. <u>A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.</u>

Hi-Bar has in its possession the following documents and electronically-stored information:

1. The Revenue Purchase Agreement;

2. Hi-Bar Balance Transfer Agreement;

3. Settlement Agreements;

4. Documents between Hi-Bar and Spin

5. Wire Receipts

6. Court filings related to the Settlement Agreements

iii.     A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Hi-Bar, Mordechai Herbst, and Yisroel Herbst are not making a claim for damages in this case.

iv.     Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

Respectfully submitted,

LETO LAW FIRM
201 S. Biscayne Blvd.
Suite 2700
Miami, Florida 33131
Tel.    305-341-3155
Fax:    305-397-1168

*/s/ Matthew P. Leto*
MATTHEW P. LETO
Florida Bar No.: 014504
mleto@letolawfirm.com
kzelaya@letolawfirm.com
pleadings@letolawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 2, 2023, we electronically filed the foregoing

document with the Clerk of the Court and provided service to all counsel of record using CM/ECF.


*/s/ Matthew P. Leto*
MATTHEW P. LETO