# CARTER LEDYARD MILBURN

**Jacob H. Nemon**
Partner
nemon@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8728

February 8, 2024

**BY ECF FILING**
Hon. Erik P. Kimball
United States Bankruptcy Court
Flagler Waterview Building
1515 N. Flagler Drive Room 801 Courtroom B
West Palm Beach, FL 33401

**Re:**   *Medhipour v. Hi Bar Capital, LLC et al.*, **Case No. 22−12790−EPK**

Dear Judge Kimball:

This firm is co-counsel for Defendants Spin Capital LLC ("Spin") and Josh Lubin ("Spin Defendants") in the above-referenced matter.  Pertinent to the Spin Defendants pending motion to dismiss the RICO claims, which are predicated upon the "Spin Contracts" allegedly being criminally usurious loans under New York law, the Spin Defendants wish to notify the Court of *yet another* New York authority that determined that an identical receivables purchase agreement with Spin is not a loan and therefore not subject to New York usury law:

> Having considered the foregoing factors, the Court finds that the obligations assumed under the Agreement were not "repayable absolutely" and accordingly did not constitute a loan (*LG Funding, LLC v United Senior Properties of Olathe, LLC,* 181 A.D.3d 664, 666 (N.Y. App. Div. 2d Dept. 2020)]). Here, the Agreement contains a mandatory reconciliation provision whereby Bridgelink was permitted to request adjustments as to the amounts deducted from its account by Spin Capital where any such deductions would be commensurate with the precise percentage of receivables upon which the parties agreed (*Principis Capital, LLC v I Do, Inc.,* [201 A.D.3d 752, 754 (N.Y. App. Div. 2d Dept. 2022)]). Additionally, the temporal term of the Agreement by which Bridgelink's obligations had to be satisfied was not finite and rather the Agreement would "remain in full force and effect until the entire. Purchased Amount" was received by Spin Capital (*id.*). Relatedly, as the amount of deductions made by Spin Capital could vary by way of reconciliation, the term of the Agreement was not definite (*id.*). Further, the Agreement does not provide any recourse to which Spin Capital may avail itself in the event Bridgelink were to declare bankruptcy (*id.*). Thus, as the Agreement is not a loan, the two counterclaims interposed by Bridgelink are not cognizable (*id.; LG Funding, LLC v United Senior Properties of Olathe, supra* at 665-666).

*Spin Capital LLC v. Bridgelink Eng'g LLC*, 2024 N.Y. Misc. LEXIS 337, at *4-5 (N.Y. Sup. Ct. Nassau Co. Jan. 23, 2024).  A copy of the New York court's decision and underlying agreement, pulled from the New York Court electronic records, are attached as **Exhibits A and B** for the Court's reference.

Carter Ledyard & Milburn LLP / clm.com

11267435.1

CARTER LEDYARD MILBURN

-2-

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Jacob H. Nemon*

Jacob H. Nemon

cc:     All Counsel of Record by ECF Filing