# EXHIBIT A

7817882.1

At Part 33 of the Supreme Court of the State of New York, held in and for the County of Nassau, at the Courthouse at 100 Supreme Court Drive, Mineola, New York on the 23ʳᵈ day of January 2024.

P R E S E N T :

HON. PHILIPPE SOLAGES, JR.,
ACTING JUSTICE OF SUPREME COURT

-------------------------------------------------------------X

SPIN CAPITAL LLC,

Plaintiff,

-against-

**DECISION & ORDER**

**Index No. 614675/22**

BRIDGELINK ENGINEERING LLC,
BIGHORN CONSTRUCTION & RE-
CLAMATION L.L.C., BIGHORN INVEST-
MENTS AND PROPERTIES, LLC,
BRIDGELINK INVESTMENTS, LLC,
BIGHORN CONSTRUCTION LIMITED
LIABILITY COMPANY, OAK CREEK
CONSULTING AND PRODUCTION
SERVICES LLC, ENHANCED
MIDSTREAM, LLC, BRIDGELINK
COMMODITIES LLC, BRIDGELINK
EUROPE LTD., BIGHORN SAND &
GRAVEL LLC, INTERMOUNTAIN
ELECTRIC SERVICE INC, BRIDGELINK
RENEWABLE ENERGY DEVELOPMENT LLC,
BRIDGELINK RENEWABLE ENERGY
DEVELOPMENT II LLC, BRIDGELINK
RENEWABLE ENERGY INVESTMENTS II, LLC,
COLE WAYNE JOHSON, AND CORD
JOHNSON,

Defendants.

-------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number, were considered in the review of these motions:

1

**Motion Seq. No. 002: 47, 48, 49, 50, 51, 52, 90, 104**

**Motion Seq. No. 003: 53, 54**

**Motion Seq. No. 004: 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103**

Upon the foregoing e-filed documents, the application interposed by plaintiff, Spin Capital LLC [hereinafter Spin Capital], for an order pursuant to CPLR § 3211 (a) (1) and (7) dismissing the counterclaims asserted by the defendants (Sequence #002), the application interposed by nonparty, Avrumi Lubin, for an order pursuant to CPLR § 3211 (a) (8) dismissing the counterclaims asserted by the defendants due to lack of personal jurisdiction (Sequence #003), and the application interposed by Spin Capital for an order pursuant to CPLR § 3212 granting summary judgment in its favor on the complaint (Sequence #004), are consolidated for disposition and determined as set forth below.

On August 15, 2022, Spin Capital entered into a Revenue Purchase Agreement [hereinafter the Agreement] with defendant/counterclaim plaintiff, Bridgelink Engineering LLC and its related affiliates [hereinafter Bridgelink], regarding which individual defendants, Cole Wayne Johnson and Cord Johnson [hereinafter collectively the Johnsons], are the principals who personally guaranteed [hereinafter the Guaranty] Bridgelink's performance (NYSCEF Doc No. 50). Pursuant to the Agreement, Spin Capital purchased $7,500,000 of Bridgelink's future receivables for an up front price of $5,000,000, a portion of which was utilized to satisfy an outstanding balance owed to Spin Capital arising out of a prior revenue purchase agreement executed by the parties (*id.*). In September of 2022, Bridgelink and the Johnsons defaulted under the terms of the Agreement by "freezing and/or closing" the bank account from which Spin Capital was contractually authorized to deduct its purchased receivables (NYSCEF Doc No. 1 at ¶¶14,15).

On or about October 25, 2022, Spin Capital commenced the underlying action asserting claims premised upon breach of the Agreement and the Guaranty (*id.* at ¶¶20-29). On or about January 11, 2023, Bridgelink served an amended answer containing two counterclaims predicated upon violations of the RICO statute as codified in 18 USC 1962 whereby it is alleged that the Agreement was a criminally usurious loan and, as such, is void ab initio and unenforceable (NYSCEF Doc No. 32). The applications as recited above thereafter ensued.

Sequence #002

The Court initially addresses the application interposed by Spin Capital seeking dismissal of Bridgelink's counterclaims pursuant to CPLR § 3211 (a) (1) and (7). "'When assessing a motion to dismiss a complaint or counterclaim . . . for failure to state a cause of action, the court must afford the pleading a liberal construction, accept as true all facts as

alleged in the pleading, accord the pleader the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (*LG Funding, LLC v United Senior Properties of Olathe, LLC*, 181 AD3d 664, 665 [2d Dept 2020] quoting *V. Groppa Pools, Inc. v Massello*, 106 AD3d 722, 722 [2d Dept 2013]).

As noted, Bridgelink's two counterclaims are premised upon the assertion that the Agreement constituted a criminally usurious loan in violation of 18 USC § 1962. In moving herein, Spin Capital maintains that the documentary evidence in the form of the Agreement establishes that the transaction in issue was not a loan and, as such, Bridgelink's counterclaims fail to state a viable claim (NYSCEF Doc No. 52, 104).

