**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

|  |  |
|---|---|
| EXCELL AUTO GROUP, INC. | Case No.: 22-12790-EPK |
|  | Chapter 7 |

            Debtor.

------------------------------------------------------------------- /

NICOLE TESTA MEHDIPOUR, as Chapter 7 Trustee for
Excell Auto Group, Inc.                                          Adv. Pro. No. 23-01132-EPK

            Plaintiff.

      -v-

HI BAR CAPITAL, LLC, SPIN CAPITAL LLC,
YISROEL HERBST, MORDECHAI DOV BER
HERBST a/k/a MORDI HERBST, AVRUMI LUBIN
a/k/a JOSH LUBIN, FRANKLIN CAPITAL FUNDING,
LLC and FRANKLIN CAPITAL GROUP, LLC d/b/a
WING LAKE CAPITAL,

            Defendants.

------------------------------------------------------------------- /

**HI-BAR CAPITAL, LLC, MORDECHAI HERBST, AND YISROEL HERBST'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendants, Hi-Bar Capital, LLC ("Hi-Bar"), Mordechai Herbst, and Yisroel Herbst,

(collectively, "Hi-Bar Defendants"), hereby respond to Plaintiff's Second Amended Complaint

[D.E. 75], and allege:

**I.        PARTIES, JURISDICTION AND VENUE**

**A.      Parties**

1.      Admitted.

2.      Admitted that Hi Bar is a New York Limited Liability Company with its principal

place of business in New York.  Hi Bar denies that it regularly conducts business in Florida.

1

3. This allegation is not directed to these Defendants and therefore, this allegation is denied.

4. Admitted that Yisroel Herbst was engaged in the management and control of Hi Bar. Hi Bar denies that Yisroel Herbst is the sole member of Hi Bar.

5. Denied.

6. This allegation is not directed to these Defendants and therefore, this allegation is denied.

7. This allegation is not directed to these Defendants and therefore, this allegation is denied.

8. Denied.

9. This allegation is not directed to these Defendants and therefore, this allegation is denied.

10. This allegation is not directed to these Defendants and therefore, this allegation is denied.

**B.** **Jurisdiction and Venue**

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15.

16. This allegation is not directed to these Defendants and therefore, this allegation is denied.

**GENERAL FACTUAL ALLEGATIONS**

**A.    History of the Debtor**

17.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

18.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

19.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

20.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

21.    Admitted.

**B.    Spin and Hi Bar are Predatory Merchant Cash Advance Lenders**

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

**C.    The First Spin Contract**

28.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

29.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

30.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

31.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

32.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

### D.      The Second Spin Contract

33.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

34.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

35.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

36.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

37.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

38.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

### C[1].      The Third Spin Contract

---

[1] While this subheading should be "E," for consistency with the Second Amended Complaint, Defendants will use the identical headings as set forth in the SAC. Similar errors are contained in headings throughout the SAC and this Answer will utilize the same designations as used in the SAC.

4

39.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

40.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

41.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

42.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

43.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

44.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

45.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

46.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

**D.    The Spin Contracts were all Loans Disguised as Revenue Purchase Agreements and Designed to Minimize Risk to the Lender with Illusory <u>Reconciliation and Other Provisions</u>**

