UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

EXCELL AUTO GROUP, INC.,                          Case No. 22-12790-EPK

     Debtor.                                           Chapter 7

_____/

NICOLE TESTA MEHDIPOUR, as
Chapter 7 Trustee for Excell Auto Group, Inc.,

     Plaintiff,

v.                                                Adv. Proc. No. 23–01132–EPK

HI BAR CAPITAL, LLC, a New York limited
liability company, SPIN CAPITAL, LLC a/k/a
Spin Capital, a New Jersey limited liability company,
YISROEL HERBST, an individual, MORDECHAI
DOV BER HERBST a/k/a MORDI HERBST, an
individual, AVRUMI LUBIN a/k/a JOSH LUBIN,
an individual, FRANKLIN CAPITAL FUNDING, LLC,
a Delaware limited liability company, and
FRANKLIN CAPITAL GROUP, LLC, a Michigan
limited liability company d/b/a Wing Lake Capital,

     Defendants.

_____/

**ANSWER OF FRANKLIN CAPITAL FUNDING, LLC**
**<u>AND FRANKLIN CAPITAL GROUP, LLC</u>**

Defendants, Franklin Capital Funding, LLC and Franklin Capital Group, LLC

(together, "Franklin"), hereby answer the *Second Amended Complaint* (the

"Complaint") filed by: Plaintiff, Nicole Testa Mehdipour , as chapter 7 trustee.  ECF

No. 75.

{2425/000/00581074}

1

**GENERAL ADMISSIONS AND DENIALS**

Franklin specifically denies any allegation, whether explicit or implicit, that: (1) the Wing Lake Assignment Document was for the direct benefit of the Debtor, (2) the Debtor is, or was intended to be, a third-party beneficiary of the Wing Lake Assignment Document, and/or (3) the Debtor is entitled to enforce the promises made in the Wing Lake Assignment Document (each and every such allegation shall be referred to as a "Third-Party Beneficiary Allegation").[1] Without limitation, Franklin therefore denies ¶¶ 98, 99, 108, 201, and 202. Paragraphs 519 and 521 are not directed against Franklin and no response is required; however, to any extent such paragraphs are deemed to be directed against Franklin, Franklin denies ¶¶ 519 and 521. Finally, to the extent any other allegation in the Complaint is a Third-Party Beneficiary Allegation and deemed to be directed against Franklin, Franklin denies such allegation as well. To the extent any other paragraph in this Answer is deemed to conflict with this paragraph, the responses of this paragraph shall control.

Subject to the immediately preceding paragraph, Franklin admits ¶¶ 1–55, 57, 59–97, 100–107, 109–132 and 134–193. Franklin denies ¶¶ 56, 58 and 133 for lack of knowledge.

**COUNT 1**

Franklin realleges the General Admissions and Denials set forth hereinabove and incorporates those admissions and denials by reference in response to ¶ 194.

---

[1] The terms "Debtor" and "Wing Lake Assignment Document" shall have the meanings ascribed to them in the Complaint.

{2425/000/00581074}

Franklin admits ¶¶ 195–200.  Franklin denies ¶¶ 201–202.

## COUNTS 2–28

Counts 2–28 are not directed against Franklin.  Franklin is therefore not required to respond and makes no response to the allegations in ¶¶ 203–527.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on May 17, 2024.

> **SHRAIBERG PAGE P.A.**
> Attorneys for Franklin
> 2385 NW Executive Center Drive, #300
> Boca Raton, Florida 33431
> Telephone: 561-443-0800
> Facsimile: 561-998-0047
> pdorsey@slp.law
>
> By:     /s/ Patrick Dorsey
>                 Patrick Dorsey, Esq.
>                 Florida Bar. No. 0085841

{2425/000/00581074}

3