UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                    Case No. 22-12790-EPK
                                                          Chapter 7
EXCELL AUTO GROUP, INC.,

      Debtor.
_____/
NICOLE TESTA MEHDIPOUR, as Chapter 7
Trustee for Excell Auto Group, Inc.,                      Adv. Pro. No. 23-01132-EPK

      Plaintiff,

v.

HI BAR CAPITAL, LLC, et al.

      Defendants.
_____/

**DEFENDANTS' AVRUMI (JOSH) LUBIN AND**
**SPIN CAPITAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

      Defendants Avrumi (Josh) Lubin ("Lubin") and Spin Capital, LLC ("Spin Capital") file this answer and affirmative defenses to the Second Amended Complaint filed by Nicole Testa Mehdipour, the Chapter 7 Trustee for the estate of Excell Auto Group, Inc ("Excell Auto") and state the following:

**I.      PARTIES, JURISDICTION, AND VENUE**

      **A.  Parties**

1.      Admitted.

2.      Without information.

3.      Admitted for jurisdictional purposes.

4.      Without information.

5.      Without information.

6.      Admitted for jurisdictional purposes.

7.      Admitted.

8.      Denied.

9.      Without information.

10.     Without information.

**B.  Jurisdiction and Venue**

11.     Admitted.

12.     Admitted.

13.     Admitted for jurisdictional purposes, denied as to the existence of RICO claims.

14.     Denied.

15.     Admitted.

16.     Without information.

## GENERAL FACTUAL ALLEGATIONS

**A.      History of the Debtor**

17.     Admitted.

18.     Without information.

19.     Admitted.

20.     Without information.

21.     Admitted.

**B.      Spin and Hi Bar are Predatory Merchant Cash Advance Lenders**

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

### C.     The First Spin Contract

28.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

29.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

30.     Admitted

31.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

32.     Denied.

### D.     The Second Spin Contract

33.     Admitted.

34.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

35.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

36.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

37.     Denied.

38.     Denied.

C.  **The Third Spin Contract**

39.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

40.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

41.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

42.     Admitted.

43.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

44.     Denied.

45.     Denied.

46.     No response required.

D.  **The Spin Contracts were all Loans Disguised as Revenue Purchase Agreements and Designed to Minimize the Risk to the Lender with Illusory Reconciliation and Other Provisions.**

47.     Denied.

48.     Denied.

49.     Denied.

i.      **Not Based upon Good Faith Estimates.**

50.     Denied that Spin was "purportedly" doing so.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Without information.

56.     Without information.

57.     Denied.

58.     Without information.

59.     Denied.

60.     Denied.

**ii.     The Obligation for the Debtor for Repayment was for a Definite Term**

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

**iii.     The Reconciliation Provision in the Spin Contracts was Illusory**

65.     Denied.

66.     Admitted.

67.     Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

68.     Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

69.     Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

76.     Denied.

77.     Denied.

> **iv.     The Adjustment to the Remittance Provision in the Spin Contracts were Illusory**

78.     Denied.

79.     Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

80.     Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

81.     Denied.

> **v.     The Spin Contracts were Designed to Minimize Any Potential Risk of Loss to Spin**

82.     Denied.

83.     Denied.

84.     Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

85.     Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

86.    Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

87.    Denied.

### E.  The Debtor Refinances the MC Loans with Wing Lake and Spin Sells and Assigns to Wing Lake All Known and Unknown Obligations and Claims Owed by the Debtor and its Affiliates

88.    Without information.

89.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

90.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

91.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

92.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

93.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

94.    Admitted that Josh Lubin viewed and signed the document in his corporate capacity on behalf of Spin Capital LLC.

95.    Denied

96.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

97.    Without information.

98.    Without information.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Admitted.

**F.  Spin Conspired with Hi Bar to Secretly Transfer the Third Spin Contract to Hi Bar**

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

**G.  The First Hi Bar Contract**

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

114.    Denied.

115.    Admitted.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Without information.

120.    Without information.

121.    Without information.

122.    Denied.

          **i.**      **The First Hi Bar Contract was a Loan Disguised as Revenue Purchase Agreements and Designed to Minimize the Risk to the Lender with <u>Illusory Reconciliation and Other Provisions</u>.**

123.    Denied.

124.    Without information.

125.    Denied.

126.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

127.    Denied.

128.    Denied.

          **ii.**      <u>**Not based upon Good Faith Estimates**</u>

129.    Denied.

130.    Denied.

131.    Without information.

132.    Without information.

133.    Without information.

134.    Denied.

135.    Denied.

          **iii.**      <u>**The Obligation by the Debtor for Repayment was for a Definite Term**</u>

136.    Denied.

137.    Denied.

        **iv.**      **The Reconciliation Provision in the First Hi Bar Contract was Illusory.**

138.    Denied.

139.    Denied.

140.    Denied.

141.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

142.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

143.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Admitted that Lubin had knowledge of the loan with Wing Lake but denied that Lubin was a representative of Hi Bar.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

