**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORID**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Case No. 22-12790-EPK |
| EXCELL AUTO GROUP, INC., | Adv. Proc. No. 23- 01132-EPK |
| Debtor. | Chapter 7 |
| NICOLE MEHDIPOUR, CHAPTER 7 TRUSTEE, | |
| Plaintiff. | |
| v. | |
| HI BAR CAPITAL, LLC, *et al.*, | |
| Defendant. | |

**TD BANK, N.A.'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF
PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

TD Bank, N.A. ("***TD Bank***") objects and responds to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) dated May 29, 2024 (the "***Subpoena***") in the above action as follows:

**GENERAL OBJECTIONS**

1.      TD Bank objects to the Subpoena to the extent that it places burdens or requirements on TD Bank that are inconsistent with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Southern District of Florida ("***Rules***"), or seeks to impose an unreasonable burden or would otherwise create burden, hardship, or oppression beyond that authorized under the Rules, or seeks discovery beyond that authorized under the Rules.

2.      TD Bank objects to the Subpoena to the extent that the requests for documents and

scope of the requests are overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case considering:  (i) the nature and scope of the litigation, including the importance and complexity of the issues and the amounts at stake; (ii) the relevance of electronically stored information and its importance to the court's adjudication in the given case; (iii) the cost, burden, and delay that may be imposed on the parties to deal with electronically stored information and phone logs (if any); (iv) the ease of producing electronically stored information and whether substantially similar information is available with less burden; and (v) any other factors relevant under the circumstances.

3.      TD Bank objects to the Subpoena to the extent that it requires production or identification of data, documents and information that is:

a.   subject to the attorney/client privilege, the attorney work product privilege or any other statutory or common law privilege;

b.   subject to the self-investigative privilege or self-critical analysis privilege, or concerning Anti-Money Laundering ("*AML*"), Bank Secrecy Act ("*BSA*") or other compliance processes at TD Bank;

c.   relating to a Suspicious Activity Report ("*SAR*") or any information that would disclose a SAR or reveal the existence of a SAR because such disclosure or revelation is expressly prohibited by federal law and regulation, *see* 31 U.S.C. 5318(g)(2)(A)(i) and 12 C.F.R. 21.11(k)(1) and any attempts to request such disclosure or revelation will result in notification, pursuant to the foregoing federal law and regulation, to (A) Director, Litigation Division, Office of the Comptroller of the Currency; and (B) The Financial Crimes Enforcement Network (FinCEN); or

d.  constituting or relating to OCC materials because such disclosure is expressly prohibited by federal law and regulation pursuant to 12 C.F.R. 18.9.

4.  TD Bank objects to the Subpoena to the extent that the requests for documents are vague and ambiguous, or contain undefined terms.

5.  TD Bank objects to the Subpoena to the extent that it seeks documents that are protected from disclosure by Federal or State law and regulations.

6.  TD Bank objects to the Subpoena to the extent that the requests for documents are cumulative and/or duplicative.

7.  TD Bank objects to the Subpoena to the extent it seeks data and/or information that is confidential, privileged, sensitive, or proprietary to TD Bank, or confidential customer data that is prohibited or protected from disclosure under any Federal and State Privacy Law or Regulations, including the Right to Privacy Act of 1978, 12 U.S.C. 3401 *et seq*.

8.  TD Bank objects to the Subpoena to the extent that service was improper.

9.  TD Bank objects to the Subpoena to the extent it seeks information or the production of any document that is not in TD Bank's possession, custody, or control, including, but not limited to, documents within the possession of TD Bank's subsidiaries or affiliate(s) and/or TD Bank's agents and representatives.

10.  TD Bank objects to the Subpoena to the extent that it incorporates, includes, or relies upon factual and legal assumptions and/or characterizations that are incorrect, speculative, or unsubstantiated.

11.  TD Bank objects to requests and definitions for "any and all" documents or information, and/or requests "not limited to" items specified, as such requests are vague, ambiguous and overbroad.

