UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.

  Debtor.
_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

   Plaintiff,

v.

HI BAR CAPITAL, LLC, et al.,

   Defendant(s).
_____/

Case No.: 22-12790-EPK
Chapter 7

Adv. Pro. No. 22-01132-EPK

**EXPEDITED MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND REQUEST FOR SANCTIONS**

Exigent Circumstances

The Trustee seeks an expedited hearing because under the current Pretrial Order the deadlines for dispositive motions is October 11, 2024, and the deadlines for discovery and to add parties or move to amend is November 27, 2024.  Accordingly, the Trustee requests that this Motion be heard on one of the Court's motion calendars during the week of September 23, 2024.

Nicole Testa Mehdipour ("**Plaintiff**"), Chapter 7 trustee for the estate of Excell Auto Group, Inc., and Plaintiff in this adversary proceeding, by and through undersigned counsel, moves this Court for an order compelling the Defendant, Spin Capital, LLC ("**Spin**"), to respond and produce all responsive documents to the *Plaintiff's First Request for Production Pursuant to Federal Rule of Bankruptcy Procedure 7034*, **Exhibit 1** ("**RFP**"), and respectfully states as follows:

1

1.	Fed. R. Civ. P. 37(a) authorizes a party to seek an order compelling discovery.

2.	On August 9, 2024, Plaintiff, through counsel, served the RFP on counsel for Spin, via e-mail.  See **Exhibit 2**. The due date for production was September 9, 2024. Spin has not provided any responses to or produced any documents to the RFP.

3.	Special counsel for the Plaintiff has had multiple conversation with various counsel for Spin, with the most recent video conference conversation with Attorney Kaminski on Monday, September 16, 2024 and a phone conference on September 18, 2024.

4.	Counsel for Spin notified Special Counsel that Spin had been provided the RFP but had not responded or provided any documents. Notwithstanding, undersigned counsel provided until September 17, 2024, to begin producing documents to avoid filing this Motion.

5.	Spin still has not responded or produced any document.

6.	Plaintiff now files this Motion seeking an order compelling production of documents, answers to interrogatories, and for sanctions pursuant to Fed. R. Civ. P. 37(a)(5) and (d).

## CERTIFICATION UNDER FED. R. CIV. P. 37 AND LOCAL RULE 7026-1(E) AND (F)

7.	As detailed above undersigned counsel has conferred with Spin's counsel to resolve this discovery dispute without court intervention but to date has not been able to get this matter resolved.

**WHEREFORE**, Plaintiff respectfully requests that this Court enters an order: (i) granting this Motion; (ii) compelling Spin to respond and produce documents responsive to *the RFP*, **Exhibit 1**, within 5 business days of the hearing; (ii) awarding the Plaintiff sanctions, including reasonable attorneys' fees and costs, and reserving for further sanctions, including but not limited

to the striking of pleadings; and (iv) granting such other and further relief as this Court deems just

and proper.

Respectfully submitted this 18th day of September 2024.

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

BY:    /s/ *Jason S. Rigoli*
        Alan R. Crane, Esq.
        Florida Bar No.: 0963836
        E-mail: acrane@furrcohen.com
        Jason S. Rigoli, Esq.
        Florida Bar No.: 91990
        E-mail: jrigoli@furrcohen.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

**EXHIBIT 1**

In re:

EXCELL AUTO GROUP, INC.

     Debtor.

Case No.: 22-12790-EPK
Chapter 7

_____/

NICOLE TESTA MEHDIPOUR,
Chapter 7 Trustee for EXCELL AUTO
GROUP, INC.,

     Plaintiff,

v.

Adv. Pro. No. 23-01132-EPK

HI BAR CAPITAL, LLC, *et al.*,

     Defendant(s).

