UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.

     Debtor.

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

     Plaintiff,

v.

HI BAR CAPITAL, LLC, et al.,

     Defendant(s).

_____/

Case No.: 22-12790-EPK
Chapter 7

Adv. Pro. No. 22-01132-EPK

**AMENDED MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND REQUEST FOR SANCTIONS**

Nicole Testa Mehdipour ("**Plaintiff**"), Chapter 7 trustee for the estate of Excell Auto Group, Inc., and Plaintiff in this adversary proceeding, by and through undersigned counsel, moves this Court for an order compelling the Defendant, Spin Capital, LLC ("**Spin**"), to respond and produce all responsive documents to the *Plaintiff's First Request for Production Pursuant to Federal Rule of Bankruptcy Procedure 7034*, **Composite Exhibit 1** ("**RFP**"), and respectfully states as follows:

**BACKGROUND**

1. On August 9, 2024, Plaintiff, through counsel, served the RFP on counsel for Spin, via e-mail. **Composite Exhibit 1**. The due date for Spin to respond to the RFP and produce was September 9, 2024.

1

2.     On September 18, 2024, Plaintiff filed *Expedited Motion to Compel Production of Documents and Request for Sanctions* [ECF No. 125] (the "**Original Motion**").  Prior to the filing of the Original Motion, Plaintiff's Special counsel had multiple conversation with various counsel for Spin, with the most recent video conference conversation with attorney Kaminski on Monday, September 16, 2024 and a phone conference on September 18, 2024.

3.     Spin's counsel notified Special Counsel that Spin had been provided the RFP but had not responded or provided any documents. Notwithstanding, undersigned counsel provided until September 17, 2024, to begin producing documents to avoid filing the Original Motion. Spin had not provided any responses to or produced any documents to the RFP.

4.     The Original Motion was set for hearing on September 25, 2024, however, upon Spin's newly retained counsel representing that a substantial production would be made the same day, Plaintiff agreed to continue the hearing to October 2, 2024.

A.  **Spin's Woeful Production Prior to the October 2nd Hearing**

5.     Spin produced documents on September 25, 2024, consisting of more than 32,000 files.  Except for 13 native files, 11 Excel Spreadsheets and 2 PDFs, the remaining items were non-searchable .tif or .jpg files.  The reason for the large number of "items" produced is because each page of every document produced was a separate file.  For example, if document 1 was 100 pages long, then there 100 separate files.  All of the files produced were named by the "bates number" assigned to each page, i.e., SPIN_000001, SPIN_000002…SPIN_0000100.

6.     Spin did not provide a formal response along with the original production, therefore, undersigned counsel had to sift through all the items produced to try to determine what each document was.  This was an impossible task, and Special Counsel is unable to determine which requests most of the documents are purportedly responsive.

7.      Furthermore, the 2 PDF "Native" files provided by Spin are independently password protected.  On September 27, 2024, Special Counsel requested the passwords for each file and has received no response.  On October 8, 2024, undersigned counsel sent a follow up e-mail.  Spin's counsel responded on October 10, 2024, but has been unable to provide the passwords.

8.      Notwithstanding, because of the volume of documents and Plaintiff's inability to specifically identify what had not been produced, the Court ordered Spin to provide a written response by October 7, 2024, and the Plaintiff file this Amended Motion by October 10, 2024. *See Order Granting in Part the Expedited Motion to Compel and for Sanctions* [ECF No. 143].

9.      On October 4, 2024, Spin's e-discovery team and Plaintiff's third-party eDiscovery team, KL Discovery, coordinated to have Spin's original production delivered to KLDiscovery to be hosted on its Nebula platform.

10.     The upload to Nebula reduced the more than 32,000 items to 3,016 items.  The upload to Nebula does not change the manner in which the production was made. The items are still not categorized to identify to which request each item was responsive.

B. **Spin's Written Response Compounds the Discovery Problems**

11.     On October 7, 2024, Spin served *Spin Capital, LLC's Response to Trustee's First Request for Production* ("**Spin's Response**"). A copy of Spin's Response is attached as **Exhibit 2**.

