UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

**EXHIBIT 2**

In re:                                                          Case No.: 22-12790-EPK
                                                                Chapter 7
EXCELL AUTO GROUP, INC.

     Trustee.
_____/

NICOLE TESTA MEHDIPOUR,                    Adv. Case No. 23-01132-EPK
Chapter 7 Trustee for EXCELL AUTO
GROUP, INC.,

     Plaintiff,
v.

HI BAR CAPITAL, LLC, et al.,

     Defendant(s).
_____/

**SPIN CAPITAL, LLC'S RESPONSE TO
TRUSTEE'S FIRST REQUEST FOR PRODUCTION**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 26 and 34, made applicable by Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, Spin Capital, LLC ("**SPIN**"), by and through its undersigned counsel, hereby responds to Nicole Testa Mehdipour, Chapter 7 Trustee for Excell Auto Group, Inc. (the "**Trustee**") *First Request for Production pursuant to Federal Rule of Bankruptcy Procedure 7034*.

**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

SPIN makes the following general objections (the "**General Objections**") which may apply to all of the Requests, as well as the Instructions and Definitions set forth in the Requests. These General Objections may be specifically referenced in the responses to the Requests for purposes of clarity.  Any omission to specifically refer to a general objection, however, should not

be construed as a waiver of that General Objection.  By responding to any of the Requests, SPIN in no way intends to waive any of its General Objections.

1.      To the extent that SPIN produces documents in response to the Requests they do so without conceding the materiality, authenticity, admissibility or relevance of any such documents, or of any other substantive responses to the Requests.

2.      SPIN reserves the right to object to the use of these responses and of any documents produced in connection herewith, if any, at any time, including at the time of trial or as otherwise permitted by the rules or orders of the Court.

3.      SPIN reserves the right to supplement, amend, modify or correct these responses, objections and production of documents, if any, as additional information and/or documents are identified and/or become available.

4.      In providing these responses and objections, SPIN does not waive and hereby reserve the right to assert any and all applicable  objections to the admissibility of each and every document produced or referred to in response to the Requests.  Any  lack of objection to any portion of the Requests is not to be deemed a waiver.

5.      The inadvertent production of any document by SPIN pursuant to the Requests shall not be deemed or construed as a waiver of any privilege, right or obligation of SPIN, and they reserve their rights to demand that the Trustee promptly return to them any such document and all copies thereof.  If it is discovered that information subject to a claim of privilege is inadvertently or mistakenly produced, the Trustee will provide written notice of the inadvertent or mistaken production and the Trustee will return the information within three (3) business days of such request and all copies of inadvertently or mistakenly produced documents (electronic, hard copy,

or otherwise) will be destroyed, and any document, material, or information reflecting the contents of the inadvertently produced information will be expunged.

6.      SPIN reserves the right to redact non-responsive and/or privileged material from any document otherwise responsive to the request that may be produced in response hereto.

7.      SPIN objects to each Request to the extent it purports to require the Trustee to produce or to provide information or documents not within their possession, custody or control.

### DOCUMENTS REQUESTED

1. Copies of all advertisements or marketing materials you published or had published for the period beginning 60 days prior to the date you first transacted business with the Debtor through the petition date.

   **RESPONSE:**

   None. SPIN does not have documents responsive to this request as it does not use advertisements or marketing materials in its ordinary course of business.

2. All Documents and Communications evidencing how You were introduced to the Scott Zankl, including documents or communications between You and any third-party(ies).

   **RESPONSE:**

   SPIN objects to Request No. 2 as overly broad, unduly burdensome, and harassing in seeking "all" documents and correspondence without any limitation in time or scope.

   Subject to and without waiver of the foregoing objections and the General Objection, SPIN will produce responsive, non-privileged documents in response to Request No. 2.

3. All Documents evidencing all agreements, transactions, contracts, or otherwise memorializing any relationship between you and the Debtor.

   **RESPONSE:**

   SPIN objects to Request No. 3 as overly broad, vague, unduly burdensome, and harassing because it seeks "all" documents "relating to all agreements" without any limitation in time or scope. SPIN also objects to this Request to the extent it seeks documents or communications that are irrelevant, not reasonably calculated to lead to the discovery of

admissible evidence, and/or protected by attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents within the time frame called for under the applicable and governing rules in response to Request No. 3.

