UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                          Case No.: 22-12790-EPK
                                                                Chapter 7
EXCELL AUTO GROUP, INC.

     Debtor.

_____/

NICOLE TESTA MEHDIPOUR,                        Adv. Case No. 23-01132-EPK
Chapter 7 Trustee for EXCELL AUTO
GROUP, INC.,

     Plaintiff,

v.

HI BAR CAPITAL, LLC, et al.,

     Defendant(s).

_____/

**DEFENDANT SPIN CAPITAL LLC'S RESPONSE TO PLAINTIFF'S AMENDED
MOTION TO COMPEL PRODUCTION AND REQUEST FOR SANCTIONS**

Defendant Spin Capital LLC ("**Spin**"), by and through undersigned counsel, hereby files

this response to Plaintiff's *Amended Motion to Compel Production and for Sanctions* (ECF No.

144) (the "**Amended Motion**"), and in support thereof, states as follows:

**PRELIMINARY STATEMENT**

The Plaintiff's Amended Motion mischaracterizes Spin's conduct in this discovery process

and unjustly seeks sanctions based on exaggerated claims. Spin has acted in good faith throughout

these proceedings, promptly addressing any concerns the Plaintiff raised. The efforts made by Spin

to remedy perceived issues with its initial production—including a significant supplemental

response on October 14, 2024—underscore its diligence in complying with its discovery

obligations.

Contrary to the Plaintiff's assertions, Spin has provided thorough responses, including specific Bates-numbered documents, and has addressed the Plaintiff's organizational concerns with a meet and confer. The request for sanctions is not only unwarranted but also fails to recognize the complexities involved in producing such a substantial volume of documents. The Plaintiff's attempt to portray Spin as uncooperative is both unsupported by the facts and contrary to the collaborative efforts undertaken between the parties to resolve the Plaintiff's discovery concerns.

## ARGUMENT

### I.   Spin's Document Production Has Been Substantial and Timely

The Plaintiff's renewed allegation that Spin's production is inadequate is wholly without merit.  From the outset, Spin has been diligent in responding to the Plaintiff's requests, producing a substantial volume of documents in compliance with the Plaintiff's request for production ("**RFP**"). The Plaintiff fails to acknowledge in the Amended Motion the complexity of the case and the sheer volume of documents involved, which naturally required significant effort and time to organize and produce, a challenge exacerbated by the fact that this production was the first major task undersigned counsel had to complete after being substituted in as counsel just 6 days ago. Spin's initial production, while voluminous, was made in good faith and within a reasonable timeframe considering the scope of the requests.

Contrary to the Plaintiff's suggestion, Spin did not delay or obstruct the discovery process. The production was provided in the manner that the Plaintiff requested, which was an ESI-compliant production.  It is not Spin's fault that the Plaintiff was inadequately prepared to review documents in the format in which they were requested in the RFP.  Specifically, the RFP states:

> Production of Electronically Stored Information. Pursuant to Fed. R. Civ. P. 34(b)(1)(C), electronically stored information ("ESI"), You should state the format in which You, or other responding party, proposes to produce ESI sufficiently in advance to give the plaintiff

> a reasonable opportunity to determine whether the format presents any issues and address them with the Plaintiff before production. ESI should be produced in its native format unless otherwise agreed along with all metadata from each. PLEASE DO NOT SEND DOCUMENTS BY EMAIL. We would ask that any electronic documents be produced on a flashdrive or external harddrive. Alternatively, you may contact undersigned counsel at least one business day before documents are due for us to send you an invitation to upload documents on a secure network.

RFP, p. 3, § I(C) (emphasis added).

Nevertheless, Spin collaborated with the Plaintiff's e-discovery team during a Zoom meeting to reduce and organize the documents in a way that made them more easily searchable and accessible. This cooperation culminated in the supplemental response with specific Bates numbers on October 14, 2024, which provided documents specifically categorized to correspond to the requests in the RFP.

The Plaintiff's argument that Spin's production was delayed is not only misleading but also ignores the realities of handling complex litigation with such a high volume of documents. To correct the record, the Plaintiff asserts that the "upload to Nebula reduced the more than 32,000 items to 3,016 items." This is patently false. There were 3,016 items, which resulted in over 32,000 images (i.e., document pages). For instance, one item could be a PDF file with over 100 images or pages. Nebula uploading the documents did not change this fact.

