IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA


FVP OPPORTUNITY FUND III, LP,           )
a Delaware limited partnership;         )
FVP INVESTMENTS, LLC, a Delaware        )
limited liability company; and          )
FVP SERVICING, LLC, a Delaware          )
limited liability company,              )
                                        )
                  Plaintiffs,           )
                                        ) CASE NO.:
vs.                                     ) CACE-22-005125
                                        )
                                        )
KARMA OF BROWARD, INC., a               )
Florida corporation; et al.,            )
                                        )
                  Defendants.           )
_____)

                              Videoconference
                              May 28th, 2024
                              11:53 a.m. – 4:20 p.m.








                    - - - - - - - -

             CONTINUED VIDEO DEPOSITION

                        OF

                  YISROEL HERBST

                    - - - - - - - -

PLAINTIFF'S
EXHIBIT

27
_____

APPEARANCES:

SCHWARTZ | BRESLIN PLLC
The DuPont Building
169 E. Flagler Street, Suite 700
Miami, FL 33131-1203
(305)577-4626
jb@jsjb.law
By JERRELL A. BRESLIN, ESQ.
Attorney for the Plaintiffs

LETO LAW FIRM
201 S. Biscayne Boulevard, Suite 2700
Miami, FL 33131-4330
(305)341-3155
mleto@letolawfirm.com
By MATTHEW P. LETO, ESQ.
Attorney for the Hi Bar Capital

HARRY WINDERMAN
LAW OFFICE OF HARRY WINDERMAN
One Boca Place, Suite 205E 2255 Glades Rd
Boca Raton, FL 33431-7382
(561)707-0000
lynoramae@gmail.com
By HARRY WINDERMAN, ESQ.
Attorney for the Karma and the Zankls

WEISSMAN & DERVISHI, P.A.
1 S.E. 3rd Avenue, Suite 1700
Miami, FL 33131-1714
(305)347-3204
ljacobs@wdpalaw.com
By LUKE T. JACOBS, ESQ.
Attorney for Avrumi Lubin a/k/a Josh Lubin

SCOTT C. GHERMAN, P.A.
902 Clint Moore Road, Suite 120
Boca Raton, FL 33487
(561)757-6266
sgherman@scottghermanpa.com
By SCOTT C. GHERMAN, ESQ.
Attorney for Moshe Farachi and Vantiff, Inc.

APPEARANCES CONTINUED:

EBERST LAW FIRM
6560 W. Rogers Circle, Suite 27
Boca Raton, FL 33487-2746
(305)725-0444
cgleason@eberstlaw.com
By CATHERINE GLEASON, ESQ.
Attorney for Moshe Farachi


KLEIN PARK LOWE, P.L.
9130 S. Dadeland Boulevard, Suite 2000
Miami, FL 33156-7809
(561)655-1500
shortc@kleinpark.com
By CHARLES G. SHORT, ESQ.
Attorney for Kurkin Forehand Brandes and Mark Brandes


Also Present:   Oliver Lee - Videographer
                Greg Nelson
                Michael Howell
                Shaya Baum


        (All parties appearing via videoconference.)

                              I N D E X

                                                          PAGE

        WITNESS:  YISROEL HERBST

        DIRECT EXAMINATION
        BY MR. BRESLIN                                      11

        CROSS-EXAMINATION
        None

                CERTIFIED   QUESTIONS


                      GROUP A:

                Page   15   Line    9
                Page   15   Line   23
                Page   22   Line    7
                Page   28   Line    8
                Page   54   Line    3
                Page   83   Line   24
                Page  150   Line   18
                Page  152   Line   19




                      GROUP B:

                Page  171 Line    1
                Page  173   Line    2
                Page  173   Line   10
                Page  173   Line   18
                Page  174   Line   10
                Page  174   Line   17
                Page  174   Line   23
                Page  175   Line    5
                Page  175   Line   10

E X H I B I T   I N D E X

Plaintiffs' Exhibit 4 for I.D.                           12
  Answers to Interrogatories

Plaintiffs' Exhibit 12 for I.D.                          39
  Hi Bar Capital - Revenue Purchase
  Agreement; 10-27-21


