**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**
<u>**BUSINESS COURT**</u>

**FRANKLIN CAPITAL GROUP, LLC,**

      **Plaintiff,**

                                      **Case No. 22-193300-CB**
**v**                                       **Hon. Michael Warren**

**SPIN CAPITAL LLC and HI BAR**
**CAPITAL, LLC,**

      **Defendants.**

---

**OPINION AND ORDER GRANTING**
**PLAINTIFF FRANKLIN CAPITAL FUNDING, LLC'S MOTION**
<u>**FOR SUMMARY DISPOSITION AGAINST DEFENDANT SPIN CAPITAL LLC**</u>

**At a session of said Court, held in the**
**County of Oakland, State of Michigan**
**April 23, 2024**

**PRESENT: HON. MICHAEL WARREN**

---

<u>**OPINION**</u>

The instant action is before the Court on Plaintiff Franklin Capital Funding, LLC's ("FCF") Motion for Summary Disposition Against Defendant Spin Capital LLC; the Court having entered a Scheduling Order on February, 2023 requiring a responsive brief to be filed by April 17, 2024 which further states *inter alia,* that, "<u>**[if] briefs are not timely filed, the Court SHALL assume that the party, whether or not represented by counsel, does not have any authority for his/her/its position(s). Failure to timely file briefs also will result in that party's waiver of oral argument**</u>" (emphasis in original); no responsive brief

FILED   Received for Filing   Oakland County Clerk   4/23/2024 4:11 PM

having been timely filed; the Court recognizing its authority to issue orders establishing times for events pursuant to MCR 2.116(G), MCR 2.119 and MCR 2.401; *Kemerko Clawson LLC v RXIV Inc,* 269 Mich App 347 (2005), and additional authorities *infra*; the Court finding that oral argument would not aid it in rendering a decision (the Court's Scheduling Order also providing that the failure of a party to respond results, *inter alia,* in that party's waiver of oral argument); and the Court being otherwise advised in the premises:

THE COURT HEREBY GRANTS the Motion, in part, for each of the following independent reasons:

**I**
**The Court is Entitled to Enforce its Scheduling Orders**

As stated in this Court's Scheduling Order "**[if] briefs are not timely filed, the Court SHALL assume that the party, whether or not represented by counsel, does not have any authority for his/her/its position(s).**" The Court has authority to issue orders establishing times for events pursuant to MCR 2.116(G), MCR 2.119 and MCR 2.401. See *People v Grove,* 455 Mich 439, 465 (1997) ("[t]he court rules provide for and encourage the use of scheduling orders to promote the efficient processing of civil and criminal cases); SCAO 2013-12; LAO 2015-03. In fact, the Michigan Supreme Court has affirmed summary disposition granted on the basis of a trial court enforcing its summary disposition scheduling order. *EDI Holdings LLC v Lear Corp,* 469 Mich 1021 (2004) (summarily reversing the Court of Appeals' determination that the trial court abused its discretion by

2

refusing to accept a brief filed after the deadline established by the trial court's summary disposition scheduling order: "The Court of Appeals clearly erred in finding that the Oakland Circuit Court abused its discretion when it enforced the summary disposition scheduling order").

Applying this precedent, our Court of Appeals has reaffirmed a court's power to enforce its scheduling orders, and in so doing, upheld this Court in enforcing its summary disposition scheduling order in both *Moore v Whiting,* unpublished per curiam opinion of the Court of Appeals, issued November 10, 2015 (Docket No. 323697) and *Thigpen v Besam Entrance Solutions,* unpublished per curiam opinion of the Court of Appeals, issued September 16, 2014 (Docket No. 316696). See also *Kemerko,* 269 Mich App at 351-353 (trial courts have authority to establish and enforce scheduling order deadlines in connection with summary disposition motions); *Bergin Financial, Inc v Delsean Littlejohn,* unpublished per curiam opinion of the Court of Appeals, issued September 16, 2008 (Docket No. 278088) ("A trial court has no obligation to consider whether enforcing a scheduling order is just under the circumstances").

In the present matter, Defendant Spin Capital LLC ("Spin") failed to timely submit a responsive brief to this Court despite ample opportunity to do so and there has been no timely attempt to show good cause to extend the deadline for responsive briefing as set forth in the Court's Scheduling Order – a deadline beyond the time otherwise provided by the Rules of Court. Indeed, Spin had almost twenty (20) weeks to prepare and file a

response. Under Michigan jurisprudence, the Court need not await or accept an untimely filing. See e.g., *EDI Holdings,* 469 Mich at 1021; *Alken-Ziegler,* 461 Mich at 224 (1990). See also *Henning v Verizon Wireless,* unpublished per curiam opinion of the Court of Appeals, issued January 25, 2005 (Docket No. 251241) (affirming this Court's reliance on MCR 2.401(B), and MCR 2.116(G)(1)(a)(ii) in striking an untimely reply submitted in support of a motion for summary disposition). See also *Master Beat v Skill*, unpublished per curiam opinion of the Court of Appeals, issued February 29, 2024 (Docket No. 363340) ("in light of the lack of a properly and timely filed responsive brief, the trial court did not err by granting plaintiffs' motion for summary disposition"); *INXS V LLC v Kathelene's Compassionate Adult Day Care*, unpublished, per curiam opinion of the Court of Appeals, issued February 29, 2024 (Docket No. 365939) ("Defendants failed to respond to plaintiff's motion [for summary disposition] and did not present any documentary evidence establishing the existence of a material factual dispute. In so doing, defendants failed to meet their burden. The trial court, therefore, did not err by granting plaintiff's unopposed motion for summary disposition".) To hold otherwise in the instant circumstances effectively renders meaningless the power afforded by MCR 2.401 to enforce scheduling orders in an effort to promote the efficient management of court dockets.

