# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:

**EXCELL AUTO GROUP, INC.**

Case No.: 22-12790-EPK
Chapter 7

Trustee._____/

NICOLE TESTA MEHDIPOUR,
Chapter 7 Trustee for EXCELL AUTO
GROUP, INC.

Adv. Case No. 23-01132-EPK

      Plaintiff,

v.

HI BAR CAPITAL, LLC, et. al.,

      Defendants(s).

_____/

## RESPONSE TO MOTION TO WITHDRAW

COMES NOW the Defendant, Pro-Se, and files his RESPONSE to Carmen Contreras-Martinez, Candice L. Kline, Jorge Garcia, and the firm of Saul Ewing LLP's (collectively, **"Saul Ewing"**), motion for leave to withdraw as counsel for Defendants, SPIN CAPITAL, LLC and AVRUMI LUBIN a/k/a JOSH LUBIN (**"Defendants"**) pursuant to Local Rule 2091-1 and the Rules Regulating the Florida Bar 4-1.16, and in support states as follows:

1. In their Motion, Saul Ewing states in paragraph 1 that there are fundamental disagreements with the defendants as to actions to be taken in this case. This statement is misleading to the Court, Saul Ewing has harmed Defendant by failing to:

    a. Communicate with defendants as required by the Florida Bar Rules

        i. This failure was severe enough that Defendants expect to file a complaint with the Florida Bar to preserve their rights and interests.

    b. *"Assert claims seeking to enforce an assignment of claims in the litigation,"* pursuant to the retainer agreement signed on 8/22/2024. **[SEE EXHIBIT A]**

    c. Timely Respond to Discovery request from Alan Crane on behalf of the Trustee, with no explanation to Defendant as to why.

2. Saul Ewing should not be allowed to withdraw while Defendant's rights and interests are subject to harm.

3. Defendant seeks Sanctions against Saul Ewing for their egregious behavior.

4. Defendant asks the court to set an Evidentiary Hearing as to these issues and Stay all pending matters in the instant case in order to preserve Defendant's rights.

5. Defendant seeks a Protective Order in Order to preserve their rights and protect themself from harms which may have been brought upon them by the failures of Saul Ewing.

WHEREFORE, the Defendant prays for the Motion to be Denied, for Sanctions against Saul Ewing, an Evidentiary Hearing to address these claims, a Stay on all pending matters in the instant case, and a Protective Order for Defendant, more particularly Avrumi Lubin, to protect him from potential harm brought upon him through no fault of his own, and for any such additional relief the Court Deems just and Proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing shall be served to all parties registered with CM/ECF in the instant case upon docketing by the Clerk and via email directly to:

carmen.contreras-martinez@saul.com
jorge.garcia@saul.com

Avrumi Lubin
Pro-Se
josh@spincapital.com

# EXHIBIT A

**SAUL EWING**
LLP

Hilda Piloto
Phone: (305) 428-4504
Fax: 305.374.4744
hilda.piloto@saul.com
www.saul.com

August 22, 2024

VIA ELECTRONIC MAIL
josh@spincapital.com

Josh Lubin
Spin Capital LLC
1460 Arboretum Parkway
Lakewood, New Jersey 08701

      Re:    Representation of Spin Capital, LLC

Dear Mr. Lubin:

Thank you for giving Saul Ewing LLP (the "Firm") the opportunity to represent the above-referenced client(s) (the "Client"). The Rules of Professional Conduct, which govern the activities of lawyers, and the Firm's internal guidelines, provide for the establishment of the terms of the engagement at the outset of our work. Please read this letter carefully and once we begin work on your behalf the terms set forth in this letter are binding.

**Scope Of Services:**  The Firm will provide the following services (the "Engagement"):

> The Firm will defend the Client in litigation in Broward County, Circuit Court and assert claims seeking to enforce an assignment of claims in the litigation.

Our sole client(s) in this Engagement are the persons or entities identified as the Client(s) in the subject line of this letter. Our agreement is not an agreement to represent any affiliates or related individuals or owners or any officers, directors, partners, members, shareholders, employees, independent contractors, or agents of the Client(s), unless we have specifically agreed to do so elsewhere in this letter or by separate written agreement.

