**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

EXCELL AUTO GROUP, INC.

      Debtor.

_____/

NICOLE TESTA MEHDIOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

      Plaintiff,

v.

HI BAR CAPITAL, LLC, *et al.*

      Defendants.

_____/

CASE NO.: 22-12790-EPK
Chapter 7

Adv. Pro. No. 23-01132-EPK

### DEFENDANTS', SPIN CAPITAL, LLC AND AVRUMI LUBIN'S, MOTION TO WITHDRAW AS COUNSEL

Marko F. Cerenko, Esq., and the law firm of Kluger, Kaplan, Silverman, Katzen & Levine (collectively, "**KKSKL**"), pursuant to Local Rule 2091-1 and the Rules Regulating the Florida Bar 4-1.16, hereby move for leave to withdraw as counsel for Defendants, SPIN CAPITAL, LLC and AVRUMI (JOSH) LUBIN (collectively, the "**Defendants**"), in the above-styled cause of action, and in support state as follows:

1. The Defendants and KKSKL have fundamental disagreements related to actions to be taken in this case. The representation has been rendered unreasonably difficult by the Defendants.

2. More specifically, pursuant to Rule 4-1.16(b) of the Florida Bar Rule of Professional Conduct, a lawyer may withdraw from representing a client if (i) the client insists

1

upon taking action … with which the lawyer has a fundamental disagreement; (ii) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (iii) withdrawal can be accomplished without material adverse effect on the interest of the client; or (iv) other good cause for withdrawal exists.

3.      Withdrawal is consistent with the requirements of Rule 4-1.16(b)(1) through (5) insofar as good cause exists to allow the undersigned to withdraw from representing the Defendants in this matter. Irreconcilable differences have arisen by and between Defendants and undersigned counsel, due to Defendants' insistence on taking action with which the undersigned has a disagreement, as well as other issues concerning undersigned counsel's ability to properly represent the Defendants. The instant Motion will not expound on the specific facts giving rise to the irreconcilable differenced since undersigned counsel is concerned with violating the attorney-client privilege or otherwise impacting this case for the Defendants. All of this has impacted undersigned's ability to represent Defendants' in this case, such that further representation is not feasible.

4.      There will be no undue prejudice to Defendants in this action resulting from the withdrawal of KKSKL.

5.      Pursuant to Rule 4-1.16(d), in further interest of Defendants, the undersigned moves for a stay of these proceedings and any interim deadlines for twenty (20) days, to enable them to obtain new counsel. It is well settled that this court has the authority to stay proceedings based upon the circumstances of a particular case. *See, e.g., Landis v. North Am. Water Works and Elect. Co.,* 299 U.S. 248, 254 (1936); *Republic of Venezuela v. Philip Morris Cos., Inc.,* No. 99-0586-Civ, 1999 WL 33911677, at 1 (S.D. Fla. April 28, 1999). Further, insofar as

Kluger, Kaplan, Silverman, Katzen & Levine, P.L. • Citigroup Center, 27th Floor, 201 S. Biscayne Blvd., Miami, FL 33131 • 305.379.9000

corporations are artificial entities that can act only through agents and cannot appear pro se, they must be represented by counsel. *See Palazzo v. Gulf Oil Corp.,* 764 F. 2d 1381 (11th Cir. 1985).

6. KKSKL does not file this motion for purposes of delay or any other improper purpose. In fact, on January 24, 2025, the Third Joint Agreed Motion to Continue Pretrial Conference and Extend Certain Pretrial Deadlines was filed [D.E. 188] continuing the pretrial to the June 2025 pretrial calendar, which provides Defendants sufficient time to obtain new counsel and still meet all the pretrial deadlines.

**WHEREFORE**, Marko F. Cerenko, Esq., and the law firm of Kluger, Kaplan, Silverman, Katzen & Levine, respectfully request that this Court enter an order granting them leave to withdraw as counsel for Defendants, SPIN CAPITAL, LLC and AVRUMI (JOSH) LUBIN, in this proceeding, and for such other and further relief as this Court deems just and proper.

DATED: January 27, 2025

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN,
KATZEN, & LEVINE, P.L.**
*Co-counsel for Defendants, Spin Capital, LLC and
Avrumi (Josh) Lubin*
201 S. Biscayne Blvd., Suite 2700
Miami, Florida 33131
Tel: (305) 379-9000
Fax: (305) 379-3428

By: */s/ Marko Cerenko*
     MARKO F. CERENKO, ESQ.
     Florida Bar No.: 221501
     mcerenko@klugerkaplan.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on January 27, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF and served on all CM/ECF registered users identified in the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Marko Cerenko*
   **Marko F. Cerenko, Esq.**

Kluger, Kaplan, Silverman, Katzen & Levine, P.L. • Citigroup Center, 27th Floor, 201 S. Biscayne Blvd., Miami, FL 33131 • 305.379.9000