UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

EXCELL AUTO GROUP, INC.

    Debtor.

Case No.: 22-12790-EPK
Chapter 7

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

    Plaintiff,

v.

Adv. Pro. No. 23-01132-EPK

HI BAR CAPITAL, LLC, *et al.*,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT**

Nicole Testa Mehdipour, chapter 7 trustee of the estate of Excell Auto Group, Inc., by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 15 and 20(a), made applicable pursuant to Federal Rules of Bankruptcy Procedure 7001, 7002, 7015, and 7020, files this *Motion for Leave to File Third Amended Complaint*, and in support states:

I.    **Summary of Argument**

1.    The Plaintiff is entitled to leave to amend and add the additional count for relief under Fed. R. Civ. P. 15, as there is no undue delay, bad faith or dilatory motive of the Plaintiff in Motion and the Defendants are not prejudiced in any way by the relief sought in this Motion.

1

II.     **Relevant Procedural History from Adversary Proceeding**

2.      Plaintiff filed the original complaint on June 30, 2023.

3.      Plaintiff filed a *Second Amended Complaint* [ECF No. 75] on March 27, 2024, consistent with paragraph 2(a)-(c) of this Court's *Order on Motions to Dismiss* [ECF No. 64].

4.      Hi Bar, M. Herbst, and Y. Herbst filed an *Answer to the Second Amended Complaint* [ECF No. 90] on April 24, 2024. Wing Lake Capital filed its *Answer to the Second Amended Complaint* on May 17, 2024 [ECF No. 101]. Spin and Lubin filed an *Answer to the Second Amended Complaint* [ECF No. 102] also on May 17, 2024

5.      Hi Bar, Y. Herbst, and M. Herbst filed a *Motion for Summary Judgment* on December 27, 2024 [ECF No. 168] in which Lubin and Spin filed a *Joinder* [ECF No. 174]. Briefing is to be completed on February 27, 2025 [ECF No. 175]

6.      Plaintiff filed a *Motion for Summary Judgment* [ECF No. 183] on January 20, 2025. briefing is to be completed on March 11, 2025 [ECF No. 186].

7.      The parties have jointly sought a continuance of the Pretrial until June 2025 [ECF No. 188].

III.    **The Amendment is Minimal and Adds a Single Count Setting Forth the Florida Criminal Usury Cause of Action**

8.      In the First Amended Complaint and Second Amended Complaint, the Plaintiff set forth declaratory relief causes of actions to, among other things, declare that the Spin Contracts Hi Bar Transfer Agreement and First Hi Bar Contract violative of Florida criminal usury laws.

9.      The additional count in the Third Amended Complaint seeks the specific relief available under Florida Criminal usury statutes, Fla. Stat. §§ 687.071 and 687.141.

IV.     **Basis for Relief**

2

10. Fed. R. Civ. P. 15(a)(2), made applicable to this proceeding by Fed. R. Bankr. P. 7015, reads: "*Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

11. "Absent 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.[,] the[n] leave sought should, as the rules require, be 'freely given.'" *Taveras v. Fla. DOT*, 2023 U.S. Dist. LEXIS 215280 at *28-29 (S.D. Fla. Dec. 4, 2023) (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). See also *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) ("Fed. R. Civ. P. 15(a)mandates that the [] court freely grant plaintiff's motion for leave when justice so requires… [u]nless substantial reason exists to deny leave to amend complaint, discretion of district court is not broad enough to permit denial.") (citation omitted)).

12. "For prejudice, the non-movant bears the burden of proof and 'must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.' " *Zhejiang Topoint Photovoltaic Co. v. Chen (In re Zhejiang Topoint Photovoltaic Co.)*, 651 B.R. 477, 499 (Bankr. D. N.J. 2023) (citations omitted). *Accord Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990)

13. In this proceeding, there is no prejudice to any party as the parties have agreed to move the pretrial conference from February 12, 2025 to June 11, 2025, discovery is on going and the issues have been included in the prior versions of the complaint.

3

14. Counsel for the Plaintiff has conferred with counsel for the defendants in this case, however, for various reasons, are unable to obtain agreement to the relief set forth in this Motion.

15. Plaintiff has attached a blackline draft of the proposed Third Amended Complaint as **Exhibit 1,** without exhibits, and a complete clean copy of the Third Amended Complaint will be filed on the docket concurrent with this Motion.

16. Accordingly, the Plaintiff requests that this Court grant leave to file the Third Amended Complaint and add the defendants identified herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order: (i) granting this Motion; (ii) granting the Plaintiff leave to file the Third Amended Complaint; and (iii) granting the Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted this 28th day of January 2025.

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

BY:   /s/ *Jason S. Rigoli*
      Alan R. Crane, Esq.
      Florida Bar No.: 0963836
      E-mail: acrane@furrcohen.com
      Jason S. Rigoli, Esq.
      Florida Bar No.: 91990
      E-mail: jrigoli@furrcohen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this adversary proceeding.

Dated: January 28, 2025.

By: */s/ Jason S. Rigoli*
    Jason S. Rigoli

4