UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

EXCELL AUTO GROUP, INC.

                                             Case No.: 22-12790-EPK

      Debtor.                                  Chapter 7
_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

      Plaintiff,

v.                                       Adv. Pro. No. 23-01132-EPK

HI BAR CAPITAL, LLC, *et al.*

      Defendants.
_____/

## MOTION TO WITHDRAW AS COUNSEL
## FOR DEFENDANTS SPIN CAPITAL AND AVRUMI LUBIN

Bernard L. Egozi, Esq., and the law firm of Egozi & Bennett, P.A. ("E&B"), pursuant to Local Rule 2091-1 and Rule 4-1.16 of the Rules Regulating The Florida Bar, hereby move for leave to withdraw as counsel for Defendants, SPIN CAPITAL, LLC ("Spin") and AVRUMI LUBIN a/k/a JOSH LUBIN ("Mr. Lubin") (collectively, "Defendants"), in the above-styled cause of action, and state the following in support:

1.      Fundamental disagreements have developed and/or arisen between Defendants and E&B related to actions to be taken in this case; the instant representation has been rendered unreasonably difficult by Defendants.

1

2.      Pursuant to Rule 4-1.16(b) of the Rules Regulating The Florida Bar, "…a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement; (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's service and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (5) other good cause for withdrawal exists."

3.      Good cause exists to allow for E&B to withdraw from representing Defendants in this matter, and such withdrawal would be consistent with the requirements of Rule 4-1.16(b)(1)-(5). Irreconcilable differences have arisen by and between Defendants and E&B due to Defendants' insistence on taking action(s) with which E&B has a fundamental disagreement, and due to other issues concerning E&B's ability to properly represent Defendants. As E&B is concerned with violating the attorney-client privilege and/or otherwise impacting this case for Defendants, the instant Motion will not expound upon the specific facts and circumstances giving rise to these irreconcilable differences, all of which has impacted E&B's ability to represent Defendants in this case and rendered further representation unfeasible.

4.      E&B's withdrawal as counsel will not result in any undue prejudice to Defendants in this action.

5.      Pursuant to Rule 4-1.16(d), and to the end of protecting Defendants' interests, E&B further moves for a temporary stay of the proceedings - and of any interim deadlines - for a period of twenty (20) days to allow Defendants sufficient time to retain new counsel. It is well settled that courts have the authority to stay proceedings based on the circumstances of a particular case, and

in order to control the disposition of the causes on their dockets. *See*, e.g., *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Republic of Venezuela ex rel. Garrido v. Philip Morris Cos., Inc.*, No. 99-0586-Civ, 1999 WL 33911677, at *1 (S.D. Fla. April 28, 1999). Insofar as corporations are artificial entities that can act only through agents, cannot appear *pro se*, and must be represented by counsel, a temporary stay of the proceedings is appropriate at this time for the purpose so stated above. *See Palazzo v. Gulf Oil Corp.*, 764 F. 2d 1381, 1385 (11th Cir. 1985).

6.   E&B does not file the instant motion for the purpose of delay or for any other improper purpose.

7.   Furthermore, on January 24, 2025, the Third Joint Agreed Motion to Continue Pretrial Conference and Extend Certain Pretrial Deadlines was filed [D.E. 188], continuing the pretrial to the June 2025 pretrial calendar, which provides Defendants sufficient time to obtain new counsel and still meet all pretrial deadlines.

**WHEREFORE**, Bernard L. Egozi, Esq., and the law firm of Egozi & Bennett, P.A., respectfully request that this Court enter an Order granting E&B leave to withdraw as counsel for Defendants, SPIN CAPITAL, LLC and AVRUMI LUBIN a/k/a JOSH LUBIN, in this proceeding, and granting any such further relief as this Honorable Court deems just and proper.

Dated: January 31, 2025

Respectfully submitted,

EGOZI & BENNETT, P.A.
*Attorneys for Defendants*
2999 NE 191st Street, Suite 407
Aventura, Florida 33180
Telephone: (305) 931-3000
Facsimile: (305) 931-9343

By:   */s/ Avi C. Shoham*
Bernard L. Egozi

Florida Bar No.: 152544
begozi@egozilaw.com
Avi C. Shoham
Florida Bar No.: 1005219
avi@egozilaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 31st day of January, 2025, on all counsel of record on the service list via transmission of Notices of Electronic Filings generated by CM/ECF.

_s/ Avi C. Shoham_
Avi C. Shoham

4