UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED-USBC, FLS-WPB
'25 FEB 3 PM2:47

In re:

CASE NO.: 22-12790-EPK

EXCELL AUTO GROUP, INC. Chapter 7
Debtor.

_____/

NICOLE TESTA MEHDIOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.
    Plaintiff,

v.

Adv. Pro. No. 23-01132-EPK

HI BAR CAPITAL, LLC, et al.
    Defendants.

_____/

## DEFENDANT AVRUMI LUBIN'S OPPOSITION TO MARKO CERENKO'S WITHDRAWAL AS DEFENSE COUNSEL FOR SPIN CAPITAL, LLC

COMES NOW, Defendant, AVRUMI LUBIN a/k/a JOSH LUBIN ("Lubin"), enters his objections to the withdrawal of attorney Marko F. Cerenko, Esq. and Kluger, Kaplan, Silverman, Katzen & Levine, P.L. from representation of Spin Capital, LLC on the grounds that withdrawal cannot be accomplished without material adverse effect on the interests of Spin Capital, LLC. In support, Lubin states:

Counsel for Creditor Spin Capital, LLC seeks withdrawal from this matter based pursuant to Rule 4-1.16(b) of the Florida Bar Rule of Professional Conduct, alleging that (i) Spin Capital insists upon taking action … with which [Cerenko and KKSKL] has a fundamental disagreement; (ii) [Spin Capital] fails substantially to fulfill an obligation to LLSKL regarding Cerenko's services and has been given reasonable warning that Cerenko will withdraw unless the obligation is fulfilled; (iii) withdrawal can be

accomplished without material adverse effect on the interest of Spin Capital; or (iv) other good cause for withdrawal exists. Lubin disagrees and believes that the withdrawal of representation will have a material adverse effect on the interests of Spin Capital.

<u>ARGUMENT SUPPORTING THE OBJECTION TO WITHDRAWAL</u>

In Florida, the process by which an attorney may withdraw from representation in an action or proceeding is addressed in Florida Rule of General Practice and Judicial Administration 2.505(f)(1). This rule states that withdrawal from representation is to be by written order of the court after hearing upon a motion that sets forth the reasons for withdrawal and includes the client's last known address, telephone number, and email address.

Rule 4-1.16 of the Rules Regulating the Florida Bar, titled Declining or Terminating Representation, sets forth the substantive grounds or reasons for an attorney's withdrawal from representation. Subdivision (a) of this rule describes when withdrawal is mandatory and provides:

(a) When Lawyer Must Decline or Terminate Representation. Except as stated in subdivision (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the Rules of Professional Conduct or law;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;
(3) the lawyer is discharged;
(4) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or
(5) the client has used the lawyer's services to perpetrate a crime or fraud, unless the client agrees to disclose and rectify the crime or fraud.

Rule 4-1.16(b) then describes when withdrawal from representation is optional:

(b) When Withdrawal Is Allowed. Except as stated in subdivision (c), a lawyer **_may_** withdraw from representing a client if:

(1) **_withdrawal can be accomplished without material adverse effect on the interests of the client_**;

(2) the client insists upon taking action that the lawyer considers repugnant, imprudent, *or with which the lawyer has a fundamental disagreement;

(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(5) other good cause for withdrawal exists.

Notably, both 4-1.16(a) and 4-1.16(b) specifically reference the exception or limitation in subdivision (c) of this rule to a counsel's ability to withdraw. Rule 4-1.16(c) states, "A lawyer must comply with applicable law requiring notice or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Accordingly, an attorney seeking to withdraw must provide proper or lawful notice of their intent to withdraw; and, secondly, even if good cause for withdrawal is shown, the court may require that the attorney continue with representation.

