**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

        EXCELL AUTO GROUP, INC.

        Debtor.

Case No.: 22-12790-EPK
Chapter 7

-------------------------------------------------------------------- /

NICOLE TESTA MEHDIPOUR, as Chapter 7 Trustee for
Excell Auto Group, Inc.

        Plaintiff.

      -v-

HI BAR CAPITAL, LLC, SPIN CAPITAL LLC,
YISROEL HERBST, MORDECHAI DOV BER
HERBST a/k/a MORDI HERBST, AVRUMI LUBIN
a/k/a JOSH LUBIN, FRANKLIN CAPITAL FUNDING,
LLC and FRANKLIN CAPITAL GROUP, LLC d/b/a
WING LAKE CAPITAL,

        Defendants.

Adv. Pro. No. 23-01132-EPK

-------------------------------------------------------------------- /

**HI-BAR CAPITAL, LLC, MORDECHAI HERBST, AND YISROEL HERBST'S**
**RESPONSE TO TRUSTEE'S MOTION FOR LEAVE TO AMEND**

Defendants, Hi-Bar Capital, LLC ("Hi-Bar"), Mordechai Herbst, and Yisroel Herbst,

(collectively, "Hi-Bar Defendants"), file the following Response in Opposition to the Trustee's

Motion for Leave to Amend [D.E. 198], and state:

**INTRODUCTION**

On January 28, 2025, the Trustee moved for leave to amend her Complaint to assert a new

claim for relief under Florida's Criminal usury statutes, Fla. Stat. §§ 687.071 and 687.141. [D.E.

198]. The Hi-Bar Defendants respectfully request that leave to amend be denied as the proposed

amendment is futile based the plain language of the Hi Bar Revenue Purchase Agreement ("First

1

Hi Bar Contract'), which contains an express New York choice of law provision. As described below, under Florida law, choice of law provisions are enforceable even if the provision would avoid the application of Florida's usury statute. Therefore, the Trustee's proposed amendment, which is based on Florida's usury statute, should be rejected as futile.

**MEMORANDUM OF LAW**

**I.      Standard**

Through its Motion for Leave to Amend, the Trustee is seeking to add a new cause of action based on Florida's usury statute. Defendants recognize that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." *Dysart v. BankTrust*, 516 Fed. Appx. 861, 865 (11th Cir. 2013) *citing* Fed.R.Civ.P. 15(a) *and Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, it is also clear that a court "may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Id. citing Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1262 (11th Cir.2004).Futility is established "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Couture v. Austin*, 720 F. Supp. 3d 1243, 1250–51 (M.D. Fla. 2024) *citing Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007); *see Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (leave to amend should be denied when the complaint as amended is still subject to dismissal). Here, because New York applies to the First Hi Bar Contract, any claim that the Hi Bar Defendants violated *Florida's* usury statute is futile and would only serve to waste the parties' time and resources unnecessarily litigating an issue that simply does not exist given the choice of law provision agreed upon by the parties.

**II.      New York Law Applies to First Bar Contract Rendering the Proposed Amendment Futile**

The First Hi Bar Contract contains an express choice of law provision that provides:

This Agreement, Security Agreement and Guaranty, Guaranty of Performance, and any and all addendums, attachments, exhibits, and other documents relating to this Agreement in any way, **shall be governed by by and construed in accordance with the laws of the State of New York**, without regards to any applicable principals of conflicts of law.

(emphasis added) [D.E. 200-2 at pg. 7, § 4.5]. This choice of law provision makes sense since Hi Bar "is a New York limited liability company with its principal place of business in New York… ." [D.E. 200 at ¶ 2]. The Trustee's attempt to evade the clear and unambiguous nature of this provision should be rejected.

"A district court sitting in diversity applies the choice-of-law rules of the state in which it sits, in this case Florida." *Viridis Corp. v. TCA Glob. Credit Master Fund, LP,* 721 Fed. Appx. 865, 873 (11th Cir. 2018) *citing  Rando v. Gov't Employees Ins. Co.*, 556 F.3d 1173, 1176 (11th Cir. 2009). "Under Florida law, contractual choice-of-law provisions are presumptively enforceable." *Id.* "[A] party may overcome this presumption by showing that a provision contravenes the strong public policy of Florida or is unjust or unreasonable." *Id.*  Notably, deterring usury is <u>not</u> considered to be a "strong public policy" that would allow a court to disregard an agreed upon choice of law provision. *Id.*  Indeed, "the mere fact that there exists in Florida a usury statute which prohibits a certain interest rate from being charged does not establish some public policy against either ordinary or criminal usury strong enough to override either the express or constructive intent of the parties that the law of a state which permits higher interest and penalizes usury violations less harshly shall apply." *OFS Equities, Inc. v. Conde*, 421 So. 2d 651, 653 (Fla. 3d DCA 1982).

