UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.

     Debtor.

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

     Plaintiff,

v.

HI BAR CAPITAL, LLC, *et al.*,

     Defendant(s).

_____/

Case No.: 22-12790-EPK
Chapter 7

Adv. Pro. No. 22-01132-EPK

**PLAINTIFF'S *EX PARTE* MOTION TO SEAL EXHIBIT 2 TO PLAINTIFF'S
RESPONSE TO HI BAR DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Nicoel Testa Mehdipour (the "**Plaintiff**"), Chapter 7 Trustee and plaintiff in the above captioned adversary, by and through undersigned counsel, and pursuant to Local Rule 5005-1(A)(4), files this *Ex Parte Motion to Seal* (the "**Motion to Seal**") *Exhibit 2* to the *Plaintiff's Response to Hi Bar Defendants' Statement of Material Facts* [ECF No. 221]*, and in support thereof respectfully state as follows:

**BACKGROUND**

1.     The Plaintiff filed *Plaintiff's Response to Hi-Bar Capital, LLC, Mordechai Herbst, And Yisroel Herbst's Motion for Summary Judgment and Defendants, Spin Capital, LLC and Avrumi (Josh) Lubin's Joinder to Defendants' Hi-Bar Capital, LLC, Mordechai Herbst, and

1

*Yisroel Herbst's Motion for Summary Judgment* [ECF No. 220] ("**Response**") and *Plaintiff's Response to Hi Bar Defendants' Statement of Material Facts* [ECF No. 221] ("**Responsive SMF**").

2.     Exhibit 2 attached to the Responsive SMF in support of the Response is a wire transfer detail obtained by the Plaintiff from TD Bank, N.A., pursuant to a subpoena issued in this adversary proceeding on May 29, 2024.

3.     On July 22, 2024, TD Bank filed objections to the Subpoena [ECF No. 110].

4.     Counsel for the Plaintiff and counsel for TD Bank conferred to discuss the objection, and TD Bank requested a confidentiality agreement between the parties. The parties then negotiated a Confidentiality Agreement.  A copy of which is attached hereto as **Exhibit 1**.

5.     Exhibit 2 to the Responsive SMF are wire confirmations produced by TD Bank and marked confidential pursuant to the Confidentiality Agreement.  The Plaintiff has challenged the confidential nature of these documents but as of the filing of this Motion has not obtained agreement with TD Bank.  A separate Motion to Determine whether Exhibit 2 and the rest of the production by TD Bank marked as confidential should be confidential will be filed with this Court.

6.     Through this Motion, Trustee seeks to file under seal Exhibit 2 to the Responsive SMF, until such time as TD Bank agrees that the documents are not confidential or this Court enters an order determining that Exhibit 2 is not confidential.

7.     Trustee does not believe that temporarily sealing these filings is prejudicial to the Debtor, Defendants, or the public in general and does not contravene the general policy of openness of Bankruptcy cases in general.

**WHEREFORE,** Trustee respectfully requests that this Honorable Court enters an Order: (i) granting this Motion; (ii) authorizing the filing of Exhibit 2 to the Responsive SMF until such time as TD Bank agrees the document is not confidential or this Court enters a separate order

2

determining the documents not to be confidential; and (iii) granting any further relief that the Court

deems necessary and proper.

Remainder of Page Intentionally Left Blank

Respectfully submitted this 6th day of February 2025.

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

BY:     /s/ *Jason S. Rigoli*
        Alan R. Crane, Esq.
        Florida Bar No.: 0963836
        E-mail: acrane@furrcohen.com
        Jason S. Rigoli, Esq.
        Florida Bar No.: 91990
        E-mail: jrigoli@furrcohen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this adversary proceeding.

Dated: February 6, 2025.

By: */s/ Jason S. Rigoli*
    Jason S. Rigoli

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

**EXHIBIT 1**

| | |
|---|---|
| In re:<br><br>EXCELL AUTO GROUP, INC.,<br><br>    Debtor.<br><br>NICOLE MEHDIPOUR, CHAPTER 7 TRUSTEE,<br><br>    Plaintiff.<br><br>v.<br><br>HI BAR CAPITAL, LLC, *et al.*,<br><br>    Defendant. | Case No. 22-12790-EPK<br><br>Adv. Proc. No. 23- 01132-EPK<br><br>Chapter 7 |

### CONFIDENTIALITY AGREEMENT

WHEREAS, Non-Party TD Bank, N.A. ("***TD Bank***") and Plaintiff, Nicole Mehdipour, Chapter 7 Trustee ("***Plaintiff***") (together with TD Bank, for purposes of this Agreement, the "***Parties***"), in order to provide protection of confidential information to facilitate discovery in this action, hereby stipulate to the signing and entry of this Confidentiality Agreement ("***Agreement***"). IT IS HEREBY AGREED that the Parties and their counsel shall be governed by the following terms and conditions concerning Confidential Information in the above-captioned action:

