UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.

      Debtor.

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

      Plaintiff,

v.

HI BAR CAPITAL, LLC, *et al.*,

      Defendant(s).

_____/

Case No.: 22-12790-EPK
Chapter 7

Adv. Pro. No. 23-01132-EPK

**PLAINTIFF'S OMNIBUS LIMITED OBJECTION TO MOTION TO
WITHDRAW FILED MARKO F. CERENKO, ESQ., AND KLUGER,
KAPLAN, SILVERMAN, KATZEN & LEVINE AND MOTION TO WITHDRAW
AS COUNSEL FOR DEFENDANTS SPIN CAPITAL AND AVRUMI LUBIN
<u>BY BERNARD L. EGOZI, ESQ., AND EGOZI & BENNETT, P.A.</u>**

Nicole Testa Mehdipour ("**Plaintiff**"), chapter Plaintiff's Omnibus Limited Objection to

*Motion to Withdraw filed Marko F. Cerenko, Esq., and Kluger, Kaplan, Silverman, Katzen &*

*Levine* [ECF No. 195] and *Motion to Withdraw as Counsel for Defendants Spin Capital and*

*Avrumi Lubin by Bernard L. Egozi, Esq., and Egozi & Bennett, P.A.* [ECF No. 208] and states as

follows:

1.     The Plaintiff objects to the request that the proceedings be stayed for 20-days

which is contained in both motions.

2.      *Plaintiff's Motion for Partial Summary Judgment* against the Defendants, including Lubin and Spin, is pending.  Per this Court's *Order Setting Briefing Schedule on Motion for Partial Summary Judgment* [ECF No. 186], a response from Spin and Lubin are due on February 18, 2025.

3.      Plaintiff coordinated, by agreement of counsel, a Rule 7030(b)(6) deposition of Spin, which was originally scheduled for January 29, 2025, but continued to February 18, 2025. Plaintiff needs the deposition to prepare for trial and among other issues, determine what additional documents were not turned over as required.

4.      In this adversary proceeding, Spin has been represented by 7 different law firms that have already withdrawn or are seeking to withdraw from their representation of Spin and Lubin.

5.      Even though represented by counsel, Josh Lubin has sent over 100 emails to undersigned counsel from January 1, 2025, through the date of filing this objection.  In a number of the emails, Mr. Lubin has copied the Chapter 7 Trustee, other attorneys involved and other parties in the in this adversary proceeding and other litigation that is currently pending, news organizations, law enforcement agencies including, the United States Department of Justice and the Boca Raton Police Department.  In some of these emails, Mr. Lubin threatened his own attorneys with lawsuits and ethics complaints.   Further, at the prior hearing on Saul Ewing's motion to withdraw, Mr. Lubin, stated in open court, that he was critical of 15 different law firms that represented or were currently representing Mr. Lubin and/or Spin in various litigation arising out of the transactions with Excell.

6.      In part, the discovery in this case was delayed because Spin failed to produce documents in response to the Plaintiff's request for production of documents.  This resulted in a sanctions order being entered against Spin.

7.      Based upon Mr. Lubin's conduct and history, it is doubtful that Lubin or Spin will obtain an attorney within the 20 days requested.  Even if such an attorney could be found, the attorney would then seek additional time to review and understand the complexities of this adversary proceeding.

8.      Under the facts of this case, the Plaintiff should not be prejudiced by a delay in the currently scheduled, and coordinated, Rule 7030(b)(6) of Spin.  Further, the time for filing briefing should not be disturbed to allow for this Court to rule on the competing motions for summary judgment in a timely manner prior to the June Pretrial Conference.  Especially, when such delay would likely be futile.

9.       Plaintiff requests that this Court either deny the requested 20 day stay of the proceedings sought in both Motions, or, in the alternative, the Plaintiff requests that this Court either deny, without prejudice, or make any withdrawal of counsel effective at a time period after February 18, 2025.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order: (i) sustaining this limited objection; (ii) denying the requested 20-day stay, or, in the alternative making any withdrawal effective at some time after February 18, 2025; and (iii) granting the Plaintiff such other and further relief as this Court deems just and proper.

Dated: February 10, 2025

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

BY: /s/ *Alan R. Crane*
     Alan R. Crane, Esq.
     Florida Bar No.: 0963836
     E-Mail: acrane@furrcohen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this adversary proceeding.

Dated: February 10, 2025

By: */s/ Alan R. Crane*
Alan R. Crane

**By Notice of Electronic Filing: All parties registered with CM/ECF to receive electronic notices were served on February 10, 2025.**

**By U.S. Mail: All parties listed below were served on February 10, 2025.**

Avrumi Lubin
1460 Arboretum Parkway
Lakewood, NJ 08701

**By E-Mail: All parties listed below were served on February 10, 2025.**

- Marko F. Cerenko, Esq. (mcerenko@klugerkaplan.com)

- Bernard L. Egozi, Esq. (begozi@egozilaw.com)

4