UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-12790-EPK

IN RE:

EXCELL AUTO GROUP, INC.,

Debtor.
______________________________/

NICOLE TESTA MEHDIPOUR,
CHAPTER 7 TRUSTEE,

Plaintiff,

vs. ADV. NO. 23-1132-EPK

HI BAR CAPITAL, LLC, ET AL.,

Defendants.
_____________________________________/

MOTION TO WITHDRAW AS ATTORNEY OF RECORD (179)

January 28, 2025

The above-entitled cause came on for hearing before the Honorable ERIK P. KIMBALL, Chief Judge of the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler Drive, West Palm Beach, Palm Beach County, Florida, on January 28, 2025, commencing at or about 10:00 a.m., and the following proceedings were had:

Reported Via a Digital Recording By:
Anna M. Meagher, Shorthand Reporter

**APPEARANCES:**

Mr. Avrumi Lubin, a/k/a Joshua Lubin, Pro Se

**VIA ZOOM VIDEO CONFERENCE:**

Furr & Cohen, by
Alan R. Crane, Esquire
Jason Rigoli, Esquire
On behalf of Nicole Testa Mehdipour,
Chapter 7 Trustee
Email: Acrane@furrcohen.com
Email: Jrigoli@furrcohen.com

Law Office of Nicole Testa Mehdipour, P.A., by
Nicole Testa Mehdipour, Chapter 7 Trustee
Email: Nicolem@ntmlawfirm.com

Saul Ewing Arnstein & Lehr, by
Carmen Contreras-Martinez, Esquire
On behalf of Spin Capital, LLC and Avrumi Lubin
Email: Carmen.contreras-martinez@saul.com

Leto Law Firm, by
Matthew P. Leto, Esquire
On behalf of Hi Bar Capital, LLC
Email: Mleto@letolawfirm.com

\- - - - - -

THE CLERK: Okay. The next matter on the docket is Mehdipour v. Hi Bar Capital, LLC, et al., Case No. 23-1132.

Again, Mr. Crane.

MR. CRANE: Good morning, your Honor. Alan Crane, special counsel on behalf of Nicole Testa Mehdipour, the Chapter 7 trustee and plaintiff in the case.

THE CLERK: Mr. Rigoli.

MR. RIGOLI: Good morning, your Honor. Jason Rigoli, special counsel to the trustee and plaintiff in the adversary proceeding.

THE CLERK: Ms. Contreras-Martinez.

MS. CONTRERAS-MARTINEZ: Good morning again, your Honor. Carmen Contreras-Martinez of Saul Ewing on behalf of Spin Capital and Mr. Lubin.

THE CLERK: Mr. Leto.

MR. LETO: And good morning, your Honor. Matthew Leto on behalf of the Hi Bar defendants.

THE COURT: Is that it, Ms. Leonard?

(No audible response.)

MS. RACHEL: Good morning, your Honor. Rachel (inaudible) on behalf of the United States.

THE COURT: I apologize. Good morning.

Ms. Leonard, do we have anyone else in this

case?

THE CLERK: That's it. Well, we had one other one register, but they are not on the line.

THE COURT: Oh, good morning. Well, come on up to the podium.

How are you, and who are you?

MR. LUBIN: Good morning, I'm Mr. Lubin.

THE COURT: Oh, how are you today?

MR. LUBIN: I'm doing okay.

How are you?

THE COURT: Good. So where is Mr. Cerenko.

MR. LUBIN: Mr. Cerenko called me last night that he filed the -- I had filed a motion -- a response pro se.

THE COURT: Right.

And you were represented by, at that point, two lawyers, including the one attempting to withdraw today --

MR. LUBIN: Correct --

THE COURT: -- so I struck it.

MR. LUBIN: -- so Mr. Cerenko filed my -- my -- filed a response for me with my --

THE COURT: Okay. And I struck that one this morning, because it was late. And so I'm trying to figure out why Mr. Cerenko is not with us today. If he's

representing you and filing documents in connection with today's hearing --

MR. LUBIN: Yeah.

