UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.

      Debtor.

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

      Plaintiff,

v.

HI BAR CAPITAL, LLC, *et al*.,

      Defendant(s).

_____/

Case No.: 22-12790-EPK
Chapter 7

Adv. Pro. No. 22-01132-EPK

**MOTION TO RECONSIDER ORDER GRANTING
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
AND ADDRESSING RELATED MATTERS AND MOTION FOR RELIEF FROM
ORDER GRANTING THIRD JOINT AGREED MOTION TO CONTINUE PRETRIAL
CONFERENCE AND EXTEND CERTAIN RELATED PRETRIAL DEADLINES**

Nicole Testa Mehdipour, Chapter 7 trustee and plaintiff in the above captioned adversary proceeding, by and through undersigned counsel, files this *Motion to Reconsider* ("**Reconsideration Motion**") *Order Granting Plaintiff's Motion for Leave to File Third Amended Complaint and Addressing Related Matters* [ECF No. 242] (the "**Leave Order**"), to reconsider the Court's denying of relief against Hi Bar Capital, LLC, Yisroel Herbst, and Mordechai Herbst (collectively, the "**Hi Bar Defendants**"), and *Motion for Relief* ("**Relief Motion**") *From Order Granting Third Joint Agreed Motion to Continue Pretrial Conference and Extend Certain Related Pretrial Deadlines* [ECF No. 240] ("**Continued Pretrial Order**"), seeking relief solely from the exception to the deadline to amend pleadings under Fed. R. Civ. P. 60(b)(6), and respectfully states:

1

**I.      Summary of the Argument**

1.      It is without dispute that the First Hi Bar Contract contains a choice of law provision requiring the Court look to New York to determine the validity, nature, construction and interpretation of the First Hi Bar Contract.  However, as the Plaintiff alleged in the proposed Third Amended Complaint, the First Hi Bar Contract is a criminally usurious loan and is void *ab initio* under New York law.  Upon making such a determination, the Court would next consider the remedies available to the Plaintiff, which are clearly not subject to the choice of law provision in the First Hi Bar Contract.

2.      Florida follows the *lex fori* rule to determine which remedies are available to parties.  *Lex fori* governs procedural and remedial questions and requires the application of the law of the forum state in which the action is brought.  A federal court siting in Florida, applies Florida's *lex fori* rule to questions of remedies.  For the reasons set forth below, this Court would consider the remedies under Florida law.

3.      The Third Amended Complaint should be allowed as to Hi Bar, because the Plaintiff has properly plead that the First Hi Bar Contract is a criminally usurious loan under New York law and has, properly, sought for this Court to apply the remedies available to Plaintiff under Florida law.

4.      Furthermore, the Plaintiff seeks relief from the Continued Pretrial Order only to the extent that the deadline to seek leave to file an amended pleading was not extended, as the parties continue to conduct substantial discovery and additional information has been obtained and the Plaintiff anticipates will be obtained, which may require further amendments to the pleadings.

## II.       Motion to Reconsider Leave Order

### A.  Standard for Motions for Reconsideration

5.       Fed. R. Civ. P. 59(e) affords the Court discretion to reconsider an order which it has entered. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quotations and citations omitted). The parameters include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Reed v. Royal Caribbean Cruises*, CASE NO. 19-24668-CIV-LENARD/O'SULLIVAN, 2021 U.S. Dist. LEXIS 121175 at *19-20 (S.D.Fla. May 3, 2021) (citations omitted).  In order to reconsider a judgment, there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

6.       Courts retain "substantial discretion" to grant or deny motions for reconsideration. *Burger King Corp.*, 181 F. Supp. 2d at 1369-70 (*citing Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)).

7.       Before the Court was the Plaintiff's request for leave to file a third amended complaint adding a single count, Count 29, to assert a claim for **damages** against all defendants under Fla. Stat. § 687.071 [ECF No. 200, ¶ 529].  The Court denied the relief to the Hi Bar Defendants, but granted the relief as to defendants Spin Capital, LLC and Lubin. *See* Order.

3

B. **Applicable Standard for Leave to Amend**

8.  "Absent 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.[,] the[n] leave sought should, as the rules require, be 'freely given.'" *Taveras v. Fla. DOT*, 2023 U.S. Dist. LEXIS 215280 at *28-29 (S.D. Fla. Dec. 4, 2023) (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). See also *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) ("Fed. R. Civ. P. 15(a)mandates that the [] court freely grant plaintiff's motion for leave when justice so requires… [u]nless substantial reason exists to deny leave to amend complaint, discretion of district court is not broad enough to permit denial.") (citation omitted)).

