

201 South Biscayne Blvd.
Suite 2700
Miami, Florida 33131

305.341.3155  tel
305.397.1168 fax
www.letolawfirm.com

April 3, 2024

**Via Email**
Bernie Egozi
Egozi & Bennett, P.A.
2999 NE 191st Street
Aventura View, Suite 407
Aventura, Florida 3318

Re:    Common Interest and Joint Litigation Agreement
       Hi Bar/Spin Capital

Dear Mr. Egozi:

As you are aware, the undersigned represents Hi Bar Capital, LLC, Yisroel Herbst, and Mordi Herbst. I am writing to you in your capacity as counsel for Josh Lubin and Spin Capital, LLC.

On January 28, 2022, Spin Capital and Hi Bar Capital entered into a Common Interest and Joint Litigation Agreement ("the JDA"). Pursuant to the JDA, Spin Capital was obligated to pay for all litigation costs associated with various legal proceedings. In exchange, Spin Capital retained the right to prosecute and settle certain claims (subject to Hi Bar's consent) and was also entitled to a certain waterfall payout in the event any funds were recovered. Later, Mr. Lubin personally (along with Spin) incorporated the terms of the JDA into a fee agreement with my law firm for additional cases, including the FVP Action and an Adversary Action filed in the Excell Bankruptcy case. Under the Fee Agreement with my law firm and the JDA, Mr. Lubin and Spin were obligated to pay all legal fees and costs incurred on behalf of Hi Bar and the Herbst's that were associated with the cases identified in the JDA and in the Fee Agreement.

Notwithstanding those written agreements to pay fees and costs, on several occasions during the week of March 18, 2024, Mr. Lubin expressly severed the attorney-client relationship with my firm and stated that he would no longer pay the legal fees and costs incurred by Hi Bar or the Herbst's in any action going forward. In addition, while he committed to paying the outstanding invoices incurred to date, Mr. Lubin has failed to tender payment. Finally, and for reasons unknown and without any factual basis, Mr. Lubin has taken litigation positions that are adversarial to Hi Bar.

Those actions, singularly and collectively, constitute a breach of the JDA. Based upon Mr. Lubin and Spin's breach of the JDA and Fee Agreement, Hi Bar is no longer obligated to perform under any of the provisions set forth therein, including but not limited to the obligation

**EXHIBIT**

**B**

that allows Spin and/or Mr. Lubin the right engage in settlement discussions and case strategy or Spin's right to receive payment under Section 3 of the JDA. To be clear, given Mr. Lubin and Spin's breach, in the event Hi Bar resolves any of the pending matters, Spin is not entitled to payment under the Priority of Distribution Section and all funds will be paid to Hi Bar. *See e.g. Markham Gardens L.P. v. 511 9th LLC*, 38 Misc. 3d 325, 331, 954 N.Y.S.2d 811, 815 (Sup. Ct. 2012)("When one party commits a material breach of a contract, the other party to the contract is relieved, or excused, from further performance under the contract."); *JP Pizza Eastport LLC v. Luigi's Main St. Pizza Inc.*, 75 Misc. 3d 427, 433, 166 N.Y.S.3d 485, 489–90 (N.Y. Sup. Ct. 2022)("A party will not be able to prevail on a breach-of-contract claim unless it proves, by a preponderance of the evidence, that it performed its own obligations under the contract. Thus, a party is relieved of its duty to perform under a contract when the other party has committed a material breach.")

It is unfortunate that Mr. Lubin has taken these recent actions. Nevertheless, that is the situation he has unilaterally created. Please instruct Mr. Lubin to govern himself accordingly.

Sincerely,

MATTHEW P. LETO

*Matthew P. Leto*

LETO LAW FIRM

cc:     Yisroel Herbst
        Mordi Herbst