UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

EXCELL AUTO GROUP, INC.,                                      Case No. 22-12790-EPK

      Debtor.                                                  Chapter 7

_____/

NICOLE TESTA MEHDIPOUR, as
Chapter 7 Trustee for Excell Auto Group, Inc.,

      Plaintiff,

v.                                                            Adv. Proc. No. 23–01132–EPK

HI BAR CAPITAL, LLC, a New York limited
liability company, SPIN CAPITAL, LLC a/k/a
Spin Capital, a New Jersey limited liability company,
YISROEL HERBST, an individual, MORDECHAI
DOV BER HERBST a/k/a MORDI HERBST, an
individual, AVRUMI LUBIN a/k/a JOSH LUBIN,
an individual, FRANKLIN CAPITAL FUNDING, LLC,
a Delaware limited liability company, and
FRANKLIN CAPITAL GROUP, LLC, a Michigan
limited liability company d/b/a Wing Lake Capital,

      Defendants.
_____/

**AGREED EX PARTE MOTION (I) TO CONFIRM THAT THE FRANKLIN PARTIES
NEED NOT RESPOND TO SUMMARY JUDGMENT MOTION,
OR (II) IN THE ALTERNATIVE, TO ESTABLISH RESPONSE DEADLINE**

      Defendants, Franklin Capital Funding, LLC and Franklin Capital Group, LLC

(together, "Franklin" or "Wing Lake"), respectfully request that: (1) the Court confirm that

Franklin need not respond to the pending summary judgment motion filed by Plaintiff, Nicole

Testa Mehdipour, as chapter 7 trustee (the "Trustee"), or (2) in the alternative, establish a

deadline for Franklin to respond to said motion.  In support of these requests Franklin states:

      1.     The third amended complaint filed by the Trustee (the "Complaint") asserts 29

{2425/000/00581074}

1

counts. ECF No. 29. Almost all of the counts are directed against non-Franklin defendants, and assert various fraud and RICO-based theories. *See generally* Compl. ¶¶ 203–537.

2.      The only count directed against Franklin, Count 1, alleges that Excell Auto Group, Inc. (the "Debtor") is the third-party beneficiary of a prepetition assignment agreement between Defendant, Spin Capital, LLC ("Spin"), and Franklin. *See id.* at ¶ 202. Count 1 seeks a declaratory judgment as to this and related allegations. *See id.* at ¶¶ 195–202.

3.      While Franklin does not oppose much of the relief requested in the Complaint, it does dispute that Excell (and thus, the Trustee) is a third-party beneficiary under the assignment document. *See generally* ECF No. 101 (Franklin answer).

4.      On January 20, 2025, the Trustee filed a motion for summary judgment (the "SJ Motion') against Spin and a co-defendant, Hi Bar Capital, LLC ("Hi Bar"). ECF No. 183. The Court has directed Spin and Hi Bar to respond to the SJ Motion on or before March 20, 2025. ECF No. 242 at ¶ 6(a).

5.      Although the SJ Motion does not seek relief against Franklin, it does request the entry of summary judgment on Count 1 (among others). This is again the count that implicates Franklin.

6.      The position of the Trustee is that the SJ Motion is not directed against Franklin and that Franklin need not respond thereto. In an abundance of caution, however, Franklin wishes to confirm this fact with the Court.

7.      In the event the Court <u>does</u> find that Franklin should respond to the SJ Motion, Franklin respectfully requests that the Court establish a deadline of March 31, 2025 to do so. The cause for this relief, which is less than two weeks past the current March 20 deadline, consists of the uncertainty arising from the SJ Motion not being directed against Franklin in

{2425/000/00581074}

the first instance and the undersigned attending to several expedited matters in unrelated cases.

8. The undersigned avers that counsel for the Trustee does not oppose the relief requested herein and is uploading a proposed order to the Court contemporaneously herewith.

WHEREFORE, Franklin respectfully requests the entry of an order: (1) confirming that it need not respond to the SJ Motion, (2) in the alternative, establishing a deadline of March 31, 2025 for Franklin to respond to the SJ Motion, and (3) granting such other relief the Court deems appropriate.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on March 20, 2025.

> **SHRAIBERG PAGE P.A.**
> Attorneys for Franklin
> 2385 NW Executive Center Drive, #300
> Boca Raton, Florida 33431
> Telephone: 561-443-0800
> Facsimile: 561-998-0047
> pdorsey@slp.law
>
> By:     /s/ Patrick Dorsey
>              Patrick Dorsey, Esq.
>              Florida Bar. No. 0085841

{2425/000/00581074}

3