**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov**

In re:
EXCELL AUTO GROUP, INC.,                                    Case No. 22-12790-EPK
                                                                          Chapter 7

        Debtor.
_____/
NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.,

        Plaintiff,

                               Adv. Pro. No. 23-01132-EPK
v.
HI BAR CAPITAL, LLC, a New York limited liability
company, SPIN CAPITAL LLC a/k/a Spin Capital,
a New Jersey limited liability company,
SPFL, an unknown entity, YISROEL HERBST, an
individual, MORDI HERBST, an individual, and
JOSHUA LUBIN, an individual,

        Defendants.
_____/

**Defendant Spin Capital's Motion to Withdraw Reference
And Designation of Record**

Defendant, Spin Capital by and through its undersigned attorney, moves to withdraw reference and files designation of record, pursuant to Local Rule 5011-1  and respectfully represents:

Defendant seek withdrawal of the reference based on demand for a jury trial, which it does not consent to the bankruptcy court conducting, and numerous non-core counts in the complaint. Defendants are required to make this motion under Local Rule 5011-1.

In so far as Plaintiff could argue that counts are a core matter, see Stern v. Marshall, 131 S. Ct. 63 (2010); it may be a core matter under the Code  but be nonetheless unconstitutional to be heard by a bankruptcy court. See also

Granfinanciera v. Nordberg 492 U.S. 33 (1989), a fraudulent transfer case, requiring jury trial in District Court despite being a core proceeding.

The Supreme Court has said that there is a right to a jury trial under the 7th Amendment to the Constitution for this type of case in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989), because the Seventh Amendment entitles a person who has not submitted a claim against a bankruptcy estate to a jury trial when sued by the bankruptcy trustee to recover an allegedly fraudulent monetary transfer. Pp. 492 U. S. 40-49. Defendant at bar has not filed claims in the main case.

Scholarly authority demonstrates that if an action would be an action at law in 18th-century England, and that a court of equity would not have adjudicated it, it must be concluded preliminarily that the action is a "Sui[t] at common law" for which a jury trial is required by the Seventh Amendment. Pp. 492 U. S. 43-47. Additionally,  the nature of the relief Plaintiff seeks -- the recovery of money payments of ascertained and definite amounts -- conclusively demonstrates that his cause of action should be characterized as legal, rather than equitable, such that petitioners are prima facie entitled to a jury trial under the Amendment. Schoenthal v. Irving Trust Co., 287 U. S. 92. Pp. 492 U. S. 47-49. The Seventh Amendment entitles petitioners to their requested jury trial notwithstanding § 157(b)(2)(H)'s designation of fraudulent conveyance actions as "core proceedings" which non-Article III bankruptcy judges may adjudicate. Pp. 492 U. S. 49-65.

Movant understands A demand for a jury trial standing alone may be insufficient cause for withdrawal if the motion is made early in the proceedings. In re Winstar Communications, Inc., 321 B.R. 761, 764 (D. Del. 2005); Kenai Corp. v. National Union Fire Ins. Co. (In re Kenai Corp.), 136 B.R. 59, 62 (S.D.N.Y. 1992). Indeed, "a court may wait until the case is ready to go to trial before withdrawing the reference" because "[a]llowing the bankruptcy court to resolve pretrial issues and enter findings of fact and recommendations of law on dispositive issues is consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible." In re Dreis,

No. 94 C 4281, 1995 WL 41416, at * 3 (N.D. Ill. Jan. 31, 1995) (internal citations omitted); see also Stein v. Miller, 158 B.R. 876, 880 (S.D. Fla. 1993) (the defendants were not entitled to have dispositive motions decided by the district court, despite the withdrawal of the reference for the purpose of jury trial). While the Court may find that withdrawal of the reference is appropriate for purposes of conducting the jury trial, at this point in the proceedings, the withdrawal would be premature. Thus, the Court may withdraw the bankruptcy reference only for the purposes of jury trial. The Court may leave the reference intact as to all pretrial matters.

Defendants designation of record is as follows: All documents on attached Docket for this case.

We hereby certify that a true copy of the foregoing was served on plaintiff and other defendants by CM/ECF Respectfully submitted, 3/24/25

Joel M. Aresty, Esq.
Joel M. Aresty P.A.
Board Certified Business Bankruptcy Law
Lawyer for Spin
309 1st Ave S
Tierra Verde FL 33715
Phone: 305-904-1903
Fax: 1-800-559-1870
E-mail: Aresty@Mac.com
By: /s/: Joel M. Aresty
Fla. Bar No. 197483