**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

EXCELL AUTO GROUP, INC.,                                    Case No. 22-12790-EPK
                                                                      Chapter 7

       Debtor.

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.,

       Plaintiff,

v.                                                                Adv. Pro. No. 23-01132-EPK

HI BAR CAPITAL, LLC, a New York limited liability
company, SPIN CAPITAL LLC a/k/a Spin Capital,
a New Jersey limited liability company,
SPFL, an unknown entity, YISROEL HERBST, an
individual, MORDI HERBST, an individual, and
JOSHUA LUBIN, an individual,

       Defendants.

_____/

## DECLARATION OF AVRUMI (JOSH) LUBIN
### In Opposition to Plaintiff's Motion for Partial Summary Judgment
### And Joinder in Spin Capital's Filings

1.      Avrumi (Josh) Lubin, pursuant to 28 U.S. Code § 1746, Unsworn declarations under penalty of perjury, states: I am over twenty-one years of age, competent to testify in a legal proceeding, and give this Declaration of my own personal knowledge.

2.      I offer this Declaration in opposition to the Plaintiff's motion for partial summary judgment against Hi Bar Capital, LLC and Spin Capital, LLC.

3.      I am the sole member of Defendant Spin Capital, LLC ("Spin").

4.     Spin is a New Jersey limited liability company that is authorized to do business in New York.

5.     At the time of Spin's agreements with Excell Auto Group, Inc. ("Excell") (the "Spin Agreements"), Spin maintained an office at 1276 50th Street, Brooklyn New York 11219.  This was Spin's only office and place of business.  I conducted business on behalf of Spin from this office, including with respect to Excell.  For instance, I drafted and sent emails and text messages and made phone calls regarding the solicitation and performance of the Spin Agreements from this office.

6.     At the time of the Spin Agreements, I lived primarily at 605 W 42nd St, PH3A, New York, New York 10036.

7.     As I testified in my March 15, 2024, deposition, Hi Bar Capital LLC ("Hi Bar") participated (*i.e.*, invested money) in the transactions reflected in the Spin Agreements. Hi Bar is a New York limited liability company and, at the time, maintained its office at 1825 65th St., Suite 300, Brooklyn, New York.

8.  Reservation for relief. Defendant reserves for relief under Fed. R. Civ. P. Rule 56 (a)  applicable by Fed. R. Bankr. 7056  (e) Failing to Properly Support or Address a Fact, which says If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c) , the court may: (1) give an opportunity to properly support or address the fact. Undersigned  reserves for a request for such relief due to the fact that Spin counsel has only been in this very complex case since 2/18/25 DE238 and I have ben pro se while the motions at bar have been pending for some time. I respectfully request a reservation of more time to raise the issues in the

paragraph below.

9.  Defendant raises the issues of collateral estoppel and res judicata. Defendant believes the New York Judgment Hi Bar Capital, LLC v. Excell Auto Group, Inc., et al., in the Supreme Court of the State of New York, County of Kings (the "NY Court"), as Index No. 502846/2022 (the "NY Litigation") should control the case at bar. Spin was a third party beneficiary of the judgment and Spin was assigned those claims by Hi Bar and litigated that case on behalf of Hi Bar under a common interested agreement and paid all attorneys' fees in that case. Undersigned intends to amend the caption of the New York case to reflect Spin's interest, and that the rulings were in favor of Spin Capital. These are facts which have not been raised in this case. That was the reason I asked for more time in my letter treated as a motion at Doc 271 denied at Doc 272.

10.  I join Spin Capital LLC as to its reply to the Trustee's Opposition to Hi Bar's Motion for Partial Summary Judgment [D.E. 168]. D.E. 274.

11.  I join  Spin's Opposition to the Trustee's Motion for Partial Summary Judgment [D.E. 183]. D.E. 275.

12.  I join  Spin's Motion to Dismiss  Count 29 of the Third Amended Complaint [D.E. 242]. D.E. 273.

13.  I join Spin's joinder in Hi Bar's Response and Additional Facts to Plaintiff's Statement of Material Facts. D.E. 276.

14.  I join Spin's Motion to Withdraw Reference and Designation of Record. D.E. 277. D.E. 277.

15.  I declare  under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Executed: March 24, 2025                    /s Avrumi Josh Lubin
                                            AVRUMI "JOSH" LUBIN


We hereby certify that a true copy of the foregoing was served on plaintiff and other defendants by CM/ECF Respectfully submitted, 3/24/25


Joel M. Aresty
Joel M. Aresty P.A.
Board Certified Business
Bankruptcy Law
Lawyer for Spin Capital
309 1st Ave S
Tierra Verde FL 33715
Phone: 305-904-1903
Fax: 1-800-559-1870
E-mail:
Aresty@Mac.com
By: /s/: Joel M. Aresty
Fla. Bar No. 197483