UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
FLORIDA WEST PALM BEACH
DIVISION

In re:

EXCELL AUTO GROUP, INC.
Debtor.

Case No.: 22-12790-EPK
Chapter 7

_____/

NICOLE TESTA
MEHDIPOUR,
Chapter 7 Trustee for
EXCELL

AUTO GROUP, INC.,                           Adv. Pro. No. 23-01132-EPK
Plaintiff,
v.
HI BAR CAPITAL, LLC, *et al.*,
Defendant(s).

_____/

Motion to Dismiss Count 29
Spin Capital, LLC

Defendant Spin Capital moves to dismiss New Count 29 for failure F. R.Civ.P.

Rule 12 as incorporated by Fed. R. Bankr. P. Rule 7012 for failure to state a claim upon

which relief can be granted.

The count seeks to brand Spin and its principal Lubin as "Loan Sharks" causing

debtor to pay usurious interest, and seeks amounts of payment received  on or behalf of

Spin under Florida Statute 687.071.

Spin would show that the transactions were not loans, and that therefore 687.071

would not apply.

Also Spin would show that Florida law does not apply. This court has already

found that it is undisputed that New York law applies to the issue of whether the MCAs

are loans rather than purchases of future receivables. See transcript 3/13/24 hearing DE

67, page 15 line 2. Citing Haymount Urgent Care PC v. GoFund Advance, LLC, 690 F.

Supp. 3d 167 (S.D.N.Y. 2023).

See 2/12/25 transcript Doc 257: page 48 "This Court would look to Florida's criminal usury statute only if the Court first determines that Florida law applies, and it does not, at least with regard to Hi Bar and the two defendants named Herbst, consistent with the allegations in this particular complaint as it currently sits and as the plaintiff would seek to amend it."

In New York a party may assert criminal usury as an affirmative defense, but they may not assert criminal usury as the basis for a claim" (ZG Funding, LLC v United Senior Props. of Olathe, LLC,18l AD3d 664, 667 [2d Dept 2020] [intemal citations omitted]).

Also New York's usury laws do not apply to transactions in excess of $2,500,000 and some of the agreements and their aggregates involve sums in excess of that amount; an (see General Obligations Law $ 5-501 [6] [b]); see also 72nd Ninth LLC v 753 Ninth Ave Realty LLC, 168 AD3d 597,598 lst Dept 2019]).

Defendant does not consent to entry of final orders or judgment by the bankruptcy court, and intends to demand a jury trial and move to withdraw the reference if dismissal is denied.

Respectfully submitted, 3/24/25

Joel M. Aresty, Esq.
Joel M. Aresty P.A.
Board Certified Business
Bankruptcy Law
Lawyer for Spin
309 1st Ave S
Tierra Verde FL 33715
Phone: 305-904-1903
Fax: 1-800-559-1870
E-mail: Aresty@Mac.com
By: /s/: Joel M. Aresty
Fla. Bar No. 197483