**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

        EXCELL AUTO GROUP, INC.

           Debtor.

Case No.: 22-12790-EPK
Chapter 7

------------------------------------------------------------------ /

NICOLE TESTA MEHDIPOUR, as Chapter 7 Trustee for
Excell Auto Group, Inc.

           Plaintiff.

      -v-

HI BAR CAPITAL, LLC, SPIN CAPITAL LLC, YISROEL
HERBST, MORDECHAI DOV BER HERBST a/k/a MORDI
HERBST, AVRUMI LUBIN a/k/a JOSH LUBIN, FRANKLIN
CAPITAL FUNDING, LLC and FRANKLIN CAPITAL
GROUP, LLC d/b/a WING LAKE CAPITAL,

           Defendants.

Adv. Pro. No. 23-01132-EPK

------------------------------------------------------------------ /

### HI-BAR CAPITAL, LLC, MORDECHAI HERBST, AND YISROEL HERBST'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER [D.E. 243]

Defendants, Hi-Bar Capital, LLC ("Hi-Bar"), Mordechai Herbst, and Yisroel Herbst, (collectively, "Hi-Bar Defendants"), file the following Response to Plaintiff's Motion to Reconsider, and state:

### MEMORANDUM OF LAW

**I.      Standard of Review**

"The applicable standard for a motion for reconsideration is that the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Socialist Workers Party v. Leahy,* 957 F.Supp. 1262, 1263 (S.D.Fla.1997) (internal quotation and citations omitted). "A motion for reconsideration should raise new issues, not merely address issues litigated

1

previously." *Id.*   Further, as this Court has previously acknowledged, "[n]either Fed. R. Civ. P. 59(e) nor Fed. R. Civ. P. 60(b) permit a party to raise arguments that could have previously been raised before a court enters relief." *In re Edwards*, 604 B.R. 417, 423 (Bankr. S.D. Fla. 2019) *citing Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").  As demonstrated below, the Trustee has failed to meet its burden. Not only is the Trustee incorrect on the law, but the issues raised in the Trustee's Motion were admittedly discussed at the prior hearing, and "could have been raised" in its prior filings.

## II.      The Choice of Law Provision Controls the Court's Analysis of the Trustee's Claims

The First Hi Bar Contract contains an express choice of law provision that provides:

> This Agreement, Security Agreement and Guaranty, Guaranty of Performance, and any and all addendums, attachments, exhibits, and other documents relating to this Agreement in any way, **shall be governed by and construed in accordance with the laws of the State of New York,** *without regards to any applicable principals of conflicts of law.*

(emphasis added) [D.E. 200-2 at pg. 7, § 4.5].

"A district court sitting in diversity applies the choice-of-law rules of the state in which it sits, in this case Florida." *Viridis Corp. v. TCA Glob. Credit Master Fund, LP,* 721 Fed. Appx. 865, 873 (11th Cir. 2018) *citing  Rando v. Gov't Employees Ins. Co.*, 556 F.3d 1173, 1176 (11th Cir. 2009). "Under Florida law, contractual choice-of-law provisions are presumptively enforceable." *Id.* "[A] party may overcome this presumption by showing that a provision contravenes the strong public policy of Florida or is unjust or unreasonable." *Id.*  Notably, deterring usury is <u>not</u> considered to be a "strong public policy" that would allow a court to disregard an agreed upon choice of law provision. *Id.*  Indeed, "the mere fact that there exists in Florida a usury statute which prohibits a certain interest rate from being charged does not establish some public

policy against either ordinary or criminal usury strong enough to override either the express or constructive intent of the parties that the law of a state which permits higher interest and penalizes usury violations less harshly shall apply." *OFS Equities, Inc. v. Conde*, 421 So. 2d 651, 653 (Fla. 3d DCA 1982).

