UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.

        Debtor.

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

        Plaintiff,

v.

HI BAR CAPITAL, LLC, et al.,

        Defendant(s).

_____/

Case No.: 22-12790-EPK
Chapter 7

Adv. Pro. No.: 23-01132-EPK

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS
COUNT 29 SPIN CAPITAL, LLC**

Nicole Testa Mehdipour, chapter 7 trustee and plaintiff in this adversary proceeding files this response to *Motion to Dismiss Count 29 Spin Capital, LLC* [ECF No. 279] (the "**Motion to Dismiss**") and states as follows:

1.      The Motion to Dismiss does not address the sufficiency of the allegations in the Third Amended Complaint.  The Motion to Dismiss merely concludes that Count 29 fails to state a cause of action upon which relief could be granted.

2.      The Motion to Dismiss does not explain how the claim set forth in Count 29 of the Third Amended Complaint does not provide a plausible claim for relief pursuant to Fed. R. Civ. P. 8(a) as modified by *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)

1

and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Motion to Dismiss simply states that Spin "would show" various things.

3.      Spin cites to the transcript of the February 12, 2025 hearing before this Court, where this Court found that based upon the allegation in the Third Amended Complaint, Florida law could not apply against Hi Bar and the two Herbst defendants. Spin leaves out the rest of this Court's holding which allowed the Third Amended Complaint to proceed against Spin, because it is not clear from the allegations in the Third Amended Complaint that Spin had normal relations with New York.  To the extent that Spin is re-making this argument, it is inappropriate.

4.      Spin also raises arguments about New York's procedure with respect to criminal usury defenses, an issue irrelevant to Count 29 being brought in a Florida Court pursuant to Florida's criminal usury statute.

5.      Finally, Spin argues "some of the agreements and their aggregates involve sums in excess of $2,500,000," despite Spin's own contracts never exceeding an advance of more than $2,000,000 in aggregate.  *See* Ex. C, p. 1 (ECF No. 253-1, p 6); Ex. D, p. 1(ECF No. 253-1, p. 19); Ex. E (ECF NO. 253-1, p. 31); and Ex. F, p. 1 (ECF NO. 253-1, p. 33).

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an order: (i) denying the Motion to Dismiss; (ii) requiring Spin to answer Count 29 within 14-days; and (iii) granting such other and further relief as this Court deems just and proper.

Remainder of Page Intentionally Left Blank

Respectfully submitted this 9th day of April 2025.

FURR AND COHEN, P.A.
*Special Counsel for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532


BY:___/s/ *Jason S. Rigoli*_____
Alan R. Crane, Esq.
Florida Bar No.: 0963836
E-mail: acrane@furrcohen.com
Jason S. Rigoli, Esq.
Florida Bar No.: 91990
E-mail: jrigoli@furrcohen.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this adversary proceeding and via U.S. Mail on Avrumi (Josh) Lubin at 1460 Arboretum Parkway, Lakewood, NJ 08701.

Dated: April 9, 2025.

By: */s/ Jason S. Rigoli*_____
Jason S. Rigoli

3