UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

EXCELL AUTO GROUP, INC.

     Debtor.

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group, Inc.

     Plaintiff,

v.

HI BAR CAPITAL, LLC, et al.,

     Defendant(s).

_____/

Case No.: 22-12790-EPK
Chapter 7

Adv. Pro. No. 22-01132-EPK

## PLAINTIFF'S REPLY MEMORANDUM OF LAW

Plaintiff, Nicole Testa Mehdipour, chapter 7 trustee of the estate of Excell Auto Group, Inc., by and through undersigned counsel, pursuant to ¶ 8 of the *Order Setting Scheduling Conference and Establishing Procedures and Deadlines* [ECF No. 19, p. 4] files this reply memorandum of law to *Hi-Bar Capital, LLC's Response to Trustee's Statement of Material Facts* [ECF No. 267] and *Spin Capital's Response to Statement of Material Facts* [ECF No. 276] and *Declaration of Avrumi Lubin* [ECF No. 281], and respectfully states:

1. At the summary judgment stage, "[i]f the movant demonstrates the absence of a genuine factual dispute, the burden shifts to the nonmovant, which much show that a genuine issue remains for trial." *Divine Motel Grp., LLC v. Rockhill Ins. Co.*, 655 Fed. Appx. 779, 781 (11th Cir. 2016) (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial" and the moving party is

1

entitled to summary judgment. *Id*. (quotations omitted). " 'An issue is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Id*. (citation and quotation marks omitted).  Fed. R. Civ. P. 56(c) sets forth the procedures with respect to motions for summary judgment.

**A. The Defendants Cannot Rely on Conclusory Statements or Legal Conclusion to Rebut the Plaintiff's Factual Allegations and Defeat Summary Judgment**

2. The evidence a party may rely on to defeat summary judgment "cannot consist of conclusory allegations or legal conclusions." *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

3. In paragraphs 13, 16, 25, 32, 35, 40, 51 through 53, 55, 57, 59, 63, 64, and 68 of Hi Bar's *Responsive SMF* [ECF No. 267], which is joined by Spin [ECF No. 276], Hi Bar does not counter the Plaintiff's allegations or assert "additional" properly supported facts in compliance with Fed. R. Civ. P. 56(c), Hi Bar makes conclusory allegations and legal conclusions on which Hi Bar cannot rely.

4. Plaintiff objects to the Court considering any of these "conclusory statements" or "legal conclusions" and any other such statements by Hi Bar the Court determines are also inappropriate "conclusory statements" or "legal conclusions."

**B. Unsworn Affidavits and Declarations Not in Compliance with 28 U.S.C. § 1746 and Cannot be Considered in Connection with Summary Judgment**

5. Fed. R. Civ. P. 56(c) permits "affidavit[s] or declaration[s]" to be "used to support or oppose a motion."  An affidavit must be "sworn under oath before a notary (or other oath-taker) affixed with the notary seal." *Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022).  Alternatively, a "written unsworn declaration" may be considered if the statutory requirements of 28 U.S.C. § 1746 are met:

Specifically, under [28 U.S.C.] § 1746, a declaration executed within the United States will substitute for a sworn affidavit if the declarant dates and subscribes the document as true under penalty of perjury in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746(2).

*Id*. at 1347-48.

6.      In Hi Bar's "Additional Facts," Hi Bar primarily relies on the "Herbst Declaration" found at ECF No. 167-1. *See* ECF No. 267, pp. 8 -10, ¶¶ 49-68 and 70-71.

7.      The Herbst Declaration [ECF No. 167-1] is unsworn and does not comply with 28 U.S.C. § 1746. Accordingly, the Herbst Declaration is "incompetent to raise a fact issue precluding summary judgment. *Id*. at 1347 (internal citations omitted).

C. **The 2024 Michigan Order is Res Judicata and Not Hearsay**

8.      Finally, Hi Bar objects to the Plaintiff's use and reliance on the 2024 Michigan Order Ex. 43 [ECF No. 184-43], based on hearsay and prejudice. Hi Bar is incorrect. Furthermore, on March 12, 2025, the Michigan Court entered the 2025 Michigan Order [Ex. 44] which finally determines liability and damages arising from the Wing Lake Assignment Document and Zankl, Spin, and Hi Bar's attempts to interfere with the contractual obligations therein.

9.      "When considering whether to give preclusive effect to a state court judgment, [federal courts] apply the estoppel rules of the state that rendered the judgment." *Willingham v. Loughnan*, 261 F.3d 1178, 1185 n. 11 (11th Cir. 2001) (*citing Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 105 S. Ct. 1327, 1332, 84 L. Ed. 2d 274 (1985); *Vazquez v. Metropolitan Dade County*, 968 F.2d 1101, 1106 (11th Cir. 1992)), *vacated and remanded on other grounds* 537 U.S. 801, 123 S.Ct. 68, 154 L.Ed. 2d 2 (2002).

10. In this case a circuit court in the state of Michigan has rendered a "final determination" as to subject matter at issue in this adversary proceeding. Michigan estoppel rules apply.

11. Under Michigan law "an order that is not technically a 'final order' might be truly 'in substance and effect a final determination of the case.'" *Meyer v. Oakland Cmty. College Bd. or Trs.*, 2020 Mich. App. LEXIS 7052, at 23 (2022) (*quoting Wanner v. Martin*, 173 Mich 503, 504; 139 NW 249 (1913)). "Notably, the courts seek to refrain from elevating technicalities over substance." *Id.* (citations omitted). "[T]he [Michigan] Supreme Court has historically tended to refer to 'issues,' 'matters,' or 'questions' having been decided to finality for purposes of res judicata." *Id.* at *24 (collecting cases). "The most obvious implication is that the preclusive effect of a judgment depends on whether the relevant subject-matter (whether called an issue, question, matter, or similar terminology) has become final…" *Id.*

12. The 2024 Michigan Order [Ex. 43] was final as to liability. Furthermore, to the extent the 2024 Michigan Order was not final, the 2025 Michigan Order certainly is, as the substantive issues are fully determined, and the only issue remaining is the bifurcated issue of the amount of attorney's fees to award Wing Lake. Ex. 44. Accordingly, the findings by the Michigan Court in the 2024 Michigan Order [Ex. 43] and 2025 Michigan Order [Ex. 44] are entitled to preclusive effect in this adversary proceeding. *Meyer*, at *24.

WHEREFORE, Plaintiff respectfully requests that in considering summary judgment this Court (i) exclude from consideration the "conclusory statements" and "legal conclusions" made by Hi Bar and Spin, (ii) exclude from consideration the Herbst Declaration [ECF No. 167-1] as it is unsworn and does not comply with 28 U.S.C. § 1746; and (iii) consider and give preclusive

effect to the 2024 Michigan Order [Ex. 43] and 2025 Michigan Order [Ex. 44] pursuant to Michigan law.

Respectfully submitted this 10th day of April 2025.

> FURR AND COHEN, P.A.
> *Special Counsel for Trustee*
> 2255 Glades Road, Suite 419A
> Boca Raton, FL 33431
> Telephone: (561) 395-0500
> Facsimile: (561) 338-7532
>
> BY:   /s/ *Jason S. Rigoli*
>       Alan R. Crane, Esq.
>       Florida Bar No.: 0963836
>       E-mail: acrane@furrcohen.com
>       Jason S. Rigoli, Esq.
>       Florida Bar No.: 91990
>       E-mail: jrigoli@furrcohen.com

5