Page 1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO.22-12790 EPK CHAPTER 7

In re:

EXCELL AUTO GROUP, INC.,


                    Debtor.

_____/

NICOLE TESTA MEHDIPOUR, Trustee in Bankruptcy

for Excell Auto Group, Inc.,

        Plaintiff,                          Adv.Proc No.

                                            24-01039

-vs-

UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY,

and INTERNAL REVENUE SERVICE,  a Delegate of the

Treasury,

        Defendants.

_____



DEPOSITION OF SCOTT ZANKL


                Monday, January 20, 2025

                 9:00 a.m. - 3:45 p.m.

PLAINTIFF'S
EXHIBIT

**47**

                        2255 Glades Road, Suite 419A

Job No. CS7106881          Boca Raton, Florida 33431

Scott Zankl

January 20, 2025

        Reported By:

        Antoinette Garza, RPR, FPR

        Notary Public, State of Florida

Scott Zankl                                    January 20, 2025

Page 3

APPEARANCES:

On behalf of the Plaintiff:

        ALAN CRANE, ESQUIRE

        FURR & COHEN

        2255 Glades Road, Suite 419A

        Boca Raton, FL   33431




On behalf of the Defendants:

        RACHEL IACANGELO, ESQUIRE

        U.S. DEPARTMENT OF JUSTICE

        P.O. Box 14198

        Washington DC, 20044




ALSO PRESENT:

        JON EARGLE, CPA

        JASON RIGOLI, ESQ.

Scott Zankl                                          January 20, 2025

Page 4

                              I N D E X


WITNESS:      DIRECT      CROSS      REDIRECT      RECROSS

SCOTT ZANKL


By Ms. Iacangel  4


By Mr. Crane              120


                           -   -   -

                    E X H I B I T S

                           -   -   -


NUMBER       DESCRIPTION                              PAGE


USA No. 1  1140 Excell spreadsheet.............86

Plf's No. 1  Trust Agreement...................126

Plf's No. 2  Chase stmt 3199 Jan...............133

Plf's No. 3  Chase stmt 181 Jan................135

Plf's No. 4  Chase Stmt Feb. 3199..............138

Plf's No. 5  Chase Stmt March 3181.............140

Plf's No. 6  Affidavit of Scott Zankl.........162

Plf's No. 7  2020 Tax return...................176

Plf's No. 8  1140 Printout Dealertrack.........178

(Plf's Exhibits 1-8 have not been provided to the

court reporter and will be attached when they are

provided.)

P R O C E E D I N G S

- - -

Deposition taken before Antoinette Garza, Registered Professional Reporter and Notary Public in and for the State of Florida at Large, in the above cause.

- - -

Thereupon,

(SCOTT ZANKL)

having been first duly sworn or affirmed, was examined and testified as follows:

THE WITNESS:  I do.

DIRECT EXAMINATION

BY MS. IACANGELO:

Q.   Good morning.

A.   Good morning.

Q.   Thanks for joining us.

A.   Thank you.

Q.   My name is Rachel Iacangelo and I represent the United States in the matter of Mehdipour versus United States.

This case is currently pending in the bankruptcy court for the Southern District of Florida, case number 24-01039.  This deposition is being taken pursuant to the federal rules of civil

Scott Zankl                                                    January 20, 2025

Page 170

either, but I'm telling you what I'm brainwashed and told over the years, I know we never took any additional major distributions since 2010.

Yes, in '19, '20 and '21 we started taking money out personally for personal stuff, but I was always told we didn't -- I always said, do we need to claim it, do I need to increase salaries, and my account would say you paid tax on this stuff.

Q.   Don't tell me what your accountant said.

A.   But I'm telling the truth.

MR. CRANE:  I will strike that because it's hearsay.

This is Exhibit 6, I think.

BY MR. CRANE:

Q.   Before I went through the bank statements and erroneously said that I used the number 2.5 million.  I meant to say 2.6 million.

You will agree with me that there were no transfers in the banks reflected in the bank statements that we went over earlier that would reflect a payment from you and Kristen or you and Kristen of $2.6 million?

A.   No, there wasn't.

Q.   I erroneously said 2.5, but just wanted to make it clear.

Page 171

Go back to Wind Lake.

I have received an affidavit, and one was filed in the Kings County Clerk's Office, and it was an affidavit of Scott Zankl, and it was given apparently to Franklin/Wing Lake.

Is that your signature?

A.   Yes.

Q.   And Alana Baley notarized your signature on March 29, 2022.

On the bottom it says, subscribed and sworn to before me this 29th day of March 2022?

A.   No.  I mean, she didn't witness my signature, no, because I was home sick on the 29th, that was the last couple of days of the month, my Crohn's, I was in bed.

Q.   So --

A.   But I did sign it, that's my signature.

Q.   So I'm going to go through.  Were each of the statements that were made in this affidavit true and correct to your best knowledge and belief at the time that you signed it?

A.   You want me to read it real quick?

Q.   Yeah.  You could read it since I'm asking you whether or not it's true, you should read it.

A.   Actually number three is not right because

Scott Zankl                                   January 20, 2025

Page 172

I wasn't the president.

Q.   You will go through and you will tell me what information on this was not correct.

So number three:  I am the president and founder of Excell Auto Group Inc, Karma of Palm Beach Inc. and Karma of Broward Inc.?

A.   So I was president of Karma Palm Beach, I was president of Karma Broward.  I was the founder of Excell but I wasn't the president of Excell.

Q.   Okay.  Next, what else is not true about this affidavit?

Tell me when you want me to move down.

A.   I'm reading it.  Don't move real quick.

Q.   Sure.

A.   You could move it up.

Number 15 is not correct.

