Page 1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA

IN RE:                          CASE NO. 22-12790-EPK

 EXCELL AUTO GROUP,

                Debtor.

_____/

NICOLE TESTA MEHDIPOUR, Chapter 7 Trustee

for EXCELL AUTO GROUP, INC.,

                Plaintiff,

vs.                          ADV. NO. 23-1132-EPK

HI BAR CAPITAL, LLC, et al.,

                Defendants.

_____/

ZOOM VIDEOCONFERENCE

February 18, 2025

9:00 a.m. to 11:30 a.m.

DEPOSITION

OF

JOSH LUBIN

Reported By:

Cheryl L. Jenkins, RPR, RMR

PLAINTIFF'S EXHIBIT

58

**OUELLETTE & MAULDIN  COURT REPORTERS, INC.**

(305) 358-8875

APPEARANCES VIA ZOOM:

NICOLE TESTA MEHDIPOUR, Trustee

FURR & COHEN, by
ALAN CRANE, Esquire
JASON RIGOLI, Esquire
On behalf of Nicole Testa Mehdipour

JOEL ARESTY, P.A., by
JOEL ARESTY, Esquire
On behalf of Spin Capital

MATTHEW LETO, Esquire
On behalf of Hi Bar
ALSO PRESENT
Alan Barbee
Greg Nelson
Shaya Baum
- - - - - - -

INDEX

WITNESS                    DIRECT    CROSS

Josh Lubin
 Mr. Crane                    5
 Mr. Leto                               80


EXHIBITS

                                                        Page
 Exhibit 1                                                 9
 Exhibit 2                                                13
 Exhibit 3                                                57

Page 4

COURT REPORTER:  Would counsel please state your appearances for the record, and stipulate to the remote administration of the oath?

MR. CRANE:  Alan Crane, special counsel for Nicole Testa Mehdipour, the plaintiff in this action, and the trustee in the main bankruptcy case.  So stipulated.

MR. ARESTY:  Joel Aresty, representing Spin Capital, we agree.

MR. LETO:  Matthew Leto on behalf of Hi Bar and the Hertz (phonetic).  We agree.

MS. TESTA-MEHDIPOUR:  Nicole Testa-Mehdipour, Chapter 7 trustee and General (inaudible) -- so stipulated.  Good morning.

COURT REPORTER:  Okay, and Mr. Nelson or not?

MR. NELSON:  Greg Nelson, creditor observing, of Franklin Capital Group.

COURT REPORTER:  Okay.  Jason.

MR. RIGOLI:  Jason Rigoli, special counsel for the trustee, Nicole Testa-Mehdipour.  So stipulated.

COURT REPORTER:  Okay.  Sir, please raise your right hand.

Do you swear to tell the truth, the whole truth, and nothing but the truth?

MR. LUBIN:  Yes.

Page 5

COURT REPORTER:  Thank you.

Thereupon,

JOSH LUBIN,

having been first duly sworn, was examined and testified as follows:

BY MR. CRANE:

Q.    Please state your name.

A.    Josh Avrumi Lubin.

Q.    Okay.  What other names have you been known by?

A.    What's that?  I think that's all.

Q.    Okay.  Can you spell --

A.    I go by Josh.

Q.    Okay.  What is your legal name?

A.    Avrumi Lubin, that's A-v-r-u-m-i L-u-b-i-n.

Q.    Okay.  Have you ever used a different spelling for your legal first name?

A.    I don't believe so.  I think the Social Security office may have had the wrong name for some years, but no.

Q.    What would the Social Security -- what name would --

A.    I think it had Abraham.

Q.    Okay.  All right.  So, let's go over some of the rules for today.

because the court reporter can't take the notes if we're both talking over one another.  So I'll do my best to not talk over you, and if you could do your best to wait for me to finish my question.

A.    Okay.  I'll try my best.

Q.    Thank you.

Let's see, hold on one second.  You are here for the deposition of Spin Capital, is that correct?

A.    Yes.

Q.    And I'm just going to see if this works, and I can't tell what's on the screen.  All right.  Do you see your corporate records?

A.    Yes.  It looks -- I've probably seen this document once or twice.

Q.    Okay.  Is that -- is this a true and correct copy of, you know, the New York -- New Jersey Division of Revenue and Enterprise Services Certificate of Correction --

A.    I believe so.

Q.    -- okay, for New Jersey Domestic Limited Liability Company?

Okay.  You have no doubt that this is a true and correct copy?

MR. ARESTY:  Objection to form.

BY MR. CRANE:

Q.    Okay.  You can answer.

A.    I don't think it's fake.

Q.    Okay.  Is Spin Capital, LLC the correct name of the company?

A.    Yes.

Q.    Okay.  Is Spin Capital, LLC a New Jersey domestic limited liability company?

A.    Yes.

Q.    Okay, and the 1460 A-r-b-o-r-e-t-u-m, Parkway, Lakewood, New Jersey 08701, is that your address, or is that Spin's address, or both?

A.    It's my parents' address.  That's where I set up the corporation.

Q.    Okay.  Do you live there as well?

A.    Yes.

MR. CRANE:  Okay.  All right.  I'm going to mark this --

THE WITNESS:  It's not the address where Spin did business.

MR. CRANE:  Okay.  Hold on one second while I mark this as Exhibit 1, and then we'll go from there.

(Exhibit 1 was identified for the record.)

BY MR. CRANE:

Q.    Where does -- you started to say that's not where Spin did business?

Page 10

A.    Correct.

Q.    Okay.  Where did Spin do business?

A.    In Brooklyn, New York.

Do you want the exact address?

