UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
FLORIDA WEST PALM BEACH
DIVISION

In re:

Case No.: 22-12790-EPK

EXCELL AUTO GROUP, INC.
Debtor.                                      Chapter 7

_____/

NICOLE TESTA
MEHDIPOUR,
Chapter 7 Trustee for
EXCELL

AUTO GROUP, INC.,                            Adv. Pro. No. 23-01132-EPK
Plaintiff,

v.

HI BAR CAPITAL, LLC, *et al.*,
Defendant(s).

_____/

Answer and Affirmative Defenses Count 29
Spin Capital, LLC  and Avrumi (Josh) Lubin

Defendants Spin Capital LLC, through undersigned counsel, and Avrumi (Josh)

Lubin, pro se, and through undersigned as co-counsel, answer count 29 of the Third

Amended Complaint [D.E.253], as to each numbered allegation, and raise affirmative

defenses, and respectfully represent the following to the Court:

Answer

Admit:

Deny: 530,531,533,534,535,536,537

No Knowledge: 528,529,532,

Affirmative Defenses

Plaintiff's claim seeks to characterize Spin and its principal, Mr. Lubin, as "loan

sharks," alleging the imposition of usurious interest rates and seeking to recover

payments received by or on behalf of Spin under Florida Statute § 687.071. This claim

fails both factually and legally.

1. The Transactions Were Not Loans

Defendants assert that the transactions in question were not loans but rather purchases of future receivables. Accordingly, Florida's criminal usury statute, § 687.071, is inapplicable. The statute governs only usurious loans, and therefore cannot apply to the receivables purchase agreements at issue.

2. Florida Law Is Inapplicable

This Court has already determined that New York law governs the question of whether the Merchant Cash Advance (MCA) agreements constitute loans or purchases of receivables. See Transcript of 3/13/24 Hearing (DE 67), at page 15, line 2, citing Haymount Urgent Care PC v. GoFund Advance, LLC, 690 F. Supp. 3d 167 (S.D.N.Y. 2023). Furthermore, in the 2/12/25 hearing, this Court confirmed:

> "This Court would look to Florida's criminal usury statute only if the Court first determines that Florida law applies, and it does not, at least with regard to Hi Bar and the two defendants named Herbst, consistent with the allegations in this particular complaint as it currently sits and as the plaintiff would seek to amend it."(Transcript, Doc. 257, p. 48)

The same reasoning applies equally to Defendants Spin and Mr. Lubin. Therefore, Florida usury law is inapplicable.

3. Criminal Usury Not Actionable Under New York Law

Even under New York law, criminal usury may only be raised as an affirmative defense—it does not support an independent cause of action. See ZG Funding, LLC v. United Senior Props. of Olathe, LLC, 181 A.D.3d 664, 667 (2d Dept. 2020) ("A party may assert criminal usury as an affirmative defense, but they may not assert criminal usury as the basis for a claim.") (internal citations omitted).

4. Usury Laws Do Not Apply to Transactions Over $2.5 Million

Moreover, New York's civil and criminal usury statutes do not apply to transactions involving an aggregate principal amount exceeding $2,500,000. Exhibit A to Count 29 demonstrates that the transaction at issue involved $2,564,437.50—an amount that exceeds the statutory threshold. See N.Y. General Obligations Law § 5-501(6)(b); see also 72nd Ninth LLC v. 753 Ninth Ave Realty LLC, 168 A.D.3d 597, 598 (1st Dept. 2019).

5.     No private right of action.

The debtor does not have standing to raise a criminal usury claim to the subject loans at issue. A usury defense can only be asserted to void a contract for a loan with criminal usury rates. First, the contracts at issues are not loans and therefore not subject to the usury rates. However, even if they were criminal loans, there is no affirmative claim for criminal usury to claw back payments pursuant to a contract.

6.      Valid release.

The alleged loans at issue have been resolved by subsequent settlement agreements. Defendants understand that the enforceability of these settlement agreements are at issue. But to the extent this Court agrees that they are enforceable settlement agreements, they are a complete bar to the causes of action founded on any of the Spin or Hi Bar contracts.

7.      Res Judicata and Collateral Estoppel.

The subject contracts at issue have already been determined by a New York court as not violating the New York criminal usury statute.

8.      Lack of privity.

Debtor was not a party to many of the contracts it seeks to invalidate and therefore cannot void it.

9.      Set-off.

Spin Capital and Lubin have a right to a setoff against any recovery obtained, through settlement or otherwise, from any other source by the Debtor.

10.     Choice-of-law.


All of the Spin contracts at issue contain New York choice of law clauses. None of the contracts at issue are usurious under New York law because they are not loans. However, even if the contracts at issue were loans under New York law and criminally usurious, the New York choice-of-law provision would be void and New Jersey law would apply because Spin is New Jersey company with its principal place of business in New Jersey. New Jersey usury law does not apply to loans of more than $50,000 if they are not insured by a claim on residential property.


Defendants do not consent to entry of final orders or judgment by the bankruptcy court.

Defendants demand a jury trial.


Respectfully submitted, 5/8/25

s/s: Avrumi (Josh) Lubin, pro se

Joel M. Aresty, Esq.
Joel M. Aresty P.A.
Board Certified Business
Bankruptcy Law
Lawyer for Spin
and co-counsel for pro se
Avrumi (Josh) Lubin
309 1st Ave S
Tierra Verde FL 33715
Phone: 305-904-1903
Fax: 1-800-559-1870
E-mail: Aresty@Mac.com
By: /s/: Joel M. Aresty
Fla. Bar No. 197483