**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

EXCELL AUTO GROUP, INC.,                          Case No. 22-12790-EPK
                                                   Chapter 7
      Debtor.
_____/

NICOLE TESTA MEHDIPOUR, as Chapter 7
Trustee for the Estate of Excell Auto Group, Inc.,

      Plaintiff,                                Adv. Pro. No. 23-01132-EPK

v.

HI BAR CAPITAL, LLC, et al.,

      Defendants.
_____/

**MOTION FOR REASONABLE ACCOMMODATION**
**UNDER THE AMERICANS WITH DISABILITIES ACT**

Defendant Josh (Avrumi) Lubin, appearing pro se in his individual capacity only and as an interested party, respectfully moves this Court for reasonable accommodations under the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and 28 C.F.R. Part 35, and in support states as follows:

**I. INTRODUCTION**

1. Trial in this adversary proceeding is scheduled to commence on January 29, 2026. Mr. Lubin's counsel has filed an Emergency Motion to Withdraw (Doc. 343). In the event the Court permits withdrawal, or during any interim period in which representation is uncertain, Mr. Lubin seeks reasonable accommodations to ensure meaningful access to the Court.

2. Mr. Lubin has dyslexia, a documented learning disability that substantially limits his ability to read, write, and process written information in real time. Without reasonable

1

accommodations, Mr. Lubin would face substantial difficulty meaningfully participating in court proceedings on an equal basis with other litigants.

3. This Motion is submitted solely to ensure equal access to court proceedings and is not intended to address or affect the Court's determination regarding representation or withdrawal, nor to purport representation of any entity.

## II. LEGAL STANDARD

4. Title II of the Americans with Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

5. Courts are subject to Title II obligations regarding access to judicial services. *See Tennessee v. Lane,* 541 U.S. 509, 527 (2004) (holding that Title II validly abrogates state sovereign immunity "as it applies to the class of cases implicating the fundamental right of access to the courts").

6. A "qualified individual with a disability" includes a person with "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Reading, writing, and learning are expressly included as major life activities. 42 U.S.C. § 12102(2)(A).

7. Courts must provide "reasonable modifications" to policies, practices, or procedures to avoid discrimination against individuals with disabilities, unless the modification would "fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

8. Courts routinely grant accommodations to pro se litigants with dyslexia and other learning disabilities, including permission to use electronic devices and courtroom assistants. *See Shotz v. Cates,* 256 F.3d 1077, 1080 (11th Cir. 2001) (holding that a trial is a "service,

program, or activity" under Title II and must be "readily accessible" to individuals with disabilities).

## III. MR. LUBIN'S DISABILITY

9. Mr. Lubin has dyslexia, which substantially limits his ability to read written text quickly and accurately, to write clearly under time pressure, and to process complex written information in real time.

10. As a result of his dyslexia, Mr. Lubin experiences significant difficulty reading court documents, orders, and exhibits without assistive technology. He also has difficulty taking contemporaneous notes during hearings and organizing written materials under time constraints.

11. Mr. Lubin is prepared to provide documentation of his disability to the Court upon request, including any diagnostic records or professional evaluations the Court deems necessary.

## IV. REQUESTED ACCOMMODATIONS

12. Mr. Lubin respectfully requests the following reasonable accommodations:

**a. Permission to Use Electronic Devices.** Mr. Lubin requests permission to bring and use a laptop computer and/or tablet during all hearings and trial proceedings. These devices enable Mr. Lubin to access documents electronically, use text-to-speech software, enlarge text, search documents quickly, and take notes in a format he can read and organize. Without these devices, Mr. Lubin cannot meaningfully access the written record or participate effectively in proceedings.

**b. Permission to Have a Courtroom Assistant.** Mr. Lubin requests permission to have a non-attorney assistant present at counsel table during hearings and trial to assist him with locating documents, reading exhibits, organizing materials, and taking notes. This assistant would not provide legal advice or speak on the record but would provide practical support that Mr. Lubin's disability prevents him from providing for himself. The assistant would act solely at Mr. Lubin's direction and would not communicate with the Court or opposing counsel.

**c. Permission to Use a Smartphone.** In the alternative or in addition, Mr. Lubin requests permission to retain his smartphone during court proceedings for use as an assistive device, including for text-to-speech functions, calendar

management, and communication with any assistant positioned outside the courtroom if needed.

**d. Reasonable Breaks.** Mr. Lubin requests that the Court permit reasonable breaks during extended hearings or trial sessions to allow him to review materials, confer with any assistant, and manage the additional cognitive demands his disability places on courtroom participation.

## V. THE REQUESTED ACCOMMODATIONS ARE REASONABLE

13. The accommodations requested herein do not fundamentally alter the nature of court proceedings. They simply provide Mr. Lubin with tools that enable him to access written information and participate effectively, functions that non-disabled litigants and represented parties perform without assistance.

14. Courts routinely permit attorneys to use laptops and electronic devices. Extending this same accommodation to a pro se litigant with a documented disability that affects reading and writing is a reasonable modification.

15. Permitting a non-attorney assistant to sit at counsel table and provide organizational support is analogous to permitting a paralegal or legal assistant to assist an attorney, a practice that is standard in complex litigation.

16. Mr. Lubin agrees to comply with any conditions the Court deems appropriate, including silencing devices, limiting internet access during proceedings, or any other reasonable restrictions.

## VI. CONCLUSION

WHEREFORE, Defendant Josh (Avrumi) Lubin, appearing pro se in his individual capacity only and as an interested party, respectfully requests that the Court enter an Order:

1. Granting Mr. Lubin permission to use a laptop computer and/or tablet during all hearings and trial proceedings in this matter;

2. Granting Mr. Lubin permission to have a non-attorney courtroom assistant present at counsel table to assist with document management and organizational tasks;

4

3. Granting Mr. Lubin permission to retain his smartphone during proceedings for use as an assistive device;

4. Permitting reasonable breaks during extended proceedings; and

5. Granting such other and further relief as the Court deems just and proper.

Dated: December 24, 2025

Respectfully submitted,

Josh (Avrumi) Lubin, Defendant, Pro Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 24, 2025, I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system upon all counsel of record.

Josh (Avrumi) Lubin, Defendant, Pro Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905