UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

EXCELL AUTO GROUP, INC.,                           Case No. 22-12790-EPK

Debtor.                                 Chapter 7

_____/

NICOLE TESTA MEHDIPOUR, as Chapter 7

Trustee for the Estate of Excell Auto Group, Inc.,

Plaintiff,                            Adv. Pro. No. 23-

01132-EPK

v.

HI BAR CAPITAL, LLC, et al.,

Defendants.

_____/

### MOTION FOR ORDER TO SHOW CAUSE
### REGARDING COUNSEL'S EMERGENCY MOTION TO WITHDRAW

Defendant Josh (Avrumi) Lubin, appearing pro se in his individual capacity and as an

interested party, respectfully moves this Court for entry of an Order to Show Cause requiring

Joel M. Aresty, Esq., and Stanley Q. Casey, Esq., to appear and demonstrate why Mr. Aresty's

Emergency Motion to Withdraw as Counsel (Doc. 343) should be granted and to clarify the

status of Defendant's representation, and states as follows:

This Order to Show Cause is necessary because the withdrawal of counsel under the

present circumstances would leave a business entity unable to participate in active proceedings,

create immediate prejudice that cannot be cured by substitution of counsel, and undermine the

orderly administration of justice. Court supervision is required to stabilize representation and

prevent irreparable harm.

## I. BASIS FOR ORDER TO SHOW CAUSE

1

1.      On December 19, 2025, Mr. Aresty filed an Emergency Motion to Withdraw (Doc. 343), claiming "irreconcilable differences" with his clients. Trial is scheduled to commence January 29, 2026, just five weeks away.

2.      Within minutes of filing his Motion, Mr. Aresty sent Movant an email stating: "If you retain Casey and pay him for trial, I could withdraw the motion to withdraw and remain to help." A true and correct copy of this email is attached hereto as **Exhibit A**. This email suggests that: (a) the claimed "irreconcilable differences" may be related to a fee dispute; (b) counsel's willingness to continue representation appears contingent on payment; and (c) clarification is needed regarding whether a genuine ethical impediment to continued representation exists. This email was sent the same day the Motion was filed.

3. Mr. Aresty admits in his Motion that he "has given his clients written notice of this intention to withdraw for several months." A true and correct copy of the Emergency Motion to Withdraw is attached hereto as **Exhibit B**. Despite this, counsel waited until five weeks before trial to file, creating the very emergency he now invokes.

4.      Spin Capital LLC is a limited liability company and co-defendant that cannot proceed pro se. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201–02 (1993). If counsel withdraws without substitute counsel in place, Spin faces the risk of severe procedural prejudice, including inability to participate meaningfully in trial.

5. Compounding this prejudice, the active and unresolved disputes over the ownership and control of Spin Capital LLC's litigation rights materially impair Spin Capital LLC's ability to promptly retain substitute counsel on an emergency basis, because prospective counsel cannot reasonably assess authority, standing, or scope of representation while those issues remain unresolved.

## II. MR. CASEY'S FAILURE TO APPEAR DESPITE MONTHS OF ASSURANCES

2

6. Mr. Aresty's Motion and email both reference Stanley Q. Casey, Esq., as the attorney who should handle trial. Mr. Casey has represented to Mr. Lubin for months that he would represent Mr. Lubin in this matter.

7. Despite these months of assurances, Mr. Casey has never filed a Notice of Appearance in this adversary proceeding.

8. Movant understands that counsel's decision to file the Emergency Motion to Withdraw was based, in substantial part, on the expectation that Mr. Casey would notice into this case and handle trial coverage. The failure of that expectation underscores why withdrawal cannot be evaluated in isolation and requires court supervision.

9. On December 19, 2025, the same day Mr. Aresty filed his Motion, Mr. Lubin sent Mr. Casey an email expressly asking him to "confirm today whether you will file a Notice of Appearance in the Excell Auto bankruptcy case and any related adversary proceeding(s) where you intend to appear, so representation status is clear." A true and correct copy of this email is attached hereto as **Exhibit C**.

10. Mr. Casey did not answer this question. Instead, Mr. Casey sent Mr. Lubin a $50,300 invoice and stated: "If you cannot make a payment, I may have to withdraw from all cases." A true and correct copy of the invoice and accompanying email is attached hereto as **Exhibit D**.

