**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

EXCELL AUTO GROUP, INC.

Case No. 22-12790-EPK
Chapter 7

Debtor.

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for
Excell Auto Group, Inc.,

Plaintiff,

v.                                                                          Adv. Pro.
No. 23-01132-EPK

HI BAR CAPITAL, LLC, et al.,

Defendants.

_____/

### NOTICE OF NON-CONSENT TO WITHDRAWAL OF COUNSEL AND STATEMENT OF PREJUDICE

Defendant Josh (Avrumi) Lubin, appearing pro se in his individual capacity only and as an interested party, hereby provides formal notice of the following:

1.      **Non-Consent.** Defendant does not consent to the withdrawal of Joel M. Aresty, Esq., as counsel of record in this adversary proceeding. This non-consent was communicated in writing to Mr. Aresty on December 19, 2025, immediately upon learning of his intention to file the pending Motion to Withdraw.

2.      **Trial Imminence.** Trial is scheduled to commence on January 29, 2026, approximately five weeks from the date of the Motion. Counsel has represented Mr. Lubin in his individual capacity and has also served as counsel of record for Spin Capital LLC throughout this adversary proceeding, which has been pending since 2023. Withdrawal at this critical juncture would cause material and irreparable prejudice.

1

3.      **Corporate Defendant Cannot Proceed Pro Se.** Spin Capital LLC is a limited liability company and cannot appear pro se in federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201–02 (1993). If Mr. Aresty is permitted to withdraw without substitute counsel in place, Spin Capital LLC will be unable to participate meaningfully in trial or comply with court obligations and will face severe and irreparable prejudice.

Compounding this prejudice, the active and unresolved disputes over the ownership and control of Spin Capital LLC's litigation rights materially impair Spin Capital LLC's ability to promptly retain substitute counsel on an emergency basis. Prospective counsel cannot reasonably assess authority, standing, or scope of representation while these issues remain unresolved.

**4. Substantial Interests at Stake.** Substantial property interests are at stake for Mr. Lubin, the resolution of which will be determined at trial. These are not circumstances where withdrawal should be permitted without safeguards.

5.      No Adequate Time to Retain Substitute Counsel. Given the complexity of this matter, the volume of discovery and filings, and the imminent trial date, Mr. Lubin lacks adequate time to retain counsel for himself, and Spin Capital LLC faces additional barriers due to its inability to proceed pro se.

6.      **Request for Protection.** Mr. Lubin respectfully requests that if the Court permits withdrawal, it condition any such order on: (a) a continuance of trial for at least 90 days; (b) a requirement that Mr. Aresty remain available for transition assistance; and (c) an order permitting Mr. Lubin to proceed pro se individually pending retention of substitute counsel for Spin Capital LLC.

This Notice is filed to ensure the Court has a complete record of Mr. Lubin's non-consent and the material prejudice that would result from withdrawal.

2

Josh (Avrumi) Lubin, Defendant Pro Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 24, 2025, I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system upon all counsel of record and via email upon Joel M. Aresty, Esq., at Aresty@Mac.com.

Josh (Avrumi) Lubin, Defendant, Pro Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905