FILED-USBC, FLS-FTL
'25 DEC 29 PM2:27
MW

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

EXCELL AUTO GROUP, INC.                     Case No. 22-12790-EPK
                                Chapter 7
        Debtor.
_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for
Excell Auto Group, Inc.,

        Plaintiff,

v.                                Adv. Pro. No. 23-01132-EPK

HI BAR CAPITAL, LLC, et al.,

        Defendants.
_____/

**DEFENDANT AVRUMI LUBIN'S**
**OPPOSITION TO EMERGENCY MOTION TO WITHDRAW AS COUNSEL**

This Motion should be denied because (1) the record indicates it is motivated by a fee

dispute rather than any genuine breakdown in the attorney-client relationship; (2) withdrawal

five weeks before trial would cause substantial prejudice to Mr. Lubin given the complexity

of this multi-forum litigation; and (3) the Court has discretion to deny withdrawal to protect

the orderly administration of its proceedings.


**PRELIMINARY STATEMENT**

Forty-one minutes after filing his Motion to Withdraw, Mr. Aresty sent Mr. Lubin an

email stating: "If you retain Casey and pay him for trial I could withdraw the motion to

withdraw and remain to help." A true and correct copy of this email is attached as **Exhibit B**

to the Declaration of Josh (Avrumi) Lubin filed concurrently herewith. A true and correct

copy of an email from Mr. Aresty acknowledging receipt of payment is attached as **Exhibit A**

1

to the Declaration. This email suggests that the Motion is driven by a fee dispute regarding trial counsel compensation, not by any genuine breakdown in the attorney-client relationship.

Florida law recognizes that fee disputes do not justify emergency withdrawal on the eve of trial, and that disputes over compensation are ordinarily addressed through post-withdrawal fee procedures rather than abandonment of representation.

## STATEMENT OF RELEVANT FACTS

1. **Trial is Imminent.** Trial in this adversary proceeding is currently scheduled for January 29, 2026, January 30, 2026, and February 2-6, 2026, approximately five weeks from now. A contested hearing on the parties' motions for protective order is set for January 20, 2026.

2. **Counsel Delayed Filing.** Counsel admits in his Motion that he "has given his Clients written notice of this intention to withdraw for several months prior to submitting this request to the Court." (Doc. 343 at ¶ 3). Despite knowing for months that he intended to withdraw, counsel waited until December 19, 2025, five weeks before trial, to file this Motion.

3. **Substantial Interests at Stake.** Substantial property and enforcement interests are at stake for Mr. Lubin, which will be determined at trial.

4. **The Court Has Identified Triable Issues and Denied Dispositive Relief.** The Court has denied dispositive relief, and the case should be resolved on the merits at trial. On May 28, 2025, the Court denied Hi Bar's motion for summary judgment, holding that the Franklin Assignment is ambiguous and that "parol evidence is required." On June 11, 2025, the Court denied the Trustee's motion for partial summary judgment on fraudulent transfer counts. These rulings reflect that the case is proceeding towards on the merits at trial, not through dispositive motion practice, and not lost due to counsel's untimely withdrawal.

2

5. **Spin Capital LLC Cannot Proceed Pro Se.** Spin Capital LLC is a limited liability company. Under well-established law, artificial entities may appear in federal court only through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (holding that artificial entities may appear in federal court only through licensed counsel); *In re Holliday's Tax Servs., Inc.*, 417 B.R. 849, 852 (Bankr. S.D. Fla. 2009) (same). If counsel withdraws without substitute counsel in place, Spin will be unable to participate meaningfully in trial or comply with court obligations without counsel, and will face severe and irreparable prejudice.

Compounding this prejudice, the active and unresolved disputes over the ownership and control of Spin Capital LLC's litigation rights materially impair Spin Capital LLC's ability to promptly retain substitute counsel on an emergency basis. Prospective counsel cannot reasonably assess authority, standing, or scope of representation while these issues remain unresolved.

6. **Counsel's Communications Regarding This Motion.** Within minutes of filing his Motion, counsel sent Mr. Lubin an email that exposes the Motion's true purpose. At 12:56 PM on December 19, 2025, just 41 minutes after filing, counsel wrote:

> "If you retain Casey and pay him for trial I could withdraw the motion to withdraw and remain to help. I do not believe it will be heard until 12/30."

