FILED-USBC; FLS-WPB
'25 DEC 29 PM2:27

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

In re:

EXCELL AUTO GROUP, INC.,

    Debtor.

Case No. 22-12790-EPK
Chapter 7

_____/

NICOLE TESTA MEHDIPOUR, as Chapter 7
Trustee for the Estate of Excell Auto Group, Inc.,

    Plaintiff,

v.

HI BAR CAPITAL, LLC, et al.,

    Defendants.

Adv. Pro. No. 23-01132-EPK

_____/

## DECLARATION OF JOSH (AVRUMI) LUBIN
### IN OPPOSITION TO EMERGENCY MOTION TO WITHDRAW AS COUNSEL

I, Josh (Avrumi) Lubin, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am over the age of 18. I am the president and sole owner of Spin Capital LLC. I am a defendant in this adversary proceeding. I have personal knowledge of the matters stated herein and am competent to testify to them.

2. I submit this declaration solely in my individual capacity and as an interested party. I do not purport to represent Spin Capital LLC, which cannot proceed pro se. Spin Capital LLC is referenced solely to explain the prejudice that would result from counsel's withdrawal.

3. I do not own Hi Bar Capital LLC or BMF Advance LLC. Those are separate companies with their own ownership and management. I brokered deals to Hi Bar and participated in certain transactions, but I have never been an owner or member of Hi Bar.

4. I have paid Joel M. Aresty, Esq., a substantial amount in legal fees in connection with his representation in this matter. A true and correct copy of his email to me acknowledging receipt of payment is attached hereto as **Exhibit A.**

5. On December 19, 2025, Mr. Aresty filed an Emergency Motion to Withdraw as Counsel (Doc. 343). Forty-one minutes after filing that motion, Mr. Aresty sent me an email stating: "If you retain Casey and pay him for trial I could withdraw the motion to withdraw and remain to help." A true and correct copy of that email is attached hereto as **Exhibit B**.

6. I did not consent to Mr. Aresty's withdrawal. I have not refused to cooperate with counsel; the only issue raised has been a dispute concerning fees and trial coverage.

7. Spin Capital LLC is a limited liability company and cannot appear pro se in federal court. If Mr. Aresty is permitted to withdraw without substitute counsel in place, Spin Capital LLC will be unable to participate meaningfully in trial and will face severe and irreparable prejudice.

8. Compounding this prejudice, the active and unresolved disputes over the ownership and control of Spin Capital LLC's litigation rights materially impair Spin Capital LLC's ability to promptly retain substitute counsel on an emergency basis. Prospective counsel cannot reasonably assess authority, standing, or scope of representation while these issues remain unresolved.

9. Trial in this adversary proceeding is scheduled for January 29 through February 6, 2026, approximately five weeks away.

10. I am involved in coordinated litigation across multiple forums, including this Court, Broward County Circuit Court, Palm Beach County Circuit Court, and the Southern District of New York. Mr. Aresty has extensive and unique knowledge of these matters that cannot reasonably be transferred to new counsel within five weeks without material prejudice.

Dated: December 23, 2025

Respectfully submitted,

Josh (Avrumi) Lubin,
(Individual Capacity)

Defendant, Pro

Se Only)

1460 Arboretum Pkwy
Lakewood, NJ 08701
Email:

josh@spincapital.com

Phone: (732) 608-4905

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 24, 2025, I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system upon all counsel of record and via email upon Joel M. Aresty, Esq., at Aresty@Mac.com.

Josh (Avrumi) Lubin,

Defendant, Pro Se
(Individual Capacity Only)

1460 Arboretum Pkwy
Lakewood, NJ 08701
Email:

josh@spincapital.com

Phone: (732) 608-4905

3

# EXHIBIT A

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 9:35 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Invoice / Payment Reconciliation

Hi Josh,

Here is the requested reconciliation. I think you'll find that everything is accurate. Also attached is my timesheet before we reached a flat fee arrangement for work. You actually have a balance on the hourly work in the Broward case until you retained me for trial under a flat fee arrangement which is unpaid and I have not billed you for that interim time period after 9/10/25 until the trial engagement, but I am not seeking that at this time. Please let me know if you are making a payment today on the invoice, thank you.

Best,

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave, Suite 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 9:18 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Invoice / Payment Reconciliation

Stanley —

The issue is not whether the invoice lists amounts charged. The issue is that it does not clearly reconcile payments already made across the different engagement letters.

To be clear, I have made substantial payments to you to date across these matters. Before I can responsibly address any additional payment, I need a complete reconciliation, specifically:

- a list of all payments received from me (date and amount);

- identification of which engagement letter and matter each payment was applied to; and

- confirmation of any remaining balance per engagement, if any.

