

**ORDERED in the Southern District of Florida on January 5, 2026.**

**Erik P. Kimball**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

EXCELL AUTO GROUP, INC.                                          Case No. 22-12790-EPK
                                                                 Chapter 7

      Debtor.

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for
Excell Auto Group, Inc.,

      Plaintiff,

v.                                                               Adv. Pro. No. 23-01132-EPK

HI BAR CAPITAL, LLC, *et al.*,

      Defendants.

_____/

**ORDER GRANTING EMERGENCY MOTION TO WITHDRAW**
**AS COUNSEL FOR SPIN CAPITAL LLC AND JOSH LUBIN**
**AND DENYING REQUEST TO CONTINUE TRIAL**

On December 30, 2025, the Court held a hearing on the *Emergency Motion to*

*Withdraw as Counsel for Spin Capital LLC and Josh Lubin* [Dkt. No. 343; the "Motion"] filed

by Joel M. Aresty, Esq. and his firm.  Mr. Aresty is the fifth lawyer to appear on behalf of defendants Spin Capital and Mr. Lubin in this adversary proceeding, and now the fifth lawyer to depart as counsel for those parties.  Mr. Lubin was present at the hearing and spoke on his own behalf.  Mr. Lubin is the principal of Spin Capital LLC but is not a lawyer and so cannot act on behalf of Spin Capital LLC in this adversary proceeding.  Spin Capital LLC was not represented by replacement counsel.

In the Motion, Mr. Aresty states that "[t]here have arisen irreconcilable differences between the Clients and the undersigned" and that as a result of those differences he and his firm "will be unable to effectively and properly continue representing the Clients."  During the hearing in addition to Mr. Aresty, the Court heard from counsel for other parties regarding Mr. Lubin's actions in this adversary proceeding.  In spite of the fact that he and his entity, Spin Capital, LLC, have been represented by Mr. Aresty since February 18, 2025 [Dkt. No. 238], Mr. Lubin has continuously and forcefully communicated with the other parties to this action, apparently at odds with counsel's representation in this matter.  Based on the presentations during the hearing, it is clear to the Court that there are irreconcilable differences between Mr. Aresty and his clients that merit granting the Motion.

However, because Mr. Lubin filed numerous documents just prior to the hearing [Dkt. Nos. 347, 348, 349, 350, 351, 352, 353], the Court initially determined to continue the hearing on the Motion to permit the Court to review Mr. Lubin's filings.  The following day, the Court denied Mr. Lubin's requests for relief [Dkt. Nos. 355, 357, 358] other than a request for certain accommodations [Dkt. No. 356].  Having considered Mr. Lubin's various motions, declarations, and other responses listed above, the Court determines that the Motion should be granted and that a continued hearing on the Motion is not necessary.

If Mr. Lubin is unable or unwilling to retain replacement counsel in this adversary proceeding, he may represent himself including at trial.  However, as Mr. Lubin is well aware,

2

Spin Capital LLC is an artificial entity that cannot appear or act on its own behalf in this case except through an attorney licensed to practice before this Court.  "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. President, Dirs., and Co. of the Bank of the U.S.*, 22 U.S. 738, 830 (1824)); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  "[T]he rationale for that rule applies equally to all artificial entities."  *Rowland*, 506 U.S. at 202.  Artificial entities like corporations, limited liability companies, and partnerships are unable to represent themselves and "the only proper representative . . . is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation."  *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 476 (N.D. Tex. 1975) (quoted in *Palazzo*, 764 F.2d at 1385).

Spin Capital LLC is strongly encouraged to retain counsel for trial.  If it is unable to do so, the Court will proceed as though Spin Capital LLC is not present at trial and, among other things, will consider only evidence admitted as a result of the efforts of other parties.

Mr. Lubin, acting solely for himself, asks the Court to delay trial in this case for 90 days.  Trial in this adversary proceeding is scheduled for seven court days commencing January 29, 2026 [Dkt. No. 332].  The order setting trial was entered in August 2025, five months ahead of trial and following substantial pretrial motion practice.  Months ago, well before he filed the Motion, Mr. Aresty advised Mr. Lubin that he (and Spin Capital LLC) needed separate trial counsel in this matter.  As Mr. Lubin's recent filings make clear, Mr. Lubin has not been successful in retaining a sixth law firm.  Considering the fact that Mr. Aresty provided ample notice of his intent to withdraw, and the fact that Mr. Lubin (and Spin Capital LLC) have already gone through five lawyers in this case, the Court does not find it appropriate to further delay trial.  Mr. Lubin's request to continue trial will be denied.

In light of the foregoing, the Court ORDERS and ADJUDGES as follows:

1.      The *Emergency Motion to Withdraw as Counsel for Spin Capital LLC and Josh Lubin* [Dkt. No. 343] is GRANTED.  The continued hearing on such motion set on January 14, 2026 is canceled.

2.      Effective upon entry of this Order, except as required by paragraph 3, below, Joel M. Aresty, Esq. and the firm of Joel M. Aresty, P.A. are relieved of all obligations as counsel to defendants Josh Lubin and Spin Capital LLC.

3.      Not later than January 9, 2026, Mr. Aresty must file a notice in this adversary proceeding providing mailing addresses for Josh Lubin and for Spin Capital LLC so that parties to this action may serve them directly.  That notice may also include email addresses for the convenience of the parties.

4.      Mr. Lubin's request to delay trial in this adversary proceeding [Dkt. Nos. 349, 350, 351] is DENIED.

###

Copy furnished to:

Joel M. Aresty, Esq.

*Joel M. Aresty, Esq. must serve a copy of this Order on all appropriate parties and file a certificate of service.*