## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

In re:

FILED-USBC, FLS-MIA
'26 JAN 7 PM1:28

EXCELL AUTO GROUP, INC.

Case No. 22-12790-EPK
Chapter 7

Debtor.
_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for
Excell Auto Group, Inc.,

Plaintiff,

v.

Adv. Pro. No. 23-01132-EPK

HI BAR CAPITAL, LLC, et al.,

Defendants.
_____/

### NOTICE OF FILING DECLARATIONREGARDING PRESERVATION NOTICE AND RESPONSE

**PLEASE TAKE NOTICE** that Defendant Avrumi Lubin, individually and as principal of Spin Capital LLC, hereby files the Declaration of Avrumi Lubin Regarding Preservation Notice and Response, attached hereto as Exhibit A.

This filing is made solely to memorialize notice provided, responses received, and positions taken regarding preservation of potentially relevant records. No relief is requested by this Notice.

Dated: January 7 2026

Respectfully submitted,

_____
Josh (Avrumi) Lubin, Defendant, Pro Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Filing

and attached Declaration foregoing to be served via the Court's CM/ECF system upon all

counsel of record on January 7, 2026.

_____

Josh (Avrumi) Lubin, Defendant, Pro Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905

# EXHIBIT A

**Josh Lubin**

| | |
|---|---|
| **From:** | Josh Lubin |
| **Sent:** | Monday, January 5, 2026 4:01 PM |
| **To:** | Feinman, Heidi A. (USTP) |
| **Cc:** | oig.hotline@usdoj.gov |
| **Subject:** | Formal Escalation — Preservation Obligations and Record Integrity |

**Importance:**   High

Ms. Feinman,

Your latest response confirms that you are declining to implement or facilitate any preservation measures in response to my written notice, and that you are refusing to identify any appropriate DOJ or UST contact through whom such preservation should be addressed.

That position is untenable.

Preservation obligations are not triggered by whether an office subjectively views itself as "involved," nor by whether a party has yet retained counsel. They arise when there is reasonable anticipation of litigation, review, or judicial inquiry, and they attach to **records that may be relevant to matters already before the Court or reasonably foreseeable proceedings**—including inter-agency communications, oversight activity, referrals, analyses, and decisions taken or not taken.

You have now stated, repeatedly, that:
- no litigation hold exists,
- no action will be taken in response to written notice,
- and that no further response will be provided.

If it is your position that the United States Trustee Program—and specifically the Miami U.S. Trustee's Office—**possesses no records responsive to the scope of the preservation notice,** that should be stated clearly and unequivocally.
If that is not your position, then preservation is required, and refusing to implement it after notice raises serious record-integrity concerns.

I am not asking you to concede party status, adjudicate merits, or take any litigation position. I am seeking clarity as to whether potentially relevant government records are being preserved or allowed to be destroyed after notice.

Because your responses disclaim responsibility without addressing that core question, and because you have indicated you will not respond further, I am escalating this issue to ensure the record accurately reflects what has occurred.

This communication is intended to memorialize that:
1. formal written notice was provided;
2. preservation was requested;
3. the request was rejected without identification of an alternative mechanism; and

1

4.      no clarification was provided as to the existence or non-existence of responsive records.

That record will stand on its own.

Josh
Avrumi Lubin

Get Outlook for iOS

**From:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>
**Sent:** Monday, January 5, 2026 3:30:33 PM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** RE: IMMEDIATE DOJ-WIDE LITIGATION HOLD & PRESERVATION DIRECTIVE — NO EXCEPTIONS

Mr. Lubin:

Again if you are making a request for a "litigation hold" or some other retention of information by the the United States Trustee Program or any other DOJ agency, then it needs to be done in an appropriate manner and and to the appropriate parties. An email to me is not sufficient and will not result in anything.
I encourage as I have in the past to please obtain counsel to assist you.

I will not respond further regarding this email.

*Heidi A. Feinman*
Assistant United States Trustee
Office of United States Trustee
Department of Justice
Email: *Heidi.A.Feinman@usdoj.gov*
Telephone (305) 536-7472

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, January 5, 2026 5:27 PM
**To:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>
**Subject:** [EXTERNAL] Re: IMMEDIATE DOJ-WIDE LITIGATION HOLD & PRESERVATION DIRECTIVE — NO EXCEPTIONS
**Importance:** High

Ms. Feinman,

Your response reflects a fundamental misunderstanding of the purpose and legal effect of a preservation notice.

The litigation hold and preservation directive was not predicated on the Miami U.S. Trustee's Office being a named litigant, nor on the existence of a currently pending action styled against that office. Preservation obligations arise upon reasonable anticipation of litigation or review, and they extend to

2

records that may be relevant to matters before the Court, including inter-agency communications, oversight activity, referrals, analyses, and decisions taken or not taken.

