UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                    Case No. 22-12790-EPK

EXCELL AUTO GROUP, INC.,                                  Chapter 7

Debtor.

FILED-USBC, FLS-MIA
'26 JAN 13 AM10:00

_____/

NICOLE TESTA MEHDIPOUR,                                   Adv. Pro. No. 23-01132-EPK

as Chapter 7 Trustee for

Excell Auto Group, Inc.,

Plaintiff,

v.

HI BAR CAPITAL, LLC, et al.,

Defendants.

_____/

**EMERGENCY MOTION FOR ENTRY OF (I) PRESERVATION ORDER, (II) PROTECTIVE ORDER, AND (III) LIMITED CONTINUANCE OR, IN THE ALTERNATIVE, EXPEDITED STATUS CONFERENCE AND SCHEDULING GUARDRAILS**

Avrumi (Josh) Lubin (the "Movant"), a Defendant appearing pro se in his individual capacity only, respectfully submits this Emergency Motion seeking three discrete, severable forms of procedural relief: (I) entry of a Preservation Order, (II) entry of a Protective Order, and (III) limited scheduling relief or, in the alternative, an expedited status conference.
This Motion is structured so the Court may grant the Preservation Order and Protective Order promptly on the papers, and address the scheduling request separately (including at a short status conference) if the Court prefers.

**BACKGROUND AND CURRENT POSTURE**

Trial in this adversary proceeding is currently scheduled to commence on January 29, 2026 and continue through February 6, 2026. On December 30, 2025, during the hearing on former counsel's emergency motion to withdraw (Dkt. No. 343), the Court continued that motion to the January 14, 2026 motion calendar and stated on the record that, if withdrawal were granted, the

trial would not proceed on the then-scheduled dates and the Court would likely move the trial (while also making clear it would not grant a 90-day delay).

On January 5, 2026, the Court entered its Order granting the emergency motion to withdraw, canceling the continued January 14 hearing, and denying Movant's request to delay trial (Dkt. No. 360). Movant is therefore proceeding pro se in his individual capacity, and the entity defendant, Spin Capital LLC, cannot appear except through licensed counsel.

This Motion does not seek reconsideration of prior merits rulings and does not request merits-based relief. It seeks only targeted procedural guardrails needed to preserve potentially relevant records, protect confidential and third-party information, and ensure trial readiness is addressed in an orderly manner as the trial date approaches.

## I. EMERGENCY MOTION FOR ENTRY OF PRESERVATION ORDER

### A. Preservation Relief Is Procedural and Party-Directed

Parties to litigation have an ongoing duty to preserve documents and electronically stored information ("ESI") relevant to the claims and defenses in the proceeding. The Court has authority to enter a preservation order under, among other provisions, Fed. R. Bankr. P. 7016 and 7026 (incorporating Fed. R. Civ. P. 16 and 26) and the Court's inherent authority to manage litigation and prevent spoliation.
Given the proximity of trial and the posture of this case, a short, party-directed order confirming and standardizing preservation steps is appropriate and narrowly tailored.
Movant seeks entry of a Preservation Order confirming preservation duties, requiring reasonable suspension of auto-delete or purge practices for relevant custodians and systems, prohibiting alteration or destruction of potentially relevant information, and requiring short-form preservation certifications.

### B. Relief Requested

Movant respectfully requests entry of the proposed Preservation Order submitted concurrently herewith, which:
- Confirms preservation obligations applicable to the parties and those acting under their control;
- Requires reasonable suspension of auto-delete, purge, or retention-cycling policies for relevant custodians and systems;
- Prohibits alteration or destruction of potentially relevant information; and
- Requires short-form preservation certifications within seventy-two (72) hours.
This relief is procedural in nature and does not adjudicate any merits issue.

## II. EMERGENCY MOTION FOR ENTRY OF PROTECTIVE ORDER

### A. Protective Relief Is Narrow and Facilitates Orderly Trial Preparation

Fed. R. Bankr. P. 7026 (incorporating Fed. R. Civ. P. 26(c)) authorizes protective orders for good cause. Fed. R. Evid. 502(d) permits entry of a non-waiver order regarding inadvertent disclosure of privileged material, and the Court may protect confidential information from public filing under, among other provisions, Fed. R. Bankr. P. 9018.

As trial approaches, discovery materials and filings may include confidential business information, sensitive personal information, and/or material subject to privilege. A narrowly tailored protective order is a routine procedural mechanism to avoid unnecessary public disclosure, reduce motion practice, and permit the parties to exchange and use materials for litigation purposes without waiving rights.

Movant seeks a narrowly tailored Protective Order addressing (i) confidentiality designations for discovery materials; (ii) privilege protection and inadvertent production (clawback) without waiver; and (iii) protection against public filing of third-party personal contact information (including non-party email addresses and phone numbers) absent a specific order permitting unredacted filing.

## B. Relief Requested

Movant respectfully requests entry of the proposed Protective Order submitted concurrently herewith, which:

- Establishes a standard confidentiality framework for discovery materials;
- Provides for clawback of inadvertently produced privileged material without waiver; and
- Requires redaction of third-party personal contact information from public docket filings, absent a specific order permitting unredacted filing.

This relief is procedural and intended solely to facilitate orderly trial preparation.

## III. LIMITED CONTINUANCE OR, IN THE ALTERNATIVE, EXPEDITED STATUS CONFERENCE AND SCHEDULING GUARDRAILS

### A. Scheduling Relief Is Requested in the Alternative Only

Movant recognizes the Court's January 5, 2026 ruling and does not seek reconsideration. This request is made solely in light of the imminent trial date, Movant's pro se posture, and the unresolved entity-counsel issue for Spin Capital LLC.

Under Fed. R. Bankr. P. 7016 (incorporating Fed. R. Civ. P. 16), the Court may hold conferences and enter scheduling directives to ensure that trial proceeds in an orderly manner.

Movant respectfully requests either (i) a brief, limited continuance as the Court deems appropriate, or (ii) an expedited status conference to clarify trial readiness, scheduling guardrails, and the procedural posture applicable if Spin Capital LLC does not appear through counsel.

### B. Relief Requested

If the Court elects to reach scheduling issues, Movant respectfully requests entry of the proposed Scheduling Order submitted concurrently herewith, or such other relief as the Court deems appropriate, including setting a prompt status conference and clarifying deadlines and requirements for appearance of counsel for Spin Capital LLC.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court:
1. Enter the proposed Preservation Order;
2. Enter the proposed Protective Order; and
3. Address scheduling relief separately, including by setting an expedited status conference, if the Court prefers.

Movant respectfully requests that the Court grant the Preservation and Protective relief immediately and treat the scheduling request as severable.

DATED: January 12, 2026

Respectfully submitted,

_____
Avrumi (Josh) Lubin
Defendant, Pro Se (Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record and parties entitled to notice via the Court's CM/ECF system (and/or by such other means as required) on ___01/12___, 2026.

_____
Avrumi (Josh) Lubin