# EXHIBIT 4

Filing # 229455396 E-Filed 08/14/2025 03:31:21 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. **CACE22005125**   DIVISION: **07**   JUDGE: **Haimes, David A (07)**

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

_____/

## ORDER ON JOINT MOTION TO ENDORSE SETTLEMENT

THIS CAUSE came before the Court for hearing on August 13, 2025, on the *Joint Motion to Endorse Settlement Agreement* filed (the "Motion") jointly by: (1) Plaintiffs, FVP Opportunity Fund III, LP, FVP Investments, LLC, and FVP Servicing, LLC (jointly and severally, the "FVP Parties"); (2) Defendants/Cross-Plaintiffs, Franklin Capital Funding, LLC, Franklin Capital Group, LLC, and Franklin Capital Management, LLC (jointly and severally, the "Franklin Parties"); and (3) Defendants, Yisroel Herbst, Mordechai Herbst, and Hi Bar Capital, LLC (jointly and severally, the "Hi Bar Parties"). Present at the hearing were counsel for the FVP Parties, Franklin Parties, and Hi Bar Parties, together with: (1) David Langley, Esq., counsel for Defendant Avrumi "Josh" Lubin ("Avrumi Lubin") and (2) Micheal J. Kasen, Esq, who the Court admitted pro hac vice as co-counsel for Avrumi Lubin prior to the hearing and who participated via Zoom at the hearing in support of the objections filed and otherwise raised by Avrumi Lubin. Other attorneys listened to the hearing regarding the Motion on Zoom but did not participate therein.

After reviewing the Motion and other relevant documents, including the Common Interest and Joint Litigation Agreement ("Common Interest Agreement") between Hi Bar Capital, LLC ("Hi Bar") and Spin Capital, LLC ("Spin"), and the letter terminating that agreement dated April 3, 2024, and after hearing the arguments of counsel for all parties, the Court makes the following findings of fact and conclusions of law:

1. Beginning in the fall of 2022, the FVP Parties, Franklin Parties, and Hi Bar Parties were each parties in Adversary Proceeding No. 22-01218-EPK, which was pending in the United States

Bankruptcy Court for the Southern District of Florida, West Palm Beach Division (the "Bankruptcy Court"). The parties in the adversary proceeding were litigating their respective claims to vehicles removed from the Karma of Palm Beach, Inc. lot by other Defendants in this action, and which were claimed as part of the bankruptcy estate *In re: Auto Wholesale of Boca, LLC,* Case No: 22-15627-EPK, a bankruptcy case which was also pending in the Bankruptcy Court. That bankruptcy case proceeded to a two-day evidentiary hearing in March 2023, after which the Bankruptcy Court converted the case to a Chapter 7. *See* Case No: 22-15627-EPK – [ECF No. 584].

2. On June 23, 2023, pursuant to an agreement between the FVP Parties, Franklin Parties, Hi Bar Parties and the Chapter 7 Trustee, and at the Chapter 7 Trustee's request, the Bankruptcy Court endorsed said agreement, ordered the vehicles sold, and directed that the Net Proceeds from the sale be held as and distributed as follows:

> 8. The proceeds of the Auction, net of the Buyer's Premium, Expenses and Carveout (such net proceeds shall be referred to herein as the "Net Proceeds"), shall be held pending adjudication by a court of competent jurisdiction as to the validity, priority and extent of property interests asserted in the Net Proceeds or consensual resolution between and among the parties whom have appeared in the main bankruptcy case or the Adversary Proceeding and asserted interests therein. Only (i) parties to the Adversary Proceeding Complaint, or (ii) parties that have appeared in the main bankruptcy case and asserted an interest in the Vehicles, may make a claim against the Net Proceeds.

> 9. The Trustee, as the duly appointed chapter 7 trustee of the bankruptcy estate of Auto Wholesale of Boca, LLC, hereby waives all Liens and Interests, including any lien, ownership interest, property interest, security interest, or any other claim (as such term is defined in 11 U.S.C. § 101(5)) or interest of any kind whatsoever in the Net Proceeds and Vehicles. For the avoidance of doubt, the waiver includes any allegation that Auto Wholesale of Boca, LLC was a good faith purchaser of the Vehicles in the ordinary course under Fla. Stat. §§ 671.201(9) and 679.320(1).

> 10. The waiver of the Liens and Interests by the Trustee, as set forth in the preceding paragraph, is binding on Auto Wholesale of Boca, LLC in any future controversy, litigation, or any other dispute arising from or concerning the Net Proceeds. Auto Wholesale of Boca, LLC does not possess any Liens or Interests in the Net Proceeds, including any lien, security interest, or ownership or property interest whatsoever.

[See *Order Granting in Part Expedited Motion to Authorize Sale* [ECF. 618] at [ECF. 694] at ¶ ¶ 6, 8 and 10]. (the "Bankruptcy Court Sale Order"). The terms "Adversary Proceeding" and "Net Proceeds" shall have the meanings ascribed to them in the Bankruptcy Court Sale Order.

3. Thus, per the Bankruptcy Court Sale Order, the Net Proceeds were to be held in the registry of the Bankruptcy Court pending the occurrence of either: (i) adjudication by a court of competent jurisdiction as to the validity, priority and extent of interests in the Net Proceeds, or (ii) "consensual resolution between and among the parties whom have appeared in the main bankruptcy case or the Adversary Proceeding and asserted interests therein."

4. On July 26, 2025, the FVP Parties, Franklin Parties, and Hi Bar Parties entered into the consensual resolution (the "Settlement Agreement") contemplated by Bankruptcy Court Sale Order and filed a motion for the Bankruptcy Court to release the Net Proceeds pursuant to the consensual resolution. In response, Avrumi Lubin filed objections in the Bankruptcy Court and argued that Avrumi Lubin was the assignee of Hi Bar's rights and that Hi Bar had no authority to enter into the Settlement Agreement. In support of Avrumi Lubin's argument, he filed of record the Common Interest Agreement and an assignment of Spin's rights to Avrumi Lubin.

5. The Bankruptcy Court initially denied the FVP Parties', Franklin Parties', and Hi Bar Parties' joint motion for release of the funds, and after reconsideration, ultimately denied such motion, on the basis that it lacked subject matter jurisdiction to consider the dispute raised by Lubin regarding the enforceability and termination of the Common Interest Agreement.

6. In doing so the Bankruptcy Court specifically referred the dispute between Avrumi Lubin and Hi Bar to this Court as the court with jurisdiction to "determine which of the Movants and Mr. Lubin have rights in the Net Proceeds. The Court encourages the parties to seek appropriate rulings in the Broward Action." See *Order Denying Expedited Joint Motion*, [ECF. 952] at p 9.

7. This Court reviewed the Common Interest Agreement as well as a termination letter issued by the attorney for Hi Bar on April 3, 2024 and heard detailed argument by counsel for Avrumi Lubin, the Hi Bar Parties, FVP Parties and Franklin Parties.

8. This Court finds that Avrumi Lubin has no rights or standing to interfere with the Hi Bar settlement based on the plain language of the Common Interest Agreement. The Court further finds that the Common Interest Agreement was terminated by Hi Bar on April 3, 2024. The Court further notes that Avrumi Lubin took no action to refute Hi Bar's contractually permitted termination until the FVP Parties, Franklin Parties, and Hi Bar Parties came to a Settlement Agreement.

9. The Court finds that Hi Bar had the power and authority to enter into the Settlement Agreement with the FVP Parties and Franklin Parties. Avrumi Lubin, on the other hand, has no right or standing to object to the Settlement Agreement.

Accordingly, and for the reasons stated on the record at the August 13, 2025 hearing (court reporter present), which are incorporated herein by reference, it is hereby:

**ORDERED AND ADJUDGED** as follows:

10. This Court is the court of competent jurisdiction to resolve the dispute between Hi Bar and Avrumi Lubin as contemplated by the *Order Denying Expedited Motion* [ECF. 952] issued by the Bankruptcy Court.

11. This Court has reviewed the Common Interest Agreement, the termination letter and applicable law and has determined that neither Avrumi Lubin, nor any of this affiliated entities, have any rights to the Net Proceeds as that term is defined in the *Bankruptcy Court Sale Order* [ECF. 694] and *Order Denying Expedited Joint Motion*, [ECF. 952].

12. The Joint Motion to Endorse Settlement Agreement filed by the FVP Parties, Franklin Parties, and Hi Bar Parties is hereby **GRANTED** in its entirety.

13. Pursuant to the Settlement Agreement between the FVP Parties, Franklin Parties, and Hi Bar Parties, as stated to this Court on the record, the Net Proceeds should be distributed to the trust account of counsel for the FVP Parties.

14. This Court contemplates that this Order shall be filed of record in the Bankruptcy Court to inform the Bankruptcy Court that the dispute between Avrumi Lubin and Hi Bar regarding their relative rights in the Net Proceeds in the court registry has been resolved by a court of competent jurisdiction.

15. The FVP Parties, Franklin Parties, and Hi Bar Parties shall serve a copy of the Settlement Agreement on counsel for Avrumi Lubin and the Farache Defendants within five (5) days of this order.

16. The *ore tenus* motion to stay the effect of this order made by counsel for Avrumi Lubin is **DENIED**. As time is of the essence, this order shall have immediate effect and is binding unless vacated by court order or stayed by an appropriate court of appellate jurisdiction.

17. This Court retains jurisdiction to enforce this order as required.

Case Number: CACE22005125

**DONE AND ORDERED** in Chambers at Broward County, Florida on 14th day of August, 2025.

CACE22005125 08-14-2025 3:31 PM

CACE22005125 08-14-2025 3:31 PM
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

**Copies Furnished To:**
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Amanda Klopp , E-mail : jeanette.martinezgoldberg@akerman.com
Amanda Klopp , E-mail : luke.bovat@akerman.com
Amanda Klopp , E-mail : amanda.klopp@akerman.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Avrumi Lubin , E-mail : josh@spincapital.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Beth Anne Black , E-mail : alex.amburgy@gtlaw.com
Beth Anne Black , E-mail : blackb@gtlaw.com
Beth Anne Black , E-mail : WPBLitDock@gtlaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law
Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Bridgette N. Thornton, Esq. , E-mail : freelancethornton@gmail.com
Charles Bennardini , E-mail : jam@kwblaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
Charles Gourlis , E-mail : kzelaya@letolawfirm.com
Charles Gourlis , E-mail : pleadings@letolawfirm.com
David B Marks , E-mail : brett.marks@akerman.com
David B Marks , E-mail : charlene.cerda@akerman.com
David W Langley , E-mail : emily@flalawyer.com
David W Langley , E-mail : dave@flalawyer.com
David W Langley , E-mail : jessica@flalawyer.com
Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com
Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com

Case Number: CACE22005125

Elliot B Kula , E-mail : elliot@kulalegal.com
Ethan J Strauss , E-mail : ethan@floridajusticefirm.com
Ethan J Strauss , E-mail : Ethan.HYRW@case.tinygnomes.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel L. Wiegert, Esq. , E-mail : Joel.Wiegert@KutakRock.com
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan E Kanov , E-mail : jekanov@mdwcg.com
Jonathan E Kanov , E-mail : kafriday@mdwcg.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Keith Lee , E-mail : klee@feenixpartners.com
Kristin Zankl , E-mail : kzankl@att.net
Legal Assistant , E-mail : receptionwlg300@gmail.com
Luke T Jacobs , E-mail : service@wdpalaw.com
Luke T Jacobs , E-mail : ljacobs@wdpalaw.com
Marc Evan Brandes , E-mail : lbevans@kfb-law.com
Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com
Mark C Perry , E-mail : maureen@markperrylaw.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Michael James McMullen , E-mail : Michael@FloridaJusticeFirm.com
Michael James McMullen , E-mail : McMullen.ZCKM@case.tinygnomes.com
Nelly Pena , E-mail : janet.mcmurray@fmglaw.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Robert M Klein , E-mail : janet.mcmurray@fmglaw.com
Rose Mahdavieh , E-mail : rose.mahdavieh@gtlaw.com
Salvatore Fazio , E-mail : salfaziolaw@gmail.com
Salvatore Fazio , E-mail : sfazio@500law.com
Salvatore Fazio , E-mail : docketing@500law.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com

Case Number: CACE22005125

Steven Harry Meyer , E-mail : ross@professionalparas.com
Steven Harry Meyer , E-mail : steven@thefirm.legal
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com

# EXHIBIT 5

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CASE NO. CACE-22-005125

FVP OPPORTUNITY FUND, III, LP, a
Delaware limited partnership, et
al.,

        Plaintiffs,

  -vs-

KARMA OF BROWARD, INC., A Florida     CONSOLIDATED CASE
corporation, et al.,                 NO.:
                               CACE-22-006401

        Defendants.
_____/

HI BAR CAPITAL, LLC, a New York
Limited liability company,

        Plaintiff,

v.

KARMA OF PALM BEACH, INC.,
A Florida corporation, et al.,

        Defendants.
_____/

ZOOM HEARING BEFORE THE HONORABLE JUDGE HAIMES

Wednesday, September 3, 2025

8:45 AM - 9:45 AM

Reported By:
KIMBERLY SULLIVAN, CR
Notary Public, State of Florida
BAILEY ENTIN REPORTING, LLC
Fort Lauderdale Office
Phone - 954-745-9511

APPEARANCES:

On behalf of Plaintiff   FVP Opportunity Fund, III, LP,:
   JERRELL BRESLIN, ESQUIRE
   Baron Breslin & Sarmiento Attorney At Law
   169 East Flagler Street
   Suite 700
   Miami, Florida 33132
            -and-
   MICHAEL MCMULLEN, ESQUIRE,
   COHEN & MCMULLEN, P.A
   1132 SE 3rd Avenue
   Fort Lauderdale, Florida 33316
            -and-
   ROBERT BUSCHEL, ESQUIRE
   BUSCHEL GIBBONS, P.A.
   501 East Las Olas Boulevard, Suite 304
   Fort Lauderdale, Florida 33301


On behalf of Defendant Moshe Farache:
Scott Gherman, Esquire
902 Clint Moore Road
Suite 120
Boca Raton, Florida 33487
            -and-
Charles Bennardini, Esquire
Boca Corp Plaza, Suite 140
7900 Glades Road
Boca Raton, Florida 33434


On behalf of Defendant Avrumi Lubin:
Avrumi Lubin, Pro Se

ALSO PRESENT:
David Langley, Esquire
Michael Kasen, Esquire
Joel Arestsy, Esquire
                        -  -  -

Page 3

(The following proceedings were held:)

THE COURT: We're on record in Case CACE-22-51525, FVP Opportunity Fund III, LP, et al. v. Scott Zankl, et al.

Can I get appearances? We'll start with the plaintiff.

MR. BRESLIN: Yes. Good morning, Your Honor Jerry Breslin, for the FVP parties.

THE COURT: Good morning, Mr. Breslin.

MR. BRESLIN: Mr. McMullen also is present, and I'm not sure if Mr. Buschel is here -- all for the FVP parties.

MR. MCMULLEN: Good morning, Judge.

THE COURT: Good morning. It's Michael McMullen, and then -- I'm sorry -- the third one? Is the third one here?

MR. BRESLIN: I don't see him.

THE COURT: All right. And then is Mr. Zankl here?

MR. BRESLIN: I do not see him either, Judge.

THE COURT: He's a no-show. I know he does not have an attorney.

All right. Codefendants -- who wants to go first?

MR. BENNARDINI: Good morning, Your Honor.

Page 4

Charlie Bennardini, on behalf of Lisa Farache, Moche Farache, 1001 Clint Moore, and nominal defendant, Auto Wholesale of Boca Raton -- of Boca, and with me today is my cocounsel, Scott Gherman.

MR. GHERMAN: Good morning, Your Honor. Scott Gherman on behalf of Mr. Farache.

THE COURT: All right. Good morning, Mr. Bennardini and Mr. Gherman, on behalf of the Faraches.

Okay. And then anyone else?

MR. LANGLEY: Good morning, Your Honor. David Langley. I'm currently cocounsel for Mr. Lubin. I'm here on my motion to withdraw.

THE COURT: Good morning.

MR. BUSCHEL: Judge, Robert Buschel on behalf of the plaintiffs. I'm here.

THE COURT: Okay. Good morning, Mr. Buschel.

Mr. Langley, you're cocounsel. How about your other cocounsel?

MR. KASEN: Good morning, Your Honor. Michael Kasen, Kasen & Kasen & Kasen & Kasen, also withdrawing attorney for Lubin.

THE COURT: All right. You're both Lubin withdrawals; correct?

MR. KASEN: That's right, Your Honor.

Page 5

MR. LANGLEY: Correct.

THE COURT: Yeah, there's two separate motions. That was also on for motion calendar this morning.

All right. Any other codefendants?

MR. BRESLIN: Your Honor, I see Mr. Lubin is here. He's muted.

MR. LUBIN: Josh Lubin on behalf of myself.

MR. ARESTY: Your Honor, my name is Joel Aresty, A-R-E-S-T-Y. I had appeared in the case some time ago for a corporate defendant. I have not been involved in the case since, but I'm here to observe and comment because of the motions to withdraw. Thank you.

THE COURT: All right. You can observe, but you're not an attorney of record. I don't know if you can comment.

MR. ARESTY: I believe I filed an appearance for Spin, Judge, some time ago, the corporation, which I don't believe is otherwise represented.

THE COURT: All right. Anyone else on the case?

Usually, Mr. Leto is here. They're out?

MR. BRESLIN: That matter is very close to being finalized, Judge. So we'll be filing some motions and dismissals very shortly.

Page 6

THE COURT: All right. So I think there was one other set of codefendants, too, that usually appear, but I think they're also in the same boat; right?

So, let me address the motion for a case management. That's Mr. Bennardini and Mr. Gherman?

MR. BENNARDINI: Yes, Your Honor. Good morning. We're specially set for trial the week of September 29th.

THE COURT: That's correct.

MR. BENNARDINI: Recently, Mr. Breslin and his cocounsel, Mr. Gherman and I, and all of our clients have agreed to go to mediation on Saturday, September 13th, with Mr. Harry Schaefer.

Now, we hope to be successful, but just in case we are not, there are -- we have four summary judgment motions pending. The trial court order required that such dispositive motions be filed by July 30th. We complied.

The new one -- not so new anymore -- but 1.510 says, "Hearings cannot be set until 50 days thereafter." So we're here asking the Court to set a case management conference the week of September 15 to have those four motions heard if the Court is available.

Page 7

And then also, in my motion, I list eight motions in limine and Daubert motions for each side. And Your Honor's trial order -- and I know you like to hear motions in limine and Daubert right before trial. So the point of my motion is to specially set the summary judgment motions after September 13th, just in case we settle, and then we won't need them. Don't want to spend the time and expense. Your Honor has commented several times that this case has cost the clients a bunch of money.

So if we can save that money by settling at mediation, we will. But the bottom line is if you would please give us a special set for a case management conference the week of September 15th.

And we would like to be assured we're starting September 29th. There's some -- I don't know what's going on with the matters in front of us, but it would -- we would be better prepared and ready to go if we are sure we're starting September 29th, absent mediation settlement.

Thank you, Judge.

THE COURT: Everyone else is in agreement? Or I guess --

MR. BRESLIN: Judge, for the FVP parties, I

Page 8

think what we'd like, Judge, is for you to give us like three hours sometime, I guess, the week of the 15, just in case the matter does not resolve so you can hear all the motions for summary judgment and any other motions that you think the Court deems appropriate at that time.

THE COURT: Okay. How about this? It looks like you're other one is resolving; so that's not going to go to trial the week of the --

MR. BRESLIN: Judge, no. I want to make that clear. There are several defendants in the Trial Part 1. These are the New York defendants. There's the Hi Bar parties. There's Mr. Lubin, there's Mr. Getter and Spin. So the Hi Bar parties will be partially resolved.

THE COURT: Let me ask you -- let me cut to the chase on this. All right. The week of the 22nd -- the 23rd, the courthouse is closed for Rosh Hashanah.

MR. BRESLIN: Right.

THE COURT: My suggestion is to start on the 24th. All right?

MR. BRESLIN: That's fine, Judge. That's the Lubin trial. That's the Spin trial.

THE COURT: Yes. That should be shorter now;

Page 9

right? It should only be --

MR. BRESLIN: Yes.

THE COURT: Okay.

MR. BRESLIN: Three or four days.

THE COURT: So then what I'm going to do is put the motions for summary judgment for the Farache dispute, I guess, put those on for Monday the 22nd.

MR. BRESLIN: That would be perfect, Judge.

MR. LUBIN: That is perfect, Judge.

THE COURT: All right. And I'll put those on. Okay. We'll put them on at 9:00 in the morning.

MR. LUBIN: Yes, sir.

MR. BRESLIN: Could we make it 10:00, Judge?

THE COURT: That's fine. Not a problem.

MR. BRESLIN: Thank you. Because I will need to be there in person. It's just a different world getting there at 10:00 as opposed to 9:00.

THE COURT: Okay.

MR. LUBIN: So, Your Honor, if they start Trial 1 on the 24th, they'll go four days, and we'll start immediately thereafter?

THE COURT: Yeah, three days; right?

MR. BRESLIN: It will be -- it will be the -- yes, Judge. I don't -- it's not going to take nearly as long as the Farache trial. You know how

Page 10

trials go, Judge? There are a lot of exhibits. It just really depends on how things turn out with the pretrial stipulation, which I will discuss with Mr. Lubin shortly after today's hearing.

