### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

In re:  EXCELL AUTO GROUP, INC.,
     Debtor.

Case No. 22-12790-EPK

Chapter 7

_____/

FILED-USBC, FLS-MIA
'26 JAN 20 PM 1:14

Case No. 22-12790-EPK

Chapter 7

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for
Excell Auto Group, Inc.,
     Plaintiff,

Adv. Pro. No. 23-01132-EPK

v.

HI BAR CAPITAL, LLC, et al.,
     Defendants.

_____/

## DEFENDANT SPIN CAPITAL LLC'S EMERGENCY MOTION TO CONTINUE TRIAL FOR 21 DAYS (OR, IN THE ALTERNATIVE, TO CONTINUE TRIAL AS TO SPIN ONLY) AND, IN THE FURTHER ALTERNATIVE, FOR A BRIEF ADMINISTRATIVE STAY OF THE TRIAL START DATE, AND INCORPORATED MEMORANDUM OF LAW

Defendant Spin Capital LLC ("Spin"), by and through undersigned counsel, respectfully moves the Court for limited procedural relief concerning the trial presently set to commence on January 29, 2026 (the "Trial"). Spin seeks: (i) a twenty-one (21) day continuance of the Trial for all parties; or, in the alternative, (ii) a twenty-one (21) day continuance of the Trial as to Spin only; and, in the further alternative, (iii) a brief administrative stay of the Trial start date to permit entry of a written order and an orderly opportunity to seek appellate review. Spin intends to seek appellate review of the denial of minimal scheduling relief, and requests the administrative stay to allow that review without mooting the requested relief. This Motion is narrowly tailored, procedural in nature, and does not ask the Court to revisit the merits of any claim or defense. The January 16, 2026 hearing transcript is attached as Exhibit A ("Tr."). The January 19, 2026 conferral email chain (including responses) is attached as Exhibit B.

### I. REQUIRED INFORMATION (LOCAL RULE 7090-1(B))

1. Why a continuance is sought: Spin is a limited liability company and may participate only through licensed counsel. Undersigned counsel entered the case on January 16, 2026 (ECF No. 376), just thirteen (13) days before the Trial, and requires a finite period to review the record, exhibits, and witness issues and to prepare to try the case competently on Spin's behalf. In addition, Spin's sole member (Mr. Lubin) is dealing with an immediate family medical emergency; his grandfather, Edward Lieberman, is hospitalized in critical condition and has been advised he is not expected to live more than a few days, which materially affects client availability for trial preparation and the current trial dates. (Ex. B.) This constitutes exceptional circumstances under Local Rule 7090-1(B), particularly given Spin's inability to proceed without counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

2. Prior continuances of the Trial: To Spin's knowledge, no continuance of the Trial has been granted as to Spin. At the January 16, 2026 hearing, Spin requested a short continuance, and the Court denied the written motion and the ore tenus request. (Tr. 12:15-16.)

3. Conferral / positions: Spin consents to the requested continuance and alternative relief. On January 19, 2026, undersigned counsel conferred and attempted to confer in good faith by email with counsel for the Chapter 7 Trustee, Hi Bar, and Franklin Capital. The full email chain is attached as Exhibit B. Trustee's counsel (Alan R. Crane, Esq.) objects to each request and cites the Court's prior ore tenus denial of a continuance. (Ex. B.) Hi Bar's counsel (Matthew P. Leto, Esq.) states Hi Bar takes no position on a 21-day continuance of the Trial as a whole, but objects to a Spin-only continuance; Hi Bar has not stated its position on the alternative administrative stay as of filing. (Ex. B.) Franklin Capital's counsel (Patrick Dorsey, Esq.) requested the basis for the continuance; undersigned responded with the grounds reflected in Exhibit B, and Franklin Capital has not stated a final position as of filing. (Ex. B.) Undersigned will promptly file a supplemental notice if any party provides an updated position.

4. Status of litigation: Trial is scheduled to begin January 29, 2026. Discovery closed July 30, 2025 (Tr. 8:10-13; 10:16-17) and the pretrial disclosure deadline was extended to September 19, 2025 (Tr. 10:21-22). This request concerns only the Trial start date and limited scheduling coordination.

