UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED-USBC, FLS-MIA
'26 JAN 26 PM 12:02

In re:                                               Case No. 22-12790-EPK

EXCELL AUTO GROUP, INC.,                             Chapter 7

Debtor.

_____/

NICOLE TESTA MEHDIPOUR,                              Adv. Pro. No. 23-01132-EPK

as Chapter 7 Trustee for

Excell Auto Group, Inc.,

Plaintiff,

v.

HI BAR CAPITAL, LLC, et al.,

Defendants.

_____/


**DEFENDANT SPIN CAPITAL LLC'S EMERGENCY MOTION FOR IN CAMERA
REVIEW AND DETERMINATION OF PRIVILEGE, WAIVER, AND THE CRIME-
FRAUD EXCEPTION; AND TO COMPEL PRODUCTION OF WITHHELD
MATERIALS (EMERGENCY HEARING REQUESTED)**


**Exigency and date by which hearing is needed.**

Trial is set to begin on January 29, 2026. This Motion requires expedited consideration because
unresolved privilege assertions are currently preventing Movant from knowing the universe of
admissible evidence, preparing cross-examination, and asserting evidentiary objections.

The Court has previously indicated that intent, credibility, and the circumstances surrounding the
assignments at issue may require consideration of extrinsic evidence. The continued withholding
of communications directly bearing on those issues creates an imminent risk of irreparable trial
prejudice.

Movant therefore respectfully requests that the Court conduct a hearing on or before January 28, 2026, or alternatively rule on the papers, so that privilege disputes do not disrupt the trial or require mid-trial continuances.

**Certification of conferral.**

Movant certifies that it has made a bona fide effort to resolve the issues raised in this Motion without Court action. On January 25, 2026 Movant requested that Plaintiff/Trustee and Franklin Capital produce the withheld materials (or provide an adequate privilege log and a stipulation permitting in camera review) and/or narrow the dispute, see Exhibit A. As of the time of filing, the parties have not agreed to the relief requested.

Defendant SPIN CAPITAL LLC ("Movant"), by and through undersigned counsel, respectfully moves for an order requiring submission of certain withheld materials for in camera review and a prompt ruling on privilege, waiver, and the crime-fraud exception (to the extent applicable), and for related relief. In support, Movant states:

**1. Background**

1. The Plaintiff/Trustee and certain parties (including Franklin Capital) have asserted privileges and protections over communications and other materials relevant to issues set for trial, including the intent, scope, and effect of assignments and related transactions.

2. Movant understands that Plaintiff/Trustee and Franklin Capital entered into a written common-interest agreement concerning the prosecution of claims and the sharing of materials while attempting to preserve privilege protections.

3. Movant further understands that certain categories of communications have been withheld (or redacted) on privilege grounds, and that these categories include communications between and among (a) the Trustee, (b) Franklin Capital, and (c) their respective counsel and agents, concerning the underlying transactions and litigation strategy.

4. Trial begins on January 29, 2026. Without an expedited privilege determination, Movant faces irreparable prejudice because he cannot adequately prepare for cross-examination, impeachment, and evidentiary objections without knowing what materials exist, what is being withheld, and whether the privileges asserted are valid or have been waived.

5. Movant further has a good-faith basis to believe that certain communications have been selectively disclosed or referenced by the Trustee and related parties in support of their claims or exhibits, while related communications have been withheld on privilege grounds. Such selective disclosure raises substantial "sword and shield" concerns and independently supports in camera review to prevent unfairness and distortion of the evidentiary record.

**2. Legal Standard**

6. A party asserting privilege bears the burden of establishing its applicability and must provide a privilege log sufficient to permit meaningful assessment of the claim. Fed. R. Civ. P. 26(b)(5); Fed. R. Bankr. P. 7026; *In re Grand Jury Subpoena*, 831 F.2d 225, 227 (11th Cir. 1987).

7. Where privilege assertions are disputed or inadequately supported, courts routinely require submission of materials for in camera review, particularly where trial is imminent and evidentiary rulings will materially affect trial presentation. *United States v. Zolin*, 491 U.S. 554, 568–69 (1989).

8. Privilege may be waived by disclosure to third parties, by placing privileged communications at issue, or by conduct inconsistent with the maintenance of confidentiality. Fed. R. Evid. 502(a); *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994).

9. The common-interest doctrine is narrowly construed and applies only where communications are made in furtherance of a joint legal strategy—not merely a shared commercial or litigation interest.

## 3. Argument

10. An expedited in camera review and privilege determination are warranted because trial is imminent and the withheld materials relate directly to issues the Court has indicated may require extrinsic ('parol') evidence and credibility determinations.

11. Resolving these issues now will avoid the substantial risk of mid-trial interruptions, sidebars, recesses, or post-trial motions concerning improperly admitted or excluded evidence, thereby promoting judicial economy and an orderly trial.

12. At minimum, the current record and timing justify an order requiring: (a) a complete and adequate privilege log; (b) production of any non-privileged portions; and (c) submission of the disputed materials to the Court for in camera review, with an expedited schedule.

13. Absent immediate judicial review, Movant will be forced to proceed to trial while blind to evidence that may directly contradict witness testimony, impeach credibility, or establish intent. Post-trial remedies would be inadequate to cure such prejudice.

## 4. Requested Relief

WHEREFORE, Movant respectfully requests that the Court enter an order:

A. Directing Plaintiff/Trustee and any other party withholding responsive materials on privilege/common-interest grounds to serve an adequate privilege log by January 27, 2026;

B. Directing the withholding party(ies) to submit the disputed materials to the Court for in camera review by January 28, 2026, together with a short privilege memorandum identifying the basis for each claim of privilege/protection;

C. Determining, after in camera review, whether the asserted privileges apply, whether any privilege has been waived, and whether the crime-fraud exception applies (to the extent the Court finds the requisite showing has been made);

D. Compelling production of any materials (or portions) the Court determines are not protected;

E. Granting such other and further relief as the Court deems just and proper (including, if necessary, continuing the trial to allow the parties to incorporate the Court's rulings).

Date: January 26, 2026

**Respectfully submitted,**

/s/ _____

**James A. Rand, Esq.**
Chief Legal Officer & General Counsel, Spin Capital LLC

Counsel for Spin Capital LLC only

c/o Spin Capital LLC

1460 Arboretum Parkway

Lakewood, NJ 08701

Tel: (718) 570-3796

Email: jamesrand@spincapital.com

CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2026 I served a true and correct copy of the foregoing Motion on all parties entitled to notice by CM/ECF and/or by email and U.S. Mail as reflected on the Court's docket.

/s/ _____

**James A. Rand, Esq.**
Chief Legal Officer & General Counsel, Spin Capital LLC