## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

In re:

EXCELL AUTO GROUP, INC.,

Debtor.

Case No. 22-12790-EPK

Chapter 7

FILED-USBC, FLS-MIA
'26 JAN 26 PM2:27

_____/

NICOLE TESTA MEHDIPOUR,

as Chapter 7 Trustee for

Excell Auto Group, Inc.,

Plaintiff,

v.

HI BAR CAPITAL, LLC, et al.,

Defendants.

Adv. Pro. No. 23-01132-EPK

_____/

**DEFENDANT [AVRUMI LUBIN]'S EMERGENCY MOTION FOR IN CAMERA REVIEW AND DETERMINATION OF PRIVILEGE, WAIVER, AND THE CRIME-FRAUD EXCEPTION; AND TO COMPEL PRODUCTION OF WITHHELD MATERIALS (EMERGENCY HEARING REQUESTED)**

**Exigency and date by which hearing is needed.**

Trial is set to begin on January 29, 2026. This Motion requires expedited consideration because unresolved privilege assertions are currently preventing Movant from knowing the universe of admissible evidence, preparing cross-examination, and asserting evidentiary objections.

The Court has previously indicated that intent, credibility, and the circumstances surrounding the assignments at issue may require consideration of extrinsic evidence. The continued withholding of communications directly bearing on those issues creates an imminent risk of irreparable trial prejudice.

Movant therefore respectfully requests that the Court conduct a hearing on or before January 28, 2026, or alternatively rule on the papers, so that privilege disputes do not disrupt the trial or require mid-trial continuances.

**Certification of conferral.**

Movant certifies that he has made a bona fide effort to resolve the issues raised in this Motion without Court action. On January 25, 2026 Movant requested that Plaintiff/Trustee and Franklin Capital produce the withheld materials (or provide an adequate privilege log and a stipulation permitting in camera review) and/or narrow the dispute, see Exhibit A. As of the time of filing, the parties have not agreed to the relief requested.

Defendant [AVRUMI LUBIN] ("Movant"), appearing pro se, respectfully moves for an order requiring submission of certain withheld materials for in camera review and a prompt ruling on privilege, waiver, and the crime-fraud exception (to the extent applicable), and for related relief. In support, Movant states:

**1. Background**

1. The Plaintiff/Trustee and certain parties (including Franklin Capital) have asserted privileges and protections over communications and other materials relevant to issues set for trial, including the intent, scope, and effect of assignments and related transactions.

2. Movant understands that Plaintiff/Trustee and Franklin Capital entered into a written common-interest agreement concerning the prosecution of claims and the sharing of materials while attempting to preserve privilege protections.

3. Movant further understands that certain categories of communications have been withheld (or redacted) on privilege grounds, and that these categories include communications between and among (a) the Trustee, (b) Franklin Capital, and (c) their respective counsel and agents, concerning the underlying transactions and litigation strategy.

4. Trial begins on January 29, 2026. Without an expedited privilege determination, Movant faces irreparable prejudice because he cannot adequately prepare for cross-examination, impeachment, and evidentiary objections without knowing what materials exist, what is being withheld, and whether the privileges asserted are valid or have been waived.

5. Movant further has a good-faith basis to believe that certain communications have been selectively disclosed or referenced by the Trustee and related parties in support of their claims or exhibits, while related communications have been withheld on privilege grounds. Such selective disclosure raises substantial "sword and shield" concerns and independently supports in camera review to prevent unfairness and distortion of the evidentiary record.

**2. Legal Standard**

6. A party asserting privilege bears the burden of establishing its applicability and must provide a privilege log sufficient to permit meaningful assessment of the claim. Fed. R. Civ. P. 26(b)(5); Fed. R. Bankr. P. 7026; *In re Grand Jury Subpoena*, 831 F.2d 225, 227 (11th Cir. 1987).

7. Where privilege assertions are disputed or inadequately supported, courts routinely require submission of materials for in camera review, particularly where trial is imminent and evidentiary rulings will materially affect trial presentation. *United States v. Zolin*, 491 U.S. 554, 568–69 (1989).

8. Privilege may be waived by disclosure to third parties, by placing privileged communications at issue, or by conduct inconsistent with the maintenance of confidentiality. Fed. R. Evid. 502(a); *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994).

9. The common-interest doctrine is narrowly construed and applies only where communications are made in furtherance of a joint legal strategy—not merely a shared commercial or litigation interest.

### 3. Argument

10. An expedited in camera review and privilege determination are warranted because trial is imminent and the withheld materials relate directly to issues the Court has indicated may require extrinsic ('parol') evidence and credibility determinations.

11. Resolving these issues now will avoid the substantial risk of mid-trial interruptions, sidebars, recesses, or post-trial motions concerning improperly admitted or excluded evidence, thereby promoting judicial economy and an orderly trial.

12. At minimum, the current record and timing justify an order requiring: (a) a complete and adequate privilege log; (b) production of any non-privileged portions; and (c) submission of the disputed materials to the Court for in camera review, with an expedited schedule.

13. Absent immediate judicial review, Movant will be forced to proceed to trial while blind to evidence that may directly contradict witness testimony, impeach credibility, or establish intent. Post-trial remedies would be inadequate to cure such prejudice.

### 4. Requested Relief

WHEREFORE, Movant respectfully requests that the Court enter an order:

A. Directing Plaintiff/Trustee and any other party withholding responsive materials on privilege/common-interest grounds to serve an adequate privilege log by January 27, 2026;

B. Directing the withholding party(ies) to submit the disputed materials to the Court for in camera review by January 28, 2026, together with a short privilege memorandum identifying the basis for each claim of privilege/protection;

C. Determining, after in camera review, whether the asserted privileges apply, whether any privilege has been waived, and whether the crime-fraud exception applies (to the extent the Court finds the requisite showing has been made);

D. Compelling production of any materials (or portions) the Court determines are not protected;

E. Granting such other and further relief as the Court deems just and proper (including, if necessary, continuing the trial to allow the parties to incorporate the Court's rulings).

