**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

FILED-USBC, FLS-MIA
'26 JAN 27 PM3:08
BS

In re:
**EXCELL AUTO GROUP, INC.,**
Debtor.

Chapter 7
Case No. 22-12790-EPK
Adv. Proc. No. 23-01132-EPK

**NICOLE TESTA MEHDIPOUR,**
as Chapter 7 Trustee for Excell Auto Group, Inc.,
Plaintiff,
v.
**HI BAR CAPITAL, LLC, et al.,**
Defendants.

**DEFENDANT AVRUMI (JOSH) LUBIN'S LIMITED OBJECTION TO
MOTION OF JAMES A. RAND, ESQ. TO WITHDRAW AS COUNSEL FOR
DEFENDANT SPIN CAPITAL LLC, AND REQUEST TO DENY ANY
CONTINUANCE OR EXTENSION OF THE TRIAL SCHEDULE**

Defendant Avrumi ("Josh") Lubin, appearing pro se in his individual capacity only, respectfully files this Limited Objection (the "Objection") to the Motion of James A. Rand, Esq. to Withdraw as Counsel for Defendant Spin Capital LLC (the "Motion to Withdraw") (Dkt. No. ___). The Motion to Withdraw is conclusory, is filed on the eve of trial, and expressly seeks a continuance or extension of the trial schedule if granted. The Court should deny the Motion to Withdraw and deny any request to continue or extend the trial schedule.

This Objection is "limited" in the sense that Mr. Lubin does not purport to appear as counsel for Spin Capital LLC. Rather, as a named Defendant in this adversary proceeding, Mr. Lubin opposes withdrawal and any continuance/extension because it would materially disrupt the Court's schedule, prejudice the parties, and jeopardize an orderly trial.

**I.   BACKGROUND**

1. On January 27, 2026, James A. Rand, Esq. (the "Movant"), counsel of record for Defendant Spin Capital LLC, filed the Motion to Withdraw. The Motion to Withdraw asserts "irreconcilable differences" and states, in conclusory fashion, that continued representation is "no longer feasible."

2. The Motion to Withdraw also asks that, if the Court grants withdrawal, the Court "consider extending or continuing the currently scheduled trial date for a brief period."

3. Trial is currently scheduled to begin on January 29, 2026. With the trial imminent, permitting counsel to withdraw now would either: (a) force a continuance; or (b) leave Spin Capital LLC without counsel at trial, which is not permitted for an artificial entity and would create severe prejudice and disruption.

4. On the morning of January 27, 2026, Movant sent Mr. Lubin a WhatsApp message stating that Movant had "someone that can join and help you quickly step in," and identifying that person as "Judah Mandel," and discussing a same-morning call. A true and correct copy of that WhatsApp screenshot (as transmitted in an email chain the same day) is attached as Exhibit A.

5. Later that morning, Mr. Lubin emailed Mr. Mandel and copied Movant, attaching the WhatsApp screenshot and stating it "clearly says" Mr. Mandel would replace Movant as counsel. Mr. Mandel responded that Movant had filed the withdrawal motion and that the matter was "now before the Court for determination." See Exhibit A.

## II.   GOVERNING LAW

6. Withdrawal requires leave of Court after notice. See S.D. Fla. Bankr. L.R. 2091-1(A).

7. Whether to grant withdrawal is committed to the Court's discretion. Before granting a motion to withdraw, the Court must ensure that the prosecution/defense of the case will not be disrupted and that withdrawal is supported by good cause. Mekdeci v. Merrell Nat'l Lab'ys, 711 F.2d 1510, 1521-22 (11th Cir. 1983); Patnaude v. Sears Pest Control, Inc., No. 08-61980-CIV, 2009 WL 10667065, at *2 (S.D. Fla. May 13, 2009).

8. Conclusory statements such as "irreconcilable differences," without additional detail or a particularized showing of good cause, are routinely held insufficient. Innovative Genetics, LLC v. Flavocure Biotech, LLC, No. 21-21457-CIV, 2023 WL 2991896, at *1 (S.D. Fla. Mar. 10, 2023).

