UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED-USBC, FLS-MIA
'26 JAN 27 PM3:08

Bɔ

In re:

EXCELL AUTO GROUP, INC.,

Debtor.

Case No. 22-12790-EPK
Chapter 7

NICOLE TESTA MEHDIPOUR,
as Chapter 7 Trustee for Excell Auto Group,
Inc.,
    Plaintiff,
v.

HI BAR CAPITAL, LLC, et al.,
    Defendants.

Adv. Pro. No. 23-01132-EPK

## DEFENDANT AVRUMI ("JOSH") LUBIN'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR IN CAMERA REVIEW AND DETERMINATION OF PRIVILEGE, WAIVER, AND THE CRIME-FRAUD EXCEPTION; AND TO COMPEL PRODUCTION OF WITHHELD MATERIALS

*(Reply to Franklin's Response in Opposition, ECF No. 424)*

Defendant Avrumi ("Josh") Lubin ("Movant"), appearing pro se in his individual capacity only, files this reply in further support of his Emergency Motion for In Camera Review and Determination of Privilege, Waiver, and the Crime-Fraud Exception; and to Compel Production of Withheld Materials (ECF No. 418) (the "Motion"), and in response to Franklin Capital Funding, LLC and Franklin Capital Group, LLC's Response in Opposition (ECF No. 424) (the "Opposition"). Franklin's Opposition offers no privilege log, no supporting declaration, and no substantive engagement with the standards governing privilege, waiver, and in camera review. Instead, it relies on a generic "deadlines have passed" argument. That misses the point: Movant seeks a prompt privilege determination to avoid irreparable trial prejudice at a trial set to begin January 29, 2026.

### I. Franklin's "Discovery Closed" Argument Mischaracterizes the Motion and Ignores the Court's Trial-Management Authority.

Franklin contends that the Motion is untimely because general discovery deadlines have passed. But the Motion does not seek new merits discovery, additional depositions, or a reopening of the factual record. It seeks a pretrial ruling on privilege, waiver, and (as applicable) the crime-fraud exception so the Court can define the evidentiary boundaries for trial and prevent sidebars, delays, and unfair surprise. Courts routinely resolve privilege disputes through in camera review when needed to determine admissibility and to prevent the tactical use of privilege as both a sword and a shield.

Bankruptcy courts have broad discretion to manage the evidentiary record and resolve privilege issues. See Fed. R. Evid. 104(a) (court decides privilege); Fed. R. Bankr. P. 9017 (Federal Rules of Evidence apply); Fed. R. Civ. P. 26(b)(5) and 37 (Bankr. R. 7026, 7037); and 11 U.S.C. § 105(a) (court may issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code). The mere fact that fact discovery has closed does not insulate unsupported privilege assertions from scrutiny where the assertions will affect what evidence may be used at trial and whether Defendants can fairly prepare.

### II. Franklin Bears the Burden to Substantiate Privilege, and Its Opposition Supplies No Privilege Log or Evidence.

The party asserting attorney-client privilege or work-product protection bears the burden of proving each element of the asserted protection. See, e.g., In re Grand Jury Subpoena, 831 F.2d 225, 227 (11th Cir. 1987). Rule 26(b)(5)(A) requires a withholding party to (i) expressly make the claim and (ii) describe the nature of the documents in a manner that enables other parties and the Court to assess the claim without revealing privileged content. Fed. R. Civ. P. 26(b)(5)(A). Without a compliant log and supporting facts, the Court has no basis to evaluate the claim.

Here, Franklin's Opposition provides neither. It does not attach a privilege log, does not identify any specific documents or categories withheld, and does not offer a declaration establishing the elements of privilege or common-interest protection. Courts in this District routinely require affidavits or similarly specific evidence to support privilege claims, and recognize that an improperly asserted privilege is no privilege at all. See, e.g., Bridgewater v. Carnival Corp., 286 F.R.D. 636, 639 (S.D. Fla. 2011).

Moreover, courts may deem privilege waived where a party fails to timely provide a privilege log and thereby prejudices the opponent's ability to test the claim. See Devries v. Morgan Stanley & Co. LLC, No. 12-81223-CIV, 2013 WL 3243370, at *3 (S.D. Fla. June 26, 2013) (failure to provide privilege log may constitute waiver). At minimum, Franklin should be ordered to immediately serve a Rule 26(b)(5)-compliant privilege log and supporting declaration, and to submit the disputed materials for in camera review as requested.

