UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| **In re:**<br>**EXCELL AUTO GROUP, INC.**<br>Debtor. | **Case No. 22-12790-EPK**<br>Chapter 7 |

| | |
|---|---|
| **NICOLE TESTA MEHDIPOUR,**<br>as Chapter 7 Trustee for<br>Excell Auto Group, Inc.,<br>Plaintiff,<br><br>v.<br><br>**HI BAR CAPITAL, LLC, et al.,**<br>Defendants. | **Adv. Pro. No. 23-01132-EPK**<br><br><br>FILED-USBC, FLS-MIA<br>'26 JAN 28 AM 9:03 |

**NOTICE OF FILING OF SUPPLEMENTAL RELATED-PROCEEDINGS
MATERIALS IN SUPPORT OF (I) EMERGENCY MOTION TO CONTINUE
TRIAL AND EXTEND RELATED DEADLINES (ECF NO. 419) AND (II)
EMERGENCY MOTION FOR IN CAMERA REVIEW AND DETERMINATION
OF PRIVILEGE, WAIVER, AND THE CRIME-FRAUD EXCEPTION; AND TO
COMPEL PRODUCTION OF WITHHELD MATERIALS (ECF NO. 418)**

Defendant **Avrumi (Josh) Lubin** ("Movant"), appearing *pro se* (individual capacity only), hereby files the attached materials as supplemental exhibits in support of: (a) Movant's *Emergency Motion to Continue Trial and Extend Related Deadlines* (ECF No. 419); and (b) Movant's *Emergency Motion for In Camera Review and Determination of Privilege, Waiver, and the Crime-Fraud Exception; and to Compel Production of Withheld Materials* (ECF No. 418).

These materials are filings from a related New York action and a related Florida state-court proceeding. They are submitted to inform the Court regarding contemporaneous issues of preservation, privilege, disclosure, and case-management relevant to the emergency relief requested. Movant submits these materials for the fact of filing and the issues raised therein, and does not request adjudication of the merits of any non-bankruptcy proceeding based on these materials.

**Filed materials (Tabs):**

• **Tab A**: Ninth Supplemental Affirmation of Avrumi Lubin in Support of Motion Sequence No. 044 in *Teton Life LLC as assignee of the rights of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC, et al.*, Index No. 650582/2022 (Supreme Court of the State of New York, County of New York, Commercial Division), filed on NYSCEF (Doc. No. 1253) on January 27, 2026.

• **Tab B**: Exhibit A to Tab A - FINAL Refiled Emergency OSC / Civil Contempt Motion in related Florida proceeding (Broward County Circuit Court), Case No. CACE-22-005125, e-filed January 27, 2026 (NYSCEF Doc. No. 1254).

- **Tab C**: Exhibit B to Tab A - FINAL Refiled Fraud Upon the Court Motion in related Florida proceeding (Broward County Circuit Court), Case No. CACE-22-005125, e-filed January 27, 2026 (NYSCEF Doc. No. 1255).

Respectfully submitted,

/s/ Avrumi (Josh) Lubin
Avrumi ("Josh") Lubin, Defendant, Pro Se
(Individual Capacity Only)
1460 Arboretum Pkwy
Lakewood, NJ 08701
Email: josh@spincapital.com
Phone: (732) 608-4905
Dated: January 2, 2026

## CERTIFICATE OF SERVICE

I certify that on January 2, 2026 I served a true and correct copy of the foregoing Notice of Filing and Tabs A-C on all parties entitled to notice by electronic service through the Court's CM/ECF system (to the extent applicable) and/or by electronic mail as reflected on the Court's docket.

/s/ Avrumi (Josh) Lubin

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| **In re:**<br>**EXCELL AUTO GROUP, INC.**<br>Debtor. | **Case No. 22-12790-EPK**<br>Chapter 7 |

| | |
|---|---|
| **NICOLE TESTA MEHDIPOUR,**<br>as Chapter 7 Trustee for<br>Excell Auto Group, Inc.,<br>Plaintiff,<br><br>v.<br><br>**HI BAR CAPITAL, LLC, et al.,**<br>Defendants. | **Adv. Pro. No. 23-01132-EPK** |

# TAB A

Ninth Supplemental Affirmation (NYSCEF Doc. No. 1253)

Filed in support of ECF Nos. 418 and 419. Dated: January __, 2026

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF NEW YORK:
COMMERCIAL DIVISION

Index No.: 650582/2022
Third-Party Index No.: 595367/2022
Part 61
Hon. Nancy M. Bannon, J.S.C.
Motion Seq. No. 044

TETON LIFE LLC as assignee of the rights
of SPIN CAPITAL, LLC,
Plaintiff,

-against-

GOLDEN FOOTHILL INSURANCE
SERVICES, LLC, CAPFACTOR, INC., and
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY,
Defendants.

and

GOLDEN FOOTHILL INSURANCE
SERVICES, LLC,
Third-Party Plaintiff,

-against-

SPIN CAPITAL, LLC and AVRUMI LUBIN,
Third-Party Defendants.

## NINTH SUPPLEMENTAL AFFIRMATION OF AVRUMI LUBIN

## IN SUPPORT OF MOTION SEQUENCE NO. 044

## (SUPPLEMENTAL RELATED-PROCEEDINGS MATERIALS)

I, Avrumi Lubin, hereby affirm as follows:

1.    I am a Third-Party Defendant in this action and submit this Ninth Supplemental Affirmation pro se and as a party of interest. I have personal knowledge of the facts stated herein, except where stated to be on information and belief, and as to those matters I believe them to be true.

