

**ORDERED in the Southern District of Florida on January 28, 2026.**

**Erik P. Kimball**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

**EXCELL AUTO GROUP, INC.**                             Case No. 22-12790-EPK
                                                        Chapter 7
     Debtor.
_____/

**NICOLE TESTA MEHDIPOUR,**
as Chapter 7 Trustee for
Excell Auto Group, Inc.,

     Plaintiff,

v.                                                      Adv. Pro. No. 23-01132-EPK

**HI BAR CAPITAL, LLC,** *et al.*,

     Defendants.
_____/

### GENERAL ORDER SETTING PAGE LIMITS AND FORMAT REQUIREMENTS FOR DOCUMENTS FILED IN THIS ADVERSARY PROCEEDING AND SETTING <u>DEADLINE FOR WRITTEN RESPONSES TO CERTAIN REQUESTS FOR RELIEF</u>

In order to foster the efficient administration of this case, the Court ORDERS and

ADJUDGES as follows:

1.  <u>Page Limits and Format of Filed Documents; Effect of Failure to Comply</u>

(a)  Absent prior order of the Court, no motion, application, response, reply, objection, or other document filed in this case (collectively "Documents," and each individually a "Document") may exceed 5 pages in length excluding only any attached certificate of service.  Affiliated or related parties must file joint Documents unless there is a conflict.  The page limit does not apply to exhibits filed with any Document; all exhibits must be filed with the original Document.  Incorporation by reference of any writing, including papers filed with this Court, is prohibited.  Notwithstanding the foregoing, a party may file a simple joinder adopting in full a Document filed by another party.  Documents must be double-spaced, presented in Century Schoolbook font no smaller than 11 point, with footnotes in the same font no smaller than 10 point, and must have margins of at least one inch on all sides.  No page of any Document may contain more than one footnote and no footnote may exceed five lines of text.

(b)  This paragraph 1 does not apply where this Order conflicts with another order of the Court (for example, a separate order setting briefing on a particular matter).

(c)  <u>Any filed Document that does not comply with this paragraph 1 may be denied, overruled, or stricken, without further notice or hearing, and without elaboration other than reference to this Order</u>.

(d)  Any party in interest who wishes to file a Document that does not comply with this paragraph 1 must first file a separate motion, attaching the proposed Document as an exhibit only, explaining in detail why it is necessary and appropriate to obtain relief from the requirements of this paragraph 1.  Any such motion must not exceed 3 pages in length, double-spaced, excluding only any attached certificate of service, and such motion must comply with the other requirements contained in this paragraph 1.  Objections or responses to any such motion are not permitted.  The Court may deny any such motion by

brief order, without elaboration other than reference to this Order.  If the Court grants such a motion, the moving party must file a separate copy of the exact Document attached to the motion, and the Court will either rule on the Document or set it for hearing.  If there is a deadline for the filing of the proposed Document, the filing of a motion for relief from the requirements of this paragraph 1 will <u>not</u> be deemed a timely filing of the proposed Document.

2.     <u>Response Deadline for Non-Expedited Matters; Effect of Failure to Comply</u>

(a)     This paragraph 2 applies to all motions, applications, and other requests for relief for which a notice of hearing or order setting hearing is entered at least 10 calendar days prior to the scheduled hearing (each a "Non-Expedited Motion").

(b)     Notwithstanding any Local Rule to the contrary, any response or objection to a Non-Expedited Motion must be presented in writing and filed and served so as to be received by the movant and the Court not later than 4:30 p.m. on the second business day prior to the hearing.

(c)     <u>Any response or objection filed after the deadline provided in this paragraph 2 may be stricken.  A party in interest who fails to file a timely response or objection may not be permitted to argue in opposition to the Non-Expedited Motion at the hearing.  The Court may disregard any argument not presented in a timely filed response or objection.  No reservation of rights or similar language will serve to extend the deadline.  If no timely response or objection is filed, the Court may grant the relief requested in the Non-Expedited Motion and cancel the hearing</u>.

**###**

Copies to all parties in interest by the Clerk