

**ORDERED in the Southern District of Florida on February 12, 2026.**



**Erik P. Kimball**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

**EXCELL AUTO GROUP, INC.,**                         Case No. 22-12790-EPK
                                                     Chapter 7

      Debtor.
_____/

**NICOLE TESTA MEHDIPOUR,**
**as Chapter 7 Trustee for**
**Excell Auto Group, Inc.,**

      Plaintiff,

v.                                                   Adv. Pro. No. 23-01132-EPK

**HI BAR CAPITAL, LLC,** *et al.***,**

      Defendants.
_____/

## ORDER REQUIRING POST-TRIAL BRIEFS

The Court held trial in this adversary proceeding on January 29, 2026; January 30, 2026; February 2, 2026; February 3, 2026; February 4, 2026; and February 6, 2026. At the conclusion of trial, the Court advised the parties it would require post-trial briefing in a format to be outlined in a subsequent order. Accordingly, the Court **ORDERS** as follows:

1.      Not later than **5:00 p.m. on March 23, 2026**, each of (i) plaintiff Nicole Testa Mehdipour, as Chapter 7 Trustee for Excell Auto Group, Inc. and (ii) at their request, defendants Franklin Capital Funding, LLC and Franklin Capital Group, LLC (together), must file proposed findings of fact and conclusions of law, not to exceed 100 pages in length, setting out those facts and law that such parties believe support the relief requested in this adversary proceeding.  The proposed findings of fact and conclusions of law must be set out in individually numbered paragraphs.  Each statement of fact must be supported by a citation to an exhibit admitted or testimony given during the trial.  Citations to testimony must provide page and line numbers referring to the official transcript.  Citations to admitted documentary evidence must include specific page references.  If and to the extent any statement of fact in the proposed findings of fact is not supported by a specific reference to documentary evidence admitted or testimony given at the trial, the Court may disregard such statement of fact and the relevant party or parties will be deemed to have waived the right to rely on such statement of fact for all purposes in this adversary proceeding.  Each conclusion of law must be supported by a citation to the Bankruptcy Code, the Bankruptcy Rules, and any applicable case law.

2.      Not later than **5:00 p.m. on May 7, 2026,** each of (i) defendants Hi Bar Capital, LLC, Yisroel Herbst, and Mordechai Dov Ber Herbst (together); (ii) defendant Spin Capital LLC; and (iii) defendant Avrumi (Josh) Lubin, must file proposed findings of fact and conclusions of law, not to exceed 60 pages in length, setting out those facts and law that they believe support their defenses in this adversary proceeding.  The proposed findings of fact and conclusions of law must be set out in individually numbered paragraphs.  Each statement of fact must be supported by a citation to an exhibit admitted or testimony given during the trial.  Citations to testimony must provide page and line numbers referring to the official transcript.  Citations to admitted documentary evidence must include specific

page references.  If and to the extent any statement of fact in the proposed findings of fact is not supported by a specific reference to documentary evidence admitted or testimony given at the trial, the Court may disregard such statement of fact and the relevant party or parties will be deemed to have waived the right to rely on such statement of fact for all purposes in this adversary proceeding.  Each conclusion of law must be supported by a citation to the Bankruptcy Code, the Bankruptcy Rules, and any applicable case law.

3.     When calculating page limits set by this order, title pages preceding the first page of text, signature pages, and certificates of service will not be counted.  Briefs must be double-spaced in Century Schoolbook 11-point font with a minimum of one-inch margins at all sides.  No page of any brief may contain more than 1 footnote and no footnote may exceed 5 lines.  Briefs may not adopt or incorporate by reference any document, in whole or in part.

4.     Each brief must include headings identifying the counts of the complaint addressed in each segment of the brief.  To the greatest extent practicable, each brief must present arguments relating to counts of the complaint in the order such counts are presented in the complaint, although the plaintiff may group arguments relating to counts of the complaint as dictated by logic.  Each defendant's brief must use the same order of presentation used in the plaintiff's brief and must include headings identifying the counts of the complaint addressed in each segment of the brief.  The intent of this paragraph is to facilitate the Court's review and understanding of the parties' presentations.

###

Copies furnished to:
Alan R Crane, Esq.

*Alan R Crane, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and to file a certificate of service with the court.*