Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-12790-EPK

IN RE:

 EXCELL AUTO GROUP, INC.,

                Debtor.
_____/
NICOLE TESTA MEHDIPOUR,
CHAPTER 7 TRUSTEE,

                Plaintiff,

vs.                                    ADV. NO. 23-1132-EPK

Hi Bar Capital, LLC, et al.,

                Defendants.
 _____/


                        ECF (368)

                   January 16, 2026

            The above-entitled cause came on for hearing before the Honorable ERIK P. KIMBALL, Chief Judge of the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler Drive, West Palm Beach, Palm Beach County, Florida, on January 16, 2026, commencing at or about 1:30 p.m., and the following proceedings were had:

            Transcribe From a Digital Recording By:
               Anna M. Meagher, Shorthand Reporter

APPEARANCES:

Avrumi Lubin, Pro Se

James A. Rand, Esquire
On behalf of Spin Capital, LLC
Email:  Jmsrnd@gmail.com

VIA ZOOM VIDEO CONFERENCE:

Furr & Cohen, by
Alan R. Crane, Esquire
Jason Rigoli, Esquire
On behalf of Nicole Testa Mehdipour,
Chapter 7 Trustee
Email:  Acrane@furrcohen.com
Email:  Jrigoli@furrcohen.com

Leto Law Firm, by
Matthew P. Leto, Esquire
On behalf of Hi Bar Capital, LLC
Email:  Mleto@letolawfirm.com

Shraiberg Page, P.A., by
Eric Pendergraft, Esquire
On behalf of Franklin Capital
Email:  Ependergraft@slp.law

- - - - - - -

Page 3

THE COURT:  Good afternoon, everyone.  Just give us a moment.  I think Mr. Lubin is in the hallway, and then I'll call the matter myself.  We're gonna need a couple of minutes anyway, because the computer's not right.

(Inaudible discussion off the record.)

THE COURT:  Whoever -- Mr. Lubin, I'm about to call the case, so if you want to have somebody in here bring him in.

MR. LUBIN:  He's not filing his notice of appearance.

THE COURT:  He doesn't need to file it ahead of the hearing.

MR. LUBIN:  Okay.  It can be done after the hearing.

THE COURT:  Yes.  Hold on a minute.

Ms. Leonard, can you hear me?

THE CLERK:  Yes, sir.  I can hear you loud and clear.

THE COURT:  All right.  And we have the record running?

THE CLERK:  Yes.

THE COURT:  Okay.  Good.  Thank you.

I'll wait a couple of minutes, Mr. Lubin.

Very good.

All right.  We're here in Mehdipour against Hi Bar Capital, LLC and others.  It's an adversary proceeding, Case Number 23-1132.  Let me start with appearances on Zoom, just in the order that I see you.

Mr. Leto.

MR. LETO:  Good afternoon.  May it please the Court, Your Honor, Matthew Leto on behalf of Hi Bar Capital, and along with me today is Charlie Gourlis, my law partner.

THE COURT:  Mr. Gourlis.

MR. GOURLIS:  Good afternoon.

THE COURT:  Good afternoon.

Mr. Crane.

MR. CRANE:  Good afternoon, Your Honor.  Alan Crane, special counsel for the Chapter 7 trustee and the plaintiff in this case.  And Jason Rigoli is also on the call with me.

THE COURT:  Mr. Rigoli, good afternoon.

MR. RIGOLI:  Good afternoon, Your Honor.

THE COURT:  Mr. Pendergraft.

MR. PENDERGRAFT:  Good afternoon, Judge.  Eric Pendergraft on behalf of two defendants, Franklin Capital Funding, LLC and Franklin Capital Group, LLC.

THE COURT:  Great.

And here in the courtroom if you wouldn't

Page 5

mind going to the podium and that way people can see you clearly.

Well, you -- are you represented today?

MR. LUBIN:  No, I'm here pro se.

THE COURT:  Okay.  Please go ahead.

MR. LUBIN:  Josh Avrumi Lubin on behalf of myself, pro se.

THE COURT:  Very good.  Thank you.

MR. LUBIN:  And may I --

THE COURT:  That's okay.  He can speak for himself.

MR. RAND:  James Rand counsel for Spin Capital.

THE COURT:  How do you spell that, W-R-E-N?

MR. RAND:  The last name?

THE COURT:  Yeah.

MR. RAND:  R-A-N-D.

THE COURT:  R -- Rand.  Thank you very much.

MR. RAND:  Thank you.

THE COURT:  All right.  So I have a motion that was filed by you, Mr. Lubin.

So why don't you come over to the podium and let me know about that.

MR. LUBIN:  Yes.  So I -- there's a lot of moving parts, this mess in this courtroom that's been

Page 6

going on for four years, and there's a mess that's been going on in my head that's related to this courtroom throughout the -- with dozens of cases for a long time.  I know Your Honor wants to rule on the rights issue --

THE COURT:  What right?  I don't know what you're talking about.

MR. LUBIN:  I'm telling you what I'm talking about.  I know Your Honor wants to rule on the rights immediately to mitigate damages, but I am a born in the United States.  I'm a U.S. citizen.  I should have a right to a fair trial, and I just -- I would like an extra few weeks to try to analyze -- you know, have my attorneys look at --

THE COURT:  You have attorneys in this case?