"The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (*LG Funding, LLC v United Senior Properties of Olathe, LLC, supra* at 665 [2d Dept 2020]). In ascertaining whether a particular transaction is a loan, courts are required to examine whether a plaintiff "'is absolutely entitled to repayment under all circumstances'" (*id.* at 665 quoting *K9 Bytes, Inc. v Arch Capital Funding, LLC*, 56 Misc 3d 807, 816 [Sup Ct, Westchester County 2017]). "Unless a principal sum advanced is repayable absolutely, the transaction is not a loan" (*id.* at 666). In determining whether repayment of an obligation is either absolute or contingent, courts typically weigh the following three factors: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*id.* at 666). Where the agreement in issue contains a mandatory reconciliation provision, an indefinite term, as well as limited recourse in the event of a merchant's bankruptcy, the transaction is not considered to be a loan (*Principis Capital, LLC v I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022]).

Having considered the foregoing factors, the Court finds that the obligations assumed under the Agreement were not "repayable absolutely" and accordingly did not constitute a loan (*LG Funding, LLC v United Senior Properties of Olathe, LLC, supra* at 666). Here, the Agreement contains a mandatory reconciliation provision whereby Bridgelink was permitted to request adjustments as to the amounts deducted from its account by Spin Capital where any such deductions would be commensurate with the precise percentage of receivables upon which the parties agreed (*Principis Capital, LLC v I Do, Inc., supra* at 754). Additionally, the temporal term of the Agreement by which Bridgelink's obligations had to be satisfied was not finite and rather the Agreement would "remain in full force and effect until the entire Purchased Amount" was received by Spin Capital (*id.*). Relatedly, as the amount of deductions made by Spin Capital could vary by way of reconciliation, the term of the Agreement was not definite (*id.*). Further, the Agreement does not provide any recourse to which Spin Capital may avail itself in the event Bridgelink were to declare bankruptcy (*id.*).Thus, as the Agreement is not a loan, the two counterclaims interposed by Bridgelink are not cognizable (*id.*;*LG Funding, LLC v United Senior Properties of Olathe, supra* at 665-666).

Sequence # 003

The Court now turns to the unopposed application interposed by nonparty and owner of Spin Captial, Avrumi Lubin, for an order pursuant to CPLR § 3211 (a) (8) dismissing Bridgelink's counterclaims as asserted against him due to lack of personal jurisdiction. "'A court lacks personal jurisdiction over a defendant who is not properly served with process'" (*Fed. Natl. Mtge. Assn. v Smith*, 219 AD3d 938, 940 [2d Dept 2023] quoting *Everbank v Kelly*, 203 AD3d 138, 142 [2d Dept 2022]). Here, while Bridgelink named the movant herein, the record is devoid of any evidence establishing that Mr. Lubin was served with process. Accordingly, Bridgelink's counterclaims as asserted against Mr. Lubin are dismissed (*id.*)

Sequence # 004

As to Spin Capital's motion for summary judgment, when seeking such relief, the moving party bears the initial burden of demonstrating prima facie entitlement to judgment as a matter of law by proffering proof, in admissible form, which establishes the absence of material issues of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). However, once the proponent of the motion establishes a prima facie showing, the burden shifts to the opposing party to come forth with admissible proof to establish triable issues of fact, the existence of which precludes summary judgment and necessitates a trial of the action (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]).

As noted, Spin Capital's causes of action are premised upon breach of the Agreement and the Guaranty. To establish a claim sounding in breach of contract, the plaintiff must demonstrate "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" *(Dee v Rakower*, 112 AD3d 204, 208-09 [2d Dept 2013]). As to a cause of action premised upon breach of a guaranty, a moving party establishes entitlement to summary judgment by providing proof of the underlying agreement and signed guaranty, coupled with evidence of the defendant's default (*N. Fork Bank Corp. v Graphic Forms Assoc., Inc.*, 36 AD3d 676, 676 [2d Dept 2007]). Here, Spin Capital has established prima facie entitlement to judgment as a matter of law by submitting a copy of the fully executed Guaranty and Agreement, evidence of its performance under the latter, together with proof of Bridgelink's breach and resulting damages (*id.;Dee v Rakower, supra* at 208-09). More specifically, Spin Capital provides the affidavit of Mr. Lubin, together with the exhibits annexed thereto, which establish Spin Capital's performance having provided the requisite funding as required under the Agreement and Bridgelink's breach thereof by blocking access to the funds from which Spin Capital was authorized to deduct the purchased receivables (*id.*).

In opposition, Bridgelink asserts that there are questions of fact requiring discovery as to whether the Agreement is an unenforceable loan tainted by usury, as well as with respect to whether it was fraudulently induced into executing the Agreement (NYSCEF Doc No. 79).