47.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

48.     This allegation is not directed to these Defendants and therefore, this allegation is denied.

49. This allegation is not directed to these Defendants and therefore, this allegation is denied.

### i. Not Based upon Good Faith Estimates

50. This allegation is not directed to these Defendants and therefore, this allegation is denied.

51. This allegation is not directed to these Defendants and therefore, this allegation is denied.

52. This allegation is not directed to these Defendants and therefore, this allegation is denied.

53. This allegation is not directed to these Defendants and therefore, this allegation is denied.

54. This allegation is not directed to these Defendants and therefore, this allegation is denied.

55. This allegation is not directed to these Defendants and therefore, this allegation is denied.

56. This allegation is not directed to these Defendants and therefore, this allegation is denied.

57. This allegation is not directed to these Defendants and therefore, this allegation is denied.

58. This allegation is not directed to these Defendants and therefore, this allegation is denied.

59. This allegation is not directed to these Defendants and therefore, this allegation is denied.

60. This allegation is not directed to these Defendants and therefore, this allegation is denied.

### ii. The Obligation by the Debtor for Repayment was for a Definite Term

61. This allegation is not directed to these Defendants and therefore, this allegation is denied.

62. This allegation is not directed to these Defendants and therefore, this allegation is denied.

63. This allegation is not directed to these Defendants and therefore, this allegation is denied.

64. This allegation is not directed to these Defendants and therefore, this allegation is denied.

### iii. The Reconciliation Provision in the Spin Contracts was Illusory.

65. This allegation is not directed to these Defendants and therefore, this allegation is denied.

66. This allegation is not directed to these Defendants and therefore, this allegation is denied.

67. This allegation is not directed to these Defendants and therefore, this allegation is denied.

68. This allegation is not directed to these Defendants and therefore, this allegation is denied.

69. This allegation is not directed to these Defendants and therefore, this allegation is denied.

70. This allegation is not directed to these Defendants and therefore, this allegation is denied.

71. This allegation is not directed to these Defendants and therefore, this allegation is denied.

72. This allegation is not directed to these Defendants and therefore, this allegation is denied.

73. This allegation is not directed to these Defendants and therefore, this allegation is denied.

74. This allegation is not directed to these Defendants and therefore, this allegation is denied.

75. This allegation is not directed to these Defendants and therefore, this allegation is denied.

76. This allegation is not directed to these Defendants and therefore, this allegation is denied.

77. This allegation is not directed to these Defendants and therefore, this allegation is denied.

    **iv.**     **The Adjustment to the Remittance Provision in the Spin Contracts were <u>Illusory</u>**

78. This allegation is not directed to these Defendants and therefore, this allegation is denied.

79. This allegation is not directed to these Defendants and therefore, this allegation is denied.

80. This allegation is not directed to these Defendants and therefore, this allegation is denied.

81. This allegation is not directed to these Defendants and therefore, this allegation is denied.

**v.  The Spin Contracts were Designed to Minimize Any Potential Risk of Loss to Spin**

82. This allegation is not directed to these Defendants and therefore, this allegation is denied.

83. This allegation is not directed to these Defendants and therefore, this allegation is denied.

84. This allegation is not directed to these Defendants and therefore, this allegation is denied.

85. This allegation is not directed to these Defendants and therefore, this allegation is denied.

86. This allegation is not directed to these Defendants and therefore, this allegation is denied.

87. This allegation is not directed to these Defendants and therefore, this allegation is denied.

**E.  The Debtor Refinances MCA Loans with Wing Lake and Spin Sells and Assigns to Wing Lake All Known and Unknown Obligations and Claims Owed by the Debtor and its Affiliates**

88. This allegation is not directed to these Defendants and therefore, this allegation is denied.

9

89. This allegation is not directed to these Defendants and therefore, this allegation is denied.

90. This allegation is not directed to these Defendants and therefore, this allegation is denied.

91. This allegation is not directed to these Defendants and therefore, this allegation is denied.

92. This allegation is not directed to these Defendants and therefore, this allegation is denied.

93. This allegation is not directed to these Defendants and therefore, this allegation is denied.

94. This allegation is not directed to these Defendants and therefore, this allegation is denied.

95. This allegation is not directed to these Defendants and therefore, this allegation is denied.

96. This allegation is not directed to these Defendants and therefore, this allegation is denied.

97. This allegation is not directed to these Defendants and therefore, this allegation is denied.

98. This allegation is not directed to these Defendants and therefore, this allegation is denied.

99. This allegation is not directed to these Defendants and therefore, this allegation is denied.

100. This allegation is not directed to these Defendants and therefore, this allegation is denied.

101. This allegation is not directed to these Defendants and therefore, this allegation is denied.

102. This allegation is not directed to these Defendants and therefore, this allegation is denied.

103. This allegation is not directed to these Defendants and therefore, this allegation is denied.

104. This allegation is not directed to these Defendants and therefore, this allegation is denied.

**F. Spin Conspires with Hi Bar to Secretly Transfer the Third Spin Contract to Hi Bar**

105. Denied.

106. (a) Admitted

(b) Admitted.

107. Admitted that Lubin negotiated with Hi Bar on behalf of Spin. The remaining allegations are denied.

108.    Admitted that the Debtor was a beneficiary of payoff by Hi Bar.  The remaining allegations are denied.

### G.    The First Hi Bar Contract

109.    Admitted that the Debtor executed the Transfer Agreement.   The remaining allegations are denied.

110.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

111.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself.

112.    Denied.

113.    Defendants admit the Revenue Purchase Agreement was signed. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself.