152.    Without information.

153.    Without information.

> **v.    The Adjustment to the Remittance Provision in the First Hi Bar Contract was Illusory**

154.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

155.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

156.    Denied.

> **vi.    The First Hi Bar Contract was Designed to Minimize Any Potential Risk of Loss to Hi Bar**

157.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

158.    Denied.

159.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

160.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

161.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

162.    Denied.

> **H.    The Debtor Purportedly Defaulted Under the First Hi Bar Contract which Led to the Debtor and Hi Bar Entering a Settlement Agreement**

163.    Without information.

164.    Without information.

165.    Admitted.

166.    Denied.

167.  Without information.

168.  Without information.

169.  Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

170.  Denied.

171.  Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

172.  Denied.

173.  Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

174.  Without information.

> **I.  Debtor Purportedly Defaults Under the First Settlement Agreement and Hi Bar Files Suit Resulting in the Parties Entering a Second Settlement Agreement in February 2022**

175.  Denied.

176.  Denied.

177.  Denied.

178.  Denied.

179.  Denied.

180.  Without information.

181.  Without information.

182.  Without information.

183.  Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

184.    Without information.

185.    Denied.

186.    Denied.

187.    Denied.

### J.  The Spin Transfers and Spin Contract Transfers

188.    Denied.

189.    Denied.

190.    Admitted.

191.    Admitted.

### K. The Hi Bar Transfer and Hi Bar Contract Transfers

192.    Without information.

193.    Without information.

**COUNT 1**
**DECLARATORY RELIEF AS TO EFFECTIVENESS**
**OF WING LAKE ASSIGNMENT DOCUMENT**

194.    Defendants repeat their responses to the realleged and reincorporated allegations.

195.    Admitted.

196.    Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

197.    Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

198.    Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

199.    Admitted to the extent consistent with the referenced documents, and denied to the extent inconsistent with the referenced documents. In other words, the document speaks for itself.

200.    Without information.

201.    Denied.

202.    Denied.

**COUNT 2**
**DECLARATORY RELIEF AS TO THE INVALIDITY**
**OF THE HI BAR TRANSFER AGREEMENT**

203.    Defendants repeat their responses to the realleged and reincorporated allegations.

204.    Admitted.

205.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

206.    Denied.

207.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

**COUNT 3**
**DECLARATORY RELIEF – HI BAR CONTRACTS**
**(**NOT AGAINST LUBIN OR SPIN)

212-223. No response required.

**COUNT 4**
**DECLARATORY RELIEF – SPIN CONTRACTS**

224.    Defendants repeat their responses to the realleged and reincorporated allegations.

225.    Admitted.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied.

**COUNT 5**
**CIVIL RICO: 18 U.S.C. § 1962**

236.    Defendants repeat their responses to the realleged and reincorporated allegations and Count.

237.    Admitted it purports to bring a Civil RICO action denied that a claim exists.

238.    Admitted to the extent consistent with the referenced statute, and denied to the extent inconsistent with the referenced statute. In other words, the document speaks for itself.

239.    Admitted.

240.    Denied.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Denied.

**COUNT 6**
**CIVIL RICO: 18 U.S.C. § 1962(c)**

248.    Defendants repeat their responses to the realleged and reincorporated allegations and Count.

249.    Admitted it purports to bring a Civil RICO action denied that a claim exists.

250.    Admitted to the extent consistent with the referenced statute, and denied to the extent inconsistent with the referenced statute. In other words, the document speaks for itself.

251.    Admitted.

252.    Admitted.

253.    Admitted.

254.    Admitted.

255.    Admitted.

256.    Denied.

257.    Denied.

258.    Denied.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

## COUNT 7
## CONSPIRACY UNDER 18 U.S.C. § 1962(d)

266.    Defendants repeat their responses to the realleged and reincorporated allegations and Counts.

267.    Admitted it purports to bring a Civil RICO action denied that a claim exists.

268.    Denied.

269.    Denied.

270.    Deied.

## COUNT 8
## CIVIL RICO: 18 U.S.C. § 1962

271.    Defendant repeats his response to the realleged and reincorporated allegations and Counts.

272.    Admitted it purports to bring a Civil RICO action denied that a claim exists.

273.    Admitted to the extent consistent with the referenced statute, and denied to the extent inconsistent with the referenced statute. In other words, the document speaks for itself.