DM1\15530596.1

12.     TD Banks's objections and responses to the Subpoena are based upon information presently known to it.  Discovery and investigation in this matter may yield further information affecting these objections and responses.  TD Bank reserves its right to amend and/or supplement its responses and objections, as necessary.

13.     A response by TD Bank to the Subpoena does not constitute a representation that any such documents or information exist or are in the possession, custody, or control of TD Bank, and is not a waiver of any rights, remedies or privilege or similar statutory or common law protection.

14.     Any responsive production, including communications and documents, will be subject to a mutually agreeable confidentiality agreement.

## COSTS AND EXPENSES

TD Bank reserves its rights to seek its costs and expenses in responding to the Subpoena.

## RESPONSE TO DOCUMENTS REQUESTED OF SUBPOENA

Subject to, and without waiver of the foregoing General Objections, all of which are specifically incorporated as if set forth fully verbatim in response to each of the individual requests, TD Bank responds further to each request in the Subpoena as follows:

**A complete copy of all records in your possession or control of the following accounts by any name whether savings, checking, or other description of any account where financial transactions are conducted, including records of all bank, brokerage, investment or other accounts of any description, deposits, withdrawals, wire transfers, copies of any and all canceled checks, monthly account statements, annual account statements, ending balance statements notes, and data pertaining to any and all including without limitation all signature cards, or any other bank documents regarding creation of the account, signature authority, persons authorized to make deposits or withdrawals, trusts or "in trust for" or "in care of" or "for the benefit of" or third party benefit accounts by any description or correspondence to or from the bank by any description. These records are to include a copy of your ENTIRE file, including but not limited to, any and all handwritten notes, other related notes in the file. This file should include records you have for any reports, occurrences or any reviews/examinations, of the accounts of the following persons or entities.**

4

**The records in the exact form of the originals with no redactions, or removal of documents, from June 1, 2021 through and including the date of production (unless otherwise specified above), and shall apply to all accounts of the following companies, and shall include, but not be limited to, the following bank accounts at TD Bank:**

1. **Spin Capital LLC, a Nevada limited liability company, including, without limitation, account ▮▮▮▮6504.**

   **RESPONSE:**

   TD Bank incorporates General Objections 1, 2, 3, 4, 5, 7, and 11. Subject to and without waiving the foregoing objections, TD Bank will produce non-privileged documents it has located after a diligent search, if any exist. Production of communications and documents will be subject to a mutually agreeable confidentiality agreement.

2. **HI Bar Capital, LLC, a New York limited liability company. Including, without limitation, account ▮▮▮2968.**

   **RESPONSE:**

   TD Bank incorporates General Objections 1, 2, 3, 4, 5, 7, and 11. Subject to and without waiving the foregoing objections, TD Bank will produce non-privileged documents it has located after a diligent search, if any exist. Production of communications and documents will be subject to a mutually agreeable confidentiality agreement.

Dated:  July 19, 2024

Respectfully submitted,

**TD BANK, N.A.**
By its attorneys,

**DUANE MORRIS LLP**
201 S. Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: (305) 960-2274
Facsimile: (305) 946-0965
By: s/ Lance Bergmann Melamud
Lance Bergmann Melamud
Florida Bar No.: 1022126
E-mail: lkaufman@duanemorris.com
          mlchapski@duanemorris.com
*Counsel for TD Bank, N.A.*

5

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 19, 2024, a true and correct copy of the foregoing was served via CM/ECF transmission on all parties currently on the list to receive e-mail notice/service for this case and electronically served to Furr Cohen, Attn: Jason S Rigoli, Esq., 2255 Glades Road, Suite 419a, Boca Raton, FL 33431 to Jason S Rigoli, Esq. via e-mail at jrigoli@furrcohen.com.

By: /s/Lance Bergmann Melamud
Lance Bergmann Melamud

6

DM1\15530596.1