_____/

**FIRST REQUEST FOR PRODUCTION PURSUANT
<u>TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7034</u>**

NICOLE TESTA MEHDIPOUR (the "**Plaintiff**"), as chapter 7 trustee of the estate of

Excell Auto Group, Inc., by and through undersigned counsel, pursuant to Rule 34 of the

Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7001, 7002,

and 7034 of the Federal Rules of Bankruptcy Procedure, serves this *First Request for*

*Production of Documents* on Spin Capital, LLC ("**Spin**"), and requests that Spin produce the

documents requested in **Exhibit A** within 30-days, or as otherwise ordered by the Court,

pursuant to Rule 34(b)(2)(A), or to permit the inspection thereof by Defendant or their

attorneys or others acting on their behalf, at the offices of Furr and Cohen, P.A., 2255 Glades

Road, Suite 419A, Boca Raton, Florida, 33431.

Dated: August 9, 2024.

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A

1

Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

BY:    /s/ *Alan R. Crane*
       Alan R. Crane, Esq.
       Florida Bar No.: 0963836
       E-mail: acrane@furrcohen.com
       Jason S. Rigoli, Esq.
       Florida Bar No.: 91990
       E-mail: jrigoli@furrcohen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this *First Request for Production of Documents* was served via e-mail on counsel for Soin Capital, LLC, Bernard L. Egozi, Esq, Esq. (begozi@egozilaw.com) and Shanna Kaminski, Esq. (skaminski@kaminskilawpllc.com), Brian Dervishi, Esq., (bdervishi@wdpalaw.com) on August 9, 2024.

*/s/ Alan R. Crane*
Alan R. Crane

2

**EXHIBIT "A"**

I.    **Instructions**

A.    <u>Scope of Requests</u>: For each Request herein, you shall produce Documents in Your possession, custody, or control and within the meaning of Rule 34 of the Federal Rules of Civil Procedure. Possession, custody, or control should be construed as broadly as possible under applicable law, this includes, but is not limited to, Documents within Your possession, custody or control, within the possession, custody or control of Your Members, Managers, agents, assigns, accountants, financial advisors, attorneys and any person with whom You have the right or practical ability to obtain from others on demand. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.

B.    <u>Production</u>.  Subject to paragraph C, below, all Documents or Communications produced pursuant to this request are to be produced as they are <u>kept</u> in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a Document or Communication, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original Document or Communication or from any copy or draft thereof.

C.    <u>Production of Electronically Stored Information</u>.  Pursuant to Fed. R. Civ. P. 34(b)(1)(C), electronically stored information ("ESI"), You should state the format in which You, or other responding party, proposes to produce ESI sufficiently in advance to give the plaintiff a reasonable opportunity to determine whether the format presents any issues and address them with the Plaintiff before production.  ESI should be produced in its native format unless otherwise agreed along with all metadata from each.  PLEASE DO NOT SEND DOCUMENTS BY EMAIL. We would ask that any electronic documents be produced on a flashdrive or external harddrive. Alternatively, you may contact undersigned counsel at least one business day before documents are due for us to send you an invitation to upload documents on a secure network.

D.    If you refuse to produce any ESI responsive to this discovery request or refuse to search for potentially responsive ESI due to an allegedly unreasonable burden or cost or lack of proportionality, then you "must also identify, by category or type, the sources containing potentially responsive information that You is neither searching nor producing.  The identification should, to the extent possible, provide enough detail to enable the Plaintiff to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources." FRCP 26, Comm. Notes on Rules – 2006 Amendment.

E.    Proposed Search terms are attached as Appendix 1.

F.    <u>Lost Documents</u>: If you at any time had possession, custody, or control of any Document requested herein, and such Document has been lost, destroyed, discarded, or is not presently in your possession, such Documents shall be identified as completely as possible, including:

      1.  The names of the authors of the Document;
      2.  The names of the persons to whom the Documents or copies were sent;
      3.  The date of the Document;

3

4. The date on which the Document was received by each addressee, copyee or its recipients;
5. A description of the nature and subject matter of the Document that is as complete as possible;
6. The date on which the Document was lost, discarded or destroyed; and
7. The manner in which the Document was lost, discarded or destroyed.