12.     Spin's Response is woefully inadequate and does not identify which documents are responsive to which requests.

**RELIEF REQUESTED**

13.     The Trustee seeks an order compelling adequate production and written response by Spin, along with monetary sanctions and non-monetary sanctions in the form of adverse inferences, and a declaration that all objections to requests in the RFP are waived.

**BASIS FOR RELIEF**

**I.     The Applicable Federal Rules of Procedure**

14.     The issue before this United States Bankruptcy Court is a matter purely of Federal Law and governed under the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure made applicable therein.  *See* Fed. R. Bankr. P. 7001, 7026, 7034, and 7037, which incorporate Rules 26, 34, and 37 of the Federal Rules of Civil Procedure.

**II.     Spin Waived All Objections**

   **a.   Failure to Respond Prior to Expiration of 30-day Period**

15.     Spin failed to timely respond and/or object to any of the RFP requests. Accordingly, Spin waived all objections to each of the RFP requests.

16.     Fed. R. Civ. P. 34(a) requires "[t]he party to whom the request is directed must respond in writing within 30-days after being served."  The response "must…state with specificity the grounds for objecting the request, including the reasons."  Fed. R. Civ. P. 34(b).

17.     Spin's deadline to respond and object was September 9, 2024.  Spin failed to timely respond and therefore waived all objections to any of the requests in the RFP.  *See LIMU Co., LLC v. Burling*, Case No. 6:12-cv-347-Orl-TBS, 2015 U.S. Dist. LEXIS 153257 at *1-2 (M.D. Fla., Nov. 12, 2015) ("As a general rule, in the absence of an extension of time for good cause, the failure of a party to object timely to interrogatories and production requests constitutes a waiver

4

of any objections the responding party may have.") (citations omitted). *Accord Watts v. Luedke*, Case No. 2023 U.S. Dist. LEXIS 231846 at *6-7 (S.D. Ga., Nov. 20, 2023) (holding same and collecting cases).

18.   Spin did not seek or obtain a Court order extending the response deadline, nor did the parties agree to an extension. Further, Spin's current counsel admitted at the October 2, 2024, hearing on the Original Motion, that Spin had not taken any action to respond to the RFP prior to the deadline.

19.   Accordingly, Spin waived all objections to the requests in the RFP.

**b.   Spin's Response Does Not Comply with the Rules and is a Non-Response**

20.   Spin has now filed a written response, almost 30 days late, and after being compelled by the Court to do so.

21.   The Spin Response fails to properly respond or raise objections and therefore does not cure any waiver from Spin's failure to timely respond.

22.   There are general defects that plague the entire Spin Response.

**i.   The Spin Responses Do Not Provide a Timeframe of Production**

23.   For each of Spin's responses in which it says it "will produce" documents, Spin does not provide a timeframe within which it proposes to make such a production as required by Fed. R. Civ. P. 34(b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."). *See Rovira v. Trattoria Romana, Inc.*, Case No.: 23-CV-80916-AMC/BER, 2024 U.S. Dist. LEXIS 11606 at *5 (S.D. Fla. Jan. 23, 2024) ("…saying that the party will produce, or make available for inspection, responsive materials at an indeterminate future date. This kind of statement is not an acceptable response.") (*citing* Fed. R. Civ. P. 34(b)(2)(B)).

24.     Spin's response to request number 1, is the only response in which Spin states there are no responsive documents. All other responses are silent on production or state the Spin will produce without more.

25.     Therefore, Spin's Response is generally non-responsive.

### ii. Spin's General Objections Violate Fed. R. Civ. P. 34(b)(2) and Local Rule 7026-1(E)(2)

26.     Spin's "General Objections" do not comply with Fed. R. Civ. P. 34(b)(2) or Local Rule 7026-1(E)(2) ("Such objection and grounds must be addressed to the specific interrogatory or request and may not be made generally.").