4. All Documents evidencing all Your past and present officers, directors, owners, and any person that was in Management or Control of You from January of 2021 through the date of production.

**RESPONSE:**

SPIN objects to Request No. 4 as vague, particularly with respect to the terms "Management or Control of You." SPIN further objects to Request No. 4 to the extent it seeks irrelevant information or documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, to the extent the Request seeks the names of officers, directors, owners from January 2021 to date, SPIN will produce responsive, non-privileged documents responsive to this Request.

5. All Documents evidencing any person that provided money or other property which were directly or indirectly used by You to fund any agreement(s) between you and the Debtor.

**RESPONSE:**

SPIN objects to Request No. 5 as irrelevant and disproportionate to the needs of the case. SPIN also objects to the extent the Request seeks confidential, proprietary, or privileged information. SPIN reserves the right to produce such information only under a confidentiality agreement or protective order.

Subject to and without waiver of the foregoing objections and the General Objections SPIN will produce responsive, non-privileged documents responsive to this Request.

6. All Documents setting forth Your internal procedures and/or decision-making process(es) for funding any transaction.

**RESPONSE:**

SPIN objects to Request No. 6 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope. SPIN further objects to Request No. 6 as irrelevant and to the extent it seeks confidential, proprietary, or privileged information.

7. All Documents You received from the Debtor prior to entering into each agreement between You and the Debtor.

   **RESPONSE:**

   SPIN objects to Request No. 7 as overly broad and unduly burdensome to the extent is seeks all documents without any limitation in scope.  SPIN further objects to Request No. 7 to the extent it seeks irrelevant documents and to the extent it seeks documents that are confidential, proprietary, or privileged.

   Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request.

8. All Documents and Communications relating to your decision to enter and fund each agreement between You and the Debtor.

   **RESPONSE:**

   SPIN objects to Request No. 8 as overly broad, unduly burdensome, vague, and harassing seeking "all" documents without any limitation in time or scope. Additionally, SPIN objects to the extent that the Request seeks proprietary, privileged or confidential documents.

9. All Documents evidencing any person that received funds or property, directly or indirectly, from any funds or other property You received from the Debtor.

   **RESPONSE:**

   SPIN objects to Request No. 9 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope. SPIN also objects to the extent that this Request seeks confidential or proprietary business information.

   Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request subject to a confidentiality agreement or protective order as needed.

10. All Communications between You and the Debtor.

    **RESPONSE:**

    SPIN objects to Request No. 10 as overly broad, unduly burdensome, and harassing in seeking "all" correspondence without any limitation in time or scope in seeking "all" documents without any limitation in time or scope.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will produce responsive, non-privileged documents in response to Request No. 10.

11. All Documents evidencing the receipt of money by You from the Debtor including Documents evidencing the basis for receipt of such money.

**RESPONSE:**

SPIN will produce responsive, relevant, non-privileged documents in response to Request No. 11.

12. All Documents necessary to provide a complete accounting of all money received by you from or on behalf of the Debtor.

**RESPONSE:**

SPIN objects to Request No. 12 as overly broad, vague, unduly burdensome, and harassing in seeking "all" documents to "provide a complete accounting" without any limitation in time or scope. Additionally, SPIN objects to the extent the Request seeks confidential, proprietary, or privileged information. SPIN reserves the right to produce such information only under a confidentiality agreement or protective order.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, relevant, non-privileged documents within the time frame called for under the applicable and governing rules in response to Request No. 12.

13. All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. utilized by You to track the transactions with and balance between You and the Debtor.

**RESPONSE:**

SPIN objects to this Request to the extent it seeks confidential, proprietary, or privileged information.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 13 subject to a confidentiality agreement or protective order as needed.

14. All detailed general ledgers reflecting activity or transactions between You and the Debtor.

**RESPONSE:**

SPIN will produce responsive, non-privileged documents in response to Request No. 14.

15. All Documents evidencing your rate of return, internal rate of return, or other measure of financial performance on each transaction with the Debtor.