In the motion, the Plaintiff is seeking to exaggerate any delay, which was minimal and attributable to the practical challenges of organizing and producing a large number of files. More importantly, Spin addressed these issues as soon as they were raised, and has and is continuing to supplement its production in a manner that fully complies with the Plaintiff's requests. The Plaintiff's complaints are therefore unfounded, and there is no basis for asserting that Spin acted improperly.

## II.      Spin's Efforts to Resolve Technical Issues

The Plaintiff's complaint regarding two password-protected PDF files is a minor technical issue blown out of proportion. Spin acknowledges that two files in the original production were inadvertently password-protected. Spin has been in contact with the Plaintiff numerous times regarding attempts to open the files. Again, the Plaintiff's attempt to elevate this into a major discovery violation is wholly disproportionate to the actual issue at hand.

## III.     Spin Has Not Waived Objections, and the Plaintiff's Demands Are Overbroad

Plaintiff's counsel contends that Spin's actions regarding discovery warrant the waiver of objections and defenses. However, this argument is misplaced. In Kennedy, the court acknowledged that failure to object to discovery requests waives a party's objections unless good cause has been shown. See Kennedy v. Batmasian, 2016 WL 824571, at *2 (S.D. Fla. Feb. 26, 2016) (citations omitted) (emphasis added). In that case, the defendants did not respond to the plaintiff's discovery requests because they believed a previous settlement in a different case, which involved similar issues, barred the current lawsuit. Id.

However, unlike in Kennedy, where the defendants presented no justification for their delay, here, good cause for delay exists. Spin recently retained new counsel, and counsel has worked diligently to respond to the requests and has kept Plaintiff's counsel informed. These actions are not indicative of a party seeking to circumvent its obligations but rather of one that is making every effort to comply in good faith. Therefore, waiver of objections and defenses is improper under the circumstances.

In LIMU, the defendants entirely failed to respond to discovery, which led to the waiver of objections. Limu Co., LLC v. Burling, 2013 WL 1482760, at *1-2 (M.D. Fla. Apr. 11, 2013). Here, Spin has made substantial efforts to comply with discovery requests, and the delays are due to the

transition of counsel and the volume of documents requested. Id. Similarly, in Viera, the plaintiffs failed to respond to discovery for an extended period, but the court allowed additional time due to their recent substitution of counsel. Viera v. City of Lake Worth, Fla., 2019 WL 13260412, at *1-2 (S.D. Fla. Dec. 30, 2019). Spin's situation mirrors this situation. Moreover, it has not acted in bad faith and is diligently working toward compliance. Therefore, sanctions and a waiver of defenses and objections are not warranted here.

The Plaintiff incorrectly relies on Rovira to claim that Spin's objections were waived due to the form in which they were made. This is a misinterpretation. The Plaintiff's discovery requests are grossly disproportionate to the needs of this case and place an undue burden on my client. Under Rule 26(b)(1), discovery must be proportional, taking into consideration the parties' access to information, resources, and the balance between the burden of discovery and its likely benefit. In Rovira, the court emphasized that discovery is not limitless and must be appropriate for the scope of the case. Rovira v. Trattoria Romana, Inc., No. 23-CV-80916, 2024 U.S. Dist. LEXIS 11606, at *2 (S.D. Fla. Jan. 23, 2024). Here, the Plaintiff has submitted requests that far exceed the reasonable scope of discovery, demanding irrelevant and voluminous documents without any limitation in scope or justification.

Additionally, the Plaintiff has failed to meet the specificity requirements outlined in Rovira. This court has clearly stated that objections or requests for production must be precise and supported by detailed explanations, not vague or boilerplate language. Id. at *8. The Plaintiff's requests are overbroad and ambiguous, in direct violation of Rule 26(b)(1) and the court's directive in Rovira to avoid "meaningless" objections does not apply here. Id. at *9.