Plaintiffs' Exhibit 12-A for I.D.                        39
  Hi Bar Balance Transfer Agreement;
  10-27-21

Plaintiffs' Exhibit 12-B for I.D.                        47
  Email - Excell Funding Group; 11-15-21

Plaintiffs' Exhibit 13-A for I.D.                        25
  Wire Confirmation Detail - Excell
  Payoff - Spin Capital; 11-1-2021

Plaintiffs' Exhibit 13-B for I.D.                        26
  Wire Detail Report - Spin Capital;
  11-1-2021

Plaintiffs' Exhibit 18 for I.D.                          69
  UCC Termination Statement;
  Filed 12-19-21 at 6:46 p.m.

Plaintiffs' Exhibit 20 for I.D.                          78
  Email from F. O'Donnell, Biltmore
  Consultants; 12-20-21 at 11:26 a.m.

Plaintiffs' Exhibit 22 for I.D.                          94
  Email from S. Zankl to J. Lubin
  RE:  Feenix Karma Loan Agreement;
  1-21-22

Plaintiffs' Exhibit 23 for I.D.                          84
  Text Messages between J. Lubin and
  S. Zankl; 1-3-22

Plaintiffs' Exhibit 24 for I.D.                          90
  Text Messages between S. Zankl and
  J. Lubin; 1-13-22

Plaintiffs' Exhibit 25 for I.D.                          96
  Email from S. Zankl to J. Lubin
  Karma Loan Agreement; 1-24-22

C O N T I N U E D   E X H I B I T   I N D E X

Plaintiffs' Exhibit 26 for I.D.                          98
  Email from S. Zankl to J. Lubin
  Karma Exclusivity Agreement; 1-24-22

Plaintiffs' Exhibit 27 for I.D.                         101
  Email from S. Zankl to J. Lubin
  Karma Pledge Agreement; 1-24-22

Plaintiffs' Exhibit 28 for I.D.                         101
  Email from S. Zankl to J. Lubin
  Karma Security Agreement; 1-24-22

Plaintiffs' Exhibit 29 for I.D.                         102
  Email from S. Zankl to J. Lubin
  Feenix Signature Pages; 1-24-22

Plaintiffs' Exhibit 30 for I.D.                         107
  Text between S. Zankl and J. Lubin;
  1-25-22

Plaintiffs' Exhibit 31 for I.D.                         109
  Hi Bar's UCC Financing Statement;
  Filed 1-25-22 at 10:05 p.m.

Plaintiffs' Exhibit 32 for I.D.                         114
  FVP's UCC Financing Statement;
  Filed 1-26-22 at 5:37 p.m.

Plaintiffs' Exhibit 33 for I.D.                         114
  FVP's UCC Financing Statement;
  Filed 1-26-22 at 5:37 p.m.

Plaintiffs' Exhibit 34 for I.D.                         118
  Text Messages between S. Zankl and
  J. Lubin

Plaintiffs' Exhibit 35 for I.D.                         121
  Stipulation EAG and Hi Bar; 2-1-22

Plaintiffs' Exhibit 39 for I.D.                         143
  Motion for Summary Judgment

Plaintiffs' Exhibit 40 for I.D.                         127
  Payment Schedule (Excell/Spin/Hi Bar)

Plaintiffs' Exhibit 41 for I.D.                         145
  Email from J. Lubin to S. Baum;
  3-21-24

C O N T I N U E D   E X H I B I T   I N D E X

Plaintiffs' Exhibit 43 for I.D.                    149
   Email from J. Lubin to J. Breslin;
   3-21-24

Plaintiffs' Exhibit 44 for I.D.                    154
   Text Message from J. Lubin to
   S. Zankl

Plaintiffs' Exhibit 45 for I.D.                    156
   Hi Bar Complaint - State Case

Plaintiffs' Exhibit 46 for I.D.                    159
   RICO Case Against Hi Bar Excell Trustee

Plaintiffs' Exhibit 47 for I.D.                    162
   Diverse Capital RICO Complaint

Plaintiffs' Exhibit 48 for I.D.                    165
   Alpine Business RICO Complaint