## II
## Summary Disposition Under MCR 2.116(C)(10) is Warranted[1]

Simply put, the Motion dispositively establishes that on or about November 3, 2021, nonparty Excell Auto Group, Inc. ("Excell") executed and delivered to FCF a Promissory Note evidencing a loan in the amount of $6,000,000; a Loan Agreement; and a Continuing Security Agreement as security for the loan. FCF perfected its security interests by filing UCC-1 financing statements with the State of Florida. Concurrent with the making of its loan to Excell, FCF purchased from Spin, and Spin sold and assigned to FCF, Debtor's[2] merchant cash advance obligations owing to Spin pursuant to an Assignment of Obligations and Merchant Documents (the "Assignment Agreement") and under which Spin assigned to FCF all of its right, title and interest under its agreements with Debtor; FCF and Spine agreed FCF could file USS-3 assignments; and Spin agreed it would make additional loans or advances to Debtor and any other entity whom FCF does business or has a recorded financing statement and agreed it would not

_____

[1] A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim or defense. See e.g., *Quinto v Cross & Peters Co*, 451 Mich 358, 362 (1996). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 119-120 (1999). A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. *Skinner v Square D Co*, 445 Mich 153, 162 (1994). If the moving party properly supports its motion, the burden "then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto* at 362. If the moving party fails to properly support its motion for summary disposition, the nonmoving party has no duty to respond and the trial court should deny the motion. MCR 2.116(G)(4); see also *Meyer v City of Center Line*, 242 Mich App 560, 575 (2000) (concluding that the trial court erred when it granted an improperly supported motion for summary disposition under MCR 2.116[C][10]).

[2] "Debtor" is identified in the loan documents as Excell and its affiliates Karma of Palm Beach, Inc. and Karma of Broward, Inc.

accept any payments from Debtor. Despite the Assignment Agreement, Spin continued to accept payments from Debtor.

There is no genuine issue of material fact that FCF and Spin executed the Assignment Agreement; the Assignment Agreement prevented Spin from taking or accepting further payments from Debtor; and Spin improperly debited from the accounts of Debtor (FCF's customer Excell and its affiliates) and continued to accept payments from Debtor in breach of the Assignment Agreement.[3]

There is also no genuine issue of material fact that despite the Assignment Agreement and FCF's more senior security interest, Spin intentionally converted FCF's collateral by knowingly directing Debtor to transfer funds to Spin which contained FCF's collateral, including cash proceeds in which FCF held a higher priority security interest.[4]

_____

[3] A claim for breach of contract lies when the following elements are established: "(1) parties competent to contract; (2) a proper subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation." *Thomas v Leja*, 187 Mich App 418, 422 (1991). A plaintiff may recover in a breach of contract action when it proves that the defendant's breach was the proximate cause of the harm the plaintiff suffered. Chelsea Inv Group LLC v City of Chelsea, 288 Mich App 239, 254 (2010). The cardinal rule when interpreting contracts is to ascertain and give effect to the intention of the parties. *Zurich Ins Co v CCR & Co (on rehearing)*, 226 Mich App 599, 603 (1997). "In interpreting a contract, it is a court's obligation to determine the intent of the parties by examining the language of the contract according to its plain and ordinary meaning." *In re Smith Trust*, 480 Mich 19, 24 (2008).

[4] Common law conversion is defined as "any distinct act of dominion wrongfully exerted over another's personal property in denial or inconsistent with the rights therein." *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc,* 497 Mich 337, 351-352 (2015), quoting *Nelson & Witt v Texas Co,* 256 Mich 65, 70 (1931) (citation and quotation marks omitted). See also *Lawsuit Financial v Curry,* 261 Mich App 579, 591 (2004) (citation omitted). "To establish a claim for common-law conversion, a plaintiff must show (1) an ownership interest, absolute or qualified, in identifiable personal property; (2) that he or she had the right to immediate possession of the property; (3) that the defendant wrongfully exerted dominion over the property inconsistent with the plaintiff's rights, and (4) actual damages." *In re Ralph A Siddell Living Trust*, unpublished per curiam opinion of the Court of Appeals, issued May 11, 2023 (Docket Nos. 359979, 359991, 362535), p 7 (internal citations omitted). Statutory conversion under MCL 600.2919a(1)(a), as amended in 2005, creates a remedy against a person who "steal[s] or embezzl[es] property or convert[s] property to the

Spin colluded with Debtor to convert FCF's collateral for its own use and to violate FCF's rights in its collateral. Accordingly, summary disposition is warranted.

## ORDER

In light of the foregoing Opinion, Plaintiff Franklin Capital Funding, LLC's Motion for Summary Disposition Against Defendant Spin Capital LLC is GRANTED.

/s/ Michael Warren

_____

**HON. MICHAEL WARREN
CIRCUIT COURT JUDGE**



---

other person's own use." MCL 600.2919a. "[T]he Legislature intended to create a separate statutory cause of action for conversion 'in addition to any other right or remedy' a victim of conversion could obtain at common law." *Aroma Wines*, 491 Mich at 340, quoting MCL 600.2919a.