Unless specifically mentioned as part of the Engagement described above, the Firm does not undertake to: (1) identify potentially applicable insurance coverage (either primary or excess) or indemnification agreements; (2) provide notice to potentially responsible insurers (either primary or excess) or indemnitors; (3) provide any advice or other legal services relating to tax laws (state, federal or local) or federal or state securities laws, including appearing or practicing before the U.S. Securities and Exchange Commission (SEC) or the disclosure obligations under such laws; (4) provide any advice or other legal services relating to the Corporate Transparency Act (CTA), including determining whether filings are required, filing with the United States Department of the Treasury, Financial Crimes Enforcement Network ("FinCen"), or monitoring

CALIFORNIA DELAWARE FLORIDA ILLINOIS MARYLAND MASSACHUSETTS MINNESOTA NEW JERSEY NEW YORK PENNSYLVANIA WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

52908932.1

or updating any existing or future CTA filings made with FinCen; or (5) provide administrative services for the payment of U.S. patent maintenance fees or non-U.S. patent annuity fees.

Although the Firm provides its best advice regarding potential exposure, damages, and timing, the Firm is unable to determine, much less guarantee, when a court will rule or what schedule it will set or when or how another party will respond. Further, the outcome of any engagement may turn on factors outside our control and although the Firm may provide its views and advice, any such statements should not be interpreted as a promise or guarantee.

Client agrees to disclose to the Firm if the Client has given a third party an interest in the outcome of this Engagement through any understanding or agreement (such as an agreement with a litigation funding firm or an assignment of any claims).

**Standard Terms of Engagement:** Enclosed is a copy of our Standard Terms of Engagement which, except if otherwise provided by state law, describe in greater detail the basis upon which we provide services to our clients. This letter and the Standard Terms of Engagement together comprise the terms of this Engagement with the Firm. To the extent that the terms of this letter and those of the Standard Terms of Engagement are inconsistent, the terms of this letter will control. Please review both documents carefully and contact me with any questions about them or our relationship. As set forth in more detail in the Standard Terms of Engagement, an estimate of fees and costs is not a maximum or fixed fee quotation and expressions of probable or possible outcomes are not guarantees about future developments. The Firm maintains errors and omissions insurance applicable to the legal services rendered to Client(s).

**Applicability To Future Engagements:** The terms and conditions of our representation contained in this letter and in the accompanying copy of our Standard Terms Of Engagement shall also apply to any future engagement that we agree to perform for the Client(s), unless we send a separate engagement letter or other communication for such future engagement which may include different terms and an updated Standard Terms Of Engagement. With respect to any such future engagement, the Firm will check for conflicts of interest as appropriate and such future engagements may be subject to different financial terms as may be agreed to by the Firm and the Client(s).

**Fees & Costs:** Our fees will be determined by multiplying the actual time expended by our attorneys, legal assistants, and other paraprofessionals by their respective hourly rates as set by the Firm from time to time to reflect current levels of legal experience, changes in overhead costs, and other factors. Our current hourly rates generally range from $345 for our most junior attorneys to $1,440 for our most experienced attorneys. Although staffing may change depending on what happens, the lawyers we anticipate initially working on the Engagement are Hilda Piloto and Jillian C. Postal who shall be billed at rates of $635.00 and $430.00 an hour, respectively. When appropriate, we may also involve other attorneys, legal assistants, and other professionals. Our rates are reviewed in the last quarter of the calendar year and adjusted as of January 1 of the following year. In addition to legal fees, Client(s) will also be responsible for any costs incurred or disbursements made in connection with the Engagement. Further, Client(s) will be responsible for fees and costs incurred or disbursements made by the Firm in connection with the transfer of the Firm's files and/or responding to any subpoena or other legal process relating to any engagement for Client(s). Please see the accompanying Standard Terms of Engagement for more

detail.