The reasons for requiring leave of court before an attorney may withdraw are simple. First, the court is interested in insuring that the client is protected and not abandoned in the matter. Second, the court is also concerned about the court's calendar and case administration. Lawyers are officers of the court with independent responsibilities to the court. Having brought a client to the court, the attorney can adversely affect the orderly administration of the court by abandoning the client to his or her own devices before the court. "[T]he court's power [to grant or deny a motion for leave to withdraw] is predicated upon the necessity of effective and orderly administration of his court." _Fisher v. State_, 248 So.2d 479, 485 (Fla. 1971). "Whether an attorney is justified in

withdrawing from a case will depend on the particular circumstances, and no all-embracing rule can be formularized." *Fisher,* 248 So.2d at 485, quoting *Smith v. Bryant,* 264 N.C. 208, 141 S.E.2d 303, 305 (1965). When the attorney seeks to withdraw merely for reasons of his economy and his convenience, as the case seems to be here, the court is required to deny the attorney's motion to withdraw.

A bankruptcy case is different from a civil or criminal case in many important respects. It is a series of discrete contested matters and adversary proceedings, each of which can impact the substantive relief afforded. Although each bankruptcy case proceeds generally as contemplated by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, the case is ultimately controlled by the facts and circumstances of the individual debtor or debtors, *In re Davis*, 258 B.R. 510, 514 (Bankr. M.D. Fla. 2001), which can ultimately impact the outcome adversely to the creditors, like Spin Capital, in the matter.

The Trustee has brought claims against Spin Capital and its co-Defendants for various usurious contracts and complex business transactions in what the Trustee alleges are disguised loans designed to skate the criminal usury laws of New York and Florida. The picture is painted that the debtor's principal manager is an innocent bystander in these transactions. The allegations are of complex transactions concerning merchant cash advances in which funds were advanced to the debtor and thirteen (13) affiliates of the debtor which were used to fund its operations, but, through the admissions of the third amended complaint taken as true reflect the debtor knowing obtained the loans to perpetrate a Ponzi scheme in which new financing was obtained to pay older creditors, engulfing Spin Capital in its grasps. The debtor knew of its omissions in accepting the

cash advances without notifying Spin Capital and did not inform Spin Capital that its estimates of revenue may be overstated, if proven to be true, by the allegations in the third amended complaint.

It is clearly apparent that KKSKL was retained by Spin Capital through its appearance in this matter on Dec. 27, 2024 with representation starting as early as Dec. 9, 2024. It accepted a retainer in this matter for the provision of its services in the amount of $25,000.00 and gave certain representations regarding what its litigation strategy was and what it aimed to accomplish by its representation. Mr. Cerenko is recognized as a highly capable litigator and extremely competent attorney dealing with and concerning complex commercial matters. Further, it is apparent that KKSKL and Mr Cerenko are attempting to withdraw for their own convenience less than one (1) month after appearing in the case citing fundamental disagreements when they have barely participated in the instant action. Given the complexity of the transactions, the allegations of essentially disguised criminal conduct and the unique nature of which bankruptcy proceedings are handled, coupled with the requirement that corporate entities need to be represented by counsel and the considerable fees obtained by KKSKL, Mr. Cerenko and prior counsel with very little work performed, without a return of any of those fees, the equities weigh in the retention of KKSKL as counsel for Spin Capital in this matter for the foreseeable future.

WHEREFORE, Lubin seeks his objection to the withdrawal of counsel be sustained and Mr. Cerenko and KKSKL be ordered to continue with representation for the foreseeable future, or any other relief that the Court deems just and proper favoring Spin Capital and Lubin.

Regards,

/s/_____

Avrumi Lubin, Pro Se
1460 Arboretum Parkway
Lakewood, NJ 08701
(718) 570-3796
Office@spincapital.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT the foregoing has been served upon all parties as indicated on the Court's electronic service list via CM/ECF on this _____ day of February 2025 and those listed below via email or U.S. Mail.

Regards,

/s/_____

Avrumi Lubin, Pro Se
1460 Arboretum Parkway
Lakewood, NJ 08701
(718) 570-3796
Office@spincapital.com

Marko F. Cerenko
Kluger, Kaplan, Silverman, Katzen & Levine, P.L.
201 S. Biscayne Boulevard
Twenty Seventh Floor
Miami, FL 33131
tel (305) 379-9000
fax (305) 379-3428
mcerenko@klugerkaplan.com