*L'Arbalete, Inc. v. Zaczac*, 474 F. Supp. 2d 1314, 1321 (S.D. Fla. 2007) is instructive on this issue. In *Zaczac,* a Panamanian lender filed suit to recover from a developer based on a promissory note that contained a Delaware choice of law provision.  In response, Zaczac alleged that the promissory note was usurious under Florida law.  When analyzing this issue, and rejecting Zaczac's defense, the district court acknowledged that choice of law provisions that would avoid the application of Florida's usury laws are enforceable so long as the selected state has "a normal relation to the transaction."  *Id.* at 1322 *citing Morgan Walton Properties, Inc. v. International City Bank & Trust Co.,* 404 So.2d 1059 (Fla.1981).

The Court then found that based on various factors related to the transaction at issue, Delaware law controlled. *Id.*  In doing, the court highlighted that it "is generally accepted that the place of one parties' residence or incorporation may provide the normal relation to a transaction as contemplated in a choice of usury laws context or at least is a compelling factor in that determination." *Id. citing Continental Mortgage,* 395 So.2d at 513, *Ciena Corp. v. Jarrard,* 203 F.3d 312, 324 (4th Cir.2000); *Preferred Capital, Inc. v. Associates in Urology,* 453 F.3d 718 (6th Cir.2006); *Valley Juice Ltd. v. Evian Waters of France, Inc.,* 87 F.3d 604, 608 (2d Cir.1996); *see also Land-Cellular Corp. v. Zokaites,* 2006 WL 3040766 * 12 (S.D.Fla. Oct.23, 2006); *Carlock v. Pillsbury Co.,* 719 F.Supp. 791, 807 (D.Minn.1989); *Hale v. Co-Mar Offshore Corp.,* 588 F.Supp. 1212, 1215 (W.D.La.1984); *Nedlloyd Lines, B.V. v. San Mateo County,* 3 Cal.4th 459, 467, 11 Cal.Rptr.2d 330, 834 P.2d 1148 (1992); Restatement (Second) of Conflicts § 187(2)(a) comments f and g (explaining that a choice of law clause selecting the law of the state of one of the parties is demonstrably reasonable and substantial relationship test met "where one of the parties is domiciled in the chosen state"); *see also Wilmington Tr., N.A. v. Estate of Gonzalez,* 2016 WL

11656681, at Fn3 (S.D. Fla. Nov. 1, 2016)(finding that Utah law applied to transaction despite argument that transaction was usurious under Florida law.)

The proposed Third Amended Complaint *admits* that Hi Bar is domiciled in New York. Moreover, the proposed Third Amended Complaint *does not* allege that transaction lacks a "normal relation" to New York or that the choice of law provision should be invalidated for any other reason. Under Florida law, "a choice of law provision in a contract is presumed valid until it is proved invalid." *Suntrust Equip. Fin. & Leasing Corp. v. BlueChip Power, LLC*, 2014 WL 5038491, at *5 (M.D. Fla. Sept. 30, 2014). Accordingly, there is no legal basis to assert a claim arising under Florida's usury statute and the Motion for Leave should be denied as futile.

## CONCLUSION

Based on the foregoing, the Hi Bar Defendants respectfully request this Court deny the Trustee's Motion for Leave to Amend [D.E. 198].

Respectfully submitted,

LETO LAW FIRM
201 S. Biscayne Blvd.
Suite 2700
Miami, Florida 33131
Tel.    305-341-3155
Fax:    305-397-1168

*/s/ Matthew P. Leto*
MATTHEW P. LETO
Florida Bar No.: 014504
mleto@letolawfirm.com
kzelaya@letolawfirm.com
pleadings@letolawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 3, 2025, we electronically filed the foregoing

document with the Clerk of the Court and provided service to all counsel of record using CM/ECF.

*/s/ Matthew P. Leto*
MATTHEW P. LETO