1.    **Marking of Confidential Information**.  A Party may mark a document or other discovery material it produces to the other Party as containing "Confidential Information" by affixing the word "Confidential" on the document or other discovery material, if the document or other discovery material contains confidential, proprietary, technical, or research and development information, including: information about former, current or potential customers, licensees, employees and/or agents, not otherwise available to the public, including video or still photograph

images of such individuals; trade secrets; commercial, financial, and/or accounting information not otherwise available to the public; internal policies and procedures not otherwise available to the public; and marketing studies, performance and projections not otherwise available to the public.

2.  **Confidential Documents**. Certain documents produced or information provided by any Party during the course of this action shall be designated and deemed confidential (collectively "***Confidential Documents***") and shall not be disclosed by any Party or any Party's representatives or attorneys except as provided herein. Documents includes, but is not limited to, any and all electronically stored information, writings, drawings, graphs, charts, photographs, phono-records, and other data compilations.

3.  **Purposes and Scope**.  Confidential Information designated under the terms of this Confidentiality Agreement shall be used by a receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever. Confidential Documents and the information contained in them ("***Confidential Information***") shall be used by the Party receiving them only for the purpose of this action and may be disclosed for such purpose only to attorneys (which includes in-house counsel) for the Parties, such attorneys' secretarial, paralegal and clerical employees, experts and/or consultants retained to assist such; the Court and all persons assisting the Court in this action; court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof; and independent support services personnel for the attorneys for the parties, providing services such as copying services, imaging and coding services, exhibit preparation services, solely for the purpose of assisting a party in this legal action. If Confidential Information is disclosed to any person in copies, summaries, paraphrases or other compilations of the Confidential Information in the Confidential Documents, or if a person

receiving Confidential Information creates any other document from which the Confidential Information could be derived, then the Confidential Information in those copies, summaries, compilations or other documents shall remain confidential and subject to this Agreement. The Parties' agreement to utilize the designation of "Confidential Information" herein is solely for the purpose of facilitating discovery in this matter and does not constitute an admission that any particular category of information is "Confidential Information" under the law governing the merits of any parties' claims in this litigation.

4. **Sealed Filings and Discovery**. The Confidential Documents and Confidential Information may only be filed under seal, or otherwise submitted to the Court for in camera review, pursuant to Local Rule 5005-1(A)(4) or used as stated in paragraph 3 of this Agreement, including (a) in exhibits to affidavits, or (b) discovery requests or discovery responses (such as interrogatories, answers to interrogatories, document requests, responses to document requests, requests for admission, responses to requests for admission), or (c) pleading, motion or opposition or response, or any other document or filing of any type or (d) at any deposition, hearing, oral argument or trial in this action.

> **Notice on Sealed Filings**. Any Confidential Documents or Confidential Information shall be submitted to the Court in accordance with Local Rule 5005-1(A)(4) and by using Local Form "Cover Sheet to Accompany Items Conventionally Submitted for Sealing or In Camera Review" and filed in compliance with Local Rule 5005-1(A)(4)(b).

5. **Retention of Confidential Information**. All Confidential Information which has been produced in this matter, and any and all reproductions thereof, shall be retained only in the custody of counsel for the receiving Party, except that experts and consultants authorized to view such information under the terms of Agreement may retain custody of such copies as are necessary for their participation in this litigation.

6. **Disclosure of Confidential Information In Other Actions**.  In the event that a person ("**Recipient**") subject to this Agreement receives a subpoena related to another action that seeks the production of Confidential Information (which was produced by another Party or nonparty in this action), the Recipient shall, within no more than ten (10) business days, provide notice to the Party that designated such information as Confidential Information ("**Designating Party**").  To the extent permitted by law, the Recipient shall not produce the Confidential Information at issue for at least ten (10) business days from the date the Recipient receives the subpoena and shall cooperate fully with the Designating Party in contesting the subpoena.

7. **Return of Confidential Information**.  Immediately after entry of final judgment, including appeals, or of dismissal in connection with this action, all Confidential Information produced in this litigation, including any copies thereof and summaries or descriptions thereof contained in other documents, shall be returned to counsel for the Party that produced it. Alternatively, the Party that produced the Confidential Information may agree to the destruction of such information, and the Party in possession of the information shall provide written confirmation of the destruction of the Confidential Information.  Outside counsel for the Parties, however, shall be entitled to retain for their records depositions transcripts, deposition exhibits, materials filed with the Court, and attorney work product.