THE COURT: -- he needs to be here.

MR. LUBIN: I agree with you.

THE COURT: So where is he?

MR. LUBIN: That's a very good question.

THE COURT: Oh, fascinating.

UNIDENTIFIED SPEAKER: Your Honor --

THE COURT: Yes. Who's speaking?

MS. CONTRERAS-MARTINEZ: Your Honor, Carmen Contreras-Martinez of Saul Ewing.

If I may, Mr. Cerenko did send an email to both myself and the trustee's counsel to advise that he would not be able to attend today's hearing, because he had a preset final pretrial conference in state court in front Judge Rebull --

THE COURT: Understood.

MS. CONTRERAS-MARTINEZ: -- and that he would not be able to attend.

THE COURT: Yes, Mr. Lubin.

MR. LUBIN: Mr. Cerenko said that I should notify the judge that he filed the motion to withdraw --

THE COURT: Which I will set two weeks from now at least --

MR. LUBIN: Right, and due to --

THE COURT: -- and he remains as counsel to the parties he appeared for in December until and unless I grant that motion --

MR. LUBIN: Correct, and he said --

THE COURT: -- which means --

MR. LUBIN: -- I should ask your Honor if I could be heard, because I currently don't have anyone representing me.

THE COURT: Well, actually you do. Mr. Cerenko is currently representing you.

But what I would like to do first is here the motion that is before the Court today, and then you can speak briefly. The things that you filed are no longer before the Court. They have been stricken.

And if you think that there's something that counsel owes you, this is not the right place to ask for that. If you want to sue your former counsel, you may do so in state court.

MR. LUBIN: I --

THE COURT: Well, that's what -- you asked for sanctions in the thing that you filed. It's already been stricken, but this is not the right place to seek redress from your own counsel.

Understood.

MR. LUBIN: Yes, I understand, your Honor. There's over a dozen cases that are related to this and --

THE COURT: Okay.

MR. LUBIN: -- right, the sanctions were just specifically for this case --

THE COURT: That's irrelevant.

MR. LUBIN: -- there's a lot --

THE COURT: Irrelevant.

MR. LUBIN: -- more moving parts then --

THE COURT: It's not sanctions. There's no basis in the statute, the rules, or case law to support a lawyer seeking sanctions from their own counsel in the case in which counsel represented them. If you think there's a claim, find a lawyer or yourself, sue them in state court. This is not the right place to ask for it.

MR. LUBIN: Okay.

THE COURT: Right now you are personally represented by counsel who filed the motion today, in addition to Spin Capital.

Are you the only owner of Spin Capital?

MR. LUBIN: Correct.

THE COURT: Okay. Very good.

Ms. Contreras-Martinez.

MS. CONTRERAS-MARTINEZ: Thank you, your Honor.

We are here on the motion to withdraw as counsel by Saul Ewing, was filed on January 14th. It's Docket Entry 179. Your Honor, we move under local Rule 2091 and the Florida Bar Rule 4.1.16. I believe we set forth that we have met each of those requirements, mainly that we have reached irreconcilable differences with Mr. Lubin and are fundamentally in disagreement about every move to make in this particular action.

We advised Mr. Lubin in due course that we would be withdrawing. The -- Ms. Altivar (phonetic) withdrawing as counsel will not materially be adverse for either defendant in that, as your Honor mentioned, he currently has Mr. Cerenko as counsel. He also still has Mr. Egozi as counsel in this case.

And, in addition, I believe the pretrial conference was just moved to June of 2025 by virtue of a joint motion that was filed by the parties.

I would respectfully request that we be allowed to withdraw as counsel for Mr. Lubin and for Spin Capital.

THE COURT: All right. And so you want them to remain as counsel?

MR. LUBIN: Can I speak?

THE COURT: Sure.