9.  The sole issue raised by the Hi Bar Defendants is that the amendment was futile because the First Hi Bar Contract contains a New York choice of law provision. *See Hi-Bar Capital, LLC, Mordechai Herbst, and Yisroel Herbst's Response to Trustee's Motion for Leave to Amend* [ECF No. 216] (the "**Response**"). The issues raised by the Court in oral argument were not those raised by the Hi Bar Defendants in the Response. Hi Bar's argument went no further than its own conclusory statement that the First Hi Bar Contract was not a criminally usurious loan and it is controlled by the valid choice of law provision. *See* Response. The Hi Bar Defendants did not address the legal implications arising where a loan is invalid in both forums. Therefore, the Plaintiff did not have the chance to brief the issue before it was *sua sponte* raised by the Court at the hearing.

10.  Futility is a legal conclusion that the complaint, as amended, would necessarily fail and applies a "threshold akin to that for a motion to dismiss" under Fed. R. Civ. P. 12(b)(6). *Smith*

*v. Beverly Hills Club Apts., LLC*, Case No. 1:15-cv-23450-KMM, 2016 U.S. Dist. LEXIS 10180 at *7 (S.D. Fla. Jan. 28. 2016) (internal citations omitted).  The threshold standard for a complaint to survive a motion to dismiss is "exceedingly low." *Id*. at *8 (internal citations and quotation marks omitted).  A pleader need not provide detailed factual allegations, rather, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id*. at *8 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation marks omitted)). "The purpose of this requirement is 'to give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Id*. at *8 (*quoting Twombly*, 550 U.S. at 555).

11.     With this purpose in mind, and heeding the Federal Rules' liberal amendment policy, the Plaintiff believes for the reasons stated herein the Order should be reconsidered and relief should be granted against the Hi Bar Defendants.

## C.  Florida's Conflict of Law Analysis

12.     As this Court noted during the hearing on February 12, 2025, this Court sits in Florida and applies Florida's rules for conflict of laws.  Neither party argues otherwise.

13.     Florida's method of resolving conflicts of law issues is through a tripartite set of rules which are: (i) *lex loci contractus*,  the validity, nature, construction and interpretation of a contract, *Paquin v. Campbell,* 378 So. 3d 686, 690 (Fla. 3rd DCA 2024); (ii) "significant relationship test" governs the rights and liabilities of the parties with respect to an issue in tort, *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980) (rejecting *lex loci delicti* rule and adopting significant relationship test as set forth in *Restatement (Second) of Conflicts of Law*

*§§ 145-146* (1971)); and (iii) *lex fori* which governs remedies and procedure. *Wingold v. Horowitz*, 292 So. 2d 585, 586 (Fla. 1974).

14. Plaintiff will address each of the rules, taking the *lex fori* and "significant relationship test" analyses out of order.

### a. **The Validity, Nature, Construction and Interpretation of the First Hi Bar Contract is Governed by New York Law**

15. Under the rule of *lex loci contractus*, the validity, nature, construction, and interpretation of a contract are governed by the substantive law of the state where the contract was made. *Paquin,* 378 So. 3d at 690.

16. With respect to the validity, nature, construction, and interpretation of the First Hi Bar Contract, the Court does not need to apply *lex loci contractus*, as the First Hi Bar Contract contains a choice of law provision that provides, in pertinent part, that the First Hi Bar Contract "shall be governed by and construed in accordance with the laws of the State of New York." [ECF No. 200-2, p. 7, § 4.5]. Florida law recognizes contractual choice-of-law provisions chosen by the parties so long as the jurisdiction has a normal relationship with the transaction. *Continental Mortgage Investors v. Sailboat Key, Inc.*, 395 So. 2d 507, (Fla. 1981). *See also* Fla. Stat. § 671.105(1).

17. The parties agree that the validity, nature, construction and interpretation of the First Hi Bar Contract is determined applying New York law. The Parties disagree on the result of such application.

18. Plaintiff sets forth detailed allegations of the parties and the issues with the First Hi Bar Contract and seeks to have this Court determine whether under New York Law the contract was a loan, which is void and unenforceable as a result of violating New York's criminal usury law

capping interest at 25% per annum.  *See* Third Amended Complaint, ¶¶ 1-193 and Counts 2, 3, 6, 7, 8, and 17.

   **b.   Count 29 is Remedial and the Rule of *Lex Fori* Requires the Application of Florida's Statutory Usury Penalties**

19.    In the Third Amended Complaint, the Plaintiff has alleged that the First Hi Bar Contract is a criminally usurious loan which would render the First Hi Bar Contract void under New York law, including the choice of law provision itself.   The Plaintiff also correctly pleads that the remedy for the issuance of a criminally usurious loan, under the facts in this case, is governed by Florida law.  Florida law governs the remedies, because Florida law instructs this Court to apply Florida's *lex fori* rule to the conflict analysis whereby the remedies under Florida's criminal usury statutes are applied.