*L'Arbalete, Inc. v. Zaczac*, 474 F. Supp. 2d 1314, 1321 (S.D. Fla. 2007) is instructive on this issue. In *Zaczac,* a Panamanian lender filed suit to recover from a developer based on a promissory note that contained a Delaware choice of law provision.  In response, Zaczac alleged that the promissory note was usurious under Florida law.  When analyzing this issue, and rejecting Zaczac's defense, the district court acknowledged that choice of law provisions that would avoid the application of Florida's usury laws are enforceable so long as the selected state has "a normal relation to the transaction."  *Id.* at 1322 *citing Morgan Walton Properties, Inc. v. International City Bank & Trust Co.,* 404 So.2d 1059 (Fla.1981); *see also Cont'l Mortg. Invs. v. Sailboat Key, Inc.,* 395 So. 2d 507, 507–08 (Fla. 1981) ("[Florida] will recognize a choice of law provision designating foreign law in [a] contract which calls for interest prohibited as usury under Florida law but supportable under the chosen foreign law").

The Court then found that based on various factors related to the transaction at issue, Delaware law controlled. *Id.* In doing, the court highlighted that it "is generally accepted that the place of one parties' residence or incorporation may provide the normal relation to a transaction as contemplated in a choice of usury laws context or at least is a compelling factor in that determination." *Id. citing Continental Mortgage,* 395 So.2d at 513, *Ciena Corp. v. Jarrard,* 203 F.3d 312, 324 (4th Cir.2000); *Preferred Capital, Inc. v. Associates in Urology,* 453 F.3d 718 (6th Cir.2006); *Valley Juice Ltd. v. Evian Waters of France, Inc.,* 87 F.3d 604, 608 (2d Cir.1996); *see also Land-Cellular Corp. v. Zokaites,* 2006 WL 3040766 * 12 (S.D.Fla. Oct.23, 2006); *Carlock v.*

3

*Pillsbury Co.,* 719 F.Supp. 791, 807 (D.Minn.1989); *Hale v. Co-Mar Offshore Corp.,* 588 F.Supp. 1212, 1215 (W.D.La.1984); *Nedlloyd Lines, B.V. v. San Mateo County,* 3 Cal.4th 459, 467, 11 Cal.Rptr.2d 330, 834 P.2d 1148 (1992); Restatement (Second) of Conflicts § 187(2)(a) comments f and g (explaining that a choice of law clause selecting the law of the state of one of the parties is demonstrably reasonable and substantial relationship test met "where one of the parties is domiciled in the chosen state"); *see also Wilmington Tr., N.A. v. Estate of Gonzalez*, 2016 WL 11656681, at Fn3 (S.D. Fla. Nov. 1, 2016)(finding that Utah law applied to transaction despite argument that transaction was usurious under Florida law.) Indeed, the Trustee has not cited a single case where a Florida Court has applied Florida's usury statute to a contract that contained a foreign choice of law provision.

### III.    *Lex Fori* **Has No Application to the Analysis**

Notwithstanding the clear and unambiguous choice of law provision, the Trustee asks this Court to ignore the parties' agreement and apply Florida's usury statute. The Trustee bases this argument on the legal principle of *lex fori*. Under Florida law, "the nature, validity and interpretation of contracts, are to be governed by the lex loci of the country where the contracts are made or are to be performed; but the remedies are to be governed by the lex fori." ' *Goodman v. Olsen,* 305 So. 2d 753, 755 (Fla. 1974). However, that analysis applies only in the absence of a contractual choice of law provision and in a circumstance where the Court is required to determine what law or laws apply to a particular issue. *See e.g. OFC Capital Corp. v. First Republic Bank*, 2009 WL 10699724, at \*5 (N.D. Ga. Oct. 15, 2009)("Because the [parties'] Agreement contains a choice of law provision, the court need not resort to Georgia's traditional choice of law rules of lex loci contractus, lex loci delicti, and lex fori."); *Unibase Sys., Inc. v. Prof'l Key Punch*1987 WL

4

41873, at *3 (D. Utah July 15, 1987)("It is only when the parties have failed to make a valid choice of law that courts apply traditional conflict of laws rules… .")