Q.   Read what it says, and then tell me what is incorrect.

A.   It says, I also provided Franklin with incorrect bank information in order to obtain the loan from Franklin and to hide the merchant cash advances obtained by Excell and its affiliates.

Q.   What's not true about it?

A.   I don't remember providing any incorrect or anything with bank statements that was not correct.

Q.   It doesn't say anything about statements.

A.   Bank information, I'm saying as far as bank statements, because I did have to provide bank statements.  That's what I'm taking this to mean.  I don't know what else bank information they would mean.

Q.   I don't know.  You apparently read this and signed it once before, so I'm trying to figure out why would you have signed it if it wasn't true?

This is for Franklin.

A.   Right.  Yeah.  I don't -- this is when, back in 2022.  I think I was being, I think I was kind of being told to sign this, but I never gave any incorrect bank information.  I don't know what that means.

Q.   Okay.

A.   The other ones before that are -- let's see.  I can't really read 16.

Q.   I will read it to you.

After the closing on the loan from Franklin, Excell Auto Group and its affiliates entered into additional merchant cash advance agreements and made additional payments to Spin Capital among other entities because they threatened me and demanded addition payments.

That's what they it says.

A.   Yes, that was from Spin.  Yeah, that was true.

Q.   Now going to 17.

A.   Scroll down further.

Scroll down.

The only one is number 18, and I don't think TBT2.0 is a cash advance.  I think that was a loan.  I don't remember.  I think that was a loan.

Q.   And missing from it is TBT Direct Funding, which was taken out on the same day?

A.   Right.  One of them was a loan, one was a cash advance.  I just think they have it backwards.

Q.   I believe you are probably correct.

A.   Wait, is it TBF.

Q.   TBF is different.

A.   I didn't take anything from Vertext.  I took from Alpine, but I didn't take anything from Vertext, I don't believe I did.  They are the same company.  I don't think I ever took from Vertext.  I could be wrong.

Q.   So if I have -- I will look in my lawsuit but if I have the documents to show.

A.   Yeah.  If you do, yeah, I just don't recall Vertext.

Page 175

Q.    Then just tell me that you don't recall.

A.    Yeah, I don't recall.  I don't recall
Vertex.

Q.    Everything else true?

A.    Yeah.  I mean it's pretty much true.

Q.    Okay.  This was Exhibit Number 6.

Did you file your 2021 tax return?

A.    I did.

Q.    A personal?

A.    I did but they are not accepting it.

Q.    Okay.  Who's not accepting it?

A.    The IRS.

Q.    Did they give you a reason why they are not
accepting it?

A.    Because I was not able to supply them with
my W-2.

Q.    Okay.  Did Kristen file her 2021 personal
return?

A.    Yes.  Yes, she did.

Q.    And did the IRS accepted it?

A.    I think she got a notice too from them for
the W-2, how they are requiring a W-2 from her as
well and from me.

Q.    So they didn't accept it?

A.    Hers I think they did.  I don't recall.  I

Page 180

and attach it, and the parties can do what they want with that errata sheet.

If you want to, you have the ability to waive that right.  You just have to make an election right now.  I don't care which one you do, but you have to make an election either to read or waive.

THE WITNESS:  I guess read.

MR. CRANE:  So, yes, I need it tonight, if I can get it as soon as possible.

MS. IACANGELO:  I'll take a copy.

(Witness excused.)

(Deposition was concluded.)

Page 181

CERTIFICATE OF OATH

THE STATE OF FLORIDA

COUNTY OF PALM BEACH

I, the undersigned authority, certify that SCOTT ZANKL personally appeared before me and was duly sworn on the 20th day of January, 2025.

Dated this 20th day of January, 2025.

Antoinette Garza, RPR, FPR

Notary Public - State of Florida

My Commission Expires:  7/1/25

My Commission No.:  HH512044

Page 182

C E R T I F I C A T E

THE STATE OF FLORIDA

COUNTY OF PALM BEACH


     I, Antoinette Garza, Registered Professional
Reporter and Notary Public in and for the State of
Florida at large, do hereby certify that I was
authorized to and did report said deposition in
stenotype; and that the foregoing pages are a true
and correct transcription of my shorthand notes of
said deposition.

     I further certify that said deposition was
taken at the time and place hereinabove set forth
and that the taking of said deposition was commenced
and completed as hereinabove set out.

     I further certify that I am not attorney or
counsel of any of the parties, nor am I a relative
or employee of any attorney or counsel of party
connected with the action, nor am I financially
interested in the action.

     The foregoing certification of this transcript
does not apply to any reproduction of the same by
any means unless under the direct control and/or
direction of the certifying reporter.

     Dated this 20th day of January, 2025.




_Antoinette S. Garza_

          Antoinette Garza, RPR, FPR

Page 183

DATE:        January 20, 2025

TO:          SCOTT ZANKL

             16937 Pierre Circle

             Delray Beach, FL   33446

IN RE:       Mehdipour v. USA

The above-referenced transcript is available for

review.


You should read the testimony to verify its

accuracy.  If there are any changes you should note

those with the reason on the attached Errata Sheet.

You should please date and sign the Errata Sheet and

email to the deposing attorney as well as to

Veritext at Erratas-CS@veritext.com and copies

will be emailed to all ordering parties.

It is suggested that the completed errata be

returned 30 days from receipt of testimony, as

considered reasonable under Federal rules*, however,

there is no Florida statute to this regard.

If the witness fails to do so, the transcript may be

used as if signed.


                    Yours,


                    Veritext Legal Solutions

*Federal Civil Procedure Rule 30(e) Florida Civil

Procedure Rule 1.310(e).