Q.    Yes, please.

A.    1276 50th Street, second floor.  I sublet an office over there.

Q.    Who else -- who do you sublet from, or who does Spin sublet from?

A.    From Josef Brezel.

Q.    Okay, and does Yosef Brezel -- can you spell his first and last name, please?

A.    Y-o-s-e-f, last name is, I think it's spelled B-r-e-z-e-l.

Q.    Okay, and is it his personal address or is it a corporate address?

A.    A corporate address.  I haven't done business with him in a few years, so I'm not completely sure.

Q.    Well, what's the last business that you knew that you were --

A.    Business for --

(Two people speaking.)

A.    I mean, I was more, I don't know, focused on me.

Page 11

Q.     Who is your landlord there?

A.     It's informal, there is no documentation.

Q.     Okay.  How much do you -- how much does Spin pay per month for the lease?

A.     I think $3,600 a month to charity, it's a charity of his choice.

Q.     Okay, and what charity, what charity of choice, if I was looking at your bank records, would I see the money being paid to?

A.     Numerous ones.  I mean, I think Bells USA or something like that.

Q.     What is it?

A.     I don't know, I don't remember the exact names.

Q.     Well, when is the last time that you made a rent payment?

A.     Probably a year.

Q.     Okay.  What is the address of -- the address of, let's see, the business that -- well, excuse me, let me strike that.

What is the address of Spin?

A.     The address I just gave you.

Q.     Okay.  In Brooklyn?

A.     Yeah.  I think on some of the court documents it says 49th Street.  Some of the lawyers made a

Page 12

mistake but, yeah, it's 50th and 51st, the entrance.

Q.   And is that the complete address that you gave me?

A.   Yeah, it's the second floor.  There is a few offices.  There's a small bank up there.  I don't know what the suite number is, to be honest.

Q.   Okay.  When is the last time that you went to that address?

A.   About a year ago.

Q.   Okay, and --

A.   Maybe more.

Q.   Okay.  What other businesses are operated out of the same location?

A.   I don't know.

Q.   Okay.

A.   Just one.

Q.   All right.  Where are you currently located while we're taking this deposition?

A.   I am in 605 West 42nd Street, in Manhattan.

Q.   Okay, and is that a residential address?

A.   Yeah, yeah, a friend of mine's apartment, I stay here sometimes.

Q.   Okay.  Do you see what I have on the screen, which is the re-notice of taking deposition pursuant to Bankruptcy Rule 7030(b)(6)?

Page 84

MR. CRANE:  All right.  We're done.

MR. ARESTY:  Have a good day, everybody.

THE WITNESS:  Everybody have a good day.
Bye-bye.

(Thereupon, the Deposition was adjourned and
the reading and signing of the deposition were not duly
waived.)

_____

Josh Lubin

Page 85

STATE OF FLORIDA   )

                   :   SS

COUNTY OF BROWARD  )


                    CERTIFICATE OF OATH


          I, Cheryl L. Jenkins, Registered Merit Reporter, in my capacity as a Notary Public of the State of Florida at large, I was authorized to administer oaths on February 18, 2025, and that Josh Lubin appeared before me via Zoom and took an oath or affirmation for the purpose of giving testimony in the matter described on Page 1.




                    _____

                    CHERYL L. JENKINS, RPR, RMR
                    Court Reporter and Notary Public
                 in and for the State of Florida at Large
                       Commission #HH 170910
                       December 27, 2025



Personally known  _____


Produced driver's license  XX

Page 86

CERTIFICATE

STATE OF FLORIDA          )

COUNTY OF BROWARD          )

I, Cheryl L. Jenkins, RPR, RMR, Notary Public for the State of Florida at Large, do hereby certify that I reported in shorthand the Deposition of Josh Lubin, the witness herein; that the said witness was first duly sworn by me; and that the foregoing pages, numbered from 1 to 88, inclusive, constitute a true record thereof.

I further certify that I am not of counsel, I am I not related to, nor employed by any attorney in this case.

DATED this 4th day of March, 2025.


My Commission Expires:   _____
Commission #HH 170910
 December 27, 2025          CHERYL L. JENKINS, RPR, RMR
                                Notary Public
                                State of Florida

Page 87

OUELLETTE & MAULDIN COURT REPORTERS
1550 Madruga Ave.
Suite 333 - Kendar Building
Coral Gables, Florida 33146
305-358-8875

March 4, 2025

TO:  Josh Lubin
     C/O Joel Aresty, Esquire
        309 1st Ave. S
        Tierra Verde, Florida 33715

IN RE:  Excell Auto
CASE NO.: 22-12790-EPK

Please take notice that on Tuesday, February 18, 2025, you gave your Deposition in the above-referred matter.  At that time, you did not waive signature.  It is now necessary that you sign your Deposition.

Please call our office at the below-listed number to schedule an appointment between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday.

Please read the following instructions:

At Page 88 of the transcript, you will find an errata sheet.  As you read your Deposition, any changes or corrections that you wish to make should be noted on the errata sheet, citing page and line number of said change.  DO NOT write on the transcript itself.  Once you have read the transcript and noted any changes, be sure to sign and date the errata sheet and return these pages. You need not return the entire transcript.

If you do not read and sign the Deposition within a reasonable time, the original, which has already been forwarded to the ordering attorney, may be filed with the Clerk of the Court.  If you wish to waive your signature, sign your name in the blank at the bottom of this letter and return it to us.

Very truly yours,

_____
Cheryl L. Jenkins, RPR

I do hereby waive my signature:

_____
        Josh Lubin