11. Later that day, Mr. Aresty wrote to Mr. Lubin: "I spoke with Stanley, and you have done what was needed to be done or what you promised you would do so I am not waiting any more." A true and correct copy of this communication is attached hereto as **Exhibit E**. This confirms that Mr. Aresty and Mr. Casey have discussed representation and trial coverage issues and that Mr. Aresty's position is informed by Mr. Casey's stated intentions.

12. Mr. Lubin is thus facing the prospect of being without counsel five weeks before trial. Mr. Aresty points to Mr. Casey as substitute counsel, but Mr. Casey refuses to confirm his appearance and is himself threatening withdrawal.

13. Mr. Aresty has cited Mr. Casey's failure to notice into the Excell Auto bankruptcy case as a basis for his withdrawal motion. Mr. Casey represented to Mr. Aresty that he would file a Notice of Appearance, creating reliance and expectations regarding trial coverage and continuity of representation. This unresolved status is not attributable to Mr. Lubin, but rather to inter-counsel representations and coordination failures.

14. Because this issue is being used as justification for withdrawal, Mr. Casey should be required to appear in person with Mr. Aresty to explain: (a) whether he agreed to notice in; (b) why he has not done so; and (c) whether he intends to appear at all.

15. The uncertainty regarding representation status and trial coverage necessitates court supervision to prevent prejudice to all parties and to ensure the orderly administration of this proceeding.

## III. FACTUAL ISSUES REQUIRING CLARIFICATION

16. Given the foregoing, Movant respectfully requests that the Court require Mr. Aresty to appear and explain:

a. The specific factual basis for characterizing the Motion as an "emergency" when counsel admits knowing of the issue for "several months";

b. The relationship, if any, between the fee dispute referenced in counsel's email and the claimed "irreconcilable differences";

c. What specific conduct by Movant, if any, counsel contends makes continued representation impossible.

d. Why withdrawal should be permitted without conditions to protect Spin Capital LLC from default; and

4

e. Whether counsel has provided a sufficient accounting to allow the Court to assess whether the withdrawal is fee-driven.

17. Movant further requests that the Court require Mr. Casey to appear and explain:

a. Whether Mr. Casey is representing or will represent Defendants in this adversary proceeding.

b. Why Mr. Casey has not filed a Notice of Appearance despite months of confirming to Mr. Lubin that he would represent him.

c. The basis for Mr. Casey's $50,300 invoice and whether he has provided Mr. Lubin with an itemized accounting as requested; and

d. Whether Mr. Casey intends to withdraw from representation, and if so, the basis for such withdrawal.

**IV. PROPOSED ORDER**

18. Movant respectfully requests that the Court enter an Order requiring Mr. Aresty and Mr. Casey to show cause, at the December 30, 2025, hearing or such other time as the Court directs, why:

a. The Motion to Withdraw should not be denied in light of the record evidence and the timing of the withdrawal request.

b. Any withdrawal should not be conditioned on a 90-day continuance of trial.

c. Counsel should not be required to remain available for transition assistance.

d. Counsel should not be required to produce the complete client file regardless of any fee dispute.

e. Mr. Casey should not be required to file a Notice of Appearance or state definitively that he is not representing Defendants; and

5

prior correspondence with Mr. Aresty, and that such service be deemed sufficient for purposes of notice.

### Reservation of Rights

This filing is limited to the issues raised by the withdrawal motion and is not intended to address other matters that may warrant court consideration. Movant expressly reserves all rights to seek further relief in appropriate subsequent proceedings.

## V. REQUEST FOR RELIEF

WHEREFORE, Defendant Josh (Avrumi) Lubin, appearing pro se in his individual capacity and as an interested party, respectfully requests that the Court enter an Order to Show Cause as set forth above, and grant such other and further relief as the Court deems just and proper. Movant further respectfully requests that the Court conduct the December 30, 2025 hearing in person and require in-person appearances by Joel M. Aresty, Esq. and Stanley Q. Casey, Esq., and permit Defendant to appear in person, given the factual disputes, representations to the Court, and the risk of prejudice from unresolved representation issues.

Dated: December 23, 2025

Respectfully submitted,

Josh (Avrumi) Lubin, Defendant, Pro Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 24, 2025, I caused a true and correct copy of

the foregoing to be served via the Court's CM/ECF system upon all counsel of record, via

email upon Joel M. Aresty, Esq., at Aresty@Mac.com; and via email upon Stanley Q. Casey,

Esq., at scasey@sqcaseylaw.com.