(Email from J. Aresty to A. Lubin, Dec. 19, 2025, 12:56 PM). This email, sent the same day as the Motion, suggests that the claimed "irreconcilable differences" may be related to a fee dispute. Counsel expressly conditioned withdrawal of his Motion on payment, which raises questions about whether there is a genuine ethical conflict or breakdown in communication.

7. **Mr. Lubin Immediately Objected.** Mr. Lubin responded the same day, stating in relevant part:

> "I do not consent to withdrawal. Your email confirms that the pending motion is not based on an emergency or ethical necessity, but on disputed fee and trial-staffing issues. As you note, there is no imminent hearing. I am

3

addressing the fee issues with Mr. Casey separately and in good faith. That does not justify emergency withdrawal, nor does it resolve the material prejudice that withdrawal would cause to me and to Spin Capital LLC, which cannot proceed pro se."

(Email from A. Lubin to J. Aresty, Dec. 19, 2025, 1:16 PM).

## LEGAL ARGUMENT

## I. THE MOTION SHOULD BE DENIED BECAUSE THE RECORD DOES NOT SUPPORT WITHDRAWAL.

Counsel's own email suggests that this Motion may not reflect genuine "irreconcilable differences." The email states: "If you retain Casey and pay him for trial I could withdraw the motion to withdraw." This language indicates that counsel's willingness to continue representation is contingent on payment rather than on any fundamental ethical conflict or breakdown in the attorney-client relationship.

Courts are cautious about permitting withdrawal when the primary dispute appears to involve fees rather than conduct that would ethically require withdrawal. Where, as here, an attorney's willingness to continue representation appears to depend on whether the client makes additional payments, the Court should carefully scrutinize whether a genuine impediment to continued representation exists.

## II. WITHDRAWAL WILL SEVERELY PREJUDICE DEFENDANTS.

Local Rule 2091-1 of this Court provides that "[w]ithdrawal from representation of a client requires leave of court, after notice served on all affected parties." The decision whether to permit withdrawal lies within the Court's discretion. *See, e.g., In re Rimsat, Ltd.*, 212 B.R. 633, 638 (Bankr. N.D. Ind. 1997) (recognizing that whether to allow counsel to withdraw is committed to the bankruptcy court's discretion); *In re Fuentes*, 417 B.R. 844,

4

849-50 (B.A.P. 1st Cir. 2009) (same); *In re Hakim*, 212 B.R. 632, 636-37 (Bankr. N.D. Cal. 1997) (same).

Courts routinely deny motions to withdraw when withdrawal would prejudice the client, particularly when trial is imminent. *See Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (affirming denial of counsel's motion to withdraw filed less than two weeks before trial where withdrawal would have prejudiced the client); *Gibbs v. Lappies*, 828 F. Supp. 6, 7-8 (D.N.H. 1993) (denying motion to withdraw approximately two months before trial where substitution would prejudice the client, even though counsel had not been fully paid).

Here, trial is scheduled in five weeks. This adversary proceeding has been pending since 2023. Counsel has been involved throughout. The discovery record is extensive. A protective order motion is pending. Any new attorney would need to review years of filings, understand complex factual and legal issues, prepare for trial, and be ready to try the case—all within weeks. This is not realistic.

Moreover, counsel's own delay in filing this Motion created the prejudice he now complains of. Counsel admits he has wanted to withdraw for "several months." Had counsel filed this Motion promptly, Defendants would have had time to retain substitute counsel. Counsel cannot create an emergency through his own delay and then ask the Court to reward that delay by allowing withdrawal.

On these facts, each discretionary factor identified in *Whiting*, *Gibbs*, and similar cases weighs against withdrawal. Like *Whiting*, counsel's motion comes on the eve of trial, after extensive pretrial preparation, and a grant of withdrawal would force Defendants to either proceed unrepresented or undertake an impossible scramble for new counsel. *See Whiting*, 187 F.3d at 320-21. As in *Gibbs*, counsel's own delay in seeking withdrawal created the very time pressure he now cites, and the prejudice would fall entirely on Defendants, not on counsel. *See Gibbs*, 828 F. Supp. at 7-8.

5

### III. THE MOTION DOES NOT ESTABLISH GROUNDS FOR WITHDRAWAL.

The Motion does not provide a sufficient factual basis for the claimed "irreconcilable differences." Rule 4-1.16(b) of the Florida Rules of Professional Conduct provides, in relevant part, that a lawyer may withdraw from representing a client if "withdrawal can be accomplished without material adverse effect on the interests of the client," if "the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement," or if "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Fla. R. Prof. Conduct 4-1.16(b)(1)-(4). The Motion alleges none of these circumstances.