That information is standard, especially where there are multiple engagements with different fee structures. I am not refusing to pay — I am requesting the basic accounting necessary to determine what is actually outstanding.

Once that reconciliation is provided, I will review it promptly and respond.

Josh

communicating in my personal capacity only

Get Outlook for iOS

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 7:11 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Invoice / Representation Status

The invoice lists the amounts charged for each case and the two payments made towards the first appeal payment. What else is there to show?

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave # 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 9:08:57 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Invoice / Representation Status

Stanley —

I am not refusing to pay. I am requesting the information necessary to responsibly address payment given the multiple engagement letters and differing fee structures involved.

As I've stated, before I can address any additional payment, I need a clear allocation of the invoice by engagement and a reconciliation showing how prior payments have been applied. That is a reasonable request under the circumstances.

Separately, I do not agree that withdrawal at this time would be appropriate. Any attempt to withdraw now would be materially prejudicial to me and to the entities involved, which cannot proceed pro se, given the active matters and unresolved issues pending.

If you intend to seek withdrawal, please do so by motion so the Court can address representation status, prejudice, and any necessary protections. Otherwise, I remain prepared to address payment promptly once the requested clarification is provided.

Josh

communicating in my personal capacity only

Get Outlook for iOS

---

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 7:04 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Invoice / Representation Status

Each engagement has a flat and non-refundable fee arrangement. There is nothing to allocate for additional work. I fear that we are approaching irreconcilable differences if we cannot agree on this simple issue. If you cannot make a payment, I may have to withdraw from all cases. Please let me know.

Best,

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave, Suite 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 8:59 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Invoice / Representation Status

Stanley —

I do not agree that the invoice reflects a single flat-fee, non-refundable arrangement across all matters. As set forth in my prior email, the engagement letters reflect different scopes and fee structures, and I have requested that you allocate the charges by engagement and provide a payment reconciliation before I can address any additional payment.

Separately, please confirm today whether you will file a Notice of Appearance in the Excell Auto bankruptcy case and any related adversary proceeding(s) where you intend to appear, so representation status is clear.

Josh

Get Outlook for iOS

---

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 6:46:53 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Request for Itemized Billing Statement

These matters are handled on a flat fee non-refundable basis as agreed, there is no hourly billing. Please let me know what amount you can pay today, thank you.

Best,

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave, Suite 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, December 19, 2025 8:45 AM
**To:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Request for Itemized Billing Statement

Stanley —

I reviewed the invoice. Before I can address payment, I need a complete itemized billing statement.

Please provide time entries showing the date, description of work performed, time billed, hourly rate, and the person performing the work, with entries allocated by matter (including FVP v. Lubin, Langley v. Lubin, and any bankruptcy-related work).

Once I receive a detailed accounting, I will review it promptly and respond regarding payment.

Josh

Get Outlook for iOS

---

**From:** Stanley Casey <scasey@sqcaseylaw.com>
**Sent:** Friday, December 19, 2025 6:40:06 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Invoice

Hi Josh,

Here is the requested invoice. Current amount due is $50,300.

Please let me know what you are able to pay today, thank you.

Best,

Stanley Q. Casey, Esq.

LAW OFFICES OF STANLEY Q. CASEY PLLC

1300 Washington Ave, Suite 618

Miami Beach, FL 33139

Telephone: (305) 946-1510

Fax: (305) 939-5829

Email: scasey@sqcaseylaw.com

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately.

---

**3 attachments**

 **SQC timesheet 8-28 to 9-10.pdf**
81K

 **Lubin Payment Reconciliation.pdf**
168K

**Lubin Invoice 12.19.25.pdf**
162K

# LAW OFFICES OF STANLEY Q. CASEY PLLC
1300 West Ave, Suite 618
Miami, FL 33139
scasey@sqcaseylaw.com

Invoice submitted to:

**Josh Lubin**
josh@spincapital.com

## PAYMENT RECONCILIATION

| Date | Payment Applied to Service Summary | Amount Paid |
|------|-----------------------------------|-------------|
| Aug 29th | *FVP v. Lubin, et al.* Initial payment, billed hourly under first engagement executed 8/28/25 at hourly rate of $550/hour | $10,000 |
| Sept 4th | *FVP v. Lubin, et al.* Second Payment, billed hourly under first engagement executed 8/28/25 at hourly rate of $550/hour (Total hourly Fees incurred = $23,655.50) | $10,000 |
| Sept 11th | *FVP v. Lubin, et al.* First Payment for Appeal of Non-Final Order under Flat Fee Engagement (Total Fee $25,000, **Appeal balance of $15,000 remaining**) | $10,000 |
| Sept 15th | *FVP v. Lubin, et al.* Second Payment for Appeal of Non-Final Order under Flat Fee Engagement (Total Fee $25,000, **Appeal balance of $10,000 remaining**) | $5,000 |
| Sept 19th | *FVP v. Lubin, et al.* Third Payment for Appeal of Non-Final Order under Flat Fee Engagement with filing fee (Total Fee $25,000, **Appeal balance of $9,000 remaining**) | $1,300 |
| Sept 21st | *FVP v. Lubin, et al.* Fourth Payment for Appeal of Non-Final Order under Flat Fee Engagement (Total Fee $25,000, **Appeal balance of $6,500 remaining**) | $2,500 |
| Sept 26th | *FVP v. Lubin, et al.* First Payment for Trial under Flat Fee Engagement (Total Fee $25,000, **Trial balance of $15,000 remaining**) | $10,000 |
| Sept 26th | *FVP v. Lubin, et al.* Fifth Payment for Appeal of Non-Final Order under Flat Fee Engagement (Total Fee $25,000, **Appeal balance of $5,000 remaining**) | $1,500 |

# LAW OFFICES OF STANLEY Q. CASEY PLLC
1300 West Ave, Suite 618
Miami, FL 33139
scasey@sqcaseylaw.com

| | | |
|---|---|---|
| Sept 29th | *FVP v. Lubin, et al.*<br>Second Payment for Trial under Flat Fee Engagement<br>(Total Fee $25,000, **Trial balance of $5,000 remaining**) | $10,000 |
| Oct 15th | *FVP v. Lubin, et al.*<br>Final Payment for Appeal and Trial balance<br>under Flat Fee Engagement | $10,000 |
| Nov 3rd | *FVP v. Lubin, et al.*<br>First Payment for Post-Judgment Motion for New Trial<br>under Flat Fee Agreement (Total Fee $2,500, **Motion<br>balance $1,500**) | $1,000 |
| Nov 4th | *FVP v. Lubin, et al.*<br>Second Payment for Post-Judgment Motion for New Trial<br>under Flat Fee Agreement (Total Fee $2,500, **Motion<br>balance $500**) | $1,000 |
| Nov 5th | Final Payment for Post-Judgment Motion for New Trial<br>and Payment for Motion for Setoff of collateral recoveries<br>under Flat Fee Agreement (Total Fee $2,500 per motion) | $3,000 |
| Nov 6th | *FVP v. Lubin, et al.*<br>Payment for Post-Judgment Motion for Stay of Discovery<br>in aid of execution under Flat Fee Engagement (Total Fee<br>$2,500 per motion) | $2,500 |
| Nov 21st | *FVP v. Lubin, et al.*<br>First Payment for Appeal of Final Judgment under Flat<br>Fee Engagement (Total Fee $30,000, **balance of $25,000<br>remaining**) | $5,000 |
| Dec 9th | *FVP v. Lubin, et al.*<br>Second Payment for Appeal of Final Judgment under Flat<br>Fee Engagement (Total Fee $30,000, **balance of $20,000<br>remaining**) | $5,000 |

---

| | | |
|---|---|---|
| | *Total payments for professional services* | $87,800 |

# EXHIBIT B

**Sent:** Friday, December 19, 2025 12:56:62 PM
**To:** JOEL ARESTY <aresty@mac.com>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>; Jeffrey Chubak <jchubak@aminillc.com>; Avery Samet <asamet@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Heidi.A.Feinman@usdoj.gov <Heidi.A.Feinman@usdoj.gov>
**Subject:** Re: 23-01132-EPK Motion to Withdraw as Attorney Mehdipour

Joel —

I do not consent to withdrawal.

Your email confirms that the pending motion is not based on an emergency or ethical necessity, but on disputed fee and trial-staffing issues. As you note, there is no imminent hearing.

I am addressing the fee issues with Mr. Casey separately and in good faith. That does not justify emergency withdrawal, nor does it resolve the material prejudice that withdrawal would cause to me and to Spin Capital LLC, which cannot proceed pro se.

I will address the motion through the Court.