Whether the Miami U.S. Trustee's Office views itself as "involved" is not determinative. The question is whether the office possesses, controls, or has access to information potentially relevant to ongoing or reasonably foreseeable proceedings involving Spin Capital, related estates, or issues already before Judge Kimball. If so, preservation duties attach as a matter of law.

To be clear:
- This notice was issued to ensure preservation of potentially relevant materials across DOJ and UST components;
- It does not require your office to concede party status;
- It does not require a determination on the merits;
- It does require that records not be destroyed, altered, or lost once notice is given.

Your statement that "no litigation hold exists" is concerning, as it suggests that preservation has not been implemented despite formal written notice. If your position is that the Miami U.S. Trustee's Office does not possess any records responsive to the scope described, that should be stated explicitly. Otherwise, the appropriate course is preservation, not dismissal.

Please clarify, in writing:
1. Whether the Miami U.S. Trustee's Office possesses or controls any records falling within the scope of the preservation notice previously sent; and
2. Whether steps have been taken to ensure that any such materials are preserved pending further direction.

This clarification is necessary to ensure the record is accurate and to avoid any misunderstanding regarding preservation obligations going forward.

Josh
Avrumi Lubin

Get Outlook for iOS

---

**From:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>
**Sent:** Monday, January 5, 2026 3:22:24 PM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** RE: IMMEDIATE DOJ-WIDE LITIGATION HOLD & PRESERVATION DIRECTIVE — NO EXCEPTIONS

Mr. Lubin:
The Miami United States Trustee's Office is not and has not been involved in any litigation with you or Spin Capital, LLC before any Court and no litigation hold exists.
To the extent you believe otherwise, you will need to contact the appropriate parties in the appropriate manner.
To the extent you have litigation with other agencies in the Department of Justice, you will need to contact them in the appropriate manner.
This email is insufficient.

3

*Heidi A. Feinman*
Assistant United States Trustee
Office of United States Trustee
Department of Justice
Email: *Heidi.A.Feinman@usdoj.gov*
Telephone (305) 536-7472

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, January 2, 2026 9:02 PM
**To:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>
**Cc:** Feedback, Civil <cfeedbac@CIV.USDOJ.GOV>; NSDFOIA (NSD) <NSDFOIA@usdoj.gov>; JMDFoia (JMD) <Ex_JMDFoia@jmd.usdoj.gov>; Jeffrey Chubak <jchubak@aminillc.com>; Avery Samet <asamet@aminillc.com>; JOEL ARESTY <aresty@mac.com>; Stanley Casey <scasey@sqcaseylaw.com>; Browndorf Eric A. <ebrowndorf@cooperlevenson.com>; Rubley William <wrubley@cooperlevenson.com>; Steve Wells <steve@wellspc.com>; Will Parsons <will@wellspc.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>; Division, Criminal (CRM) <Criminal.Division@usdoj.gov>; antitrust@justice.gov
**Subject:** [EXTERNAL] RE: IMMEDIATE DOJ-WIDE LITIGATION HOLD & PRESERVATION DIRECTIVE — NO EXCEPTIONS
**Importance:** High

Heidi,

This email constitutes **a formal, immediate, and non-negotiable litigation hold and preservation directive.** You are hereby directed to **ensure this hold is issued, enforced, and confirmed across every DOJ department, component, office, task force, and subdivision nationwide**, without exception.

This preservation obligation applies **immediately** and covers **all records in any form,** whether maintained centrally or individually, including but not limited to: emails, texts, messaging apps (Slack, Teams, Signal, WhatsApp, iMessage), call logs, voicemails, notes, drafts, memoranda, internal communications, metadata, audit logs, databases, shared drives, cloud storage, backups, personal devices used for government business, and any third-party or contractor-maintained systems.

The scope expressly includes **any material referencing or relating to me, Spin Capital LLC, affiliated entities, related litigations, investigations, referrals, inter-agency communications, internal deliberations, analyses, instructions, preservation decisions, or decisions not to act.** This includes communications **between DOJ components,** with **U.S. Trustees, courts, outside counsel, regulators, law enforcement, or private parties.**

No deletion, overwriting, auto-purging, alteration, concealment, migration without retention, or "routine" records management is permitted. **Preservation overrides all ordinary retention schedules.** Failure to preserve—even inadvertently—will be treated as **spoliation** and addressed accordingly.

I expect you to:

1. **Distribute this hold DOJ-wide** (all divisions, districts, components, and offices nationwide);

4

2. **Confirm in writing** that distribution has occurred;
3. **Confirm the mechanism of enforcement** (who issued it, how it was implemented, and how compliance is monitored);
4. **Identify a point of contact** responsible for DOJ-wide compliance.

This notice is issued to create a clear and permanent record. Nothing in this directive waives any rights, remedies, or privileges. All rights are expressly reserved.

**This notice is re-sent solely to correct a non-routable Antitrust Division address; all other recipients received the original transmission.**

Please confirm compliance **promptly**.

Josh
Avrumi Lubin