So I anticipate it will go quickly, three or four days.

THE COURT: And then right after. But hopefully, you will be able to get things worked out, at least more of it anyway.

MR. BRESLIN: Yes, sir.

THE COURT: All right. So right now, I have you down for September 22nd, at 10:00 a.m., all pending motions, so set all your motions for summary judgment.

MR. LUBIN: What do you want to do with the motions in limine, Your Honor?

THE COURT: I'll take those up at the time unless if something where -- if it's a Daubert motion and you want me to take testimony, I will do it on that day as well.

MR. LUBIN: Thank you, Judge.

MR. BRESLIN: All right.

THE COURT: Good luck at mediation.

MR. BRESLIN: We hope so, Judge. Thank you. And then next is the motions to withdraw for

Hearing before Judge Haimes

FVP OPPORTUNTY FUND III, LP, a Delaware limited partnership v. HI BAR CAPITAL LL

Page 11

Mr. Lubin. I take it Mr. Lubin is here. You have no objection to --

MR. LUBIN: I have no objection.

THE COURT: Okay.

MR. LUBIN: I just need 45 seconds of your time, Your Honor.

Your Honor, on August 13th, made it very clear that you're not going to rule on whether the comment interest agreement was terminated or not, and Mr. Breslin snuck in three sentences into Your Honor's order that was signed and says the common interest agreement was terminated. Mr. Lubin has no rights to the common interest agreement, and it was terminated per the April 14th -- April 2020 form letter sent by Leto, which Your Honor said multiple times on the transcript, which I have in front of me, that you're not going to rule on that, and that's an issue that may have to get resolved in New York.

That's an issue that basically Mr. Langley and Mr. Kasen filed an emergency clarification motion, or something like that, for Your Honor to correct the order and filed a motion to withdraw a few hours later. And that was never set for a hearing.

My only objection is -- I don't mind if the

Page 12

attorneys go out. I'm going to have to get new counsel. I'm going to need some time, but that's the only thing that I need today. It needs to get corrected because it contradicts Your Honor's own words, and Mr. Breslin should have never snuck in language like that into an order which -- yeah, it completely contradicts what went on in the hearing.

I have no objection to the settlement. Your Honor made it very clear whether Mr. Lubin can object to the parties settling, but you said you were not going to -- you made it clear a few times that you're not going to determine whether this agreement was terminated or not. That's an issue for a separate day.

I'm just asking Your Honor if that's an emergency issue that needs to get corrected before the attorneys get let out. Like that's -- yeah, that's priority.

THE COURT: Mr. Breslin?

MR. BRESLIN: Judge, that matter was not set for hearing today. I'm not at all sure what Mr. Lubin is referring to. We're here today on motions to withdraw. And I'm not prepared today --

(Simultaneous speakers.)

THE COURT: -- motion for clarification is

Page 13

resolved.

MR. BRESLIN: I'm sorry, Judge?

THE COURT: He didn't want the motions to withdraw ruled on until the motion for clarification is resolved.

MR. BRESLIN: Well, that's entirely -- that's entirely up to Your Honor and counsel that are seeking to withdraw. I don't know if I have a voice in that, but Your Honor issued an order that was very clearly supported by the transcript. That matter has already gone to the bankruptcy court. The bankruptcy court has already issued its order. That matter is concluded.

I'm not sure what Mr. Lubin is getting at here, but, you know, that matter is not before Your Honor this morning; so I'm not prepared to address any requests to change any prior orders.

So that said, Judge, I'm prepared to address the motions to withdraw. I mean, we're starting the trial on Mr. Lubin's case on the 24th, as Your Honor just indicated.

Mr. Langley and Mr. Kasen are -- just so the record is clear, Judge: Mr. Lubin has had seven attorneys in the past year. And Mr. Lubin has filed a notice of appearance for himself pro se. Mr.

Page 14

Langley and Mr. Kasen both appeared as his cocounsel. So Mr. Lubin is pro se. He's filed a notice of appearance.

MR. LUBIN: Mr. Breslin, you're distracting the Judge.

MR. BRESLIN: Please don't interrupt me. Mr. Lubin, please don't interrupt me.

THE COURT: Hang on. We're here on a five-minute hearing.

Let me do this. Mr. Lubin, this is what the order had said, "The Court has reviewed the common interest agreement and the termination letter and applicable law and has determined that neither Avrumi Lubin nor any of the affiliated entities have any rights to the net proceeds as that term is defined in the bankruptcy court sale order, and order denying expedited joint motion. That was what the order was. I think you're worried about some language that was --

MR. LUBIN: The order did not say that, Your Honor. The order said the exact opposite.

THE COURT: That's what -- I'm reading right from the order. I guess, part of the --

MR. LUBIN: Are you talking about the bankruptcy order or your order?

Page 15

THE COURT: Yeah, my order.

MR. LUBIN: Right. The bankruptcy order said the exact opposite of your order.

THE COURT: No. The bankruptcy said it's up to another jurisdiction to determine --

MR. LUBIN: And the --

(Simultaneous speakers.)

THE COURT: -- and I determined that you did not.

Now, if there's other issues with respect to that, that don't affect the bankruptcy case, you can still litigate those.

MR. LUBIN: I know, but it completely contradicts Your Honor's own words. It says I have no right to the proceeds. Your Honor never said I have no rights to the proceeds. You said --

THE COURT: You had no right to contest in the bankruptcy court that it was -- and that was -- I will make it a ruling that, based on what was presented to me, that the proper parties to be able to negotiate that settlement were the proper parties. And so --

MR. LUBIN: With all due respect, I'm bringing up one issue. First of all, Judge Kimball mentioned the exact opposite. He said that it appears that

Page 16

the validity of the common interest agreement has to be determined, and if the agreement is valid, Lubin is the movant, not Hi Bar.

THE COURT: All right. So your motion for clarification is denied. All right.

So in light of that, I take it there's no reason --

MR. LUBIN: Can you correct --

THE COURT: -- for Mr. Langley or Mr. Kasen to still be on the case; correct?

MR. LUBIN: Your Honor, can you correct it where it says the agreement was terminated? You said you weren't going to rule on that.

THE COURT: I don't think it says the agreement was terminated.

MR. LUBIN: It does. It says the agreement was terminated -- read the order -- per the April 14th letter.

THE COURT: Where does it say that in the order?

MR. LUBIN: It says that -- here, I'll pull it up right now. It says Mr. Lubin has no rights to the proceeds.

THE COURT: Yep.

MR. LUBIN: And it says that the agreement was

Page 17

termination per the April 14th Leto letter.

THE COURT: Where does it say that? Where are you reading from?

MR. LUBIN: I'm pulling it up right now. If you scroll all the way down -- hold on.

The Court finds Mr. Lubin has no rights -- on paragraph 8 -- to interfere with the Hi Bar settlement. Language of the common interest agreement: The Court further finds that the common interest agreement was termination by Hi Bar on April 3rd, 2024. The Court further notes that Mr. Lubin took no action to refute Hi Bar's purported termination until the FVP parties -- Franklin parties and Hi Bar -- came to a settlement agreement.

That completely contradicts the record on a motion for summary judgment that was filed like six months ago, and it contradicts Your Honor's own words. I'm not trying to make any --

MR. BRESLIN: Judge --

(Simultaneous speakers.)

MR. LUBIN: -- over here. I'm just bringing up --

MR. BRESLIN: Judge --

MR. LUBIN: -- something that's very clear.

Page 18

MR. BRESLIN: Judge, I think this is highly inappropriate. Mr. Leto is not here. Mr. Leto testified. He submitted the termination letter to Your Honor.

THE COURT: Yeah, and the ruling was that with respect to the settlement that was in the bankruptcy court --

MR. LUBIN: I don't object to that. I don't object to the settlement. Just take the correct order for the agreement was terminated.

THE COURT: I won't say the Court finds that. I'm just going to say that the Court notes.

MR. LUBIN: Yes.

THE COURT: It was not meant to be a finding, but it was the background. So the only thing that I'm going to correct is on paragraph 8 instead, of "the Court finds that" -- "the Court notes that." All right? It's not a finding. I didn't have to make that finding to do that because what I did find was that you had no rights or standing to interfere --

(Simultaneous speakers.)

MR. LUBIN: -- the settlement.

THE COURT: All right.

MR. LUBIN: So I can basically have a new

Page 19

attorney? I can get the transcript for this hearing? And Your Honor is correcting it; that the Court notes that information? It's not a finding?

THE COURT: Yes.

MR. LUBIN: Yes.

THE COURT: The bottom line is that I'm not sure how it would affect anything else because --

(Simultaneous speakers.)

MR. LUBIN: -- litigating it.

THE COURT: What was presented before me is who was the proper party to be able to enter into that settlement, and I found that.

MR. LUBIN: Right. I don't object. No problem.

THE COURT: If you look at the order and the judge. All right? The order and the judge.

MR. LUBIN: It would prevent me from suing Hi Bar if Your Honor already made a finding that --

THE COURT: Yeah.

MR. LUBIN: -- the agreement was termination.

THE COURT: I had no issues with you suing Hi Bar or whatnot. That was separate.

But as far as for the purposes of the bankruptcy proceedings and the Court making a determination, the Court's determination -- and I

Page 20

think it's clear in paragraph 11.

MR. LUBIN: That I don't have any right to object to a settlement. No problem.

But you're correcting paragraph 8 that the Court notes?

MR. KASEN: Your Honor, if I may, Michael Kasen, withdrawing attorney for Mr. Lubin.

Attached to the motion for clarification and also previously emailed to Your Honor's judicial assistant was a draft of the suggested order that corrected this particular language and other language that was similarly inserted into the order that we felt wasn't part of the record and may create future problems for Mr. Lubin related to his ultimate rights.

Not necessarily related to the funds that were held by the bankruptcy court and Mr. Lubin's ability to object to the settlement, but specifically towards to -- that may bar Mr. Lubin from taking other actions at other times.

So if Your Honor wants to take a look at the motion for clarification, there should be attached to that motion a draft order.

And the issue really arises because Mr. Breslin submitted the order to Your Honor without running it

Page 21

by opposing counsel, which, as noted in both the letter to your judicial assistant and in the motion for clarification, it is contrary to Florida rules.

Had that not happened, we wouldn't be here because we would have been able to work out the language that actually reflected Your Honor's ruling rather than the language that Mr. Breslin single-handedly decided to insert into the order.

MR. BRESLIN: Judge, number one, that's --

MR. LUBIN: Jerry, it's not --

MR. BRESLIN: -- wholly inappropriate. Mr. Lubin, do not interrupt me.

THE COURT: Stop. I am cutting you all off. So I'm going to do a separate order. I'm just going to do a quick motion.

The order on the motion for clarification, it's denied, except I want to clarify paragraph 8, all right? But the Court's ruling -- order and adjudged remains the same.

MR. LUBIN: Your Honor, can you tell me how it's going to --

THE COURT: I will look at it again. I'm going to look at your motion, and I'm just going to address it then, but the motion for clarification is otherwise denied.

Page 22

So in light of that, Mr. Langley and Mr. Kasen --

MR. LUBIN: Can I ask one thing? I need time to get an attorney.

THE COURT: You'll have time. So I'm going to grant the motions to withdraw. You do have a trial coming up in three weeks; so how much time do you need?

MR. LUBIN: I need 30 days to get an attorney.

MR. BRESLIN: Your Honor --

THE COURT: 30 days.

MR. BRESLIN: Your Honor, Mr. Lubin -- if I may, Judge, Mr. Lubin has had seven years in the past year.

THE COURT: I know. You've already brought that up.

MR. BRESLIN: And Judge Tuter entered an order back in January, saying that Mr. Lubin had 30 days to get a new attorney or he needs to file an appearance pro se.

Judge, Mr. Lubin filed a notice of appearance pro se twice -- one in January, another one in April. Mr. Lubin has filed a motion, too, last week as the pro se attorney.

Judge, this case has been specially set for at

**Page 23**

least a year, and the trial is going to start shortly. And this is just another tactic. There have been seven attorneys in the past year. Seven. And they get hired, and then they withdraw, and then they want to get more time.

But Mr. Lubin, just so the record is clear -- Mr. Langley is not Mr. Lubin's attorney. He's Mr. Lubin's cocounsel, if you look at his notice of appearance, the same as Mr. Kasen. They're withdrawing as his cocounsel. They can withdraw as his cocounsel, but that means Mr. Lubin is pro se.

If he wants to hire an attorney to come in and help him litigate this case, he can certainly do that, Judge.

But, Judge -- Judge, I couldn't more vigorously object to this trial being --

THE COURT: You've already done that.

Mr. Lubin, so you have no objection to your attorneys withdrawing; correct?

MR. LUBIN: I have no objection. I just need time for an attorney.

And for Mr. Breslin's --

THE COURT: Your trial is set for September 24th. Have at it. You don't get 30 days. All right? So --

**Page 24**

MR. LUBIN: How many days do I get?

THE COURT: -- today is September 3rd; so it looks like you have 21 days.

MR. LUBIN: I'm going to go to trial with an attorney having no preparation for it or?

THE COURT: You can represent yourself as well. All right?

MR. LUBIN: I'm not a lawyer.

THE COURT: Or you can talk to Mr. Langley or Mr. Kasen and see if they want to stay on. All right. But your trial is --

MR. LUBIN: Can Your Honor just make it clear how you're clarifying? Is that something that you have to review separate?

THE COURT: I'm just going to look at the order. I'm going to look at it.

MR. LUBIN: And you're going to upload an order --

THE COURT: I understand your issues with that. I will resolve that. So if you want to let Mr. Langley off and Mr. Kasen off, that's up to you. If you want to keep them on so you have an attorney for trial, but your trial is September 24th.

MR. LUBIN: If I tell you to keep them on, they have to stay on? How does that work?

**Page 25**

THE COURT: Well, you've got to pay them. So I don't know what your issue is between -- I don't know what the irreconcilable differences are.

Let me ask Mr. Langley and Mr. Kasen, are you both still moving to withdraw?

MR. KASEN: I am, Your Honor.

MR. LANGLEY: Judge, yes.

Judge, as I mentioned in my motion -- and I can articulate it further if you require -- in my case, it's mandatory withdrawal.

THE COURT: All right.

And Mr. Kasen?

MR. LANGLEY: Under the Florida Rules of Professional Conduct 4-1.16. And I can tell you that I spent a good bit of time yesterday with the Florida Bar Ethics Hotline confirming that, and I would be happy to get into that if you wish, but I need to withdraw.

MR. KASEN: Your Honor, I'm of the same opinion.

THE COURT: And you have the same issue?

MR. LUBIN: Your Honor, just to make something clear: There's an issue with Spin Capital's rights over here, the way they're assigned to one of the Franklin Capital, which is why I had to go

**Page 26**

through so many attorneys, and I didn't discover this issue until a few months ago.

Spin Capital doesn't have a right to defend these actions because the plaintiff bringing the actions claims the rights to defend those actions from an assignment that's listed in the case. That's the reason why I went through so many attorneys.

And Judge Tuter mentioned that I have to report -- which I didn't, he told me I have to report my attorneys to the Bar because they didn't show up to hearings and they were ignoring me because they got stuck in a position -- I think it's malpractice -- where they didn't have a right to defend Spin Capital, and the engagement letter was with me.

So this is not -- like, Mr. Breslin is trying to make me look like a bad guy. This is a very complicated situation, where I have to get a malpractice attorney to deal with it. And it's very hard to be represented if I don't have the right to defend -- if Spin doesn't have the right to defend itself because the party bringing the lawsuit owns those rights.

THE COURT: So 4-1.16 --

MR. LANGLEY: Yes, Judge. And I uploaded that

Hearing before Judge Haimes

FVP OPPORTUNTY FUND III, LP, a Delaware limited partnership v. HI BAR CAPITAL LL

Page 27

to your inbox yesterday. And Bar counsel --

THE COURT: Which cell?

MR. LANGLEY: I'm sorry?

THE COURT: Which cell? (a)(1) through (5).

MR. LANGLEY: There's a section on mandatory withdrawal. And where Bar counsel referred me to where the comment section under mandatory withdrawal, the last couple of sentences.

"The Court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient."

I can't get into the conversations that I've had one-on-one with Mr. Lubin. I can tell you, Judge, that in emails that he sent to the Department of Justice, he's accused me of all kind of things, including malpractice and criminal activity and various things like that. I ethically can no longer represent Mr. Lubin.

THE COURT: Okay.

MR. LANGLEY: Yes.

THE COURT: And the same applies to Mr. Kasen?

Page 28

MR. LANGLEY: I believe it does.

THE COURT: Mr. Kasen?

MR. KASEN: I believe it does as well, Your Honor.

Further, as Your Honor knows, I have been admitted into this case pro hoc vice, as Mr. Langley, as my local counsel. So if Mr. Langley were to be removed, I would no longer have a sponsoring local counselor, even if I were willing to remain and continue to represent Mr. Lubin.

THE COURT: All right. I'm going to grant the motion to withdraw. You have 15 days, Mr. Lubin, but either way, whether you have counsel or not, you're more than welcome to show up and represent yourself.

It sounds like you're incredibly bright.

MR. LUBIN: I unfortunately have been going through this for three years. I know a little bit about law, but yeah.

THE COURT: Sometimes pro ses do better than the attorneys because they know the case the best. So anyway, we will see you --

MR. LUBIN: What? Represent myself without exhibits or anything? Just say my story?

THE COURT: Well, I can't be your attorney,

Page 29

though.

MR. LUBIN: Obviously but --

THE COURT: You're going to have to roll up your sleeves and figure it out yourself. All right. Good luck to you.

MR. LUBIN: Has it been done before, or no?

THE COURT: I need to move on.

So I'm granting both motions to withdraw. All right. You have the summary judgment dates for the 22nd for the Farache matter and --

MR. LUBIN: How long would I expect for Your Honor to upload a corrected order? Like, a few days? How long?

THE COURT: All right. I will take care of that. All right. Good luck to you all.

All right.

MR. BRESLIN: Thank you, Your Honor.

THE COURT: You all have a great day.

MR. LUBIN: Thank you.

THE COURT: Actually, I do need Mr. Kasen. Let Mr. Kasen know and Mr. Langley know they need to upload their order granting the motion.

MR. BRESLIN: I will do that, Judge.

THE COURT: Of course.

(The hearing was concluded at 9:45 AM.)

Page 30

- - -

Page 31

CERTIFICATE

- - -

I, KIMBERLY SULLIVAN, Court Reporter, State of Florida at Large, certify that I was authorized to and did report the foregoing proceedings and that the transcript is a true and complete record of my notes.

Dated this 3rd day of September, 2025.

_____

KIMBERLY SULLIVAN, CR

# EXHIBIT 6

Page 1

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

Case No. CACE-22-005125

FVP OPPORTUNITY FUND III, LP, A DELAWARE
LIMITED PARTNERSHIP; FVP INVESTMENTS, LLC,
A DELAWARE LIMITED LIABILITY COMPANY; AND
FVP SERVICING LLC, DELAWARE LIMITED
LIABILITY COMPANY,

        Plaintiffs,

vs.

KARMA OF BROWARD, INC.,
a Florida corporation, et al.,

        Defendants.
_____/
HI BAR CAPITAL, LLC, a New York
limited liability company, et al.,
        Plaintiff,

V                Case No. CACE-22-06401
KARMA OF PALM BEACH, INC.,
a Florida corporation, et al.,
_____/


        Judge David Haimes
        Via Zoom
        September 10, 2025
        8:45 a.m. to 9:35 a.m.

    MOTION TO VOLUNTARILY DISMISS CASE


        Reported By:
    Cheryl L. Jenkins, RPR, RMR

APPEARANCES:

SCHWARTZ BRESLIN, by
JERRELL "JERRY" BRESLIN, Esquire
On behalf of the Plaintiffs, FVP Opportunity Fund III,
LP, a Delaware Limited Partnership; FVP Investments,
LLC, a Delaware Limited Liability Company; and FVP
Servicing LLC, Delaware Limited Liability Company

LETO LAW FIRM, by
MATTHEW LETO, Esquire
On behalf of the Defendant, Hi Bar

SHRAIBERG PAGE, by
PATRICK DORSEY, Esquire
On behalf of Franklin Capital Funding
and Franklin Capital Group

STANLEY CASEY, Esquire
On behalf of Avrumi Lubin
ALSO PRESENT
JOSH LUBIN

THE COURT: All right. FVP Opportunity Fund, et al., versus Scott Zankl.

Do we have a court reporter?

COURT REPORTER: Yes, Judge.

THE COURT: Cheryl Jenkins.

COURT REPORTER: Cheryl Jenkins, yes, from Ouellette & Mauldin.

THE COURT: Ouellette & Mauldin.

COURT REPORTER: Thank you.

THE COURT: All right. Good morning.

All right. We're on the record on CACE-22-5125, FVP Opportunity Fund, III, LP, et al., versus Scott Zankl, et al.

Can I get appearances? Let me start with the plaintiffs.

MR. BRESLIN: Yes. Good morning, Judge. Jerry Breslin for the FVP parties.

THE COURT: Good morning, Mr. Breslin, and then for -- anyone else with you today?

MR. BRESLIN: No, your Honor.

THE COURT: All right. You have minimal involvement today.

All right. How about, is Scott Zankl here?

(No verbal response.)

THE COURT: Nope, it doesn't look like it.

All right. How about for the co-defendants?