## II. REQUESTED RELIEF

Spin respectfully requests that the Court enter an order:

(a) continuing the Trial for twenty-one (21) days (to February 19, 2026) and adjusting any related deadlines accordingly; or, in the alternative,

(b) continuing the Trial as to Spin only for twenty-one (21) days and setting a prompt status conference to address any limited scheduling coordination necessary to avoid prejudice; and, in the further alternative,

(c) granting a brief administrative stay of the Trial start date for ten (10) to fourteen (14) days (or such other period as the Court deems appropriate) to allow entry of a written order and an

orderly opportunity to seek appellate review. Spin intends to seek appellate review of the denial of minimal scheduling relief, and requests the administrative stay to allow that review without mooting the requested relief. Proposed orders are submitted contemporaneously herewith.

## III. BACKGROUND

5. Spin is a limited liability company and may participate in federal court only through licensed counsel.

6. On January 16, 2026, undersigned counsel filed a Notice of Appearance on behalf of Spin (ECF No. 376) and requested a short continuance of "two to three weeks." (Tr. 9:1-4.) In addition, as reflected in the conferral email chain, Spin's sole member (Mr. Lubin) is dealing with an immediate family medical emergency; his grandfather, Edward Lieberman, is hospitalized in critical condition and has been advised he is not expected to live more than a few days, which materially affects client availability for trial preparation and the current trial dates. (Ex. B.)

7. The Court denied both the written motion and the ore tenus request, and stated on the record that: "The trial in this case is going forward as scheduled, with or without Spin Capital having counsel" and that "there won't be any further continuances in the case." (Tr. 12:2-5, 15-16.)

8. The Trial remains set to commence on January 29, 2026. A short, finite continuance would allow counsel to prepare efficiently for a multi-day trial and reduce the risk of disruption or avoidable disputes at trial.

9. The Court stated it would "enter a brief order." (Tr. 12:15-16.) Absent a short administrative stay, the Trial will begin before Spin can pursue orderly appellate steps directed to the denial of minimal scheduling relief, which would effectively moot the requested procedural protections.

## IV. GOVERNING STANDARDS

10. Continuance motions are governed by Local Rule 7090-1(B), which provides that motions for continuance of a pretrial conference or trial will be granted only under exceptional circumstances. Trial continuances are also committed to the Court's discretion. In assessing a continuance request, courts consider diligence, the likely utility of additional time, the inconvenience to the Court and the parties, and the prejudice from denial. Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1350-51 (11th Cir. 2003).

11. To the extent the Trial date and related deadlines are set by a scheduling order, modification requires good cause. Fed. R. Civ. P. 16(b)(4), made applicable by Fed. R. Bankr. P. 7016.

12. Spin is an LLC and therefore may appear and participate only through counsel. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

13. A party seeking a stay pending appeal generally must move first in the bankruptcy court. Fed. R. Bankr. P. 8007(a)(1). Courts evaluating a stay pending appeal consider: (1) likelihood of success (or, at minimum, serious questions), (2) irreparable injury absent a stay, (3) substantial

injury to other parties from a stay, and (4) where the public interest lies. Nken v. Holder, 556 U.S. 418, 434 (2009) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

## V. ARGUMENT

### A. Exceptional circumstances and good cause support a brief, finite continuance.

14. Diligence. Spin retained trial counsel immediately before Trial and seeks finite scheduling relief solely to permit counsel to prepare to try the case competently. In addition, Spin's sole member is dealing with an immediate family medical emergency that materially affects client availability for trial preparation and the current trial dates. (Ex. B.) Spin is not requesting merits relief, expanded discovery, or any change to the scope of claims or defenses.

15. Utility. Twenty-one days will materially improve Trial readiness by allowing counsel to review the docket and exhibit set, prepare witness examinations, and coordinate Trial logistics in a way that promotes efficiency and reduces avoidable disputes at Trial.

16. Minimal inconvenience. The requested extension is short and specific. Any incremental inconvenience is outweighed by the risk of prejudice and inefficiency from forcing an entity that must act through counsel to proceed to Trial with counsel who has had no reasonable opportunity to prepare.

17. Prejudice from denial. Proceeding to Trial on the current schedule risks unfairness and inefficiency that cannot be cleanly remedied after the fact, particularly where the Court has stated Trial will proceed "with or without Spin Capital having counsel." (Tr. 12:2-4.)

### B. In the alternative, the Court should continue Trial as to Spin only.

18. If the Court is unwilling to continue the Trial for all parties, Spin requests alternative relief continuing Trial as to Spin only for twenty-one days. This narrower option mitigates disruption while protecting Spin's ability to participate through prepared counsel.