Date: January 26, 2026

/s/ Avrumi (Josh) Lubin

Avrumi ("Josh") Lubin, Defendant, Pro Se

(Individual Capacity Only)

1460 Arboretum Pkwy

Lakewood, NJ 08701

Email: josh@spincapital.com

Phone: (732) 608-4905

CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2026 I served a true and correct copy of the foregoing Motion on all parties entitled to notice by CM/ECF and/or by email and U.S. Mail as reflected on the Court's docket.

/s/ Avrumi (Josh) Lubin

Avrumi ("Josh") Lubin, Defendant, Pro Se

# EXHIBIT A

| From: | Josh Lubin |
|---|---|
| To: | Jason Rigoli; Alan Crane; Matthew Leto; Patrick Dorsey; Brad S. Shraiberg |
| Cc: | James Rand; JOEL ARESTY; Stanley Casey; Bradford Cohen Law; Jerry Breslin; Samet Avery; Jeffrey Chubak |
| Subject: | Re: CONFERRAL REQUEST (Response due by 4:00 p.m. ET today) — Emergency Motion to Continue Trial & Emergency Motion for In Camera Review (Adv. Pro. 23-01132-EPK) |
| Date: | Sunday, January 25, 2026 2:36:29 PM |
| Attachments: | Image.png |
| Importance: | High |

For record purposes only. Here's a picture of me and my grandfather taken last night and the doctors are confused how he's still alive.

You are all a bunch of sick fucking people and this email will be public one day and I want the record to know how sick you people are.



**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, January 25, 2026 2:25:58 PM
**To:** Jason Rigoli <jrigoli@furrcohen.com>; Alan Crane <acrane@furrcohen.com>; Matthew Leto <mleto@letolawfirm.com>; Patrick Dorsey <pdorsey@slp.law>; Brad S. Shraiberg <bss@slp.law>
**Cc:** James Rand <jamesrand@spincapital.com>; JOEL ARESTY <aresty@mac.com>; Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** CONFERRAL REQUEST (Response due by 4:00 p.m. ET today) — Emergency Motion to Continue Trial & Emergency Motion for In Camera Review (Adv. Pro. 23-01132-EPK)

Counsel,

I am Avrumi Lubin (pro se), a Defendant in Adv. Pro. No. 23-01132-EPK (related to Case No. 22-12790-EPK). Trial is currently set to begin January 29, 2026.

I am writing to confer in good faith before filing two emergency motions that I intend to paper-file on an expedited basis:

1. Emergency Motion to Continue Trial (and request for expedited hearing/briefing); and

2. Emergency Motion for In Camera Review requesting the Court conduct an in camera review of specified materials and determine related issues (including privilege/waiver and, as applicable, application of the crime-fraud exception), with appropriate protections.

Please respond by 4:00 p.m. Eastern today and state your position as to each motion: consent / oppose / no position.

If you oppose, please briefly identify the grounds and whether you would agree to any alternative relief (for example, a short continuance, expedited briefing, and/or an agreed protocol for in camera submission under seal/protective order).

Because trial is imminent, if I do not receive a response by 4:00 p.m. ET today, I will note in the certificate of conferral that I attempted to confer by email and proceed with filing.

If you prefer a phone conferral, I am available today. You may reach me at 732-608-4905

Thank you,

Avrumi Lubin (pro se)

**Josh Lubin**

| | |
|---|---|
| **From:** | Matthew Leto <MLeto@letolawfirm.com> |
| **Sent:** | Sunday, January 25, 2026 2:46 PM |
| **To:** | Josh Lubin; Jason Rigoli; Alan Crane; Patrick Dorsey; Brad S. Shraiberg |
| **Cc:** | James Rand; JOEL ARESTY; Stanley Casey |
| **Subject:** | RE: CONFERRAL REQUEST (Response due by 4:00 p.m. ET today).— Emergency Motion to Continue Trial & Emergency Motion for In Camera Review (Adv. Pro. 23-01132-EPK) |

Josh

Based on the family issue you are experiencing, Hi Bar does not object and will defer to the Court on the requested continuance.

I do not know what you mean as it relates to the in camera issue. Please clarify and we will provide our position.

 **LETO LAWFIRM**

| |
|---|
| **Matthew P. Leto** |
| **Phone:** (305) 341-3155 |
| **Fax:** (305) 397-1168 |
| Mleto@letolawfirm.com |
| 2875 NE 191st Street |
| Suite 604 |
| Aventura, FL 33180 |
| www.letolawfirm.com |

**From:** Josh Lubin <josh@spincapital.com>
**Sent:** Sunday, January 25, 2026 2:26 PM
**To:** Jason Rigoli <jrigoli@furrcohen.com>; Alan Crane <acrane@furrcohen.com>; Matthew Leto <MLeto@letolawfirm.com>; Patrick Dorsey <pdorsey@slp.law>; Brad S. Shraiberg <bss@slp.law>
**Cc:** James Rand <jamesrand@spincapital.com>; JOEL ARESTY <aresty@mac.com>; Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** CONFERRAL REQUEST (Response due by 4:00 p.m. ET today) — Emergency Motion to Continue Trial & Emergency Motion for In Camera Review (Adv. Pro. 23-01132-EPK)
**Importance:** High

Counsel,

I am Avrumi Lubin (pro se), a Defendant in Adv. Pro. No. 23-01132-EPK (related to Case No. 22-12790-EPK). Trial is currently set to begin January 29, 2026.

1