9. Courts in this District have denied (or recommended denying) motions to withdraw where counsel offers only a generalized statement that representation can no longer continue, without adequate detail demonstrating good cause and without ensuring substitution will not disrupt the proceeding. See, e.g., Cano v. 245 C and C, LLC, Case No. 1:19-cv-21826-JAL, ECF No. 727 at 2-3 (S.D. Fla. Oct. 12, 2023) (recommending denial where the motion "merely states" counsel cannot continue, and finding withdrawal would prejudice and disrupt the proceeding).

10. A trial court may deny withdrawal on the eve of trial to avoid disruption, prejudice, or delay. See, e.g., Reagan v. TitleMax of Ala., Inc., No. 5:09-cv-91/RS-MD, 2010 WL 11530503, at *1 (N.D. Fla. Apr. 15, 2010) ("When an attorney moves to withdraw on the eve of trial, it is generally denied.").

11. Separately, it is well settled that an artificial entity such as a corporation or limited liability company may appear in federal court only through licensed counsel. Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir.

1985); LaTele Television, C.A. v. Telemundo Commc'ns Grp., LLC, 9 F.4th 1349, 1357 (11th Cir. 2021).

12. In addition, Florida's Rules of Professional Conduct require tribunal permission to withdraw and provide that, when ordered by a tribunal, counsel must continue representation notwithstanding good cause. Fla. R. Prof. Conduct 4-1.16(c). Counsel must also take reasonable steps to protect the client's interests upon termination, including giving reasonable notice and allowing time for employment of other counsel. Fla. R. Prof. Conduct 4-1.16(d).

### III.   ARGUMENT

A. The Motion to Withdraw fails to demonstrate good cause.

13. The Motion to Withdraw provides no facts, declaration, or particularized basis establishing good cause. It offers only the conclusory assertion that "irreconcilable differences" have arisen and that withdrawal is required by professional judgment/ethical obligations. This is insufficient under controlling Eleventh Circuit authority and the decisions of courts in this District. See Mekdeci, 711 F.2d at 1521-22; Innovative Genetics, 2023 WL 2991896, at *1; Cano, ECF No. 727 at 2-3.

14. If Movant contends withdrawal is mandatory for ethical reasons, the Court may require a particularized showing or an in camera / ex parte submission sufficient to establish good cause without compromising privileged information. A bare assertion of "irreconcilable differences" does not satisfy the Court's obligation to ensure the case will not be disrupted.

B. Withdrawal on the eve of trial would necessarily disrupt the case and prejudice the parties.

15. Trial is scheduled to begin in two days. Allowing withdrawal now would materially disrupt the Court's calendar, waste substantial resources already invested in preparing for trial, and prejudice the parties' ability to proceed in an orderly fashion.

16. The Motion to Withdraw itself confirms the disruption and prejudice: Movant requests that, if withdrawal is granted, the Court "consider extending or continuing" the trial date. That request underscores that withdrawal at this posture cannot occur without delay.

17. Because Spin Capital LLC is an LLC and may not proceed pro se, granting withdrawal would place the Court in an untenable position: either continue the trial to allow new counsel to appear (rewarding delay) or proceed to trial with a party that cannot appear without counsel (risking default or an unfair proceeding). Either path is disruptive and prejudicial, and is a further reason to deny the Motion to Withdraw.

C. The Motion's request for a continuance should be denied outright.

18. The Motion to Withdraw states it is "not for purposes of delay," yet it expressly seeks a continuance/extension of the trial schedule. The Court should reject any continuance premised on counsel's eleventh-hour request to withdraw. See Reagan, 2010 WL 11530503, at *1.

Moreover, Movant's own same-day communications reflect that he was discussing immediate substitution with a purported replacement lawyer, underscoring that any continuance request is unnecessary and would reward eleventh-hour disruption. See Exhibit A.