### III. A Common-Interest Agreement Does Not Automatically Shield Communications From Review.

Franklin and the Trustee have referenced a "common-interest" or "joint defense" arrangement. The common interest doctrine is not an independent privilege; it is, at most, an exception to waiver that permits parties with a shared legal interest to exchange otherwise privileged communications without destroying privilege. Maplewood Partners L.P. v. Indian Harbor Ins. Co., 295 F.R.D. 550, 605 (S.D. Fla. 2013). It applies only when the parties share a legal (not merely commercial) interest in actual or potential litigation against a common adversary and the communications were made to further a common legal strategy. Breslow v. Am. Sec. Ins. Co., No. 14-62834, 2016 WL 698124, at *9 (S.D. Fla. Feb. 19, 2016).

A shared desire for the same litigation outcome, or alignment against a common opponent, is insufficient. Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc., 300 F.R.D. 590, 597 n.10 (S.D. Fla. 2014). Nor does the doctrine protect "a joint business strategy which happens to include as one of its elements a concern about litigation." Spencer v. Taco Bell Corp., No. 8:12-cv-387, 2013 WL 12156093, at *2 (M.D. Fla. Apr. 23, 2013). Because privileges are in derogation of the search for truth, they are not expansively construed. United States v. Nixon, 418 U.S. 683, 710 (1974).

Judge Kimball has likewise recognized that contractual confidentiality provisions do not, standing alone, protect information from discovery, and that a proper privilege analysis must focus on the elements of the privilege and any applicable exception to waiver. See In re Int'l Oil Trading Co., LLC, Case No. 15-21596-EPK, ECF No. 167 at 4-7 (Bankr. S.D. Fla. Apr. 28, 2016). Franklin's bare reliance on a purported agreement cannot substitute for the document-by-document showing required by Rule 26(b)(5).

### IV. In Camera Review Is Appropriate to Resolve Privilege, Waiver, and the Crime-Fraud Exception Without Disrupting Trial.

In camera review is a well-established tool for resolving disputed privilege assertions while protecting confidentiality. See United States v. Zolin, 491 U.S. 554, 572 (1989). It is especially appropriate where, as here, the withholding party has not provided a log or supporting evidence sufficient for the Court to assess the claim, and where the dispute must be resolved on an expedited basis given the imminent trial.

To the extent the Court finds a threshold showing for application of the crime-fraud exception, the Court may review materials in camera to determine whether communications were "in furtherance of" wrongdoing rather than for the purpose of obtaining lawful legal advice. See In re Grand Jury Investigation (Schroeder), 842 F.2d 1223, 1226-27 (11th Cir. 1987); In re Grand Jury (G.J. No. 87-03-A), 845 F.2d 896, 898 (11th Cir. 1988).

Separately, even absent crime-fraud, the Court should resolve waiver and fairness issues now. If Franklin, the Trustee, or any aligned party intends to rely on selected communications, references, or inferences while withholding related communications, that is classic "sword-and-shield" conduct that can trigger waiver and warrants pretrial intervention. See Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1417 (11th Cir. 1994) (at-issue waiver based on fairness).

## V. Proposed Narrow Protocol; Alternative Preclusion Relief.

To minimize burden and avoid any disruption to the trial setting, the requested relief can be implemented through a narrow protocol:

- Franklin to serve a Rule 26(b)(5)-compliant privilege log (and supporting declaration if needed) within 24 hours or by a date certain set by the Court.
- Franklin to submit the disputed materials for in camera review, indexed to the log, under seal and/or protective order as directed by the Court, within 24 hours thereafter.
- Expedited, page-limited briefing only if the Court deems it necessary, limited to the disputed entries.

If the Court determines that compelled production should not be ordered before trial, then at a minimum the Court should enter an order precluding Franklin, the Trustee, and any aligned party from using, referencing, or implying the contents of withheld communications at trial unless and until the Court resolves privilege and waiver after in camera review. This alternative relief avoids unfair surprise and protects the integrity of the evidentiary record.

## VI. Preservation of Rights.

Because privilege and waiver rulings may materially affect admissibility and trial fairness, the movant respectfully requests that any denial of the Motion be without waiver of the movant's right to seek appropriate appellate or extraordinary relief, including review of any privilege or waiver determination that impacts the ability to present a defense at trial.

## WHEREFORE

for the foregoing reasons, Movant respectfully requests that the Court (i) deny Franklin's Opposition (ECF No. 424), (ii) grant the Motion (ECF No. 418) as requested, or (iii) in the alternative, enter an order precluding any party from using or referencing withheld privileged materials at trial unless and until the Court resolves privilege and waiver after in camera review, and (iv) grant such other and further relief as the Court deems just and proper.

Dated: January 27 2026

/s/ Avrumi (Josh) Lubin

Avrumi ("Josh") Lubin, Defendant, Pro Se
(Individual Capacity Only)
1460 Arboretum Parkway
Lakewood, NJ 08701
Phone: (732) 608-4905
Email: josh@spincapital.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27 2026, I served a true and correct copy of the foregoing Reply by email upon all counsel of record and parties entitled to notice.

/s/ Avrumi (Josh) Lubin