1 of 3

2.      I submit this Ninth Supplemental Affirmation in further support of Motion Sequence No. 044 (the "OSC"), which seeks interim, court-supervised preservation and continuity relief so that the Court's receivership can function and the status quo can be maintained while related stay/authority issues are addressed.

3.      This submission is limited in scope. I am not asking this Court to adjudicate the merits of any Florida proceedings. Rather, I submit the attached materials solely to (i) inform this Court of the existence of related, contemporaneous filings raising preservation and case-management issues, and (ii) further demonstrate the urgency of maintaining status quo and preserving evidence pending this Court's determination of the OSC.

4.      Attached hereto as Exhibit A is my refiled emergency motion/pleading seeking an order to show cause and civil contempt relief filed in a related Florida state-court matter styled under Case No. CACE-22-005125 (Broward County), e-filed January 27, 2026. Exhibit A is submitted for the fact of filing and the issues raised therein, and not for the truth of any disputed allegations.

5.      Attached hereto as Exhibit B is my refiled motion/pleading asserting fraud upon the court in the same Florida matter (Case No. CACE-22-005125), e-filed January 27, 2026. Exhibit B is likewise submitted for the fact of filing and the issues raised therein, and not for the truth of any disputed allegations.

6.      These related filings underscore that multiple courts and proceedings are presently being asked to address overlapping preservation, disclosure, and case-management issues concerning the same general universe of entities and transactions. In that context, interim preservation and continuity relief in this Court (including non-interference, record preservation, and direction to

the Receiver) is necessary to avoid irreparable prejudice and to ensure that any eventual determinations are based on a complete and reliable record.

7.   For the foregoing reasons, I respectfully request that the Court consider this Ninth Supplemental Affirmation and Exhibits A–B in support of the OSC (Mot. Seq. 044) and grant such other and further relief as the Court deems just and proper.

I affirm this 27 day of January, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe them to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

AVRUMI (JOSH) LUBIN

Third-Party Defendant, pro se

and Party of Interest

1460 Arboretum Parkway

Lakewood, NJ 08701

Tel: 732-608-4905

Email: josh@spincapital.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| In re:<br>**EXCELL AUTO GROUP, INC.**<br>Debtor. | **Case No. 22-12790-EPK**<br>Chapter 7 |
|---|---|

| **NICOLE TESTA MEHDIPOUR,**<br>as Chapter 7 Trustee for<br>Excell Auto Group, Inc.,<br>Plaintiff,<br><br>v.<br><br>**HI BAR CAPITAL, LLC, et al.,**<br>Defendants. | **Adv. Pro. No. 23-01132-EPK** |
|---|---|

# TAB B

Exhibit A: Refiled Emergency OSC / Civil Contempt Motion (NYSCEF Doc. No. 1254)

Filed in support of ECF Nos. 418 and 419. Dated: January __, 2026

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK   Index No.: 650582/2022
COUNTY OF NEW YORK: COMMERCIAL DIVISION   Third-Party Index No.: 595367/2022
Part 61

TETON LIFE LLC as assignee of the rights of SPIN CAPITAL, LLC   Nancy M. Bannon, J.S.C.
                          Plaintiff,            Motion Seq. No. 044

             -against-
GOLDEN FOOTHILL INSURANCE SERVICES, LLC, CAPFACTOR, INC., and
CRUM & FORSTER SPECIALTY INSURANCE COMPANY,
                  Defendants.


and
GOLDEN FOOTHILL INSURANCE SERVICES, LLC,
                  Third-Party Plaintiff,
             -against-
SPIN CAPITAL, LLC and AVRUMI LUBIN,
                  Third-Party Defendants.

**Description:**

FINAL Refiled Emergency OSC / Civil Contempt Motion in related Florida proceeding (Broward County Circuit Court), Case No. CACE-22-005125, e-filed Jan. 27, 2026.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT

IN AND FOR BROWARD COUNTY, FLORIDA

FVP OPPORTUNITY FUND III, LP, a Delaware limited partnership;
FVP INVESTMENTS, LLC, a Delaware limited liability company;
FVP SERVICING, LLC, a Delaware limited liability company;
FRANKLIN CAPITAL FUNDING, LLC, a Florida limited liability company;
FRANKLIN CAPITAL GROUP, LLC, a Florida limited liability company;
FRANKLIN CAPITAL MANAGEMENT, LLC, a Florida limited liability company,

    Plaintiffs,

v.

KARMA OF BROWARD, INC., et al.,

    Defendants.

_____/

CONSOLIDATED WITH:

HI BAR CAPITAL, LLC,

    Plaintiff,

v.

KARMA OF PALM BEACH, INC., et al.,

    Defendants.