MR. LUBIN:  I have -- I'm in the process of retaining trial counsels, so a few attorneys.  Yes.

THE COURT:  Understood.  So --

MR. LUBIN:  I just want some time for -- to retain trial counsel.

THE COURT:  That's one of the things that you asked for in this multi-part motion.

Do you want to address any of the rest of it?

MR. LUBIN:  I think the documents speak for themselves.

Page 7

THE COURT:  Thank you.

Now, you're here on behalf of Spin Capital, which is not a movant today.

Is there anything you wish to add?

MR. RAND:  No.  I'd just second the -- a few more weeks time as well.

THE COURT:  Okay.  Why?

MR. RAND:  Still getting this together.  I just got recently approved in the Bankruptcy Court, so we're putting things together to be appropriate, if that would be okay, Your Honor.

THE COURT:  I can rule on it.  Whether it's okay or not is another matter.

Does anybody wish to be heard in response?

MR. CRANE:  Alan Crane on behalf of the Chapter 7 trustee.

Your Honor, this case has been pending for a long time.  Mr. Lubin has gone through any number of counsel, and so --

THE COURT:  I've -- yes.

MR. CRANE:  And so we're gonna oppose continuance of the trial.

THE COURT:  Okay.  Is that it?

MR. CRANE:  The case has been pending for a long time.

Page 8

THE COURT:  Oh, I heard that.  I just wanted to make sure you were done.

MR. CRANE:  Yeah, yeah.  Your Honor, you're quite aware of everything that has gone on in this case, and so all I'd be doing is reiterating what you already know.

THE COURT:  All right.  Anyone else?

MR. PENDERGRAFT:  Yes, Judge.  Eric Pendergraft for Capital -- or for Franklin Capital.  I'm sure everyone on this Zoom is aware, but discovery closed, by my calculation, at the end of July, July 30th.  So a lot of the motion addresses discovery procedures and preservation.  Discovery is closed, and this trial should go forward as scheduled.

THE COURT:  Anyone else?

MR. LETO:  Your Honor, Matthew Leto on behalf of Hi Bar.  We don't take a position on the request for continuance, but I can tell Your Honor that Hi Bar is prepared ready to go to trial.

THE COURT:  Thank you.

Mr. Rand, if you're gonna speak, could you go back to the podium?  Thank you.

MR. RAND:  Thank you, Your Honor.

I don't think another two or three weeks will be detrimental to anyone.  So I'm kindly requesting

Page 9

two to three weeks if that's okay.

THE COURT:  Two to three weeks?

MR. RAND:  Yes.

THE COURT:  Okay.  Understood.

MR. RAND:  Thank you.

THE COURT:  You can have a seat.

So we have a written motion that was filed solely by Mr. Lubin on his behalf and then we have an ore tenus request by counsel for Spin -- who, I assume, you just filed the notice for appearance as well?  That's why you were next door.  All right -- by Mr. Rand who's appearing on behalf of Spin Capital.

So let me address it in the order requested in Mr. Lubin's motion, although strangely the motion says that it doesn't really seek reconsideration of the Court's recent order, which both approved withdrawal of counsel for Spin and Mr. Lubin and also denied a motion to continue it, it, in fact, does seek a continuance.

The first thing that was requested is a preservation order.  That's something that would require parties to preserve documents that might be appropriate and connect -- to tender in connection with discovery; suspend auto delete and any purge of data and prohibit alteration or destruction of information, and, in addition, require certifications.

Page 10

The second thing requested is a protective order addressing confidentiality of materials delivered in discovery, with clawback of matters that are inadvertently turned over that contain privileged material and with redaction requirements.

The third thing that was requested was the limited continuance which asked for a status conference and a delay in the trial in this case.  Trial in this case was set by the Court's order at Docket Number 332 on August 22, 2025.

Now, Mr. Rand, I don't know what your practice is, but in the Bankruptcy Court, this case has been pending forever.  We -- in the Bankruptcy Court, complex matters usually get to trial in less than a year.  This matter has been pending for a couple of years.

As Mr. Pendergraft pointed out, discovery closed on July 30, 2025, but that was an extended discovery deadline.  The Court's original discovery deadline in this matter was August 2024.  So we would be getting to trial years later at this point.  The deadline for pretrial disclosures in this case was extended to September 19, 2025 by an order at Docket Number 339.

During almost all of that time, and there was a short period of time where Spin and Mr. Lubin were not represented, but during almost all of that time, they

were represented by a series of at least five separate lawyers.  The docket indicates five different lawyers appearing in the case.  By my count it's actually more than five, but the formal appearances that were listed by the clerk, five.  And their most recent counsel withdrew only a couple weeks ago.

If there was a need -- let me get back to the discovery-related requests.  If there was a need for a preservation order or a protective order, they should have been requested during the discovery phase of this litigation.  With regard to personal information inadvertently included in the docket, there are clear rules that already cover those concerns.  There's no need for a separate order.