4

Case 23-01132-EPK Doc 59-1 Filed 02/14/24 Page 6 of 8

Consistent with the foregoing, Bridgelink's arguments that the Agreement in issue is a usurious unenforceable loan are unavailing. Additionally, while it is averred in the affidavit submitted by Cole Wayne Johnson that Spin Capital made certain fraudulent misrepresentations that the Agreement was "a short-term loan", such averments are equally insufficient to raise a triable issue of fact (*Zuckerman v City of New York, supra* at 562). Here, the Agreement expressly states that it "is not intended to be, nor shall it be construed as a loan." Where there exists "'a meaningful conflict between an express provision in a written contract and a prior alleged oral representation, the conflict negates a claim of a reasonable reliance upon the oral representation'" (*Hong Qin Jiang v Li Wan Wu*, 179 AD3d 1041, 1043 [2d Dept 2020] quoting *Stone v Schulz*, 231 AD2d 707, 707-708 [2d Dept 1996] [internal quotation marks omitted]) and, as such, any claims or defenses asserted by Bridgelink based upon fraudulent misrepresentation are not cognizable (*id.*). Further, to the extent that Bridgelink maintains that additional discovery is required and the within summary judgment motion is thus premature, it has failed to identify what evidence or facts "were exclusively within the knowledge and control" of Spin Capital (*MVB Collision, Inc. v Progressive Ins. Co.*, 129 AD3d 1040, 1041 [2d Dept 2015]). Accordingly, the Court concludes that plaintiff is entitled to judgment, as a matter of law, on its breach of contract and breach of guaranty claims.

The Court concludes, however, that Spin Capital is not entitled judgment on the amounts claimed in default fees and attorney's fees.[1] Pursuant to the terms of the Agreement, Spin Capital seeks to recover a Default Fee of $5,000, a Blocked ACH Payment Fee of $5,000, and a UCC Filing Fee of $499.[2] Other than the Agreement, Spin Capital proffers no evidence showing that these amounts bear any relationship to the actual loss incurred by it. "A contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation * * * If, however, the amount fixed is plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced" (*Truck-Rent-A-Center Inc. v Puritan Farms 2nd, Inc.*, 41 NY2d 420, 425 [1977]). Since Spin Capital submits no proof that these claimed fees are reasonably proportional to the probable loss sustained, such fees constitute an unenforceable penalty.

With respect to attorney's fees, although the Agreement provides for a fee equal to 30 per cent of the remaining balance in the event of a default (NYSCEF Doc No. 50), "[a]n award of attorney's fees pursuant to such a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered" (*Kamco Supply Corp. v Annex Contracting Inc.* (261 AD2d 363, 365 [2d Dept 1999]). In the

---

[1] Defendants' answer asserts, as an affirmative defense, that the penalties imposed are "unenforceable," and that defendants are entitled to a quantum meruit hearing on attorney's fees (NYSCEF Doc No. 10, Answer, p. 8, ¶ 45).

[2] Spin Capital's request for a judgment on its NSF Fee (nonsufficient funds) is granted, as such fee "is reasonable and customary" (*Byzfunder NY LLC v Holy City Collision LLC*, 80 Misc 3d 1208[A], 2023 NY Slip Op 50941[U]).

5

absence of an affirmation of services from Spin Capital's counsel or any other proof to support an attorney's fee award of $2,187,000, the Court denies Spin Capital's request for judgment in that amount, without prejudice and with leave to renew upon submission of a detailed affirmation of legal services rendered.

Based upon the foregoing, it is hereby

**ORDERED**, that the application interposed by Spin Capital for an order pursuant to CPLR § 3211 (a) (1) and (7) dismissing the counterclaims asserted by Bridgelink is GRANTED (Sequence #002); and it is further

**ORDERED**, that the application interposed by nonparty, Avrumi Lubin, for an order pursuant to CPLR § 3211 (a) (8) dismissing Bridgelink's counterclaims due to lack of personal jurisdiction is GRANTED (Sequence #003); and it is further

**ORDERED**, that Spin Capital's application for an order pursuant to CPLR § 3212 granting summary judgment in its favor is GRANTED (Sequence #004) to the extent that plaintiff is entitled to judgment as a matter of law on its claims for breach of contract and breach of guaranty in the amount of $7,290,000, and on its claim for an NSF fee in the amount of $50, together with statutory interest, costs, and disbursements; and it is further

**ORDERED**, that the branch of Spin Capital's summary judgment motion (Sequence #004) seeking a Default Fee of $5,000, a Blocked ACH Payment Fee of $5,000 and a UCC Filing Fee of $499 is DENIED; and it is further

**ORDERED**, that the branch of Spin Capital's summary judgment motion (Sequence #004) seeking $2,187,000 in attorney's fees is DENIED WITHOUT PREJUDICE and with leave to renew upon submission of a detailed affirmation of legal services rendered; and it is further

**ORDERED**, that along with its affirmation of legal services, Spin City shall submit a proposed judgment to the Court on notice to defendants (leaving blank spaces for the fee award and the total amount of the judgment) incorporating the relief granted herein, along with a copy of this Decision and Order.

All applications not specifically addressed herein are denied. Settle judgment on notice.

6

Case 23-01132-EPK    Doc 59-1    Filed 02/14/24    Page 8 of 8

The foregoing constitutes the Decision and Order of the Court.

ENTER

HON. PHILIPPE SOLAGES, JR.
A. J. S. C.

**ENTERED**

## Jan 25 2024

NASSAU COUNTY
COUNTY CLERK'S OFFICE