114.    Admitted that Lubin brokered the transaction. Defendants deny that Lubin had the right to bind or otherwise agree to terms for Hi Bar.

115.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself.

116.    Admitted.  However, funds were transferred to Spin on account for the Debtor.

117.    Admitted the wires were executed. However, the timing of the wire remains at issue.

118.    Denied.

119.    Denied.

120.    Denied.

12

121. Denied.

122. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied as the agreement is not subject to New York usury laws.

> **i.** **The First Hi Bar Contract was a Loan Disguised as Revenue Purchase Agreements and Designed to Minimize the Risk to the Lender with Illusory <u>Reconciliation and Other Provisions</u>**

123. Denied.

124. Denied.

125. Denied.

126. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself.

127. Denied.

128. Denied.

> **ii.** **<u>Not Based Upon Good Faith Estimates</u>**

129. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

130. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

131. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

132. Denied.

133. Denied.

134. Denied.

135.    Denied.

### iii.    The Obligation by the Debtor for Repayment was for a Definite Term

136.    Denied.

137.    Denied.

### iv.    The Reconciliation Provision in the First Hi Bar Contract was Illusory

138.    Denied.

139.    Denied.

140.    Denied.

141.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

142.    Denied.

143.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

144.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

152. Denied.

153. Denied.

**v.      The Adjustment to the Remittance Provision in the First Hi Bar Contract was Illusory**

154. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

155. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

156. Denied.

**vi.     The First Hi Bar Contract was Designed to Minimize any Potential Loss to Hi Bar**

157. Denied.

158. Denied.

159. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

160. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

161. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

162. Denied.

**H.      The Debtor Purportedly Defaulted Under the First Hi Bar Contract which Led to the Debtor and Hi Bar Entering a Settlement Agreement**

163. Admitted.

164. Admitted.

165. Admitted that a picture of a lawsuit was sent.  The remaining allegations are denied.

166. Denied.

167. Admitted.

168. Admitted.

169. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

170. Denied.

171. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

172. Denied.

173. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

174. Hi Bar admits it was paid $700,000. Hi Bar is without knowledge regarding the remaining allegations and therefore, denied.

**I. Debtor Purportedly Defaults Under the First Settlement Agreement and Hi Bar Files Suit Resulting in the Parties Entering a Second Settlement Agreement in February 2022**

175. Admitted that Lubin communicated with Zankl. The characterizations are otherwise denied.

176. To the extent the Plaintiff seeks to characterize the language of a text message, Defendants allege that the document speaks for itself. The remaining allegations are denied.

177. To the extent the Plaintiff seeks to characterize the language of a text message, Defendants allege that the document speaks for itself. The remaining allegations are denied.

178. To the extent the Plaintiff seeks to characterize the language of a text message, Defendants allege that the document speaks for itself. The remaining allegations are denied.

179.    To the extent the Plaintiff seeks to characterize the language of a text message, Defendants allege that the document speaks for itself. The remaining allegations are denied.

180.    Denied.

181.    Admitted.

182.    Admitted. However, the term "additional" is misleading as $200,000 in payments are also counted in the $700,000 alleged in paragraph 174.

183.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

184.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

185.    Denied.

186.    Denied.

187.    Denied.

**J.      The Spin Transfers and the Spin Contract Transfers.**

188.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

189.    Defendant admits it was paid $2,200,000.00. The remaining allegations are denied.

190.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

191.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

**K.      The Hi Bar Transfer and Hi Bar Contract Transfers**

192.    Admitted.

193.    Denied.

## COUNT 1
## DECLARATORY RELIEF AS TO EFFECTIVENESS
## OF WING LAKE ASSIGNMENT DOCUMENT
(Against Defendants Spin, Hi Bar, and Wing Lake)

194.    Defendant realleges its response to paragraphs 1 through 193 as is fully set forth herein.

195.    Admitted.

196.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

197.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

198.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

199.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

200.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

201.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

202.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny Plaintiff's request for Declaratory Relief, and grant any other relief this Court deems necessary and proper.

**COUNT 2**
**DECLARATORY RELIEF AS TO THE INVALIDITY**
**OF THE HI BAR TRANSFER AGREEMENT**
(Against Defendants Spin and Hi Bar)

203.    Defendant realleges its response to paragraphs 1 through 193 as is fully set forth herein.

204.    Admitted.

205.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

206.    This allegation is not directed to these Defendants and therefore, this allegation is denied.

207.    Denied as phrased.  Defendants admit the Hi Bar Transfer Agreement was signed on the date alleged.

208.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

209.    Admitted.

210.    Denied.

211.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny Plaintiff's request for Declaratory Relief, and grant any other relief this Court deems necessary and proper.