274.    Admitted.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

**COUNT 9**
**DECLARATORY RELIEF – SPIN CONTRACTS**

284.    Defendant repeats its response to the realleged and reincorporated allegations and

Counts.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Denied.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Without information.

295.    Denied.

296.    Denied.

297.    Denied.

298.    Denied.

299.    Denied.

300.    Denied.

301.    Denied.

302.    Denied.

303.    Denied.

304.    Denied.

305.    Denied.

**COUNT 10**
**AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY**
**PURSUANT TO 11 USC § 544 AND SECTION 726.105(1)(a), FLA. STAT.**

306.    Defendant repeats its response to the realleged and reincorporated allegations and

Counts.

307.    Denied.

308.    Denied.

309.    Denied.

310.    Without information.

311.    Without information.

312.    Without information.

**(i)    The Debtor is Operated as Ponzi Scheme by Scott Zankl.**

313.    Without information.

314.    Without information.

315.    Without information.

**(ii)    The Private Investor Loan Scheme**

316.    Without information.

317.    Without information.

318.    Without information.

319.    Without information.

320.    Without information.

321.    Without information.

**(iii)**    **Merchant Cash Advance Loans as a Source of Funding to Prop Up the Ponzi Scheme**

322.    Denied.

323.    Denied.

324.    Without information.

325.    Without information.

326.    Without information.

327.    Without information.

328.    Without information.

329.    Denied.

330.    Without information.

**COUNT 11**
**AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY**
**PURSUANT TO 11 USC § 544 SECTION 726.105(1)(a), FLA. STAT.**

331.    Defendant repeats its response to the realleged and reincorporated allegations and Counts.

332.    Admit it seeks alternative relief and denies it is entitled to any relief.

333.    Denied.

334.    Denied.

335.    Without information.

336.    Without information.

337.    Without information.

338.    Without information.

339.    Without information.

340. Without information.

341. Without information.

342. Without information.

343. Without information.

344. Without information.

345. Without information.

**(i)**     **<u>Merchant Cash Advance Loans as a Source of Funding to Prop Up the Ponzi Scheme</u>**

346. Denied.

347. Denied.

348. Without information.

349. Without information.

350. Denied.

351. Without information.

352. Without information.

353. Denied.

354. Without information.

**COUNT 12**
**AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY**
**<u>PURSUANT TO 11 USC § 544 AND SECTION 726.106(1), FLA. STAT.</u>**

355. Defendant repeats its response to the realleged and reincorporated allegations and Counts.

356. Denied.

357. Denied.

358. Denied.

359.    Without information.

360.    Without information.

## COUNT 13
## AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY
## PURSUANT TO 11 U.S.C. § 544 AND FLA. STAT. § 726.105(1)(b)

361.    Defendant repeats its response to the realleged and reincorporated allegations and Counts.

362.    Denied.

363.    Denied.

364.    Denied.

365.    Denied.

## COUNT 14
## AVOIDANCE OF FRAUDULENT TRANSFER OF
## PROPERTY PURSUANT TO 11 U.S.C. § 548(a)(1)

366.    Defendant repeats its response to the realleged and reincorporated allegations and Counts.

367.    Denied.

368.    Denied.

369.    Denied.

## COUNT 15
## AVOIDANCE OF FRAUDULENT TRANSFER OF
## PROPERTY PURSUANT TO 11 U.S.C. § 548(a)(2)

370.    Defendant repeats its response to the realleged and reincorporated allegations and Counts.

371.    Denied.

372.    Denied.

373.    Denied.

## COUNT 16
## RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550

374.    Defendant repeats its response to the realleged and reincorporated allegations and Counts.

375.    Denied.

376.    Denied.

377.    Denied.

378.    Denied.

## COUNT 17
## (NOT AGAINST LUBIN OR SPIN)

378-398.    No response required.

## COUNT 18
## (NOT AGAINST LUBIN OR SPIN)

399-429.    No response required.

## COUNT 19
## (NOT AGAINST LUBIN OR SPIN)

430-452.    No response required.

## COUNT 20
## (NOT AGAINST LUBIN OR SPIN)

453-474.    No response required.

## COUNT 21
## (NOT AGAINST LUBIN OR SPIN)

475-480.    No response required.

## COUNT 22
## (NOT AGAINST LUBIN OR SPIN)

481-485.    No response required.

**COUNT 23**
**(NOT AGAINST LUBIN OR SPIN)**

486-489.    No response required.

**COUNT 24**
**(NOT AGAINST LUBIN OR SPIN)**

490-493.    No response required.