G. <u>Claim of Privilege</u>: With respect to any Document that Debtor withholds under claim of privilege, the Debtor shall number such Documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the Debtors shall provide a statement, signed by an attorney representing the Debtor, setting forth as to each such Document:

1. The names of the senders of the Document;
2. The names of the authors of the Document;
3. The names of the persons to whom the Document or copies were sent;
4. The job title of every person named in subparagraphs 1, 2 and 3 above;
5. The date of the Document;
6. The date on which the Document was received by each addressee, copyee or its recipient;
7. A brief description of the nature and subject matter of the Document; and
8. The statute, rule or decision which is claimed to give rise to the privilege.

<u>RESPONSES</u>: IF YOU CANNOT, AFTER EXERCISING DUE DILIGENCE TO SECURE OR PRODUCE THE DOCUMENT(S) REQUESTED, YOU MUST IDENTIFY WHICH REQUEST(S) THAT YOU DO NOT HAVE ANY RESPONSIVE DOCUMENTS FOR, AND ANSWER THE REQUEST FOR PRODUCTION TO THE FULLEST EXTENT POSSIBLE, SPECIFYING YOUR INABILITY TO PRODUCE THE DOCUMENT(S), PROVIDING THE IDENTITY OF THE PERSON WHO HAS POSSESSION, CUSTODY, OR CONTROL OF THE REQUESTED DOCUMENT(S).

H. <u>Definitions</u>: All words in this request for production shall have their plain, ordinary, and common meanings unless specifically defined below in the Definition section of this Notice.

I. <u>Duplicate Copies</u>: Copies of Documents which are identical duplicates of other Documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the Document to individuals or organizations.

J. <u>Inclusive Construction</u>: Generally, each request should be construed so as to bring within the scope of the request any Documents or information that might otherwise be construed as outside of the scope. For example, the singular form of any word includes the plural, and vice versa; the words "and" and "or" shall be construed interchangeably; the words "any" and "all" shall be construed interchangeably; the past tense of any word incorporates the present tense and vice versa; the use of any gender encompasses the other gender; and, the use of the word "including" shall be construed as illustrating and not excluding.

**II. <u>Definitions</u>**

A.      "**Petition Date**" means April 8, 2022.

B.      "**Bankruptcy Case**" means the above captioned bankruptcy case.

C.      "**Adversary Complaint**" means the *Second Amended Adversary Complaint* filed at Adv ECF No. 75 in the above captioned adversary proceeding or as further amended.

D.      "**You,**" "**your,**" or "**Spin**" means Spin Capital, LLC the named defendant in this adversary proceeding, including any affiliates, employees or former employees, officers, directors, shareholders, members, partners, attorneys, or agents.

E.      "**Debtor**" means Excell Auto Group, Inc., as well as any other person acting for the benefit of on behalf of Excell Auto Group, Inc., including but not limited to Scott Zankl, Kristen Zankl, and any employees or former employees, officers, directors, shareholders, affiliates, attorneys or agents.

F.      "**Hi Bar Capital**" means Hi Bar Capital LLC the named defendant in this adversary proceeding, its affiliates, employees or former employees, officers, directors, members, shareholders, attorneys or agents.

G.      "**Karma of Broward**" means Karma of Broward, Inc., FEI/EIN Number 85-0531887, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Broward, Inc., including but not limited to Scott Zankl, Kristen Zankl, and any employees or former employees, officers, directors, shareholders, attorneys or agents.

H.      "**Karma of Palm Beach**" means Karma of Palm Beach, Inc., FEI/EIN Number 30- 1246034, a Florida corporation, as well as any other person acting for the benefit of on behalf of Karma of Palm Beach, Inc., including but not limited to Scott Zankl, Kristen Zankl, and any employees or former employees, officers, directors, shareholders, attorneys or agents.

I.      "**Wing Lake**" means Franklin Capital Group, LLC, is a Michigan Limited Liability Company doing business as Wing Lake Capital and Franklin Capital Funding, LLC and Franklin Capital Group, LLC d/b/a Wing Lake Capital, collectively, as well as any other person acting for the benefit of on behalf of Wing Lake, including any employees or former employees, officers, directors, shareholders, affiliates, members, partners, attorneys, or agents.