27.      Rule 34 requires responses to requests for production to:

a. State grounds for objections with **specificity**;

b. An objection must state whether any responsive materials are being withheld on the basis of that objection; and

c. Specify the time for production and, if a rolling production, when production will begin and when it will be concluded.

*See Fischer v. Forrest*, 2017 WL 773694, *2-4 (S.D.N.Y. Feb. 28, 2017) (*citing* Fed. R, Civ. P. 34(b)(2)(B)-(C); and 2015 Adv. Comm. Notes to Rule 34) (J. Peck) (emphasis added)).  The general objections do not satisfy any of the three requirements.

28.     Furthermore, most of Spin's "general objections" attempt to "preserve" or "not waive" objections to the requests in RFP and do not assert any specific objections to the requested documents or communications.

29.     Accordingly, the General Objections are of no consequence and should be stricken.

### iii. Formulaic Objections Followed by A Response are A Waiver of the Objection

30.     Formulaic objections followed by a response, result in a waiver of any objection and the response, if responsive, stands. *Rovira*, at *10-12.

6

31.    The following responses fall into this category, Spin Response, ¶¶ 2, 4, 5, 7, 9, 13, 15, 33, 40, 53, 59, 60, 61, 64, 66, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, and 82.

32.    Each one of these responses has additional deficiencies, including that there is no indication regarding the existence of documents or whether any documents have been withheld.

### iv.    Overly Broad, Vague, Burdensome, and Harassing

33.    Each one of these responses identified in paragraph 32, above, along with almost all other stated objections, are also defective because the objections "overly broad, vague, burdensome, and harassing," or some combination thereof, are asserted without a sufficient explanation. *See* Spin Response, ¶¶ 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 15, 16, 24, 25, 27, 28, 29, 30, 33, 34, 35, 36, 37, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, and 82.

34.    "Objections that state that a discovery request is 'vague, overly broad, or unduly burdensome' are, standing alone, meaningless, and will be stricken by the Court." *Rovira*, at *8.

35.    Most are joined together and followed by the statement " 'all' documents without any limitation in time or scope," without explaining which objection Spin is referring to or how Plaintiff's request for "all documents" is "overly broad, vague, burdensome, and harassing."

36.    The insincere nature of these objections is borne out by reviewing certain of the requests.  For example:

a.    **Request No. 2:** All Documents and Communications evidencing how You were introduced to the Scott Zankl (sic), including documents and communications between you and any third-party(ies)

The very nature of the request limits the time and scope, an "introduction" is not a request for everything encompassing a multiyear relationship, it is a point in time.

b.    **Request No. 3**: All Documents evidencing all agreements, transactions, contracts, or other otherwise memorializing any relationship between You and the Debtor.

7

This is could not be more straightforward of a request; to provide each writing of independent legal significance creating rights or obligations between Spin and the Debtor.

>    c. **Request No. 42:** All Documents between You and any Merchant received at the email address Reconciliations@spincapital.com from April of 2018 through the date of this Notice.

Spin objects, in part, as "overly broad unduly burdensome, harassing, and vague as it pertains to the email address Reconciliations@spincapital.com." Spin's Response, ¶ 42. It is inconceivable, how a specific email address, especially an email address Spin includes in each of its MCA Contracts that were attached to the Amended Complaint could be "vague."

37.    Accordingly, each one of Spin's objections based upon a request being "overly broad unduly burdensome, harassing, or vague" is improperly asserted and should be stricken.

### v.   Scope of Discovery Governed by Fed. R. Civ. P. 26(b)(1)

38.    Rule 26(b)(1) which governs the scope of discovery, was amended in 2015, and did away with "reasonably calculated to lead to the discovery of admissible evidence" standard entirely, and specifically included the final sentence "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) and 2015 Adv. Comm. Notes to Rule 26).

39.    "Generally, 'parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.' This encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Noshirvan v. Couture*, Case No.: 2:23-cv-1218-JES-KCD, 2024 U.S. Dist. LEXIS 166984 at *8 (M.D. Fla., Sept. 17, 2024) (internal citations omitted).