    **RESPONSE:**

    SPIN objects to Request No. 15 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope. SPIN further objects to Request No. 15 to the extent it seeks documents or information that are not relevant to the claims or defenses in this case. Additionally, SPIN objects to this Request as seeking confidential, proprietary, or privileged documents.

    Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 15 subject to a confidentiality agreement or protective order as needed.

16. All financial statements, including but not limited to balance sheets, income statements, profit and loss statements, cash flow statements and footnotes and income tax returns, with all attachments, for You during the Time Period

    **RESPONSE:**

    SPIN objects to Request No. 16 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope. SPIN further objects to the Request to the extent it seeks irrelevant information, is not proportional to the needs of the case, and/or seeks documents that are confidential, proprietary, or otherwise privileged, particularly to the extent it seeks the personal financial information of Mr. Lubin.

    If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 16.

17. A listing of all collateral to which you allege You were secured against the Debtor's assets for each agreement.

    **RESPONSE:**

    SPIN will produce responsive, non-privileged documents in response to Request No. 17.

18. All Documents relating to all collateral to which You allege You were secured against the Debtor's assets.

    **RESPONSE:**

    SPIN will produce responsive, non-privileged documents in response to Request No. 18.

19. A listing of all assets, including accounts receivable, You assert were purchased by You from the Debtor.

**RESPONSE:**

SPIN will produce responsive, non-privileged documents in response to Request No. 19.

20. All Documents relating to all assets, including accounts receivable, You assert were purchased by You from the Debtor.

**RESPONSE:**

SPIN will produce responsive, non-privileged documents in response to Request No. 20.

21. All Documents relating to Your efforts to collect any amounts allegedly due on either the First Spin Contract, Second Spin Contract, or Third Spin Contract (as each is defined in the Adversary Complaint) from any of "Merchant's customers" (as used in each of the First Spin Contract, Second Spin Contract, or Third Spin Contract.

**RESPONSE:**

SPIN will produce responsive, non-privileged documents in response to Request No. 21.

22. All Communication relating to Your efforts to collect any amounts allegedly due on either the First Spin Contract, Second Spin Contract, or Third Spin Contract (as each is defined in the Adversary Complaint) from any of "Merchant's customers" (as used in each of the First Spin Contract, Second Spin Contract, or Third Spin Contract.

**RESPONSE:**

See response to Request No. 21.

23. All opinion letters issued to You or on your behalf regarding whether any relationship between You and the Debtor or any other entity was or was not usurious.

**RESPONSE:**

SPIN objects to Request No. 23 as the Request is seeking irrelevant documents or documents not proportional to the needs of the case. Additionally, SPIN objects to the extent that the Request seeks documents that are confidential, proprietary, and/or privileged.

24. Copies of all pleadings and substantive motions filed by you or against you, by any party where usury was raised as a claim or defense.

8

**RESPONSE:**

SPIN objects to Request No. 24 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope which documents are public records accessible to the Trustee. SPIN also objects to the Request as seeking irrelevant documents or documents not proportional to the needs of the case.

25. If such lawsuits exist, then all correspondence between plaintiff(s) and defendant(s) and all expert reports that were exchanged regardless of whether prepared by a plaintiff or defendant and regardless of whether filed with court or entered into evidence.

**RESPONSE:**

SPIN objects to Request No. 25 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope. SPIN further objects to the Request as seeking irrelevant documents or documents not proportional to the needs of the case. SPIN also objects to this Request to the extent it seeks privileged, confidential or proprietary business information. SPIN reserves the right to produce such information only under a confidentiality agreement or protective order.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 25.

26. All Documents evidencing any defenses you may have to any avoidance action.

**RESPONSE:**

SPIN objects to Request No. 26 as the parties have exchanged initial disclosures. Further, SPIN objects to this Request to the extent it seeks all documents to be used at trial. All documents to be used at trial in defense of the avoidance action herein will be produced in accordance with the Court's pre-trial order setting forth the parameters for the exchange of exhibit lists.

27. All Documents evidencing all agreements, transactions, contracts, or otherwise memorializing any relationship between you and Karma Broward.