In this case, many of the Plaintiff's requests are overly broad, unduly burdensome, and disproportionate to the needs of the case. Contrary to the Plaintiff's assertion, Spin's objections

are not general, but rather provide specific reasons for objecting. Plaintiff's sweeping requests for "all" documents, without reasonable limitations on time, scope, or subject matter, impose an excessive burden on Spin and make it nearly impossible to respond concisely. Despite Spin's good faith efforts to confer, the Plaintiff has refused to engage in meaningful discussions to resolve this dispute, in clear violation of Rule 26, which mandates that "[i]f a discovery dispute arises, counsel must actually speak to one another (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking court intervention." Id. at *15.

Courts consistently hold that discovery requests must be tailored and proportional to the needs of the case, and Spin has rightfully objected where Plaintiff's requests exceed reasonable bounds. Spin has not waived its objections, and the Court should recognize that Plaintiff's demands are unreasonable and disproportionate. For instance, the requests seeking "all" documents related to various transactions without clear parameters create an undue burden on Spin, given the volume of documents involved. Spin has acted in good faith to comply with discovery while preserving its right to object to overly broad and burdensome demands. The Plaintiff's attempt to frame Spin's objections as waived is merely an attempt to sidestep the unreasonable scope of the requests.

## IV.     The Plaintiff's Request for Sanctions Is Unwarranted

Plaintiff's request for sanctions is wholly unwarranted. Sanctions under Fed. R. Civ. P. 37(a)(5) are appropriate only when a party has failed to comply with discovery obligations without substantial justification. Fed. R. Civ. P. 37(a)(5). In Diaz-Rios, the court compelled discovery after plaintiff's counsel admitted fault due to an inability to handle the caseload, which led to non-responsiveness. Diaz-Rios v. Walt Disney Parks & Resorts U.S., Inc., 2023 WL 7323090, at *1-2 (M.D. Fla. Nov. 7, 2023). The court in Diaz-Rios also declined to impose monetary sanctions,

recognizing the acknowledgment of responsibility and ongoing efforts to comply—similar to Spin's situation here. Id. By contrast, Spin has actively engaged with Plaintiff's counsel and communicated its progress despite logistical challenges following the recent substitution of counsel.

In this case, the Plaintiff's request for sanctions is entirely unjustified and represents a disproportionate response to what are, at most, minor technical issues in the discovery process. Sanctions are a serious remedy intended to address willful or bad-faith noncompliance with discovery obligations. Here, there is no evidence that Spin has acted in bad faith or has willfully disregarded its obligations. In fact, Spin has demonstrated its commitment to compliance by supplementing its production and cooperating with the Plaintiff to resolve any issues that have arisen, including multiple telephonic conferences and emails and a Zoom meeting with counsel and IT staff.

The Plaintiff's demand for sanctions is particularly egregious given Spin's continued cooperation throughout this process. Spin has worked diligently to address the Plaintiff's concerns. Sanctions are simply not appropriate where a party has engaged in good-faith efforts to comply with discovery requests, as Spin has done here.

The Plaintiff is improperly seeking sanctions to gain leverage in this case, rather than as a legitimate response to any misconduct. The facts show that sanctions are unwarranted, and the Plaintiff's motion should be denied in its entirety, as Spin has complied with its discovery obligations and continues to act in good faith.

## **CONCLUSION**

**WHEREFORE**, Defendant SPIN CAPITAL LLC respectfully requests that this Court deny the Amended Motion to Compel and for Sanctions.

Dated:  October 14, 2024

SAUL EWING LLP

By:    */s/ Carmen Contreras-Martinez*
        Carmen Contreras-Martinez
        Florida Bar No. 93475
        Candice L. Kline
        Admitted Pro Hac Vice
        Jorge Garcia
        Florida Bar No. 1045721
        701 Brickell Avenue, 17th Floor
        Miami, FL 33131
        Telephone: (305) 428-4500
        Facsimile: (305) 374-4744
        carmen.contreras-martinez@saul.com
        jorge.garcia@saul.com

        *Attorneys for Spin Capital, LLC*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served on October 14, 2024, via CM/ECF on all parties listed to receive email notification in this matter.

        */s/ Carmen Contreras-Martinez*
        Carmen Contreras-Martinez

8