Plaintiffs' Exhibit 49 for I.D.                    167
Libertas RICO Complaint

+ + + + + + + +

Video deposition of YISROEL HERBST, a witness of lawful age, taken by the Plaintiffs for the purpose of discovery and for use as evidence in the above-entitled cause, wherein: FVP OPPORTUNITY FUND III, LP, a Delaware limited partnership; FVP INVESTMENTS, LLC, a Delaware limited liability company; and FVP SERVICING, LLC, a Delaware limited liability company are the Plaintiffs and KARMA OF BROWARD, INC., a Florida corporation; et al., are the Defendants in the Circuit Court in and for Broward County, Florida, pursuant to notice heretofore filed, before VICTORIA PAEZ NEIL, a Shorthand Reporter and Notary Public in and for the State of Florida at Large, via videoconference, Broward County, Florida, on the 28th day of May 2024, commencing at 11:53 a.m.

- - -

VIDEOGRAPHER: In the case styled FVP Opportunity Fund, III, LP, et al. versus Karma of Broward, Inc., Case number CACE-22-05125.

This is the continued video recorded deposition of Yisroel Herbst.

This deposition is taking place via Zoom on May 28th, 2024. The time is now 11:57 a.m.

Our videographer is Oliver Lee.

Counsel will state their appearances for

the record, after which our court reporter, Victoria Neil, will swear in the witness.

MR. BRESLIN: Yes. Good afternoon or morning. Jerry Breslin for the FVP parties.

MR. LETO: Good morning. Matthew Leto, on behalf of Hi Bar and the witness, Yisroel Herbst.

MR. JACOBS: Good afternoon. Luke Jacobs, on behalf of Josh Lubin.

MR. WINDERMAN: Harry Winderman, of behalf of the Zankls and Karma.

MR. SHORT: This is Charles Short, from Klein, Park & Lowe, on behalf of Kurkin Forehand Brandes, LLP and Mr. Brandes.

MR. GHERMAN: Scott Sherman, on behalf of Moshe Farachi.

MS. GLEASON: Good morning. Attorney Catherine Gleason, on behalf of Moshe Farachi.

MR. BRESLIN: That's it. You can swear the witness.

COURT REPORTER: Oliver?

VIDEOGRAPHER: Yeah. You swearing the witness in?

COURT REPORTER: Oh. I'm sorry. You're waiting on me.

VIDEOGRAPHER: That's okay.

COURT REPORTER: Mr. Herbst, please raise your right hand.

THEREUPON,

YISROEL HERBST,

being a witness in the notice heretofore filed, being of lawful age and being first duly sworn in the above cause, testified on his oath as follows:

THE WITNESS: Affirm. I affirm.

COURT REPORTER: Thank you.

CONTINUED DIRECT EXAMINATION

BY MR. BRESLIN:

Q. Yes. Good morning, Mr. Herbst. You are here for the continuation of your deposition that we started last month. You're aware of that, correct, sir?

A. Yes.

Q. And since the -- since we terminated the deposition last time, other than attorneys, have you spoke to anyone about your testimony in this case?

A. Just my son Mordechai.

Q. And Mordechai is the corporate representative of Hi Bar, is he not?

A. He was, yes. I mean is, yeah.

Q. Mr. --

not be considered income or revenue in which an MCA would be entitled to take that money?

A.    I don't know.  I don't know all the legal terminologies.

Q.    All right.  Sir, I show you what's been marked as Plaintiffs' Deposition Exhibit 17.  We went through this in your last deposition.  And this is the settlement agreement that was entered into between your companies and the Karma companies, and that was on December 19th, I believe.  Let me see. Yes, December 19th, 2021.  You're familiar with this document, correct?

A.    Yes.

Q.    And the last time we talked about this you indicated that Josh Lubin was taking the lead in negotiating this settlement, correct?

A.    Yes.

Q.    And prior to -- let me just -- sorry.  Just give me one second.  I'm sorry.  Just give me one moment.

Okay.  So we -- we talked last time about the UCC that was filed by Hi Bar in -- on 12-15-21, correct?