**Bills:** Invoices for services and costs incurred will be sent to Client by email to the address set forth above in the form of a monthly invoice. Payment is expected within 30 days of Client's receipt of the invoice. If the Client includes more than one person or entity, each of those people and/or entities are jointly and severally responsible for payment of our invoices unless otherwise agreed in writing. If an invoice is not objected to within 30 days, it will be assumed that the invoice and all amounts thereon are reasonable and acceptable for payment. The Firm's continued representation is dependent on Client's cooperation and prompt payment of invoices. Accordingly, this will confirm that Client consents to our discontinuing all work for Client, including waiving objection to withdrawal as counsel on this Engagement or any other matter in which we represent Client, if payment is not received within 60 days of the invoice date or if Client's conduct causes us to conclude that we should withdraw as counsel under any circumstance permitted or required by the Rules of Professional Conduct.

**Advance Payment of Fees Retainer: We will require an Advance Payment of Fees Retainer in the amount of $25,000 payable to Saul Ewing LLP. Please treat this letter as the invoice for that retainer. We ask that the Client send the retainer to Saul Ewing LLP, Accounting Department, 701 Brickell Avenue, 17th Floor, Miami, Florida 33131, so that we can commence work on the Engagement. The Client may wire this money to the Firm using the following wire instructions:**

| Bank Name: | SWIFT Code | ABA Code | Account Name | Account # | Additional Info. |
|---|---|---|---|---|---|
| City National Bank | CNBFUS3M | 066004367 | Saul Ewing LLP - IOTA Retainer Account | 1755040769 | Client Matter: **SPIN CAPITAL** |

**The Advance Payment of Fees Retainer is not an agreement to perform the Engagement for a fixed or capped fee nor is the retainer amount a maximum fee. Client(s) will be invoiced for additional amounts as the Engagement progresses. Failure to receive the full amount shall be grounds for the Firm to decline and/or withdraw from the Engagement. This amount will be deposited in an appropriate escrow or IOLTA account and, unless agreed otherwise, will be applied at the Firm's discretion, to outstanding invoices as they become due. The Firm and the Client(s) agree that the Firm may require that this amount be replenished or increased from time to time as the Firm may deem appropriate under the circumstances, such as prior to a trial, other significant hearing, substantial work commencing on a transaction or a change in scope of service. This will confirm that Client(s) consent(s) to our withdrawal from the Engagement if Client fails to replenish or increase the amount when requested. Any unapplied portion of the amount paid under this paragraph (including any unearned fees) will be refunded to the Client (without interest) at the conclusion of the Engagement.**

**Conflicts of Interest:** We have commenced a check for possible conflicts of interest and based on our records and **information** provided to us, have not discovered any matters which we

believe would raise a conflict of interest. If Client(s) is or becomes aware of any facts which may give rise to a conflict of interest, please contact us immediately.

**Advance Waiver:**  The Firm represents many companies and individuals. It is possible that during the Engagement another client may have a dispute with or a matter adverse to the Client unrelated to the Engagement or any subsequent engagement for the Client. Such matters may include a real estate transaction or land use matter, a bankruptcy matter, a financing matter or business counseling or corporate matter, a patent or other intellectual property matter, a labor and employment matter, or even an unrelated litigation matter, including litigation relating to an unrelated patent. This will confirm that the Client agree that the Firm may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to the Engagement, even if the interests of such clients in those other matters are directly adverse to the Client.  Client agrees that it will not claim a conflict as a basis for disqualification in such other matter. We agree, however, that the Client's prospective consent to conflicting representations contained in this paragraph will not apply in any instance where, as a result of our representation of the Client, we have obtained proprietary or other confidential information of a non-public nature that, if known to such other client, could be used in any such matter by such client to the Client's material disadvantage.

Very truly yours,

Hilda Piloto

Read and accepted this 22 day of August, 2024

*If a corporate entity, use the formal name as noted in the subject line of this letter*

By: _____
Its: Member _____
Print Name: Josh Lubin _____

52908932.1

# STANDARD TERMS OF ENGAGEMENT FOR LEGAL SERVICES

## SAUL EWING
LLP

Thank you for selecting Saul Ewing LLP to represent the person(s) and entity(ies) identified in the accompanying engagement letter as the Client or Clients. Unless expressly modified by the letter accompanying these Standard Terms, or in some other writing entered into by mutual agreement, these terms constitute our agreement with each Client. If Client provides us with outside counsel guidelines or similar client prepared instructions, we agree that the Firm will within a reasonable amount of time consider same and respond as may be appropriate. The terms "Client", "Clients", "Engagement", and "Payor" should be interpreted as they may be defined in the letter accompanying these Standard Terms or, if not addressed therein, by their commonly accepted meanings. For simplicity, this document will refer to all Clients in the singular as Client. Please review these Standard Terms carefully and please bring any questions to our attention.