8. **Challenges to Designations of Confidentiality.**

(a)     Any Party may at any time move for relief from the provisions of this Agreement with respect to specific material, as set forth below.

(b)     If the receiving Party believes that any produced document should not be deemed "Confidential" the receiving Party may, at any time, notify the Designating Party and request a release or modification of the confidentiality designation.  The Parties shall attempt in

4

good faith to resolve any dispute that may arise and should only seek appropriate application with the Court in order to protect the rights created by this Agreement after all efforts to privately resolve their dispute have failed. If the Designating Party does not grant the requested release or modification of confidentiality within ten (10) business days, the receiving Party may thereafter file a motion with the Court requesting a determination by the Court as to whether the information at issue shall be treated as "Confidential" or under the terms hereof. If the receiving Party files a motion with the Court requesting such a determination, the confidential status of the information shall be maintained pending the Court's ruling on the motion. The burden of proving confidentiality of designated information remains with the Party asserting such confidentiality. The Parties shall not be obligated to challenge the propriety of any designation of information as "Confidential" and the failure to do so promptly shall not preclude any subsequent objection to such designation.

9. **Inadvertent Disclosure of Privileged Information**. Inadvertent production of information subject to the attorney-client and attorney-work-product privileges shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this paragraph are satisfied.

(a) If the Producing Party discovers that information produced in discovery should have been withheld on the basis of privilege (the "*Clawed-Back Materials*"), the Producing Party must notify all other Parties as soon as is practicable. The Producing Party of the Clawed-Back Materials does not, however, need to show that the information qualifies as privileged information, or that the production was inadvertent. Once notified of the production of privileged information, the Receiving Party shall not duplicate the Clawed-Back Materials, or distribute the privileged information by any means other than returning it to the Producing Party. However, the

5

Receiving Party may retain one copy solely for the purposes of challenging by formal motion the claim that the materials are privileged and therefore properly subject to this Claw Back provision. The Producing Party must add the Clawed-Back Materials to its privilege log within a reasonable time of notifying all other Parties. The Receiving Party shall have no liability, under this Agreement or otherwise, for any disclosure or use of the Clawed-Back Materials occurring before the Receiving Party was placed on notice of the Producing Party's claims of privilege.

10. **Reservation of Rights**. The Parties agree that the execution or filing and entry of this Agreement shall not constitute a waiver of any rights under any applicable law and/or court rules. In addition, nothing in the foregoing provisions of this Agreement shall be deemed to preclude any Party or non-party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Agreement with respect to particular material designated as containing Confidential Information.

11. **Jurisdiction and Choice of Law**. The Parties and any other persons or entities subject to the terms of this Agreement agree that the United States Bankruptcy Court for the Southern District of Florida, shall have jurisdiction over them for the purposes of enforcing this Agreement notwithstanding any subsequent disposition of this action. The Parties and any other person or entities subject to the terms of this Agreement further agree that Florida law, without regard to conflicts of law principles, shall govern any action to enforce or relating to this Agreement.

12. Production or disclosure of Confidential Information under this Agreement shall not prejudice the right of any person making that production or disclosure to maintain the confidentiality of that information in other contexts.

13.     Nothing in this Agreement shall affect in any way any Party's rights to introduce Confidential Information into evidence during trial or at any hearing in the above-captioned matter, in a manner consistent with this Agreement.

14.     This document may be executed separately by each signatory, which together will constitute a single document.  A facsimile, electronic or photocopied signature on this document will have the same force and effect as an original signature.

15.     **Termination of Agreement:**  It is agreed that should the parties to this matter enter into a Stipulated Protective Order ("***Protective Order***") with the Parties during the course of the litigation, this Agreement will terminate and the language of the Protective Order will establish the Parties' confidentiality obligations.

**IT IS SO STIPULATED BY AND BETWEEN THE PARTIES THROUGH THEIR COUNSEL OF RECORD:**

DATED: _____, 2024

DUANE MORRIS LLP

By: Lance Melamud, Esq. (09/26/2024)

Attorneys for Non-Party, TD Bank, N.A.
Lance Bergmann Melamud, Esq.
Florida Bar No.: 1022126
201 S. Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: (305) 960-2274
Facsimile: (305) 946-0965
E-mail: lkaufman@duanemorris.com

DATED: September 25, 2024

FURR COHEN

By: *Jason Rigoli*

Attorneys for Plaintiff, Nicole Mehdipour, Chapter 7 Trustee
Jason S Rigoli, Esq.

7

Florida Bar No.: 91990
2255 Glades Road, Suite 419a
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532
E-mail: jrigoli@furrcohen.com

**Signature:** _____
Lance Melamud (Sep 26, 2024 13:57 EDT)

**Email:**  lkaufman@duanemorris.com

8