MR. LUBIN: There's no irreconcilable

differences over here. I retained Saul Ewing in August, and according to the engagement letter, to enforce a common interest agreement, and was promised, to have a judgment domesticated in August, that every day it was going to be filed, allegedly, the next day, and then I had the attorney's lying to me, that Judge Tutor said --

THE COURT: Okay. Let me go back to my question.

MR. LUBIN: Yes, your Honor.

THE COURT: A motion to withdraw means counsel will no longer be representing you in this case. If I were to deny that motion they are required to continue to represent you in the case --

MR. LUBIN: Correct.

THE COURT: -- even though they are telling me that there are irreconcilable differences.

MR. LUBIN: It's not true --

THE COURT: Now, hold on. Hold on.

If you object on that basis, they get to tell me -- I can order them to tell me what the irreconcilable differences are, and they can tell me things that are privileged in answer to that question.

MR. LUBIN: I waive my --

THE COURT: Would you actually want me to do that?

MR. LUBIN: I waive my -- I want my privileged waived today.

THE COURT: Stop, stop, stop. Do not -- I don't want you to say that, unless you have been advised by other counsel that you should do that.

Understood.

MR. LUBIN: I --

THE COURT: Because what you just said is very, very dangerous to your position in the entire case, because any topic that they talked about is no longer privileged, the entire topic.

Do you get what I'm saying?

MR. LUBIN: Your Honor, I understand what you're saying, and I do want my privilege waived immediately.

THE COURT: Okay. No, you don't. Because when counsel tells me there are irreconcilable differences and they cannot move forward in the case, and you remain represented by other lawyers, there is no reason I would not grant the motion. Literally none --

MR. LUBIN: There absolutely --

THE COURT: -- no reason at all.

MR. LUBIN: -- is. Spin cannot currently retain an attorney due to a conflict of interest that potentially arises between me and Spin Capital.

THE COURT: Okay. Well --

MR. LUBIN: Okay.

THE COURT: -- then they can go and get -- if that is a problem, then that would be a problem for every lawyer that you go to.

Do you understand what I'm saying?

MR. LUBIN: A hundred percent, but there's going to be --

THE COURT: Okay --

MR. LUBIN: -- a way to procedurally --

THE COURT: -- so you would like to retain this lawyer, because somehow they don't have a problem with that conflict?

MR. LUBIN: I'm talking about -- having Saul Ewing withdraw from this case will cause -- intentionally cause Spin Capital irreparable harm based on the fact that Spin cannot retain an attorney throughout this country at the moment.

THE COURT: Okay --

MR. LUBIN: Yes.

THE COURT: -- so how can they retain Saul Ewing?

MR. LUBIN: Saul Ewing has already been retained.

THE COURT: That doesn't matter.

MR. LUBIN: Yeah.

THE COURT: If there's an issue that prevents other lawyers from representing both you and Spin Capital, then that same issue would apply to Saul Ewing.

MR. LUBIN: That means, no, they have to protect Spin Capital's interest. I'm not asking them to protect Josh Lubin's interest, my personal interest. They need to protect, according to the law, Spin Capital's interest. That means if I give them instructions or I have an attorney, on my personal behalf, give them instructions to protect Spin, that has to go according to the law, which can cause irreparable harm, and yeah --

THE COURT: Okay. But you've told me that Spin can't get any other lawyer.

MR. LUBIN: Correct, I've reached out to -- I've sat down with --

THE COURT: Well --

MR. LUBIN: -- SEC attorneys --

THE COURT: -- that doesn't actually --

MR. LUBIN: -- I sat down with --

THE COURT: -- surprise me, because, let's see, Ms. Kaminski withdrew by order entered October 24th. Before that Mr. Dervishi withdrew by order entered in August of this past year. So this will be the third lawyer to withdraw from representing these two parties,

and Mr. Cerenko has now filed a motion to withdraw. That will be four.

MR. LUBIN: There's been -- your Honor, there's been a lot more than four attorneys throughout this whole mess throughout the country, and -- which have been lying to me and failing to communicate with me.