20.    Count 29 does not seek a determination of the "validity, nature, construction [or] interpretation" of the First Hi Bar Contract under Florida law.  *See* Third Amended Complaint, p. 98, ¶ 529 and p. 100 (prayer for relief).  Count 29 is "predicated on the remedies provided by [Florida's] usury statute[,]" the "damages" which are remedial in nature.  *See Tel Service Co. v. General Capital Corp.*, 227 So. 2d 667, 671 (Fla. 1969) ("…an action predicated on remedies provided by the usury statutes creates no vested substantive right but only an enforceable penalty.").

21.    As the Florida Supreme Court states in *Wingold*: "[i]t is the well established rule in Florida that the affording of remedies in one state for enforcing a contract made in another state (or country) depends upon judicial comity, and as such, the remedies and procedure are governed **exclusively** by the lex fori [the forum where the suit is brought]." *Id*. at 586 (emphasis added) (*citing Perry v. Lewis*, 6 Fla. 555 (Fla. 1856)). "In the consideration of this choice of law question, apart from the principle of comity, **there does not exist the same reason for looking to the intent**

7

**of the parties in the case of the remedy as in matters pertaining to substance**. The parties do not necessarily look to the remedy when they make the contract." *Id*. (emphasis added).

22.      Florida's criminal usury statute carves out from its application those loans which exceed 25% interest but are "otherwise allowed by law."  Fla. Stat. § 687.071(1) ("Unless otherwise allowed by law…").  Once the Court determines that the First Hi Bar Contract is not allowed by New York law, the Court must then apply the remedies available under Florida's criminal usury statute.

> c.    **Usury Sounds in Tort and Does Not Arise from the First Hi Bar Contract and Florida Has the Most Significant Relationship to the Transaction**

23.      The choice of law provision of the First Hi Bar Contract is narrow in scope; requiring the application of New York law to the governing and construction of the First Hi Bar Contract. *See* [ECF No. 200-2, p. 7, § 4.5].

24.      Florida law holds that usury sounds in tort and not contract, because the duty arises from a statute which governs the populace as a whole.  *Brea 3-2, LLC v. Hagshama Fla. 8 Sarasota, LLC*, 327 So. 3d 926, 9-34-35 (Fla. 3d DCA 2021) ("the duty alleged to be breached is one imposed by law in recognition of public policy and is generally owed to others besides the contracting parties, then a dispute regarding such a breach is not one arising from the contract but sounds in tort.") (*quoting Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 638-39 (Fla. 1999) (emphasis omitted from original)).

25.      Plaintiff, again, is not requesting an interpretation of the First Hi Bar Contract under Florida law, rather, upon the Court determining that under New York Law the First Hi Bar Contract violates New York criminal usury law and is void, Count 29 of the Third Amended Complaint seeks damages arising from the Hi Bar Defendants' violation of Florida's criminal usury statute. *See* Third Amended Complaint, Count 29.

26.    As this violation sounds in tort, the issue is not controlled by the choice of law provision in the First Hi Bar Contract but instead governed by Florida's conflicts of law rule – the "significant relationship test" – under which it is clear that Florida has the most significant relationship.

   i.   **The Injury, the Conduct Causing the Injury Occurred in Florida and Florida is the Place Where the Relationship is Centered**

27.    Under every conceivable scenario the injury and conduct took place in Florida where the relationship was centered. *See Bishop*, 389 So. 2d. at 1001 (*quoting Restatement (Second) of Conflict of Laws* § 145(2)(a), (b), and (d)).   Every act, including the last act, purportedly forming the First Hi Bar Contract occurred in Florida.

   (i)    The Hi Bar Transfer Agreement and First Hi Bar Contract were e-mailed to Scott Zankl and Kristen Zankl to be executed in Florida.  ECF No. 200-2, pp. 2-14 (Ex. H and Ex. I).

   (ii)   Exell Auto Group, Inc., the Debtor, was a Florida corporation with its principal place of business located in Florida.  ECF No. 200, p. 4, ¶ 17.

   (iii)  Hi Bar's acceptance of the agreement occurred when Hi Bar "[paid] the Purchase Price." [ECF No. 200-2, p. 4 (unnumbered paragraph)].

   (iv)   For purposes of this argument only, the "Purchase Price" for the First Hi Bar Contracts was paid from Hi Bar's Optimum Bank account ending xx2968, ECF No. 200-2, p. 16 (Exhibit J).

   (v)    Hi Bar received all payments from the Debtor into its Optimum Bank account ending xx2968. The Plaintiff can further amend to include this allegation.

   (vi)   Optimum Bank is a Florida state-chartered bank, with only four locations, all within Florida. See ECF No. 184-34 and Fed. R. Evid. 201.

   (vii)  All payments to Hi Bar from the Debtor on account of the First Hi Bar Contract were made from the Debtor's deposit accounts located in Florida [ECF No. 200, p. 35, ¶ 192].