If the Court were to apply the substantive law of Florida when providing a substantive remedy (which is substantive in nature), it would undermine the logic behind the enforcement of choice of law provisions, which is to ensure that parties entering commercial contracts can rely upon the enforcement of their agreement as disregarding it "in a commercial transaction would destabilize an area of law relied upon for its predictable and uniform application." *Se. Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So. 3d 73, 81 (Fla. 2012) *citing Precision Tune Auto Care, Inc. v. Radcliffe*, 815 So. 2d 708, 711 (Fla. 4th DCA 2002). In other words, "[t]o disregard the choice of law provision here would do violence to the concept of commercial comity." *Radcliffe*, 815 So. 2d at 711.

**III.      The Contractual Choice of Law Provision Applies to the Usury Claims**

As set forth in Section II, Florida Courts routinely apply choice of law provisions to usury claims. Moreover, the proposed usury cause of action is not a tort. Instead, it is a statutory cause of action. Importantly, "[w]here the parties agreed to a choice-of-law provision in their contract, claims brought under the statutes of other states are generally inapplicable." *Martin v. Creative Mgmt. Group, Inc.,* 2013 WL 12061809, at *9 (S.D. Fla. July 26, 2013); *see also Arndt v. Twenty-One Eighty-five, LLC,* 448 F. Supp. 3d 1310, 1317 (S.D. Fla. 2020)(" Indeed, numerous courts in this District have "repeatedly determined that a contract's choice of law provision requires dismissal of claims under another state's law which relate to the contract."); *Beckel v. Fagron Holding USA, LLC*, 2017 WL 3730395, at *9 (M.D. Fla. June 30, 2017) ("An enforceable choice of law clause providing that Delaware's substantive law applies bars claims brought under Florida's (or any other state's) statutory law.")

Finally, the Trustee's argument that is seeking damages under Florida law in the event that the First Hi Bar Contract is determined to be void under New York law should be considered a non-starter. Under New York law (which controls), criminal usury is only an affirmative defense and cannot be the basis of a declaratory judgment cause of action, including seeking to declare void an MCA agreement. *Paycation Travel v. Glob. Merch. Cash*, 192 A.D.3d 1040, 1041 (2d Dept. 2021) ("General Obligations Law § 5-521 bars a corporation such as the plaintiff from asserting usury in any action, except in the case of criminal usury as defined in Penal Law § 190.40, *and then only as a defense to an action to recover repayment of a loan, and not as the basis for a cause of action asserted by the corporation for affirmative relief.*") (citations omitted; emphasis supplied); *Colonial Funding Network, Inc. for TVT Capital, LLC v. Epazz, Inc.,* 252 F. Supp. 3d 274, 279 (S.D.N.Y. 2017)("New York law [] [only] allows a corporation to assert criminal usury as a defense, but not as a claim for affirmative relief.") Therefore, any attempt to inject a declaratory action seeking to "invalidate" the First Hi Bar Contract as the predicate to apply Florida law would be improper and futile. To be sure, New York law provides its own remedy in the event the transaction is deemed usurious. *See N.Y. Gen. Oblig. Law § § 5-511; 5-513 (McKinney)*

## IV.    The Scheduling Order Should Not Be Amended

The Trustee's request to extend the time frame for amendments should also be rejected. The Final Case Management Conference is scheduled for June 2025. The deadlines to file motions for summary judgment have expired. Therefore, allowing further amendments would only cause this case to be delayed further as it may require additional discovery and further summary judgment briefing. That will only increase the parties' expenses in this 2023 adversary proceeding and would unfairly prejudice the Hi Bar Defendants.

6

**CONCLUSION**

Based on the forgoing, the Hi-Bar Defendants respectfully requests this Court deny Plaintiff's Motion to Reconsider.

Respectfully submitted,

LETO LAW FIRM
201 S. Biscayne Blvd.
Suite 2700
Miami, Florida 33131
Tel. 305-341-3155
Fax: 305-397-1168

*/s/ Matthew P. Leto*
MATTHEW P. LETO
Florida Bar No.: 014504
mleto@letolawfirm.com
kzelaya@letolawfirm.com
pleadings@letolawfirm.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 2, 2025, we electronically filed the foregoing document with the Clerk of the Court and provided service to all counsel of record using CM/ECF.

*/s/ Matthew P. Leto*
MATTHEW P. LETO