Josh (Avrumi) Lubin, Defendant, Pro-Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905

# EXHIBIT A

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 9:35 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Invoice / Payment Reconciliation

Hi Josh,

Here is the requested reconciliation. I think you'll find that everything is accurate. Also attached is my timesheet before we reached a flat fee arrangement for work. You actually have a balance on the hourly work in the Broward case until you retained me for trial under a flat fee arrangement which is unpaid and I have not billed you for that interim time period after 9/10/25 until the trial engagement, but I am not seeking that at this time. Please let me know if you are making a payment today on the invoice, thank you.

Best,

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave, Suite 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 9:18 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Invoice / Payment Reconciliation

Stanley —

The issue is not whether the invoice lists amounts charged. The issue is that it does not clearly reconcile payments already made across the different engagement letters.

To be clear, I have made substantial payments to you to date across these matters. Before I can responsibly address any additional payment, I need a complete reconciliation, specifically:

- a list of all payments received from me (date and amount);
- identification of which engagement letter and matter each payment was applied to; and
- confirmation of any remaining balance per engagement, if any.

That information is standard, especially where there are multiple engagements with different fee structures. I am not refusing to pay — I am requesting the basic accounting necessary to determine what is actually outstanding.

Once that reconciliation is provided, I will review it promptly and respond.

Josh

communicating in my personal capacity only

Get Outlook for iOS

---

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 7:11 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Invoice / Representation Status

The invoice lists the amounts charged for each case and the two payments made towards the first appeal payment. What else is there to show?

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave # 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 9:08:57 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Invoice / Representation Status

Stanley —

I am not refusing to pay. I am requesting the information necessary to responsibly address payment given the multiple engagement letters and differing fee structures involved.

As I've stated, before I can address any additional payment, I need a clear allocation of the invoice by engagement and a reconciliation showing how prior payments have been applied. That is a reasonable request under the circumstances.

Separately, I do not agree that withdrawal at this time would be appropriate. Any attempt to withdraw now would be materially prejudicial to me and to the entities involved, which cannot proceed pro se, given the active matters and unresolved issues pending.

If you intend to seek withdrawal, please do so by motion so the Court can address representation status, prejudice, and any necessary protections. Otherwise, I remain prepared to address payment promptly once the requested clarification is provided.

Josh

communicating in my personal capacity only

Get Outlook for iOS

---

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 7:04 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Invoice / Representation Status

Each engagement has a flat and non-refundable fee arrangement. There is nothing to allocate for additional work. I fear that we are approaching irreconcilable differences if we cannot agree on this simple issue. If you cannot make a payment, I may have to withdraw from all cases. Please let me know.

Best,

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave, Suite 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 8:59 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Invoice / Representation Status

Stanley —

I do not agree that the invoice reflects a single flat-fee, non-refundable arrangement across all matters. As set forth in my prior email, the engagement letters reflect different scopes and fee structures, and I have requested that you allocate the charges by engagement and provide a payment reconciliation before I can address any additional payment.

Separately, please confirm today whether you will file a Notice of Appearance in the Excell Auto bankruptcy case and any related adversary proceeding(s) where you intend to appear, so representation status is clear.

Josh

Get Outlook for iOS

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 6:46:53 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Request for Itemized Billing Statement

These matters are handled on a flat fee non-refundable basis as agreed, there is no hourly billing. Please let me know what amount you can pay today, thank you.

Best,

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave, Suite 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 8:45 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Request for Itemized Billing Statement

Stanley —

I reviewed the invoice. Before I can address payment, I need a complete itemized billing statement.

Please provide time entries showing the date, description of work performed, time billed, hourly rate, and the person performing the work, with entries allocated by matter (including FVP v. Lubin, Langley v. Lubin, and any bankruptcy-related work).

Once I receive a detailed accounting, I will review it promptly and respond regarding payment.

Josh

Get Outlook for iOS

---

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 6:40:06 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Invoice

Hi Josh,

Here is the requested invoice. Current amount due is $50,300.

Please let me know what you are able to pay today, thank you.