Nor does the Motion allege any breakdown in communication, any client misconduct, or any conflict of interest. The only dispute—as counsel's own email confirms—is about fees and trial staffing. A fee dispute is not grounds for emergency withdrawal on the eve of trial. If anything, counsel's remedy for a fee dispute is to pursue appropriate fee procedures, such as a fee application or charging lien, rather than to abandon the client on the eve of trial. *See Faro v. Romani*, 641 So. 2d 69, 71 (Fla. 1994) (holding that a lawyer discharged without cause from a contingent-fee case may seek a charging lien in quantum meruit rather than insisting on the contract fee).

Without converting this proceeding into a fee adjudication, Florida appellate courts have recognized that where an attorney withdraws from representation before the contingency occurs generally forfeits the right to a fee absent client misconduct. *See Santini v. Cleveland Clinic Fla.*, 65 So. 3d 22, 29-30 (Fla. 4th DCA 2011) (holding that an attorney who withdrew before the contingency occurred forfeited all rights to fees where withdrawal was not compelled by client misconduct); *Feldman v. Davis*, 53 So. 3d 1132, 1135-36 (Fla. 4th DCA 2011) (same, explaining limited exceptions where continued representation would violate

ethical rules); *Mineo Salcedo Law Firm, P.A. v. Cesard*, 333 So. 3d 222, 227-28 (Fla. 4th DCA 2022) (reversing fee award where trial court treated withdrawal as voluntary and reiterating quantum-meruit limits); *Perlman, Bajandas, Yevoli & Albright, P.L. v. Atlas Holding Corp.*, 377 So. 3d 617, 620-21 (Fla. 4th DCA 2023) (discussing quantum-meruit allocation of fees when counsel is discharged). These cases confirm that the proper remedy for a fee dispute may be addressed through post-withdrawal fee procedures, including quantum meruit.

## IV. IF THE COURT GRANTS WITHDRAWAL, IT SHOULD CONDITION RELIEF ON A CONTINUANCE.

Should the Court be inclined to grant the Motion despite the foregoing, Defendants respectfully request that any order permitting withdrawal be conditioned on: (1) a continuance of the trial and all pretrial deadlines for a minimum of 90 days to allow Defendants reasonable time to retain substitute counsel; (2) a requirement that counsel remain available to successor counsel for reasonable transition assistance; and (3) an order permitting Mr. Lubin, as an individual defendant, to proceed pro se in his individual capacity only, while requiring appearance of licensed counsel for Spin Capital LLC before any trial-related deadlines proceed.

Without such conditions, Spin Capital LLC, which cannot appear pro se, will be forced into severe procedural prejudice on the eve of trial, resulting in severe and irreversible prejudice to both Defendants.

### Reservation of Rights

Movant submits this Opposition solely to address the pending withdrawal motion and the immediate issues of representation stability and prejudice. Nothing herein is intended to waive, and Movant expressly reserves, all rights to seek further relief as appropriate in subsequent proceedings.

## CONCLUSION

Counsel's own email suggests that this Motion may be driven by a fee dispute rather than a genuine emergency. The claimed "irreconcilable differences" appear contingent on payment, which does not constitute grounds for withdrawal under the applicable rules. The Court should deny the Motion. In the alternative, the Court should condition any withdrawal on a continuance of trial and reasonable time for Defendants to retain substitute counsel.

Dated: December 23, 2025

Josh (Avrumi) Lubin, Defendant, Pro Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 24, 2025, I caused a true and correct copy

of the foregoing Opposition to be served via email upon all counsel of record and/or via

CM/ECF where counsel receives CM/ECF notices and via email upon Joel M. Aresty,

Esq., at Aresty@Mac.com. .

Josh (Avrumi) Lubin, Defendant, Pro Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905

9

# EXHIBIT A

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 9:35 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Invoice / Payment Reconciliation

Hi Josh,

Here is the requested reconciliation. I think you'll find that everything is accurate. Also attached is my timesheet before we reached a flat fee arrangement for work. You actually have a balance on the hourly work in the Broward case until you retained me for trial under a flat fee arrangement which is unpaid and I have not billed you for that interim time period after 9/10/25 until the trial engagement, but I am not seeking that at this time. Please let me know if you are making a payment today on the invoice, thank you.

Best,

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave, Suite 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 9:18 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Invoice / Payment Reconciliation

Stanley —

The issue is not whether the invoice lists amounts charged. The issue is that it does not clearly reconcile payments already made across the different engagement letters.