Josh
communicating in my personal capacity only

Get Outlook for iOS

---

**From:** JOEL ARESTY <aresty@mac.com>
**Sent:** Friday, December 19, 2025 12:56 PM
**To:** Josh Lubin <josh@spincapital.com>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: 23-01132-EPK Motion to Withdraw as Attorney Mehdipour

If you retain Casey and pay him for trial
i could withdraw the motion to withdraw
and remain to help

i do not believe it will be heard until 12/30


Thanks
sincerely

JOEL ARESTY, Esq.
Board Certified Business Bankruptcy Law
309 1st Ave S
Tierra Verde, FL 33715
cell and WhatsApp
(305) 904-1903
Aresty@me.com

15

On Dec 19, 2025, at 2:19 PM, JOEL ARESTY <aresty@mac.com> wrote:

Josh

see attached emergency motion to withdraw
<filed emerg mtn withdraw.pdf>

Thanks
sincerely

JOEL ARESTY, Esq.
Board Certified Business Bankruptcy Law
309 1st Ave S
Tierra Verde, FL 33715
cell and WhatsApp
(305) 904-1903
Aresty@me.com

Begin forwarded message:

**From:** FLSB_ECF_Notification@flsb.uscourts.gov
**Subject: 23-01132-EPK Motion to Withdraw as Attorney Mehdipour**
**Date:** December 19, 2025 at 2:15:21 PM EST
**To:** Courtmail@flsb.uscourts.gov

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

**U.S. Bankruptcy Court**

**Southern District of Florida**

Notice of Electronic Filing

The following transaction was received from Joel M. Aresty entered on 12/19/2025 at 2:15 PM EST and filed on 12/19/2025
**Case Name:**      Mehdipour v. Hi Bar Capital, LLC et al
**Case Number:**    23-01132-EPK
**Document Number:** 343

**Docket Text:**
Emergency Motion to Withdraw as Attorney of Record Filed by Defendants Avrumi Lubin a/k/a Josh Lubin, Spin Capital LLC a/k/a Spin Capital (Aresty, Joel)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**joel lubin MOTION TO WITHDRAW AS COUNSEL.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=12/19/2025] [FileNumber=61651501
-0] [b2d3edc3223feebf6e450be1d1c3cdedb1045655c28bc3359ddc564c7ea6f8c42
76c11462397d617ac55b93f73aa6566dc5c3aa8137a859fa6361e418a8cf119]]

**23-01132-EPK Notice will be electronically mailed to:**

Joel M. Aresty, Esq. on behalf of Defendant Avrumi Lubin a/k/a Josh Lubin
aresty@mac.com

Joel M. Aresty, Esq. on behalf of Defendant Spin Capital LLC a/k/a Spin Capital
aresty@mac.com

Alan R Crane on behalf of Plaintiff Nicole Mehdipour
acrane@furrcohen.com,
yfernandez@furrcohen.com;ltitus@furrcohen.com;staff1@furrcohen.com;cranear84158@notify.bestcase.com

16

Patrick R Dorsey on behalf of Defendant Franklin Capital Funding, LLC
pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com;mortman@slp.law

Patrick R Dorsey on behalf of Defendant Franklin Capital Group, LLC, dba Wing Lake Capital
pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com;mortman@slp.law

Matthew P. Leto on behalf of Defendant Hi Bar Capital, LLC
mleto@letolawfirm.com, kzelaya@letolawfirm.com,1820123420@filings.docketbird.com

Matthew P. Leto on behalf of Defendant Mordechai Dov Ber Herbst aka Mordi Herbst
mleto@letolawfirm.com, kzelaya@letolawfirm.com,1820123420@filings.docketbird.com

Matthew P. Leto on behalf of Defendant Yisroel Herbst
mleto@letolawfirm.com, kzelaya@letolawfirm.com,1820123420@filings.docketbird.com

Nicole Testa Mehdipour on behalf of Plaintiff Nicole Mehdipour
nicolem@ntmlawfirm.com,
cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com

Lance Bergmann Melamud on behalf of Interested Party TD Bank, N.A.
LMelamud@grsm.com, aruff@grsm.com

Patricia A Redmond on behalf of Mediator Patricia Redmond
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;mfernandez@stearnsweaver.com

Jason S Rigoli, Esq. on behalf of Plaintiff Nicole Mehdipour
jrigoli@furrcohen.com, yfernandez@furrcohen.com;staff1@furrcohen.com;ltitus@furrcohen.com;shurayt@furrcohen.com

**23-01132-EPK Notice will not be electronically mailed to:**

Shanna M. Kaminski
Kaminski Law PLLC
P.O. Box 247
Grass Lake, MI 49240

Candice L. Kline
161 North Clark Street, Suite 4200
Chicago, IL 60601

Joshua Lubin
1460 Arboretum Parkway
Lakewood, NJ 08701

Jacob H. Nemon
28 Liberty Street, 41st Floor
New York, NY 10005