MR. DORSEY: Good morning, Judge. Patrick Dorsey on behalf of the movants this morning, the Franklin parties.

THE COURT: Good morning, Mr. Dorsey.

MR. LETO: Good morning, your Honor. May it please the Court. Matthew Leto on behalf of the Hi Bar defendants.

THE COURT: Good morning, Mr. Leto.

MR. CASEY: Good morning, your Honor. Stanley Casey on behalf of Mr. Lubin.

THE COURT: All right. Good morning, Mr. Casey.

Is Mr. Lubin also here? Yep, there he is.

MR. LUBIN: Yeah, Mr. Lubin here on behalf of myself.

THE COURT: All right. Well, you have an attorney now, I think. Mr. Casey, are you here on behalf of Mr. Lubin?

MR. CASEY: Yes, your Honor.

THE COURT: All right. Anyone else?

(No verbal response.)

THE COURT: All right. We're here, it's a motion for voluntary dismissal of claims by Franklin

against everybody but Mr. Lubin, correct?

MR. DORSEY:  Yes, Judge.

Just as a bit of background, Mr. Lubin filed a response to my motion yesterday.  I wanted to review the response and talk it over with my client, and I was actually going to file a notice of cancellation of this hearing last night.  The reason I didn't was that I saw the Court had made a notation to the notice of hearing, and added a motion to clarify.

So I don't intend to proceed with my motion this morning, I'll re-notice it if I can't come to an agreement with Mr. Lubin's counsel, but I'm here this morning because, again, the Court did make a notation to the notice of hearing.  So to any extent the Court wants to address the motion to clarify this morning, I didn't want to cancel it.

THE COURT:  It wasn't set at the last case management, but I addressed it, and then there was some objection afterwards, and there was an issue that did come up that I wasn't sure about.

The agreement, the common interest agreement is between Hi Bar and Spin, is that correct?

MR. DORSEY:  That's what was discussed at the last hearing, yes.

THE COURT:  All right.

Page 6

MR. DORSEY:  And Mr. Lubin's prior counsel moved to withdraw.

THE COURT:  But it's Mr. Lubin that filed the motion for clarification, not Spin, is that correct?

MR. LETO:  That's my understanding, your Honor.  Mr. Lubin --

THE COURT:  And so Mr. Lubin -- I know you represent Mr. Lubin, Mr. Casey, but he's not the party to the common interest agreement between Hi Bar and Spin.  He has a separate agreement with Spin.

MR. CASEY:  Yes, your Honor.

THE COURT:  And Spin has filed nothing, as far as I can tell.

MR. CASEY:  Correct.

THE COURT:  And you don't represent Spin, correct?

MR. CASEY:  Correct, your Honor, but I believe if there was a finding in Spin's favor, as to the common interest agreement, then his assignment from Spin to himself would be valid, as I understand it.  It's a complicated series of events.  However, he does believe that he has an interest in the proceeds.

In fact, if there is litigation on the common interest agreement, and I believe your Honor opined

-- I'm still getting caught up to speed, but I believe your Honor opined that you would not be making findings as to the common interest agreement, and that does appear in an order, the order from about a month ago, nearly.  I have it here, Paragraph 8, the August 14th order that your Honor entered to endorse the settlement agreement, Paragraph 8 does make a finding as to determination of the common interest agreement, which would preclude Mr. Lubin from litigating that matter separately in New York, as I understand it.

THE COURT:  Right.

Now you were not here last time, Mr. Leto, so I'll give you the first opportunity to respond.

MR. LETO:  Yes, your Honor.  I think that the order that your Honor entered is expressly in line with what your Honor stated at the hearing.  Your Honor reviewed the common interest agreement, the terms, and the termination notice, and I believe the phrase that your Honor used was it couldn't be any more clear that it's being terminated as a matter of right by Hi Bar based upon the letter from April of 2024.

So I believe that the order is, again, in line with precisely what the Court ruled at the initial motion, and should not be clar -- does not need any further clarification of fact at this point.

THE COURT: All right. So the order at issue is August 14th. It's the order on the joint motion to endorse settlement, and this is what I was trying to figure out, it's not part of the ordered and adjudged, all right, because the ordered and adjudged is -- and that's clear, that I granted the joint motion to endorse the settlement agreement, and that the Court contemplates that this order shall be filed of record in the Bankruptcy Court to inform the Bankruptcy Court that the dispute between Avrumi Lubin and Hi Bar regarding the relative rights and the net proceeds in the Court registry has been resolved by a court of competent jurisdiction, and that would be here.

And so in order to get there -- and then you put -- and I put in there that the Court finds that Avrumi Lubin has no rights or standing to interfere with the Hi Bar settlement based on the plain language of the common interest agreement.

The Court further finds that the common interest agreement was terminated by Hi Bar on April 3rd, 2024, and the Court further notes that Avrumi Lubin took no action to refute Hi Bar's contractually permitted termination until the FVP parties, Franklin parties, and Hi Bar parties came to a settlement agreement.

And then when I went back and looked at

that, I mean, the termination wasn't even as to Mr. Lubin. The termination was as to Spin, correct?

MR. LETO:  That's right, because Mr. Lubin is not a party to the common interest agreement.

THE COURT:  All right, and so I'm not sure -- and I know, Mr. Casey, you're saying that because he had a separate assignment from Spin, he had the right to -- but any objection would have to be standing in the shoes of Spin, that's to be asserted in Spin's rights.

MR. CASEY:  Perhaps as to the ability to endorse that settlement, your Honor, but the process with which a determination as to the termination of the common interest agreement, which has a forum selection clause of New York, it was not noticed, there was no evidentiary hearing.

It'd be very difficult for Mr. Lubin to bring in a declaratory action regarding the validity of the common interest agreement with this order, and we would certainly take issue with the process if we were -- I wasn't present, but counsel was just there to -- as to the endorsement of the settlement.  So that would be the issue that Mr. Lubin has with the order, coupled with Paragraph 11, where your Honor reviews the common interest agreement, the termination letter, and applicable law, and then determines that Avrumi Lubin does not have any

interest in the net proceeds.

I understand your Honor is just making a finding as to the ability to endorse the settlement, but there are -- when you couple that with the prior paragraphs, making a finding on the termination, it'd be very difficult for Mr. Lubin to have his day in Court with respect to the common interest agreement.

THE COURT: I mean, if you look at the plain language of the common interest agreement and everything that was presented -- but I can clarify, is there any objection that the Court's findings are limited to the issues raised for purposes of granting the joint motion to endorse settlement?

MR. BRESLIN: Well, Judge, if I may be heard?

We had a hearing on this, your Honor, and Mr. Lubin's attorney was there, and evidence was presented, Judge, and I sent a transcript to your Honor, and your Honor very clearly examined the termination notice that Mr. Leto sent to Spin, and your Honor made a finding regarding that.

And your Honor went on to say in the transcript, and I said that to you in the letter, I could read it to you, it said -- I'll just read it, I'll just read what you said, it said, I'm going to grant the joint

motion to approve settlement, and based on just the plain language in the common interest and general litigation agreement, based on the April 3rd, 2024 letter terminating that agreement, and the rights under Paragraph 3 of that agreement, which is the only basis that Mr. Lubin could have to even raise any right to any of these proceeds, I do not see how Mr. Lubin has any right to stand in and contest the settlement.

Certainly, he may have claims against Hi Bar, and against Mr. Leto and whatnot, but that has nothing to do with the settlement for the proceeds of the Bankruptcy Court. So based on all that, I'm granting the joint motion for settlement, and you went on to state that the order should include your comments made at the hearing.

So what I did, Judge, is I put in the order exactly, precisely what your Honor ruled. Your Honor reviewed the termination notice and made a ruling. It was put in the order, and then, of course, I'm personally attacked for somehow trying to sneak something into an order when your Honor precisely ruled on that exact issue, and you took evidence on it.

So I understand that Mr. Lubin is not happy with the ruling. Your Honor made very clear that he could bring any actions he wants against Hi Bar or anybody else,

anywhere else he wants, but what your Honor, I would hope, would confine yourself to is the pleadings in this case.

So in this case there was never any issues raised. It was Mr. Lubin that tried to interfere with the parties' settlement, that has already gone over to the Bankruptcy Court. The Bankruptcy Court has already ruled, and the matter is concluded.

So this is, we're trying to -- they're asking you to revisit issues that have been ruled upon, and have been acted upon by the federal court.

So I would absolutely object, Judge. The record is clear. If Mr. Lubin wants to sue Hi Bar in New York, they could argue in New York that it wasn't properly framed here, but they're asking you to litigate it. They're asking you to make a declaratory judgment, and I just think it's inappropriate, Judge, and we object.

THE COURT: All right.

MR. DORSEY: Judge, this is Mr. Dorsey for the Franklin parties.

I'd just add that the order explicitly says, for the reasons stated on the record, which are incorporated by reference. The transcript is incorporated into the order.

So to the extent Mr. Lubin is arguing, well,

Page 13

we want the order to reflect what your Honor ruled at the hearing, the transcript is part of the order, and so if Mr. Lubin wants to file an action in another forum, he can introduce the transcript and say this is what I think it means, but there's no need to move for clarification here.

MR. CASEY: Your Honor, if I may, I don't believe the transcript makes a finding as to the termination of the common interest agreement. It's simply saying that Mr. Lubin does not -- is not the named party to be endorsing the settlement, as I understand it. So he will not be able to litigate the common interest agreement when there's a finding from your Honor that the termination letter was valid and he has no interest.

THE COURT: Well, the common interest agreement is between Hi Bar and Spin.

So, in any event, I think you all are fighting over nothing, except I think we're trying to split hairs here.

I don't know what the claims are in New York, and I in no way was trying to -- trying to resolve a separate claim that Mr. Lubin may have against Hi Bar or Spin or whatnot elsewhere. It was strictly for purposes of determining who has standing, who has the right to enter into a settlement for the proceeds

Page 14

in the Bankruptcy Court, and that's the determination I made.

So you have the transcript. I don't think I need to clarify that. To the extent it is, it's clarified in the transcripts we've had that this Court was not trying to say that Mr. Lubin has no claims against Hi Bar. I have no idea what his issues are there.

That being said, I was just saying that he had no right to stand in and contest the settlement or the funds that were in the Bankruptcy Court.

MR. BRESLIN: Thank you, Judge.

THE COURT: That's just the easiest thing to do, the motion for clarification is denied, but you have a record, Mr. Lubin. Good luck, I guess in New York.

MR. CASEY: All right. Thank you.

MR. LETO: Thank you, your Honor.

MR. DORSEY: Thank you.

(Thereupon, the hearing was concluded.)

Page 15

CERTIFICATION

STATE OF FLORIDA        :

COUNTY OF MIAMI-DADE    :


          I, Cheryl L. Jenkins, RPR, RMR, Shorthand Reporter and Notary Public in and for the State of Florida at Large, do hereby certify that the foregoing proceedings were taken before me at the date and place as stated in the caption hereto on page 1; that the foregoing computer-aided transcription is a true record of my stenographic notes taken at said proceedings.

          WITNESS my hand this 11th day of September, 2025.


_____

CHERYL L. JENKINS, RPR, RMR

Court Reporter and Notary Public

in and for the State of Florida at Large

Commission #HH 170910

December 27, 2025

# EXHIBIT 7

## Josh Lubin

| | |
|---|---|
| **From:** | Josh Lubin |
| **Sent:** | Sunday, December 28, 2025 5:42 AM |
| **To:** | Alan Crane |
| **Cc:** | |

; Heidi.A.Feinman@usdoj.qov;

| | |
|---|---|
| **Subject:** | RE: FORMAL TRUSTEE DEMAND – NOTICE OF INTENT TO SEEK REMOVAL |
| **Importance:** | High |

Alan,

This correspondence is sent to make the record unmistakably clear.

**Failure to respond promptly and substantively to this demand will result in my filing a motion seeking removal of the Chapter 7 Trustee in the Excell Auto estate**, pursuant to **11 U.S.C. § 324**, together with such additional relief as may be warranted under **11 U.S.C. §§ 105(a), 704, and 1104**, based on failure to investigate material facts, abdication of fiduciary duties, and impairment of estate administration.

Silence will be treated as a knowing refusal to act and preserved accordingly.

All rights are expressly reserved.

Avrumi (Josh) Lubin
Pro Se (Individual Capacity Only)
Party in Interest

Heidi A. Feinman, Office of the United States Trustee

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Saturday, December 27, 2025 9:02:50 PM
**To:** Alan Crane <acrane@furrcohen.com>

1

Heidi.A.Feinman@usdoj.gov

<Heidi.A.Feinman@usdoj.gov>;

**Subject:** Re: FORMAL TRUSTEE DEMAND – DEPOSITION OF SHAYA BAUM (Adv. Pro. No. 23-01132-EPK)

Alan,

This brief reply is sent to **supplement the prior correspondence for notice and preservation only.**

Because the issues identified concern **overlapping assertions of rights, coordination, and litigation positions across related matters,** the scope of the requested deposition of **Shaya Baum** necessarily includes **any communications or coordination involving FVP Opportunity Fund, its CEO, and its counsel,** to the extent such communications relate in any way to:

• asserted or disputed control, ownership, or influence over **Spin Capital LLC and/or Avrumi Lubin claims**
• litigation strategy, funding, or coordination across jurisdictions
• positions taken in reliance on, or in coordination with, Franklin- or Hi Bar-related parties

In addition, to the extent it is contended that ordinary discovery deadlines have closed, the issues raised go directly to **standing, ownership, disclosure, and credibility,** and therefore support **limited post-deadline discovery,** including through trustee-initiated investigation, Rule 2004 examination, or other relief for good cause.

If necessary, I am prepared to **coordinate promptly on an emergency or expedited motion** seeking narrowly tailored discovery limited to these issues, so the record can be developed in an orderly and court-supervised manner.

This clarification does not expand or alter any deadlines or requests previously stated.

Josh
Avrumi (Josh) Lubin
Pro Se (Individual Capacity Only)
Party in Interest

2

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Saturday, December 27, 2025 8:38:57 PM
**To:** Alan Crane <acrane@furrcohen.com>

; Heidi.A.Feinman@usdoj.gov
<Heidi.A.Feinman@usdoj.gov>;
**Subject:** Re: FORMAL TRUSTEE DEMAND – DEPOSITION OF SHAYA BAUM (Adv. Pro. No. 23-01132-EPK)

Alan,

This reply is sent to **supplement and clarify** the scope of the prior demand and to ensure the record is complete. It does not withdraw or narrow any aspect of the original request.

In addition to the topics already identified, the deposition of **Shaya Baum** must also encompass **any and all communications, representations, or agreements of any kind—whether written, oral, electronic, informal, or implied**—involving any of the following persons or entities, to the extent they relate in any way to asserted or disputed rights, control, authority, influence, or decision-making over **Spin Capital LLC and/or Avrumi Lubin claims, defenses, or litigation positions:**

• **Franklin Capital Funding, LLC**
• **Shaya Baum**, individually or in any representative capacity
• **Eli Tabak,** identified as an owner of Franklin Capital Funding, LLC
• **Yisroel Herbst,** identified as an owner of Hi Bar Capital
• **Mordy (Mordechai) Herbst**, including in his role assisting with or participating in operations or decision-making for Hi Bar Capital

For the avoidance of doubt and to ensure full disclosure, **Eli Tabak and Yisroel Herbst are blood-related cousins**. That familial relationship is relevant to the scope of discovery and the need to identify **any coordination, communications, or understandings—formal or informal—between Franklin-related and Hi Bar-related parties** concerning Spin/Lubin rights or litigation positions.

In addition, Mr. Baum's testimony must address **Franklin's prior and ongoing litigation positions** in which Franklin asserted that **Spin Capital LLC and/or Avrumi Lubin were alter egos of Hi Bar Capital.** That inquiry necessarily includes:

• What Franklin, Mr. Baum, or Franklin's representatives **knew or understood** at the time those alter-ego allegations were asserted, including knowledge of the **familial relationship between Franklin's ownership and Hi Bar's ownership**
• Any **internal or external communications** (written or oral) evaluating, discussing, or approving the assertion that Spin/Lubin were alter egos of Hi Bar
• Whether, and to what extent, Franklin **disclosed or did not disclose** the familial relationship between **Eli Tabak and Yisroel Herbst** in courts or proceedings in which those alter-ego allegations were made, including proceedings in **multiple jurisdictions and states**
• Any communications regarding how that relationship was characterized, omitted, or addressed in pleadings, declarations, or litigation strategy

3

This expressly includes, without limitation:

• Any **verbal communications**, oral discussions, or conversations
• Any **written communications**, including emails, texts, messaging applications, letters, drafts, or notes
• Any **formal or informal agreements**, understandings, side agreements, or arrangements
• Any **communications through intermediaries**, agents, family members, employees, or affiliates
• Any **communications or coordination across jurisdictions**, proceedings, or courts
• Any communications **relating to strategy, funding, direction, control, or influence** over litigation involving Spin/Lubin

The purpose of this clarification is to eliminate any ambiguity and to ensure a complete factual record. The Trustee's investigation and any reliance on Franklin-related positions cannot be reasonable or complete without sworn testimony addressing these communications, relationships, and disclosures.

All prior deadlines, reservations of rights, and requests for deposition scheduling remain unchanged.

Josh
Avrumi (Josh) Lubin
Pro Se (Individual Capacity Only)
Party in Interest

Get Outlook for iOS

**From:** Josh Lubin
**Sent:** Saturday, December 27, 2025 8:03:26 PM
**To:** Alan Crane <acrane@furrcohen.com>

Heidi.A.Feinman@usdoj.gov
<Heidi.A.Feinman@usdoj.gov>;
**Subject:** FORMAL TRUSTEE DEMAND – DEPOSITION OF SHAYA BAUM (Adv. Pro. No. 23-01132-EPK)

Alan,

You represent the Chapter 7 Trustee in **Adv. Pro. No. 23-01132-EPK**, in which **Franklin Capital Funding, LLC is a named defendant.** Franklin is an active litigant in that proceeding, not a peripheral third party.

4

Further, Franklin and the Trustee are parties to a **formal Common Interest Agreement**, pursuant to which they have aligned interests and have coordinated in the prosecution and litigation of claims arising from the same operative facts and transactions.

This correspondence is sent by me **solely in my individual capacity**, but it concerns and seeks discovery regarding **asserted and disputed rights and control claims relating to Spin Capital LLC and Avrumi Lubin** that are being invoked across multiple proceedings. **Nothing herein should be construed as an appearance for, or representation of, Spin Capital LLC; rather, it is directed to the Trustee's and Franklin's assertions concerning Spin-related rights, authority, and control.**

Accordingly, this email constitutes a **formal demand** that the Trustee promptly coordinate and facilitate the deposition of **Shaya Baum**, CEO of Franklin Capital Funding, LLC.

Mr. Baum is a central and indispensable witness. His sworn testimony is required on issues that directly affect standing, authority, discovery obligations, and the Trustee's ability to administer the estate in good faith. At minimum, his deposition must include full disclosure and testimony concerning:

• **All purported third-party beneficiaries** of the Franklin–Spin assignment, whether disclosed or undisclosed
• Any person or entity that Mr. Baum, Franklin, or any representative has **asserted, claimed, suggested, or implied — formally or informally, verbally or in writing —** to have obtained rights, control, influence, or decision-making authority over **Spin Capital LLC rights and/or Avrumi Lubin claims**
• **Any verbal assertions, oral representations, informal communications, or implied claims of ownership, control, or authority** over Spin/Lubin rights, defenses, or litigation positions, **in any jurisdiction nationwide and in any context whatsoever**
• The identity of any parties coordinating, directing, funding, influencing, or benefiting from litigation positions adverse to Spin/Lubin
• Communications, agreements, understandings, side arrangements, or courses of dealing — formal or informal — relating to any such claims or assertions of control or benefit

These issues are not collateral. Franklin is a party to the adversary proceeding, and the Trustee is in a common-interest posture with Franklin. The Trustee therefore cannot reasonably rely on Franklin's positions, advance estate claims, or oppose defenses without developing a sworn factual record from Franklin's chief executive.

Failure to respond promptly and substantively to this demand will not be treated as benign delay. **Silence or refusal will be preserved as record evidence** of a knowing failure to investigate material facts and may subject the Trustee and involved parties to motions to compel, expedited relief, sanctions, ethical and fiduciary-duty scrutiny, contempt, or other appropriate remedies as determined by the Court.

Please provide **specific deposition dates within the next seven (7) days,** or state unequivocally whether the Trustee is refusing to pursue or facilitate this testimony so the record is clear and appropriate relief may be sought without further notice.

For the avoidance of doubt and to preserve the record, a copy of the **Common Interest Agreement between the Trustee and Franklin** is attached.

All rights are expressly reserved.