### C. Further alternative: a brief administrative stay of the Trial start date to preserve meaningful review.

19. If the Court denies a continuance, Spin requests a short administrative stay of the Trial start date (ten to fourteen days, or such other period as the Court deems appropriate) to allow (i) entry of a written order, (ii) orderly transcript and record requests, and (iii) an orderly opportunity to seek appellate review. Spin intends to seek appellate review of the denial of minimal scheduling relief, and requests the administrative stay to allow that review without mooting the requested scheduling relief.

20. Serious questions. Spin raises non-frivolous concerns that denial of a minimal preparation window for counsel who has only just appeared risks prejudice and undermines the orderly administration of Trial. Spin is not asking the Court to reach merits issues; only to implement narrow procedural guardrails.

21. Irreparable harm. Absent limited scheduling relief, Spin faces irreparable prejudice because it must act through counsel and will be forced to litigate Trial without a reasonable preparation window. The Court stated on the record that Trial is going forward as scheduled "with or without Spin Capital having counsel" and that there will be no further continuances. (Tr. 12:2-5.) That prejudice cannot be "un-done" in any practical way later.

22. Balance of harms. A short, defined pause imposes limited burden compared to the risk of substantial prejudice and inefficiency from a rushed Trial posture. A brief administrative stay maintains the status quo while avoiding disruption to Trial proceedings.

23. Public interest. The public interest favors orderly proceedings, a fair opportunity to be heard, and a record that supports meaningful review. A brief administrative stay advances efficiency and confidence in the integrity of the process.

## VI. CONCLUSION

For the foregoing reasons, Spin respectfully requests that the Court grant the requested limited continuance, or, in the alternative, continue Trial as to Spin only, and, in the further alternative, grant a brief administrative stay of the Trial start date, together with such other and further relief as the Court deems just and proper.

Dated: January 20, 2026
Respectfully submitted,

/s/ James A. Rand
James A. Rand, Esq.
Florida Bar No.: 1059572
Counsel for Spin Capital LLC only
451 West 41st Street
Miami Beach, FL 33140
Tel: (718) 570-3796
Email: jamesrand@spincapital.com

## CERTIFICATION OF CONFERENCE WITH OPPOSING COUNSEL (L.R. 9073-1(D))

Undersigned counsel certifies that counsel conferred or attempted to confer in good faith with counsel for the other parties regarding the relief requested in this Motion, as required by Local Rule 9073-1(D). On January 19, 2026, undersigned transmitted a written conferral request by email, and the parties responded as reflected in the full email chain attached as Exhibit B. Trustee's counsel (Alan R. Crane, Esq.) objects to each request and cites the Court's prior ore tenus denial of a continuance. (Ex. B.) Hi Bar's counsel (Matthew P. Leto, Esq.) states Hi Bar takes no position on a 21-day continuance of the Trial as a whole, but objects to a Spin-only continuance; Hi Bar has not stated its position on the alternative administrative stay as of filing. (Ex. B.) Franklin Capital's counsel (Patrick Dorsey, Esq.) requested the basis for the



continuance; undersigned responded with the grounds reflected in Exhibit B, and Franklin Capital has not stated a final position as of filing. (Ex. B.) Undersigned will promptly file a supplemental notice if any party provides an updated position.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system and/or as otherwise required by applicable rules.

/s/ James A. Rand

# EXHIBIT A

January 16, 2026 Transcript

Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-12790-EPK

IN RE:

EXCELL AUTO GROUP, INC.,

            Debtor.
_____/

NICOLE TESTA MEHDIPOUR,
CHAPTER 7 TRUSTEE,

            Plaintiff,

vs.                                    ADV. NO. 23-1132-EPK

Hi Bar Capital, LLC, et al.,

            Defendants.
_____/


ECF (368)

January 16, 2026

            The above-entitled cause came on for hearing before the Honorable ERIK P. KIMBALL, Chief Judge of the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler Drive, West Palm Beach, Palm Beach County, Florida, on January 16, 2026, commencing at or about 1:30 p.m., and the following proceedings were had:

            Transcribe From a Digital Recording By:
            Anna M. Meagher, Shorthand Reporter

Page 2

APPEARANCES:

Avrumi Lubin, Pro Se

James A. Rand, Esquire
On behalf of Spin Capital, LLC
Email: Jmsrnd@gmail.com

VIA ZOOM VIDEO CONFERENCE:

Furr & Cohen, by
Alan R. Crane, Esquire
Jason Rigoli, Esquire
On behalf of Nicole Testa Mehdipour,
Chapter 7 Trustee
Email: Acrane@furrcohen.com
Email: Jrigoli@furrcohen.com

Leto Law Firm, by
Matthew P. Leto, Esquire
On behalf of Hi Bar Capital, LLC
Email: Mleto@letolawfirm.com

Shraiberg Page, P.A., by
Eric Pendergraft, Esquire
On behalf of Franklin Capital
Email: Ependergraft@slp.law

- - - - - - - -

OUELLETTE & MAULDIN COURT REPORTERS, INC.
(305) 358-8875

Page 3

THE COURT: Good afternoon, everyone. Just give us a moment. I think Mr. Lubin is in the hallway, and then I'll call the matter myself. We're gonna need a couple of minutes anyway, because the computer's not right.

(Inaudible discussion off the record.)

THE COURT: Whoever -- Mr. Lubin, I'm about to call the case, so if you want to have somebody in here bring him in.

MR. LUBIN: He's not filing his notice of appearance.

THE COURT: He doesn't need to file it ahead of the hearing.

MR. LUBIN: Okay. It can be done after the hearing.

THE COURT: Yes. Hold on a minute.

Ms. Leonard, can you hear me?

THE CLERK: Yes, sir. I can hear you loud and clear.

THE COURT: All right. And we have the record running?

THE CLERK: Yes.

THE COURT: Okay. Good. Thank you.

I'll wait a couple of minutes, Mr. Lubin.

Very good.

Page 4

All right. We're here in Mehdipour against Hi Bar Capital, LLC and others. It's an adversary proceeding, Case Number 23-1132. Let me start with appearances on Zoom, just in the order that I see you.

Mr. Leto.

MR. LETO: Good afternoon. May it please the Court, Your Honor, Matthew Leto on behalf of Hi Bar Capital, and along with me today is Charlie Gourlis, my law partner.

THE COURT: Mr. Gourlis.

MR. GOURLIS: Good afternoon.

THE COURT: Good afternoon.

Mr. Crane.

MR. CRANE: Good afternoon, Your Honor. Alan Crane, special counsel for the Chapter 7 trustee and the plaintiff in this case. And Jason Rigoli is also on the call with me.

THE COURT: Mr. Rigoli, good afternoon.

MR. RIGOLI: Good afternoon, Your Honor.

THE COURT: Mr. Pendergraft.

MR. PENDERGRAFT: Good afternoon, Judge. Eric Pendergraft on behalf of two defendants, Franklin Capital Funding, LLC and Franklin Capital Group, LLC.

THE COURT: Great.

And here in the courtroom if you wouldn't

Page 5

mind going to the podium and that way people can see you clearly.

Well, you -- are you represented today?

MR. LUBIN:  No, I'm here pro se.

THE COURT:  Okay.  Please go ahead.

MR. LUBIN:  Josh Avrumi Lubin on behalf of myself, pro se.

THE COURT:  Very good.  Thank you.

MR. LUBIN:  And may I --

THE COURT:  That's okay.  He can speak for himself.

MR. RAND:  James Rand counsel for Spin Capital.

THE COURT:  How do you spell that, W-R-E-N?

MR. RAND:  The last name?

THE COURT:  Yeah.

MR. RAND:  R-A-N-D.

THE COURT:  R -- Rand.  Thank you very much.

MR. RAND:  Thank you.

THE COURT:  All right.  So I have a motion that was filed by you, Mr. Lubin.

So why don't you come over to the podium and let me know about that.

MR. LUBIN:  Yes.  So I -- there's a lot of moving parts, this mess in this courtroom that's been

going on for four years, and there's a mess that's been going on in my head that's related to this courtroom throughout the -- with dozens of cases for a long time. I know Your Honor wants to rule on the rights issue --

THE COURT: What right? I don't know what you're talking about.

MR. LUBIN: I'm telling you what I'm talking about. I know Your Honor wants to rule on the rights immediately to mitigate damages, but I am a born in the United States. I'm a U.S. citizen. I should have a right to a fair trial, and I just -- I would like an extra few weeks to try to analyze -- you know, have my attorneys look at --

THE COURT: You have attorneys in this case?