D. At minimum, any withdrawal should be conditioned to avoid prejudice and disruption.

19. If the Court is inclined to permit withdrawal, Mr. Lubin respectfully requests that the Court condition withdrawal to prevent prejudice and disruption, including (at minimum):

(a) requiring substitute counsel for Spin Capital LLC to file a notice of appearance before any withdrawal is effective;

(b) requiring substitute counsel to certify readiness to proceed on the existing trial schedule without continuance;

(c) directing that the trial date and all related deadlines remain in place absent extraordinary circumstances; and

(d) requiring Movant to remain counsel of record for Spin Capital LLC until substitute counsel appears.

## IV.   RELIEF REQUESTED

For the reasons stated above, Defendant Avrumi ("Josh") Lubin respectfully requests that the Court: (i) DENY the Motion to Withdraw; and (ii) DENY any request to continue or extend the current trial schedule.

To the extent the Court grants the Motion to Withdraw and/or grants any continuance or extension, Mr. Lubin respectfully requests that the Court state on the record and/or in a written order the specific findings supporting such relief. This request is made to preserve Mr. Lubin's objections and appellate rights to seek appropriate review.

Dated: _____ 2026

Respectfully submitted,

_____

Avrumi ("Josh") Lubin
Defendant, Pro Se (Individual Capacity Only)
1460 Arboretum Parkway
Lakewood, NJ 08701
Phone: (732) 608-4905
Email: josh@spincapital.com

Attached: Exhibit A (January 27, 2026 email chain and WhatsApp screenshot regarding withdrawal/substitution of counsel).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _Jan 27_ 2026, I served a true and correct copy of the foregoing Objection on all parties entitled to notice. Service was made by (i) email to counsel of record and other parties who have appeared and provided email addresses on the docket, and (ii) U.S. Mail to any party not consenting to electronic service, at the addresses reflected on the Court's docket.

_____

Avrumi ("Josh") Lubin

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re: EXCELL AUTO GROUP, INC.,                                          Chapter 7
Debtor.                                                          Case No. 22-12790-EPK
                                                            Adv. Proc. No. 23-01132-EPK

# EXHIBIT A

## Email Chain and WhatsApp Screenshot

Re: Withdrawal/Substitution of Counsel (Rand / Mandel)

Dated January 27, 2026 (as filed)

| From: | Josh Lubin |
|---|---|
| To: | Judah Mandel |
| Cc: | Jms r; george.brandley@usdoj.gov; glenngreenwald@gmail.com; elarson4@bloomberg.net |
| Subject: | Re: Objection to Withdrawal / Demand to Maintain Appearance Through Trial – Adv. Pro. 23-01132-EPK |
| Date: | Tuesday, January 27, 2026 10:46:09 AM |
| Attachments: | Image.png |
| Importance: | High |

Judah,

For record purposes only. A WhatsApp message from Mr Rand this morning. And don't tell me who I can or cannot copy on the email. I don't take orders from you.

This is a message that clearly says you Judah Mandel will replace Mr Rand as counsel.



**10:43**

**< 3    👤  Rand**                           📹   📞

I emailed you a cop:  Today .M

I have someone that can join and help you quickly step in if youd like to speak with him now let me know thanks                    8:33 AM

What's his name?   8:34 AM ✓✓

Judah Mandel   8:34 AM

**Rand**
I have someone that can join and help you
quickly step in if youd like to speak with him



Get Outlook for iOS

**From:** Judah Mandel <judah@lawmandel.com>
**Sent:** Tuesday, January 27, 2026 10:33:44 AM
**To:** Josh Lubin <josh@spincapital.com>
**Cc:** Jms r <jmsrnd@gmail.com>
**Subject:** Re: Objection to Withdrawal / Demand to Maintain Appearance Through Trial – Adv. Pro. 23-01132-EPK

Josh,

Please remove any third parties who are not counsel of record from further communications on this issue.

Mr Rand has filed a motion to withdraw. The matter is now before the Court for determination.