_____/

CASE NO.: CACE-22-005125 (07) (CONSOLIDATED WITH CACE-22-006401)

JUDGE: HON. DAVID A. HAIMES

RE-FILED (AS DIRECTED BY THE COURT) VERIFIED EMERGENCY MOTION FOR ORDER TO SHOW CAUSE AND FOR CIVIL CONTEMPT;

MOTION TO ENFORCE APRIL 14, 2022 ORAL FREEZE ORDER; MOTION FOR IMMEDIATE PRESERVATION, ACCOUNTING, AND TURNOVER/ESCROW;

AND INCORPORATED MEMORANDUM OF LAW

Movant/Defendant AVRUMI "JOSH" LUBIN ("Movant" or "Mr. Lubin"), Pro Se Individual Only, respectfully moves for immediate entry of an Order to Show Cause and for civil contempt to enforce this Court's April 14, 2022 oral Freeze Order (the "Freeze Order"), and for immediate preservation, accounting, turnover/escrow, and sanctions. This Motion is refiled today pursuant to the Court's directive granting Movant leave to refile his Emergency OSC/Contempt motion and related Fraud-Upon-the-Court motion.

This is an emergency. The Freeze Order was entered to stop dissipation and preserve assets and proceeds while claims are adjudicated. Yet the record reflects continuing transfers, sales, and/or diversion of proceeds in direct defiance of the Freeze Order. Every day of delay increases irreparable harm, destroys traceability, and rewards contempt. The Court should act now.

Movant seeks: (i) an expedited IN-PERSON show-cause hearing (with a court reporter and live testimony); (ii) an immediate temporary preservation order pending that hearing; (iii) a sworn accounting and document production; (iv) turnover/escrow or registry deposit of all proceeds subject to the Freeze Order; and (v) sanctions and coercive relief sufficient to compel compliance and deter further violations.

## I. RELEVANT BACKGROUND

1. On April 14, 2022, this Court entered an oral Freeze Order on the record freezing and preserving certain assets and proceeds (including vehicle collateral and sale proceeds) pending further order. (See Ex. A — April 14, 2022 transcript excerpt / minute entry).

2. The Freeze Order was clear: it was designed to stop asset dissipation, prevent transfers, and preserve the status quo so the Court—not the parties—controls the disposition of disputed property and proceeds. It is not optional. It is not subject to private "workarounds."

3. Notwithstanding the Freeze Order, Plaintiffs and/or persons acting in concert with them have continued to engage in conduct that violates the Freeze Order, including, without limitation: (a) transferring titles and/or possession of frozen collateral; (b) selling vehicles or other frozen assets; (c) diverting proceeds into undisclosed accounts; (d) refusing to provide a complete

accounting; and (e) frustrating enforcement by delay, obfuscation, and selective disclosures. (See Exs. B–E).

4. Movant has repeatedly demanded compliance and an accounting. The response has been delay and gamesmanship while assets and proceeds move further out of reach. This Court's authority —and the purpose of the Freeze Order—are being openly mocked.

## II. GOVERNING LAW

5. Florida courts possess inherent authority to enforce their lawful orders through contempt. Civil contempt is appropriate where: (i) a prior order is clear and unequivocal; (ii) the alleged contemnor had notice/knowledge of the order; (iii) the alleged contemnor had the present ability to comply; and (iv) the failure to comply is willful. See, e.g., Bowen v. Bowen, 471 So. 2d 1274 (Fla. 1985).

6. Where ongoing dissipation threatens the Court's ability to provide meaningful relief, the Court may enter immediate preservation and anti-dissipation orders to maintain the status quo pending a show-cause hearing, including orders requiring escrow/registry deposit, production of records, and other coercive measures tailored to compel compliance.

## III. ARGUMENT

**A. The Freeze Order is clear, binding, and was entered to prevent exactly what is happening now.**

The April 14, 2022 Freeze Order was entered to stop transfers and preserve disputed property and proceeds. Plaintiffs were on notice and have participated in this case throughout. No party has authority to unilaterally decide the Freeze Order no longer applies or to "self-help" around it. Any continued transfer or dissipation is contempt.

**B. The violations are willful and ongoing, and delay will irreparably prejudice the Court's ability to enforce its own order.**

Movant's exhibits demonstrate a continuing pattern of transfers, sales, and diversion of proceeds. This is not an inadvertent clerical mistake; it is a course of conduct. Each day that proceeds remain outside Court control increases the likelihood that funds will be dissipated, commingled, or moved beyond practical recovery. The Court should not permit contempt to succeed by attrition.

**C. An immediate temporary preservation order is necessary pending a prompt in-person show-cause hearing.**

Because the conduct is ongoing, Movant requests immediate interim relief to preserve assets and proceeds, including: (i) a directive prohibiting any sale/transfer/encumbrance of frozen assets; (ii) a directive requiring that all proceeds be held in a segregated escrow/trust account; (iii) a directive requiring turnover/registry deposit of all proceeds currently held; and (iv) an order compelling a sworn accounting and rapid production of supporting documents so the Court can adjudicate contempt on a complete record.

**D. The Court should issue an Order to Show Cause, require personal appearance, and impose coercive sanctions sufficient to compel immediate compliance.**

Movant requests that the Court issue an OSC directed to Plaintiffs and any persons/entities who are in possession of frozen assets or proceeds, requiring them to appear IN PERSON and show cause why they should not be held in civil contempt. Movant further requests that the Court require a court reporter, permit live testimony and cross-examination, and reserve jurisdiction to impose coercive sanctions, attorneys' fees/costs, and other remedies necessary to restore compliance and protect the Court's authority.