With regard to Spin Capital's lack of counsel, well, Spin Capital now has counsel, but the delay is Spin Capital's problem.  Spin Capital has been represented by five lawyers in this case.  Trial has been set since last August.  Based on withdrawing counsel's representation, Spin had more than adequate time to find trial counsel and failed to do so.  In addition -- I'll leave out that part.

I'm going to incorporate here the Court's entire order recently entered at Docket Number 360, just so that I don't have to restate the rulings there and the

Page 12

Court's concerns raised in that order.

The trial in this case is going forward as scheduled, with or without Spin Capital having counsel, although we do have someone who's just appeared.  And there won't be any further continuances in the case.

I am sympathetic to you, Mr. Rand.  It is an extremely complicated case.  Before walking into the courtroom, I reviewed the three detailed rulings I've already made in this case with regard to a variety of matters.  Your client, as far as I can tell, is subject to a request for relief in 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 counts, maybe more.  I think 29 has been eliminated.  It will be very difficult to get ready, but that's tough.

And so both the written motion and the ore tenus motion will be denied.  I'll enter a brief order.

Are there any questions?

MR. LUBIN:  Yes, Your Honor --

THE COURT:  If you're -- podium.

MR. LUBIN:  Thank you, Your Honor.  I understand your position with the delay.

THE COURT:  It's not a position.  It's a ruling.  And you are representing yourself.  You're going to be pro se at trial.

MR. LUBIN:  I may have co-counsel if --

Page 13

THE COURT:  You may have counsel appear.

MR. LUBIN:  No.  Co-counsel.

THE COURT:  You can't have co-counsel.  If you have counsel, she or he will appear on your behalf.

MR. LUBIN:  I have a bunch of federal cases.  This is in Florida where they allow co-counsel --

THE COURT:  But you're not going to have co-counsel.

MR. LUBIN:  Okay.  If that's your decision --

THE COURT:  You will have --

MR. LUBIN:  -- I understand, Your Honor.

THE COURT:  It's not my decision.  It's the law.  You will have counsel or you will be pro se, but not both.  Do you understand?

MR. LUBIN:  Yes.

THE COURT:  Yes.

If you have counsel -- I just want to make this clear to you.  If you have counsel, that person will present argument.  That person will question witnesses on direct and cross-examination.  That person will be responsible for closing argument.  That person will be responsible for briefing if I request briefs.  If counsel appears for trial, I will not allow that person to withdraw until the matter is fully decided.  I want to

Page 14

make that clear to you.

MR. LUBIN:  Okay.  I want to make something clear --

THE COURT:  Hold on.  Hold on.  I'm just giving you some guidelines.

You will not be arguing on behalf of yourself if counsel appears.  Okay?

MR. LUBIN:  Mr. Lubin doesn't have to do much arguing for the trial, and there's a team ready to go --

THE COURT:  A team?

MR. LUBIN:  -- and I'm sure Your Honor is aware of that.  Yes.

THE COURT:  A team?

MR. LUBIN:  A team, yeah.

THE COURT:  A team of what?

MR. LUBIN:  This is a very highly sensitive investigation, and I'm sure Your Honor is aware of that.

THE COURT:  Okay.  That's great.

MR. LUBIN:  We can keep it on the record.

THE COURT:  I have no idea what you're --

MR. LUBIN:  I appreciate your ruling --

THE COURT:  Mr. Lubin --

MR. LUBIN:  -- not giving --

THE COURT:  -- Mr. Lubin.

Page 15

MR. LUBIN:  -- a delay.  We're going to get ready for trial.

THE COURT:  Good.  Great.

What else did you want --

MR. LUBIN:  I didn't come up --

THE COURT:  -- to say?

MR. LUBIN:  -- there to ask you that, Your Honor.  I came up here to ask you about making a ruling on the preservation orders.

THE COURT:  I just did.  I denied it.

MR. LUBIN:  You denied both preservation orders?

THE COURT:  Correct.  If you wanted that, it should have been requested by your counsel during the discovery phase.  I've just pointed this out.

MR. LUBIN:  Okay.

THE COURT:  There's no need to preserve things.  Discovery is closed.  If you have documents that you requested, you should have them.  That's your potential for offering documentary evidence on your own behalf.

MR. LUBIN:  Okay.  If that's Your Honor's decision --

THE COURT:  All right --

MR. LUBIN:  -- I appreciate it.

Page 16

THE COURT:  -- anything else?

MR. LUBIN:  No.  Thank you.  You have a wonderful weekend.

THE COURT:  You too.

Very good, everybody.

Court's adjourned.

MR. RIGOLI:  Thank you, Your Honor.

MR. LETO:  Thank you, Your Honor.

(Whereupon, the hearing was concluded.)

CERTIFICATION

STATE OF FLORIDA          :

COUNTY OF BREVARD          :

I, Anna M. Meagher, Shorthand Reporter, do hereby certify that the foregoing proceedings were transcribed by me from a digital recording held on the date and from the place as stated in the caption hereto on Page 1 to the best of my ability.

WITNESS my hand this 19th day of January, 2026.

_____

ANNA M. MEAGHER,
Shorthand Reporter