## COUNT 3
## DECLARATORY RELIEF – HI BAR CONTRACTS
### (against Defendant Hi Bar)

212. Defendant realleges its response to paragraphs 1 through 193 as is fully set forth herein.

213. Admitted.

214. Admitted that Plaintiff seeks the relief alleged in this paragraph. Hi Bar denies that Plaintiff is entitled to such relief.

215. Denied.

216. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

217. Denied.

218. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

219. Denied.

220. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

221. Denied.

222. Denied.

223. Denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny Plaintiff's request for Declaratory Relief, and grant any other relief this Court deems necessary and proper.

## COUNT 4
## DECLARATORY RELIEF – SPIN CONTRACTS
### (against Defendant Spin)

224.-235.    No relief is sought against the Hi Bar Defendants in this Count. As such, no

response is necessary.

## COUNT 5
## CIVIL RICO: 18 U.S.C. § 1962
*(As to the First, Second, and Third Spin Contracts against Josh Lubin)*

236.-247.    No relief is sought against the Hi Bar Defendants in this Count. As such, no

response is necessary.

## COUNT 6
## CIVIL RICO: 18 U.S.C. § 1962(c)
(As to the Third Spin Contracts, the First Hi Bar Contract, the First Hi Bar Settlement Agreement
and the Second Hi Bar Settlement Agreement as to Josh Lubin, Yisroel Herbst and Mordi
Herbst, Spin and Hi Bar)

248.    Defendants realleges their response to paragraphs 1 through 193 and Count 3 above

as is fully set forth herein.

249.    Admitted.

250.    Admitted.

251.    Admitted.

252.    Admitted.

253.    Admitted.

254.    Admitted.

255.    Admitted.

256.    Denied.

257.    Denied,

258.    Denied

21

259.    Denied.

260.    Denied.

261.    Denied

262.    Denied

263.    Denied.

264.    Denied.

265.    Denied.

WHEREFORE, Defendants respectfully requests this Court enter judgment in their favor, award Defendants their attorneys fees and costs, and grant any other relief this Court deems necessary and proper.

## COUNT 7
## CONSPIRACY UNDER 18 U.S.C. § 1962(d)
(Conspiracy under 18 U.S.C. §1962(d) as to Defendants Lubin, Spin, Hi Bar, Yisroel Herbst and Mordi Herbst)

266.    Defendants realleges their response to paragraphs 1 through 193 and Counts 1, 2, and 3 above as is fully set forth herein.

267.    Admitted.

268.    Denied.

269.    Denied.

270.    Denied.

WHEREFORE, Defendants respectfully requests this Court enter judgment in their favor, award Defendants their attorneys fees and costs, and grant any other relief this Court deems necessary and proper.

## COUNT 8
## CIVIL RICO: 18 U.S.C. § 1962

(As to the First Hi Bar Contract, First Settlement Agreement,
and Second Settlement Agreement against Josh Lubin, Yisroel Herbst, and Mordi Herbst)

271. Defendants realleges their response to paragraphs 1 through 193 and Counts 1, 2, and 3 above as is fully set forth herein.

272. Admitted.

273. Admitted.

274. Admitted.

275. Denied.

276. Admitted.

277. Denied.

278. Denied.

279. Denied.

280. Denied.

281. Denied.

282. Denied.

283. Denied.

WHEREFORE, Defendants respectfully requests this Court enter judgment in their favor, award Defendants their attorneys fees and costs, and grant any other relief this Court deems necessary and proper.

23

**COUNT 9**
**DECLARATORY RELIEF -SPIN CONTRACTS**
**(against Defendant Spin)**

284.-305.      No relief is sought against the Hi Bar Defendants in this Count. As such, no

response is necessary.

**COUNT 10**
**AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY**
**PURSUANT TO 11 USC § 544 AND SECTION 726.105(1)(a), FLA. STAT.**
**(Against Defendant Spin)**

306.-330.      No relief is sought against the Hi Bar Defendants in this Count. As such, no

response is necessary.

**COUNT 11**
**AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY**
**PURSUANT TO 11 USC § 544 AND SECTION 726.105(1)(a), FLA. STAT.**
**(Alternative Relief against Defendant Spin)**

331.-354.      No relief is sought against the Hi Bar Defendants in this Count. As such, no

response is necessary.