**COUNT 25**
**(NOT AGAINST LUBIN OR SPIN)**

494-497.    No response required.

**COUNT 26**
**(NOT AGAINST LUBIN OR SPIN)**

498-504.    No response required.

**COUNT 27**
**(NOT AGAINST LUBIN OR SPIN)**

505-509.    No response required.

**COUNT 28**
**PROMISSORY ESTOPPEL – SPIN AND HI BAR ASSIGNMENT**

510.    Defendant repeats its response to the realleged and reincorporated allegations and Counts.

511.    Admitted it is a count for Promissory Estoppel and denied that the count states a claim for relief.

512.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

513.    Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

514.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

515.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

516.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

517.     Denied.

518.     Denied.

519.     Denied.

520.     Admitted to the extent consistent with the referenced document, and denied to the extent inconsistent with the referenced document. In other words, the document speaks for itself.

521.     Without information.

522.     Without information.

523.     Without information.

524.     Without information.

525.     Denied.

526.     Denied.

527.     Denied.

## **AFFIRMATIVE DEFENSES**

1.     **Failure to state a claim.** Plaintiff fails to state a claim upon which relief can be granted.

2.     **Intracorporate conspiracy.** The intracorporate conspiracy doctrine bars plaintiff's conspiracy claims only against Lubin and Spin Capital. A conspiracy required the meeting of two

independent minds with the intent on one purpose. A corporation and its officers cannot be the only actors in a conspiracy claim.

       **3.**      **<u>No private right of action.</u>** The debtor does not have standing to raise a criminal usury claim to the subject loans at issue. A usury defense can only be asserted to void a contract for a loan with criminal usury rates. First, the contracts at issues are not loans and therefore not subject to the usury rates. However, even if they were criminal loans, there is no affirmative claim for criminal usury to claw back payments pursuant to a contract.

       **4.**      **<u>Valid release.</u>** The alleged loans at issue have been resolved by subsequent settlement agreements. Defendants understand that the enforceability of these settlement agreements are at issue. But to the extent this Court agrees that they are enforceable settlement agreements, they are a complete bar to the causes of action founded on any of the Spin or Hi Bar contracts.

       **5.**      **<u>Res Judicata and Collateral Estoppel.</u>** The subject contracts at issue have already been determined by a New York court as not violating the New York criminal usury statute.

       **6.**      **<u>Lack of privity.</u>** Debtor was not a party to many of the contracts it seeks to invalidate and therefore cannot void it.

       **7.**      **<u>Good faith.</u>** All the transfers at issues were accepted in good faith and reasonably equivalent value was given in exchange for the transfer. Spin Capital and Lubin paid millions of dollars to the debtor in exchange for their rights to collect on future receivables.

       **8.**      **<u>Set-off.</u>** Spin Capital and Lubin have a right to a setoff against any recovery obtained, through settlement or otherwise, from any other source by the Debtor.

       **9.**      **<u>Choice-of-law.</u>** All of the Spin contracts at issue contain New York choice of law clauses. None of the contracts at issue are usurious under New York law because they are not

loans. However, even if the contracts at issue were loans under New York law and criminally usurious, the New York choice-of-law provision would be void and New Jersey law would apply because Spin is New Jersey company with its principal place of business in New Jersey. New Jersey usury law does not apply to loans of more than $50,000 if they are not insured by a claim on residential property.

10.    **Standing.** Spin Capital and Lubin allege Plaintiff lacks standing to pursue its claim for estoppel as the alleged promise was made to Franklin and not the debtor.

## JURY DEMAND

Avrumi (Josh) Lubin and Spin Capital, LLC demand a trial by jury on all issues so triable.

## STATEMENT PURSUANT TO BANKRUPTCY RULE 7012(b)

Avrumi (Josh) Lubin and Spin Capital, LLC do not consent to the entry of a final order or judgment by the Bankruptcy Court. Nothing contained herein should be deemed as Defendants' consent to the jurisdiction of the Bankruptcy Court.

Respectfully submitted,

WEISSMAN & DERVISHI, P.A.

By:    /s/ Brian S. Dervishi
          Brian Dervishi
Fla. Bar No. 350303
One Southeast Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070 (Telephone)
305-347-4072 (Direct)
bdervishi@wdpalaw.com
service@wdpalaw.com

Attorneys for Avrumi (Josh) Lubin and Spin
Capital, LLC

Adv. Pro. No. 23-01132-EPK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2024, a true and correct copy of the foregoing was served by CM/ECF on all parties registered to receive electronic service of court documents in this case.

/s/ Brian S. Dervishi
Brian S. Dervishi