J.      "**Document(s)**" means information in all stored or communicated forms. With respect to all electronically stored information, "Document(s)" shall expressly be deemed to include such items in their native electronic form unless expressly stated otherwise. The meaning of "Document(s)" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure.

K.      "**Communication(s)**" means any act or process imparting, expressing, or exchanging information in any manner or form.

L.      "**Correspondence**" means any letter, email, or any other form of written Communication.

M.      "**Merchant Cash Advance Agreement**" or "**MCA**" means any document that purports to be the purchase of future receipts or receivables from any merchants, including, but

5

not limited to those contracts attached to the Adversary Complaint or any similar contract.

N.    "**Person**" includes individual, partnership, corporation, trust, and any other artificial entity.

O.    The terms "**support**," "**evidence**," "**relate to**," "**relating to**," "**related to**," "**referred to**," "**concerning**," "**pertaining to**," and "**regarding**," in any tense, shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## DOCUMENTS REQUESTED

1.    Copies of all advertisements or marketing materials you published or had published for the period beginning 60 days prior to the date you first transacted business with the Debtor through the petition date.

2.    All Documents and Communications evidencing how You were introduced to the Scott Zankl. , including documents or communications between You and any third-party(ies).

3.    All Documents evidencing all agreements, transactions, contracts, or otherwise memorializing any relationship between you and the Debtor.

4.    All Documents evidencing all Your past and present officers, directors, owners, and any person that was in Management or Control of You from January of 2021 through the date of production.

5.    All Documents evidencing any person that provided money or other property which were directly or indirectly used by You to fund any agreement(s) between you and the Debtor.

6.    All Documents setting forth Your internal procedures and/or decision-making process(es) for funding any transaction.

7.    All Documents You received from the Debtor prior to entering into each agreement between You and the Debtor.

8.    All Documents and Communications relating to your decision to enter and fund each agreement between You and the Debtor.

9.    All Documents evidencing any person that received funds or property, directly or indirectly, from any funds or other property You received from the Debtor.

10.    All Communications between You and the Debtor.

11.    All Documents evidencing the receipt of money by You from the Debtor including Documents evidencing the basis for receipt of such money.

12.    All Documents necessary to provide a complete accounting of all money received by you from or on behalf of the Debtor.

13.    All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. utilized by You to track the transactions with and balance between You and the Debtor.

14.    All detailed general ledgers reflecting activity or transactions between You and the Debtor.

15.    All Documents evidencing your rate of return, internal rate of return, or other measure of financial performance on each transaction with the Debtor.

16.    All financial statements, including but not limited to balance sheets, income statements, profit and loss statements, cash flow statements and footnotes and income tax returns, with all attachments, for You during the Time Period

17.    A listing of all collateral to which you allege You were secured against the Debtor's assets for each agreement.

18.    All Documents relating to all collateral to which You allege You were secured against the Debtor's assets.

19.    A listing of all assets, including accounts receivable, You assert were purchased by You from the Debtor.

20.    All Documents relating to all assets, including accounts receivable, You assert were purchased by You from the Debtor.

21.    All Documents relating to Your efforts to collect any amounts allegedly due on either the First Spin Contract, Second Spin Contract, or Third Spin Contract (as each is defined in the Adversary Complaint) from any of "Merchant's customers" (as used in each of the First Spin Contract, Second Spin Contract, or Third Spin Contract.

22.    All Communication relating to Your efforts to collect any amounts allegedly due on either the First Spin Contract, Second Spin Contract, or Third Spin Contract (as each is defined in the Adversary Complaint) from any of "Merchant's customers" (as used in each of the First Spin Contract, Second Spin Contract, or Third Spin Contract.

23.    All opinion letters issued to You or on your behalf regarding whether any relationship between You and the Debtor or any other entity was or was not usurious.