40.    The requests set forth in the RFP "bear[] on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in [this] case[,]." which is proceeding on the

Second Amended Complaint contains 28 counts, including Civil RICO, usury, and conspiracy claims among others.

41.     Furthermore, Spin's "relevancy" objections likewise are insufficient.  Fed. R. Civ. P. sets forth a very low threshold for relevancy.  *Kipperman v. Onex Corp.*, 2008 U.S. Dist. LEXIS 34519 at *28 (N.D. Ga. Apr. 25, 2008) (*citing United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002) ("The standard for what constitutes relevant evidence is a low one.")).

42.     Accordingly, each of the bare-bones objections related to "relevancy" or "admissibility" objections are improper and should be stricken.

43.     Each one of Spin Responses to Request Nos. 3, 10, 12, 16, 25, 28, 29, 30, 34, 35, 36, 37, 41, 42, 43, 44, 45, 48, 49, 50, 51, 55, 56, 57, 58, 62, 63, 65, 67, 78, 79, 80, 81, and 89, contains the unsubstantiated "overly broad, vague, burdensome, and harassing," or some combination thereof, followed by the following: "If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents to Request No. [ ]."

44.     Each of these responses has boiler plate objections, fails to identify whether any documents exist or are being withheld.  Accordingly, the objections set forth in these responses should be stricken.

### a.  **Request No. 26 and Spin's Non-Response**

45.     Request No. 26 asks for: "All Documents evidencing any defenses you may have to any avoidance action."  Spin's response to Request No. 26 is:

> SPIN objects to Request No. 26 as the parties have exchanged initial disclosures. Further, SPIN objects to this Request to the extent it seeks all documents to be used at trial. All documents to be used at trial in defense of the avoidance action herein will be produced in accordance with the Court's pre-trial order setting forth the parameters for the exchange of exhibit lists.

46. The exchange of initial disclosures is not a basis to object to a Request for Production. Spin's "to the extent that" objection does not address whether, in fact, the request calls for non-discoverable evidence. In fact, Spin reads words into the request that are not there.

47. Request No. 26 could not be more innocuous or relevant. Spin has raised defenses to the avoidance claims asserted by the Trustee, presumably Spin has bases to support those defenses, and the Trustee has requested documents Spin relied on as support for its defenses. Request No. 26 does not ask for documents Spin intends on introducing at trial. The Trustee is entitled to conduct discovery and investigate Spin's defenses and is not required to wait until trial before seeing the requested information.

48. Spin's response contains no other information on whether there are any responsive documents or what has been withheld.

### c.   Request No. 53 and Spin's Non-Response

49. Request No. 53, requests "[a]ll Documents that dispute any of the allegations contained in the Adversary Complaint." Spin's response again reads words into the request and objects "to the extent that it seeks all documents to be used at trial." Spin's objection is improper and should be stricken.

50. Further, Spin follows up the objection with a response that it will produce documents, thereby further waiving any objection.

### III.   Spin's Data Dump and Improper Production of Document

51. As stated above and raised at the October 2, 2024, hearing, Spin's original production of more than 32,000 items was a data dump of non-searchable image files, with each file being a single page of a document, despite the RFP instructions that ESI be "produced in its native format unless otherwise agreed along with all metadata from each[,]" RFP, p. 3, § I(C), and the requirements of Fed. R. Civ. P. 34(b)(2)(E).

52.    After the October 2, 2024, hearing the parties and their respective IT teams coordinated and Spin's production was uploaded to KLDiscovery's Nebula platform.  The production went from more than 32,000 items to 3,016.

53.    Since the October 2, 2024, hearing the Trustee has uncovered additional issues with the production.

54.    The items produced do not appear to be in their native format or how they were kept in the usual course of business.  Furthermore, there appears to be a spoliation of metadata. For example, attached as **Exhibit 3,** is a compiled screenshot of SPIN_001483 and SPIN_001484 in the Nebula platform.