**RESPONSE:**

SPIN objects to Request No. 27 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope. SPIN also objects to the Request as seeking irrelevant documents or documents not proportional to the needs of the case. Additionally, SPIN objects to the extent that the Request seeks documents already produced or in the Trustee's possession, custody, or control, as requiring further production would be unduly burdensome.

28. All Communications between You and Karma Broward, including but not limited to text messages or email communications.

**RESPONSE:**

SPIN objects to Request No. 28 as overly broad, unduly burdensome, and harassing in seeking "all" correspondence without any limitation in time or scope. SPIN further objects to the Request to the extent it seeks irrelevant information or documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 28.

29. All Documents evidencing the receipt of money by You from Karma Broward including Documents evidencing the basis for receipt of such money.

**RESPONSE:**

SPIN objects to Request No. 29 as overly broad, unduly burdensome in seeking "all" documents without any limitation in time or scope. SPIN further objects to the extent the Request seeks irrelevant documents or information not proportional to the needs of the case. SPIN also objects to the Request to the extent it seeks confidential or privileged information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 29.

30. All Documents necessary to provide a complete accounting of all money sent to or on behalf of Karma Broward or received by you from or on behalf of Karma Broward.

**RESPONSE:**

SPIN objects to Request No. 30 as overly broad, unduly burdensome, harassing in seeking "all" documents without any limitation in time or scope and a "complete accounting" without further explanation. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents to Request No. 30.

31. All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. utilized by You to track the transactions with and balance between You and Karma Broward.

10

**RESPONSE:**

SPIN will produce responsive, non-privileged documents in response to Request No. 31.

32. All detailed general ledgers reflecting activity or transactions between You and Karma Broward.

**RESPONSE:**

SPIN will produce responsive, non-privileged documents in response to Request No. 32.

33. All Documents evidencing your rate of return, internal rate of return, or other measure of financial performance on each transaction with Karma Broward.

**RESPONSE:**

SPIN objects to Request No. 33 as overly broad, unduly burdensome, harassing, and vague, particularly with respect to the terms "rate of return, internal rate of return, or other measure of financial performance." SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks privileged, confidential or proprietary business information.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request 33 subject to a confidentiality agreement or protective order as needed.

34. All Documents evidencing all agreements, transactions, contracts, or otherwise memorializing any relationship between you and Karma Palm Beach.

**RESPONSE:**

SPIN objects to Request No. 34 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope. SPIN also objects to the Request as seeking irrelevant documents or documents not proportional to the needs of the case. Additionally, SPIN objects to the Request to the extent it seeks documents already produced or in the Trustee's possession, custody, or control.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents within the time frame called for under the applicable and governing rules in response to Request No. 34.

35. All Communications between You and Karma Palm Beach, including but not limited to text messages or email communications.

11

**RESPONSE:**

SPIN objects to Request No. 35 as overly broad, unduly burdensome, and harassing in seeking "all" correspondence without any limitation in time or scope. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents within the time frame called for under the applicable and governing rules in response to Request No. 35.

36. All Documents evidencing the receipt of money by You from Karma Palm Beach including Documents evidencing the basis for receipt of such money.

    **RESPONSE:**

    SPIN objects to Request No. 36 as overly broad, unduly burdensome, harassing in seeking "all" documents without any limitation in time or scope.  SPIN also objects to the Request to the extent it seeks irrelevant information or documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN further objects to the extent the Request seeks confidential, proprietary, or privileged information.

    If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 36.

37. All Documents necessary to provide a complete accounting of all money sent to or on behalf of Karma Palm Beach or received by you from or on behalf of Karma Palm Beach.

    **RESPONSE:**

    SPIN objects to Request No. 37 as overly broad, unduly burdensome, harassing in seeking "all" documents without any limitation in time or scope and a "complete accounting" without further explanation. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

    If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents within the time frame called for under the applicable and governing rules in response to Request No. 37.

38. All Documents, including but not limited to data, ledgers, lists, spreadsheets, etc. utilized by You to track the transactions with and balance between You and Karma Palm Beach.

**RESPONSE:**

SPIN will seek produce responsive, non-privileged documents in response to Request No. 38.

39. All detailed general ledgers reflecting activity or transactions between You and Karma Palm Beach.

**RESPONSE:**

SPIN will seek produce responsive, non-privileged documents in response to Request No. 39.