A.    Yes.

Q.    Okay.  And then thereafter, on

December 19th, 2021, the document that's on your screen, that is a settlement agreement that was entered into between your companies, the Karmas and the Zankls, correct?

A.   Yes.

Q.   And you indicated to me that, at the last deposition, that you had little to do with this and Mr. Lubin was taking the lead together with your attorney, Mr. Zakharyayev, correct?

A.   Yes.

Q.   You -- you indicated, though, that you were aware of it and you did approve it because it was favorable to you, correct?

A.   Correct.

Q.   All right.   And you see on Page 6 of 10 that this was actually executed by Mr. Zakharyayev as counsel for Hi Bar, correct?

A.   Correct.

Q.   And he had your authority to sign that document on Hi Bar's behalf, correct?

A.   Correct.

Q.   Okay.  So we know that when this document was signed on December 19th that there was a curr- -- a UCC filing statement that was outstanding and filed on December 15th, correct?

writing it's a few months later, but I don't know when this text was written.  But it seems to me like it was just a couple of weeks of nonpayment and then we decided to file.

Q.    Okay.  All right.  So -- so it's Hi Bar's position then, to be clear, that the reason that the UCC was filed on January 25th, at almost 11:00 p.m., is because the Karma entities and Zankl and Excell were not paying and that -- that the decision was made to protect your interest and it had nothing to do with the pending closing with FVP the following day; is that accurate?

MR. LETO:  Objection to form.

A.    Absolutely.

MR. LETO:  You can answer.

THE WITNESS:  One hundred percent, my opinion, my belief, the truth, call it whatever you want.

(Whereupon, Plaintiffs' Exhibit 35 was marked for identification.)

BY MR. BRESLIN:

Q.    All right.  I show you what's been marked at Plaintiffs' Deposition Exhibit Number 35.  And this is what purports to be a -- another settlement agreement.  And now this one is dated February 1st.

Are you familiar with this document?

A.    No.

But can I take a -- a three-minute break.

MR. BRESLIN:  Yeah.  It's -- it's 12:47. Let's -- let's just take 10 minutes right now and we'll come back at -- at -- excuse me -- it's 2:47.  We'll come back at 2:58.  How's that?

VIDEOGRAPHER:  Very good.

Off the record 2:47.

(Off the video record.)

VIDEOGRAPHER:  Okay.  We're back on the record at 2:54.

BY MR. BRESLIN:

Q.    Mr. Herbst -- let me share my screen -- we were talking about the settlement agreement that was entered into between Hi Bar and the Excell and Karma companies on February 1st.  And that would be just a few days after you filed your UCC and the FVP parties filed their UCC.

Are you familiar with this document?

A.    This is the one that FVP filed?

Q.    No.  No.  No.  This is -- this is a settlement agreement between Hi Bar --

A.    Yes.  Yes.

Q.     -- and Zankl.

There's -- there's two of them.  There's one from December and then there's another one in -- in February.

A.     Okay.

Q.     Okay.  This is the second one, in February.

Are you familiar with this document?

A.     Yeah.

Q.     Okay.  How did this document come into being?  What happened?

A.     I guess there was pressure to pay and he came up --

COURT REPORTER:  I'm sorry.  I'm sorry, can you get a little closer to the mic?

THE WITNESS:  He came up -- he came up with a new plan of how to settle this.

BY MR. BRESLIN:

Q.     Well, who came up with a new plan?

A.     Scott Zankl.

Q.     Okay.  So this -- this settlement agreement, this document that's -- Plaintiffs' Exhibit 35 -- this was drafted because Scott Zankl came up with a new plan to pay you; is that accurate?

A.     Well, not came up on his own.  He was -- he was in default on the old one.

Q.    And so now there was a new agreement?

A.    Uh-huh.

Q.    Is that accurate?

A.    Yes.

Q.    So who was it that negotiated this particular settlement with Mr. Zankl?

A.    Either Zakharyayev or Josh Lubin or together.

Q.    Did you have anything to do with it at all?

A.    I was probably kept aware.  Not -- not every back and forth.

Q.    Do you have -- do you have any recollection at all of having any involvement in either the negotiation of this document or the execution of this document or the approval this document?

MR. LETO:  Object to the form.