### The Scope of Our Work
We will consult with Client about objectives and, when appropriate, the means of achieving them in accordance with available facts, applicable law and the Rules of Professional Conduct governing lawyers. We shall endeavor to keep Client advised of the status of Client's matters to the extent necessary to enable Client to make informed decisions. We will provide competent representation of Client's interests. Expressions on our part concerning the probable outcome of our representation will reflect our professional judgment, but are not guarantees, as they are limited by our knowledge of the facts and are based on the state of the law at the time they are expressed.

### Confidentiality
We may obtain personal, business (including what may be proprietary information), and other information during the course of our representation, including from our meetings and conversations with Client or from documents or other information provided to us as a result of those meetings and conversations. We may also obtain personal information from others who were asked to give it to us (for example, another attorney or an accountant or other professionals whom Client requested cooperate with us). In certain circumstances, we may also obtain information from public records or other persons. Saul Ewing's policy is to follow the Rules of Professional Conduct that apply to lawyers and law firms such as ours. Those Rules prevent us and those working for us from revealing information relating to our representation unless the Client consents after consultation, except for disclosures that are implicit in the representation or otherwise required by law (for example, a court order or subpoena requiring such disclosure), or as necessary to enforce or defend the rights of Saul Ewing relating to legal services we provide to a client. Correspondingly, we strongly recommend that Client not disclose to third parties or post on social media the substance of our consultations since such conduct may destroy the attorney-client privilege. Finally, Client should consult with us prior to sending us any Protected Health Information as that term is understood under the Health Insurance Portability and Accountability Act (HIPAA) or any personal information covered by the European Union's General Data Protection Regulation (GDPR).

### Who Will Provide the Legal Services
Subject to the supervision of the principal attorney handling Client's matters, our legal work, or parts of it, may be performed by other lawyers or legal assistants in the Firm. Such use of others may be for the purpose of involving lawyers or legal assistants with particular knowledge in a given area or for the purpose of otherwise providing service in the most efficient manner and on a timely basis.

### Client Responsibilities
Client agrees to pay our invoices for services and expenses as provided in the letter accompanying these Standard Terms and set forth below. In addition, Client agrees to be candid and cooperative with us and to keep us informed with complete and accurate factual information, documents, and other communications relevant to the subject matter of our representation or otherwise reasonably requested by us or as may be required by law or court order. Because it is important that we be able to contact Client regarding our representation, Client agrees to inform us, in writing, of any changes in the name, address, telephone number, contact person, e-mail address, state of incorporation, or other relevant changes regarding Client's business. We recommend that client avoid using consumer cloud file storage and transfer sites, such as Dropbox or Google Drive, to transfer files to us. The Firm has a number of secure, encrypted mechanisms and virtual data rooms for file sharing and transfer that can serve in this capacity and provide an elevated level of protection. We also recommend that Client avoid using text messages to communicate with us because, among other things, of security and confidentiality concerns. In addition, if our engagement is about a personal matter or a matter in which Client's employer is a counterparty, we recommend that Client not use work email for communications with us and instead use a personal email address from a non-work computer. Whenever we need instructions or authorization in order to proceed with legal work on Client's behalf, we will contact Client at the latest contact information we have received. We agree that we may use non-encrypted email for Client communications unless the law requires or the Client specifically directs that we use encrypted email communications. If Client affiliates with, acquires, is acquired by, or merges with another company, Client agree to provide us with sufficient notice to permit us to evaluate whether we may need to withdraw from our representation if we determine that such affiliation, acquisition, or merger creates a conflict of interest between any of our current or future clients and the other party to such affiliation, acquisition, or merger, or if we determine that it is not in the best interests of our Firm to represent the new entity.