THE COURT: All of them?

MR. LUBIN: All of them, correct.

THE COURT: Wow, that's amazingly poor choices of lawyers.

MR. LUBIN: Yeah, hold on a second.

I believe Alan Crane is having an issue getting a privilege log from Saul Ewing and would maybe speak on behalf of that. I would like that privilege log as well.

THE COURT: Mr. Crane, are you objecting to today's motion to withdraw?

MR. CRANE: In only I'm going to ask the Court to delay it for a little bit, where Ms. Contreras-Martinez is supposed to provide us with some documents that she had been -- that are in her possession that are responsive to the request for production. I thought I would have received those either last night or this morning based upon my conversations with her.

So I don't have a specific objection to her

withdrawing, but would ask the Court to wait until -- for her to submit the order until after those documents are produced.

THE COURT: Okay. Ms. Contreras-Martinez, can you address that?

MS. CONTRERAS-MARTINEZ: Yes, your Honor.

We did have some documents to produce to Mr. Crane. We were waiting for a confidentiality agreement that we had discussed. We never received it. And Mr. Crane then reached out, when I filed the motion to withdraw, to ask whether or not I could please produce those documents despite not having that. I spoke with my co-counsel, Mr. Cerenko, we agreed that we should go ahead and produce the documents.

I asked my litigation support staff to do so. I emailed Mr. Crane this morning. They are sending the link today, within the hour. I was told no later than 11 a.m. he would receive the link.

THE COURT: All right. So, yes, you would agree there are -- those documents, the production of the documents that you're addressing now, are not -- would not -- are not part of the irreconcilable differences which gave rise to this motion?

MS. CONTRERAS-MARTINEZ: No, they are not.

THE COURT: Okay. Understood.

All right. Let me just hear, before I go back to Mr. Lubin, does anybody else have a view on this motion to withdraw?

MR. CRANE: Your Honor, Alan Crane again.

THE COURT: Sure.

MR. CRANE: Not specifically, but I want to let the Court know the lay of the land a little bit.

I had coordinated with Mr. Cerenko a 30(b)(6) deposition of Spin that was set for tomorrow. There is a current pending motion for summary judgment.

THE COURT: Okay. Can you stop for a moment?

So Mr. Cerenko is defending that 30(b)(6) deposition?

MR. CRANE: Well, I was informed by an email that he would not be, and we needed to reschedule it, and then he stated that Mr. Egozi would be defending the deposition but needed to reset it because Mr. Egozi was in trial.

THE COURT: Okay. So who agreed to the date for this deposition?

MR. CRANE: Mr. Cerenko --

THE COURT: And then --

MR. CRANE: -- and then he filed -- then he filed a motion to withdraw.

THE COURT: Well, he's not been relieved yet, and so now there's an attempt to not have the deposition tomorrow.

It is actually set by notice, yes?

MR. CRANE: Yes.

THE COURT: Has there been a motion filed in connection with that?

MR. CRANE: If you're asking if there's been a motion for protective order filed --

THE COURT: Yes.

MR. CRANE: -- or -- no, no motion for protective order has been filed.

THE COURT: Then you may address the request as you see fit, Mr. Crane.

Next issue.

I'm not hearing about this right now.

MR. LUBIN: Mr. Egozi --

THE COURT: Not now.

MR. LUBIN: Oh, sorry.

THE COURT: Mr. Crane.

MR. CRANE: There are pending motions for summary judgment --

THE COURT: Yes.

MR. CRANE: -- and I -- and I need to have some understanding as to whether or not those -- the

deadlines for responses by Spin and Mr. Lubin would be extended or if those are going to remain the way they are. And I think it's important for the parties and Mr. Lubin to know.

THE COURT: Okay. Both Mr. Lubin and Spin, who -- Spin, by the way, is not represented here today in any regard -- are represented by other lawyers in this case -- are they not?