   (viii) The subject matter – "Future Receipts" and collateral – are all located in Florida where the Debtor did business [ECF No. 200-2, pp. 4-14 (Ex. I)].

28.     The third "contact" is divided. *Bishop*, 389 So. 2d. at 1001 (*quoting Restatement (Second) of Conflict of Laws* § 145(2)(c)).  The proposed Third Amended Complaint alleges that Hi Bar is incorporated in New York with its principal place of business in New York.  Third Amended Complaint, ¶ 2.  The proposed Third Amended Complaint alleges that the Debtor is a Florida Corporation with its principal place of business in Florida.  Third Amended Complaint, ¶ 17.

29.     Based upon the foregoing, applying the "significant relationship test" Florida criminal usury law applies.

### D.  Conclusion on Reconsideration Motion

30.     Plaintiff has met her burden for this Court to reconsider its Order and "correct clear error or manifest injustice," and grant the Plaintiff leave to file the Third Amended Complaint consistent with the liberal amendment policy and the notice standard under Fed. R. Civ. P. 8(a), *Iqbal* and *Twombly*.

### III. Motion for Relief from Continued Pretrial Order

31.     Plaintiff also seeks relief from the exception from the deadline to amend pleadings in the Continued Pretrial Order [ECF No. 240, p. 3, ¶ 3].

32.     Fed. R. Civ. P. 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). However, the Supreme Court has cautioned that Rule 60(b)(6) relief should only be granted in "extraordinary circumstances." *Id*.

33.     In this circuit eight factors are consider by the courts when faced with a motion under Fed. R. Civ. P. 60(b)(6), including:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments.

*In re Timmons*, 479 B.R. 597, 609 (Bankr. N.D. Ala. 2012) (*quoting Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (citations omitted)).

34.     In this particular case, the parties agreed to continue the pretrial conference including the deadline to amend pleadings, however, the Court in an effort to move this case forward expeditiously requested that the deadline be excepted from the continuance.

35.     The issue is the parties are continuing to engage in substantial discovery and the Plaintiff believes that the facts that will come to light through this continued discovery will give rise to new allegations or the need to amend the factual allegations in the operative complaint and that the parties should be permitted to amend the pleadings as appropriate.

36.     The factors in this case weigh in favor of the Plaintiff's requested relief and the equitable and extraordinary circumstances necessary for this Court to grant this relief:

(i)     The Plaintiff is not using the Motion for Relief as a substitute for an appeal.

(ii)    Granting this Motion for Relief would achieve substantial justice as Fed. R. Civ. P. 15, permits amendment of pleadings all the way through post-judgment, Fed. R. Civ. P. 15(b), and this proceeding has not reached the pretrial conference and as stated discovery is on-going, and all parties are equally afforded the opportunity to

11

seek leave to amend under the Rule 15 standards.  For example, after the entry of the Continued Pretrial Order and old deadline to file an amended pleading expired, the Plaintiff identified additional documents that Plaintiff believes change certain material, factual allegations pled in the *Second Amended Complaint* [ECF No. 75] and proposed *Third Amended Complaint* [ECF No. 200].

(iii)   This Motion for Relief is being made within a reasonable time. The motion was filed approximately 3 weeks after entry of the Continued Pretrial Order and four months before the scheduled Pretrial Conference.

(iv)   The Continued Pretrial Order does not consider the merits of the underlying claims, however, it does have a substantial impact on the merits to be litigated before this Court, when new information is obtained and a party cannot amend its pleadings accordingly.

(v)   Granting this Motion for Relief will afford all parties in this proceeding the fair opportunity to present their claims and defenses.

(vi)   The intervening equities in this proceeding justify granting the requested relief as this parties to this proceeding agreed to the continued deadline for seeking leave to amend the pleadings.

37.   Accordingly, granting this Motion for Relief from the Continued Pretrial Order is warranted in this proceeding as it allows all parties to fully present their cases on the merits, and allows the parties to seek leave to amend under the applicable Rule 15 standards applied in this circuit.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an order: (i) granting the Motion to Reconsider; (ii) reconsidering the Order and granting Plaintiff leave to file a Third Amended Complaint against the Hi Bar Defendants; (iii) granting the Motion for Relief; (iv) granting relief from the Continued Pretrial Order in the form of continuing the deadline for parties to seek leave to amend pleading be calculated from the June 2025 Pretrial Date; and (v) granting the Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted this 25th day of February 2025.

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

BY:   /s/ *Jason S. Rigoli*
  Alan R. Crane, Esq.
  Florida Bar No.: 0963836
  E-mail: acrane@furrcohen.com
  Jason S. Rigoli, Esq.
  Florida Bar No.: 91990
  E-mail: jrigoli@furrcohen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this adversary proceeding.

Dated: February 25, 2025.

By: */s/ Jason S. Rigoli*
  Jason S. Rigoli

13