Best,

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave, Suite 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

**3 attachments**

 **SQC timesheet 8-28 to 9-10.pdf**
81K

 **Lubin Payment Reconciliation.pdf**
168K

 **Lubin Invoice 12.19.25.pdf**
162K

# LAW OFFICES OF STANLEY Q. CASEY PLLC
1300 West Ave, Suite 618
Miami, FL 33139
scasey@sqcaseylaw.com

Invoice submitted to:

**Josh Lubin**
josh@spincapital.com

PAYMENT RECONCILIATION

| Date | Payment Applied to Service Summary | Amount Paid |
|------|-----------------------------------|-------------|
| Aug 29th | *FVP v. Lubin, et al.*<br>Initial payment, billed hourly under first engagement executed 8/28/25 at hourly rate of $550/hour | $10,000 |
| Sept 4th | *FVP v. Lubin, et al.*<br>Second Payment, billed hourly under first engagement executed 8/28/25 at hourly rate of $550/hour (Total hourly Fees incurred = $23,655.50) | $10,000 |
| Sept 11th | *FVP v. Lubin, et al.*<br>First Payment for Appeal of Non-Final Order under Flat Fee Engagement (Total Fee $25,000, **Appeal balance of $15,000 remaining**) | $10,000 |
| Sept 15th | *FVP v. Lubin, et al.*<br>Second Payment for Appeal of Non-Final Order under Flat Fee Engagement (Total Fee $25,000, **Appeal balance of $10,000 remaining**) | $5,000 |
| Sept 19th | *FVP v. Lubin, et al.*<br>Third Payment for Appeal of Non-Final Order under Flat Fee Engagement with filing fee (Total Fee $25,000, **Appeal balance of $9,000 remaining**) | $1,300 |
| Sept 21st | *FVP v. Lubin, et al.*<br>Fourth Payment for Appeal of Non-Final Order under Flat Fee Engagement (Total Fee $25,000, **Appeal balance of $6,500 remaining**) | $2,500 |
| Sept 26th | *FVP v. Lubin, et al.*<br>First Payment for Trial under Flat Fee Engagement (Total Fee $25,000, **Trial balance of $15,000 remaining**) | $10,000 |
| Sept 26th | *FVP v. Lubin, et al.*<br>Fifth Payment for Appeal of Non-Final Order under Flat Fee Engagement (Total Fee $25,000, **Appeal balance of $5,000 remaining**) | $1,500 |

# LAW OFFICES OF STANLEY Q. CASEY PLLC
1300 West Ave, Suite 618
Miami, FL 33139
scasey@sqcaseylaw.com

| | | |
|---|---|---|
| Sept 29th | *FVP v. Lubin, et al.*<br>Second Payment for Trial under Flat Fee Engagement<br>(Total Fee $25,000, **Trial balance of $5,000 remaining**) | $10,000 |
| Oct 15th | *FVP v. Lubin, et al.*<br>Final Payment for Appeal and Trial balance<br>under Flat Fee Engagement | $10,000 |
| Nov 3rd | *FVP v. Lubin, et al.*<br>First Payment for Post-Judgment Motion for New Trial<br>under Flat Fee Agreement (Total Fee $2,500, **Motion<br>balance $1,500**) | $1,000 |
| Nov 4th | *FVP v. Lubin, et al.*<br>Second Payment for Post-Judgment Motion for New Trial<br>under Flat Fee Agreement (Total Fee $2,500, **Motion<br>balance $500**) | $1,000 |
| Nov 5th | Final Payment for Post-Judgment Motion for New Trial<br>and Payment for Motion for Setoff of collateral recoveries<br>under Flat Fee Agreement (Total Fee $2,500 per motion) | $3,000 |
| Nov 6th | *FVP v. Lubin, et al.*<br>Payment for Post-Judgment Motion for Stay of Discovery<br>in aid of execution under Flat Fee Engagement (Total Fee<br>$2,500 per motion) | $2,500 |
| Nov 21st | *FVP v. Lubin, et al.*<br>First Payment for Appeal of Final Judgment under Flat<br>Fee Engagement (Total Fee $30,000, **balance of $25,000<br>remaining**) | $5,000 |
| Dec 9th | *FVP v. Lubin, et al.*<br>Second Payment for Appeal of Final Judgment under Flat<br>Fee Engagement (Total Fee $30,000, **balance of $20,000<br>remaining**) | $5,000 |

*Total payments for professional services*    $87,800

# EXHIBIT B

**Sent:** Friday, December 19, 2025 at 6:23 PM
**To:** JOEL ARESTY <aresty@mac.com>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>; Jeffrey Chubak <jchubak@aminillc.com>; Avery Samet <asamet@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Heidi.A.Feinman@usdoj.gov <Heidi.A.Feinman@usdoj.gov>
**Subject:** Re: 23-01132-EPK Motion to Withdraw as Attorney Mehdipour

Joel —

I do not consent to withdrawal.