To be clear, I have made substantial payments to you to date across these matters. Before I can responsibly address any additional payment, I need a complete reconciliation, specifically:

- a list of all payments received from me (date and amount);

- identification of which engagement letter and matter each payment was applied to; and

- confirmation of any remaining balance per engagement, if any.

That information is standard, especially where there are multiple engagements with different fee structures. I am not refusing to pay — I am requesting the basic accounting necessary to determine what is actually outstanding.

Once that reconciliation is provided, I will review it promptly and respond.

Josh

communicating in my personal capacity only

Get Outlook for iOS

---

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 7:11 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Invoice / Representation Status

The invoice lists the amounts charged for each case and the two payments made towards the first appeal payment. What else is there to show?

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave # 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 9:08:57 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Invoice / Representation Status

Stanley —

I am not refusing to pay. I am requesting the information necessary to responsibly address payment given the multiple engagement letters and differing fee structures involved.

As I've stated, before I can address any additional payment, I need a clear allocation of the invoice by engagement and a reconciliation showing how prior payments have been applied. That is a reasonable request under the circumstances.

Separately, I do not agree that withdrawal at this time would be appropriate. Any attempt to withdraw now would be materially prejudicial to me and to the entities involved, which cannot proceed pro se, given the active matters and unresolved issues pending.

If you intend to seek withdrawal, please do so by motion so the Court can address representation status, prejudice, and any necessary protections. Otherwise, I remain prepared to address payment promptly once the requested clarification is provided.

Josh

communicating in my personal capacity only

Get Outlook for iOS

---

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 7:04 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Invoice / Representation Status

Each engagement has a flat and non-refundable fee arrangement. There is nothing to allocate for additional work. I fear that we are approaching irreconcilable differences if we cannot agree on this simple issue. If you cannot make a payment, I may have to withdraw from all cases. Please let me know.

Best,

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave, Suite 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 8:59 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Invoice / Representation Status

Stanley —

I do not agree that the invoice reflects a single flat-fee, non-refundable arrangement across all matters. As set forth in my prior email, the engagement letters reflect different scopes and fee structures, and I have requested that you allocate the charges by engagement and provide a payment reconciliation before I can address any additional payment.

Separately, please confirm today whether you will file a Notice of Appearance in the Excell Auto bankruptcy case and any related adversary proceeding(s) where you intend to appear, so representation status is clear.

Josh

Get Outlook for iOS

---

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 6:46:53 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Request for Itemized Billing Statement

These matters are handled on a flat fee non-refundable basis as agreed, there is no hourly billing. Please let me know what amount you can pay today, thank you.

Best,

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave, Suite 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 8:45 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Request for Itemized Billing Statement

Stanley —

I reviewed the invoice. Before I can address payment, I need a complete itemized billing statement.

Please provide time entries showing the date, description of work performed, time billed, hourly rate, and the person performing the work, with entries allocated by matter (including FVP v. Lubin, Langley v. Lubin, and any bankruptcy-related work).

Once I receive a detailed accounting, I will review it promptly and respond regarding payment.

Josh

Get Outlook for iOS

---

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 6:40:06 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Invoice

Hi Josh,

Here is the requested invoice. Current amount due is $50,300.

Please let me know what you are able to pay today, thank you.

Best,


Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave, Suite 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com



This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.


**3 attachments**

 **SQC timesheet 8-28 to 9-10.pdf**
81K

 **Lubin Payment Reconciliation.pdf**
168K

**Lubin Invoice 12.19.25.pdf**
162K

# LAW OFFICES OF STANLEY Q. CASEY PLLC
1300 West Ave, Suite 618
Miami, FL 33139
scasey@sqcaseylaw.com

Invoice submitted to:

**Josh Lubin**
josh@spincapital.com

PAYMENT RECONCILIATION

| Date | Payment Applied to Service Summary | Amount Paid |
|------|-----------------------------------|-------------|
| Aug 29th | *FVP v. Lubin, et al.* Initial payment, billed hourly under first engagement executed 8/28/25 at hourly rate of $550/hour | $10,000 |
| Sept 4th | *FVP v. Lubin, et al.* Second Payment, billed hourly under first engagement executed 8/28/25 at hourly rate of $550/hour (Total hourly Fees incurred = $23,655.50) | $10,000 |
| Sept 11th | *FVP v. Lubin, et al.* First Payment for Appeal of Non-Final Order under Flat Fee Engagement (Total Fee $25,000, **Appeal balance of $15,000 remaining**) | $10,000 |
| Sept 15th | *FVP v. Lubin, et al.* Second Payment for Appeal of Non-Final Order under Flat Fee Engagement (Total Fee $25,000, **Appeal balance of $10,000 remaining**) | $5,000 |
| Sept 19th | *FVP v. Lubin, et al.* Third Payment for Appeal of Non-Final Order under Flat Fee Engagement with filing fee (Total Fee $25,000, **Appeal balance of $9,000 remaining**) | $1,300 |
| Sept 21st | *FVP v. Lubin, et al.* Fourth Payment for Appeal of Non-Final Order under Flat Fee Engagement (Total Fee $25,000, **Appeal balance of $6,500 remaining**) | $2,500 |
| Sept 26th | *FVP v. Lubin, et al.* First Payment for Trial under Flat Fee Engagement (Total Fee $25,000, **Trial balance of $15,000 remaining**) | $10,000 |
| Sept 26th | *FVP v. Lubin, et al.* Fifth Payment for Appeal of Non-Final Order under Flat Fee Engagement (Total Fee $25,000, **Appeal balance of $5,000 remaining**) | $1,500 |

## LAW OFFICES OF STANLEY Q. CASEY PLLC
1300 West Ave, Suite 618
Miami, FL 33139
scasey@sqcaseylaw.com

| | | |
|---|---|---|
| Sept 29th | *FVP v. Lubin, et al.*<br>Second Payment for Trial under Flat Fee Engagement<br>(Total Fee $25,000, **Trial balance of $5,000 remaining**) | $10,000 |
| Oct 15th | *FVP v. Lubin, et al.*<br>Final Payment for Appeal and Trial balance<br>under Flat Fee Engagement | $10,000 |
| Nov 3rd | *FVP v. Lubin, et al.*<br>First Payment for Post-Judgment Motion for New Trial<br>under Flat Fee Agreement (Total Fee $2,500, **Motion balance $1,500**) | $1,000 |
| Nov 4th | *FVP v. Lubin, et al.*<br>Second Payment for Post-Judgment Motion for New Trial<br>under Flat Fee Agreement (Total Fee $2,500, **Motion balance $500**) | $1,000 |
| Nov 5th | Final Payment for Post-Judgment Motion for New Trial<br>and Payment for Motion for Setoff of collateral recoveries<br>under Flat Fee Agreement (Total Fee $2,500 per motion) | $3,000 |
| Nov 6th | *FVP v. Lubin, et al.*<br>Payment for Post-Judgment Motion for Stay of Discovery<br>in aid of execution under Flat Fee Engagement (Total Fee<br>$2,500 per motion) | $2,500 |
| Nov 21st | *FVP v. Lubin, et al.*<br>First Payment for Appeal of Final Judgment under Flat<br>Fee Engagement (Total Fee $30,000, **balance of $25,000 remaining**) | $5,000 |
| Dec 9th | *FVP v. Lubin, et al.*<br>Second Payment for Appeal of Final Judgment under Flat<br>Fee Engagement (Total Fee $30,000, **balance of $20,000 remaining**) | $5,000 |

*Total payments for professional services*   $87,800

# EXHIBIT B

**Sent:** Friday, December 19, 2025 3:16:23 PM
**To:** JOEL ARESTY <aresty@mac.com>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>; Jeffrey Chubak <jchubak@aminillc.com>; Avery Samet <asamet@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Heidi.A.Feinman@usdoj.gov <Heidi.A.Feinman@usdoj.gov>
**Subject:** Re: 23-01132-EPK Motion to Withdraw as Attorney Mehdipour

Joel —

I do not consent to withdrawal.

Your email confirms that the pending motion is not based on an emergency or ethical necessity, but on disputed fee and trial-staffing issues. As you note, there is no imminent hearing.

I am addressing the fee issues with Mr. Casey separately and in good faith. That does not justify emergency withdrawal, nor does it resolve the material prejudice that withdrawal would cause to me and to Spin Capital LLC, which cannot proceed pro se.

I will address the motion through the Court.