5

Josh
Avrumi (Josh) Lubin
Pro Se (Individual Capacity Only)
Party in Interest

# EXHIBIT 8



**ORDERED in the Southern District of Florida on August 27, 2025.**

Erik P. Kimball
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                Case No. 22-15627-EPK

  Debtor.                                    Chapter 7

_____/

**ORDER (I) GRANTING EXPEDITED JOINT MOTION TO ORDER
DISTRIBUTION OF AUCTION PROCEEDS TO COUNSEL
FOR THE FVP PARTIES PURSUANT TO STATE COURT ORDER,
AND (II) DISCHARGING ORDER TO SHOW CAUSE**

THIS MATTER came before the Court for hearing on August 27, 2025 on the

*Expedited Joint Motion to Order Distribution of Auction Proceeds to Counsel for the FVP*

*Parties Pursuant to State Court Order* (Dkt. No. 954, the "Motion"), and the *Order to Show*

*Cause Why Certain Funds Held by the Clerk Should Not Escheat to the United States*

*Treasury* (Dkt. No. 911). In the Motion, Franklin Capital Funding, LLC; Franklin Capital

Group, LLC; Franklin Capital Management, LLC; FVP Opportunity Fund III, LP; FVP Investments, LLC; FVP Servicing, LLC; and Hi Bar Capital, LLC (together, the "Movants") ask the Court to direct, pursuant to a settlement among the Movants, the release of certain funds held in the registry of the Court.

The history of this matter is set forth in detail in the Court's *Order Denying Expedited Joint Motion* (Dkt. No. 952), which is incorporated here in full. Capitalized terms have the meanings given in that order. The Court ruled that it could not and would not rule on the dispute between Avrumi Lubin and Hi Bar Capital, LLC regarding their relative rights in the Net Proceeds held in the registry of this Court. The Court encouraged the parties to obtain a ruling from another court having competent jurisdiction. They have done so.

In its *Order on Joint Motion to Endorse Settlement* entered on August 14, 2025 in Case No. CACE-22-005125 (Dkt. No. 954 Ex. A, the "State Court Order"), the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida ruled, among other things, that neither Avrumi Lubin nor any of his affiliated entities have any rights to the Net Proceeds and that the Net Proceeds should be distributed to the trust account of counsel for certain of the Movants consistent with the settlement approved by that court. Following the State Court Order, the Movants are the only parties who may seek release of the Net Proceeds consistent with the Sale Order.

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.      The *Expedited Joint Motion to Order Distribution of Auction Proceeds to Counsel for the FVP Parties Pursuant to State Court Order* (Dkt. No. 954) is GRANTED as provided herein.

2.      The Clerk is DIRECTED to disburse the Net Proceeds currently held in the registry of the Court, in the amount of $2,107,548.61 plus accrued interest (if any), to the

order of the law firm Schwartz Breslin PLLC, to be further disbursed according to the settlement approved by the State Court Order.

3.      Schwartz Breslin PLLC must contact the Financial Section to obtain the AO 213P form required for disbursement.

4.      Any and all objections are OVERRULED.

5.      The *Order to Show Cause Why Certain Funds Held by the Clerk Should Not Escheat to the United States Treasury* (Dkt. No. 911) is DISCHARGED.

###

Copy to:

Patrick Dorsey, Esq.

*Attorney Patrick Dorsey is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service with the Clerk.*

# EXHIBIT 9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED-USBC, FLS-MIA
'26 JAN 7 PM 1:28

In re:

EXCELL AUTO GROUP, INC.

    Debtor.

Case No. 22-12790-EPK
Chapter 7

_____/

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for
Excell Auto Group, Inc.,

    Plaintiff,

v.

Adv. Pro. No. 23-01132-EPK

HI BAR CAPITAL, LLC, et al.,

    Defendants.

_____/

### NOTICE OF FILING DECLARATION REGARDING PRESERVATION NOTICE AND RESPONSE

**PLEASE TAKE NOTICE** that Defendant Avrumi Lubin, individually and as principal of Spin Capital LLC, hereby files the Declaration of Avrumi Lubin Regarding Preservation Notice and Response, attached hereto as Exhibit A.

This filing is made solely to memorialize notice provided, responses received, and positions taken regarding preservation of potentially relevant records. No relief is requested by this Notice.

Dated: January 7 2026

Respectfully submitted,

Josh (Avrumi) Lubin, Defendant, Pro Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Filing

and attached Declaration foregoing to be served via the Court's CM/ECF system upon all

counsel of record on January 7, 2026.

_____

Josh (Avrumi) Lubin, Defendant, Pro Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905

# EXHIBIT A

## Josh Lubin

| | |
|---|---|
| **From:** | Josh Lubin |
| **Sent:** | Monday, January 5, 2026 4:01 PM |
| **To:** | Feinman, Heidi A. (USTP) |
| **Cc:** | oig.hotline@usdoj.gov |
| **Subject:** | Formal Escalation — Preservation Obligations and Record Integrity |

**Importance:**   High

Ms. Feinman,

Your latest response confirms that you are declining to implement or facilitate any preservation measures in response to my written notice, and that you are refusing to identify any appropriate DOJ or UST contact through whom such preservation should be addressed.

That position is untenable.

Preservation obligations are not triggered by whether an office subjectively views itself as "involved," nor by whether a party has yet retained counsel. They arise when there is reasonable anticipation of litigation, review, or judicial inquiry, and they attach to **records that may be relevant to matters already before the Court or reasonably foreseeable proceedings**—including inter-agency communications, oversight activity, referrals, analyses, and decisions taken or not taken.

You have now stated, repeatedly, that:
- no litigation hold exists,
- no action will be taken in response to written notice,
- and that no further response will be provided.

If it is your position that the United States Trustee Program—and specifically the Miami U.S. Trustee's Office—**possesses no records responsive to the scope of the preservation notice,** that should be stated clearly and unequivocally.
If that is not your position, then preservation is required, and refusing to implement it after notice raises serious record-integrity concerns.

I am not asking you to concede party status, adjudicate merits, or take any litigation position. I am seeking clarity as to whether potentially relevant government records are being preserved or allowed to be destroyed after notice.

Because your responses disclaim responsibility without addressing that core question, and because you have indicated you will not respond further, I am escalating this issue to ensure the record accurately reflects what has occurred.

This communication is intended to memorialize that:
1. formal written notice was provided;
2. preservation was requested;
3. the request was rejected without identification of an alternative mechanism; and

1

4.     no clarification was provided as to the existence or non-existence of responsive records.

That record will stand on its own.

Josh
Avrumi Lubin

Get Outlook for iOS

---

**From:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>
**Sent:** Monday, January 5, 2026 3:30:33 PM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** RE: IMMEDIATE DOJ-WIDE LITIGATION HOLD & PRESERVATION DIRECTIVE — NO EXCEPTIONS

Mr. Lubin:

Again if you are making a request for a "litigation hold" or some other retention of information by the the United States Trustee Program or any other DOJ agency, then it needs to be done in an appropriate manner and and to the appropriate parties. An email to me is not sufficient and will not result in anything.
I encourage as I have in the past to please obtain counsel to assist you.

I will not respond further regarding this email.

*Heidi A. Feinman*
Assistant United States Trustee
Office of United States Trustee
Department of Justice
Email: *Heidi.A.Feinman@usdoj.gov*
Telephone (305) 536-7472

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Monday, January 5, 2026 5:27 PM
**To:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>
**Subject:** [EXTERNAL] Re: IMMEDIATE DOJ-WIDE LITIGATION HOLD & PRESERVATION DIRECTIVE — NO EXCEPTIONS
**Importance:** High

Ms. Feinman,

Your response reflects a fundamental misunderstanding of the purpose and legal effect of a preservation notice.

The litigation hold and preservation directive was not predicated on the Miami U.S. Trustee's Office being a named litigant, nor on the existence of a currently pending action styled against that office. Preservation obligations arise upon reasonable anticipation of litigation or review, and they extend to

2

records that may be relevant to matters before the Court, including inter-agency communications, oversight activity, referrals, analyses, and decisions taken or not taken.

Whether the Miami U.S. Trustee's Office views itself as "involved" is not determinative. The question is whether the office possesses, controls, or has access to information potentially relevant to ongoing or reasonably foreseeable proceedings involving Spin Capital, related estates, or issues already before Judge Kimball. If so, preservation duties attach as a matter of law.

To be clear:
- This notice was issued to ensure preservation of potentially relevant materials across DOJ and UST components;
- It does not require your office to concede party status;
- It does not require a determination on the merits;
- It does require that records not be destroyed, altered, or lost once notice is given.

Your statement that "no litigation hold exists" is concerning, as it suggests that preservation has not been implemented despite formal written notice. If your position is that the Miami U.S. Trustee's Office does not possess any records responsive to the scope described, that should be stated explicitly. Otherwise, the appropriate course is preservation, not dismissal.

Please clarify, in writing:
1. Whether the Miami U.S. Trustee's Office possesses or controls any records falling within the scope of the preservation notice previously sent; and
2. Whether steps have been taken to ensure that any such materials are preserved pending further direction.

This clarification is necessary to ensure the record is accurate and to avoid any misunderstanding regarding preservation obligations going forward.

Josh
Avrumi Lubin


Get Outlook for iOS

---

**From:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>
**Sent:** Monday, January 5, 2026 3:22:24 PM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** RE: IMMEDIATE DOJ-WIDE LITIGATION HOLD & PRESERVATION DIRECTIVE — NO EXCEPTIONS

Mr. Lubin:
The Miami United States Trustee's Office is not and has not been involved in any litigation with you or Spin Capital, LLC before any Court and no litigation hold exists.
To the extent you believe otherwise, you will need to contact the appropriate parties in the appropriate manner.
To the extent you have litigation with other agencies in the Department of Justice, you will need to contact them in the appropriate manner.
This email is insufficient.

3

*Heidi A. Feinman*
Assistant United States Trustee
Office of United States Trustee
Department of Justice
Email: *Heidi.A.Feinman@usdoj.gov*
Telephone (305) 536-7472

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Friday, January 2, 2026 9:02 PM
**To:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>
**Cc:** Feedback, Civil <cfeedbac@CIV.USDOJ.GOV>; NSDFOIA (NSD) <NSDFOIA@usdoj.gov>; JMDFoia (JMD) <Ex_JMDFoia@jmd.usdoj.gov>; Jeffrey Chubak <jchubak@aminillc.com>; Avery Samet <asamet@aminillc.com>; JOEL ARESTY <aresty@mac.com>; Stanley Casey <scasey@sqcaseylaw.com>; Browndorf Eric A. <ebrowndorf@cooperlevenson.com>; Rubley William <wrubley@cooperlevenson.com>; Steve Wells <steve@wellspc.com>; Will Parsons <will@wellspc.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>; Division, Criminal (CRM) <Criminal.Division@usdoj.gov>; antitrust@justice.gov
**Subject:** [EXTERNAL] RE: IMMEDIATE DOJ-WIDE LITIGATION HOLD & PRESERVATION DIRECTIVE — NO EXCEPTIONS
**Importance:** High

Heidi,

This email constitutes a **formal, immediate, and non-negotiable litigation hold and preservation directive.** You are hereby directed to **ensure this hold is issued, enforced, and confirmed across every DOJ department, component, office, task force, and subdivision nationwide,** without exception.

This preservation obligation applies **immediately** and covers **all records in any form,** whether maintained centrally or individually, including but not limited to: emails, texts, messaging apps (Slack, Teams, Signal, WhatsApp, iMessage), call logs, voicemails, notes, drafts, memoranda, internal communications, metadata, audit logs, databases, shared drives, cloud storage, backups, personal devices used for government business, and any third-party or contractor-maintained systems.

The scope expressly includes **any material referencing or relating to me, Spin Capital LLC, affiliated entities, related litigations, investigations, referrals, inter-agency communications, internal deliberations, analyses, instructions, preservation decisions, or decisions not to act.** This includes communications **between DOJ components,** with **U.S. Trustees, courts, outside counsel, regulators, law enforcement, or private parties.**

No deletion, overwriting, auto-purging, alteration, concealment, migration without retention, or "routine" records management is permitted. **Preservation overrides all ordinary retention schedules.** Failure to preserve—even inadvertently—will be treated as **spoliation** and addressed accordingly.

I expect you to:

1. **Distribute this hold DOJ-wide** (all divisions, districts, components, and offices nationwide);

4

2. **Confirm in writing** that distribution has occurred;
3. **Confirm the mechanism of enforcement** (who issued it, how it was implemented, and how compliance is monitored);
4. **Identify a point of contact** responsible for DOJ-wide compliance.

This notice is issued to create a clear and permanent record. Nothing in this directive waives any rights, remedies, or privileges. All rights are expressly reserved.

**This notice is re-sent solely to correct a non-routable Antitrust Division address; all other recipients received the original transmission.**

Please confirm compliance **promptly.**

Josh
Avrumi Lubin

5

# EXHIBIT 10

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

TETON LIFE LLC as Assignee of the Rights of
Spin Capital, LLC,

Plaintiff,

V

GOLDEN FOOTHILL INSURANCE SERVICES LLC,
LIFE FACTOR II LLC, LIFE SHARES II LLC, EL DORADO
HILLS INSURANCE SOLUTIONS, INC., LONE WOLF
INSURANCE SERVICES, INC., ELDO INVESTMENTS, LLC,
THE GENESIS LS FUND, LLC, KTL HOLDINGS, INC.,
ZURICH AMERICAN LIFE INSURANCE CO., ACCORDIA
LIFE AND ANNUITY COMPANY, JOHN HANCOCK LIFE
INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE
CO., CAP FACTOR, LLC, STEFAN LEER, TATANISHA LEER,
LIFE SHARES 1019, LLC, DRVN HOLDINGS, LLC,

Defendants.

and

STEPHEN MARIK BROCKMAN, AARON DAVISON,
NEILESH DESAI, JENNIFER PURSLEY, MICHAEL
SCHWARTZ, SHEILA SCHWARTZ, THE CHARISSA &
TONEY TRUST, THE CHARISSA TONEY LIVING TRUST,
MATTHEW TROY, and AMERICAN RIVER AG, INC.

Intervenor- Defendants

**Index No. 650582/2022**

### ORDER TO SHOW CAUSE

### FOR EXPANDED RECEIVER AUTHORITY

Upon the Affirmation of Josh (Avrumi) Lubin, affirmed on January 4, 2026, and the exhibits attached thereto; upon the Memorandum of Law in Support of Plaintiff's Motion for an Order to Show Cause for Expanded Receiver Authority; and upon all prior proceedings had herein;

WHEREAS, this application seeks limited, administrative, and preservation-focused relief to assist the Court in supervising its appointed Temporary Receiver and maintaining a complete and accurate record concerning the administration of the Receivership Policies, without adjudicating any merits issues;

**NOW**, let the defendants and all other interested parties show cause before this Court, at the Courthouse located at 60 Centre Street, New York, New York, in Part ___, on the ___ day of _____, 2026, at ___ _.m., or as soon thereafter as counsel may be heard, why an Order should not be entered as follows:

1. **Preliminary Identification and Reporting of Life Insurance Policies.**

Authorizing the Temporary Receiver, Fred Stevens, Esq., on a preliminary and non-adjudicative basis, to identify and report to the Court regarding the life insurance policies currently within the Receivership Policies (as defined in the Order Appointing Temporary Receiver dated January 4, 2023), as well as any additional policies reasonably connected to defendants or their affiliates that appear relevant to the administration or preservation of estate assets, with reference to Schedule A (Exhibit F to the Lubin Affirmation) and the LS-Summary spreadsheet (Exhibit G), solely for purposes of Court supervision, including, without making any findings, the reporting of:

(a) the apparent current status of each policy (e.g., in force, lapsed, surrendered, matured, transferred, or terminated);

(b) the date and any known circumstances of any lapse, surrender, or transfer;

(c) whether any policies appear to have been transferred, assigned, or encumbered, and whether such actions were subject to prior Court approval; and

(d) available carrier correspondence or notices concerning policy status.

**2. Authorizing Preliminary Tracking and Reporting of Funding Advances.**

Authorizing the Receiver to maintain and periodically report to the Court a factual summary of funding advances made by Spin Capital, LLC and/or Teton Life LLC to the receivership estate, as reflected in the Receiver's Accounting (Exhibit C), solely for purposes of transparency and Court oversight, without ordering repayment, determining priority, or adjudicating the validity or enforceability of any such advances, all of which are expressly reserved.

**3. Clarifying Entity and Counsel Roles.**

Authorizing the Receiver, on a preliminary and non-adjudicative basis, to identify and report to the Court the roles, if any, of the following entities or individuals with respect to the origination, servicing, transfer, or enforcement of the Receivership Policies, solely for purposes of Court supervision, and to seek non-privileged factual clarification or non-duplicative existing documents reasonably necessary to carry out the Court's prior orders:

(a) Golden Foothill Insurance Services LLC, Life Factor II LLC, Life Shares II LLC, Stefan S. Leer, and CapFactor, Inc.;

(b) Franklin Capital Group, LLC and related entities;

(c) Hi Bar Capital, LLC;

(d) FVP Servicing, LLC and related entities;

(e) the Chapter 7 trustee for Excell Auto Group, Inc.; and

(f) counsel, including Matt Leto, solely to the extent their non-privileged factual involvement bears on the Receivership Policies.

**4. Preliminary Review and Reporting Regarding Carrier-Related Issues.**

Authorizing the Receiver, on a preliminary and non-adjudicative basis, to review and report to the Court regarding carrier-related matters affecting estate administration, including:

(a) the John Hancock "Utsick" policy, including the procedural status of enforcement mechanisms relating to the outstanding contempt judgment; and

(b) the Brighthouse interpleader proceeding and any related carrier-initiated proceedings, including whether Court authorization may be required for participation or intervention; provided, however, that nothing herein authorizes the commencement of new litigation or enforcement activity absent further order of this Court.

**5. Policy Map and Status Reporting.**

ORDERED that the Receiver shall file an initial Policy Map Report within thirty (30) days of entry of this Order identifying policies reviewed, apparent status, and any material information gaps, and shall thereafter file status reports every thirty (30) days for a period of ninety (90) days, unless otherwise ordered.

**6. Authorizing Continued Tracking and Oversight of Cross-Forum Coordination Costs.**

Authorizing the Receiver to continue tracking and submitting for Court review fees and expenses associated with investigative or coordination work involving related federal proceedings, subject

to this Court's quarterly fee review, to avoid fragmented or duplicative billing and ensure continued Court oversight of costs.

**7. Reaffirmation of Existing Cooperation Obligations.**

Reaffirming that all parties, including defendants, intervenor-defendants, and their counsel, agents, and representatives, shall comply with the cooperation obligations set forth in paragraph 13 of the January 4, 2023 Receivership Order, including responding to reasonable, non-duplicative requests for information or documents. Absent agreement or further order, responses shall be provided within ten (10) business days.

**8. Limited Subpoena Authority.**

ORDERED that the Receiver is authorized to issue subpoenas duces tecum, limited to insurance carriers and policy servicers only, for documents reasonably necessary to determine policy status, ownership or beneficiary designations, assignment history, premium payment history, lapse or termination history, and carrier correspondence, solely for reporting and preservation purposes.

**9. Reserving All Merits Issues.**

Confirming that nothing in this Order constitutes any determination of liability, ownership, standing, litigation authority, veil-piercing, fraud, sanctions, lien priority, or the validity or effect of any assignment, nor interprets or disturbs any ruling of another court, all of which are expressly reserved.

Upon the papers submitted and sufficient cause appearing therefor, it is **ORDERED** that service of a copy of this Order to Show Cause and the supporting papers upon which it is based shall be made upon defendants and all interested parties by [SERVICE METHOD] on or before [DATE], and that such service shall be deemed good and sufficient service; and it is further

**ORDERED** that any opposition papers shall be served and filed on or before [DATE]; and it is

further **ORDERED** that any reply papers shall be served and filed on or before [DATE]; and it is

further ORDERED that, pending the hearing on this Order to Show Cause, all parties subject

hereto shall preserve documents and communications relating to the Receivership Policies and

their administration, consistent with the limited, preservation-focused scope of this Order.


Dated: _____, 2026
 New York, New York




_____
**HON. JOEL M. BANNON**
Justice, Supreme Court




Respectfully submitted,

Josh (Avrumi) Lubin


*/s/ Josh (Avrumi) Lubin*
Josh (Avrumi) Lubin
Pro Se
Party of Interest
1460 Arboretum Parkway
Lakewood, NJ 08701
Tel: (718) 570-3796
Email: josh@spincapital.com

EXHIBIT 11

FILED: NEW YORK COUNTY CLERK 01/06/2026 01:05 AM

NYSCEF DOC. NO. 958

INDEX NO. 650582/2022

RECEIVED NYSCEF: 01/07/2026

## SUPREME COURT OF THE STATE OF NEW YORK

### COUNTY OF NEW YORK

TETON LIFE LLC as Assignee of the Rights of
Spin Capital, LLC,

Plaintiff,

v

GOLDEN FOOTHILL INSURANCE SERVICES LLC,
LIFE FACTOR II LLC, LIFE SHARES II LLC, EL DORADO
HILLS INSURANCE SOLUTIONS, INC., LONE WOLF
INSURANCE SERVICES, INC., ELDO INVESTMENTS, LLC,
THE GENESIS LS FUND, LLC, KTL HOLDINGS, INC.,
ZURICH AMERICAN LIFE INSURANCE CO., ACCORDIA
LIFE AND ANNUITY COMPANY, JOHN HANCOCK LIFE
INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE
CO., CAP FACTOR, LLC, STEFAN LEER, TATANISHA LEER,
LIFE SHARES 1019, LLC, DRVN HOLDINGS, LLC,

Defendants.

and

STEPHEN MARIK BROCKMAN, AARON DAVISON,
NEILESH DESAI, JENNIFER PURSLEY, MICHAEL
SCHWARTZ, SHEILA SCHWARTZ, THE CHARISSA &
TONEY TRUST, THE CHARISSA TONEY LIVING TRUST,
MATTHEW TROY, and AMERICAN RIVER AG, INC.