MR. LUBIN: I have -- I'm in the process of retaining trial counsels, so a few attorneys. Yes.

THE COURT: Understood. So --

MR. LUBIN: I just want some time for -- to retain trial counsel.

THE COURT: That's one of the things that you asked for in this multi-part motion.

Do you want to address any of the rest of it?

MR. LUBIN: I think the documents speak for themselves.

Page 7

THE COURT:   Thank you.

Now, you're here on behalf of Spin Capital, which is not a movant today.

Is there anything you wish to add?

MR. RAND:   No.   I'd just second the -- a few more weeks time as well.

THE COURT:   Okay.   Why?

MR. RAND:   Still getting this together.   I just got recently approved in the Bankruptcy Court, so we're putting things together to be appropriate, if that would be okay, Your Honor.

THE COURT:   I can rule on it.   Whether it's okay or not is another matter.

Does anybody wish to be heard in response?

MR. CRANE:   Alan Crane on behalf of the Chapter 7 trustee.

Your Honor, this case has been pending for a long time.   Mr. Lubin has gone through any number of counsel, and so --

THE COURT:   I've -- yes.

MR. CRANE:   And so we're gonna oppose continuance of the trial.

THE COURT:   Okay.   Is that it?

MR. CRANE:   The case has been pending for a long time.

Page 8

THE COURT: Oh, I heard that. I just wanted to make sure you were done.

MR. CRANE: Yeah, yeah. Your Honor, you're quite aware of everything that has gone on in this case, and so all I'd be doing is reiterating what you already know.

THE COURT: All right. Anyone else?

MR. PENDERGRAFT: Yes, Judge. Eric Pendergraft for Capital -- or for Franklin Capital. I'm sure everyone on this Zoom is aware, but discovery closed, by my calculation, at the end of July, July 30th. So a lot of the motion addresses discovery procedures and preservation. Discovery is closed, and this trial should go forward as scheduled.

THE COURT: Anyone else?

MR. LETO: Your Honor, Matthew Leto on behalf of Hi Bar. We don't take a position on the request for continuance, but I can tell Your Honor that Hi Bar is prepared ready to go to trial.

THE COURT: Thank you.

Mr. Rand, if you're gonna speak, could you go back to the podium? Thank you.

MR. RAND: Thank you, Your Honor.

I don't think another two or three weeks will be detrimental to anyone. So I'm kindly requesting

Page 9

two to three weeks if that's okay.

THE COURT:   Two to three weeks?

MR. RAND:   Yes.

THE COURT:   Okay.   Understood.

MR. RAND:   Thank you.

THE COURT:   You can have a seat.

So we have a written motion that was filed solely by Mr. Lubin on his behalf and then we have an ore tenus request by counsel for Spin -- who, I assume, you just filed the notice for appearance as well?  That's why you were next door.  All right -- by Mr. Rand who's appearing on behalf of Spin Capital.

So let me address it in the order requested in Mr. Lubin's motion, although strangely the motion says that it doesn't really seek reconsideration of the Court's recent order, which both approved withdrawal of counsel for Spin and Mr. Lubin and also denied a motion to continue it, it, in fact, does seek a continuance.

The first thing that was requested is a preservation order.  That's something that would require parties to preserve documents that might be appropriate and connect -- to tender in connection with discovery; suspend auto delete and any purge of data and prohibit alteration or destruction of information, and, in addition, require certifications.

Page 10

The second thing requested is a protective order addressing confidentiality of materials delivered in discovery, with clawback of matters that are inadvertently turned over that contain privileged material and with redaction requirements.

The third thing that was requested was the limited continuance which asked for a status conference and a delay in the trial in this case. Trial in this case was set by the Court's order at Docket Number 332 on August 22, 2025.

Now, Mr. Rand, I don't know what your practice is, but in the Bankruptcy Court, this case has been pending forever. We -- in the Bankruptcy Court, complex matters usually get to trial in less than a year. This matter has been pending for a couple of years.

As Mr. Pendergraft pointed out, discovery closed on July 30, 2025, but that was an extended discovery deadline. The Court's original discovery deadline in this matter was August 2024. So we would be getting to trial years later at this point. The deadline for pretrial disclosures in this case was extended to September 19, 2025 by an order at Docket Number 339.

During almost all of that time, and there was a short period of time where Spin and Mr. Lubin were not represented, but during almost all of that time, they

Page 11

were represented by a series of at least five separate lawyers. The docket indicates five different lawyers appearing in the case. By my count it's actually more than five, but the formal appearances that were listed by the clerk, five. And their most recent counsel withdrew only a couple weeks ago.