Any further positions should be presented through appropriate filings. Do not engage in off-docket pressure or negotiations regarding counsel's continued appearance.

Thank you.

**Judah Mandel, Esq.**
Attorney-at-Law



**e:** judah@lawmandel.com | **c:** (305) 310-5991 | **p:** (305) 900-5996 ext: (103) | **f:** (786)-734-8915
**a:** 820 West 41st Street, Suite 204, Miami Beach, FL 33140| **w:** www.lawmandel.com

This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the information contained in this e-mail is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited.  If you have received this communication in error, please immediately notify me and delete the original message.

On Tue, Jan 27, 2026 at 9:53 AM Josh Lubin <josh@spincapital.com> wrote:

Will be addressed and responded to through the court TODAY.

Mr Rand has a hearing he needs to attend to tomorrow and a fiduciary duty to protect Spin Capital interest until an order is granted for withdrawal. I will send you my reply to Franklin response shortly on behalf of me as an individual. I expect Spin to file a very similar response.

Get Outlook for iOS

---

**From:** Judah Mandel <judah@lawmandel.com>
**Sent:** Tuesday, January 27, 2026 9:48:14 AM
**To:** Josh Lubin <josh@spincapital.com>
**Cc:** Jms r <jmsrnd@gmail.com>
**Subject:** Re: Objection to Withdrawal / Demand to Maintain Appearance Through Trial – Adv. Pro.

23-01132-EPK

Good morning Josh,

It is nice to virtually meet you.

Counsel's decision to seek withdrawal is not subject to client approval. The motion has been filed for the Court's determination.

Any objection you wish to raise should be addressed to the Court through appropriate filings. There will be no further discussion of this issue outside the Court.

Please call me directly at 305-310-5991.

Thank you.

**Judah Mandel, Esq.**
Attorney-at-Law



**e:** judah@lawmandel.com | **c:** (305) 310-5991 | **p:** (305) 900-5996 ext: (103) | **f:** (786)-734-8915
**a:** 820 West 41st Street, Suite 204, Miami Beach, FL 33140| **w:** www.lawmandel.com

This e-mail message is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and the information contained in this e-mail is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please immediately notify me and delete the original message.

On Tue, Jan 27, 2026 at 9:42 AM Jms r <jmsrnd@gmail.com> wrote:

--------- Forwarded message ---------
From: **Josh Lubin** <josh@spincapital.com>
Date: Tuesday, January 27, 2026
Subject: Objection to Withdrawal / Demand to Maintain Appearance Through Trial – Adv. Pro. 23-01132-EPK
To: Jms r <jmsrnd@gmail.com>
Cc: James Rand <jamesrand@spincapital.com>

James,

I received your notice and reviewed your Motion to Withdraw as counsel for Spin Capital LLC. I do not consent.

Your motion was filed on the eve of a trial that is scheduled to begin January 29, 2026, and it also requests the Court consider a continuance. That is plainly prejudicial and disruptive.

Unless you immediately withdraw the Motion to Withdraw and confirm in writing that you will remain counsel of record through the trial setting (and all associated deadlines/hearings), I will file an emergency objection requesting that the Court deny your withdrawal (or at minimum defer any ruling until after trial).

Please respond by TODAY by 9:30AM

Avrumi ("Josh") Lubin

josh@spincapital.com | (732) 608-4905

Get Outlook for iOS

**From:** Jms r <jmsrnd@gmail.com>
**Sent:** Tuesday, January 27, 2026 8:32:59 AM
**To:** Josh Lubin <josh@spincapital.com>
**Subject:** Notice of withdrawl as Counsel

Good morning i hope all is well. I wanted to let you know, as a courtesy, that I am filing a motion to withdraw as counsel in the above-referenced matter.

You are advised that there are pending deadlines and court proceedings that will remain in effect. As a limited liability company, Spin Capital LLC may not appear pro se and must retain substitute counsel to continue participating in the case.

The motion will be submitted to the Court for determination. Until the Court rules, I will continue to comply with my professional obligations.