### IV. REQUEST FOR RELIEF

WHEREFORE, Movant respectfully requests that this Court enter an order:

1. Issuing an ORDER TO SHOW CAUSE directed to Plaintiffs and any other persons/entities in possession or control of frozen assets and/or proceeds, requiring them to appear and show cause why they should not be held in civil contempt for violation of the April 14, 2022 Freeze Order;

2. Setting an EXPEDITED IN-PERSON show-cause / evidentiary hearing (live testimony, cross-examination, and a court reporter) within the Court's earliest available hearing blocks;

3. Entering immediate interim PRESERVATION relief pending the hearing, including prohibiting any further sale, transfer, encumbrance, or dissipation of any frozen assets or proceeds;

4. Ordering that all proceeds subject to the Freeze Order be held in a segregated trust/escrow account and that any person/entity currently holding such proceeds deposit them into the Court Registry or other Court-approved escrow within 24 hours, pending further order;

5. Ordering Plaintiffs and any recipients/holders of proceeds to file, within 24 hours, a sworn accounting identifying (i) assets covered by the Freeze Order, (ii) all transfers/sales since April 14, 2022, (iii) all proceeds received and disbursed (date/amount/recipient/purpose), and (iv) the current location and balance of all proceeds;

6. Ordering expedited production (for in camera review if necessary) of all documents supporting the accounting, including bank records, title/registration records, sales invoices, transfer documents, communications, and any third-party deal files;

7. Finding Plaintiffs (and any other appropriate persons/entities) in civil contempt and imposing coercive sanctions sufficient to compel compliance, including fees and costs, and reserving jurisdiction to enter further coercive relief;

8. Granting such other and further relief as this Court deems just and proper.

## VERIFICATION

I declare under penalty of perjury that I have read the foregoing Motion and that the factual statements contained in it are true and correct to the best of my knowledge, information, and belief.

Dated: January 27, 2026

/s/ Josh (Avrumi) Lubin

Josh (Avrumi) Lubin

Pro Se Individual Only

Party of Interest

1460 Arboretum Parkway

Lakewood, NJ 08701

Tel: (732) 608-4905

Email: josh@spincapital.com

## CERTIFICATE OF GOOD FAITH CONFERRAL

Given the emergency nature of the relief requested and the ongoing risk of dissipation, conferral is not practicable. Movant has served this Motion upon all parties upon filing and will confer promptly at the Court's direction.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record and parties via the Florida Courts E-Filing Portal and/or electronic mail service pursuant to Fla. R. Jud. Admin. 2.516 on this 27th day of January, 2026.

/s/ Josh (Avrumi) Lubin

Josh (Avrumi) Lubin

**PROPOSED ORDER**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT

IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-005125 (07) (CONSOLIDATED WITH CACE-22-006401)

**ORDER GRANTING RE-FILED VERIFIED EMERGENCY MOTION FOR ORDER TO SHOW CAUSE AND FOR CIVIL CONTEMPT**

THIS CAUSE came before the Court on Defendant Avrumi "Josh" Lubin's Re-Filed Verified Emergency Motion for Order to Show Cause and for Civil Contempt (the "Motion"). The Court, having reviewed the Motion and the record and being otherwise fully advised, hereby ORDERS and ADJUDGES:

1. The Motion is GRANTED in part as set forth herein.

2. The Court's April 14, 2022 Freeze Order remains in full force and effect. All persons and entities subject to or acting in concert with parties to this action shall immediately comply.

3. An ORDER TO SHOW CAUSE is hereby issued. Plaintiffs and any person/entity identified in Movant's Motion as holding or controlling frozen assets or proceeds shall appear IN PERSON on _____ at ____ a.m./p.m. in Courtroom _____ (or such location as the Court directs) and show cause why they should not be held in civil contempt for violation of the April 14, 2022 Freeze Order.

4. Pending the show-cause hearing and further order of the Court, no person/entity shall sell, transfer, encumber, conceal, or dissipate any frozen assets or proceeds. All proceeds shall be maintained in a segregated trust/escrow account.

5. Within 24 hours, all persons/entities holding any proceeds subject to the Freeze Order shall deposit such proceeds into the Court Registry or other Court-approved escrow and shall file a sworn notice of compliance.

6. Within 24 hours, Plaintiffs and any persons/entities holding proceeds shall file a sworn accounting as described in the Motion and shall produce supporting records as directed by the Court.

7. Jurisdiction is reserved to enter coercive contempt sanctions, attorneys' fees/costs, and any further relief necessary to enforce compliance and protect the Court's authority.

DONE AND ORDERED in Chambers in Broward County, Florida, on _____, 2026.

_____

HON. DAVID A. HAIMES

CIRCUIT COURT JUDGE

**EXHIBIT INDEX (TO BE FILED CONTEMPORANEOUSLY)**

Exhibit A: April 14, 2022 transcript excerpt / minute entry reflecting Freeze Order.

Exhibit B: Example proof of prohibited transfers/sales (title records / VIN list).

Exhibit C: Bank/escrow records showing diversion or dissipation of proceeds.

Exhibit D: Written communications demanding compliance and accounting.