**COUNT 12**
**AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY**
**PURSUANT TO 11 USC § 544 AND SECTION 726.106(1), FLA. STAT.**
**(*As to Defendant Spin*)**

355.-360.      No relief is sought against the Hi Bar Defendants in this Count. As such, no

response is necessary.

**COUNT 13**
**AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY**
**PURSUANT TO 11 U.S.C. § 544 AND FLA. STAT. § 726.105(1)(b)**
**(As to Defendant Spin)**

361.-365.      No relief is sought against the Hi Bar Defendants in this Count. As such, no

response is necessary.

24

**COUNT 14**
**AVOIDANCE OF FRAUDULENT TRANSFER OF**
**PROPERTY PURSUANT TO 11 U.S.C. § 548(a)(1)**
**(As to Defendant Spin)**

366.-369.    No relief is sought against the Hi Bar Defendants in this Count. As such, no

response is necessary.

**COUNT 15**
**AVOIDANCE OF FRAUDULENT TRANSFER OF**
**PROPERTY PURSUANT TO 11 U.S.C. § 548(a)(2)**
**(As to Defendant Spin)**

370.-373.    No relief is sought against the Hi Bar Defendants in this Count. As such, no

response is necessary.

**COUNT 16**
**RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550**
**(As to Defendant Spin)**

374.-377.    No relief is sought against the Hi Bar Defendants in this Count. As such, no

response is necessary.

**COUNT 17**
**DECLARATORY RELIEF – HI BAR CONTRACT AND SETTLEMENT**
**AGREEMENTS**

378.    Hi Bar realleges its response to paragraphs 1 through 193 and Counts 1, 2, and 3

above as is fully set forth herein.

379.    Admitted.

380.    Denied.

381.    Denied.

382.    Denied.

383.    Denied.

384.    Admitted that Plaintiff seeks this relief, but Defendant denies this relief is proper.

25

385. Admitted that Hi Bar filed a lawsuit based on breach of the settlement agreement.

386. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

387. Denied.

388. Denied.

389. Denied.

390. Denied.

391. Denied.

392. Denied.

393. Denied.

394. Denied.

395. Denied.

396. Denied.

397. Denied.

398. Denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny Plaintiff's request for Declaratory Relief, and grant any other relief this Court deems necessary and proper.

**COUNT 18**
**AVOIDANCE OF FRAUDULENT TRANSFER OF**
**PROPERTY PURSUANT TO 11 U.S.C. § 544 AND SECTIONS**
**726.105(1)(a) AND (b), and 726.106(1), FLA. STAT. OR 11 U.S.C. §548(a)(1) OR (2)**
**(Against Defendant Hi Bar)**

399. Hi Bar realleges its response to paragraphs 1 through 193 and Counts 1, 2, and 3 above as is fully set forth herein.

26

400. Denied.

401. Denied.

402. Denied.

403. Denied.

404. Denied.

406. Denied.

407. Denied.

408. Denied.

409. Denied.

**(i)**  **The Debtor is Operated as a Ponzi Scheme by Scott Zankl**

410. Defendant is without knowledge and therefore, denied.

411. Defendant is without knowledge and therefore, denied.

412. Defendant is without knowledge and therefore, denied.

413. Defendant is without knowledge and therefore, denied.

414. Defendant is without knowledge and therefore, denied.

**(i)**  **The Private Investor Loan Scheme**

415. Defendant is without knowledge and therefore, denied.

416. Defendant is without knowledge and therefore, denied.

417. Defendant is without knowledge and therefore, denied.

418. Defendant is without knowledge and therefore, denied.

419. Defendant is without knowledge and therefore, denied.

420. Defendant is without knowledge and therefore, denied.

**(ii)**  **Merchant Cash Advance Loans as a Source of Funding to Prop Up the Ponzi Scheme**

421.    Denied.

422.    Denied.

423.    Defendant is without knowledge and therefore, denied.

424.    Defendant is without knowledge and therefore, denied.

425.    Denied to the extent this relates to Hi Bar.

426.    Denied to the extent this relates to Hi Bar.

427.    Defendant is without knowledge and therefore, denied.

428.    Denied.

429.    Defendant is without knowledge and therefore, denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny

Plaintiff's request for Relief, and grant any other relief this Court deems necessary and proper.