24.    Copies of all pleadings and substantive motions filed by you or against you, by any party where usury was raised as a claim or defense.

25.    If such lawsuits exist, then all correspondence between plaintiff(s) and defendant(s) and all expert reports that were exchanged regardless of whether prepared by a plaintiff or defendant and regardless of whether filed with court or entered into evidence.

26.    All Documents evidencing any defenses you may have to any avoidance action.

27.    All Documents evidencing all agreements, transactions, contracts, or otherwise

7

memorializing any relationship between you and Karma Broward.

28.     All Communications between You and Karma Broward, including but not limited to text messages or email communications.

29.     All Documents evidencing the receipt of money by You from Karma Broward including Documents evidencing the basis for receipt of such money.

30.     All Documents necessary to provide a complete accounting of all money sent to or on behalf of Karma Broward or received by you from or on behalf of Karma Broward.

31.     All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. utilized by You to track the transactions with and balance between You and Karma Broward.

32.     All detailed general ledgers reflecting activity or transactions between You and Karma Broward.

33.     All Documents evidencing your rate of return, internal rate of return, or other measure of financial performance on each transaction with Karma Broward.

34.     All Documents evidencing all agreements, transactions, contracts, or otherwise memorializing any relationship between you and Karma Palm Beach.

35.     All Communications between You and Karma Palm Beach, including but not limited to text messages or email communications.

36.     All Documents evidencing the receipt of money by You from Karma Palm Beach including Documents evidencing the basis for receipt of such money.

37.     All Documents necessary to provide a complete accounting of all money sent to or on behalf of Karma Palm Beach or received by you from or on behalf of Karma Palm Beach.

38.     All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. utilized by You to track the transactions with and balance between You and Karma Palm Beach.

39.     All detailed general ledgers reflecting activity or transactions between You and Karma Palm Beach.

40.     All Documents evidencing your rate of return, internal rate of return, or other measure of financial performance on each transaction with the Debtor.

41.     All Documents received at the email address Reconciliations@spincapital.com from April of 2018 through the date of this notice.

42.     All Documents between You and any Merchant received at the email address Reconciliations@spincapital.com from April of 2018 through the date of this notice.

43.     All Documents evidencing any adjustments to a Merchant's Remittance, as defined in the Revenue Purchase Agreement, given to any Merchant from January 2021 through the date of this notice.

44.   All Documents, pleadings, and final orders, including judgments, entered for or against You in which a Revenue Purchase Agreement or similar Merchant Cash Advance agreement was being enforced by You against a Merchant.

45.   All Documents, pleadings. and final orders, including judgments, entered for or against You in which You were being sued by a Merchant in which Revenue Purchase Agreement or similar Merchant Cash Advance agreement was raised or otherwise discussed in any Pleading or Order.

46.   All Documents you received from any state or federal agency investigating Your business practices.

47.   All Documents you provided to any state or federal agency investigating Your business practices.

48.   All Documents relating to Wing Lake.

49.   All Communications between You and Wing Lake.

50.   All Communications between You and any third-party relating to Wing Lake.

51.   All Communications relating to Wing Lake.

52.   All Documents and Communications relating to the Hi Bar Transfer Agreement (as defined in the Adversary Complaint).

53.   All Documents that dispute any of the allegations contained in the Adversary Complaint.

54.   All Communications between You and Scott Zankl.

55.   All Documents, including Communications, between You and Hi Bar Capital, including internal and external Documents and Communication regarding any Revenue Purchase Agreement or similar Merchant Cash Advance agreement, settlement agreement, agreement to transfer balance, revenue sharing agreement, profit sharing agreement, attorney-client retainer agreements related, directly or indirectly, to the Debtor.

56.   All Documents, including Communications, between You and Hi Bar Capital, including internal and external Documents and Communication regarding any Revenue Purchase Agreement or similar Merchant Cash Advance agreement, settlement agreement, agreement to transfer balance, revenue sharing agreement, profit sharing agreement, attorney-client retainer agreements related, directly or indirectly, to any entity other than the Debtor.