55.    The image of SPIN_001483 is an e-mail from Scott Zankl to Josh Lubin dated July 28, 2021 at 10:15:06 PM with an attachment titled "Attachment-1.pdf". The metadata Date App dates do not match the e-mail date: "Date App Created" is March 7, 2022 (2022-03-07), "Date App Modified" is February 19, 2024 (2024-02-19), and "Date Nebula Default" is February 19, 2024 (2024-02-19) and there are no time stamps listed.

56.    Further there is no family range, which means the attachment to the e-mail "Attachment-1.pdf" does not show as a family and the Trustee and her professionals are required to review the metadata and match up the documents.

57.    The metadata for "Attachment-1.pdf" is also missing the time stamps.

58.    All of the production is missing the "custodian" data.

59.    Spin's production fails to comply with any of the applicable rules of procedure or the instructions set forth in the RFP.

11

**CERTIFICATION UNDER FED. R. CIV. P. 37 AND LOCAL RULE 7026-1(E) AND (F)**

60.    As detailed above undersigned counsel has conferred with Spin's counsel to resolve this discovery dispute without court intervention prior to the filing of the Original Motion. Undersigned counsel further conferred with Spin's counsel on October 8, 2024, but to date has not been able to get this matter resolved.

**IV.    Conclusion**

61.    It is clear Spin has not acted in good faith in the course of discovery in this adversary proceeding, has not timely responded or objected, and the Amended Motion should be granted and the monetary and non-monetary sanctions under Fed. R. Civ. P. 37(a)(5) and (d) set forth in the prayer for relief should be granted.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an order:

(a)    Granting this Amended Motion;

(b)    Because Spin has not identified which requests the documents that were produced in the Original Production were responsive to and Spin has only expressly stated that there are no responsive documents to Request No. 1, and the Plaintiff has no ability to determine whether a complete production has been made with respect to any of Request Nos. 2 through 89, compelling Spin to produce all responsive documents to the Trustee within five (5) days of the entry of the order granting this Amended Motion, in native format and text along with the updated DAT file with the standard Concordance metadata fields set forth in **Exhibit 4**, attached hereto, along with providing a written response identifying which of the documents produced are responsive to the specific requests in the RFP;

(c)    Declaring all objections waived because Spin did not timely and properly raise any objections to any of the requests in the RFP;

12

(d)     Awarding the Trustee monetary sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A) for all fees and costs incurred in connection with this discovery dispute from and after September 9, 2024, including but not limited to preparing the Original Motion, appearing at hearings, meet and confers, reviewing the Original Production of documents, preparing orders, and preparing this Amended Motion;

(e)     Awarding the Trustee non-monetary sanctions under Fed. R. Civ. P. 37(d), which incorporates Fed. R. Civ. P. 37(b)(2), in the form of an adverse inferences conclusively establishing that: (i) each of the Spin Contracts constitutes a criminally usurious loan charging interest in excess of 50% per annum that was disguised as a "Revenue Purchase Agreement" to avoid applicable usury laws, (ii) that each of the Spin Contracts was void ab initio; (iii) that Florida usury law applies to the transactions between Spin and the Debtor and each of the Spin Contracts is not otherwise specifically allowed by law as contemplated by Florida Statute § 687.071(3) and (4); (iv) that Spin intentionally concealed and transferred the balance of the Third Spin Contract to Hi Bar to defraud Franklin; and (v) that Spin is an "enterprise" under 18 U.S.C. § 1961(4); and

(f)     Granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 10th day of October 2024.

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

BY:   /s/ *Jason S. Rigoli*
        Alan R. Crane, Esq.
        Florida Bar No.: 0963836
        E-mail: acrane@furrcohen.com
        Jason S. Rigoli, Esq.

13

Florida Bar No.: 91990
E-mail: jrigoli@furrcohen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this adversary proceeding.

Dated: October 10, 2024

By: */s/ Jason S. Rigoli*
Jason S. Rigoli