40. All Documents evidencing your rate of return, internal rate of return, or other measure of financial performance on each transaction with the Debtor.

**RESPONSE:**

SPIN objects to Request No. 40 as overly broad, unduly burdensome, vague, and harassing, particularly with respect to the terms "rate of return, internal rate of return, or other measure of financial performance on each transaction." SPIN further objects to the extent the Request seeks irrelevant documents or information not proportional to the needs of the case. SPIN also objects to the Request to the extent it seeks confidential, proprietary or privileged information.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 40 subject to a confidentiality agreement or protective order as needed.

41. All Documents received at the email address Reconciliations@spincapital.com from April of 2018 through the date of this notice.

**RESPONSE:**

SPIN objects to Request No. 41 as overly broad, unduly burdensome, harassing. SPIN further objects to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information. SPIN reserves the right to produce such information only under a confidentiality agreement or protective order.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 41.

13

42. All Documents between You and any Merchant received at the email address Reconciliations@spincapital.com from April of 2018 through the date of this notice.

    **RESPONSE:**

    SPIN objects to Request No. 42 as overly broad, unduly burdensome, harassing, and vague as it pertains to the email address Reconciliations@spincapital.com. SPIN further objects to the Request to the extent it seeks irrelevant documents or documents not proportional to the needs of the case. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

    If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 42.

43. All Documents evidencing any adjustments to a Merchant's Remittance, as defined in the Revenue Purchase Agreement, given to any Merchant from January 2021 through the date of this notice.

    **RESPONSE:**

    SPIN objects to Request No. 43 as overly broad, unduly burdensome, and vague as it pertains to the term "Merchant's Remittance." SPIN further objects to the Request to the extent it seeks irrelevant information or documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

    If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. No. 43.

44. All Documents, pleadings, and final orders, including judgments, entered for or against You in which a Revenue Purchase Agreement or similar Merchant Cash Advance agreement was being enforced by You against a Merchant.

    **RESPONSE:**

    SPIN objects to Request No. 44 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope. SPIN also objects to the Request as seeking irrelevant documents or documents not proportional to the needs of the case. Additionally, SPIN objects to the extent that the Request seeks public documents readily available to the Trustee.

    If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 44.

14

45. All Documents, pleadings. and final orders, including judgments, entered for or against You in which You were being sued by a Merchant in which Revenue Purchase Agreement or similar Merchant Cash Advance agreement was raised or otherwise discussed in any Pleading or Order.

    **RESPONSE:**

    SPIN objects to Request No. 45 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information

    If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 45.

46. All Documents you received from any state or federal agency investigating Your business practices.

    **RESPONSE:**

    SPIN objects to Request No. 46 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope. SPIN further objects to the Request to the extent it seeks irrelevant information or documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential, proprietary, or privileged information.

47. All Documents you provided to any state or federal agency investigating Your business practices.

    **RESPONSE:**

    SPIN objects to Request No. 47 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope. SPIN also objects to the Request as seeking irrelevant documents or documents not proportional to the needs of the case. SPIN also objects to the extent the Request seeks confidential, proprietary, or privileged information

48. All Documents relating to Wing Lake.

    **RESPONSE:**

    SPIN objects to Request No. 48 as overly broad, unduly burdensome, and harassing in seeking "all" documents without any limitation in time or scope. SPIN further objects to the Request to the extent it seeks irrelevant information or documents not reasonably

15

calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks privileged, confidential or proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 48.

49. All Communications between You and Wing Lake.

**RESPONSE:**

SPIN objects to Request No. 49 as overly broad, unduly burdensome, and harassing in seeking "all" communications without any limitation in time or scope. SPIN  objects to this Request as seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN further objects to the extent the Request seeks documents that are privileged, confidential or  contain proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 49.

50. All Communications between You and any third-party relating to Wing Lake.

**RESPONSE:**

SPIN objects to Request No. 50 as overly broad, unduly burdensome, vague, and harassing in seeking "all" correspondence without any limitation in time or scope. SPIN objects to the extent the Request seeks irrelevant documents or information not proportional to the needs of the case. SPIN further objects to the extent the Request seeks documents that are privileged, confidential or  contain proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, relevant, non-privileged documents in response to Request No. 50.