You can answer.

A.    I definitely have my approval and, like I said, yeah, it was worked out but it wasn't -- not every detail.

COURT REPORTER:  I wasn't what?

THE WITNESS:  I'm -- I'm saying I wasn't kept aware of every back and forth of the negotiation.  I said I was willing to sign the agreement.  It was an agreement that I was able

to live by.  I agreed to it.

BY MR. BRESLIN:

Q.    Was -- was Mr. Zankl represented by counsel when this document was signed?

A.    I don't know.

Q.    Was Mr. Zankl represented by counsel in December when the first settlement was signed?

A.    I have no idea.

Q.    Was Mr. Zankl represented by counsel when the MCA contract was signed?

A.    I don't know.

Q.    Okay.  Do you have any evidence anywhere in the records of Hi Bar that any of the -- either the Hi Bar MCA or any communications between Hi Bar and Zankl, any communications regarding the settlement agreement that was executed in December or any communications regarding this settlement agreement in -- in February of -- of 2022 or either copied to or that Mr. Zankl or any of his companies had an attorney conferring with him?

MR. LETO:  Object to the form.

You can answer, if you know.

A.    I don't know.

Q.    Does Hi Bar have a policy prior to entering into a settlement agreement with a merchant to

so much.

MR. NELSON:  Of course.

I'm giving you his direct email, too, so you have that, too.

COURT REPORTER:  Okay.  Thank you.

MR. NELSON:  And then, actually, if you want to cc me on it that way I can pay the invoice directly.  I'll give you my email as well.

COURT REPORTER:  Okay.  Sure.  I'll have the office send the invoice to you.

MR. NELSON:  All right.  Perfect.

(Off the record.)

- - -

(Whereupon, the video deposition was concluded at 4:20 p.m.)

(The reading and signing of this video deposition was not waived.)

CERTIFICATE OF OATH


STATE OF FLORIDA )
                 :  SS
COUNTY OF BROWARD)


          I, VICTORIA PAEZ NEIL, Notary Public in and

for the State of Florida at Large, do certify that

YISROEL HERBST, appeared via videoconference on this

28th day of May 2024, and was by me duly sworn.

                    Personally known_____ or
               Identification produced:  New York I.D.



WITNESS my hand and official seal this 19th day of
June 2024.




                         VICTORIA PAEZ NEIL
                         Notary Public – State of Florida
                         Commission HH 405099
                         Expires:  7-20-27

REPORTER'S DEPOSITION CERTIFICATE

STATE OF FLORIDA  )
                  :  SS
COUNTY OF BROWARD )

I, VICTORIA PAEZ NEIL, Shorthand Reporter, do hereby

certify that I was authorized to and did

stenographically report the deposition of YISROEL

HERBST; that a review of the transcript was

requested; and that the foregoing transcript is a

true and complete record of my stenographic notes.


I further certify that I am not a relative, employee,

attorney, or counsel of any of the parties, nor am I

a relative or employee of any of the parties'

attorney or counsel connected with the action, nor am

I financially interested in the action.


          Dated this 19th day of June 2024.




                         Victoria Paez Neil

PRESTIGE REPORTING
P.O. Box 267967
Weston, FL 33326
(954) 764-7297
info@prestigereportingservice.com

June 19th, 2024


Re:  FVP, et al. v KARMA OF BROWARD, et al.

WITNESS:  YISROEL HERBST
          C/O:  MATTHEW P. LETO, ESQ.
          Via Email:  mleto@letolawfirm.com

The deposition taken in the above-styled cause on May 28th, 2024 is now ready for signature.  Please contact our office at (954) 764-7297 to make an appointment to sign same.  Our office hours are 9:00 a.m. to 5:00 p.m., Monday through Friday.

The original of this deposition has been forwarded to the ordering parties and your errata sheet, once received, will be forwarded to all ordering parties.

If you wish to now waive your right to read and sign, please sign the bottom of this letter and forward it to us at production@prestigereportingservice.com.

Should you have any questions, please feel free to contact our office.  Thank you for your cooperation in this matter.


Sincerely yours,




Victoria Paez Neil
Shorthand Reporter