### How Fees Will Be Set
We will keep reasonably accurate records of the time we devote to all aspects of our engagement, including, without limitation, conferences with the Client, witnesses, consultants, court personnel and others, conferences among our legal personnel, factual investigation, legal research and analysis, responding to any request to provide information to Client's auditors or to other third parties, drafting of letters, pleadings, briefs, contracts, and other documents, travel time, waiting time in court and time in depositions and other discovery proceedings, negotiations and related

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:

Case No.: 22-12790-EPK

**EXCELL AUTO GROUP, INC.**                  Chapter 7

Trustee._____/

NICOLE TESTA MEHDIPOUR,                      Adv. Case No. 23-01132-EPK
Chapter 7 Trustee for EXCELL AUTO
GROUP, INC.

         Plaintiff,

v.

HI BAR CAPITAL, LLC, et. al.,

         Defendants(s).
_____/

## RESPONSE TO MOTION TO WITHDRAW

COMES NOW the Defendant, Pro-Se, and files his RESPONSE to Carmen Contreras-Martinez, Candice L. Kline, Jorge Garcia, and the firm of Saul Ewing LLP's (collectively, **"Saul Ewing"**), motion for leave to withdraw as counsel for Defendants, SPIN CAPITAL, LLC and AVRUMI LUBIN a/k/a JOSH LUBIN (**"Defendants"**) pursuant to Local Rule 2091-1 and the Rules Regulating the Florida Bar 4-1.16, and in support states as follows:

1.    In their Motion, Saul Ewing states in paragraph 1 that there are fundamental disagreements with the defendants as to actions to be taken in this case. This statement is misleading to the Court, Saul Ewing has harmed Defendant by failing to:

      a.   Communicate with defendants as required by the Florida Bar Rules

           i.   This failure was severe enough that Defendants expect to file a complaint with the Florida Bar to preserve their rights and interests.

      b.   *"Assert claims seeking to enforce an assignment of claims in the litigation,"* pursuant to the retainer agreement signed on 8/22/2024. **[SEE EXHIBIT A]**

2.    Saul Ewing should not be allowed to withdraw while Defendant's rights and interests are subject to harm.

3. Defendant seeks Sanctions against Saul Ewing for their egregious behavior.

4. Defendant asks the court to set an Evidentiary Hearing as to these issues and Stay all pending matters in the instant case in order to preserve Defendant's rights.

5. Defendant seeks a Protective Order in Order to preserve their rights and protect themself from harms which may have been brought upon them by the failures of Saul Ewing.

WHEREFORE, the Defendant prays for the Motion to be Denied, for Sanctions against Saul Ewing, an Evidentiary Hearing to address these claims, a Stay on all pending matters in the instant case, and a Protective Order for Defendant, more particularly Avrumi Lubin, to protect him from potential harm brought upon him through no fault of his own, and for any such additional relief the Court Deems just and Proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing shall be served to all parties registered with CM/ECF in the instant case upon docketing by the Clerk and via email directly to:

carmen.contreras-martinez@saul.com
jorge.garcia@saul.com

Avrumi Lubin
Pro-Se
josh@spincapital.com

# EXHIBIT A



Hilda Piloto
Phone: (305) 428-4504
Fax: 305.374.4744
hilda.piloto@saul.com
www.saul.com

August 22, 2024

VIA ELECTRONIC MAIL
josh@spincapital.com

Josh Lubin
Spin Capital LLC
1460 Arboretum Parkway
Lakewood, New Jersey 08701

     Re:    Representation of Spin Capital, LLC

Dear Mr. Lubin:

Thank you for giving Saul Ewing LLP (the "Firm") the opportunity to represent the above-referenced client(s) (the "Client"). The Rules of Professional Conduct, which govern the activities of lawyers, and the Firm's internal guidelines, provide for the establishment of the terms of the engagement at the outset of our work. Please read this letter carefully and once we begin work on your behalf the terms set forth in this letter are binding.

**Scope Of Services:** The Firm will provide the following services (the "Engagement"):

The Firm will defend the Client in litigation in Broward County, Circuit Court and assert claims seeking to enforce an assignment of claims in the litigation.