MR. CRANE: Yes, they are.

THE COURT: So I'm trying to figure out --

Ms. Contreras-Martinez, was there a sharing arrangement? Can you address Mr. -- sorry, I've lost track of the various names -- Mr. Cerenko's addition to the case in December, if you know?

MS. CONTRERAS-MARTINEZ: I know that Mr. Cerenko came on at the point where there was a motion for summary judgment to be filed. Mr. Lubin retained Mr. Cerenko to handle that. Therefore, Mr. Cerenko filed a notice of appearance, filed a joinder in the MSJ and then later had a discovery conversation with trustee's counsel on discovery and the depositions, and I did not participate, because at that point, we had -- we were withdrawing as counsel.

We also withdrew as counsel for Mr. Lubin and Spin in the state court action, and that order was

entered last week.

THE COURT: Understood.

Yes, Mr. Lubin.

MR. LUBIN: Everything Mr. -- Ms. -- I forgot her last name.

THE COURT: Contreras-Martinez.

MR. LUBIN: -- Contreras-Martinez just said is an absolute lie.

THE COURT: An absolute lie.

MR. LUBIN: Yes.

THE COURT: All right. So let's start --

MR. LUBIN: Let's start, let's go into --

THE COURT: -- tell me --

MR. LUBIN: -- facts.

THE COURT: -- tell me what the first thing is that's an --

MR. LUBIN: Mr. Cerenko came into --

THE COURT: -- absolute lie.

MR. LUBIN: -- was retained. Carmen got a certified copy of a judgment from New York to domesticate or her partner in about -- around September of last year, was allegedly supposed to -- the petition was drafted to domesticate it. It was --

THE COURT: Okay. She said nothing about that. So you just told me everything she said was a lie.

I want you to tell which --

MR. LUBIN: Marko came in to do what Carmen promised to do and didn't do, and then Marko wasn't able --

THE COURT: Can you explain to me what this judgment elsewhere has to do with adversary proceeding that I'm hearing today, Mehdipour against Hi Bar Capital and others?

MR. LUBIN: I'm not saying whether it has to do with this proceeding or not. I'm telling you that she's a straight-out liar. That's a big problem --

THE COURT: Okay. But Ms. Contreras-Martinez --

MR. LUBIN: -- yeah, you can't lie under oath.

THE COURT: -- is talking about the case.

MR. LUBIN: Yeah.

THE COURT: She's not under oath.

She's talking about the case that I'm hearing today.

MR. LUBIN: Yeah.

THE COURT: So what did she say that was a lie about Mr. Cerenko's joining the case --

MR. LUBIN: Mr. Cerenko --

THE COURT: -- of filing --

MR. LUBIN: -- came onboard, your Honor, to do a job that Ms. -- that Carmen failed to do the last six months.

THE COURT: Okay. But Mr. Cerenko appeared in this adversary proceeding on behalf of you and Spin Capital --

MR. LUBIN: And then --

THE COURT: -- the thing you just described has nothing to do with this adversary proceeding.

MR. LUBIN: The thing I just described -- he also came on to file allegedly -- oh, Ms. Carmen failed to file a motion for summary judgment based on res judicata on an issue that was already determined in New York, that is relevant to this lawsuit, and then --

THE COURT: Are you a lawyer, by the way?

MR. LUBIN: No, I'm not a lawyer whatsoever. But, unfortunately, I've been living this thing for three years, and I learnt a lot about law in the last three years because of some very dangerous people. But it's not part of -- let's not get into that those facts right now.

THE COURT: Okay.

MR. LUBIN: Yes.

THE COURT: So what I have before me today is a motion by counsel asking to withdraw in a case where the clients, who remain represented by not one but two

other lawyers --

MR. LUBIN: Can I speak?

THE COURT: Sure.

MR. LUBIN: Saul Ewing has defaulted on -- on -- on behalf of Spin, by failing to respond to complaints. The judgments haven't gotten granted in other cases.