Your email confirms that the pending motion is not based on an emergency or ethical necessity, but on disputed fee and trial-staffing issues. As you note, there is no imminent hearing.

I am addressing the fee issues with Mr. Casey separately and in good faith. That does not justify emergency withdrawal, nor does it resolve the material prejudice that withdrawal would cause to me and to Spin Capital LLC, which cannot proceed pro se.

I will address the motion through the Court.

Josh
communicating in my personal capacity only

Get Outlook for iOS
---
**From:** JOEL ARESTY <aresty@mac.com>
**Sent:** Friday, December 19, 2025 12:56 PM
**To:** Josh Lubin <josh@spincapital.com>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: 23-01132-EPK Motion to Withdraw as Attorney Mehdipour

If you retain Casey and pay him for trial
i could withdraw the motion to withdraw
and remain to help

i do not believe it will be heard until 12/30


Thanks
sincerely

JOEL ARESTY, Esq.
Board Certified Business Bankruptcy Law
309 1st Ave S
Tierra Verde, FL 33715
cell and WhatsApp
(305) 904-1903
Aresty@me.com

On Dec 19, 2025, at 2:19 PM, JOEL ARESTY <aresty@mac.com> wrote:

Josh

see attached emergency motion to withdraw
<filed emerg mtn withdraw.pdf>

Thanks
sincerely

JOEL ARESTY, Esq.
Board Certified Business Bankruptcy Law
309 1st Ave S
Tierra Verde, FL 33715
cell and WhatsApp
(305) 904-1903
Aresty@me.com

Begin forwarded message:

**From:** FLSB_ECF_Notification@flsb.uscourts.gov
**Subject: 23-01132-EPK Motion to Withdraw as Attorney Mehdipour**
**Date:** December 19, 2025 at 2:15:21 PM EST
**To:** Courtmail@flsb.uscourts.gov

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* **Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**Southern District of Florida**

Notice of Electronic Filing

The following transaction was received from Joel M. Aresty entered on 12/19/2025 at 2:15 PM EST and filed on 12/19/2025
**Case Name:**      Mehdipour v. Hi Bar Capital, LLC et al
**Case Number:**      23-01132-EPK
**Document Number:** 343

**Docket Text:**
Emergency Motion to Withdraw as Attorney of Record Filed by Defendants Avrumi Lubin a/k/a Josh Lubin, Spin Capital LLC a/k/a Spin Capital (Aresty, Joel)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**joel lubin MOTION TO WITHDRAW AS COUNSEL.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=12/19/2025] [FileNumber=61651501
-0] [b2d3edc3223feebf6e450be1d1c3cdedb1045655c28bc3359ddc564c7ea6f8c42
76c11462397d617ac55b93f73aa6566dc5c3aa8137a859fa6361e418a8cf119]]

**23-01132-EPK Notice will be electronically mailed to:**

Joel M. Aresty, Esq. on behalf of Defendant Avrumi Lubin a/k/a Josh Lubin
aresty@mac.com

Joel M. Aresty, Esq. on behalf of Defendant Spin Capital LLC a/k/a Spin Capital
aresty@mac.com

Alan R Crane on behalf of Plaintiff Nicole Mehdipour
acrane@furrcohen.com,
yfernandez@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com;cranear84158@notify.bestcase.com

Patrick R Dorsey on behalf of Defendant Franklin Capital Funding, LLC
pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com;mortman@slp.law

Patrick R Dorsey on behalf of Defendant Franklin Capital Group, LLC, dba Wing Lake Capital
pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com;mortman@slp.law

Matthew P. Leto on behalf of Defendant Hi Bar Capital, LLC
mleto@letolawfirm.com, kzelaya@letolawfirm.com,1820123420@filings.docketbird.com

Matthew P. Leto on behalf of Defendant Mordechai Dov Ber Herbst aka Mordi Herbst
mleto@letolawfirm.com, kzelaya@letolawfirm.com,1820123420@filings.docketbird.com

Matthew P. Leto on behalf of Defendant Yisroel Herbst
mleto@letolawfirm.com, kzelaya@letolawfirm.com,1820123420@filings.docketbird.com