Josh
communicating in my personal capacity only

Get Outlook for iOS

---

**From:** JOEL ARESTY <aresty@mac.com>
**Sent:** Friday, December 19, 2025 12:56 PM
**To:** Josh Lubin <josh@spincapital.com>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: 23-01132-EPK Motion to Withdraw as Attorney Mehdipour

If you retain Casey and pay him for trial
i could withdraw the motion to withdraw
and remain to help

i do not believe it will be heard until 12/30

Thanks
sincerely

JOEL ARESTY, Esq.
Board Certified Business Bankruptcy Law
309 1st Ave S
Tierra Verde, FL 33715
cell and WhatsApp
(305) 904-1903
Aresty@me.com

21

On Dec 19, 2025, at 2:19 PM, JOEL ARESTY <aresty@mac.com> wrote:

Josh

see attached emergency motion to withdraw
<filed emerg mtn withdraw.pdf>

Thanks
sincerely

JOEL ARESTY, Esq.
Board Certified Business Bankruptcy Law
309 1st Ave S
Tierra Verde, FL 33715
cell and WhatsApp
(305) 904-1903
Aresty@me.com

Begin forwarded message:

**From:** FLSB_ECF_Notification@flsb.uscourts.gov
**Subject: 23-01132-EPK Motion to Withdraw as Attorney Mehdipour**
**Date:** December 19, 2025 at 2:15:21 PM EST
**To:** Courtmail@flsb.uscourts.gov

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

### U.S. Bankruptcy Court

### Southern District of Florida

Notice of Electronic Filing

The following transaction was received from Joel M. Aresty entered on 12/19/2025 at 2:15 PM EST and filed on 12/19/2025
**Case Name:**        Mehdipour v. Hi Bar Capital, LLC et al
**Case Number:**      23-01132-EPK
**Document Number:** 343

**Docket Text:**
Emergency Motion to Withdraw as Attorney of Record Filed by Defendants Avrumi Lubin a/k/a Josh Lubin, Spin Capital LLC a/k/a Spin Capital (Aresty, Joel)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** joel lubin MOTION TO WITHDRAW AS COUNSEL.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=12/19/2025] [FileNumber=61651501
-0] [b2d3edc3223feebf6e450be1d1c3cdedb1045655c28bc3359ddc564c7ea6f8c42
76c11462397d617ac55b93f73aa6566dc5c3aa8137a859fa6361e418a8cf119]]

**23-01132-EPK Notice will be electronically mailed to:**

Joel M. Aresty, Esq. on behalf of Defendant Avrumi Lubin a/k/a Josh Lubin
aresty@mac.com

Joel M. Aresty, Esq. on behalf of Defendant Spin Capital LLC a/k/a Spin Capital
aresty@mac.com

Alan R Crane on behalf of Plaintiff Nicole Mehdipour
acrane@furrcohen.com,
yfernandez@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com;cranear84158@notify.bestcase.com

22

Patrick R Dorsey on behalf of Defendant Franklin Capital Funding, LLC
pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com;mortman@slp.law

Patrick R Dorsey on behalf of Defendant Franklin Capital Group, LLC, dba Wing Lake Capital
pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com;mortman@slp.law

Matthew P. Leto on behalf of Defendant Hi Bar Capital, LLC
mleto@letolawfirm.com, kzelaya@letolawfirm.com,1820123420@filings.docketbird.com

Matthew P. Leto on behalf of Defendant Mordechai Dov Ber Herbst aka Mordi Herbst
mleto@letolawfirm.com, kzelaya@letolawfirm.com,1820123420@filings.docketbird.com

Matthew P. Leto on behalf of Defendant Yisroel Herbst
mleto@letolawfirm.com, kzelaya@letolawfirm.com,1820123420@filings.docketbird.com

Nicole Testa Mehdipour on behalf of Plaintiff Nicole Mehdipour
nicolem@ntmlawfirm.com,
cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com

Lance Bergmann Melamud on behalf of Interested Party TD Bank, N.A.
LMelamud@grsm.com, aruff@grsm.com

Patricia A Redmond on behalf of Mediator Patricia Redmond
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;mfernandez@stearnsweaver.com

Jason S Rigoli, Esq. on behalf of Plaintiff Nicole Mehdipour
jrigoli@furrcohen.com, yfernandez@furrcohen.com;staff1@furrcohen.com;ltitus@furrcohen.com;shurayt@furrcohen.com

**23-01132-EPK Notice will not be electronically mailed to:**

Shanna M. Kaminski
Kaminski Law PLLC
P.O. Box 247
Grass Lake, MI 49240

Candice L. Kline
161 North Clark Street, Suite 4200
Chicago, IL 60601

Joshua Lubin
1460 Arboretum Parkway
Lakewood, NJ 08701

Jacob H. Nemon
28 Liberty Street, 41st Floor
New York, NY 10005