Intervenor- Defendants

**Index No. 650582/2022**

**AFFIRMATION OF JOSH (AVRUMI) LUBIN IN SUPPORT OF
MOTION FOR EXPANDED RECEIVER AUTHORITY**

FILED: NEW YORK COUNTY CLERK 01/06/2026 01:05 AM

NYSCEF DOC. NO. 958

INDEX NO. 650582/2022

RECEIVED NYSCEF: 01/07/2026

Josh (Avrumi) Lubin, pursuant to CPLR 2106, affirms the following under penalty of perjury:

## BACKGROUND AND PERSONAL KNOWLEDGE

1. I am the principal of Spin Capital, LLC ("Spin Capital"), which originally filed this action. In 2025, Teton Life LLC was substituted as plaintiff as assignee of Spin Capital's rights. I have personal knowledge of the facts set forth herein and am familiar with the history of this litigation, the receivership, and the matters described below.

2. I submit this affirmation in support of Plaintiff's motion for an Order to Show Cause.

## CPLR 2217(b) – BASIS FOR ORDER TO SHOW CAUSE

2A. This application is properly brought by Order to Show Cause pursuant to CPLR 2217(b) because immediate and expedited relief is necessary to preserve receivership assets and permit the Court's Temporary Receiver to timely identify, assess, and report on the status of life insurance policies that are the subject of existing Court orders.

2B. Proceeding by ordinary notice of motion would result in delay that risks further lapse, transfer, dissipation, or loss of control over policies and related proceeds, frustrates compliance with prior Court directives, and impairs the Receiver's ability to report accurate information to the Court.

2C. The relief requested is limited, preservation-focused, and seeks Court supervision and reporting only. No adjudication of liability or merits is requested at this time.

FILED: NEW YORK COUNTY CLERK 01/06/2026 01:05 AM   INDEX NO. 650582/2022

NYSCEF DOC. NO. 958   RECEIVED NYSCEF: 01/07/2026

2D. For these reasons, an Order to Show Cause is necessary and appropriate to maintain the status quo and protect the receivership estate pending further proceedings.

3. This motion seeks targeted, preservation-focused relief to authorize the Court-appointed Temporary Receiver to complete a policy-by-policy identification and reporting process and report to the Court regarding the status of policies and compliance with prior Court orders. It does not seek adjudication of ultimate liability, fraud, ownership, veil-piercing, sanctions, or lien priority, all of which are expressly reserved for future motion practice and/or trial.

## THE LOAN AND RECEIVER APPOINTMENT

4. Spin Capital made loans to defendants Stefan Leer and his affiliated entities, including Golden Foothill Insurance Services LLC, Life Factor II LLC, and Life Shares II LLC, secured by life insurance policies. Following the loans, disputes arose concerning defendants' performance under the loan agreements and the status, control, and maintenance of the pledged life insurance policies, including questions regarding transfers to third parties and lapses associated with nonpayment of premiums. Attached hereto as Exhibit A is a true and correct copy of the John Hancock Collateral Assignment evidencing the pledged collateral.

5. On October 29, 2022, this Court granted Spin Capital's motion for appointment of a temporary receiver. By Order Appointing Temporary Receiver entered January 4, 2023, Fred Stevens, Esq. of Klestadt Winters Jureller Southard & Stevens, LLP was appointed as Temporary Receiver over the specified life insurance policies (the "Receivership Policies"). Attached hereto as Exhibit B is a true and correct copy of the Order Appointing Temporary Receiver.

FILED: NEW YORK COUNTY CLERK 01/06/2026 01:05 AM    INDEX NO. 650582/2022
NYSCEF DOC. NO. 958                                    RECEIVED NYSCEF: 01/07/2026

## SPIN/TETON FUNDING OF THE RECEIVERSHIP

6. Since the Receiver's appointment, Spin Capital (now Teton) has funded the receivership operations at the Receiver's request. Attached hereto as Exhibit C is a true and correct copy of the Receiver's Accounting to February 28, 2025, which reflects aggregate Spin/Teton advances and the estate's current cash position.

7. The Receiver's accounting reports that Spin Capital advanced a total of $1,536,406.93 in principal to fund the receivership. According to the Accounting, such funds were applied toward insurance premiums, carrier payments, receiver fees, and other costs associated with the administration and maintenance of the Receivership Policies.

## THE RECEIVER'S REPORTS AND WORK

8. The Receiver has provided regular reports to the Court regarding the administration of the Receivership Policies and related matters. Attached hereto as Exhibit D is a true and correct copy of a comprehensive Affidavit of Fred Stevens. This affidavit reflects the Receiver's reporting to the Court regarding his activities and observations in connection with the receivership.

## THE HANCOCK/UTSICK CONTEMPT

9. In or about August 2023, Life Shares II LLC received approximately $1.985 million in death benefit proceeds from the John Hancock "Utsick" policy. Those proceeds were not remitted to the Receiver following their receipt, notwithstanding prior Court orders addressing turnover obligations, as determined in subsequent Court rulings.

FILED: NEW YORK COUNTY CLERK 01/06/2026 01:05 AM
NYSCEF DOC. NO. 958

INDEX NO. 650582/2022
RECEIVED NYSCEF: 01/07/2026

10. Attached hereto as Exhibit E is a true and correct copy of the Order imposing turnover obligations.

11. To date, the Hancock policy proceeds have not been remitted to the Receiver, and issues concerning compliance with the Court's turnover directives remain outstanding.

## CAPFACTOR AND ADDITIONAL POLICIES

12. Attached hereto as Exhibit F is a true and correct copy of Schedule A, which identifies life insurance policies connected to defendants and their affiliates. Schedule A categorizes policies as: (A) nine policies previously pledged in connection with the Spin loan; and (B) additional policies identified in Leer portfolios, carrier records, and related transactions, including policies issued by Zurich, AXA, John Hancock, United of Omaha, Hartford, VOYA, New York Life, Allianz, Nassau, and Royal Neighbors.

13. Attached hereto as Exhibit G is a true and correct copy of the LS-Summary case data extract, which reflects a broader set of policies, insureds, and carriers associated with the Receivership Policies. The LS-Summary reflects aggregate face amounts of approximately $108 million across this broader set of policies. As reflected in the record, this policy universe has not previously been fully mapped within the New York receivership.

14. Based on my review of the foregoing materials, including the exhibits referenced above, there appear to be additional life insurance policies originated or serviced by defendants or their affiliates that have not been fully identified in the receivership record. The status of certain such policies, including whether they remain in force, have lapsed, been surrendered, or been transferred, is not fully reflected in the materials currently before the Receiver.

FILED: NEW YORK COUNTY CLERK 01/06/2026 01:05 AM

NYSCEF DOC. NO. 958

INDEX NO. 650582/2022

RECEIVED NYSCEF: 01/07/2026

## THE BRIGHTHOUSE MATTER

15. In addition to the John Hancock matter, the Receiver has reported on a pending Brighthouse matter involving approximately $9 million in disputed proceeds. As reflected in the Receiver's reports, Brighthouse has commenced an interpleader proceeding and/or taken the position that competing claims to the proceeds require court direction.

16. The Receiver has coordinated with federal courts and insurance carriers in connection with related interpleader proceedings and has billed those coordination efforts to the receivership estate in this action. As reflected in the Receiver's accountings, approximately $300,000 from the Brighthouse and/or Utsick-related funds held at Wilmington Trust has been transferred to the receivership account.

## DECEMBER 2025 CONFERENCE

17. I was present at the December 15, 2025 status conference before Justice Bannon. At that conference, the Court addressed, among other matters, the Receiver's ability to obtain complete policy information, the continued non-payment of the John Hancock proceeds, and questions concerning additional policies and entities potentially connected to the receivership.

18. By Order dated December 16, 2025, the Court directed counsel to address these issues. Attached hereto as Exhibit H is a true and correct copy of the December 16, 2025 Order.

## RECENT SETTLEMENT DISPUTES AND CREDIBILITY ISSUES

19. On December 18, 2025, the Court granted the motion to intervene filed by the 1019 Investor Group and added Life Shares 1019, LLC and DRVN Holdings, LLC as defendants. Attached hereto as Exhibit I is a true and correct copy of that Decision and Order.

FILED: NEW YORK COUNTY CLERK 01/06/2026 01:05 AM
NYSCEF DOC. NO. 958

INDEX NO. 650582/2022
RECEIVED NYSCEF: 01/07/2026

## NEED FOR EXPANDED RECEIVER AUTHORITY

20. This application does not seek to adjudicate, revisit, or challenge any rulings issued by courts in other jurisdictions. Any references to proceedings in other forums, including bankruptcy or out-of-state litigation, are included solely to permit the Receiver, as a neutral officer of this Court, to identify and report asserted interests, claimed authority, and positions taken by parties or fiduciaries, without making any determination as to ownership, standing, or litigation rights, all of which are expressly reserved.

21. Based on my involvement in this litigation and my review of the record, I believe that limited, preservation-focused expansion of the Receiver's authority is necessary to permit the Receiver to report to the Court regarding the following matters, without making any findings or adjudicating any rights:

(a) identification and preliminary mapping of life insurance policies connected to defendants and their affiliates, including cross-referencing Schedule A and the LS-Summary with available carrier information;

(b) identification of policies that appear to have lapsed, been transferred, or been surrendered without prior Court approval;

(c) clarification, on a factual and non-adjudicative basis, of the roles of third-party entities including Franklin Capital Group, Hi Bar Capital, FVP Servicing, and the Chapter 7 trustee for Excell Auto Group, Inc., insofar as those roles relate to the administration of the Receivership Policies;

(d) reporting to the Court regarding the procedural status of enforcement-related matters, including the John Hancock contempt and the Brighthouse interpleader proceeding;

(e) maintenance and reporting of records concerning funding advances made by Spin Capital and/or Teton Life LLC to the receivership estate, for purposes of transparency and later adjudication; and

(f) obtaining non-privileged factual clarification and non-duplicative documents from counsel and servicers, as necessary to carry out the reporting and preservation functions described herein.

FILED: NEW YORK COUNTY CLERK 01/06/2026 01:05 AM    INDEX NO. 650582/2022
NYSCEF DOC. NO. 958    RECEIVED NYSCEF: 01/07/2026

22. Plaintiff consents to the disclosure of non-privileged factual information by its counsel to the Receiver to the extent necessary to permit the Receiver to carry out the reporting and preservation functions described herein.

23. Since his appointment, the Receiver has submitted periodic reports to the Court concerning the administration of the Receivership Policies, including interactions with insurance carriers, preservation efforts, and related matters. The relief requested herein would permit the Receiver to continue reporting to the Court on these issues within a defined and supervised scope.

24. This motion seeks preservation- and administration-related relief only. It does not seek any adjudication of liability, ownership, fraud, sanctions, or lien priority. All such issues are expressly reserved for future motion practice and/or trial. The requested relief is intended solely to assist the Court in maintaining oversight of the receivership and developing a complete factual record prior to any merits determinations.

**CONCLUSION**

25. For the foregoing reasons, I respectfully request that the Court grant the relief requested in the accompanying Memorandum of Law and sign the proposed Order to Show Cause.

I affirm under penalty of perjury that the foregoing is true and correct.

Dated: _____, 2026
New York, New York

FILED: NEW YORK COUNTY CLERK 01/06/2026 01:05 AM          INDEX NO. 650582/2022

NYSCEF DOC. NO. 958                                      RECEIVED NYSCEF: 01/07/2026

**HON. JOEL M. BANNON**
Justice, Supreme Court
Submitted by:


Respectfully submitted,

Josh (Avrumi) Lubin


*/s/ Josh (Avrumi) Lubin*
Josh (Avrumi) Lubin
Pro Se
Party of Interest
1460 Arboretum Parkway
Lakewood, NJ 08701
Tel: (718) 570-3796
Email: josh@spincapital.com

# EXHIBIT 12

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

GOLDEN FOOTHILL INSURANCE SERVICES, LLC,
LIFE FACTOR II, LLC, LIFE SHARES II, LLC,
EL DORADO HILLS INSURANCE SOLUTIONS, INC.,          Case No. 1:24-cv-08515-AS
LONE WOLF INSURANCE SERVICES, INC.,
ELDO INVESTMENTS, LLC, THE GENESIS LS FUND, LLC,
KTL HOLDINGS, INC., and TATANISHA LEER,

          Plaintiffs,

v.

SPIN CAPITAL, LLC, AVRUMI (a/k/a JOSH) LUBIN,
BMF ADVANCE LLC, GAVRIEL YITZCHAKOV
a/k/a GABE ISAACOV, HI BAR CAPITAL, LLC,
YOEL GETTER a/k/a JOEL GETA, and
YISROEL HERBST,

          Defendants.

**NOTICE OF LIMITED PRO SE APPEARANCE**
(*Individual Capacity Only; Limited Purpose*)

Defendant Josh (Avrumi) Lubin respectfully submits this Notice to clarify his status for a limited and specific purpose.

Mr. Lubin is presently represented by counsel of record in this action. However, counsel has declined to pursue a contemplated motion to disqualify opposing counsel based on an asserted conflict of interest.

Accordingly, Mr. Lubin hereby provides notice that he is appearing **on his own behalf, in his individual capacity only, and for the limited purpose of requesting a pre-motion conference** pursuant to the Court's Individual Rules concerning a contemplated motion to disqualify counsel.

This limited pro se appearance is not intended to, and does not, terminate or substitute existing counsel of record for any other purpose, nor does it apply to any entity defendant.

Dated: January 8, 2026

Respectfully submitted,

/s/ *Josh Lubin*
Josh (Avrumi) Lubin
Defendant (Individual Capacity Only)
1460 Arboretum Parkway

Lakewood, NJ 08701
Tel: (718) 570-3796
Email: josh@spincapital.com

EXHIBIT 13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Golden Foothill Insurance Services, LLC, et al.**
**v.**
**Spin Capital, LLC, et al.**

Case No. **1:24-cv-08515-AS**

Josh (Avrumi) Lubin
Pro Se Defendant
1460 Arboretum Parkway
Lakewood, NJ 08701
Tel: (718) 570-3796
Email: josh@spincapital.com

January 8, 2026

Honorable **Arun Subramanian**
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Subramanian:

I respectfully request a pre-motion conference pursuant to Your Honor's Individual Rules in advance of a contemplated motion to disqualify Matthew Leto and the Leto Law Firm from representing Hi Bar Capital, LLC, or any party adverse to me or Spin Capital, LLC, in this action.

The contemplated motion is based on an alleged non-waivable conflict of interest arising from Mr. Leto's prior joint representation of me and Spin Capital, LLC pursuant to a written engagement agreement, followed by his current representation of an adverse party in this action concerning the same transactions and nucleus of operative facts. I believe the contemplated motion raises issues appropriate for Court guidance under the Second Circuit's standards governing attorney disqualification.

Prior to submitting this request, I provided written notice to counsel of record identifying the asserted conflict and seeking to resolve the issue without Court intervention. Those efforts were unsuccessful, and I therefore submit this request in accordance with the Court's pre-motion conference requirement.

I respectfully request a telephonic or in-person conference at the Court's convenience and will promptly coordinate with opposing counsel as directed by the Court.

Thank you for the Court's consideration.

Respectfully submitted,

*/s/ Josh Lubin*_____
Josh (Avrumi) Lubin
Defendant (Individual Capacity Only)

# EXHIBIT 14

# Josh Lubin

| | |
|---|---|
| **From:** | Josh Lubin |
| **Sent:** | Monday, January 12, 2026 1:01 PM |
| **To:** | 'Heidi.A.Feinman@usdoj.gov'; 'oig.hotline@usdoj.gov'; 'ustp.region21@usdoj.gov'; |
| **Cc:** | 'Bradford Cohen Law'; 'Michael McMullen'; 'Patrick Dorsey'; 'Stanley Casey'; 'JOEL ARESTY'; 'klee@feenixpartners.com'; 'alankartenlaw@gmail.com'; 'Moore, Melissa'; 'Avery Samet'; 'Jeffrey Chubak'; 'Fred Stevens'; 'Shaya Baum'; 'Ian Williamson'; 'Sherri Sikorski'; 'Alan Crane'; 'Feinman, Heidi A. (USTP)'; 'michael@blfmiami.com'; 'jordan@blfmiami.com'; 'ustp.region21@usdoj.gov'; 'Adam Behrendt'; 'Brad S. Shraiberg'; 'david@softnesslaw.com'; 'Wiegert, Joel L.'; 'Jerry Breslin'; 'Reilly, Thomas'; 'Vicchairelli, James'; 'RikshpunA@dany.nyc.gov'; 'PayneC@dany.nyc.gov'; 'Matthew Leto'; 'Brian S. Dervishi'; 'Documents Service of Court'; 'Luke T. Jacobs'; 'Browndorf Eric A.'; 'William Rubley'; 'criminal.division@usdoj.gov'; 'USAFLS-CitizenComplaints (USAFLS)'; 'USAFLS-CitizenCompla@usa.doj.gov'; 'David W. Langley'; 'Kasen Michael'; 'Juracek, Chelsea Marie'; George.Brandley@usdoj.gov; Diggins Adrienne L; Gardocki, Mary E. (NK) (FBI); Panfil, Todd W. (CG) (FBI); Vajzovic, Jasmina (USAILN); aczajkowski@fbi.gov |
| **Subject:** | RE:  RE: Fraud-Upon-the-Court / Registry Integrity — S.D. Fla. Bankruptcy Case No. 22-15627-EPK (Division 21) — SUPPLEMENT re Excell Auto Conflicts (Leto / Crane) — SDNY Filings Attached |
| **Importance:** | High |

**Ms. Feinman —**
Replying all to keep the record consolidated.

**For avoidance of doubt, I am also copying federal contacts who have previously communicated with me in related matters (USANJ; FBI Newark; FBI Chicago) solely to keep routing and the record consistent. No action is requested by email from any recipient.**

This is a **formal notice regarding communications protocol.**

**Effective immediately,** no DOJ component—including but not limited to USTP Region 21, OIG, and FBI personnel—is authorized to communicate directly with any member of my litigation/support team (including paralegals, consultants, contractors, vendors, or assistants) regarding me, Spin Capital, or any related matter **outside of formal channels**. All communications must be routed **in writing** through counsel of record (where applicable and copied here) and/or **directly to me**—not to third parties on my side.

To remove any ambiguity, please provide a written response **within 24 hours** addressing each of the following:

## A. Direct contacts to my team (past or pending):
Confirm whether any DOJ component has sent (or attempted to send) any letter, inquiry, request, subpoena, preservation notice, or other communication to any member of my team relating to me or Spin Capital. If yes, identify: **(i)** component; **(ii)** date; **(iii)** method; **(iv)** recipient; and **(v)** general subject matter.

1

**B. Designated point of contact:**
Identify the **assigned point of contact** for USTP Region 21 intake/handling of these communications (**name + title**) and the correct routing channel going forward.

**C. Forward routing instruction:**
Confirm that Region 21 will **instruct relevant components** to refrain from direct outreach to my team and to route any communications **formally and on the record** through counsel/me.

**Preservation:** Please preserve all records relating to any such communications and routing (including drafts, internal referrals, call logs, emails, texts, messaging app communications, attachments, and metadata).

Nothing in this email is intended to impede any lawful process. This is a demand for **proper routing and documentation** to prevent confusion and protect record integrity. If Region 21 declines to provide the confirmations above, state that plainly and identify the **supervisor/component responsible** for communications protocol.

Regards,
Avrumi ("Josh") Lubin
Spin Capital
Without waiver of any rights or remedies

---

**From:** Josh Lubin
**Sent:** Friday, January 9, 2026 1:51 PM
**To:** Heidi.A.Feinman@usdoj.gov; oig.hotline@usdoj.gov; ustp.region21@usdoj.gov;

**Cc:** Bradford Cohen Law <service@floridajusticefirm.com>; Michael McMullen <michael@floridajusticefirm.com>; Patrick Dorsey <pdorsey@slp.law>; Stanley Casey <scasey@sqcaseylaw.com>; JOEL ARESTY <aresty@mac.com>; klee@feenixpartners.com; alankartenlaw@gmail.com; Moore, Melissa <mmoore@bodmanlaw.com>; Avery Samet <asamet@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Shaya Baum <sbaum@winglakecp.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Alan Crane <acrane@furrcohen.com>; Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>; michael@blfmiami.com; jordan@blfmiami.com; ustp.region21@usdoj.gov; Adam Behrendt <jbehrendt@bodmanlaw.com>; Brad S. Shraiberg <bss@slp.law>; david@softnesslaw.com; Wiegert, Joel L. <joel.wiegert@kutakrock.com>; Jerry Breslin <jb@jsjb.law>; Reilly, Thomas <reillyt@dany.nyc.gov>; Vicchairelli, James <vicchairellij@dany.nyc.gov>; RikshpunA@dany.nyc.gov; PayneC@dany.nyc.gov; Matthew Leto <mleto@letolawfirm.com>; Brian S. Dervishi <brian@wdpalaw.com>; Documents Service of Court <service@wdpalaw.com>; Luke T. Jacobs <ljacobs@wdpalaw.com>; Browndorf Eric A. <ebrowndorf@cooperlevenson.com>; William Rubley <wrubley@cooperlevenson.com>; criminal.division@usdoj.gov; USAFLS-CitizenComplaints (USAFLS) <usafls.citizencomplaints@usdoj.gov>; USAFLS-CitizenCompla@usa.doj.gov; David W. Langley <dave@flalawyer.com>; Kasen Michael <mkasen@kasenlaw.com>;

**Subject:** RE: Fraud-Upon-the-Court / Registry Integrity — S.D. Fla. Bankruptcy Case No. 22-15627-EPK (Division 21) — SUPPLEMENT re Excell Auto Conflicts (Leto / Crane) — SDNY Filings Attached
**Importance:** High

2

**Ms. Feinman (U.S. Trustee, Region 21 / Division 21 — Southern District of Florida) —**

Replying all again to keep the record consolidated.