If there was a need -- let me get back to the discovery-related requests. If there was a need for a preservation order or a protective order, they should have been requested during the discovery phase of this litigation. With regard to personal information inadvertently included in the docket, there are clear rules that already cover those concerns. There's no need for a separate order.

With regard to Spin Capital's lack of counsel, well, Spin Capital now has counsel, but the delay is Spin Capital's problem. Spin Capital has been represented by five lawyers in this case. Trial has been set since last August. Based on withdrawing counsel's representation, Spin had more than adequate time to find trial counsel and failed to do so. In addition -- I'll leave out that part.

I'm going to incorporate here the Court's entire order recently entered at Docket Number 360, just so that I don't have to restate the rulings there and the

Page 12

Court's concerns raised in that order.

The trial in this case is going forward as scheduled, with or without Spin Capital having counsel, although we do have someone who's just appeared. And there won't be any further continuances in the case.

I am sympathetic to you, Mr. Rand. It is an extremely complicated case. Before walking into the courtroom, I reviewed the three detailed rulings I've already made in this case with regard to a variety of matters. Your client, as far as I can tell, is subject to a request for relief in 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 counts, maybe more. I think 29 has been eliminated. It will be very difficult to get ready, but that's tough.

And so both the written motion and the ore tenus motion will be denied. I'll enter a brief order.

Are there any questions?

MR. LUBIN: Yes, Your Honor --

THE COURT: If you're -- podium.

MR. LUBIN: Thank you, Your Honor. I understand your position with the delay.

THE COURT: It's not a position. It's a ruling. And you are representing yourself. You're going to be pro se at trial.

MR. LUBIN: I may have co-counsel if --

Page 13

THE COURT:   You may have counsel appear.

MR. LUBIN:   No.   Co-counsel.

THE COURT:   You can't have co-counsel.   If you have counsel, she or he will appear on your behalf.

MR. LUBIN:   I have a bunch of federal cases. This is in Florida where they allow co-counsel --

THE COURT:   But you're not going to have co-counsel.

MR. LUBIN:   Okay.   If that's your decision --

THE COURT:   You will have --

MR. LUBIN:   -- I understand, Your Honor.

THE COURT:   It's not my decision.   It's the law.   You will have counsel or you will be pro se, but not both.   Do you understand?

MR. LUBIN:   Yes.

THE COURT:   Yes.

If you have counsel -- I just want to make this clear to you.   If you have counsel, that person will present argument.   That person will question witnesses on direct and cross-examination.   That person will be responsible for closing argument.   That person will be responsible for briefing if I request briefs.   If counsel appears for trial, I will not allow that person to withdraw until the matter is fully decided.   I want to

Page 14

make that clear to you.

MR. LUBIN:  Okay.  I want to make something clear --

THE COURT:  Hold on.  Hold on.  I'm just giving you some guidelines.

You will not be arguing on behalf of yourself if counsel appears.  Okay?

MR. LUBIN:  Mr. Lubin doesn't have to do much arguing for the trial, and there's a team ready to go --

THE COURT:  A team?

MR. LUBIN:  -- and I'm sure Your Honor is aware of that.  Yes.

THE COURT:  A team?

MR. LUBIN:  A team, yeah.

THE COURT:  A team of what?

MR. LUBIN:  This is a very highly sensitive investigation, and I'm sure Your Honor is aware of that.

THE COURT:  Okay.  That's great.

MR. LUBIN:  We can keep it on the record.

THE COURT:  I have no idea what you're --

MR. LUBIN:  I appreciate your ruling --

THE COURT:  Mr. Lubin --

MR. LUBIN:  -- not giving --

THE COURT:  -- Mr. Lubin.

Page 15

MR. LUBIN: -- a delay. We're going to get ready for trial.

THE COURT: Good. Great.

What else did you want --

MR. LUBIN: I didn't come up --

THE COURT: -- to say?

MR. LUBIN: -- there to ask you that, Your Honor. I came up here to ask you about making a ruling on the preservation orders.

THE COURT: I just did. I denied it.

MR. LUBIN: You denied both preservation orders?

THE COURT: Correct. If you wanted that, it should have been requested by your counsel during the discovery phase. I've just pointed this out.