Exhibit E: Any additional supporting documents.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| In re:<br>EXCELL AUTO GROUP, INC.<br>Debtor. | Case No. 22-12790-EPK<br>Chapter 7 |

| | |
|---|---|
| NICOLE TESTA MEHDIPOUR,<br>as Chapter 7 Trustee for<br>Excell Auto Group, Inc.,<br>Plaintiff,<br><br>v.<br><br>HI BAR CAPITAL, LLC, et al.,<br>Defendants. | Adv. Pro. No. 23-01132-EPK |

# TAB C

Exhibit B: Refiled Fraud Upon the Court Motion (NYSCEF Doc. No. 1255)

Filed in support of ECF Nos. 418 and 419. Dated: January __, 2026

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK          Index No.: 650582/2022
COUNTY OF NEW YORK: COMMERCIAL DIVISION         Third-Party Index No.: 595367/2022
                                                Part 61

TETON LIFE LLC as assignee of the rights of SPIN CAPITAL, LLC, Hon. Nancy M. Bannon, J.S.C.
                    Plaintiff,                   Motion Seq. No. 044
          -against-
GOLDEN FOOTHILL INSURANCE SERVICES, LLC, CAPFACTOR, INC., and
CRUM & FORSTER SPECIALTY INSURANCE COMPANY,
                    Defendants.


and
GOLDEN FOOTHILL INSURANCE SERVICES, LLC,
                    Third-Party Plaintiff,
          -against-
SPIN CAPITAL, LLC and AVRUMI LUBIN,
                    Third-Party Defendants.

**Description:**

FINAL Refiled Fraud Upon the Court Motion in related Florida proceeding (Broward County Circuit Court), Case No. CACE-22-005125, e-filed Jan. 27, 2026.

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT

# IN AND FOR BROWARD COUNTY, FLORIDA

FVP OPPORTUNITY FUND III, LP, a Delaware limited partnership;
FVP INVESTMENTS, LLC, a Delaware limited liability company;
FVP SERVICING, LLC, a Delaware limited liability company;
FRANKLIN CAPITAL FUNDING, LLC, a Florida limited liability company;
FRANKLIN CAPITAL GROUP, LLC, a Florida limited liability company;
FRANKLIN CAPITAL MANAGEMENT, LLC, a Florida limited liability company,

    Plaintiffs,

v.

KARMA OF BROWARD, INC., et al.,

    Defendants.

_____/

CONSOLIDATED WITH:

HI BAR CAPITAL, LLC,

    Plaintiff,

v.

KARMA OF PALM BEACH, INC., et al.,

    Defendants.

_____/

**CASE NO.: CACE-22-005125 (07) (CONSOLIDATED WITH CACE-22-006401)**

**JUDGE: HON. DAVID A. HAIMES**

RECEIVED NYSCEF: 01/27/2025

## RE-FILED (AS DIRECTED BY THE COURT) VERIFIED EMERGENCY MOTION TO VACATE AUGUST 14, 2025 ORDER PROCURED BY FRAUD UPON THE COURT;

## MOTION TO CORRECT THE RECORD; MOTION FOR IN-PERSON EVIDENTIARY HEARING, OSC, AND SANCTIONS;

## AND INCORPORATED MEMORANDUM OF LAW

Movant, AVRUMI "JOSH" LUBIN ("Movant" or "Mr. Lubin"), respectfully moves this Court —invoking its inherent authority to protect the integrity of its proceedings and Florida Rule of Civil Procedure 1.540—to VACATE the "Order on Joint Motion to Endorse Settlement" entered August 14, 2025 (the "August 14 Order"), because it was procured through an unconscionable, record-corrupting scheme that deprived Movant of due process, inserted non-rulings as "findings," and then weaponized this Court's signature to trigger the immediate federal disbursement of $2,107,548.61 from the U.S. Bankruptcy Court registry.

This Refiled Motion is submitted pursuant to this Court's oral directive granting Movant leave to refile his Emergency Fraud-Upon-the-Court motion and related OSC motion today. This Refiled Motion supersedes any prior version and is intended to present the Court with a clean, final, court-ready request for emergency relief to protect the integrity of the record and halt ongoing prejudice caused by the tainted August 14 Order.

This Motion is intentionally direct. Fraud upon the Court is not a "litigation tactic." It is an attack on the judicial function itself. When counsel submits a proposed order ex parte, packs it with brand-new "findings" that were not noticed, not litigated, and (as the transcript later confirms) not even intended as findings, the result is not "harmless error." It is a deliberate attempt to commandeer the Court's authority to achieve relief that could not survive an adversarial process.

This Court should not tolerate being used as a laundering mechanism for disputed private assertions. If a proposed order was submitted without service, packed with new "findings" beyond the notice and the oral ruling, and then rushed into another court to unlock $2.1 million, that is not advocacy—it is a calculated interference with the judicial process. The appropriate remedy is immediate vacatur, an expedited in-person evidentiary hearing, and an Order to Show Cause directed to the responsible parties and counsel.

Movant requests (i) immediate vacatur (or, at minimum, striking and correction) of the August 14 Order; (ii) an evidentiary hearing on the fraud upon the Court; (iii) an order compelling production of the submission history, communications, and drafts used to procure the August 14 Order; (iv) interim injunctive relief preserving the Net Proceeds from dissipation; and (v) sanctions—including fees and appropriate referral—against the responsible parties and counsel.

## I. RELEVANT BACKGROUND AND THE RECORD THIS COURT MUST PROTECT

1. The U.S. Bankruptcy Court declined to adjudicate the competing claims to the Net Proceeds and directed the parties to obtain a ruling from a court of competent jurisdiction. (Ex. A; see also Ex. B).