**COUNT 19**
**AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY**
**PURSUANT TO 11 USC § 544 AND SECTION 726.105(1)(a), FLA. STAT.**
**(Against Defendant Hi Bar)**

430.    Hi Bar realleges its response to paragraphs 1 through 193 and Counts 1, 2, and 3

above as is fully set forth herein.

431.    Denied.

432.    Denied.

433.    Defendant is without knowledge and therefore, denied.

434.    Defendant is without knowledge and therefore, denied.

435.    Defendant is without knowledge and therefore, denied.

436.    Defendant is without knowledge and therefore, denied.

437.    Defendant is without knowledge and therefore, denied.

**(iii)**    **The Private Investor Loan Scheme**

438.    Defendant is without knowledge and therefore, denied.

439.    Defendant is without knowledge and therefore, denied.

440.    Defendant is without knowledge and therefore, denied.

441.    Defendant is without knowledge and therefore, denied.

442.    Defendant is without knowledge and therefore, denied.

443.    Defendant is without knowledge and therefore, denied.

**(iv)    Merchant Cash Advance Loans as a Source of Funding to Prop Up the Ponzi Scheme**

444.    Denied.

445.    Denied to the extent this relates to Hi Bar.

446.    Defendant is without knowledge and therefore, denied.

447.    Defendant is without knowledge and therefore, denied.

448.    Denied to the extent this relates to Hi Bar.

449.    Denied.

450.    Defendant is without knowledge and therefore, denied.

451.    Denied.

452.    Defendant is without knowledge and therefore, denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny

Plaintiff's request for Relief, and grant any other relief this Court deems necessary and proper.

**COUNT 20**
**AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY**
**PURSUANT TO 11 USC § 544 AND SECTION 726.105(1)(a), FLA. STAT.**
**(As to Defendant Hi Bar)**

453.    Hi Bar realleges its response to paragraphs 1 through 193 and Counts 1, 2, and 3

above as is fully set forth herein.

454.    Denied.

455.    Denied.

**(i)        The Debtor is Operated as a Ponzi Scheme by Scott Zankl**

456.    Defendant is without knowledge and therefore, denied.

457.    Defendant is without knowledge and therefore, denied.

458.    Defendant is without knowledge and therefore, denied.

**(ii)        The Private Investor Loan Scheme**

459.    Defendant is without knowledge and therefore, denied.

460.    Defendant is without knowledge and therefore, denied.

461.    Defendant is without knowledge and therefore, denied.

462.    Defendant is without knowledge and therefore, denied.

463.    Defendant is without knowledge and therefore, denied.

464.    Defendant is without knowledge and therefore, denied.

**(iii)    Merchant Cash Advance Loans as a Source of Funding to Prop Up the Ponzi Scheme**

465.    Denied.

466.    Denied to the extent this relates to Hi Bar.

467.    Defendant is without knowledge and therefore, denied.

468.    Defendant is without knowledge and therefore, denied.

469.    Denied to the extent this relates to Hi Bar.

470.    Denied.

471.    Defendant is without knowledge and therefore, denied.

472.    Denied.

473.    Denied.

474. Defendant is without knowledge and therefore, denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny

Plaintiff's request for Relief, and grant any other relief this Court deems necessary and proper.

## COUNT 21
### AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY
### PURSUANT TO 11 USC § 544 AND SECTION 726.106(1), FLA. STAT.
### (As to Defendant Hi Bar)

475. Hi Bar realleges its response to paragraphs 1 through 193 and Counts 1, 2, and 3

above as is fully set forth herein.

476. Denied.

477. Denied.

478. Denied.

479. Denied.

480. Defendant is without knowledge and therefore, denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny

Plaintiff's request for Relief, and grant any other relief this Court deems necessary and proper.

## COUNT 22
### AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY
### PURSUANT TO 11 USC § 544 AND SECTION 726.105(1)(b), FLA. STAT.
### (As to Defendant Hi Bar)

481. Hi Bar realleges its response to paragraphs 1 through 193 and Counts 1, 2, and 3

above as is fully set forth herein.

482. Denied.

483. Denied.

484. Denied.

485. Defendant is without knowledge and therefore, denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny

Plaintiff's request for Relief, and grant any other relief this Court deems necessary and proper.