57.   All Documents, including Communications, between You and Hi Bar Capital, including internal and external Documents and Communication regarding any Revenue Purchase Agreement or similar Merchant Cash Advance agreement, settlement agreement, agreement to transfer balance, revenue sharing agreement, profit sharing agreement, attorney-client retainer agreements related, directly or indirectly, to the collection of any debt owed to You and/or HI Bar Capital by any counter-signor to a Revenue Purchase Agreement or similar Merchant Cash Advance agreement, or settlement agreement.

58.     All Documents, including Communications, between You and any Person that provided funding, directly or indirectly, for any Merchant Cash Advance Agreement, in which Spin was the broker, agent, participant, purchaser or buyer, or was a contracting party.

59.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Yisroel Herbst from May 1, 2021, forward.

60.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Mordechai Dov Ber Herbst a/k/a Mordi Herbst from May 1, 2021, forward.

61.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Yoel Getter from May 1, 2021, forward.

62.     All Documents and Communications between You and Regency Capital, LLC, whether such name is a legal entity, assumed named, or a used name from May 1, 2021, forward.

63.     All Documents and Communications between You and Blink Supplies, Inc whether such name is a legal entity, assumed named ,or a used name from May 1, 2021, forward.

64.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Alain Kupperman from May 1, 2021, forward.

65.     All Documents and Communications between You and Madison Holdings, LLC whether such name is a legal entity, assumed named, or a used name from May 1, 2021, forward.

66.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Yaakov Twerski from May 1, 2021, forward.

67.     All Documents and Communications between You and JSA Group Holdings, LLC, whether such name is a legal entity, assumed named, or a used name, from May 1, 2021, forward.

68.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Robert Kaszovitz, from May 1, 2021, forward.

69.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Schaul Neumann, from May 1, 2021, forward.

70.     All Documents and Communications between You and Lefko Funding LLC, whether such name is a legal entity, assumed named, or a used name from May 1, 2021, forward.

71.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Samuel Lefkovits from May 1, 2021, forward.

72.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Robert Kaszovitz from May 1, 2021, forward.

73.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Alain Kupperman, from May 1, 2021, forward.

74.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as, Benjamin Lefkovits, from May 1, 2021, forward.

75.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Shaye Brauner, from May 1, 2021, forward.

76.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Isere Halberthal, from May 1, 2021, forward.

77.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Margareta Wolf, from May 1, 2021, forward.

78.     All Documents and Communications between You and Cedar Advance LLC, a Delaware LLC from May 1, 2021 forward.

79.      All Documents and Communications between You and BMF Advance LLC, a New York LLC from May 1, 2021 forward.

80.     All Documents and Communications between You and Kingdom Kapital, a New York LLC from May 1, 2021 forward.

81.     All Documents and Communication between You and Business Merchant Funding from May 1, 2021 forward

82.     All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Gabe Isacoff, from May 1, 2021, forward.

83.     All statements, account ledgers, check registers, canceled checks, wire transfer devices, and account agreements associated with any of Your account(s) at Optimum Bank from January 1, 2021 forward.

84.     All statements, canceled checks, wire transfer devices, and account agreements associated with any of Your account(s) at TD Bank from January 1, 2021 forward.

85.     All statements, account ledgers, check registers, canceled checks, wire transfer devices, account agreements associated with any of Your account(s) at Bank of America Securities from January 1, 2021 forward. In the March 15, 2024 deposition, in which Avrumi Lubin testified, regardless of whether in his individual or corporate capacity,  in the case styled *FVP Opportunity Fund III, LP v. Karma of Broward, et al.*, Case No CACE-22-05125, Avrumi Lubin referred to an account with "Bank of America Securities." This requests information about the account(s) and institution referred to during that testimony.