51. All Communications relating to Wing Lake.

**RESPONSE:**

SPIN objects to Request No. 51 as overly broad, unduly burdensome, and harassing in seeking "all" correspondence without any limitation in time or scope. SPIN objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN further objects to the extent the Request seeks documents that are privileged, confidential or  contain proprietary business information.

16

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, relevant, non-privileged documents in response to Request No. 51.

52. All Documents and Communications relating to the Hi Bar Transfer Agreement (as defined in the Adversary Complaint).

**RESPONSE:**

SPIN will produce responsive, non-privileged documents in response to Request No. 52.

53. All Documents that dispute any of the allegations contained in the Adversary Complaint.

**RESPONSE:**

SPIN objects to Request No. 53 the extent it seeks all documents to be used at trial. All documents to be used at trial in defense of this action will be produced in accordance with the Court's pre-trial order setting forth the parameters for the exchange of exhibit lists.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 53.

54. All Communications between You and Scott Zankl.

**RESPONSE:**

SPIN will produce responsive, non-privileged documents in response to Request No. 54.

55. All Documents, including Communications, between You and Hi Bar Capital, including internal and external Documents and Communication regarding any Revenue Purchase Agreement or similar Merchant Cash Advance agreement, settlement agreement, agreement to transfer balance, revenue sharing agreement, profit sharing agreement, attorney-client retainer agreements related, directly or indirectly, to the Debtor.

**RESPONSE:**

SPIN objects to Request No. 55 as overly broad, unduly burdensome, and harassing in seeking "all" documents and correspondence without any limitation in time or scope. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

17

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 55.

56. All Documents, including Communications, between You and Hi Bar Capital, including internal and external Documents and Communication regarding any Revenue Purchase Agreement or similar Merchant Cash Advance agreement, settlement agreement, agreement to transfer balance, revenue sharing agreement, profit sharing agreement, attorney-client retainer agreements related, directly or indirectly, to any entity other than the Debtor.

**RESPONSE:**

SPIN objects to Request No. 56 as overly broad, unduly burdensome, and harassing in seeking "all" documents and correspondence without any limitation in time or scope. SPIN further objects to the Request to the extent it seeks irrelevant information or documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential, proprietary, or privileged information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 56.

57. All Documents, including Communications, between You and Hi Bar Capital, including internal and external Documents and Communication regarding any Revenue Purchase Agreement or similar Merchant Cash Advance agreement, settlement agreement, agreement to transfer balance, revenue sharing agreement, profit sharing agreement, attorney-client retainer agreements related, directly or indirectly, to the collection of any debt owed to You and/or HI Bar Capital by any counter-signor to a Revenue Purchase Agreement or similar Merchant Cash Advance agreement, or settlement agreement.

**RESPONSE:**

SPIN objects to Request No. 57 as overly broad, unduly burdensome, and harassing in seeking "all" documents and correspondence without any limitation in time or scope. SPIN also objects to the Request as seeking irrelevant documents or documents not proportional to the needs of the case. SPIN also objects to the extent the Request seeks confidential, proprietary, or privileged information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, relevant, non-privileged documents within the time frame called for under the applicable and governing rules in response to Request 57.

58. All Documents, including Communications, between You and any Person that provided funding, directly or indirectly, for any Merchant Cash Advance Agreement, in which Spin was the broker, agent, participant, purchaser or buyer, or was a contracting party.

18

**RESPONSE:**

SPIN objects to Request No. 58 as overly broad, unduly burdensome, and harassing in seeking "all" documents and correspondence without any limitation in time or scope. SPIN further objects to the Request to the extent it seeks irrelevant information or documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, relevant, non-privileged documents in response to Request No. 58.

59. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Yisroel Herbst from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 59 as overly broad, unduly burdensome, and vague as it pertains to the identity of Yisroel Herbst. SPIN further objects to the extent the Request seeks irrelevant documents or information not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request 59.

60. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Mordechai Dov Ber Herbst a/k/a Mordi Herbst from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 60 as overly broad, unduly burdensome, vague, and vague as it pertains to the identity of Mordechai Dov Ber Herbst a/k/a Mordi Herbst. SPIN further objects to the extent the Request seeks irrelevant documents or information not proportional to the needs of the case.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request 60.

61. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Yoel Getter from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 61 as overly broad, unduly burdensome, and vague as it pertains to the identity of Yoel Getter. SPIN further objects to the Request to the extent it

seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request 61.

62. All Documents and Communications between You and Regency Capital, LLC, whether such name is a legal entity, assumed named, or a used name from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 62 as overly broad, unduly burdensome, harassing, and vague as it pertains to the entity Regency Capital, LLC. SPIN further objects to the Request to the extent it seeks irrelevant documents or documents not proportional to the needs of the case. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 62.

63. All Documents and Communications between You and Blink Supplies, Inc whether such name is a legal entity, assumed named ,or a used name from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 63 as overly broad, unduly burdensome, and vague as it pertains to the entity Blink Supplies, Inc. SPIN further objects to the Request to the extent it seeks irrelevant information or documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 63.

64. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Alain Kupperman from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 64 as overly broad, unduly burdensome, and vague as it pertains to the identity of Alain Kupperman. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

20

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 64.

65. All Documents and Communications between You and Madison Holdings, LLC whether such name is a legal entity, assumed named, or a used name from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 65 as overly broad, unduly burdensome, and vague as it pertains to the entity Madison Holdings, LLC. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 65.

66. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Yaakov Twerski from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 66 as overly broad, unduly burdensome, and and vague as it pertains to the identity of Yaakov Twerski. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 66.

67. All Documents and Communications between You and JSA Group Holdings, LLC, whether such name is a legal entity, assumed named, or a used name, from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 67 as overly broad, unduly burdensome, and vague as it pertains to the entity JSA Group Holdings, LLC. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

21

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, relevant, non-privileged documents in response to Request No. 67.

68. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Robert Kaszovitz, from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 68 as overly broad, unduly burdensome, and vague as it pertains to the identity of Robert Kaszovitz. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 68.

69. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Schaul Neumann, from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 69 as overly broad, unduly burdensome, and vague as it pertains to the identity of Schaul Neumann. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 69.

70. All Documents and Communications between You and Lefko Funding LLC, whether such name is a legal entity, assumed named, or a used name from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 70 as overly broad, unduly burdensome, and vague as it pertains to the entity Lefko Funding LLC. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

22

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 70.

71. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Samuel Lefkovits from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 71 as overly broad, unduly burdensome, and vague as it pertains to the identity of Samuel Lefkovitz. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 71.

72. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Robert Kaszovitz from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 72 as overly broad, unduly burdensome, and vague as it pertains to the identity of Robert Kaszovitz. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 72.

73. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Alain Kupperman, from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 73 as overly broad, unduly burdensome, and vague as it pertains to the identity of Alain Kupperman. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 73.

74. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as, Benjamin Lefkovits, from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 74 as overly broad, unduly burdensome, and vague as it pertains to the identity of Benjamin Lefkovitz. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 74.

75. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Shaye Brauner, from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 75 as overly broad, unduly burdensome, and vague as it pertains to the identity of Shaye Brauner. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 75.

76. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Isere Halberthal, from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 76 as overly broad, unduly burdensome, and vague as it pertains to the identity of Isere Halberthal. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 76.

77. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Margareta Wolf, from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 77 as overly broad, unduly burdensome, and vague as it pertains to the identity of Margareta Wolf. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 77.

78. All Documents and Communications between You and Cedar Advance LLC, a Delaware LLC from May 1, 2021 forward.

**RESPONSE:**
SPIN objects to Request No. 78 as overly broad, unduly burdensome, and vague as it pertains to the entity Cedar Advance LLC. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 78.

79. All Documents and Communications between You and BMF Advance LLC, a New York LLC from May 1, 2021 forward.

**RESPONSE:**

SPIN objects to Request No. 79 as overly broad, unduly burdensome, and vague as it pertains to the entity BMF Advance LLC. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information..

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 79.

80. All Documents and Communications between You and Kingdom Kapital, a New York LLC from May 1, 2021 forward.

**RESPONSE:**

SPIN objects to Request No. 80 as overly broad, unduly burdensome, and vague as it pertains to the entity Kingdom Kapital. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 80.