Our sole client(s) in this Engagement are the persons or entities identified as the Client(s) in the subject line of this letter. Our agreement is not an agreement to represent any affiliates or related individuals or owners or any officers, directors, partners, members, shareholders, employees, independent contractors, or agents of the Client(s), unless we have specifically agreed to do so elsewhere in this letter or by separate written agreement.

Unless specifically mentioned as part of the Engagement described above, the Firm does not undertake to: (1) identify potentially applicable insurance coverage (either primary or excess) or indemnification agreements; (2) provide notice to potentially responsible insurers (either primary or excess) or indemnitors; (3) provide any advice or other legal services relating to tax laws (state, federal or local) or federal or state securities laws, including appearing or practicing before the U.S. Securities and Exchange Commission (SEC) or the disclosure obligations under such laws; (4) provide any advice or other legal services relating to the Corporate Transparency Act (CTA), including determining whether filings are required, filing with the United States Department of the Treasury, Financial Crimes Enforcement Network ("FinCen"), or monitoring

CALIFORNIA DELAWARE FLORIDA ILLINOIS MARYLAND MASSACHUSETTS MINNESOTA NEW JERSEY NEW YORK PENNSYLVANIA WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

52908932.1

or updating any existing or future CTA filings made with FinCen; or (5) provide administrative services for the payment of U.S. patent maintenance fees or non-U.S. patent annuity fees.

Although the Firm provides its best advice regarding potential exposure, damages, and timing, the Firm is unable to determine, much less guarantee, when a court will rule or what schedule it will set or when or how another party will respond. Further, the outcome of any engagement may turn on factors outside our control and although the Firm may provide its views and advice, any such statements should not be interpreted as a promise or guarantee.

Client agrees to disclose to the Firm if the Client has given a third party an interest in the outcome of this Engagement through any understanding or agreement (such as an agreement with a litigation funding firm or an assignment of any claims).

**Standard Terms of Engagement:** Enclosed is a copy of our Standard Terms of Engagement which, except if otherwise provided by state law, describe in greater detail the basis upon which we provide services to our clients. This letter and the Standard Terms of Engagement together comprise the terms of this Engagement with the Firm. To the extent that the terms of this letter and those of the Standard Terms of Engagement are inconsistent, the terms of this letter will control. Please review both documents carefully and contact me with any questions about them or our relationship. As set forth in more detail in the Standard Terms of Engagement, an estimate of fees and costs is not a maximum or fixed fee quotation and expressions of probable or possible outcomes are not guarantees about future developments. The Firm maintains errors and omissions insurance applicable to the legal services rendered to Client(s).

**Applicability To Future Engagements:** The terms and conditions of our representation contained in this letter and in the accompanying copy of our Standard Terms Of Engagement shall also apply to any future engagement that we agree to perform for the Client(s), unless we send a separate engagement letter or other communication for such future engagement which may include different terms and an updated Standard Terms Of Engagement. With respect to any such future engagement, the Firm will check for conflicts of interest as appropriate and such future engagements may be subject to different financial terms as may be agreed to by the Firm and the Client(s).

**Fees & Costs:** Our fees will be determined by multiplying the actual time expended by our attorneys, legal assistants, and other paraprofessionals by their respective hourly rates as set by the Firm from time to time to reflect current levels of legal experience, changes in overhead costs, and other factors. Our current hourly rates generally range from $345 for our most junior attorneys to $1,440 for our most experienced attorneys. Although staffing may change depending on what happens, the lawyers we anticipate initially working on the Engagement are Hilda Piloto and Jillian C. Postal who shall be billed at rates of $635.00 and $430.00 an hour, respectively. When appropriate, we may also involve other attorneys, legal assistants, and other professionals. Our rates are reviewed in the last quarter of the calendar year and adjusted as of January 1 of the following year. In addition to legal fees, Client(s) will also be responsible for any costs incurred or disbursements made in connection with the Engagement. Further, Client(s) will be responsible for fees and costs incurred or disbursements made by the Firm in connection with the transfer of the Firm's files and/or responding to any subpoena or other legal process relating to any engagement for Client(s). Please see the accompanying Standard Terms of Engagement for more

detail.