THE COURT: Okay. I don't care about other cases.

MR. LUBIN: I --

THE COURT: Mr. Lubin, I do not care about other cases.

MR. LUBIN: I'm talking about this case. There's a -- February 18th there's a due date to file a cross-motion to Alan Crane's summary judgment based on res judicata, which they are completely ignoring me, which they are required by law to communicate and advise their client, especially when I'm telling them what legally has be to done to easily win this motion that was already determined by a New York judge. It's very, very simple.

No phone calls getting answered. Once in a while get a CYA email. That's irreparable harm, because if I don't have -- if Spin doesn't -- forget about me. I'm a hundred percent Spin. If Spin doesn't have an attorney that files that cross-motion, it could

potentially be liable for --

THE COURT: Mr. Crane, when was your --

MR. LUBIN: Alan, what's the damages --

THE COURT: No, no, no, no --

MR. LUBIN: -- that I'm getting sued --

THE COURT: -- no. When I'm speaking, you do not talk --

MR. LUBIN: I apologize, your Honor.

THE COURT: -- is that clear?

MR. LUBIN: Yeah.

THE COURT: Do not talk. You're not talking right now.

Mr. Crane, what is the schedule on the motion for summary judgment? I don't happen to have it in front of me.

MR. CRANE: Ah, let's see, I don't have it.

THE COURT: And is there -- I assume there's a summary judgment deadline in this case, because that is in our usual scheduling order, but I don't know what it is.

MR. CRANE: Your Honor, I don't have that in front of me. It will take me a minute or two to pull it up. If Mr. Rigoli has it in front of him, I would offer him to speak up.

MR. RIGOLI: Your Honor, give me one moment,

I'll pull it up.

THE COURT: Sure, and for some reason, one of my monitors is not working and --

MR. LETO: Your Honor, this is Matthew Leto. I might be able to help answer that question.

THE COURT: Sure.

MR. LETO: As far as the schedule is concerned, so Spin's response to the trustee's motion for summary judgment is due on February 18th. That's the date I have calendared for it, based upon your Honor's --

THE COURT: Okay --

MR. LETO: -- order.

THE COURT: -- right. Is there a -- I assume there's a summary judgment motion deadline in this case.

Does anyone know what it is? It would be in the scheduling order.

UNIDENTIFIED SPEAKER: I'm going to pull that up, your Honor. I believe it's already passed, which was the date that everybody filed summary judgments back in January -- or I think in December actually, but I'll pull up that date as well.

MR. RIGOLI: Your Honor, the deadline was December 27th. This is Jason Rigoli, by the way. December 27, 2024 was the original deadline under the

amended scheduling order.

THE COURT: Okay. And just so my staff knows, I'm unable to read Teams messages. So if you're sending me Teams messages, I cannot see them because there's no way for me to currently look at them.

Okay. So -- people are trying to tell me what the date is, and I can't see them.

All right. So there was a motion for summary judgment filed, briefing is underway, and there's a deadline.

And who's represent Spin in connection with that motion for summary judgment that is already pending?

MR. LUBIN: It's not pending on behalf of Spin.

THE COURT: Okay. It's pending against Spin.

Who is representing Spin in connection with that?

MR. LUBIN: Marcus Cerenko is allegedly supposed to represent Spin.

THE COURT: What do you mean "allegedly" --

MR. LUBIN: All the attorneys --

THE COURT: -- supposed to?

MR. LUBIN: -- previous Spin attorneys were supposed to file the summary judgment a year ago. Why

hasn't it gotten filed? I kept on retaining attorneys.

I understand the issue why it hasn't gotten filed, but it's not relevant to this case. It's going to be relevant to a case that hasn't gotten filed yet and won't be in this court. But it's not like the law -- for the summary judgment, it's already drafted. I sent it to Carmen. I sent it to all these attorneys.