Nicole Testa Mehdipour on behalf of Plaintiff Nicole Mehdipour
nicolem@ntmlawfirm.com,
cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com

Lance Bergmann Melamud on behalf of Interested Party TD Bank, N.A.
LMelamud@grsm.com, aruff@grsm.com

Patricia A Redmond on behalf of Mediator Patricia Redmond
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;mfernandez@stearnsweaver.com

Jason S Rigoli, Esq. on behalf of Plaintiff Nicole Mehdipour
jrigoli@furrcohen.com, yfernandez@furrcohen.com;staff1@furrcohen.com;ltitus@furrcohen.com;shurayt@furrcohen.com

**23-01132-EPK Notice will not be electronically mailed to:**

Shanna M. Kaminski
Kaminski Law PLLC
P.O. Box 247
Grass Lake, MI 49240

Candice L. Kline
161 North Clark Street, Suite 4200
Chicago, IL 60601

Joshua Lubin
1460 Arboretum Parkway
Lakewood, NJ 08701

Jacob H. Nemon
28 Liberty Street, 41st Floor
New York, NY 10005

# EXHIBIT C

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 8:59 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Invoice / Representation Status

Stanley —

I do not agree that the invoice reflects a single flat-fee, non-refundable arrangement across all matters. As set forth in my prior email, the engagement letters reflect different scopes and fee structures, and I have requested that you allocate the charges by engagement and provide a payment reconciliation before I can address any additional payment.

Separately, please confirm today whether you will file a Notice of Appearance in the Excell Auto bankruptcy case and any related adversary proceeding(s) where you intend to appear, so representation status is clear.

Josh

Get Outlook for iOS

---

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 6:46:53 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Request for Itemized Billing Statement

These matters are handled on a flat fee non-refundable basis as agreed, there is no hourly billing. Please let me know what amount you can pay today, thank you.

Best,

Stanley Q. Casey, Esq.
LAW OFFICES OF STANLEY Q. CASEY PLLC
300 Washington Ave, Suite 618
Miami Beach, FL 33139
Telephone: (305) 946-1510
Fax: (305) 939-5829
Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you

# EXHIBIT D

et Outlook for iOS

---

**rom:** Stanley Casey <scasey@sqcaseylaw.com>
**ent:** Friday, December 19, 2025 7:04 AM
**o:** Josh Lubin <josh@spincapital.com>
**ubject:** Re: Invoice / Representation Status

ich engagement has a flat and non-refundable fee arrangement. There is nothing to allocate for additional work. I fear that we are approaching irreconcilable differences if we nnot agree on this simple issue. If you cannot make a payment, I may have to withdraw from all cases. Please let me know.

est,

anley Q. Casey, Esq.
AW OFFICES OF STANLEY Q. CASEY PLLC
300 Washington Ave, Suite 618
iami Beach, FL 33139
elephone: (305) 946-1510
ax: (305) 939-5829
mail: scasey@sqcaseylaw.com

is e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If yo
not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail ictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

---

**rom:** Josh Lubin <josh@spincapital.com>
**ent:** Friday, December 19, 2025 8:59 AM
**o:** Stanley Casey <scasey@sqcaseylaw.com>
**ubject:** Re: Invoice / Representation Status

tanley —

Jo not agree that the invoice reflects a single flat-fee, non-refundable arrangement across all matters. As set forth in my prior email, the ngagement letters reflect different scopes and fee structures, and I have requested that you allocate the charges by engagement and provide a ayment reconciliation before I can address any additional payment.

eparately, please confirm today whether you will file a Notice of Appearance in the Excell Auto bankruptcy case and any related adversary

# EXHIBIT E

**From:** JOEL ARESTY <aresty@mac.com>
**Sent on:** Friday, December 19, 2025 6:57:16 PM
**To:** Josh Lubin <josh@spincapital.com>
**CC:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Objection to Proposed Emergency Motion to Withdraw

spoke with Stanley
and you have done done what was needed to be done

what you promised you would do

so I am not waiting any more

thanks
sincerely

JOEL ARESTY, Esq.
Board Certified Business Bankruptcy Law
109 1st Ave S
Tierra Verde, FL 33715
Cell and WhatsApp
(305) 904-1903
aresty@me.com

On Dec 19, 2025, at 1:49 PM, JOEL ARESTY <aresty@mac.com> wrote:

ok Josh
for the umpteenth time

if you do not retain Casey for the trial