This is a supplemental notice because the counsel-conflict issues involving (i) Matthew Leto and (ii) Alan Crane are not "external" or "collateral" issues — they are squarely within your oversight responsibilities in the Excell Auto matters being administered in this **District (Division 21)**, including the Excell Auto adversary where Hi Bar is a party.

    1.  **Matthew Leto conflict** — now formally docketed (SDNY)

Attached are two filings I made on January 8, 2026 in the Southern District of New York in Golden Foothill Insurance Services, LLC, et al. v. Spin Capital, LLC, et al., Case No. 1:24-cv-08515-AS:

- A Notice of Limited Pro Se Appearance (limited purpose) explaining that counsel has declined to pursue a contemplated motion to disqualify opposing counsel based on an asserted conflict of interest; and

- A letter to **Judge Arun Subramanian** requesting a pre-motion conference for a contemplated motion to disqualify **Matthew Leto and the Leto Law Firm from representing Hi Bar Capital, LLC** (or any party adverse to me / Spin Capital) based on an alleged non-waivable conflict arising from Mr. Leto's prior joint representation of me and Spin Capital, followed by his current adverse representation concerning the same transactions / nucleus of operative facts.

That conflict issue is now "in black and white" in a federal docket.

    2.  2) **Excell Auto overlap (Division 21)** — your jurisdiction / remit

Mr. Leto is also counsel for Hi Bar in the Excell Auto adversary (S.D. Fla. Bankruptcy / Division 21). Mr. Alan Crane is also participating in the Excell Auto proceedings on behalf of the Excell trustee (and is copied on this chain). Any counsel-conflict / disclosure / integrity issue involving counsel appearing in the Excell Auto case and adversary is plainly within Region 21's oversight remit in this District.

This is not a "private fee dispute." These are case-administration integrity issues that can affect estate administration, litigation conduct, and the reliability of the record across proceedings.

**Requested action (Region 21 / Division 21)**

Please confirm in writing, promptly, which of the following will occur **(or state clearly if Region 21 is taking no action):**

    A.  **That Region 21 has opened/assigned this issue for review (identify point of contact); and**
    B.  **What specific steps will be taken regarding the Leto conflict issue as it relates to Hi Bar's participation in Excell Auto (including whether Region 21 will raise conflict/disclosure concerns with the Court); and**
    C.  **What steps will be taken regarding any conflict/disclosure issues involving Alan Crane's role in the Excell Auto case/adversary.**

Silence is not a solution here. If **Region 21** is declining to act, **I am requesting an explicit written statement of that position so the record is clear.**

**Exhibit index (UPDATED)**

All prior exhibits remain the same. This email adds the following:

- **NEW Exhibit 13** — SDNY Case No. 1:24-cv-08515-AS, Doc. 114 (filed 01/08/2026): "Notice of Limited Pro Se Appearance" (Individual Capacity Only; Limited Purpose).

3

- **NEW Exhibit 14** — SDNY Case No. 1:24-cv-08515-AS, Doc. 113 (filed 01/08/2026): Letter to Judge Arun Subramanian requesting pre-motion conference re contemplated motion to disqualify Matthew Leto / Leto Law Firm (conflict of interest).

Regards,

Avrumi ("Josh") Lubin
Spin Capital
Communicating in my personal capacity only.
Without waiver of any rights or remedies.
I understand this distribution may waive privilege, and I am sending it intentionally.

      copied for transparency purposes only (no request for comment).
* Manhattan D.A. copied for transparency purposes due to related proceedings in New York.

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Thursday, January 8, 2026 7:01 AM
**To:** Heidi.A.Feinman@usdoj.gov; oig.hotline@usdoj.gov; ustp.region21@usdoj.gov
**Cc:** Bradford Cohen Law <service@floridajusticefirm.com>; Michael McMullen <michael@floridajusticefirm.com>; Patrick Dorsey <pdorsey@slp.law>; Stanley Casey <scasey@sqcaseylaw.com>; JOEL ARESTY <aresty@mac.com>; klee@feenixpartners.com; alankartenlaw@gmail.com; Moore, Melissa <mmoore@bodmanlaw.com>; Avery Samet <asamet@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Shaya Baum <sbaum@winglakecp.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Alan Crane <acrane@furrcohen.com>; Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>; michael@blfmiami.com; jordan@blfmiami.com; ustp.region21@usdoj.gov; Adam Behrendt <jbehrendt@bodmanlaw.com>; Brad S. Shraiberg <bss@slp.law>; david@softnesslaw.com; Wiegert, Joel L. <joel.wiegert@kutakrock.com>; Jerry Breslin <jb@jsjb.law>; Reilly, Thomas <reillyt@dany.nyc.gov>; Vicchairelli, James <vicchairellij@dany.nyc.gov>; RikshpunA@dany.nyc.gov; PayneC@dany.nyc.gov; Matthew Leto <mleto@letolawfirm.com>; Brian S. Dervishi <brian@wdpalaw.com>; Documents Service of Court <service@wdpalaw.com>; Luke T. Jacobs <ljacobs@wdpalaw.com>; Browndorf Eric A. <ebrowndorf@cooperlevenson.com>; William Rubley <wrubley@cooperlevenson.com>; criminal.division@usdoj.gov; USAFLS-CitizenComplaints (USAFLS) <usafls.citizencomplaints@usdoj.gov>; USAFLS-CitizenCompla@usa.doj.gov; David W. Langley <dave@flalawyer.com>; Kasen Michael <mkasen@kasenlaw.com>
**Subject:** RE: Fraud-Upon-the-Court / Registry Integrity -- S.D. Fla. Bankruptcy Case No. 22-15627-EPK (Division 21) — SUPPLEMENT (NYSCEF OSC Papers Attached: Exs. 11–12)
**Importance:** High

**Ms. Feinman (U.S. Trustee, Region 21 / Division 21 — Southern District of Florida) —**

Replying all to keep the record consolidated.

**Supplemental attachments (related New York County / NYSCEF proceeding):**

Attached are two newly-filed NYSCEF papers in **Supreme Court of the State of New York, County of New York, Index No. 650582/2022** (Teton Life LLC as Assignee of the Rights of Spin Capital, LLC v. Golden Foothill Insurance Services LLC, et al.):

- **NEW Ex. 11** — NYSCEF Doc. No. 957: Order to Show Cause for Expanded Receiver Authority

4

- **NEW Ex. 12** — NYSCEF Doc. No. 958: Affirmation of Josh (Avrumi) Lubin in Support of Motion for Expanded Receiver Authority (filed 01/06/2026; received 01/07/2026)

These two exhibits are provided to keep the multi-court record consolidated and to document the existence of related proceedings in New York.

My prior request/demand for a written response from **USTP Region 21 / Division 21 regarding the S.D. Fla. bankruptcy registry disbursement** remains unchanged, including: (1) confirmation of receipt and identification of the responsible point of contact; (2) confirmation of what actions are being taken immediately on preservation/registry-processing issues; and (3) if your office will not take action or will not route this to an appropriate component, identification of the supervisor/component/referral path responsible.

**No action is requested from any court by email.** Any relief will be pursued through proper motion practice. This email is sent to ensure the record is consolidated and that there is a clear written account of notice, preservation, and response posture.

For transparency, I am copying the **Manhattan District Attorney's Office** due to related New York proceedings, along with the Inspector General and           I understand this distribution may waive privilege, and I am doing so intentionally.

**Exhibit index (UPDATED):**

- **Ex. 1** — Bankr. S.D. Fla., Case No. 22-15627-EPK: Order Denying Expedited Joint Motion (Dkt./DE 952)

- **Ex. 2** — Bankr. S.D. Fla. transcript (June 18, 2025 hearing) (061825aw)

- **Ex. 3** — Broward Circuit Court transcript (Aug. 13, 2025 hearing)

- **Ex. 4** — Broward Circuit Court Order (Filing #229455396) (entered Aug. 14, 2025)

- **Ex. 5** — Broward transcript (Sept. 3, 2025 hearing)

- **Ex. 6** — Broward transcript (Sept. 10, 2025 hearing)

- **Ex. 7** — Outlook.pdf (email chain / submission history)

- **Ex. 8** — Demand Draft (record-correction / fraud-upon-the-court demand chain)

- **Ex. 9** — Bankr. S.D. Fla., Case No. 22-15627-EPK: Doc. 965 (Aug. 27, 2025) — Order directing registry disbursement of $2,107,548.61 (+ interest) to Schwartz Breslin PLLC

5

- **Ex. 10** — Excell Auto Group, Inc., Case No. 22-12790-EPK; Adv. Pro. No. 23-01132-EPK: Doc. 362 (Jan. 7, 2026) — Notice of Filing Declaration Regarding Preservation Notice and Response (with Ex. A)

- **NEW Ex. 11** — NYSCEF Doc. No. 957: Order to Show Cause for Expanded Receiver Authority, NY Supreme Court, New York County, Index No. 650582/2022 (Teton Life LLC as Assignee of Spin Capital, LLC v. Golden Foothill Insurance Services LLC, et al.)

- *NEW Ex. 12* — NYSCEF Doc. No. 958: Affirmation of Josh (Avrumi) Lubin in Support of Motion for Expanded Receiver Authority, filed 01/06/2026 (received 01/07/2026), Index No. 650582/2022

Regards,

Avrumi ("Josh") Lubin

Spin Capital

Communicating in my personal capacity only

Without waiver of any rights or remedies

**copied for transparency purposes only (no request for comment).**

---

**From:** Josh Lubin
**Sent:** Thursday, January 8, 2026 2:01:37 AM
**To:** Heidi.A.Feinman@usdoj.gov <Heidi.A.Feinman@usdoj.gov>; oig.hotline@usdoj.gov <oig.hotline@usdoj.gov>; ustp.region21@usdoj.gov <ustp.region21@usdoj.gov>
**Cc:** Bradford Cohen Law <service@floridajusticefirm.com>; Michael McMullen <michael@floridajusticefirm.com>; Patrick Dorsey <pdorsey@slp.law>; Stanley Casey <scasey@sqcaseylaw.com>; JOEL ARESTY <aresty@mac.com>; klee@feenixpartners.com <klee@feenixpartners.com>; alankartenlaw@gmail.com <alankartenlaw@gmail.com>; Moore, Melissa <mmoore@bodmanlaw.com>; Avery Samet <asamet@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Shaya Baum <sbaum@winglakecp.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Alan Crane <acrane@furrcohen.com>; Feinman, Heidi A. (USTP) <heidi.a.feinman@usdoj.gov>; michael@blfmiami.com <michael@blfmiami.com>; jordan@blfmiami.com <jordan@blfmiami.com>;
USTP.Region21@usdoj.gov <USTP.Region21@usdoj.gov>; Adam Behrendt <jbehrendt@bodmanlaw.com>; Brad S. Shraiberg <bss@slp.law>; david@softnesslaw.com <david@softnesslaw.com>; Wiegert, Joel L. <joel.wiegert@kutakrock.com>; Jerry Breslin <jb@jsjb.law>;

<tips@propublica.org>; Reilly, Thomas <reillyt@dany.nyc.gov>; Vicchairelli, James <vicchairellij@dany.nyc.gov>; RikshpunA@dany.nyc.gov <RikshpunA@dany.nyc.gov>; PayneC@dany.nyc.gov <PayneC@dany.nyc.gov>; Matthew Leto <mleto@letolawfirm.com>; Brian S. Dervishi <brian@wdpalaw.com>; Documents Service of Court <service@wdpalaw.com>; Luke T. Jacobs <ljacobs@wdpalaw.com>; Browndorf Eric A.

6

<ebrowndorf@cooperlevenson.com>; William Rubley <wrubley@cooperlevenson.com>; criminal.division@usdoj.gov <criminal.division@usdoj.gov>; USAFLS-CitizenComplaints (USAFLS) <usafls.citizencomplaints@usdoj.gov>; USAFLS-CitizenCompla@usa.doj.gov <usafls-citizencompla@usa.doj.gov>; David W. Langley <dave@flalawyer.com>; Kasen Michael <mkasen@kasenlaw.com>

**Subject:** RE: Fraud-Upon-the-Court / Registry Integrity — S.D. Fla. Bankruptcy Case No. 22-15627-EPK (Division 21) — SUPPLEMENTAL NOTICE OF FILING ATTACHED

**Ms. Feinman** (U.S. Trustee, Region 21 / **Division 21** — Southern District of Florida) —

Replying all to keep the record consolidated.

**Supplemental attachment (related S.D. Fla. bankruptcy proceeding):** Attached is a newly-filed **Notice of Filing Declaration Regarding Preservation Notice and Response** in **In re Excell Auto Group, Inc., Case No. 22-12790-EPK; Adv. Pro. No. 23-01132-EPK (Doc. 362, filed Jan. 7, 2026).** The Notice states it is filed **solely to memorialize notice provided, responses received, and positions taken regarding preservation**, and that **no relief is requested** by that Notice.

This supplemental filing is directly relevant here because the underlying issue in this thread is **bankruptcy-process integrity and registry integrity** in **In re Auto Wholesale of Boca, LLC, Case No. 22-15627-EPK (Division 21)**.

**Core point (still the same, now with the "theft/disbursement" exhibit in the record):**
The **mechanism** by which the Bankruptcy Court registry funds were removed is **Case 22-15627-EPK, Doc. 965 (entered Aug. 27, 2025)**. That order expressly:

- incorporates the prior denial order by reference and notes the Court "could not and would not" decide the Lubin/Hi Bar dispute, and that the parties were encouraged to obtain a ruling elsewhere;
- relies on the Broward "Order on Joint Motion to Endorse Settlement" **(Filing #229455396, entered Aug. 14, 2025); and**
- **directs the Clerk to disburse $2,107,548.61 plus accrued interest from the registry to the order of Schwartz Breslin PLLC, to be further disbursed according to the settlement.**

I continue to contend that this registry disbursement was **wrongful/illegal**, and that it was procured through disputed record language and cross-court reliance issues reflected in the attached transcripts/orders.

**What I am demanding from USTP Region 21 / Division 21 (in writing):**
Within **24 hours,** please provide a written response that does all of the following:

1. **Confirm receipt** of this supplemental attachment and identify the **assigned point of contact** (name + title) responsible for Region 21 intake and handling of this matter.
2. **Confirm what actions are being taken immediately** regarding the registry-integrity issue, including (at minimum):
   - what steps your office is taking to ensure **preservation** of potentially relevant records (including communications with the Clerk/Financial Section re registry disbursement processing);

7

- o  whether Region 21 will **review how Doc. 965 was obtained and processed**, including what representations were made to support release; and
- o  whether Region 21 will evaluate **traceability / recovery options** for the disbursed funds, given that the registry disbursement routed funds to a private law firm trust account.

3. If you contend your office will **not** take action (or will not even route this to an appropriate DOJ/UST component), then state that **plainly** and identify **who will** take responsibility (supervisor / component / referral path).

4. If you will not confirm in writing what actions are being taken immediately (items 1–3 above), then I am requesting that you **step aside** so this matter can be handled by someone who will — including, if that is your position, confirming whether you intend to **resign or otherwise have this matter reassigned** to an official who will take prompt, documented action.

**No action is requested from any court by email.** Any relief will be pursued through proper motion practice. This email is sent to ensure the record is consolidated and that there is a clear written account of notice, preservation, and response posture.

For transparency, I am copying the **Manhattan District Attorney's Office** due to related New York proceedings, along with the **Inspector General** and           I understand this distribution may waive privilege, and I am doing so intentionally.

**Exhibit index (UPDATED):**

- **Ex. 1** — Bankr. S.D. Fla., Case No. 22-15627-EPK: Order Denying Expedited Joint Motion (Dkt./DE 952)
- **Ex. 2** — Bankr. S.D. Fla. transcript (June 18, 2025 hearing) (061825aw)
- **Ex. 3** — Broward Circuit Court transcript (Aug. 13, 2025 hearing)
- **Ex. 4** — Broward Circuit Court Order (Filing #229455396) (entered Aug. 14, 2025)
- **Ex. 5** — Broward transcript (Sept. 3, 2025 hearing)
- **Ex. 6** — Broward transcript (Sept. 10, 2025 hearing)
- **Ex. 7** — Outlook.pdf (email chain / submission history)
- **Ex. 8** — Demand Draft (record-correction / fraud-upon-the-court demand chain)
- **Ex. 9** — Bankr. S.D. Fla., Case No. 22-15627-EPK: **Doc. 965 (Aug. 27, 2025)** — Order directing registry disbursement of **$2,107,548.61 (+ interest)** to Schwartz Breslin PLLC
- **NEW Ex. 10** — **Excell Auto Group, Inc., Case No. 22-12790-EPK; Adv. Pro. No. 23-01132-EPK: Doc. 362 (Jan. 7, 2026)** — Notice of Filing Declaration Regarding Preservation Notice and Response (with Ex. A)

Regards,
Avrumi ("Josh") Lubin
Spin Capital
Communicating in my personal capacity only
Without waiver of any rights or remedies

*copied for transparency purposes only (no request for comment).*

**From:** Josh Lubin
**Sent:** Thursday, January 8, 2026 12:26 AM
**To:** 'Heidi.A.Feinman@usdoj.gov' <Heidi.A.Feinman@usdoj.gov>; 'oig.hotline@usdoj.gov' <oig.hotline@usdoj.gov>; 'ustp.region21@usdoj.gov' <ustp.region21@usdoj.gov>
**Cc:** 'Bradford Cohen Law' <service@floridajusticefirm.com>; 'Michael McMullen' <michael@floridajusticefirm.com>; 'Patrick Dorsey' <pdorsey@slp.law>; 'Stanley Casey' <scasey@sqcaseylaw.com>; 'JOEL ARESTY' <aresty@mac.com>; 'klee@feenixpartners.com' <klee@feenixpartners.com>; 'alankartenlaw@gmail.com' <alankartenlaw@gmail.com>; 'Moore, Melissa' <mmoore@bodmanlaw.com>; 'Avery Samet' <asamet@aminillc.com>; 'Jeffrey Chubak' <jchubak@aminillc.com>; 'Fred Stevens' <fstevens@klestadt.com>; 'Shaya Baum' <sbaum@winglakecp.com>; 'Ian Williamson' <iwilliamson@manteselaw.com>; 'Sherri Sikorski' <ssikorski@manteselaw.com>; 'Alan Crane' <acrane@furrcohen.com>; 'Feinman, Heidi A. (USTP)' <heidi.a.feinman@usdoj.gov>; 'michael@blfmiami.com' <michael@blfmiami.com>; 'jordan@blfmiami.com' <jordan@blfmiami.com>;
'USTP.Region21@usdoj.gov' <USTP.Region21@usdoj.gov>; 'Adam Behrendt' <jbehrendt@bodmanlaw.com>; 'Brad S. Shraiberg' <bss@slp.law>; 'david@softnesslaw.com' <david@softnesslaw.com>; 'Wiegert, Joel L.' <joel.wiegert@kutakrock.com>; 'Jerry Breslin' <jb@jsjb.law>;

'Reilly, Thomas' <reillyt@dany.nyc.gov>; 'Vicchairelli, James' <vicchairellij@dany.nyc.gov>; 'RikshpunA@dany.nyc.gov' <RikshpunA@dany.nyc.gov>; 'PayneC@dany.nyc.gov' <PayneC@dany.nyc.gov>; 'Matthew Leto' <mleto@letolawfirm.com>; 'Brian S. Dervishi' <brian@wdpalaw.com>; 'Documents Service of Court' <service@wdpalaw.com>; 'Luke T. Jacobs' <ljacobs@wdpalaw.com>; 'Browndorf Eric A.' <ebrowndorf@cooperlevenson.com>; 'William Rubley' <wrubley@cooperlevenson.com>; criminal.division@usdoj.gov; USAFLS-CitizenComplaints (USAFLS) <usafls.citizencomplaints@usdoj.gov>; USAFLS-CitizenCompla@usa.doj.gov; David W. Langley <dave@flalawyer.com>; Kasen Michael <mkasen@kasenlaw.com>
**Subject:** RE: Fraud-Upon-the-Court / Registry Integrity — S.D. Fla. Bankruptcy Case No. 22-15627-EPK (Division 21) — Record Attached (UPDATED: Exhibit Showing Registry Disbursement)
**Importance:** High

Ms. Feinman (U.S. Trustee, Region 21 / Division 21 — Southern District of Florida) —
I'm replying all to keep the record consolidated.
**Apologies — my prior email inadvertently omitted the single most important exhibit showing the actual removal of the funds from the S.D. Fla. Bankruptcy Court registry. That exhibit is attached to this email.**
Fraud-Upon-the-Court Registry ...
**The omitted exhibit (now attached)**
**Bankr. S.D. Fla., Case No. 22-15627-EPK — Dkt. 965 (entered Aug. 27, 2025)**
Titled: **"ORDER (I) GRANTING EXPEDITED JOINT MOTION TO ORDER DISTRIBUTION OF AUCTION PROCEEDS TO COUNSEL FOR THE FVP PARTIES PURSUANT TO STATE COURT ORDER, AND (II) DISCHARGING ORDER TO SHOW CAUSE."**
Case 22-15627-EPK Doc 965
This order is the documented mechanism by which the registry funds were taken:

- The Court states it previously "could not and would not" decide the Lubin/Hi Bar dispute and encouraged the parties to obtain a ruling elsewhere — and that **"[t]hey have done so."**
  Case 22-15627-EPK Doc 965
- The Court then relies on the **Broward "Order on Joint Motion to Endorse Settlement" entered Aug. 14, 2025 (Filing #229455396)** as the basis to treat the Movants as the only parties who may seek release of the Net Proceeds.
  Case 22-15627-EPK Doc 965
  229455396 Order (Non-Dispositio...