MR. LUBIN: Okay.

THE COURT: There's no need to preserve things. Discovery is closed. If you have documents that you requested, you should have them. That's your potential for offering documentary evidence on your own behalf.

MR. LUBIN: Okay. If that's Your Honor's decision --

THE COURT: All right --

MR. LUBIN: -- I appreciate it.

Page 16

THE COURT: -- anything else?

MR. LUBIN: No. Thank you. You have a wonderful weekend.

THE COURT: You too.

Very good, everybody.

Court's adjourned.

MR. RIGOLI: Thank you, Your Honor.

MR. LETO: Thank you, Your Honor.

(Whereupon, the hearing was concluded.)

Page 17

CERTIFICATION

STATE OF FLORIDA        :

COUNTY OF BREVARD       :

I, Anna M. Meagher, Shorthand Reporter, do hereby certify that the foregoing proceedings were transcribed by me from a digital recording held on the date and from the place as stated in the caption hereto on Page 1 to the best of my ability.

WITNESS my hand this 19th day of January, 2026.

_____

ANNA M. MEAGHER,
Shorthand Reporter

# EXHIBIT B

Conferral Email Chain (January 19, 2026)

### Email 1 — Conferral Request

**From:** James A. Rand
**To:** acrane@furrcohen.com; jrigoli@furrcohen.com; mleto@letolawfirm.com; pdorsey@slp.law; bss@slp.law
**Cc:** Josh Lubin
**Sent:** Mon, Jan 19, 2026, 7:51 PM
**Subject:** Re: Adv. 23-01132-EPK — Spin Capital emergency continuance / alternative admin stay (trial 1/29/26) — conferral request

Counsel — We intend to file an emergency motion on behalf of Spin Capital LLC requesting: (1) a 21-day continuance of the 1/29/26 trial (all parties), or alternatively (2) a 21-day continuance as to Spin only, and in the further alternative (3) a brief administrative stay (10–14 days) of the trial start date to permit entry of a written order and orderly appellate steps.

Please advise your position by return email as soon as possible. If you oppose, please state the grounds briefly so we can report your position accurately in the filing. Thank you.

### Email 2 — Trustee Counsel Response

**From:** Alan R. Crane
**To:** James A. Rand
**Cc:** Jason Rigoli ; mleto@letolawfirm.com; pdorsey@slp.law; bss@slp.law; Josh Lubin
**Sent:** Mon, Jan 19, 2026, 7:57 PM
**Subject:** Re: Adv. 23-01132-EPK — Spin Capital emergency continuance / alternative admin stay (trial 1/29/26) — conferral request

Mr. Rand,

Per our conversation, we object each of your requests. The Court has already denied your ore tenus motion to continue the trial.

Alan R. Crane
Attorney At Law

## Email 3 — Franklin Counsel Inquiry

**From:** Patrick Dorsey
**To:** James A. Rand
**Cc:** Alan Crane ; Jason Rigoli ; mleto@letolawfirm.com; Brad S. Shraiberg ; Josh Lubin
**Sent:** Mon, Jan 19, 2026, 7:59 PM
**Subject:** Re: Adv. 23-01132-EPK — Spin Capital emergency continuance / alternative admin stay (trial 1/29/26) — conferral request

What is the cause for the requested continuance?

Patrick Dorsey
Shraiberg Page P.A.

## Email 4 — Hi Bar Counsel Response

**From:** Matthew P. Leto
**To:** James A. Rand
**Cc:** acrane@furrcohen.com; jrigoli@furrcohen.com; pdorsey@slp.law; bss@slp.law; Josh Lubin
**Sent:** Mon, Jan 19, 2026, 8:03 PM
**Subject:** Re: Adv. 23-01132-EPK — Spin Capital emergency continuance / alternative admin stay (trial 1/29/26) — conferral request

Hi Bar take no position on the request for a 21 day continuance of the trial as a whole. But we object to a spin only continuance.

**Email 5 — Spin Counsel Follow-Up / Cause (Incl. Family Medical Emergency)**

**From:** James A. Rand
**To:** Matthew P. Leto
**Cc:** acrane@furrcohen.com; jrigoli@furrcohen.com; pdorsey@slp.law; Brad S. Shraiberg ; Josh Lubin
**Sent:** Mon, Jan 19, 2026, 8:40 PM
**Subject:** Re: Adv. 23-01132-EPK — Spin Capital emergency continuance / alternative admin stay (trial 1/29/26) — conferral request
**Importance:** High

Counsel,

Thank you for the prompt responses.