2. The Settling Parties (Hi Bar and the FVP/Franklin parties) then presented an eleventh-hour "Joint Motion" to "Endorse Settlement," and obtained a short-noticed hearing on August 13, 2025. (Ex. C; Sealed Ex. F).

3. At that hearing, this Court stated it was granting the Joint Motion based on the common-interest agreement language and a termination letter, and because it did not see how Mr. Lubin had the right to stand in and contest the settlement—while expressly recognizing Mr. Lubin may have separate claims against Hi Bar that were not being adjudicated. (Ex. C at 41:1-25). During the termination-letter colloquy, counsel Jerry Breslin interjected: "We should put that in the record, Matt." (Ex. C at 36:16-18).

4. The next day, August 14, 2025, this Court entered the August 14 Order. (Ex. D).

5. The August 14 Order, as entered, went materially further than the Court's oral ruling and did so in a way that created purported 'findings' and 'ORDERED' provisions engineered for downstream use. Specifically, it: (a) recites findings about termination and standing (paras. 8-9); (b) declares this Court to be the 'court of competent jurisdiction' (para. 10); (c) purports to determine that neither Mr. Lubin nor any affiliated entities have any rights to the Net Proceeds (para. 11); (d) directs distribution to the trust account of counsel for the FVP Parties (para. 13); (e) contemplates filing this Order in the U.S. Bankruptcy Court to trigger registry disbursement (para. 14); and (f) denies any stay and makes the Order immediately effective (para. 16). (Ex. D paras. 8-11, 13-14, 16; Ex. E).

6. The August 14 Order was, in fact, used for that purpose. On August 27, 2025, the Bankruptcy Court entered an order directing the Clerk to disburse $2,107,548.61 to Schwartz Breslin, PLLC trust account, expressly relying on this Court's August 14 Order and its statements that Mr. Lubin and his affiliates had "no rights to the Net Proceeds." (Ex. E).

7. Movant promptly sought reconsideration/clarification and a stay, explaining that the proposed order had been submitted to chambers without being furnished to Movant (in contravention of Fla. R. Jud. Admin. 2.516(h)(1) and Local Rule 8), and that the proposed order contained findings not reached, not briefed, and not noticed. (Ex. G at paras. 3-6).

8. On September 3, 2025, the transcript reflects this Court acknowledged that at least one of the core disputed statements in the August 14 Order—Paragraph 8's statement that the Court "finds" the Common Interest Agreement was terminated—was not intended as a finding at all, and the Court stated it would amend "finds" to "notes." (Ex. H at 18:11-19).

9. On September 10, 2025, the Court recognized that the termination letter referenced in the August 14 Order was directed to Spin (not to Mr. Lubin personally), and the Court emphasized it was "in no way ... trying to resolve a separate claim" — it was "strictly for purposes of determining who has standing." (Ex. I at 9:1-5; 14:20-25).

## II. GOVERNING LAW: FRAUD UPON THE COURT, DUE PROCESS, AND RULE 1.540

A. Fraud upon the Court is an extraordinary doctrine reserved for extraordinary misconduct. It applies where a party "has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Cox v. Burke, 706 So. 2d 43, 46 (Fla. 5th DCA 1998).

B. Florida Rule of Civil Procedure 1.540(b)(3) permits relief from an order for "fraud ... misrepresentation, or other misconduct of an adverse party" within one year; and the rule expressly preserves the Court's power to set aside an order for "fraud upon the court." Fla. R. Civ. P. 1.540(b); see also Pino v. Bank of New York, 121 So. 3d 23 (Fla. 2013).

C. Fraud upon the Court includes extrinsic fraud—conduct that prevents an unsuccessful party from fully presenting his case. DeClaire v. Yohanan, 453 So. 2d 375, 377 (Fla. 1984) (distinguishing extrinsic vs. intrinsic fraud).

D. Due process is violated where a court grants relief beyond what was noticed or litigated. Bluebone Dev., LLC v. Malibu Bay Cmty. Ass'n, Inc., 289 So. 3d 515, 516 (Fla. 3d DCA 2019) (reversing where trial court expanded scope and ruled on matters not noticed).

## III. ARGUMENT

### A. The August 14 Order is infected with due-process defects and relief beyond the noticed issues.

Movant is not here arguing about "semantics." Movant is challenging the entry of an order that (i) was drafted and submitted in violation of the basic requirement that proposed orders be circulated to all parties; (ii) injected new adjudicative "findings" beyond the hearing notice and beyond the record; and (iii) was then used to strip Movant of $2.1 million in a different court before Movant could obtain a hearing on his timely record-correction motion.

Movant's contemporaneous Motion for Reconsideration/Clarification documented that the proposed order was submitted to chambers without first being furnished to counsel for Mr. Lubin, contrary to Fla. R. Jud. Admin. 2.516(h)(1) and Local Rule 8, and that it contained

"several findings that were not reached, were not briefed, and were not noticed." (Ex. G at paras. 3-6).

That alone warrants vacatur or correction. Relief that was not noticed and not litigated is a due-process violation. Bluebone, 289 So. 3d at 516.

## B. The record confirms the August 14 Order contains "findings" the Court did not intend to make—and that mattered.

Paragraph 8 of the August 14 Order states: "The Court finds that the Common Interest Agreement was terminated by Hi Bar on April 3, 2024." (Ex. D para. 8).