### COUNT 23
### AVOIDANCE OF FRAUDULENT TRANSFER OF
### PROPERTY PURSUANT TO 11 U.S.C. § 548(a)(1)
### (As to Defendant Hi Bar)

486.    Hi Bar realleges its response to paragraphs 1 through 193 and Counts 1, 2, and 3

above as is fully set forth herein.

487.    Denied.

488.    Denied.

489.    Denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny

Plaintiff's request for Relief, and grant any other relief this Court deems necessary and proper.

### COUNT 24
### AVOIDANCE OF FRAUDULENT TRANSFER OF
### PROPERTY PURSUANT TO 11 U.S.C. § 548(a)(2)
### (As to Defendant Hi Bar)

490.    Hi Bar realleges its response to paragraphs 1 through 193 and Counts 1, 2, and 3

above as is fully set forth herein.

491.    Denied.

492.    Denied.

493.    Denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny

Plaintiff's request for Relief, and grant any other relief this Court deems necessary and proper.

**COUNT 25**
**RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550**
(As to Defendant Hi Bar)

494.    Hi Bar realleges its response to paragraphs 1 through 193 and Counts 17 through 24 above as is fully set forth herein.

495.    Denied.

496.    Admitted.

497.    Denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny Plaintiff's request for Relief, and grant any other relief this Court deems necessary and proper.

**COUNT 26**
**AVOIDANCE OF PREFERENCE PAYMENTS PURSUANT TO 11 U.S.C. § 547**
(Alternative Relief as to Defendant Hi Bar)

498.    Hi Bar realleges its response to paragraphs 1, 2, 4, 5, 8, 11 through 27, 105 through 187, and 192 and 193 as is fully set forth herein.

499.    Admitted.

500.    Denied.

501.    Denied.

502.    Denied.

503.    Denied.

504.    Denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny Plaintiff's request for Relief, and grant any other relief this Court deems necessary and proper.

## COUNT 27
## RECOVERY OF THE AVOIDED HI BAR PREFERENCE
## PAYMENTS PURSUANT TO 11 U.S.C. § 550(a)
(Alternative Relief against Hi Bar)

505.    Hi Bar realleges its response to paragraphs 1, 2, 4, 5, 8, 11 through 27, 105 through 187, 192 and 193, and Count 26 as is fully set forth herein.

506.    Admitted.

507.    Denied.

508.    Admitted.

509.    Denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny Plaintiff's request for Relief, and grant any other relief this Court deems necessary and proper.

## COUNT 28
## PROMISSORY ESTOPPEL – SPIN AND HI BAR ASSIGNMENT
(Spin and Hi Bar)

510.    Hi Bar realleges its response to paragraphs 1 through 46 and 88 through 108 as is fully set forth herein.

511.    Admitted.

512.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

513.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

514.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

515.    To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

34

516. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

517. Denied.

518. Denied.

519. Denied.

520. To the extent the Plaintiff seeks to characterize the language of the document, Defendants allege that the document speaks for itself. The remaining allegations are denied.

521. Denied.

522. Denied.

523. Denied.

524. Denied.

525. Denied.

526. Denied.

527. Denied.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny Plaintiff's request for Relief, and grant any other relief this Court deems necessary and proper.

**AFFIRMATIVE DEFENSES**

1. For their First Affirmative Defense, Defendants allege that the First Hi Bar Contract and subsequent Settlement Agreements are not usurious. Pursuant to the agreements at issue, New York law applies. As one New York Court already determined, the precise agreements at issue in this case are not usurious. Specifically, the Purchase Agreement is enforceable, and not void as a matter of criminal or civil usury, because the repayment terms, rather than being absolute, are contingent and for the reasons set forth in Hi Bar's Motion to Dismiss. (*see Principis Cap., LLC v*

35

*I Do, Inc.,*). Moreover, Agreements concern an amount greater than $2.5 million and as such, New York's usury laws do not apply.

2.     For their Second Affirmative Defense, Defendants allege that the declaratory relief claims based on usury do not state a claim for which relief can be granted. "Where the interest rate exceeds the criminal usury rate, a corporation may interpose an affirmative defense of usury and, if successful, obtain a declaration that invalidates the debt instrument ab initio." *Haymount Urgent Care PC v. GoFund Advance, LLC*, 609 F. Supp. 3d 237, 254 (S.D.N.Y. 2022). "However, New York courts have uniformly construed this statute as limited to the affirmative defense, and they have prohibited corporations from bringing affirmative claims or counterclaims alleging criminal usury and seeking to invalidate an agreement." *Id.*

3.     For their Third Affirmative Defense, Defendants allege that the transfers were accepted in good faith and value was given in exchange for the transfer.