86.     All statements, account ledgers, check registers, canceled checks, wire transfer devices, account agreements associated with Your account at Merrill Lynch from January 1, 2021 forward. In March 15, 2024, deposition in which Avrumi Lubin testified, regardless of whether in his individual or corporate capacity in the case styled *FVP Opportunity Fund III, LP v. Karma of Broward, et al.*, Case No CACE-22-05125, Avrumi Lubin referred to an account with "Merrill Lynch."  This requests information about the account(s) and institution referred to during that testimony.

11

87.     All Documents and Correspondence between You and Excell Auto Sport and Services, LLC.

88.     All "sheets" including an Excel sheets referred to in the March 15, 2024, deposition in which Avrumi Lubin testified, regardless of whether in his individual or corporate capacity in the case styled FVP Opportunity Fund III, LP v. Karma of Broward, et al., Case No CACE-22-05125, regarding how the transfer and/or transmission, of money from, or between, You and any other entity was kept track of and/or was completed.  This request is from January 1, 2021, forward.

89.     All Documents and Correspondence between You and any underwriter for any of the Merchant Cash Advance agreements with the Debtor.

12

APPENDIX 1 – SEARCH TERMS

"Excell"
"Excell Auto Group"
"EAG"
"5617561933"
"15617561933"
"@excellauto.com"
"Scott Zankl"
"Kristen Zankl"
kzankl@comcast.net
Kzankl@att.net
"15612891558"
"5612891558"


"Franklin"
"Franklin Capital"
"Greg Nelson"
"Wing Lake"
gnelson@winglakecp.com
"Shaya Baum"
sbaum@winglakecp.com
"@winglakecp.com"


"Israel Herbst"
"Herbst"
"Hi Bar"
"Yoel Getter"
"Yoel"
Getter
"19175865739"
"9175865739"
"JL SPECIAL INVESTMENTS LLC"


"Pagani"

"Biltmore"
"Biltmore Consultants"
"Frank O'Donnell"
"*16125848155"
frank@biltmoreconsultants.com

"Jonathan Allayev"
"AJ Advance"

13

13472490820@s.whatsapp.net
"13472490820"
"3472490820"
"Diverse"
"Diverse Capital, LLC"
"Ariel Peretz"

"Kingdom Kapital"
"MMHKK, Inc."

"Empire Recovery"
"14137492917"
"4137492917"
"Joe Rangel"
Joe@empirerecover.com

"STEVEN ZAKHARYAYEV"
Steven@StevenZLaw.com
"9546054222"
"19546054222"


"Steven Wells"
Steve@wellspc.com
"17169834750"
"7169834750"

"Yisroel Herbst"
"Herbst"
"19175773882"
"9175773882"

| | |
|---|---|
| **From:** | Alan Crane |
| **To:** | begozi@egozilaw.com; bdervishi@wdpalaw.com; Luke T. Jacobs; Shanna Kaminski |
| **Cc:** | Jason Rigoli; Yesenia Fernandez-Vivas |
| **Subject:** | Excell Auto Group, Mehdipour v. Hi Bar Capital, LLC et al. Adv. Case No. 23-01132-EPK |
| **Date:** | Friday, August 9, 2024 3:13:37 PM |
| **Attachments:** | image001.png<br>Request for Production of Docs to Spin Final.pdf |

**Notice of Service of Court Document**

| | |
|---|---|
| **Attached herein:** | *First Request for Production of Documents to Spin Capital LLC* |
| **Service Date** | *August 9, 2024* |
| **COURT:** | **United States Bankruptcy Court, Southern District of Florida, West Palm Beach Division** |
| **Debtors** | *Excell Auto Group, Inc.* |
| **CASE NO:** | **22-12790-EPK  Adversary Case No. 23-01132-EPK** |
| **SENDER:** | **Alan R. Crane, Esq.**<br>**Counsel for Trustee/Plaintiff**<br>**(561) 395-0500** |



Alan R. Crane
Attorney At Law
Furr Cohen
2255 Glades Road, Suite 419A
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
Email: ACrane@furrcohen.com

******PLEASE NOTE CHANGE IN SUITE NO.

**EXHIBIT**
**2**