81. All Documents and Communication between You and Business Merchant Funding from May 1, 2021 forward

**RESPONSE:**

SPIN objects to Request No. 81 as overly broad, unduly burdensome, and vague as it pertains to the entity Merchant Funding. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 81.

82. All Documents and Communications between You and any person legally named, that uses the name, or is referred to as Gabe Isacoff, from May 1, 2021, forward.

**RESPONSE:**

SPIN objects to Request No. 82 as overly broad, unduly burdensome, and vague as it pertains to the identity of Gabe Isacoff. SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections and the General Objections, SPIN will produce responsive, non-privileged documents responsive to this Request No. 82.

83. All statements, account ledgers, check registers, canceled checks, wire transfer devices, and account agreements associated with any of Your account(s) at Optimum Bank from January 1, 2021 forward.

**RESPONSE:**

SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 83.

84. All statements, canceled checks, wire transfer devices, and account agreements associated with any of Your account(s) at TD Bank from January 1, 2021 forward.

**RESPONSE:**

SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 84.

85. All statements, account ledgers, check registers, canceled checks, wire transfer devices, account agreements associated with any of Your account(s) at Bank of America Securities from January 1, 2021 forward. In the March 15, 2024 deposition, in which Avrumi Lubin testified, regardless of whether in his individual or corporate capacity, in the case styled FVP Opportunity Fund III, LP v. Karma of Broward, et al., Case No CACE-22-05125, Avrumi Lubin referred to an account with "Bank of America Securities." This requests information about the account(s) and institution referred to during that testimony.

**RESPONSE:**

SPIN will seek to comply and produce responsive,  non-privileged documents in response to Request No. 85.

86. All statements, account ledgers, check registers, canceled checks, wire transfer devices, account agreements associated with Your account at Merrill Lynch from January 1, 2021 forward. In March 15, 2024, deposition in which Avrumi Lubin testified, regardless of whether in his individual or corporate capacity in the case styled FVP Opportunity Fund III, LP v. Karma of Broward, et al., Case No CACE-22-05125, Avrumi Lubin referred to an account with "Merrill Lynch." This requests information about the account(s) and institution referred to during that testimony.

**RESPONSE:**

SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 86.

87. All Documents and Correspondence between You and Excell Auto Sport and Services, LLC.

**RESPONSE:**

SPIN will seek to comply and produce responsive,, non-privileged documents within the in response to Request No. 87.

88. All "sheets" including an Excel sheets referred to in the March 15, 2024, deposition in which Avrumi Lubin testified, regardless of whether in his individual or corporate capacity in the case styled FVP Opportunity Fund III, LP v. Karma of Broward, et al., Case No CACE-22-05125, regarding how the transfer and/or transmission, of money from, or between, You and any other entity was kept track of and/or was completed. This request is from January 1, 2021, forward.

**RESPONSE:**

SPIN will seek to comply and produce responsive, non-privileged documents in response to Request No. 88.

89. All Documents and Correspondence between You and any underwriter for any of the Merchant Cash Advance agreements with the Debtor.

**RESPONSE:**

SPIN objects to Request No. 89 as overly broad, unduly burdensome, and harassing in seeking "all" documents and correspondence without any limitation in time or scope and as to "any underwriter". SPIN further objects to the Request to the extent it seeks irrelevant information and documents not reasonably calculated to lead to the discovery of admissible evidence. SPIN also objects to the extent the Request seeks confidential or proprietary business information.

If Plaintiff submits a proper and narrowly tailored replacement request, SPIN will seek to comply and produce responsive, non-privileged documents to Request No. 89.

Dated:  October 7, 2024                    **SAUL EWING LLP**

By:    */s/ Carmen Contreras-Martinez*
       Carmen Contreras-Martinez
       Florida Bar No. 93475
       Jorge Garcia
       Florida Bar No. 1045721
       701 Brickell Avenue, 17th Floor
       Miami, FL 33131
       Telephone: (305) 428-4500
       Facsimile: (305) 374-4744

28

carmen.contreras-martinez@saul.com
jorge.garcia@saul.com

*Attorneys for Spin Capital, LLC*