**Bills:** Invoices for services and costs incurred will be sent to Client by email to the address set forth above in the form of a monthly invoice. Payment is expected within 30 days of Client's receipt of the invoice. If the Client includes more than one person or entity, each of those people and/or entities are jointly and severally responsible for payment of our invoices unless otherwise agreed in writing. If an invoice is not objected to within 30 days, it will be assumed that the invoice and all amounts thereon are reasonable and acceptable for payment. The Firm's continued representation is dependent on Client's cooperation and prompt payment of invoices. Accordingly, this will confirm that Client consents to our discontinuing all work for Client, including waiving objection to withdrawal as counsel on this Engagement or any other matter in which we represent Client, if payment is not received within 60 days of the invoice date or if Client's conduct causes us to conclude that we should withdraw as counsel under any circumstance permitted or required by the Rules of Professional Conduct.

**Advance Payment of Fees Retainer: We will require an Advance Payment of Fees Retainer in the amount of $25,000 payable to Saul Ewing LLP. Please treat this letter as the invoice for that retainer. We ask that the Client send the retainer to Saul Ewing LLP, Accounting Department, 701 Brickell Avenue, 17th Floor, Miami, Florida 33131, so that we can commence work on the Engagement. The Client may wire this money to the Firm using the following wire instructions:**

| Bank Name: | SWIFT Code | ABA Code | Account Name | Account # | Additional Info. |
|---|---|---|---|---|---|
| City National Bank | CNBFUS3M | 066004367 | Saul Ewing LLP - IOTA Retainer Account | 1755040769 | Client Matter: **SPIN CAPITAL** |

**The Advance Payment of Fees Retainer is not an agreement to perform the Engagement for a fixed or capped fee nor is the retainer amount a maximum fee. Client(s) will be invoiced for additional amounts as the Engagement progresses. Failure to receive the full amount shall be grounds for the Firm to decline and/or withdraw from the Engagement. This amount will be deposited in an appropriate escrow or IOLTA account and, unless agreed otherwise, will be applied at the Firm's discretion, to outstanding invoices as they become due. The Firm and the Client(s) agree that the Firm may require that this amount be replenished or increased from time to time as the Firm may deem appropriate under the circumstances, such as prior to a trial, other significant hearing, substantial work commencing on a transaction or a change in scope of service. This will confirm that Client(s) consent(s) to our withdrawal from the Engagement if Client fails to replenish or increase the amount when requested. Any unapplied portion of the amount paid under this paragraph (including any unearned fees) will be refunded to the Client (without interest) at the conclusion of the Engagement.**

**Conflicts of Interest:** We have commenced a check for possible conflicts of interest and based on our records and **information** provided to us, have not discovered any matters which we

believe would raise a conflict of interest. If Client(s) is or becomes aware of any facts which may give rise to a conflict of interest, please contact us immediately.

**Advance Waiver:** The Firm represents many companies and individuals. It is possible that during the Engagement another client may have a dispute with or a matter adverse to the Client unrelated to the Engagement or any subsequent engagement for the Client. Such matters may include a real estate transaction or land use matter, a bankruptcy matter, a financing matter or business counseling or corporate matter, a patent or other intellectual property matter, a labor and employment matter, or even an unrelated litigation matter, including litigation relating to an unrelated patent. This will confirm that the Client agree that the Firm may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to the Engagement, even if the interests of such clients in those other matters are directly adverse to the Client. Client agrees that it will not claim a conflict as a basis for disqualification in such other matter. We agree, however, that the Client's prospective consent to conflicting representations contained in this paragraph will not apply in any instance where, as a result of our representation of the Client, we have obtained proprietary or other confidential information of a non-public nature that, if known to such other client, could be used in any such matter by such client to the Client's material disadvantage.

Very truly yours,

Hilda Piloto

Read and accepted this 22 ___ day of August, 2024

*If a corporate entity, use the formal name as noted in the subject line of this letter*

By: _____

Its: Member

Print Name: Josh Lubin

52908932.1