I'm not a lawyer. I didn't even go to high school, and I sent these attorneys the law to file the summary judgment based on the rulings determined by a New York judge. Like, that's -- like, I'm supposed to advise my lawyers how to practice law? Like, this is absolutely ridiculous. I can't even read and write, but I can -- yeah.

THE COURT: You sound pretty smart.

MR. LUBIN: I can speak. I can't read or -- yeah.

THE COURT: Okay. All right.

MR. LUBIN: I have a hard time reading, yeah.

THE COURT: Let's just back up.

It is obvious to me, at least part of, why there are irreconcilable differences to counsel. I'm definitely granting this motion today.

The question is -- and you don't even know

who is representing you and Spin in connection with the pending summary judgment motion.

Do you know?

MR. LUBIN: Who's purportedly representing -- it's --

THE COURT: What do you mean "purported"?

You hired them, correct?

MR. LUBIN: I signed engagement letters, yes.

THE COURT: You're the only person.

MR. LUBIN: But there's a --

THE COURT: Okay. Mr. Cerenko appeared on the 27th of December. That was the day that the motion for summary judgment was filed. He's had plenty of time to get up to speed on what the motion for summary judgment says.

MR. LUBIN: You want me to get into details on why they are not able to file it? It's not relevant to this case, but --

THE COURT: I don't even know what you're talking about.

Why who is not able to file what?

MR. LUBIN: The Spin attorneys cannot file these motions.

THE COURT: They can't respond to the

summary judgment motion?

MR. LUBIN: No.

THE COURT: They cannot respond to the summary judgment motion?

MR. LUBIN: No, because people played with fire on the justice system, so they cannot respond to these motions.

THE COURT: I have no idea what you're talking about.

MR. LUBIN: Okay.

THE COURT: There's a deadline --

MR. LUBIN: Yeah.

THE COURT: -- I have a scheduling order. Apparently it's February 18th. That's when the response is due. So Spin and you will file a response or not.

MR. LUBIN: I can't represent Spin.

THE COURT: No, you can't --

MR. LUBIN: Right --

THE COURT: -- you're correct.

MR. LUBIN: -- so how -- if Spin doesn't have an attorney --

THE COURT: Spin has two lawyers in this case.

MR. LUBIN: Okay. But if you're going to grant --

THE COURT: One of them is Mr. Cerenko.

MR. LUBIN: -- these withdrawals --

THE COURT: Well, that one won't be for two weeks.

MR. LUBIN: Okay.

THE COURT: We'll see what happens then.

MR. LUBIN: Okay. Fine, no problem. As long as you -- as long as your Honor keeps a Spin attorney and tells a Spin attorney, like, you have to follow the law and file -- protect Spin's interest and file summary judgment, then we're fine.

THE COURT: And if someone tells me there's irreconcilable differences, I'm very likely to grant the motion.

MR. LUBIN: I --

THE COURT: I've been here for 16 years --

MR. LUBIN: Yeah.

THE COURT: -- I've never denied a motion by creditor's counsel to withdraw in a case even when they were the only lawyer in the case.

MR. LUBIN: That's them lying about irreconcilable differences.

THE COURT: I see. It's kind of impossible to lie about irreconcilable differences. The fact that you're disputing it is indicative that there are

irreconcilable differences.

MR. LUBIN: Completely --

THE COURT: All right. That's enough. I've heard enough.

Mr. Crane -- and I shouldn't have heard from you at all, because Mr. Cerenko should be here representing you because you are represented in this case personally. Spin cannot appear at all without a lawyer in federal court, including to argue in this case. So nothing you said today has been on behalf of Spin, just for the record.

Are there timing issues I should be aware of, Mr. Crane?

MR. CRANE: Let's see, there was an agreement, or there is an agreement for the pretrial to be moved to June. The Court wanted some changes to the order. We're in the process of making those changes, and we'll re-upload the order.

THE COURT: Okay. And a bunch of deadlines are being moved, but some not. For example, I think the reason the requested change was that the deadline for amended pleadings is not moved.