9

- Critically, Dkt. 965 directs the Clerk to disburse the Net Proceeds held in the registry — **$2,107,548.61 plus accrued interest** — to the order of the law firm Schwartz Breslin PLLC, "to be further disbursed according to the settlement."
  Case 22-15627-EPK Doc 965

**This is the "theft exhibit" I referenced** — i.e., the paper showing the actual registry disbursement **event.** To be clear, I contend this disbursement was wrongful/illegal and was procured through the cross-court record issues described in my prior email and attachments.
Fraud-Upon-the-Court Registry ...

## Requested action (Region 21 / Division 21)

Given that the registry funds were disbursed by court order and routed to a private law firm trust account, I request that Region 21:

1. **Confirm receipt** of this supplemental exhibit and identify the assigned point of contact.
2. **Review how the registry disbursement was obtained and processed**, including what representations were made to support release and whether the predicate state-court "competent jurisdiction" ruling was procedurally and substantively reliable given the transcript disputes already in the record.
   Case 22-15627-EPK Doc 965
   229455396 Order (Non-Dispositio...
3. Confirm what steps (if any) are appropriate to **preserve traceability and recovery options** for the disbursed funds pending proper adjudication of the underlying rights.

## Exhibit index (UPDATED)

My prior exhibit list remains the same, and I am **adding the missing disbursement order** as the next exhibit:

- **NEW Exhibit 9 — Bankr. S.D. Fla. Case No. 22-15627-EPK, Dkt. 965 (Aug. 27, 2025): Order directing disbursement of $2,107,548.61 (+ interest) from the Court registry to Schwartz Breslin PLLC pursuant to the state court order.**
  Case 22-15627-EPK Doc 965

Regards,
Avrumi ("Josh") Lubin
Spin Capital
Communicating in my personal capacity only
Without waiver of any rights or remedies
        copied for transparency purposes only (no request for comment).

From: Josh Lubin
Sent: Wednesday, January 7, 2026 11:45 PM
To: Heidi.A.Feinman@usdoj.gov; 'oig.hotline@usdoj.gov' <oig.hotline@usdoj.gov>; ustp.region21@usdoj.gov
Cc: 'Bradford Cohen Law' <service@floridajusticefirm.com>; 'Michael McMullen' <michael@floridajusticefirm.com>; 'Patrick Dorsey' <pdorsey@slp.law>; 'Stanley Casey' <scasey@sqcaseylaw.com>; 'JOEL ARESTY' <aresty@mac.com>; 'klee@feenixpartners.com' <klee@feenixpartners.com>; 'alankartenlaw@gmail.com' <alankartenlaw@gmail.com>; 'Moore, Melissa' <mmoore@bodmanlaw.com>; 'Avery Samet' <asamet@aminillc.com>; 'Jeffrey Chubak' <jchubak@aminillc.com>; 'Fred Stevens' <fstevens@klestadt.com>; 'Shaya Baum' <sbaum@winglakecp.com>; 'Ian Williamson' <iwilliamson@manteselaw.com>; 'Sherri Sikorski' <ssikorski@manteselaw.com>; 'Alan Crane' <acrane@furrcohen.com>; 'Feinman, Heidi A. (USTP)' <heidi.a.feinman@usdoj.gov>; 'michael@blfmiami.com' <michael@blfmiami.com>; 'jordan@blfmiami.com' <jordan@blfmiami.com>;
                'USTP.Region21@usdoj.gov' <USTP.Region21@usdoj.gov>; 'Adam Behrendt' <jbehrendt@bodmanlaw.com>; 'Brad S. Shraiberg' <bss@slp.law>; 'david@softnesslaw.com' <david@softnesslaw.com>; 'Wiegert, Joel L.' <joel.wiegert@kutakrock.com>; 'Jerry Breslin' <jb@jsjb.law>;

10

Reilly, Thomas <reillyt@dany.nyc.gov>; Vicchairelli, James <vicchairellij@dany.nyc.gov>; 'RikshpunA@dany.nyc.gov' <RikshpunA@dany.nyc.gov>; 'PayneC@dany.nyc.gov' <PayneC@dany.nyc.gov>; Matthew Leto <mleto@letolawfirm.com>; Brian S. Dervishi <brian@wdpalaw.com>; Documents Service of Court <service@wdpalaw.com>; Luke T. Jacobs <ljacobs@wdpalaw.com>; Browndorf Eric A. <ebrowndorf@cooperlevenson.com>; William Rubley <wrubley@cooperlevenson.com>

**Subject:** Fraud-Upon-the-Court / Registry Integrity — S.D. Fla. Bankruptcy Case No. 22-15627-EPK (Division 21) — Record Attached

**Importance:** High

**Ms. Feinman (U.S. Trustee, Region 21 – Southern District of Florida) —**

I am writing directly to you in your capacity as **United States Trustee for Region 21** because the attached record reflects a registry-integrity / process-integrity issue arising from the **S.D. Fla. bankruptcy system**.

This concerns funds held in the registry of the **U.S. Bankruptcy Court in In re Auto Wholesale of Boca, LLC, Case No. 22-15627-EPK**, and the use of state-court order language to remove ("release") those **federal registry funds.**

Core point:
**FVP used the Broward Circuit Court "Order on Joint Motion to Endorse Settlement"** (Filing #229455396, entered Aug. 14, 2025) to procure release and transfer of the **Bankruptcy Court registry funds to FVP's counsel trust account.** In my view, that was an **illegal / unlawful diversion of federal registry funds** based on materially disputed and record-contested order language and downstream reliance.

The Broward Order itself directs the transfer:
- Paragraph 13 states "the Net Proceeds should be distributed to the trust account of counsel for the FVP Parties."
- Paragraph 14 contemplates filing that order in the Bankruptcy Court to "inform" the Bankruptcy Court that the dispute has been resolved.

The S.D. Fla. bankruptcy record emphasizes the opposite principle:
**On June 18, 2025, Judge Kimball made clear that funds held in the registry of a federal court are not subject to garnishment/attachment and will not be released except pursuant to further order of the Bankruptcy Court.**

Accordingly, the use of the Broward Order as the mechanism to obtain release of registry funds—especially where the validity and scope of the underlying "rights" determination has been contested on the transcript record—creates a serious bankruptcy-process integrity issue and a fraud-upon-the-court / record-integrity issue across tribunals.

**Preservation notice:**
Please preserve (and instruct all parties/vendors to preserve) all drafts, redlines, transmittal emails, and metadata relating to:
- the drafting/submission/entry of the Broward Order (and any proposed orders);
- any communications referencing Bankruptcy Dkt. 952 / "court of competent jurisdiction" language;
- any request(s) to the Bankruptcy Court Clerk/Registry to release funds; and
- the actual release/disbursement path and recipients (including wiring instructions, trust account details, confirmations, and correspondence).

**Request to USTP Region 21:**
1. Please confirm receipt of this submission and identify the correct intake path / point of contact in your office.

11

2. Please confirm whether Region 21 will review the attached record as a bankruptcy-process / registry-integrity matter, including how the registry funds were released and on what asserted authority.

3. If the funds have not been fully disbursed or remain traceable, I request that the USTP consider whether immediate steps are appropriate to preserve and/or recover the funds pending proper adjudication.

For transparency, I am copying the **Manhattan District Attorney's Office** due to related **New York proceedings,** along with the **Inspector General**          I understand this distribution may waive privilege, and I am doing so intentionally.

## Exhibit index (attached PDFs)

- **Exhibit 1** — Bankr. S.D. Fla. **Order Denying Expedited Joint Motion (Dkt. 952)** (entered Aug. 12, 2025)
- **Exhibit 2** — Bankr. S.D. Fla. **Transcript (June 18, 2025 hearing)** re registry funds / garnishment posture (061825aw)
- **Exhibit 3** — Broward Circuit Court **Transcript (Aug. 13, 2025 hearing)** (CACE22-005125)
- **Exhibit 4** — Broward Circuit Court **Order (Filing #229455396)** (entered Aug. 14, 2025)
- **Exhibit 5** — Broward Circuit Court **Transcript (Sept. 3, 2025 hearing)** (Judge Haimes)
- **Exhibit 6** — Broward Circuit Court **Transcript (Sept. 10, 2025 hearing)** (Judge Haimes)
- **Exhibit 7** — **Outlook.pdf** (email chain / submission history)
- **Exhibit 8** — **Demand Draft** (record-correction / fraud-upon-the-court demand chain)


Regards,

Avrumi ("Josh") Lubin
Spin Capital
Communicating in my personal capacity only
Without waiver of any rights or remedies

      **copied for transparency purposes only (no request for comment).***

---

**From:** Josh Lubin
**Sent:** Wednesday, January 7, 2026 10:09 PM
**To:** JOEL ARESTY <aresty@mac.com>; Stanley Casey <scasey@sqcaseylaw.com>; oig.hotline@usdoj.gov
**Cc:** Bradford Cohen Law <service@floridajusticefirm.com>; Michael McMullen <michael@floridajusticefirm.com>; Patrick Dorsey <pdorsey@slp.law>; Stanley Casey <scasey@sqcaseylaw.com>; JOEL ARESTY <aresty@mac.com>; klee@feenixpartners.com; alankartenlaw@gmail.com; Moore, Melissa <mmoore@bodmanlaw.com>; Avery Samet <asamet@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Shaya Baum <sbaum@winglakecp.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Alan Crane <acrane@furrcohen.com>; Feinman, Heidi A. (USTP) <heidi.a.feinman@usdoj.gov>; michael@blfmiami.com; jordan@blfmiami.com; USTP.Region21@usdoj.gov; Adam Behrendt <jbehrendt@bodmanlaw.com>; Brad S. Shraiberg <bss@slp.law>; david@softnesslaw.com; Wiegert, Joel L. <joel.wiegert@kutakrock.com>; Jerry Breslin <jb@jsjb.law>;

**Subject:** RE: Fraud-Upon-the-Court / Record-Correction — Multi-Court Exhibits Attached (Broward + S.D. Fla. Bankruptcy)
**Importance:** High


All —

I'm replying all and copying          and the Inspector General for transparency. See footnote.*

12

I understand that copying        /IG may waive attorney-client privilege and I am doing so intentionally.

**Stanley / Joel** — this is a FINAL follow-up. The attached transcripts/orders reflect material record discrepancies and record representations across multiple tribunals, including:

• U.S. Bankruptcy Court (S.D. Fla.) — In re Auto Wholesale of Boca, LLC, Case No. 22-15627-EPK (June 18 transcript + Aug. 12, 2025 Order Denying Expedited Joint Motion, Dkt. 952)
• Broward Circuit Court (CACE22-005125; Aug. 13/14 and Sept. 3/10)
• Related domestication / garnishment proceedings referenced on the bankruptcy record (Palm Beach / NY)

This is not an "advocacy dispute." It is a record-integrity issue that requires immediate corrective action and (at minimum) an evidentiary hearing.

What I need from Stanley Casey and Joel Aresty **(by Friday, January 9, 2026):**

1. **Confirm (in writing) that you will prepare and file the appropriate Broward record-correction / Rule 1.540 / fraud-upon-the-court relief (and any companion relief needed to preserve the status quo in the related proceedings).**

2. **Circulate a court-ready draft motion(s) + proposed order(s) with the attached exhibits no later than EOD Friday, January 9, 2026.**

3. **If you will not do this, say so plainly (and explain why) so I can take immediate steps to protect my interests.**

Record-based issues (high level; see exhibits for the full record):

A) Bankruptcy (S.D. Fla., Aug. 12, 2025) — Dkt. 952 jurisdiction ruling and referral back to Broward
• The Bankruptcy Court held it lacks subject matter jurisdiction over the substantive dispute regarding the Net Proceeds and stated it "cannot and will not" decide whether the Common Interest Agreement was terminated and whether I hold Hi Bar's rights to the Net Proceeds.
• The Bankruptcy Court encouraged the parties to "seek appropriate rulings in the Broward Action."

B) Bankruptcy (S.D. Fla., June 18, 2025) — garnishment / assignment representations
• On the record, counsel represented that I "filled out a fraudulent affidavit" claiming an assignment of the Hi Bar judgment, domesticated it in Palm Beach, and served a writ of garnishment on the Bankruptcy Court registry.
• The Court stated the federal registry is not subject to garnishment and that funds will not be released except pursuant to further order; Hi Bar's counsel stated "there is no assignment."

C) Broward (Aug. 13, 2025 hearing / Aug. 14, 2025 entered order) — settlement endorsement and scope
• At the Aug. 13 hearing, the settlement proponent represented the settlement provides that **"100% of the money" in the bankruptcy registry would go to FVP and asked for endorsement to "go back to Judge Kimball."**
• **The Court stated it could not order the Bankruptcy Court to release funds,** but could decide whether I had an interest in the Net Proceeds; the Court ordered the settlement agreement be served.
• **The entered order then contains language that purports to make findings beyond what was articulated on the record.**

D) Broward (Sept. 3 & Sept. 10, 2025 hearings) — order language vs. oral rulings; "inserted" language
• On Sept. 3, Judge Haimes stated the only correction needed was to change paragraph 8 from "Court finds" to "Court notes" because "it's not a finding," and counsel noted additional language had been "inserted" and could create future problems unrelated to the settlement.

13

• On Sept. 10, Judge Haimes reiterated he was not resolving separate claims elsewhere; he was only determining who had standing/right to enter a settlement for the bankruptcy proceeds.

Preservation notice:
Please preserve (and instruct all vendors/assistants to preserve) all drafts, redlines, transmittal emails, and metadata relating to any proposed order(s), settlement-endorsement filings, and any communications referencing Bankruptcy Dkt. 952 / the "Broward Action" referral language.

Regards,

Josh Lubin
Spin Capital

EXHIBIT LIST (ATTACHED)

Exhibit 1 — DE 952 Order Denying Expedited Joint Motion (Bankr. S.D. Fla., Case No. 22-15627-EPK; entered Aug. 12, 2025)
Exhibit 2 — 061825aw: Transcript of June 18, 2025 hearing (Bankr. S.D. Fla., Case No. 22-15627-EPK)
Exhibit 3 — State Court Transcript: Aug. 13, 2025 hearing (Broward Circuit Court, CACE22005125)
Exhibit 4 — Broward Order: 229455396 Order (Non-Disposition) entered Aug. 14, 2025 (Broward Circuit Court, CACE22005125)
Exhibit 5 — State Court Transcript: Sept. 3, 2025 hearing (Judge Haimes)
Exhibit 6 — State Court Transcript: Sept. 10, 2025 hearing (Judge Haimes)
Exhibit 7 —— Outlook.pdf: email chain / submission history (PDF printout)
Exhibit 8 — Demand Draft: Fraud-Upon-the-Court / Record-Correction demand email chain (PDF printout)


**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, December 17, 2025 7:11 PM
**To:** Jerry Breslin <jb@jsjb.law>; Brad S. Shraiberg <bss@slp.law>; david@softnesslaw.com; Wiegert, Joel L. <joel.wiegert@kutakrock.com>; Adam Behrendt <jbehrendt@bodmanlaw.com>
**Cc:** Bradford Cohen Law <service@floridajusticefirm.com>; Michael McMullen <michael@floridajusticefirm.com>; Patrick Dorsey <pdorsey@slp.law>; Stanley Casey <scasey@sqcaseylaw.com>; JOEL ARESTY <aresty@mac.com>; klee@feenixpartners.com; alankartenlaw@gmail.com; Moore, Melissa <mmoore@bodmanlaw.com>; Avery Samet <asamet@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Shaya Baum <sbaum@winglakecp.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Alan Crane <acrane@furrcohen.com>; Feinman, Heidi A. (USTP) <heidi.a.feinman@usdoj.gov>; michael@blfmiami.com; jordan@blfmiami.com; USTP.Region21@usdoj.gov
**Subject:** Demand: Draft Fraud-Upon-the-Court / Record-Correction Motion Due Tomorrow — File by Friday
**Importance:** High

Joel, Stanley —

This is a formal demand that you prepare and file a motion seeking relief based on fraud upon the court / material record discrepancies involving the Broward docket and related proceedings, including the conduct and submissions of Jerry Breslin, by this Friday.

To be clear: this is not a request for commentary or delay. The record contains material discrepancies between oral rulings and later submitted/entered orders and representations, with downstream

14

consequences. This is exactly the category of issue that warrants immediate corrective relief and an evidentiary hearing.

Deadlines:
　　　1.　　By tomorrow (end of day): I expect a first draft of the motion and proposed order that is actively being worked on (with placeholders if needed for transcript cites/exhibits).
　　　2.　　By Friday: the motion is filed.

Minimum contents of the draft:
　　　•　　A concise statement of relief sought (vacatur/correction/clarification; evidentiary hearing; sanctions if appropriate).
　　　•　　Side-by-side identification of the oral ruling(s) vs. the entered language/representation(s).
　　　•　　A short materiality section: how the discrepancy was relied upon and what prejudice resulted.
　　　•　　Exhibit list (entered order(s), transcript excerpts, email chain / submission history if available).

Client control / review:
Nothing is to be filed without my prior review and written approval. I expect to be copied on all drafts and supporting materials.

If either of you contends you will not file such a motion, then state that position in writing by tomorrow, with the legal basis and the specific record you contend defeats the motion. "Not my kind of work" or "not an emergency" is not an answer to a record-based discrepancy that affects my rights and ongoing enforcement posture.

Josh
communicating in my personal capacity only
without waiver of any rights or remedies

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, December 17, 2025 3:46:52 PM
**To:** Jerry Breslin <jb@jsjb.law>; Brad S. Shraiberg <bss@slp.law>; david@softnesslaw.com <david@softnesslaw.com>; Wiegert, Joel L. <joel.wiegert@kutakrock.com>; Adam Behrendt <jbehrendt@bodmanlaw.com>
**Cc:** Bradford Cohen Law <service@floridajusticefirm.com>; Michael McMullen <michael@floridajusticefirm.com>; Patrick Dorsey <pdorsey@slp.law>; Stanley Casey <scasey@sqcaseylaw.com>; JOEL ARESTY <aresty@mac.com>; klee@feenixpartners.com <klee@feenixpartners.com>; alankartenlaw@gmail.com <alankartenlaw@gmail.com>; Moore, Melissa <mmoore@bodmanlaw.com>; Avery Samet <asamet@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Shaya Baum <sbaum@winglakecp.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Alan Crane <acrane@furrcohen.com>; Feinman, Heidi A. (USTP) <heidi.a.feinman@usdoj.gov>; michael@blfmiami.com <michael@blfmiami.com>; jordan@blfmiami.com <jordan@blfmiami.com>;
　　　　　　　USTP.Region21@usdoj.gov <USTP.Region21@usdoj.gov>
**Subject:** Immediate Action Required — Evidence of Fraud Upon the Court in Broward and Related Dockets

Joel, Stanley —

15

This is not a drill, and it is not a joke.

There is clear, record-based evidence across the Broward docket—and related proceedings—that supports a claim of fraud upon the court involving Jerry Breslin. I am not talking about advocacy disputes or sharp practice. I am talking about material discrepancies between what the court ruled on the record and what was later submitted, entered, and relied upon, with concrete downstream consequences.

You both know the standard. You also know that when evidence rises to this level, counsel's duties change.

As my counsel, you have a fiduciary duty to protect my interests, which includes:
- Investigating and evaluating evidence of fraud upon the court when it appears on the face of the docket and transcripts;
- Advising me promptly and candidly about available remedies (including Rule 1.540 relief, sanctions, and corrective orders); and
- Disclosing material misconduct to the court when required, rather than ignoring it or minimizing it as "process issues."

The Broward record contains:
- Court rulings on the transcript that do not authorize language later inserted into orders;
- Entered orders that materially deviate from the oral rulings; and
- Reliance on those deviations to justify enforcement actions and impair rights.

That combination is exactly what courts mean by fraud upon the court. Treating this as noise, delay, or a distraction—rather than as an emergency requiring immediate, coordinated advice—is not acceptable.

I expect, immediately:
1. A coordinated assessment from both of you addressing the fraud-upon-the-court issue head-on;
2. Clear advice on corrective action and disclosure obligations; and
3. Confirmation of how and when this will be presented to the court to protect my interests.

If either of you believes this does not rise to fraud upon the court, then say so plainly and explain why in writing, with reference to the transcripts and orders. Silence, deflection, or delay is not an option here.

For clarity, I am copying the Regional Office solely to preserve the record regarding unresolved issues involving missing assets, lack of accounting, and discrepancies between oral rulings and entered orders in the Broward matter.