1) Cause for requested continuance / alternative administrative stay (in response to Mr. Dorsey): Spin Capital LLC is an LLC and must appear through counsel. Undersigned counsel entered the matter on January 16, 2026, leaving limited time before the January 29, 2026 trial to responsibly review the record, trial exhibits/witness issues, and prepare to try the case competently. In addition, Mr. Lubin (Spin's sole member) is dealing with an immediate family medical emergency: his grandfather, Edward Lieberman, is hospitalized in critical condition and has been advised he is not expected to live more than a few days. That circumstance materially affects client availability for trial preparation and the current trial dates.

2) Requested relief (for clarity): Spin intends to file seeking (i) a 21-day continuance of the trial for all parties; alternatively (ii) a 21-day continuance as to Spin only; and, in the further alternative, (iii) a brief administrative stay (10–14 days) of the trial start date to permit entry of a written order and orderly appellate steps.

3) Please confirm positions so we can report them accurately in the filing:
• Mr. Crane / Mr. Rigoli: Understood you object to each request. If you have any additional grounds beyond the prior ore tenus denial, please state them briefly.
• Mr. Dorsey / Mr. Shraiberg: Please advise whether you oppose / consent / take no position as to each of (i)–(iii).
• Mr. Leto: Thank you—understood Hi Bar takes no position on a 21-day continuance of the trial as a whole and objects to a Spin-only continuance. Please confirm Hi Bar's position as to the alternative 10–14 day administrative stay.

If we do not hear back, we will report your positions as reflected above and in the email chain.

Respectfully,

James A. Rand, Esq. (Fla. Bar No. 1059572)
Chief Legal Officer & General Counsel, Spin Capital LLC
c/o Spin Capital LLC
1460 Arboretum Parkway
Lakewood, NJ 08701
Tel: (718) 570-3796
Email: jamesrand@spincapital.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

In re:                                                              Case No. 22-12790-EPK

EXCELL AUTO GROUP, INC.,                            Chapter 7

Debtor.

_____/

NICOLE TESTA MEHDIPOUR,                         Adv. Pro. No. 23-01132-EPK

as Chapter 7 Trustee for

Excell Auto Group, Inc.,

Plaintiff,

v.

HI BAR CAPITAL, LLC, et al.,

Defendants.

_____/

**[PROPOSED] ORDER GRANTING 21- DAY CONTINUANCE OF TRIAL**

THIS MATTER came before the Court on Defendant Spin Capital LLC's Emergency Motion for Limited Continuance of Trial (the "Motion").

Upon consideration of the Motion, the record, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that:

1. The trial currently scheduled to commence on January 29,2026 is **CONTINUED** for twenty-one (21) days.

2. The continuance granted herein is limited to scheduling relief only and does not adjudicate any merits issues.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, on _____, 2026.

_____

Hon. Erik P. Kimball

UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

EXCELL AUTO GROUP, INC.,                          Case No. 22-12790-EPK
                                                  Chapter 7
         Debtor.
_____/

NICOLE TESTA MEHDIPOUR, as Chapter 7
Trustee for the Estate of Excell Auto Group, Inc.,

         Plaintiff,                               Adv. Pro. No. 23-01132-EPK

v.

HI BAR CAPITAL, LLC, et al.,

         Defendants.
_____/

**[PROPOSED] ORDER GRANTING BRIEF ADMINISTRATIVE STAY OF TRIAL
START DATE**

THIS MATTER came before the Court upon Defendant Spin Capital LLC's ("Spin")

Emergency Motion for Limited Continuance of Trial or, in the Alternative, Brief

Administrative Stay of Trial Start Date (the "Motion").

1

Upon consideration of the Motion, the record and being otherwise fully advised it is

**ORDERS AND ADJUDGES:**

1. The trial currently scheduled to commence on January 29, 2026, is TEMPORARILY **STAYED** and held in abeyance for fourteen (14) days.

2. This administrative stay is entered solely to permit orderly trial administration, including entry of a written order and preparation of the hearing transcript(s), and does not adjudicate any merits issues.

DONE AND ORDERED in West Palm Beach, Florida, this ___ day of _____, 2026.

---

HONORABLE ERIK P. KIMBALL
CHIEF UNITED STATES BANKRUPTCY
JUDGE

2