Yet on September 3, 2025, when Movant called out this record corruption, the Court expressly acknowledged that this statement was "not meant to be a finding" and stated it would amend "finds" to "notes." (Ex. H at 18:11-19).

If the Court did not intend a "finding," then an order that states the Court "finds" it is, by definition, false as to the record. And it is not benign. Paragraphs 10 and 11 then escalate the mischief by purporting to determine—globally and conclusively—that Mr. Lubin and all of his affiliates have "no rights to the Net Proceeds." (Ex. D paras. 10-11). That is not merely a standing ruling; it is a merits adjudication with direct preclusive and financial consequences.

The oral ruling on August 13 confirms the narrow purpose: the Court granted the Joint Motion and stated it did not see how Mr. Lubin had any right to stand in and contest the settlement, while recognizing Mr. Lubin "may have claims against Hi Bar … but that has nothing to do with the settlement." (Ex. C at 41:1-25). The Court was explicit it was not getting into the merits of any claim against Hi Bar; it "just need[ed] to see" whether Mr. Lubin had standing to contest the settlement. (Ex. C at 17:43-49).

On September 10, 2025, the Court further acknowledged that the termination letter referenced in the August 14 Order was directed to Spin, not to Mr. Lubin personally. (Ex. I at 9:1-5; 14:20-25). These transcript admissions matter because they confirm what Movant has said from day one: the August 14 Order, as drafted and entered, overstated and mischaracterized the Court's ruling.

## C. This was not an academic dispute; the August 14 Order was immediately weaponized to obtain $2.1 million from the Bankruptcy Court registry.

The August 14 Order instructed the Settling Parties to file the Order in the Bankruptcy Case to "inform" that the dispute had been resolved and to obtain disbursement of the registry funds to Schwartz Breslin's trust account for further distribution. (Ex. D paras. 14, 16).

That is exactly what occurred. The Bankruptcy Court's August 27, 2025 order directed the Clerk to disburse $2,107,548.61 to Schwartz Breslin, PLLC, relying on the August 14 Order's determinations regarding Mr. Lubin's alleged lack of rights. (Ex. E).

Thus, a short-noticed state-court order—procured through an ex parte proposed-order submission and containing non-record "findings"—became the mechanism for immediate transfer of $2.1 million. This is precisely the kind of extrinsic fraud and systemic interference that the fraud-upon-the-court doctrine exists to deter and remedy.

### D. The confidential settlement agreement itself underscores the scheme and why the Court must intervene.

The settlement agreement is stamped "HIGHLY CONFIDENTIAL," and it expressly disclaims any rights by Mr. Lubin or Spin, while containing factual representations about termination and alleged breaches of the Spin/Hi Bar Common Interest Agreement. (Sealed Ex. F §§ 7, 20-21).

Those representations were then echoed—verbatim in substance—in the August 14 Order as "findings." (Ex. D para. 8). The chain is unmistakable: confidential settlement terms and one-sided assertions were converted into court "findings" through an ex parte proposed order process, then used to unlock and distribute registry funds. This Court should not permit its process to be used as an instrument of financial extraction through record manipulation.

### E. Relief and sanctions are warranted; at minimum, an evidentiary hearing is mandatory.

When fraud upon the Court is credibly alleged, the Court must protect its integrity. Movant requests an evidentiary hearing at which the Court can determine, on a complete record, (i) who drafted the August 14 Order; (ii) when and how it was transmitted to chambers; (iii) whether it was furnished to Movant before submission; (iv) what communications occurred with the JA/judge regarding the content; (v) why the order contains findings the Court later acknowledged were not intended; and (vi) how quickly the order was deployed in the Bankruptcy Court to obtain disbursement.

Movant also seeks sanctions, including fees incurred to correct the record and protect the Court from being used as a conduit for a non-adversarial $2.1 million transfer. Sanctions may include an order to show cause and referral to appropriate disciplinary authorities. Movant requests such relief because lesser remedies do not deter this conduct, and because the integrity of this Court demands accountability.

### IV. REQUEST FOR RELIEF

WHEREFORE, Movant respectfully requests that this Court enter an order:

1. VACATING the August 14, 2025 Order on Joint Motion to Endorse Settlement (Ex. D) in its entirety as procured by fraud upon the Court; or, at minimum, striking and correcting Paragraphs 8-11 and 14 (and any related findings) that exceed the record and were not intended findings;

2. Setting an EXPEDITED IN-PERSON evidentiary hearing (live testimony, cross-examination, and a court reporter) on fraud upon the Court and record corruption;

3. Ordering the Settling Parties and their counsel to PRODUCE (for in camera review if necessary) all drafts, redlines, submission emails, e-portal uploads, and communications with chambers relating to the proposed August 14 Order;

4. Entering interim injunctive relief requiring that the Net Proceeds be preserved (no disbursement, transfer, or dissipation), including requiring the recipients to maintain all funds in trust pending further order;

5. Ordering Schwartz Breslin, PLLC and any person/entity that received any portion of the Net Proceeds to file, within 24 hours, a sworn accounting identifying (i) amounts received, (ii) all disbursements (date, amount, recipient, purpose), and (iii) the current balance, and to immediately deposit any remaining funds into the Court Registry or other Court-approved escrow pending further order;

6. Directing the Settling Parties to promptly file any corrected/amended order in the Bankruptcy Court and to notify that court that the August 14 Order has been vacated or materially corrected;

7. Awarding Movant his attorneys' fees and costs (or, if pro se, taxable costs) incurred in bringing this motion and protecting the record;

8. Issuing an Order to Show Cause why sanctions should not be imposed for fraud upon the Court and violation of the proposed-order submission rules; and

9. Granting such other and further relief as this Court deems just and proper.


## VERIFICATION

I declare under penalty of perjury that I have read the foregoing Motion and that the factual statements contained in it are true and correct to the best of my knowledge, information, and belief, based on the record and the exhibits referenced herein.