4.     For their Fourth Affirmative Defense, Defendants allege that any transfers that did not exceed the amount paid to Spin on behalf of the Debtor is not subject to recovery given the fact the allegations allege the existence of a Ponzi scheme. *Perkins v. Haines*, 661 F.3d 623 (11th Cir. 2011).

5.     For their Fifth Affirmative Defense, Defendants allege the right to a setoff against any recovery obtained, through settlement or otherwise, from any other source.

6.     For their Sixth Affirmative Defense, Defendants allege a right of setoff for all amount due and owing under the terms of the Settlement Agreement executed by the Debtor with Hi Bar.

36

7. For their Seventh Affirmative Defense, Defendants allege that all of the claims raised herein have been released by the Debtor by virtue of its execution of a Settlement Agreement with Hi Bar and the terms stated therein.

8. For their Eighth Affirmative Defense, Defendants allege Plaintiff failed to state a claim under the RICO statute as the allegations do not demonstrate either open ended or close ended continuity.

9. For their Ninth Affirmative Defense, Defendants allege its actions alleged were not the proximate cause of any damages to Plaintiff.

10. For their Tenth Affirmative Defense, Defendants allege Plaintiff failed to state a claim under the RICO statute as Hi Bar and its officers and/or employees are not separate and distinct to form an enterprise under the law.

11. For their Eleventh Affirmative Defense, Defendants allege Plaintiff failed to state a claim under Counts 6, 8, 17, 18, 19, 20, 21, 22, 23, and 24 as those claims are impermissible shotgun pleadings.

12. For their Twelfth Affirmative Defense, Defendants allege Plaintiff lacks standing to avoid the transfers at issue as the funds originated from non-debtors that were connected with the debtor.

13. For their Thirteenth Affirmative Defense, Defendants allege Plaintiff's claims are barred as Hi Bar perfected its security interest prior to the filing of the bankruptcy petition.

14. For their Fourteenth Affirmative Defense, Defendants allege Plaintiff lacks standing to pursue its claim for estoppel as the alleged promise was made to Franklin and not the debtor.

15.    For their Fifteenth Affirmative Defense, Defendants allege Plaintiff estoppel claim fails based on the plain language of the Franklin assignment, which does not mention the Third Spin Contract in any way.

16.    For their Sixteenth Affirmative Defense, Defendants allege that Plaintiff has failed to state a claim upon which relief can be granted.

17.    For their Seventeenth Affirmative Defense, Defendants allege Plaintiff lacks standing to avoid the transfers to redress harm to specific creditors.

18.    For their Eighteenth Affirmative Defense, Defendants allege that the transfers are not voidable to the extent they did not diminish the assets of the Debtor to the detriment of all creditors.

19.    For their Nineteenth Affirmative Defense, Defendants allege Plaintiff's claims are barred by the doctrine of *in pari delicto*.

20.    For their Twentieth Affirmative Defense, Defendants allege Plaintiff's claims are barred by the doctrine of unclean hands.

21.    For their Twenty First Affirmative Defense, Defendants allege a right to set-off / recoupment for monies owed by the Debtor.

22.    For their Twenty Second Affirmative Defense, Defendants allege that all of the claims raised herein have been waived by the Debtor.

WHEREFORE, Hi Bar respectfully requests this Court enter judgment in its favor, deny Plaintiff's request for Relief, attorneys fees, costs, and grant any other relief this Court deems necessary and proper.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

38

## STATEMENT PURSUANT OT BANKRUPTCY RULE 7012(b)

Defendants do not consent to the entry of a final order or judgment by the Bankruptcy Court. Nothing contained herein should be deemed as Defendants' consent to the jurisdiction of the Bankruptcy Court.

Respectfully submitted,

LETO LAW FIRM
201 S. Biscayne Blvd.
Suite 2700
Miami, Florida 33131
Tel.    305-341-3155
Fax:    305-397-1168

*/s/ Matthew P. Leto*
MATTHEW P. LETO
Florida Bar No.: 014504
mleto@letolawfirm.com
kzelaya@letolawfirm.com
pleadings@letolawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 24, 2024, we electronically filed the foregoing document with the Clerk of the Court and provided service to all counsel of record using CM/ECF.

*/s/ Matthew P. Leto*
MATTHEW P. LETO