MR. CRANE: Correct, that (inaudible), I think tomorrow.

And just so the Court and the parties know,

we are going to timely file a motion to amend the complaint --

THE COURT: Understood.

MR. CRANE: -- to add a count.

THE COURT: Okay. So but some of -- a bunch of other deadlines are being moved. And so the reality is, whoever is in this case -- and it looks like there's at least two lawyers representing Spin and Mr. Lubin -- there's a lot of time between now and the pretrial, and Mr. Cerenko who appeared on the very day that the motion was filed, certainly has plenty of time to respond to the motion. So I don't -- I'm not tempted to move those deadlines.

What else do I need to know?

MR. CRANE: I don't -- I think that that's it, your Honor.

THE COURT: Thank you.

Ms. Contreras-Martinez, you may tender an order granting the motion with immediate affect, and it should say that counsel, Mr. Cerenko, may be contacted as counsel to both Spin and Mr. Lubin. Of course, I'm going to set his motion to withdraw for a couple weeks from now.

So there's another lawyer, Mr. Egozi is still in the case, yes?

MR. LUBIN: I believe so.

MS. CONTRERAS-MARTINEZ: Yes, your Honor.

THE COURT: Okay. So can you explain to me why you had Cerenko, Egozi, and Saul Ewing all representing the same parties in this case?

MR. LUBIN: Because my lawyers were lying to me, and I was --

THE COURT: All of them, three different sets of lawyers, and Ms. Kaminski apparently.

MR. LUBIN: Um, yes, they were all lying to me, and I -- it's not relevant to this case, and the case hasn't been filed yet. So it is relevant to this case, yeah, they're all lying to me, yeah, correct. The evidence will come out that --

THE COURT: Four separate law firms, four?

MR. LUBIN: No, like -- maybe, like, 15.

THE COURT: Fifteen law firms --

MR. LUBIN: Yeah --

THE COURT: -- have all been lying to you?

MR. LUBIN: -- correct. Yeah.

THE COURT: Okay. Let me just tell you that once you've had this many lawyers withdraw in a case --

MR. LUBIN: Yeah.

THE COURT: -- the odds that you'll be able to find a lawyer --

MR. LUBIN: Very difficult.

THE COURT: -- are going to be very, very tiny. Because no reputable lawyer is going to jump in the middle of a case to represent a client who has already had multiple lawyers, including one of the largest law firms in the country withdraw from the case without calling them and finding out why they withdrew, and it's going to be very interesting.

All right. I see no reason to extend any deadlines, because the parties still have two lawyers.

MR. LUBIN: Okay.

THE COURT: So I'm granting the motion.

UNIDENTIFIED SPEAKER: Your Honor --

THE COURT: You need to go talk to your lawyers.

Yes, who's speaking?

MS. CONTRERAS-MARTINEZ: Thank you, your Honor.

MR. CRANE: This is Alan Crane. Just on my request to delay until we get the documents that Ms. Contreras --

THE COURT: Ms. Contreras-Martinez has told me that the documents will be delivered.

Ms. Contreras-Martinez, could you please tender your proposed order after that?

MS. CONTRERAS-MARTINEZ: I will do so.

Thank you, your Honor.

THE COURT: Anything else in this case?

MR. CRANE: Not in this adversary.

THE COURT: What's that?

Not in this adversary. Understood.

All right. Thank you, Mr. Lubin.

MR. LUBIN: Thank you, your Honor.

THE COURT: Good luck to you.

(Whereupon, the hearing was concluded.)

CERTIFICATION

STATE OF FLORIDA :
COUNTY OF BREVARD :

I, Anna M. Meagher, Shorthand Reporter, do hereby certify that the foregoing proceedings were transcribed by me from a digital recording held on the date and from the place as stated in the caption hereto on Page 1 to the best of my ability.

WITNESS my hand this 10th day of February, 2025.

__________________________

ANNA M. MEAGHER,
Shorthand Reporter