I am not seeking advocacy by email. I am seeking appropriate review and guidance given the seriousness of the record

Josh
communicating in my personal capacity only
without waiver of any rights or remedies

Get Outlook for iOS

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, December 17, 2025 1:28:53 PM
**To:** Jerry Breslin <jb@jsjb.law>; Brad S. Shraiberg <bss@slp.law>; david@softnesslaw.com <david@softnesslaw.com>; Wiegert, Joel L. <joel.wiegert@kutakrock.com>; Adam Behrendt <jbehrendt@bodmanlaw.com>
**Cc:** Bradford Cohen Law <service@floridajusticefirm.com>; Michael McMullen <michael@floridajusticefirm.com>; Patrick Dorsey <pdorsey@slp.law>; Stanley Casey <scasey@sqcaseylaw.com>; JOEL ARESTY <aresty@mac.com>; klee@feenixpartners.com <klee@feenixpartners.com>; alankartenlaw@gmail.com <alankartenlaw@gmail.com>; Moore, Melissa <mmoore@bodmanlaw.com>; Avery Samet <asamet@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Shaya Baum <sbaum@winglakecp.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Alan Crane <acrane@furrcohen.com>; Feinman, Heidi A. (USTP) <heidi.a.feinman@usdoj.gov>; michael@blfmiami.com <michael@blfmiami.com>; jordan@blfmiami.com <jordan@blfmiami.com>
**Subject:** Broward Motion to Stay Enforcement (Rule 1.540) — Please tighten + add exhibits (email chain)

Stanley, Joel —

I just prepared a Broward emergency motion to stay enforcement of the final judgment pending Rule 1.540 relief. I'm sending it to you to clean up and make court-ready and to add a few items that will materially strengthen it.

What I need you to do (please):

1. Replace the placeholder caption with the exact Broward case caption and confirm the correct division/judge/case number.
2. Add Florida authority for:
   • trial court's inherent power to stay enforcement pending post-judgment (Rule 1.540) relief, and
   • the Court's discretion to waive/reduce bond (or allow alternative/nominal security) here because this is not a stay pending appeal and because the creditor claims to be secured.
3. Tighten the bond section to minimize bond exposure:
   • emphasize creditor's claimed ~$14MM collateral as security if true,
   • argue that a full bond would effectively deny meaningful Rule 1.540 review,
   • propose nominal/alternative security only if the Court insists.
4. Add the supporting materials we discussed:
   • a short Affidavit/Declaration from me re: the repeated collateral claims and the fact that they have refused to identify/trace/substantiate any collateral;
   • an Exhibit list with the key documents; and
   • attach the email chain showing the requests for collateral info / their non-response (or evasive response).
5. Add a clean Certificate of Service for Florida e-filing.

Attachments:
   • Draft Motion (Word)
   • Email chain re: collateral disclosure requests / non-disclosure (to be marked as exhibits)

Goal / timing:
I'd like a polished version I can file ASAP as an emergency stay, coordinated with the Rule 1.540 motion so the Court sees this as a narrow "preserve the status quo" request—not a merits re-argument.

17

If either of you sees any landmines (captioning, posture, bond issues, or how best to frame the collateral non-disclosure), flag them and propose the cleanest fix.

Thank you,
Avrumi ("Josh") Lubin

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, December 17, 2025 11:20:36 AM
**To:** Jerry Breslin <jb@jsjb.law>; Brad S. Shraiberg <bss@slp.law>; david@softnesslaw.com <david@softnesslaw.com>; Wiegert, Joel L. <joel.wiegert@kutakrock.com>; Adam Behrendt <jbehrendt@bodmanlaw.com>
**Cc:** Bradford Cohen Law <service@floridajusticefirm.com>; Michael McMullen <michael@floridajusticefirm.com>; Patrick Dorsey <pdorsey@slp.law>; Stanley Casey <scasey@sqcaseylaw.com>; JOEL ARESTY <aresty@mac.com>; klee@feenixpartners.com <klee@feenixpartners.com>; alankartenlaw@gmail.com <alankartenlaw@gmail.com>; Moore, Melissa <mmoore@bodmanlaw.com>; Avery Samet <asamet@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Shaya Baum <sbaum@winglakecp.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Alan Crane <acrane@furrcohen.com>; Feinman, Heidi A. (USTP) <heidi.a.feinman@usdoj.gov>; michael@blfmiami.com <michael@blfmiami.com>; jordan@blfmiami.com <jordan@blfmiami.com>
**Subject:** Immediate Action Required — Emergency Motion Before Chief Judge Kimball (Deadline: 5:00 PM Tomorrow)

Stanley, Joel Aresty,

I need you to prepare and be ready to file an emergency motion before Chief Judge Eric Kimball in the Excell Auto bankruptcy by 5:00 PM tomorrow if FVP and Franklin do not agree to a standstill and immediate production.

This is no longer discretionary. The record is now clear, and continued inaction risks irreversible harm.

What has happened (and is now documented):

- FVP represented to the Broward court in April 2022 that approximately $14MM in vehicles/collateral existed.
- Those vehicles (and/or their proceeds) remain unaccounted for.
- In or around May 2025, I served discovery requests seeking information concerning these vehicles and their disposition. FVP and Franklin did not comply with those discovery requests.
- I separately served discovery requests seeking the same vehicle-related information from the Excell Auto trustee, and those requests were likewise not complied with.
- I have now again formally demanded production of deal jackets, bills of sale, transfer records, and a certified accounting covering all vehicles in the Excell/Karma (Palm Beach & Broward) universe, not just the $14MM figure.
- FVP and Franklin have not agreed to a standstill, despite the obvious bankruptcy nexus.
- FVP has noticed criminal defense counsel in the Broward action.
- The U.S. Trustee is copied and on notice that estate-related vehicle assets and proceeds remain unresolved.

This establishes a clear pattern: repeated requests for basic vehicle and collateral information have gone unanswered while enforcement activity continues outside the bankruptcy court.

18

The motion I am directing you to prepare:

An EMERGENCY MOTION TO STAY ALL ENFORCEMENT AND RELATED PROCEEDINGS AND TO PRESERVE ESTATE-RELATED VEHICLE ASSETS AND PROCEEDS, to be filed in the Excell Auto bankruptcy before Chief Judge Eric Kimball.

The motion must seek the following relief:
1.    An immediate stay of:
- Enforcement of judgments;
- Receivership actions;
- Collection activity; and
- Any further disposition of vehicles or proceeds

to the extent related to Excell Auto, Karma of Palm Beach, and Karma of Broward vehicle collateral.
2.    A finding that:
- There are serious, unresolved questions concerning missing vehicles and proceeds represented to exist;
- Those vehicles and proceeds bear directly on the Excell Auto bankruptcy estate;
- Prior discovery efforts seeking this information were not complied with; and
- Allowing enforcement to continue while these issues remain unresolved risks irreparable harm and dissipation of potential estate assets.
3.    An order requiring:
- Immediate production of deal jackets, bills of sale, transfer records, title documents, and a certified accounting identifying:
- What vehicles existed;
- Where they went;
- How much was received;
- Whether proceeds are held in escrow or otherwise.
4.    Alternatively, at minimum:
- A temporary status-quo stay and an expedited evidentiary or status hearing before Judge Kimball.

Critical issues the motion must emphasize (without over-arguing):
- Contradictory positions taken by FVP and Franklin across courts regarding ownership, control, and disposition of vehicle collateral;
- The fact that vehicles alleged to exist cannot be traced;
- That multiple discovery requests over an extended period have gone unanswered;
- That these vehicles and proceeds implicate bankruptcy estate property, creditor rights, and court supervision; and
- Due process and rights issues created by continued enforcement while ownership and disposition of collateral remain unresolved.

Exhibits:
- My initial standstill request;
- My follow-up;
- The clarification expanding scope to all Excell/Karma vehicles;
- Any prior discovery requests relating to vehicle collateral;
- Relevant excerpts of the April 2022 receiver motion referencing the ~$14MM in vehicles.

19

Timing:

•    If FVP/Franklin do not expressly agree to a standstill by tomorrow afternoon, file the emergency motion by 5:00 PM.

•    I do not want further delay, informal outreach, or partial measures. This issue must be put squarely before Judge Kimball immediately.

This motion should be tight, forceful, and jurisdictionally focused. We are not asking Judge Kimball to decide ultimate ownership today — we are asking him to preserve the status quo, prevent further harm, and assert bankruptcy court control over estate-related vehicle assets and proceeds.

Please confirm today that you are preparing this filing and that it will be ready to go if the parties do not comply.

Josh Lubin
Spin Capital

Get Outlook for iOS

---

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, December 17, 2025 11:02:55 AM
**To:** Jerry Breslin <jb@jsjb.law>; Brad S. Shraiberg <bss@slp.law>; david@softnesslaw.com <david@softnesslaw.com>; Wiegert, Joel L. <joel.wiegert@kutakrock.com>; Adam Behrendt <jbehrendt@bodmanlaw.com>
**Cc:** Bradford Cohen Law <service@floridajusticefirm.com>; Michael McMullen <michael@floridajusticefirm.com>; Patrick Dorsey <pdorsey@slp.law>; Stanley Casey <scasey@sqcaseylaw.com>; JOEL ARESTY <aresty@mac.com>; klee@feenixpartners.com <klee@feenixpartners.com>; alankartenlaw@gmail.com <alankartenlaw@gmail.com>; Moore, Melissa <mmoore@bodmanlaw.com>; Avery Samet <asamet@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Shaya Baum <sbaum@winglakecp.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Alan Crane <acrane@furrcohen.com>; Feinman, Heidi A. (USTP) <heidi.a.feinman@usdoj.gov>; michael@blfmiami.com <michael@blfmiami.com>; jordan@blfmiami.com <jordan@blfmiami.com>
**Subject:** Clarification re scope of collateral records and vehicle disposition

Jerry, David, Joel, Brad, and Adam,

I want to clarify the scope of my prior request so there is no misunderstanding.

The request for a standstill and production is not limited to the approximately $14 million in vehicles/collateral referenced in FVP's April 2022 receiver motion. It applies to all vehicles that were potentially owned, controlled, pledged, or claimed as collateral by Excell Auto and its affiliated entities, including Karma of Palm Beach and Karma of Broward.

This includes, without limitation:

•    Any vehicles held in the name of Excell Auto, Karma of Palm Beach, Karma of Broward, or any affiliated or related entity;

•    Any vehicles claimed as collateral, inventory, or proceeds in any financing, receivership, or enforcement action;

•    Any vehicles that were transferred, sold, reassigned, or otherwise disposed of, including transfers to insiders, affiliates, third parties, or related entities; and

20

• Any vehicles that may have been improperly or fraudulently transferred, together with the proceeds of any such transfers and their current location or disposition.

Accordingly, the requested production encompasses all deal jackets, bills of sale, transfer documents, title records, disposition records, and certified explanations/accountings sufficient to identify what vehicles existed within the Excell/Karma (Palm Beach and Broward) universe and where those vehicles, or their proceeds, ultimately went.

As noted previously, these issues bear directly on matters arising in the Excell Auto bankruptcy proceeding and the administration of estate assets, and a temporary standstill pending this production remains the appropriate and efficient course.

Please confirm whether FVP and Franklin will agree to a standstill on that basis, or advise if you intend to oppose and have the issue addressed by motion.

Regards,
Josh Lubin
Spin Capital

Get Outlook for iOS

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, December 17, 2025 10:52:05 AM
**To:** Jerry Breslin <jb@jsjb.law>; Brad S. Shraiberg <bss@slp.law>; david@softnesslaw.com <david@softnesslaw.com>; Wiegert, Joel L. <joel.wiegert@kutakrock.com>; Adam Behrendt <jbehrendt@bodmanlaw.com>
**Cc:** Bradford Cohen Law <service@floridajusticefirm.com>; Michael McMullen <michael@floridajusticefirm.com>; Patrick Dorsey <pdorsey@slp.law>; Stanley Casey <scasey@sqcaseylaw.com>; JOEL ARESTY <aresty@mac.com>; klee@feenixpartners.com <klee@feenixpartners.com>; alankartenlaw@gmail.com <alankartenlaw@gmail.com>; Moore, Melissa <mmoore@bodmanlaw.com>; Avery Samet <asamet@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Shaya Baum <sbaum@winglakecp.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Alan Crane <acrane@furrcohen.com>; Feinman, Heidi A. (USTP) <heidi.a.feinman@usdoj.gov>; michael@blfmiami.com <michael@blfmiami.com>; jordan@blfmiami.com <jordan@blfmiami.com>
**Subject:** Re: Follow-up: standstill pending collateral production

Added Michael & Jordan here  (who do not represent me). Upon information and belief, they're looking for the same information.

Get Outlook for iOS

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Wednesday, December 17, 2025 10:43:03 AM
**To:** Jerry Breslin <jb@jsjb.law>; Brad S. Shraiberg <bss@slp.law>; david@softnesslaw.com <david@softnesslaw.com>; Wiegert, Joel L. <joel.wiegert@kutakrock.com>; Adam Behrendt <jbehrendt@bodmanlaw.com>
**Cc:** Bradford Cohen Law <service@floridajusticefirm.com>; Michael McMullen <michael@floridajusticefirm.com>; Patrick Dorsey <pdorsey@slp.law>; Stanley Casey <scasey@sqcaseylaw.com>; JOEL ARESTY <aresty@mac.com>; klee@feenixpartners.com <klee@feenixpartners.com>; alankartenlaw@gmail.com <alankartenlaw@gmail.com>; Moore, Melissa <mmoore@bodmanlaw.com>; Avery Samet <asamet@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Shaya Baum <sbaum@winglakecp.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Alan Crane

21

<acrane@furrcohen.com>; Feinman, Heidi A. (USTP) <heidi.a.feinman@usdoj.gov>
**Subject:** Follow-up: standstill pending collateral production

Jerry, David, Joel, Brad, and Adam,

Following up on my email below. Please confirm by [tomorrow / Friday at 5:00 p.m. ET] whether FVP and Franklin will agree to a temporary standstill on enforcement pending production of the collateral records and certified explanation/accounting referenced below.

**These vehicles and any related proceeds bear directly on issues arising in the Excell Auto bankruptcy proceeding and the administration of estate assets.**

If you will not agree, please state that clearly so the issue can be addressed promptly by motion in the related proceedings.

Regards,
Josh Lubin
Spin Capital

Get Outlook for iOS

---

**From:** Josh Lubin
**Sent:** Wednesday, December 17, 2025 10:39:16 AM
**To:** Jerry Breslin <jb@jsjb.law>; Brad S. Shraiberg <bss@slp.law>; david@softnesslaw.com <david@softnesslaw.com>; Wiegert, Joel L. <joel.wiegert@kutakrock.com>; Adam Behrendt <jbehrendt@bodmanlaw.com>
**Cc:** Bradford Cohen Law <service@floridajusticefirm.com>; Michael McMullen <michael@floridajusticefirm.com>; Patrick Dorsey <pdorsey@slp.law>; Stanley Casey <scasey@sqcaseylaw.com>; JOEL ARESTY <aresty@mac.com>; klee@feenixpartners.com <klee@feenixpartners.com>; alankartenlaw@gmail.com <alankartenlaw@gmail.com>; Moore, Melissa <mmoore@bodmanlaw.com>; Avery Samet <asamet@aminillc.com>; Jeffrey Chubak <jchubak@aminillc.com>; Fred Stevens <fstevens@klestadt.com>; Shaya Baum <sbaum@winglakecp.com>; Ian Williamson <iwilliamson@manteselaw.com>; Sherri Sikorski <ssikorski@manteselaw.com>; Alan Crane <acrane@furrcohen.com>; Feinman, Heidi A. (USTP) <heidi.a.feinman@usdoj.gov>
**Subject:** Request for Standstill Pending Production of Collateral Records

Jerry, David, Joel, Brad, and Adam,

I'm writing to formally request that FVP and Franklin agree to maintain a temporary standstill on enforcement of the judgment while core factual issues—already implicated across related proceedings—are addressed on a documented record.

Specifically, any further enforcement should be stayed until FVP and Franklin produce:

1. The complete deal jackets, together with all bills of sale and transfer records for the missing vehicles, and a certified explanation detailing where those vehicles went, how they were disposed of, the amounts received (if any), whether any proceeds are held in escrow, and any other records or details relating to the disposition of that collateral; and

2. A certified accounting identifying what occurred to the approximately $14 million in vehicles/collateral that FVP represented to the Broward court in its April 2022 receiver motion.

22

These materials are foundational. Proceeding with enforcement while the record remains incomplete invites unnecessary motion practice and further complications, particularly where the disposition and control of collateral remain unexplained.

In addition, FVP has noticed criminal defense counsel in the Broward action. In light of that development, it is both reasonable and prudent to ensure that enforcement activity does not continue while these collateral and transactional issues remain outstanding.

This request is not made to delay. It is to preserve the status quo, avoid needless expense, and ensure the issues are addressed in an orderly way. If FVP and Franklin are confident in their record, production should resolve this quickly.

Please let me know by return email whether you will agree to a temporary standstill on that basis (or, alternatively, a defined standstill period such as 60–90 days or until the next material ruling/hearing), or whether you prefer this be addressed formally by motion.

I am copying the U.S. Trustee to ensure there is a clear record that the existence, disposition, and proceeds of the approximately $14 million in vehicle collateral represented to the Broward court remain unaccounted for and unresolved.

Regards,
Josh Lubin
Spin Capital

Get Outlook for iOS

23

# EXHIBIT 15

## Josh Lubin

| | |
|---|---|
| **From:** | Josh Lubin |
| **Sent:** | Friday, January 9, 2026 8:53 AM |
| **To:** | oig.hotline@usdoj.gov |
| **Cc:** | Heidi.A.Feinman@usdoj.gov; Alan Crane; |
| | |
| **Subject:** | FORMAL OIG HOTLINE SUBMISSION – Immediate preservation request + record-integrity concerns – S.D. Fla. BK Case No. 22-12790-EPK / Adv. 23-01132-EPK (Kimball) |
| **Attachments:** | OIG_Submission_Packet_Lubin_ExcellAuto_2026-01-09.pdf |
| | |
| **Importance:** | High |

OIG Hotline,

I am submitting this as a **formal hotline complaint** and an **urgent request for immediate record preservation** relating to proceedings in the U.S. Bankruptcy Court for the Southern District of Florida: **Excell Auto Group, Inc., Case No. 22-12790-EPK**, and **Adv. Proc. No. 23-01132-EPK** (before Chief Judge Erik P. Kimball).

**Time sensitivity:** Trial in the adversary proceeding is scheduled to begin **January 29, 2026** (seven court days). As of the Court's **January 5, 2026** order granting counsel's emergency withdrawal, **Spin Capital LLC is currently without counsel,** and as an artificial entity it cannot appear pro se.

**Attached is a single consolidated PDF packet** (with exhibit index) provided as a "notice of filing" for the OIG record and to make preservation and review straightforward. The packet includes the underlying email correspondence, the relevant transcript, and the Court's order.

## What I am reporting

1. **Preservation / record-integrity refusal after notice**
   Assistant U.S. Trustee **Heidi A. Feinman** has not engaged on preservation in any meaningful way and has stated, in substance, that the Miami U.S. Trustee's Office is "not involved," that "no litigation hold exists," and that email notice is "insufficient," while declining to implement or confirm any preservation steps or identify an appropriate DOJ/UST point of contact for preservation.

1

2. **Non-responsiveness by trustee's special counsel**
**Alan Crane** (special counsel for the Chapter 7 trustee for Excell Auto) has been copied on multiple written communications seeking coordination, preservation, and action, yet **has not provided a substantive response** reflected in the attached record.

3. **Abrupt procedural reversal impacting notice, preservation, and trial readiness**
The **December 30, 2025** hearing transcript reflects the Court stating the withdrawal motion would be reset for **January 14, 2026,** and indicating the trial dates would likely be moved if withdrawal were granted. The Court then entered an order on **January 5, 2026** granting withdrawal, **canceling the January hearing,** and denying any continuance, leaving the **January 29, 2026** trial date in place while Spin Capital LLC is unrepresented.

To be clear: I am **not** asking OIG to review judicial decision-making. I am providing the transcript/order because the sequence is directly relevant to preservation, notice, and the integrity of the record, and because DOJ/UST personnel have been involved in (and copied on) communications tied to these developments.

**What I am requesting OIG do now**

A. **Open a hotline matter,** provide a complaint number, and identify a point of contact.

B. **Issue (or cause to be issued) an immediate DOJ preservation directive** covering all DOJ components implicated by the record, including USTP components, for records relating to:

- Avrumi (Josh) Lubin and Spin Capital LLC;

- Excell Auto Group, Inc. (Case No. 22-12790-EPK) and Adv. Proc. 23-01132-EPK; and

- communications, referrals, analyses, oversight activity, and decisions taken or not taken relating to the above.

C. **Determine whether applicable DOJ/USTP retention and litigation-hold protocols were followed** after written notice, and whether any responsive records have been deleted, altered, or placed at risk.

2

D. If OIG believes another oversight body has primary jurisdiction, **please refer the submission while preserving all records pending transfer,** and confirm the referral in writing.

Please confirm receipt. Given the imminent trial schedule, I request acknowledgement and a point of contact as soon as practicable.

Respectfully,

Avrumi (Josh) Lubin

1460 Arboretum Pkwy

Lakewood, NJ 08701

josh@spincapital.com

(732) 608-4905

**Attachment:** OIG Submission Packet (single PDF; includes exhibit index and exhibits)

3

# EXHIBIT 16