Dated: January 27, 2026

/s/ Josh (Avrumi) Lubin

Josh (Avrumi) Lubin

Pro Se Individual Only

Party of Interest

1460 Arboretum Parkway

Lakewood, NJ 08701

Tel: (732) 608-4905

Email: josh@spincapital.com

## CERTIFICATE OF GOOD FAITH CONFERRAL

Given the emergency nature of this Motion and the fact that it challenges fraud upon the Court and record corruption, meaningful conferral is not practicable and would not cure the misconduct. Movant will confer promptly at the Court's direction and has served this Refiled Motion on all parties upon filing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record and parties via the Florida Courts E-Filing Portal and/or electronic mail service pursuant to Fla. R. Jud. Admin. 2.516 on this 27th day of January, 2026.

/s/ Josh (Avrumi) Lubin

Josh (Avrumi) Lubin

## PROPOSED ORDER

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT

## IN AND FOR BROWARD COUNTY, FLORIDA

### CASE NO.: CACE-22-005125 (07) (CONSOLIDATED WITH CACE-22-006401)

### ORDER GRANTING VERIFIED EMERGENCY MOTION TO VACATE ORDER PROCURED BY FRAUD UPON THE COURT

THIS CAUSE came before the Court on Movant Avrumi "Josh" Lubin's Verified Emergency Motion to Vacate August 14, 2025 Order Procured by Fraud Upon the Court; Motion to Correct the Record; Motion for Evidentiary Hearing and Sanctions (the "Motion"). The Court, having reviewed the Motion, the record, and being otherwise fully advised, hereby ORDERS and ADJUDGES as follows:

1. The Motion is GRANTED.

2. The Court's August 14, 2025 "Order on Joint Motion to Endorse Settlement" is VACATED in its entirety as procured by fraud upon the Court. Alternatively, and at minimum, Paragraphs 8-11 and 14 (and any related findings) are STRICKEN and deemed void.

3. An IN-PERSON evidentiary hearing on fraud upon the Court and record corruption is set for _____ at _____ a.m./p.m., to be held in open court (not telephonic or remote), with a court reporter, and with live testimony subject to cross-examination.

4. The Settling Parties and their counsel shall preserve all documents, communications, drafts, redlines, and submission materials relating to the August 14 Order and shall produce them to Movant and/or the Court as directed in a separate scheduling order.

5. Pending further order, all persons/entities in possession of any portion of the Net Proceeds shall maintain those funds in a segregated trust/escrow account and shall not disburse, transfer, encumber, or dissipate the funds.

6. Within 24 hours, Schwartz Breslin, PLLC and any person/entity that received any portion of the Net Proceeds shall file a sworn accounting identifying (i) amounts received, (ii) all disbursements (date, amount, recipient, purpose), and (iii) the current balance, and shall deposit

any remaining funds into the Court Registry or other Court-approved escrow as directed by the Court.

7. Jurisdiction is reserved to award sanctions, fees, and costs and to enter any further relief necessary to protect the integrity of the Court.

DONE AND ORDERED in Chambers in Broward County, Florida on _____, 2026.

_____

**HON. DAVID A. HAIMES**

CIRCUIT COURT JUDGE

## EXHIBIT INDEX

Exhibit A: U.S. Bankruptcy Court Order Denying Expedited Joint Motion (Bankr. S.D. Fla. Case No. 22-15627-EPK, Dkt. 952).

Exhibit B: U.S. Bankruptcy Court transcript (June 18, 2025 hearing re registry / custodia legis) (061825aw).

Exhibit C: Broward Circuit Court transcript (Aug. 13, 2025 hearing on Joint Motion to Endorse Settlement).

Exhibit D: Broward Circuit Court "Order on Joint Motion to Endorse Settlement" (entered Aug. 14, 2025) (Filing #229455396).

Exhibit E: U.S. Bankruptcy Court Order Directing Disbursement of $2,107,548.61 (+ interest) (Bankr. S.D. Fla. Case No. 22-15627-EPK, Dkt. 965).

Sealed Exhibit F: Executed Settlement Agreement (marked "HIGHLY CONFIDENTIAL") — filed under seal pursuant to Fla. R. Jud. Admin. 2.420.

Exhibit G: Movant's Motion for Reconsideration and/or Clarification of the Aug. 14, 2025 Order (Filing #230162252), with attachments.

Exhibit H: Broward Circuit Court transcript (Sept. 3, 2025 hearing — record correction / withdrawal hearing).

Exhibit I: Broward Circuit Court transcript (Sept. 10, 2025 hearing — motion to clarify / scope of findings).

Exhibit J: Email chain / correspondence regarding proposed order submission and record correction (if used).